Priority Send ✓
Enter ✓
Closed
JS-6 / JS-5  N/O
JS-2/JS-3
Scan Only

FILED
CLERK, U.S DISTRICT COURT
JAN 25 2007
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

ENTERED
CLERK, U S DISTRICT COURT
JAN 26 2007
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DENNIS RUTHERFORD, et al.          ) Case No. CV 75-04111-DDP
                                   )
         Plaintiffs,               ) **ORDER RE: PRELIMINARY INJUNCTION**
                                   ) **ISSUED ON OCTOBER 27, 2006**
    v.                             )
                                   )
LEROY BACA, et al.,                )
                                   )
         Defendants.               )
_____)

   This Order merely renews the preliminary injunction already in place. On October 27, 2006, the Court issued an Order to Show Cause Re: Issuance of Preliminary Injunction and Temporary Restraining Order. In its Order, the Court discussed the overcrowding problem at Men's Central Jail and the Inmate Reception Center and issued a preliminary injunction to alleviate some of the overcrowding while the Sheriff's Department considered alternative, permanent solutions.

   Pursuant to the Prison Litigation Reform Act ("PLRA"), the preliminary injunction will automatically expire on January 26, 2007.[1] After meeting with representatives from the Sheriff's Department and the ACLU on December 11, 2006 and again on January

---

[1] The PLRA mandates that preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court . . . makes the order final before the expiration of the 90-day period. 18 U.S.C. § 3626(a)(2). However, if the preliminary relief is still warranted, a district court may enter a new injunction after the previous one expires. Mayweathers v. Newland, 258 F.3d 930, 936 (9th Cir. 2001).

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

12, 2007, the Court has determined that the Sheriff's Department has made significant progress in developing plans to alleviate jail overcrowding. While the parties continue to discuss these plans, however, the Court finds that the injunction described in its October 27 Order should remain in place. Accordingly, the Court hereby issues the following injunction consistent with the one described in its October 27 Order.[2]

  Defendants, their officers, agents, employees, attorneys and all those in active concert with them are restrained and enjoined from:

  1. Holding an inmate in the IRC for more than 24 hours, unless any period in excess of 24 hours is because the inmate is being treated at the medical facilities within the IRC;

  2. Holding more than 20 inmates in a holding cell without first exhausting every other means to avoid placing more than 20 inmates in a holding cell. In the event more than 20 inmate are placed in a holding cell, this event shall be documented as follows:

   (a) name of the officer approving the placement;
   (b) date;
   (c) type of placement;
   (d) time of release;
   (e) number of persons in the cell;

---

[2] On December 11, 2006, the Court issued an Order Continuing the Hearing to Show Cause, in which it ordered, *inter alia*, that the ACLU be entitled to visit the Men's Central Jail and Inmate Reception without notice. The Court also recommended that the ACLU provide the Sheriff's Department with one hour notice before before visiting. That order shall also remain in effect.

       (f)   identification of the particular holding cell. Plaintiffs shall be provided with the documentation upon request;

3. Holding an inmate in a cell in the IRC which is not maintained in a clean and sanitary condition, including access to a functioning toilet, potable drinking water and clean water to wash;

4. Holding an inmate in the IRC without providing ongoing access to adequate medical care, including but not limited to regular pill call and sick call;

5. Housing six inmates in cells at Men's Central Jail that were used to house four inmates prior to August 28, 2006 without prior notice to the Court and Plaintiffs and written leave of the Court;

6. Housing four inmates in cells at Men's Central Jail that were used to house two inmates prior to September 13, 2006 without prior notice to the Court and Plaintiffs and written leave of the Court.

The Court expects that the parties will continue to provide it with updates on the need for the injunction in future settlement conferences.

IT IS SO ORDERED.

1-25-07

DEAN D. PREGERSON
United States District Judge

3