MARK D. ROSENBAUM, SBN 59940
PETER ELIASBERG, SBN 189110
MELINDA BIRD, SBN 102236
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500, x219
Facsimile: (213) 977-5297
E-mail: mbird@aclu-sc.org

MARGARET WINTER
ACLU NATIONAL PRISON PROJECT
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6605
Facsimile: (202) 393-4931
E-mail: mwinter@npp-aclu.org
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., <br><br> Defendants. | Case No. Civ. 75-04111-DDP <br><br> **PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO SHORTEN TIME TO HEAR MOTION RE: INMATE INTERVIEWS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** <br><br> Honorable Dean Pregerson <br><br> Date: <br> Time: <br> Dept: 3 |

# EX PARTE APPLICATION TO SHORTEN TIME
# TO HEAR MOTION TO MODIFY ORDER RE: INMATE INTERVIEWS

Plaintiffs hereby apply to the Court for an *ex parte* order to shorten the time to hear their motion to modify an earlier Order in this matter. This Order, entered by stipulation on June 21, 1989, prohibits plaintiff's counsel, the ACLU of Southern California, from using statements obtained in interviews with *Rutherford* class members in other litigation, even when explicitly requested to do so by the inmate.

The urgency in this request stems from the fact that the ACLU is counsel in a case recently filed in the Central District, *Johnson v. Los Angeles County Sheriff's Department,* CV 08-03515 PSG JTLx, which concerns discrimination against jail inmates with physical disabilities. Every member of the putative class in *Johnson* is also a member of the class in *Rutherford*.[1] Class members in *Rutherford* have asked the ACLU to include their statements in upcoming motions in the *Johnson* case. The 1989 order will bar this. Consequently, the *Rutherford* plaintiffs have filed a motion to modify the 1989 Order to permit their statements to the ACLU to be used in the *Johnson* litigation, to the extent that these statements are otherwise admissible under the Federal Rules of Evidence.

It is critical that the parties obtain a decision on this motion for modification no later than June 16, 2008, to preserve the possibility that these inmate statements can be included in support of the *Johnson* reply briefing on motions for class certification and a preliminary injunction. It is anticipated that these motions will be filed in *Johnson* on June 9, 2008, with reply briefing due on June 23 and a hearing on June 30, 2008.

This *ex parte* application is made pursuant to Local Rule 6-1, which permits the Court to order a shorter time for a motion hearing, and Rule 7-19 on ex parte applications. Plaintiffs will be irreparably prejudiced if this request is heard pursuant

---

[1] The Johnson case has been assigned to the Honorable Phillip Gutierrez. Counsel for the *Johnson* plaintiffs have filed a notice that the *Johnson* case is formally related to *Rutherford*.

-1-

to the procedures for regularly noticed motions.  If filed after the twenty day advance meet and confer period in Local Rule 7-3, and heard on a regular calendar, plaintiffs' motion to modify the inmate interview order will not be scheduled for hearing until July 14, 2008.  This will be too late for the upcoming motions in *Johnson*.  This delay will irreparably prejudice the affected *Rutherford* class members.  Especially at this pre-certification stage, *Rutherford* class members with disabilities will have no ready means to report to the *Johnson* court on their plight, their need for relief, new developments whether positive or negative, etc.

Accordingly, plaintiffs request that the Court issue an *ex parte* order scheduling their motion to modify the 1989 order for hearing on Monday, June 16, 2008, with an expedited briefing schedule to be established by the Court.

This application is based on the declaration of Melinda Bird regarding notice and the need to be heard on shortened time, and on the declarations of *Rutherford* class members Kenyatta Dasher, Leonard Rocha and Collier Ross regarding their desire to have their statements included in the *Johnson* litigation.  This application is also based on earlier statements from former class members Howard Burley, Jr., John Finn, Brent Sherman and Carlo Williams regarding the problems faced by *Rutherford* class members with disabilities.  All declarations are being filed concurrently in support of both the *ex parte* application and the underlying motion to modify.

Notice of this *ex parte* application has been provided to counsel for defendants.  Plaintiffs' counsel wrote to Paul Beach and Roger Granbo, counsel for the County defendants on June 2, 2008 and left telephone messages for Mr. Beach on June 2 and 3, 2008.  *See,* Declaration of Melinda Bird ("Bird Decl."), ¶¶ 13, 14.  Counsel for the parties spoke on Wednesday, June 4, 2008 regarding this application to shorten time, but could not reach agreement.  *Id.*, ¶ 15.

### MEMORANDUM OF POINTS AND AUTHORITIES

The underlying motion to modify the 1989 Order regarding inmate interviews is meritorious.  Plaintiffs are highly likely to succeed on their request to modify the 1989

Order regarding inmate interviews for the reasons detailed in the Memorandum of Points and Authorities in support of the motion for modification, which are incorporated here by reference. The Order creates an ethical and moral dilemma for counsel for the jail inmates, and imposes an unconscionable burden on the First Amendment rights of both the *Rutherford* class members and their ACLU counsel. The 1989 order is also vague and unworkable.

There is also an urgent need to modify the 1989 Order regarding inmate interviews. Waiting until the motion for modification can be heard on the normal motion calendar will work irreparable prejudice on the *Rutherford* class members who wish to be heard in the *Johnson* case for several reasons.

First, counsel for the plaintiffs in *Johnson* intend to file motions for a preliminary injunction and class certification in the next week. Bird Decl., ¶ 7. Some of the evidence needed to fully present these motions to the Court will be barred unless the 1989 Order is modified to allow inmate statements obtained by the ACLU in *Rutherford* to be used in *Johnson*. In addition, the rights and desires of *Rutherford* class members should be respected. Class members with disabilities have asked to participate in the *Johnson* case, and have already provided written statements to the ACLU. Decls of Kenyatta Dasher, ¶ 3; Leonard Rocha, ¶ 2; Collier Ross, ¶ 4. Their statements detail the difficulties they face in attempting to contact outside counsel. *Id. Accord,* Bird Decl., ¶¶ 9, 10 (detailing difficulties faced by jail inmates in contacting counsel other than the ACLU); Decl. of John Finn, ¶ 23 (same). In the unlikely event that these inmates are successful in making contact with other counsel in the *Johnson* case, it is a needless waste of time and energy to require non-ACLU attorneys to re-interview these inmates and prepare duplicate declarations.

Second, because of turnover in the jail population, new inmates with disabilities are booked into the jail and need assistance. Some may even need emergency relief in the form of a temporary restraining order in the *Johnson* case, for example if they are denied a needed wheelchair or otherwise placed in danger. Referring these inmates to

other counsel in *Johnson* to comply with the 1989 Order may cause needless delays, which could imperil these inmates.

Third, the 1989 Order will hinder the ACLU's ability to update the *Johnson* court with our observations of any changes and improvements, or from taking new declarations from inmates about current conditions. If the County submits opposition declarations regarding conditions in the jail and inmates provide us with statements contradicting or otherwise explaining the County's claims, the 1989 Order will prevent us from disclosing this to the court.

Finally, in the wake of the *Johnson* filing, some inmates have already expressed a concern about retaliation to ACLU representatives. Decls of Kenyatta Dasher, ¶ 4; Leonard Rocha, ¶ 3. The ACLU needs to be able to present these concerns to the judge in the Johnson case to determine if any additional remedial measures are needed.

Given the many weighty interests at stake, the shortened briefing and hearing schedule proposed here is entirely reasonable, as it will allow the County defendants the opportunity to file an opposition brief and to argue this matter at hearing. Time is of the essence in resolving whether to modify the 1989 Order.

DATED: June 4, 2008

                            RESPECTFULLY SUBMITTED,
                            ACLU Foundation of Southern California
                            ACLU National Prison Project

                            By: _____
                                   Melinda Bird

                            Attorneys for Plaintiffs