1  RAYMOND G. FORTNER, JR.
   ROGER H. GRANBO, State Bar No. 108372
2  OFFICE OF COUNTY COUNSEL
   COUNTY OF LOS ANGELES
3  648 Kenneth Hahn Hall of Administration
   500 West Temple Street
4  Los Angeles, CA 90012
   Ph.: (213) 974-1930
5  Fax: (213) 687-7337

6  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
7  JUSTIN W. CLARK, State Bar No. 235477
   LAWRENCE BEACH ALLEN & CHOI, PC
8  A Professional Corporation
   100 West Broadway, Suite 1200
9  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
10 Facsimile No. (818) 545-1937

11 Attorneys for Defendants

12

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15

16 DENNIS RUTHERFORD, et al.,           )   Case No. CV 75-04111 DDP
                                        )
17            Plaintiffs,               )   Honorable Dean D. Pregerson
                                        )
18                                      )
                                        )   **ORDER RE: STIPULATION RE**
19       vs.                            )   **ATTORNEYS' FEES, COSTS, AND**
                                        )   **OTHER EXPENSES**
20                                      )
   SHERMAN BLOCK, et al.,               )
21                                      )
                                        )
22            Defendants.               )
                                        )
23 _____ )

24

25 ///

26 ///

27 ///

28

                              1

# **ORDER**

Pursuant to the stipulation of the parties and good cause appearing therefore, the Court hereby orders as follows:

1.      The parties have recently met and discussed the payment of attorneys' fees, costs, and other expenses associated with the American Civil Liberties Union of Southern California's ("ACLU") monitoring of the Los Angeles County jails and litigation related thereto and the parties want to fully and finally resolve their disputes regarding these issues by entering into this stipulation;

2.      Pursuant to an Order dated November 13, 2007, the ACLU has already been paid $160,000, payment for the term May 1, 2006 through August 31, 2007 for monitoring services;

3.      The County of Los Angeles ("County") shall pay a one-time lump sum payment of $300,000 in settlement of the ACLU's request for attorneys' fees, costs, and other expenses incurred in this matter which includes $70,000 for expert witness expenses incurred as part of the meetings referred to by the parties as the *Rutherford* panel;

4.      For the period of time between September 1, 2007 and February 29, 2008, the County shall pay the ACLU $60,000, representing $10,000 per month for monitoring services;

5.      Beginning March 1, 2008 and continuing for a term of three (3) years, the County agrees to pay the ACLU $17,500 per month, which the ACLU shall request payment of on a monthly basis.  Interest on any unpaid balances shall begin to accrue 60 days after the date payment is requested;

6.      For the period of time between March 1, 2008 and July 31, 2008, the County shall pay the ACLU $87,500 (i.e. the rate of $17,500 per month) for monitoring services; and,

RUTHERFORD\Proposed Order re Stip re fees-costs-expenses

7.      Pursuant to the letter agreement between the parties, the ACLU agrees that they will not seek additional attorney's fees for any otherwise compensable time spent on any other litigation regarding the conditions in the Los Angeles County jail system for the period time this agreement is in effect (i.e. up to and including March 1, 2011).[1]

IT IS SO ORDERED.

Dated:  July 29, 2008

_____
Honorable Dean D. Pregerson
United States District Court Judge

_____

[1] The ACLU contends that it could be entitled to attorneys' fees and costs in *Thomas v. Baca*, U.S.D.C. Case No. CV 04-08448 DDP (SHx).  The LASD contends that any such claim by the ACLU is barred.  In order to accommodate the ACLU's request that they be paid past fees and costs as soon as practicable and without delaying any such payment as a result of this dispute, the parties have entered into this Stipulation.  The payment of monies pursuant to this Order shall not prejudice either party with respect to this issue.