# EXHIBIT 2

JOHN HAGAR
444 Lincoln Boulevard
Suite 319
Marina del Rey, CA 90291

(213) 396-3498

PAUL HOFFMAN
ACLU Foundation of So. California
633 South Shatto Place
Los Angeles, CA 90005

(213) 487-1720

Attorneys for Plaintiffs

LODGED
MAY 9 1986
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DENNIS RUTHERFORD, et al.,          )   NO. CV 75-4111 WPG
                                    )
              Plaintiffs,           )   STIPULATION AND COURT
                                    )   APPROVAL THEREOF
     vs.                            )
                                    )
SHERMAN BLOCK, et al.,              )
                                    )
              Defendants.           )
_____)

   The parties to the above entitled action, through their counsel of record, the undersigned, hereby enter this Stipulation, and proposed order subject to the Court's approval, stipulate as follows:

   A. <u>Preamble</u>

   Plaintiffs' counsel has received complaints alleging that the Sheriff is failing to comply with certain of the orders issued by the Honorable William P. Gray in <u>Rutherford v. Block</u>, CV 75-4111 WPG (hereinafter "<u>Rutherford</u>"). The Sheriff acknowledges that current population levels at the Men's Central Jail and throughout the

/

- 1 -

County jail system have precluded him from fully complying with all of such orders. Pursuant to their Memorandum of Understanding filed with this Court on November 13, 1985, the parties have implemented a cooperative effort to investigate and analyze current conditions at the Central Jail and to develop the appropriate remedies so that the Sheriff can comply with all Rutherford orders.

In furtherance of that goal, plaintiffs' counsel has been allowed unlimited access to the plaintiff class and all housing units in the Central Jail. Further, the Sheriff has produced jail documents and records as requested by plaintiffs. Counsel for the parties met on numerous occasions to discuss various conditions of confinement within the Central Jail and to explore possible remedies. The dates of specific inspections and meetings have previously been provided to the Court in Joint Status Reports filed by the parties.

As a result of these inspections, discovery, discussions with inmates, and negotiations, the parties stipulate as follows:

B. Stipulations

1. The non-temporary population at the Men's Central Jail should be limited to 5800 inmates, that figure including inmates housed in the Central Jail Hospital.

2. It is contemplated by the parties that a limit of 5800 non-temporary inmates will allow the Sheriff to eliminate freeway sleepers, eliminate the use of dayrooms at housing units, and will allow the Sheriff to house only that number of inmates within each type of cell that the cell was designed to accommodate.

3. It is further contemplated by the parties that the above mentioned limit to non-temporary Central Jail housing will allow the Sheriff to fully comply with all Rutherford Orders. In

- 2 -

this regard, the Sheriff will continue to maintain the appropriate management reports concerning Rutherford compliance, and will cooperate with plaintiffs' counsel concerning the development of additional necessary reports. Plaintiffs' counsel will be allowed continued access to the plaintiff class and the facility, subject to the discretion of the Commander of the Central Jail.

4. The goal of obtaining the population limit for non-temporary Central Jail inmates of 5800 is six months from the date this Stipulation and Order is signed by the Court.

5. Paragraphs 1 through 3 do not act as a limitation upon the Sheriff's discretion to alter the use or structure of any Central Jail housing unit and thereby affect the total population described above. The parties agree to communicate and negotiate in good faith concerning any needed change.

6. The parties agree that the present Order providing for a specific "wake-up" time for inmates in the second day of trial is extremely difficult to effectively implement, and have agreed, subject to the Court's approval, to fashion an order which emphasizes hours of sleep rather than specific wake-up procedures. Alternative procedures will be developed, implemented, monitored, and a Revised Order will be submitted to the Court for its approval.

7. In addition to the population limit of 5800 non-temporary inmates, the parties agree that certain large dormitories known as "9000" housing units may be used for the short-term housing of inmates who are either entering the County jail system or for some reason are subject to housing changes. The parties have agreed that the goal of a population limit of 1000 inmates in all 9000 dormitories is at this time challenging but reasonable. The parties

- 3 -

further agree that the conditions of confinement in 9000 will:

    a. Be of very short duration, usually less than 72 hours. The Sheriff agrees to monitor average times spent in 9000.

    b. Be subject to <u>Rutherford</u> Orders where applicable (for example, meal time will be not less than 15 minutes, all inmates will have a mattress and bunk, clothing will be exchanged under <u>Rutherford</u> standards. However, if an inmate is confined to 9000 for only 24 hours, it will not be necessary to provide outdoor exercise during that period).

    8. The goal of implementation of the 9000 population limit for temporary Central Jail inmates of 1000 is six months from the date this Stipulation and Order is signed by the Court.

    9. The parties agree that changes in the population at the Central Jail will impact upon the populations of other facilities in the Los Angeles County Jail system, and the County agrees to inform plaintiffs of changes in the use and capacities of those other facilities. The parties further agree to cooperate concerning remedies to present overcrowding so that the impact upon other facilities is minimized.

C. <u>Stipulated Remedies</u>

In order to implement the above-described program to control Central Jail overcrowding and to effectively comply with all <u>Rutherford</u> Orders, the parties intend that the following remedies be implemented:

    1. The Sheriff intends to implement the following measures to reduce the current population at Central Jail:

    a. Place approximately 500 Mira Loma sentenced inmates on work release and transfer the remaining minimum inmates to Pitchess

- 4 -

Honor Rancho-Minimum. Upgrade the security at Mira Loma and transfer inmates from Central Jail to Mira Loma.

    b. Relocate work furlough at Biscailuz Center to another site. Move medium inmates from Central Jail to Biscailuz Center.

    c. Expand the Hall of Justice Jail by 80 additional beds. Move inmates from Central Jail to Hall of Justice Jail.

    d. Expand Pitchess Honor Rancho-Medium by 125 additional beds. Move inmates from Central Jail to Pitchess Honor Rancho-Medium.

    e. Open a new medium facility at Pitchess Honor Rancho with a rated capacity of 624 beds. Move 624 inmates from Central Jail to Pitchess Honor Rancho-Medium.

    f. Increase the departmental misdemeanor permissive release program to a target of 95%.

    g. Put all Police Chief's on notice to significantly increase misdemeanor permissive release rates via citation and to have them voluntarily cease direct bookings.

    h. The Sheriff's Department will develop a North County Inmate Reception Center and Courtline pilot project in an effort to reduce the numbers processed through 9000.

    i. The Sheriff's Department wil request the courts to reevaluate their bail schedule to facilitate non-violent detainees in obtaining release prior to trial.

2. It is understood that it is difficult to know either the exact population of Central Jail or the entire jail system at any given time. For these reasons, it is agreed that:

    a. The population totals will be the daily population count for the Custody Division reported at 0730 hours.

  b. The Sheriff shall be considered in compliance if the population limits are obtained within 12 hours of knowing that the inmate population limits have been exceeded.

  3. It is contemplated that adjustments may be necessary to the above-described provisions. Accordingly, the parties will meet again within three months or sooner, if necessary, to evaluate the success of these measures and to make necessary adjusted recommendations to the court.

IT IS SO STIPULATED:

Date: 5-10-86

JOHN HAGAR, ESQ.

Date: 5-10-86

PAUL HOFFMAN
ACLU Foundation of Southern California

Attorneys for Plaintiffs

Date: 5-6-86

FREDERICK R. BENNETT
Principal Deputy County Counsel

Attorneys for Defendants

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED:

Date: May 19, 1986

WILLIAM P. GRAY
United States District Court

- 6 -