# EXHIBIT 3



COUNTY OF LOS ANGELES
OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(323) 526-5045
FACSIMILE
(323) 267-6687
TDD
(213) 633-0901

RAYMOND G. FORTNER, JR.
County Counsel

August 21, 2007

Reply to
SHERIFF'S LEGAL ADVISORY UNIT
4700 Ramona Boulevard, Suite 225
Monterey Park, California 91754-2169

Ronald Chatters, III
American Civil Liberties Union (ACLU)
of Southern California
1616 Beverly Boulevard
Los Angeles, California 90026

Re:    California Public Records Request Act

Dear Mr. Chatters:

I am writing in response to your letter to Sheriff Baca requesting public records. Below I have set forth each of your requests and the County's response.

**Request No. 1**

All documents setting forth guidelines, policies, practices, or standards the LASD has adopted and/or follows in operating the Los Angeles County Jails (e.g. a copy of its manual of standards).

**Response to Request No. 1**

Under Government Code section 6254(f), records of security procedures of any local agency and security files compiled by a local agency for correctional purposes are exempt from disclosure under the Public Records Act. The Sheriff's Department's guidelines, policies and procedures for operating the jails are records of security procedures and security files compiled for correctional purposes and are, therefore, exempt from disclosure.

Even if these records were not categorically exempt, the Public Records Act requires an agency to respond to requests for reasonably identifiable records. The Sheriff's Department maintains a number of manuals related to the operations of jails within the county, including separate manuals for the Inmate Reception

HOA.465558.1

Exhibit 3
24

Ronald Chatters, III
August 21, 2007
Page 2

Center, each jail facility, and individual unit orders for station jails. These
manuals may run several hundreds of pages and contain several hundred
individual subjects. A large number of policies and procedures involve the
security of the jails, and release of this information would jeopardize the security
and safety of inmates, staff, visitors and the public at large. Therefore, the public
benefit in maintaining the records as confidential substantially outweighs the
benefit of public release of the information, making these records exempt from
disclosure under Government Code section 6255. In addition, portions or all of
these records may be privileged under Evidence Code section 1040 and, therefore,
exempt from disclosure under Government Code section 6254(k).

To the extent that those portions of the records which would impact safety
and security could be redacted, the amount of time and manpower it would take to
duplicate, review and redact all of the records would be extremely burdensome on
the Sheriff's Department's limited resources, and is an additional reason even a
request for redacted complete manuals would be exempt under section 6255.

## Request No. 2

All documents used in training and/or instructing LASD personnel on
guidelines, policies, practices, or standards the LASD follows in adhering to the
Rutherford v. Block, CV 75-411 WPG.

## Response to Request No. 2

The Rutherford case involves a number and variety of subjects that have
impacted Sheriff's Department guidelines, policies, practices and standards. In
order to assist you in making a request that reasonably identifies existing records,
you will need to provide us with the more specific subject upon which you are
seeking records (i.e., "floor sleepers"). At that point, we will be able to advise
you as to whether any such documents exist and whether they are available or
exempt from disclosure. It is likely that all or most of any such records are
exempt from the disclosure requirements of the Public Records Act under
Government Code section 6254(f) as records of security procedures of any local
agency and security files compiled by a local agency for correctional purposes.

HOA.465558.1

Exhibit 3
25

Ronald Chatters, III
August 21, 2007
Page 3

**Request No. 3**

All documents used in training and/or instructing LASD personnel on guidelines in conducting cell searches.

**Response to Request No. 3**

Under Government Code section 6254(f), records of security procedures of any local agency and security files compiled by a local agency for correctional purposes are exempt from disclosure under the Public Records Act. Any documents used in training and/or instructing LASD personnel on guidelines in conducting cell searches are records of security procedures and security files compiled for correctional purposes and are, therefore, exempt from disclosure.

**Request No. 4**

Complete copies of the Uniform Daily Activities Log (UDAL), also known as the Title 15 Book, for the entire months of January and June 2007. We request copies of the UDALs for the following facilities and their respective modules or cell blocks:

Men's Central Jail (MCJ):

Modules: 1750, 2200, 2100, 3100, 3800, 4400, 5100, 5500, 6050, 7100, 8200, & 9200

Twin Towers (TTCF):

Modules 141, 162, 171, 242, 251, 262, & 271

North County Correctional Facility (NCCF):

Modules: 512, 616, 724, 816, 928.

**Response to Request No. 4**

Under Government Code section 6254(f), records of security procedures of any local agency and security files compiled by a local agency for correctional purposes are exempt from disclosure under the Public Records Act. Uniform

HOA.465558.1

Exhibit 3
26

Ronald Chatters, III
August 21, 2007
Page 4

Daily Activities Logs are records compiled for correctional purposes and include security procedures, and, as such, are exempt from disclosure.

Even if UDALs were not exempt from the disclosure requirements of the Public Records Act, the volume of records you have requested is extremely large. The Sheriff's Department conservatively estimates that it would constitute approximately 2,800 pages. The amount of time it would take to retrieve, reproduce, review and redact out confidential information from these documents would place an extraordinary and unreasonable burden upon the limited resources of the Sheriff's Department. Therefore, these records are additionally exempt from disclosure under Government Code section 6255.

## Request No. 5

All documents setting forth guidelines, policies, practices, or standards that the LASD has adopted and/or follows in housing and providing services to the juveniles (those inmates under the age 18) it has in its custody.

## Response to Request No. 5

Under Government Code section 6254(f), records of security procedures of any local agency and security files compiled by a local agency for correctional purposes are exempt from the disclosure requirements of the Public Records Act. The Sheriff's Department's guidelines, policies and procedures for housing and providing services to the juveniles it has in its custody are records of security procedures and security files compiled for correctional purposes and are, therefore, exempt.

In addition, even if the records were not categorically exempt, a number of policies and procedures involve the security of the jails, and release of this information would jeopardize the security and safety of inmates, staff, visitors and the public at large. Therefore, the public benefit in maintaining the records as confidential substantially outweighs the benefit of public release of the information, making these records exempt from the disclosure requirements of the Public Records Act under Government Code section 6255. In addition, portions or all of these records may be privileged under Evidence Code section 1040, and, therefore, exempt from disclosure under Government Code section 6254(k).

HOA.465558.1

Exhibit 3
27

Ronald Chatters, III

Page 5


      With regard to Request No. 2, please provide us with the specific subject matter within the <u>Rutherford</u> case for which you are seeking records.  You may send this information to me at Sheriff's Legal Advisory Unit, 4700 Ramona Boulevard, Suite 225, Monterey Park, California 91754.

                         Very truly yours,

                         RAYMOND G. FORTNER, JR.
                         County Counsel

                     By
                     GARY P. GROSS
                     Principal Deputy County Counsel
                     Law Enforcement Services Division


APPROVED AND RELEASED:


LEELA A. KAPUR
Chief Deputy County Counsel

GPG:cg


HOA.465558.1


Exhibit 3
28