MARK D. ROSENBAUM, SBN 59940
PETER ELIASBERG, SBN 189110
MELINDA BIRD, SBN 102236
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500, x219
Facsimile: (213) 977-5297
E-mail: mbird@aclu-sc.org

MARGARET WINTER
ACLU NATIONAL PRISON PROJECT
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6605
Facsimile: (202) 393-4931
E-mail: mwinter@npp-aclu.org
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., <br><br> Defendants. | Case No. Civ. 75-04111-DDP <br><br> **DECLARATION OF MARGARET WINTER IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN DISCOVERY** <br><br> Honorable Dean Pregerson <br><br> Date: July 6, 2009 <br> Time: 10:00 a.m. <br> Dept: 3 |

# DECLARATION OF MARGARET WINTER

I, Margaret Winter, state and declare as follows:

1. The facts set forth in this declaration are from my personal knowledge. If called as a witness, I could and would competently testify to them. This declaration supplements the declaration that I filed with the Court on April 14, 2009.

2. I am the Associate Director of the National Prison Project of the ACLU Foundation, and one of the lead counsel in this case, *Rutherford v. Baca,* which concerns overcrowding and other constitutionally deficient conditions in the Los Angeles County Jail.

3. As part of its ongoing monitoring in this case, the ACLU of Southern California receives complaints from inmate class members regarding conditions in the jail. Many of these complaints concern mental health issues. As part of our ongoing representation of the plaintiff class, the ACLU retained a noted expert on correctional mental health, Dr. Terry Kupers, to tour the jail, interview inmates and review selected records. On May 8 and 9, 2008, I accompanied Dr. Kupers on his tour and interviews in the Los Angeles Jail. On June 27, 2008, Dr. Kupers prepared a report on his findings, which is attached as Exhibit 1 to this declaration.

4. On July 7, 2008, my co-counsel, Melinda Bird, provided a copy of Dr. Kupers' report to the Sheriff's Department and their counsel. Counsel for the parties in *Rutherford* met on many occasions over the following months about the problems identified in Dr. Kupers' report, but in our opinion, conditions in Men's Central Jail have not changed in any significant decree since Dr. Kupers' findings.

5. On April 9, 2009, I toured Men's Central Jail with Mary Tiedeman, the ACLU jail monitor. We walked down a row of discipline cells known as 3301. The single cells are very small, dimly-lit and windowless, without a desk or chair. Inmates in these cells are not allowed visitors, outdoor recreation, phone calls or any books other than a bible. One detainee signaled to me that he needed to speak with me, and he gave me a letter, which is attached as Exhibit 2 to this declaration.

In this letter, the detainee describes the conditions he observed in the weeks before a young man in the adjacent cell was found dead. The ACLU had already received a report from the Sheriff on this young man's death, which was reported as a suicide, on March 30, 2009. The In-Custody Death Report is attached as Exhibit 3.

6.   This detainee explicitly asked me to provide a copy of his letter to the County Board of Supervisors and to the Court.

7.   The conditions described in the detainee's letter, Exhibit 2, are consistent with the observations in Dr. Kupers' report.

8.   We have redacted the names from the copy of the letter attached hereto as Exhibit 2. We have provided the Sheriff's department with an unredacted copy.

9.   I am class counsel for all pre-trial detainees incarcerated in the Maricopa County Jails in Phoenix, Arizona, in *Graves v. Arpaio*, CIV-1977-00479-PHX, a case concerning the conditions of confinement in the Jails. The case, which was filed in 1977, was settled on March 27, 1981, with the entry of a consent decree; the consent decree was superseded January 10, 1995 by an Amended Judgment, on stipulation of the parties. Beginning in 1998, the county defendants filed a number of motion to terminate the decree, contending that they had complied with the judgment and arguing that the plaintiffs were not entitled to post-judgment discovery.

10.   Final resolution of the defendants' motion to terminate the judgment in *Arpaio* was repeatedly deferred until April 3, 2008, when the case was reassigned, to the Honorable Neil V. Wake. On April 25, 2008, Judge Wake set for evidentiary hearing the county defendants' motion to terminate the Amended Judgment, and granted plaintiffs' request for discovery regarding current conditions in the Jails.

11.   The parties engaged in intensive discovery – including document requests, interrogatories, depositions, and expert tours – in preparation for the evidentiary hearing. The hearing commenced August 12, 2008. On October 22,

2008, the court issued findings of fact and conclusions of law, finding current and ongoing violations of the detainees' constitutional rights and of the Amended Judgment. The court revised the First Amended Judgment to address current and ongoing constitutional violations, and incorporated the revised provisions in a Second Amended Judgment. The court ruled that, "[a]s in any case closed by entry of a permanent injunction, enforcement for non-compliance with the permanent injunction may be sought by an aggrieved Plaintiff. Such enforcement may be in the form of further specific orders to implement the permanent injunction and/or contempt remedies to give incentives to cease the violations of the permanent injunction." (Dkt. 1634 at 79.)

12. Thereafter, the *Arpaio* defendants again argued that plaintiffs were not entitled to discovery since the case was post-judgment, and because the court had appointed independent experts to assist in monitoring defendants' compliance with the Second Amended Judgment. The district court rejected the argument, holding, on January 28, 2009, that plaintiffs were entitled to ongoing discovery, since "[t]he independent experts do not [] represent the Plaintiffs' interests, and Plaintiffs require representation of their interests in Defendants' compliance with the Second Amended Judgment until compliance is achieved and the judgment is terminated." (Dkt. 1769 at 3.)

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge. Executed this 15th day of June, 2009 in Washington D.C.

*Margaret Winter*
Margaret Winter