1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  JUSTIN W. CLARK, State Bar No. 235477
   jclark@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   A Professional Corporation
4  100 West Broadway, Suite 1200
   Glendale, California 91210-1219
5  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937
6
7  Attorneys for Defendants

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS RUTHERFORD, et al.,

12         Plaintiffs,

13

14      vs.

15  SHERMAN BLOCK, et al.,

16

17         Defendants.

18

19

20

) Case No. CV 75-04111 DDP
)
) Honorable Dean D. Pregerson
)
) **DEFENDANTS' OPPOSITION TO**
) **PLAINTIFFS' MOTION TO RE-**
) **OPEN DISCOVERY;**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES AND**
) **DECLARATION OF DENNIS**
) **CONTE IN SUPPORT THEREOF**
)
) Date:    July 13, 2009
) Time:    10:00 a.m.
) Crtrm:   3
)

21

22  TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

23  COUNSEL OF RECORD:

24  ///

25  ///

26  ///

27

28

1

RUTHERFORD\Opp 2 Mtn Re-Open Disc

1    Defendants Sherman Block, et. al. (hereinafter "Defendants") hereby

2  submit the following Memorandum of Points and Authorities in opposition to

3  Plaintiffs' Motion to Re-Open Discovery.

4

5  Dated:  June 29, 2009                    LAWRENCE BEACH ALLEN & CHOI, PC

6

7                                           By_____

8                                               Justin W. Clark
                                             Attorneys for Defendants
9                                               Sherman Block, et al.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction.

Plaintiffs seek a blanket order reopening discovery based on assertions from counsel for the American Civil Liberties Union of Southern California ("ACLU") that they have been denied "access to basic information regarding jail operations and conditions of confinement..." (Plaintiffs' Motion, 1:4-5.)  First and foremost, this assertion is completely false.  The ACLU is regularly provided with information they request and this Motion is nothing more than a veiled attempt by the ACLU to a secure an order that will later be used as part of efforts to obtain privileged and confidential documents and information.

As detailed in Defendants' Motion to Enforce the 1989 Stipulation and Order regarding the use of information obtained by the ACLU in non-*Rutherford* litigation (Docket No. 166), the LASD has very real concerns about the ACLU's recent willingness to use or make available for use information obtained by the ACLU through their access to the jails.  Now, with this Motion, Plaintiffs are seeking to re-open formal discovery which is a clear indication that the ACLU is no longer willing to work cooperatively with the LASD.  Indeed, Plaintiffs' papers state "[s]ince voluntary, cooperative efforts have failed, plaintiffs have no choice but to seek to reopen discovery to permit them to carry out their monitoring duties..." (Plaintiffs' Motion, 1:23-25.)  As set forth in Defendants' Motion to Enforce, this is a decision that will fundamental alter the relationship between the ACLU and the LASD to the detriment of all parties.

Putting the above concerns aside, with respect to the merits of this Motion, as a threshold matter, Plaintiffs have failed to establish good cause for the order they seek.  There has been no showing of any substantial non-compliance with the Judgment - a necessary showing before the Court can enter an order reopening discovery.  Indeed, Plaintiff's Motion does not even set out the terms of the Judgment nor is the Judgment attached as an exhibit.  Basically, based purely on

1

1  declarations from counsel, the ACLU would have the Court enter an order that
2  the ACLU may take discovery without any reference to specific categories of
3  information or documents and without any discussion of the terms of the
4  Judgment.
5      As set forth below, this Motion fails to demonstrate good cause for the
6  relief sought and it should be denied in its entirety.
7  **II.    Relevant Procedural History.**
8      This case was filed by the ACLU in 1975 as a class action on behalf of all
9  present and future inmates incarcerated in the LACJ.  Following class
10  certification and trial, Judgment was entered on February 15, 1979 imposing nine
11  orders on the LASD regarding the operation of Men's Central Jail.[1]Three of the
12  nine orders (regarding visitation, restoration of windows, and search procedures)
13  were appealed to the Ninth Circuit which reversed the order concerning the
14  restoration of windows. *See, Rutherford v. Pitchess*, 710 F.2d 572 (9th Cir.
15  1983).  A further appeal was taken to the United States Supreme Court which
16  reversed the visitation order to the extent it required contact visitation and the
17  search procedures order. *See, Block v. Rutherford*, 468 U.S. 576, 104 S.Ct. 3227
18  (1984).  Post appeal, and despite any suggestion to the contrary, the only
19  remaining orders in the Judgment address: 1) beds; 2) visitation by children; 3)
20  outdoor recreation; 4) indoor recreation; 5) telephones; 6) cell searches; 7) time
21  for meals; and 8) change of clothing.
22  ///
23  ///
24  ///
25
26  [1] For a more detailed description of the relevant procedural history, please see
27  Defendants' Motion to Enforce the 1989 Stipulation and Order filed on June 22,
28  2009. (*See*, Docket No. 166.)  Defendants' Motion to Enforce is on calendar for
   July 13, 2009 - the same date as this Motion.

2

RUTHERFORD\Opp 2 Mtn Re-Open Disc

1    **III.   Plaintiffs Have Not Established Any Significant Issues Of**
2    **Noncompliance With The Judgment And Therefore, This Motion**
3    **Should Be Denied.**

4         Plaintiffs seek an entirely overbroad order which essentially says:
5    "Plaintiffs are entitled to take discovery." While such an order is inherently
6    problematic for several reasons, as a threshold matter, Plaintiffs have failed to
7    establish good cause for discovery at all. Despite assertions from Plaintiffs, the
8    threshold issue before the Court is whether Plaintiffs have put forth sufficient
9    evidence raising **significant questions** of noncompliance such that discovery is
10   needed and should be authorized. *Cal. Dep. Of Soc. Services v. Leavitt*, 523 F.3d
11   1025, 1034 (9th Cir. 2008). As set forth below, Plaintiffs have failed to make this
12   necessary showing.

13        Plaintiffs urge this Court to "decide the threshold issue of their right to
14   discovery" first, and that "specific disputed area[s]" be resolved later. But
15   Plaintiffs' assertion that "[t]he Court need not at this time reach the issue of
16   whether any particular material that plaintiffs may seek is discoverable" ignores
17   the threshold showing that Plaintiffs must make before additional discovery
18   should even be considered. (Plaintiffs' Motion, 9:2-3.) Indeed, before discovery
19   may be granted, Plaintiffs are required to put forth some proof to establish its
20   charges of noncompliance. *See, H.K. Porter Co. v. Goodyear Tire & Rubber Co.*,
21   536 F.2d 1115, 1122 (6th Cir. 1976) ("To permit discovery after judgment in
22   addition to the extensive discovery ordered during the trial…it was at least
23   necessary for the [party requesting discovery] to present some proof to establish
24   its…charges [of fraud]."). Here, Plaintiffs have made no such showing.

25        In *Leavitt*, the Ninth Circuit held that, when considering whether to permit
26   discovery prior to the resolution of a motion to enforce a judgment, a district
27   court should first determine whether the proponent of discovery has put forth

28

3

1   sufficient evidence to raise **significant questions** regarding noncompliance.[2]  523

2   F.3d at 1034. The underlying action in *Leavitt* concerned the statutory eligibility

3   requirements for a federal program, administered by the States, which provided

4   financial incentives to individuals and families to take in needy foster children.

5   *Id., see also, State of Cal. Dep't of Soc. Servs. v. Thompson ("Rosales")*, 321

6   F.3d 835, 838 (9th Cir. 2003). That underlying action, referred to by the *Leavitt*

7   Court as *"Rosales,"* resulted in an injunction against the defendant, a federal

8   department, to administer the federal program according to the eligibility

9   standards articulated by the *Rosales* decision. *Id.* at 1027-28.

10       At issue in *Leavitt* was the defendant's alleged noncompliance with the

11  injunction. On appeal, the *Leavitt* Court reversed the district court's denial of the

12  plaintiffs' motion to enforce the injunction "insofar as the court failed to address

13  the [plaintiffs'] request to authorize discovery." *Id.* at 1036. The *Leavitt* Court

14  explained that the plaintiffs had provided sufficient evidence to raise significant

15  questions regarding the defendant's noncompliance with the injunction. *Id.* at

16  1027 & 1034.

17       Specifically, the evidence was sufficient because: (1) plaintiffs' counsel

18  had reported that, in at least twelve cases, federal officials used eligibility

19  standards contrary to the direct terms of the injunction; (2) the defendant

20  represented to the plaintiffs and to the courts that it did not have the information

21  requested by the plaintiffs, despite that the injunction expressly required the

22  defendant to document and retain such information; (3) the defendant's failure to

23  pay in at least two eligible foster care cases was "indicative of noncompliance"

24  since the injunction specifically required that the defendant pay "for *all*

25  [qualifying] foster care cases"; and (4) the defendant relied on the fact that district

26

27  [2] Here, Plaintiffs have not filed a motion to enforce the judgment and instead,
28  without even a reference to a specific term in the judgment, are seeking a blanket
    order reopening discovery.

1   court had not authorized post-judgment discovery, which should have alerted the
2   district court that the plaintiffs "could not come forward with further evidence of
3   noncompliance without an order authorizing discovery." *Id.* at 1035-36.

4        Plaintiffs cite a number of cases in support of their argument that "[p]ost-
5   judgment discovery is so routine…that it is often noted without comment or
6   further discussion in the reported decisions" (Plaintiffs' Motion, 8:19-27)
7   however, Plaintiffs have not cited or addressed *Leavitt.* This is significant
8   because *Leavitt* was very recently decided (2008) and because, as Ninth Circuit
9   authority, it is controlling. Indeed, all of the cases cited by Plaintiffs pre-date
10   *Leavitt* and *Leavitt* represents the most recent pronouncement regarding
11   appropriate considerations for post-judgment discovery. *See, Leavitt* at 1034-35
12   (explaining that "the request to authorize discovery warrant[s] careful
13   consideration" and providing "guidance to the district court as it considers
14   whether to permit limited discovery").

15        Here, Plaintiffs entirely fail to produce evidence that establishes non-
16   compliance with any of the terms of the Judgment. In fact, Plaintiffs do not
17   reference the Judgment nor is it attached as an exhibit to Plaintiffs' Motion.
18   Instead, Plaintiffs seek a broad "reopen discovery" order based purely on
19   declarations from counsel which do not in any way show significant non-
20   compliance. Further, the majority of Plaintiffs' papers are devoted to issues that
21   are completely irrelevant to the terms of the Judgment and therefore, this case as
22   whole.

23        For example, Plaintiffs dedicate a significant portion of their papers to
24   issues associated with the provision of mental health treatment to inmates in the
25   Los Angeles County jail system; however, the terms of the Judgment do not
26   ///
27   ///
28   ///

RUTHERFORD\Opp 2 Mtn Re-Open Disc

1   address the provision of mental health treatment.[3]  Similarly, Plaintiffs' Motion
2   references the provision of showers, clean clothing, and disciplinary procedures
3   none of which are addressed in the Judgment.  While Defendants do not dismiss
4   the importance of these issues, the fact of the matter of is that they are irrelevant
5   for purposes of this Motion as the terms of the Judgment do not address them.

6       Based on the above, Plaintiffs are not entitled to the order they seek.  Not
7   only have Plaintiffs failed to establish any issues of non-compliance with
8   requirements of the Judgment but also, as set forth below, many of Plaintiffs
9   assertions are simply false and Plaintiffs have not taken into consideration the
10  very real consequences of the decision to abandon cooperative work with the
11  LASD.  For these reasons, this Motion should be denied.

12  **IV.   Plaintiffs Vague And Ambiguous Request For A Blanket Order**
13  **Reopening Discovery Is Impermissibly Overbroad.**

14      In addition to their failure to make the requisite threshold evidentiary
15  showing discussed above, Plaintiffs request should be denied for the further reason
16  that it is vague, overbroad, and not directed towards discovering information as to
17  Defendants' purported noncompliance with the Judgment.  To obtain discovery,
18  Plaintiffs must tailor their request to specific material or information that is

19

20

---

21  [3] Defendants expect that the ACLU will argue that the LASD has been willing to
    discuss issues outside the scope of the Judgment during the regular meetings
22  between the ACLU and the LASD.  As set forth in Defendants' Motion to
23  Enforce the 1989 Stipulation and Order (and the Declaration of Sheriff Leroy
    Baca filed in support of that Motion) any such willingness was entirely based on
24  the cooperative working relationship between the ACLU and the LASD which the
25  ACLU is now seemingly prepared to abandon.  The ACLU cannot have it both
    ways - either the parties are working together cooperatively or the parties are
26  engaged in formal litigation.  Based on the filing of this Motion, the ACLU has
27  seemingly chosen to opt for the formal litigation road which impacts the LASD's
    willingness to engage in discussions regarding issues outside the Judgment such
28  as the provision of mental health treatment in the LACJ system.

6

1   relevant to the Judgment or, at the very least, make their request sufficiently

2   specific to apprise Defendants of the nature of the discovery they seek.  Instead,

3   Plaintiffs have sought a tremendously overbroad order that could essentially

4   bolster any argument for entitlement to discover anything.  This is not proper.

5       For instance, in *Leavitt, supra*, the plaintiffs were deemed entitled to

6   **limited** discovery "given that [the plaintiff] ha[d] made some **specific** discovery

7   requests and **thereby indicated the nature of the discovery sought**[.]"  523 F.3d

8   at 1036.  (Emphasis added.)  A broad faced order reopening discovery was not

9   warranted.

10      If the Court entered the Order Plaintiffs seek, Plaintiffs could seek in

11  discovery virtually anything and cite their proposed order in support of their

12  request.  Regardless of the circumstances, Plaintiffs should never be entitled to

13  such a broad reaching order and the significant defects discussed herein only

14  heighten the strength of Defendants arguments on this point.  Instead of

15  specifically targeted areas of discovery, Plaintiffs request that this Court

16  determine "their right to discovery."  Because sweeping categorical requests for

17  general discovery are insufficient to authorize post-judgment discovery,

18  Plaintiffs' request should be denied.

19  **V.      There Is No Need For An Order Reopening Discovery Because The**

20  **        ACLU Is Already Provided With Non-Privileged Information When**

21  **        They Request It.**

22      At the core of this Motion is an assertion by the ACLU that they are being

23  denied basic information regarding the operation of LACJ custody facilities and

24  conditions of confinement.  While this argument ignores the irrelevancy of

25  information unrelated to the Judgment, the fact of the matter is that this assertion

26  is just not true.

27      As the Court is aware and as Plaintiffs acknowledge, the ACLU and the

28  LASD meet regularly as part of the parties' ongoing cooperative relationship.

7

1  (*See*, Declaration of Dennis Conte, ¶ 5.)  Over the last three years, during these
2  meetings, the ACLU has often requested documents and information related to a
3  variety of issues that has been discussed as part of the cooperative working
4  relationship between the ACLU and the LASD.  (*Id*.)  Taking into account
5  privilege and logistical concerns, the LASD is generally willing to provide the
6  ACLU with the information they request.  (*Id*.)

7       It is true that the LASD has not agreed to provide the ACLU with every
8  document they have requested.  (*See*, Conte Decl., ¶ 7.)  In most cases, this is
9  because the subject documents are protected by applicable privileges or, in some
10 cases, cannot be divulged without creating a serious security threat to a custody
11 facility.  (*Id*.)  Quite frankly, the LASD should not be criticized or sanctioned for
12 not having shared with the ACLU documents that fall into these categories.  (*Id*.)
13 Furthermore, in recent months, it has become increasingly obvious that the ACLU
14 is not longer abiding by the confidentiality agreements that are at the core of the
15 LASD's relationship with the ACLU.  (*Id*.)  For this reason, the LASD has
16 become increasingly wary about providing the ACLU with information for fear
17 that it will be used or made available for use in new litigation.[4]  (*Id*.)

18
19
20

---

[4] For example, in May, 2008, despite the fact that the Judgment does not address
the provision of mental health treatment, Defendants agreed to allow an expert
retained by the ACLU, Dr. Terry Kupers, to tour LACJ custody facilities and
interview inmates. (*See*, Plaintiffs' Motion, 3:1-5.) Dr. Kupers then prepared a
report and recommendation regarding the provision of mental health treatment in
jails. The agreement to grant Dr. Kupers access to the jails was based on the
working relationship between the ACLU and the LASD. Despite the LASD's
reliance on the confidentiality agreements between the ACLU and the LASD and
twenty year working relationship between the parties, on April 15, 2009, the
ACLU publicly released Dr. Kupers report and held a press conference regarding
mental health services in the jails. (*See*, April 15, 2009 Los Angeles Times
Article, http://articles.latimes.com/2009/apr/15/local/me-jails15.)

RUTHERFORD\Opp 2 Mtn Re-Open Disc

1    As set forth above, there is no need for an order reopening discovery

2  because the ACLU is already provided with non-privileged information regarding

3  the operation of the LACJ system.  Plaintiffs' arguments regarding the provision

4  of mental health services are a red herring and while mental health treatment is

5  important, it is not relevant to this Motion or in fact, this case.

6  **VI.    Even If Plaintiffs Are Entitled To Take Some Limited Discovery, Such**

7       **Discovery Is Limited To Non-Privileged Information Relevant To The**

8       **Remaining Orders In The Judgment.**

9    Even assuming that Plaintiffs have made the necessary threshold showing

10  (any based on the above, they have not) Plaintiffs are not entitled to the wholesale

11  reopening of discovery.  At a minimum, Plaintiffs are only entitled to take

12  discovery that is directly relevant to the terms of the Judgment and nothing more.

13    Judgments are self-contained documents, stating "who has won and what

14  relief has been awarded."  *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir.

15  1994); *American Nat'l Bank & Trust Co. of Chicago v. Secretary of HUD of*

16  *Washington, D.C.*, 946 F.2d 1286, 1289 (7th Cir. 1991); *Claybrook Drilling Co.*

17  *v. Divanco, Inc.*, 336 F.2d 697 (10th Cir.1964)(the final judgment in a case should

18  be complete and self-contained); Charles Alan Wright & Arthur R. Miller, 11

19  *Federal Practice and Procedure* § 2785 at 15-16 (1973).  The purpose of the

20  separate judgment required by Fed.R.Civ.P. 58 is to let the parties (and the

21  appellate court) know exactly what has been decided and when.  *Reytblatt v.*

22  *Denton*, 812 F.2d 1042, 1043 (7th Cir.1987).

23    Judgments are obviously based on the proceedings at trial and directly

24  supersede the final pretrial conference order which supersedes the pleadings.

25  Claims asserted in the pleadings but omitted in the pretrial order cannot be raised

26  at trial and accordingly, cannot be part incorporated into a judgment.  *Patterson v.*

27  *Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993); *Youren v. Tintic School*

28  *Dist.* 343 F3d 1296, 1305 (10th Cir. 2003)(statute of limitations defense, raised in

9

1   answer, waived by omission from pretrial order); *In re Hunt*, 238 F.3d 1098,

2   1101–1102 (9th Cir. 2000)(if an issue is included in the pretrial order, it can be

3   presented at trial even if not previously pled).

4           While Defendants maintain that Plaintiffs have failed to establish good

5   cause for any discovery, at a minimum, any discovery Plaintiffs are authorized to

6   take should be strictly limited to the terms of the Judgment.

7   **VII.   Conclusion.**

8           For the foregoing reasons, Defendants respectfully request that the Court

9   deny Plaintiffs' Motion in its entirety.   At an absolute minimum, any order

10  regarding discovery in this case should be strictly limited to non-privileged

11  information relevant to issues of compliance with the orders in the Judgment.

12

13  Dated: June 29, 2009            LAWRENCE BEACH ALLEN & CHOI, PC

14

15                                  By_____

16                                        Justin W. Clark
                                          Attorneys for Defendants
17                                        Defendants Sherman Block, et al.

18

19

20

21

22

23

24

25

26

27

28

RUTHERFORD\Opp 2 Mtn Re-Open Disc

1

## **DECLARATION OF DENNIS CONTE**

2      I, Dennis Conte, declare as follows:

3      1.      I have personal knowledge of the facts stated herein, except those
4   stated upon information and belief and as to those matters, I believe them to be
5   true.  If called upon to testify to the matters herein, I could and would
6   competently do so.

7      2.      I am a sworn officer of the Los Angeles County Sheriff's
8   Department ("LASD"), and I have been so for the past 12 years.  I have been a
9   sworn law enforcement officer for more than 40 years.  I am presently a
10  Commander of the Custody Operations Division and have been in this assignment
11  since 2004.  The Custody Operations Division is responsible for the operation and
12  management of all Los Angeles County jail ("LACJ") custody facilities.

13     3.      As a commander in the Custody Operations Division, part of my
14  regular duties have included acting as a liaison between the LASD and the
15  American Civil Liberties Union of Southern California ("ACLU").  This function
16  is primarily related to the relationship between the LASD and the ACLU that
17  developed out of the Judgment in this case.

18     4.      I am informed and believe that the ACLU has filed a motion seeking
19  to have discovery reopened.  I am further informed and believe that the purported
20  basis for this motion is a claim by counsel for the ACLU that their monitoring
21  efforts have been frustrated by "defendants' refusal over the past three years to
22  disclose the most basic documents regarding jail operations, procedures and other
23  information essential to both effective monitoring and a cooperative effort to
24  analyze the problems in the Los Angeles County Jail system and ('Jail') and craft
25  meaningful remedies."

26     5.      Over the past several years, representatives of the LASD have
27  regularly met with the ACLU as part of ongoing cooperative efforts to address the
28  terms of the Judgment and in connection with the ACLU's monitoring activities.

1·1

1    I have personally attended many of these meetings.  During such meetings, the
2    LASD has regularly agreed to and has provided the ACLU with a wealth of
3    information regarding the operations of the LACJ system.  This has included
4    documents relating to any number of subjects that have been discussed at the
5    meetings.  Any claim that LASD has refused to turn over "basic documents
6    regarding jail operations" is simply not true.  On the contrary, subject to
7    applicable privileges and security concerns, the LASD has strived to provide the
8    ACLU with as much information as possible.

9          6.     In addition to regular meetings, representatives of the ACLU
10   frequently tour LACJ facilities.  During such visits, representatives of the ACLU
11   often request documents and information regarding particular inmates and they
12   regularly review LASD records such as Title 15 logs.  Subject to certain
13   restrictions, the ACLU is usually provided with the documents and information
14   they request.

15         7.     It is true that the LASD has not agreed to provide the ACLU with
16   every document they have asked for.  In most cases, this is because the subject
17   documents are protected by applicable privileges or, in some cases, cannot be
18   divulged without creating a serious security threat to a custody facility.  The
19   LASD should not be criticized or sanctioned for not having shared with the
20   ACLU documents that fall into these categories.  Furthermore, in recent months,
21   it has become increasingly obvious that the ACLU is not longer abiding by the
22   confidentiality agreements that are at the core of the LASD's relationship with the
23   ACLU.  For this reason, the LASD has become increasingly wary about
24   providing the ACLU with information for fear that it will be used or made
25   available for use in new litigation.

26   ///
27   ///
28   ///

12

1    I declare under penalty of perjury under the laws of the United States of

2    America and the State of California that the foregoing is true and correct.

3        Executed on June 29, 2009 at Los Angeles, California.

4

5                                               _____

6                                               Dennis Conte

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTHERFORD\Conte Declaration re Opp to Mtn to Reopen

TOTAL P.001