MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org,
MELINDA BIRD, SBN 102236
mbird@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN
    CALIFORNIA
1313 W. 8th Street
Los Angeles, California 90017
Telephone:  (213) 977-9500, x219
Facsimile:  (213) 977-5297

MARGARET WINTER
NATIONAL PRISON PROJECT OF THE ACLU FOUNDATION
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6605
Facsimile:  (202) 393-4931
E-mail:  mwinter@npp-aclu.org
*Not admitted to practice in D.C.; practice limited to federal courts

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No.  Civ. 75-04111-DDP |
| Plaintiffs, | |
| v. | **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR ENFORCEMENT OF 1989 ORDER** |
| LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., | Honorable Dean Pregerson |
| | Date:    July 13, 2009 |
| | Time:   10:00 a.m. |
| Defendants. | Dept:    3 |

1

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS'
DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS'
MOTION FOR ENFORCEMENT OF 1989 ORDER**

Plaintiffs submit the following evidentiary objections to the declarations filed in support of defendants' motion for enforcement of the 1989 Inmate Interview Order.  The declarations discussed below fail to conform to Local Rule 7-7 and Federal Rule of Civil Procedure 56(e).  Local Rule 7-7 provides that "declarations shall contain only factual, evidentiary matters and shall conform as far as possible to the requirements of F.R.Civ.P. 56(e)."  Federal Rule of Civil Procedure 56(e) provides in relevant part as follows: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  The declarations also fail to comply with cited provisions of the Federal Rules of Evidence ("FRE").

**OBJECTIONS TO DECLARATION OF SHERIFF LEROY D. BACA**

Para. 6: Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703; best evidence, FRE 1002.  Plaintiffs object to Baca's testimony in ¶6 regarding the legal history of the *Rutherford* litigation as lacking foundation and improper argument.  Baca is not qualified to express an opinion on the legal issues in this case. The record in this matter is the best evidence of the legal history of the *Rutherford* litigation.

Para 7: Lack of foundation and/or personal knowledge, FRE 602, improper opinion, FRE 703; hearsay, FRE 802.  Plaintiffs object to Baca's testimony in ¶7 regarding the "access" to jail facilities, personnel, and information provided by the Sheriff's Department to the ACLU over the 30-year duration of the *Rutherford* litigation.   Baca provides no foundation for the "facts" or conclusions contained in this paragraph, offers hearsay testimony regarding the experience and beliefs of

/ / /

others and would have no personal knowledge of the events listed therein as Baca
has only served as Sheriff for the past 11 years.

Para 11: Lack of foundation and/or personal knowledge, FRE 602; improper
opinion, FRE 703; hearsay, FRE 802.  Plaintiffs object to Baca's hearsay testimony
in ¶11 regarding the concerns of other Sheriff's Department employees in
participating with the ACLU monitoring.  Baca provides no foundation for his
assertions in this paragraph, and further Baca is not qualified to express an opinion
on the legal issues in this case.

Para 12: Lack of foundation and/or personal knowledge, FRE 602; improper
opinion, FRE 703; best evidence, FRE 1002.  Plaintiffs object to Baca's testimony
in ¶12 regarding the existence of an "agreement" for the last two decades between
the Sheriff's Department and the ACLU.  If there is an agreement, the best
evidence is the document itself.  Baca has no personal knowledge as to the
existence of an agreement that predated his term as Sheriff.  Baca is not qualified
to offer an opinion as to whether all claims by class members can be raised within
the *Rutherford* case.  His statements regarding the ACLU's legal responsibilities to
its clients in *Rutherford*, the legal and constitutional rights of inmates in the LA
County jail, or any of the other legal issues related to this case constitute improper
legal argument.

Para 13:   Lack of foundation and/or personal knowledge, FRE 602;
improper opinion, FRE 703; best evidence, FRE 1002.  Same as objection to para.
6.

Para 15:  Lack of foundation and/or personal knowledge, FRE 602; improper
opinion, FRE 703; best evidence, FRE 1002.  Plaintiffs object to Baca's testimony
in ¶15 regarding the existence of an "agreement" as lacking foundation and lacking
personal knowledge.  Baca provides no written support and would have no
personal knowledge as to the existence of an agreement that he previously testified

would have predated his term as Sheriff or to the actions of the Sheriff's Department in reliance thereon for the decades preceding his term as Sheriff.

Para 17: Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703. Plaintiffs object to Baca's testimony in ¶17 regarding inmates' access to legal representation as improper speculation. Baca is not qualified to express an opinion on the availability of qualified legal representation for inmates related to a purported disability, which is especially evident as two of the three firms (Hadsell and Heller Ehrman LLP) referenced in Baca's testimony have withdrawn as plaintiffs' counsel in this litigation.

Para 18: Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703, best evidence, FRE 1002. Plaintiffs object to Baca's testimony in ¶18 regarding the "established pattern" of inmates filing claims against the Sheriff's Department as lacking foundation and as an improper conclusion. Baca testifies regarding the contents of legal documents which are not before the Court; Baca requests that the Court take judicial notice of these documents without providing copies or filing a request for judicial notice pursuant to FRE 201. Further, Baca is not qualified to express an opinion on the general ability of inmates to bring legal claims against the Sheriff's Department.

Para 20: Lack of foundation and/or personal knowledge, FRE 602, improper opinion, FRE 703; hearsay, FRE 802. Baca offers hearsay testimony about statements at meeting at which he was not present. Baca provides no foundation for his testimony regarding the department's response to reports of retaliation and improper opinion regarding the ethical obligations of the ACLU regarding its clients.

Para 21: Lack of foundation and/or personal knowledge, FRE 602, improper opinion, FRE 703; hearsay, FRE 802. Baca provides no foundation for his statement regarding the Department's practices regarding inmates with disabilities.

Baca is not qualified to express an opinion on the legal issue of whether any joint agreement between the plaintiffs and the Sheriff's Department should take the form of a court entered consent decree.

### OBJECTIONS TO DECLARATION OF DENNIS CONTE

Para 4:  Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703, best evidence, FRE 1002.  Conte testifies regarding "longstanding agreements;" the best evidence of these is the original documents. Plaintiffs object that Conte fails to provide foundation for his statements regarding the ACLU's "virtually unlimited access" to information. Conte's testimony fails to establish his personal knowledge of what documents the ACLU is provided.

Para 5: Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703.  Plaintiffs object to Conte's testimony in ¶5 regarding whether "the open exchange of information and dialogue" will be possible in the future as improper speculation and opinion.

Para 7: Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703.  Plaintiffs object to Conte's testimony in ¶7 that the ACLU would not have the "depth of understanding" of the LACJ system without relying on information obtained through interviews of LASD personnel as improper opinion and lack personal knowledge.  Conte provides no support for any of his "facts" or conclusions in this paragraph, and Conte is not qualified to express an opinion on the amount of information about the LACJ that is available to the ACLU through sources other than interviews of current LASD personnel. ACLU staff members are able to develop knowledge of the jail system through direct observation, interviews with class members and other individuals familiar with the jail system, such as Special Counsel Merrick Bobb, religious workers, etc. Further, as Conte has only worked for the Sheriff's Department for the past 12 years, Conte has no personal knowledge and provides no support for his

speculations regarding the depth of understanding about the LACJ that the ACLU possessed prior to that time and provided to new staff when they became ACLU employees.

Para 8:  Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703; best evidence, FRE 1002.  Plaintiffs object to Conte's testimony in ¶8 regarding ACLU employee Mary Tiedeman as speculation, improper opinion and lacking foundation.  Conte provides no support for his  conclusions in this paragraph, and Conte is not qualified to express an opinion on the amount of information about the LACJ that is available to the ACLU through sources other than interviews of current LASD personnel. Plaintiffs further object to Conte's testimony regarding the existence of "long standing agreements between the ACLU and the LASD" as lacking foundation, and violating the best evidence rule. Conte provides no written support and would have no personal knowledge as to the existence of an agreement that would have predated his employment in the Sheriff's Department.  Further, Conte is not qualified to express opinions on legal issues relating to confidentiality or "long standing agreements" in this case.

Para. 9: Lack of foundation and/or personal knowledge, FRE 602; improper opinion, FRE 703.  Plaintiffs object that Conte testifies regarding the access to other jail systems provided to other civil rights groups without describing the foundation for this statement or the other jail systems and civil rights groups to which he is referring.  Conte has not established his qualification for rendering an opinion about why the Department provides the ACLU with access to the jail, or

//

//

1   the basis for his opinion as to the cause.  Further, Conte offers improper

2   speculation regarding the future relationship between the ACLU and the LASD.

3

4   DATED:  July 1, 2009                              Respectfully submitted,

5
                                                     National Prison Project of the ACLU
6                                                    Foundation
                                                     ACLU Foundation of Southern
7                                                    California

8

9

10  By:  _____

11                                                   Melinda Bird
                                                     Attorney for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28