MARK D. ROSENBAUM, SBN 59940
PETER ELIASBERG, SBN 189110
MELINDA BIRD, SBN 102236
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500, x219
Facsimile: (213) 977-5297
E-mail: mbird@aclu-sc.org

MARGARET WINTER
ACLU NATIONAL PRISON PROJECT
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6605
Facsimile: (202) 393-4931
E-mail: mwinter@npp-aclu.org
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., <br><br> Defendants. | Case No. Civ. 75-04111-DDP <br><br> **[Proposed] PRELIMINARY INJUNCTION RE: PLAN FOR CLOSURE OF JAIL FACILITIES.** <br><br> Honorable Dean Pregerson <br><br> Date: August 3, 2009 <br> Time: 10 am <br> Dept: 3 |

**PRELIMINARY INJUNCTION**

On October 27, 2006, the Court issued an Order to Show Cause Re: Issuance of Preliminary Injunction and Temporary Restraining Order (Docket No. 102). In that Order, the Court found that overcrowding plagued the Inmate Reception Center as a result of the Defendants' decision to close 1200 beds from Men's Central Jail to alleviate overcrowding at that facility. This Order alleviated some of the overcrowding at IRC while the Sheriff's Department considered alternative, permanent solutions. On December 11, 2006, the Court ordered the Defendants to submit a proposed timeline to alleviate overcrowding at Men's Central Jail, as well as the data upon which Defendants based the proposed timeline.

Pursuant to the moving papers, briefs, testimony and evidence submitted by the parties, the Court finds that due to county budget shortfalls, Defendants are considering the closure of a jail facility in the Pitchess Detention Center known as the North facility and that this closure may occur as early as September 1, 2009. The Court further finds that the Los Angeles County Jail system is subject to pervasive overcrowding; that conditions in Men's Central Jail have not improved in material respects since October 2006, and that Plaintiffs have shown that as a result of overcrowding,  that inmates at Men's Central Jail in particular suffer from inadequate medical and mental health care, unsanitary conditions, inadequate access to recreation and out-of-cell time and violence and excessive force in violation of constitutional standards. The Court finds that Plaintiffs are likely to suffer irreparable harm in the form of increased overcrowding and a deterioration in conditions in the remaining facilities and in the Inmate Reception Center  if Defendants proceed with the closure of the Pitchess North facility without an adequate plan to address overcrowding at the remaining jail facilities. The Court further finds that Plaintiffs have established that they are likely to succeed on the merits of their claims, that the balance of equities tips in Plaintiffs' favor, and that an injunction is in the public interest.

ACCORDINGLY, FOR GOOD CAUSE SHOWN, the Court hereby issues the following Order:

Defendants, their officers, agents, employees, attorneys and all those in active concert with them are restrained and enjoined from closing any beds at the North facility at Pitchess Detention Center or at any other jail facility until fourteen days after Defendants file a plan that includes the following:

1. A statement regarding the impact of the closure of the North Facility on the population at other jail facilities, including the impact on overcrowding, security and inmate well-being ("Overcrowding Impact Statement"). This statement shall address the feasibility of bed closures and census reductions at Men's Central Jail as an alternative to closure of the North Facility, as well as the feasibility of using the North Facility to house detainees currently housed at other Jail facilities, including Men's Central Jail.
2. All plans prepared by or for Defendants to manage the closure of the North facility, including plans to transfer inmates to other facilities and changes in the criteria for early release of sentenced inmates and pre-trial release. Defendants shall also produce the criteria to be used by Defendants for the release of detainees currently housed at the North facility who will not be transferred to other facilities after the North facility is closed.
3. A census of the inmates in each dormitory and module in every jail facility, which will also be provided to Plaintiffs on a weekly basis in the future.

Within seven days of their receipt of the documents described above, Plaintiffs shall file a motion requesting whatever additional relief from this Court they deem necessary.

The Court finds that this Order is narrowly drawn, extends no further than necessary to correct the harm that the Court has found requires preliminary relief, and is the least intrusive means necessary to correct that harm. Pursuant to the Prison Litigation Reform Act ("PLRA"), this Order will automatically expire in 90 days, that is, _____, 2009.[1]

IT IS SO ORDERED.

Dated: _____     _____
                              DEAN D. PREGERSON
                              United States District Court Judge

---

[1] The PRLA mandates that the preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court….makes the order final before the expiration of the 90-day period. 18 U.S.C. § 3626(a)(2). However, if the preliminary relief is still warranted, a district court may enter a new injunction after the previous one expires. Mayweathers v. Newland, 258 F.3d 930, 936 (9th Cir. 2001).

-3-