# EXHIBIT 1



**ACLU**
AMERICAN CIVIL LIBERTIES UNION
of SOUTHERN CALIFORNIA
FOUNDATION

LIBERTY | JUSTICE | EQUALITY

July 9, 2009

**Chair**
Jarl Mohn

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Chief Executive Officer**
Ramona Ripston

**Chief Operating Officer**
Heather Carrigan

**Communications Director**
Gordon Smith

**Development Director**
Tracy Rice

**Chief Financial Officer**
Brenda Maull

**Legal Director**
Mark D. Rosenbaum

**Assistant Legal Director**
Catherine E. Lhamon

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

Paul B. Beach
Justin Clark
Lawrence, Beach, Allen & Choi
100 West Broadway, Suite 1200
Glendale, CA 91210

Re: *Rutherford v Baca*

Dear Paul and Justin,

On July 1, 2009, I wrote to you asking that you and your clients reconsider your refusal to provide us with the Department's plan regarding the proposed closing of North facility at Pitchess Detention Center, which is now set for September 1, 2009. A copy of my earlier letter is enclosed. I have not heard back from you regarding this request and am forced to assume that Defendants are not willing to provide us with this information.

I am writing to inform you that we intend to file a motion for a preliminary injunction prohibiting any facility closure or bed reduction until the Department provides information regarding the proposed closure to us and to the Court and we have an opportunity to respond. We will not seek to stop the closure *per se*, and will not seek to delay any plans for increased early release of sentenced prisoners. In fact, we support and encourage Sheriff Baca's stated interest in increased pre-trial release of detainees.

The relief that we will seek will be that:

"Defendants, their officers, agents, employees, attorneys and all those in active concert with them are restrained and enjoined from closing any beds at the North facility at Pitchess Detention Center or at any other jail facility until the following steps are taken:

A. Defendants shall submit to the Court and to Plaintiffs:

1. A report on the impact of the closure of the North facility on the population at other jail facilities ("Population Impact Report").

Page 3

**ACLU**
AMERICAN CIVIL LIBERTIES UNION
of SOUTHERN CALIFORNIA
FOUNDATION

LIBERTY | JUSTICE | EQUALITY

Paul Beach
July 9, 2009

Page 2

**Chair**
Jarl Mohn

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Chief Executive Officer**
Ramona Ripston

**Chief Operating Officer**
Heather Carrigan

**Communications Director**
Gordon Smith

**Development Director**
Tracy Rice

**Chief Financial Officer**
Brenda Maull

**Legal Director**
Mark D. Rosenbaum

**Assistant Legal Director**
Catherine E. Lhamon

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

This report shall address the feasibility of bed closures and census reductions at Men's Central Jail as an alternative to closure of the North Facility, as well as the feasibility of using the North facility to house detainees currently housed at other Jail facilities, including Men's Central Jail.

2. All reports prepared by or for Defendants to manage the closure of the North facility. Defendants shall also produce the criteria to be used by Defendants for the release of detainees currently housed at the North facility who will not be transferred to other facilities after the North facility is closed.

3. A census of the inmates in each dormitory and module in every jail facility, which will also be provided to Plaintiffs on a weekly basis in the future.

B. Within seven days of their receipt of the documents described in Para. A above, Plaintiffs shall file a motion requesting whatever additional relief from this Court they deem necessary."

I am sorry that we were not able to resolve this issue informally.

Sincerely,

*Melinda Bird*                              /S/

Melinda Bird                                Mark Rosenbaum

Senior Counsel                              Legal Director

CC: Roger Granbo, Office of County Counsel, Assistant Sheriff Marvin Cavanaugh, Chief Alexander Yim, Chief Dennis Burns



ACLU
AMERICAN CIVIL LIBERTIES UNION
of SOUTHERN CALIFORNIA
FOUNDATION

LIBERTY | JUSTICE | EQUALITY

Page 4



**ACLU**
AMERICAN CIVIL LIBERTIES UNION
of SOUTHERN CALIFORNIA
FOUNDATION

LIBERTY | JUSTICE | EQUALITY

Chair
Jarl Mohn

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Operating Officer
Heather Carrigan

Communications Director
Gordon Smith

Development Director
Tracy Rice

Chief Financial Officer
Brenda Maull

Legal Director
Mark D. Rosenbaum

Assistant Legal Director
Catherine E. Lhamon

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

July 1, 2009

Paul B. Beach
Justin Clark
Lawrence, Beach, Allen & Choi
100 West Broadway, Suite 1200
Glendale, CA 91210

Re: *Rutherford v Baca*

Dear Paul and Justin,

I am writing to follow-up on several points that we discussed during our meeting on June 30, 2009 with Assistant Sheriff Cavanaugh and other representatives from the Sheriff's Department. To begin, I would like to express my deep appreciation for the time and attention that the Department devoted to our concerns. I was very impressed by the Commander Olmstead's oral report on plans to improve the quality of out-of-cell time at MCJ and to offer other recreational opportunities for the K-10 detainees. The other oral reports were also informative and thorough.

## Possible Closure of North Facility at PDC

We discussed the possible closure of the Pitchess Detention Center North Facility, which would eliminate 1200 beds. We expressed concern about the possible impact that closure would have on the Inmate Reception Center. We also requested that the Department consider closing 1200 beds on the old side at MCJ rather than the North facility. The inmates at the North Facility have classifications levels of five to seven, which is the same as many inmates at MCJ. However, North is a relatively new facility and the conditions there are far better than at MCJ.

In response to our questions and requests, Assistant Sheriff Cavanaugh stated that the Department had developed a plan to manage the closure of the North Facility. He stated that closure would not result in overcrowding in any other facilities. He said that

Page 5

**ACLU**
AMERICAN CIVIL LIBERTIES UNION of SOUTHERN CALIFORNIA
FOUNDATION

LIBERTY | JUSTICE | EQUALITY

Paul Beach  Page 2
July 1, 2009

**Chair**
Jarl Mohn

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Chief Executive Officer**
Ramona Ripston

**Chief Operating Officer**
Heather Carrigan

**Communications Director**
Gordon Smith

**Development Director**
Tracy Rice

**Chief Financial Officer**
Brenda Maull

**Legal Director**
Mark D. Rosenbaum

**Assistant Legal Director**
Catherine E. Lhamon

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

closing 1200 beds at MCJ instead of the closing the same number of beds at the North facility was not an option that the Department would consider. He also stated that the Department had agreed to wait at least 30 days before implementing any closure.

We asked to review a copy of the plan for closing the North Facility, but the Assistant Sheriff stated that he was not able to provide us with this plan. Knowledge of the plan's specifics and its proposed time table is essential to our ability to effectively monitor what will surely be a difficult transition if the closure does proceed. I hope you will reconsider the decision not to provide us with the Pitchess closure plan. I would also like to request that you provide us with a written explanation of the Department's reasons for closing beds at the North Facility rather than MCJ.

In addition, I request that the department provide us with weekly reports on the census of inmates housed in each dormitory in every custody facility. At present, we receive daily reports on the overall inmate census but it is impossible to tell where people are actually housed. We remain very concerned about the impact of a closure, if it occurs. Monitoring the census in the dormitories will be one way for us to pin-point problems if they begin to develop.

### Department's Plan re: Specialty Medical Clinics

Since last year, a regular topic in our monthly meetings has been the Department's work with the CEO and the County Department of Health Services (DHS) to improve inmate access to specialty medical clinics. At yesterday's meeting, LASD staff gave us an update on the status of the meetings with the other county departments. Several



1313 WEST EIGHTH STREET   LOS ANGELES CA   90017   t 213.977.9500   f 213.977.5299   ACLU-SC.ORG



LIBERTY | JUSTICE | EQUALITY

Paul Beach  
July 1, 2009

Page 3

**Chair**  
Jarl Mohn

**President**  
Douglas Mirell

**Chairs Emeriti**  
Danny Goldberg  
Allan K. Jonas  
Burt Lancaster*  
Irving Lichtenstein, MD*  
Laurie Ostrow*  
Stanley K. Sheinbaum  
*deceased

**Chief Executive Officer**  
Ramona Ripston

**Chief Operating Officer**  
Heather Carrigan

**Communications Director**  
Gordon Smith

**Development Director**  
Tracy Rice

**Chief Financial Officer**  
Brenda Maull

**Legal Director**  
Mark D. Rosenbaum

**Assistant Legal Director**  
Catherine E. Lhamon

**Managing Attorney &  
Manheim Family Attorney  
for First Amendment Rights**  
Peter J. Eliasberg

department representatives stated that the LASD had developed a detailed written plan that had been circulated to the CEO and DHS about how to deliver these services with county DHS medical staff on-site in jail facilities. We asked for a copy of this plan. Assistant Sheriff Cavanaugh stated that he could not provide it to us. I am asking you to reconsider this decision and provide us with a copy of the plan that the Department has developed. In order to properly assist our clients and class members, we need to assess the impact of this plan if it is implemented, and further, what will happen if it is not implemented.

Once again, we greatly appreciate the time that you and the Department have invested in our monthly meetings. I remain hopeful that we can continue this cooperative dialogue.

Sincerely,

*Melinda Bird*                                      /S/

Melinda Bird                           Mark Rosenbaum  
Senior Counsel                         Legal Director

CC: Roger Granbo, Office of County Counsel, Assistant Sheriff Marvin Cavanaugh, Chief Alexander Yim, Chief Dennis Burns



LIBERTY | JUSTICE | EQUALITY

Page 7

# EXHIBIT 2

# LAWRENCE BEACH | ATTORNEYS AT LAW
# ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

July 12, 2009

**VIA E-MAIL**

Melinda Bird
Senior Counsel
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017

Re:   Rutherford, et al. v. Block, et al.
       U.S.D.C. Case No. CV 75-04111 DDP

Dear Ms. Bird:

    I have received and reviewed your July 9, 2009 letter regarding recent discussions about the possible closure of Pitchess Detention Center North ("PDC North") by the Los Angeles County Sheriff Department and the following is written in response.

    When I received your July 9 letter, I was in the process of preparing a response to your July 1, 2009 letter regarding this same subject. Frankly, I was trying to diplomatically advise you that you should cease your habit of inaccurately memorializing your conversations with representatives from the Sheriff's Department. As you and everyone else in attendance at the June 30, 2009 meeting know, your letter grossly mistakes the content of what was stated and it omits a great deal of the information conveyed to you about the current state of County budget discussions. While your tactics may result in some sort of short term gain for the ACLU in court, it seriously undermines your credibility and the level of trust that is needed for a productive working relationship between the ACLU and the Sheriff's Department. Put another way, when you misrepresent what the parties discuss during meetings, it is a strong disincentive to the Sheriff's Department to participate in future meetings.

    In any event, contrary to your apparent belief as expressed in your letter, the ACLU does not have the legal right to manage the Los Angeles County jails. As you know (or should know), under federal and state law the obligation to manage the jail belongs exclusively to Leroy D. Baca, the duly elected Sheriff of Los Angeles County. *See e.g., Rutherford v. Pitchess*, 468 U.S. 576 (1984); California Penal Code §§ 4000 et seq.

LAWRENCE BEACH ALLEN & CHOI · PC
ATTORNEYS AT LAW

Melinda Bird
Re: <u>Rutherford, et al. v. Block, et al.</u>
July 12, 2009
Page 2

     Additionally, not only does the ACLU have absolutely no legal right to manage the jails (as you propose to do via your threatened motion for preliminary injunction), neither you nor your organization are competent to do so. During your relatively brief tenure with the ACLU, scores of Department members have gone to great lengths to educate you about inmates, the custody environment, applicable laws and regulations, and how those elements interplay during the operation of the jail system. That, however, does not supplant the substantial knowledge and experience the thousands of Department members have obtained over the 100+ years that the Department has managed the County's jails. In fact, the current upper level management of the Los Angeles County jails (i.e., Assistant Sheriff Cavanaugh, Chief Dennis Burns, and Chief Alex Yim) collectively have more than 75 years of law enforcement experience, much of which has been in the custody environment.

     Similarly, it is not the right and/or responsibility of the ACLU to make the very difficult decisions as to how the County of Los Angeles can solve its budget deficit. Nor is it the providence of the federal judiciary. Instead, that important responsibility lies solely with the persons elected by the residents of the County of Los Angeles. The ACLU's threatened motion to assume the decision making authority over the jails (and, by extension, over the County's budget) represents an unprecedented and unlawful assault upon the democratic process.

     Of course, during the post-judgment history of *Rutherford v. Block* and the tenure of Sheriff Baca, the Sheriff has always welcomed the input and insight of the ACLU regarding the jails. The same is true today, and the Sheriff's Department is sensitive to the ACLU's current concerns. However, the ACLU should not mistake the Sheriff's transparency and openness as an invitation to impede on the Sheriff's legal responsibilities to manage the jails.

     With respect to the specific issue raised in your letter, as you already know (because it is a matter of public record), there are no immediate plans to close PDC North. Instead, as you already know, the Sheriff's Department and the Chief Executive Officer ("CEO") agreed to discuss over the next 30 days alternative methods for the Department to make adjustments to its budget consistent with the requests of the CEO. Thus, your assertion that PDC North will be closed is speculative at best. Also, any potential closure most certainty is not imminent and, as a result, does not justify the drastic remedy of a preliminary injunction.

     Finally, your threatened motion fails for numerous additional legal and factual grounds that will be addressed at the appropriate time (namely, once you disclose and meet and confer about all of the legal and factual grounds in support of your motion as required by Local Rule 7-3).

     So patently without merit would any motion by the ACLU be that, if filed, Defendants will seek to recover from the ACLU any and all costs and attorney's fees incurred for its

LAWRENCE BEACH ALLEN & CHOI·PC — ATTORNEYS AT LAW

Melinda Bird
Re: <u>Rutherford, et al. v. Block, et al.</u>
July 12, 2009
Page 3

opposition. *See*, F.R.C.P. Rule 11; 28 U.S.C. § 1927. We sincerely hope that this will not be necessary.

    Thank you for your attention to the above. Please advise how the ACLU intends on proceeding.

    Very truly yours,

    LAWRENCE BEACH ALLEN & CHOI, PC

    /s/

    Paul B. Beach

PBB/dla
cc:    Marvin O. Cavanaugh, Assistant Sheriff
        Roger H. Granbo, Assistant County Counsel