# EXHIBIT

# 6

DE WITT W. CLINTON, County Counsel
FREDERICK R. BENNETT, Assistant County Counsel
648 Hall of Administration
500 West Temple Street
Los Angeles, CA 90012

(213) 974-1903

Attorneys for Sheriff Sherman Block

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS RUTHERFORD, et al., | ) | CASE NO. CV 75-4111 WPG |
| | ) | |
| Plaintiffs, | ) | JAIL MANAGEMENT PLAN AND ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERMAN BLOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 16, 1987, the Court approved the parties request
to defer for at least six months enforcement of the Men's Central
Jail population limit and certain Court transportation procedures
to permit implementation of an innovative plan to reduce jail
overcrowding involving a cooperative effort of all criminal justice
agencies in Los Angeles County. In doing so the Court directed
the parties to submit an Interim Plan to keep the Men's Central
Jail population from substantially exceeding its capacity, and to
/
/

- 1 -

preclude overcrowding other facilities in the jail system.

On February 8, 1988, the Court approved the parties Interim Plan which set mutually agreed maximum population limits for all County jail facilities, and which outlined release mechanisms which the Sheriff would use to manage the jail population if those limits were exceeded.  At the same time the County has been rapidly building additional jail facilities.  However, the next facility will not be operational until at least February, 1989.

Notwithstanding these efforts, the Sheriff has not been able to maintain the jail population within the maximum inmate population limits approved by the Court.

Therefore, to ensure that available jail space is utilized for the most serious offenders until additional jail capacity is available, or until the jail population is reduced below capacity, the Sheriff shall manage the inmate population so that no facility exceeds the maximum permanent inmate capacity previously approved by the Court.  When the inmate population at any facility exceeds those limits, the Sheriff shall manage the jail system within those capacities by discharging or citing inmates to court upon a written promise to appear, according to the ~~following~~ priorities ~~that he will establish:~~

1.    Unsentenced defendants with bail of
      $2,500.00 or less.

2.    Unconvicted defendants accused of misdemeanors
      who have been in the Sheriff's custody for more
      than 60 days, and whose trials have not begun.

/

/

/

- 2 -

3.   Beginning 60 days from the date of this order,

unconvicted defendants accused of non-violent

crimes who have been in the Sheriff's custody

for more than 150 days, and whose trials have

. not begun.

4.   Inmates sentenced to 90 days or more, up to 12

days early.

5.   Sentenced misdemeanants who have less than 12

days remaining on their sentences.

6.   Sentenced misdemeanants having less than 30

days remaining on their sentences.


GOOD CAUSE APPEARING therefor, It is so ordered.

Date: May 24, 1988

\*   _____
    WILLIAM P. GRAY
    United States District Judge

APPROVED:

Date: _____

    _____
    FREDERICK R. BENNETT
    for Sheriff Sherman Block

Date: May 18, 1988

    _____
    JOHN HAGAR
    for Plaintiffs

\* This court is reluctant to interfere in the
management of the County Jail and with the
authority of state courts in the trial
of or [sentencing] of their [prisoners]. However the
Court concludes that the present overcrowding
of the jail seriously interferes with the
constitutional rights of the inmates to be treated
as human beings. Also as the Sheriff bar
acknowledges, the 3 above orders needed
in order that he may "safely manage the jail
until additional facilities become available