1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  JUSTIN W. CLARK, State Bar No. 235477
   jclark@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   A Professional Corporation
4  100 West Broadway, Suite 1200
   Glendale, California  91210-1219
5  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937
6
   Attorneys for Defendants
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS RUTHERFORD, et al.,        )  Case No. CV 75-04111 DDP
                                      )
12            Plaintiffs,             )  Honorable Dean D. Pregerson
                                      )
13                                    )  *IMMEDIATE RELIEF*
       vs.                            )  *REQUESTED*
14                                    )
                                      )  **DEFENDANTS' *EX PARTE***
15  SHERMAN BLOCK, et al.,            )  **APPLICATION TO STRIKE OR,**
                                      )  **IN THE ALTERNATIVE,**
16            Defendants.             )  **CONTINUE THE HEARING AND**
                                      )  **BRIEFING SCHEDULE ON**
17  _____  )  **PLAINTIFFS' MOTION FOR**
                                         **PRELIMINARY INJUNCTION TO**
18                                       **PREVENT THE CLOSURE OF A**
                                         **JAIL FACILITY; MEMORANDUM**
19                                       **OF POINTS AND AUTHORITIES**
                                         **AND DECLARATION OF JUSTIN**
20                                       **W. CLARK IN SUPPORT**
                                         **THEREOF**
21
                                         *[Proposed] Order Lodged*
22                                       *Concurrently Herewith*]

23

24

25       TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

26  COUNSEL OF RECORD:

27  ///

28  ///

                                1

RUTHERFORD\ pleadings\ EPA to strike PI mtn

Please take notice that Defendants Sherman Block et al. (collectively, "Defendants") hereby apply, *ex parte*, for an order striking or, in the alternative, continuing the hearing and briefing schedule on Plaintiffs' Motion for Preliminary Injunction to prevent the possible closure of Los Angeles County jail custody facilities.

Plaintiffs' counsel, Melinda Bird, was informed of this Application during by a voicemail message on July 16, 2008 at 9:00 a.m.. (*See*, Declaration of Justin W. Clark ["Clark Decl."], ¶ 2.) Ms. Bird has indicated that Plaintiffs oppose this Application. (*Id.*)


Dated:  July 16, 2008                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____s/ Justin W. Clark_____
                    Justin W. Clark
                    Attorneys for Defendants

RUTHERFORD\ pleadings\ EPA to strike PI mtn

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Introduction.**

On July 13, 2009, the American Civil Liberties Union of Southern California ("ACLU") filed an unprecedented motion which seeks, among other things, to directly interfere with the Sheriff's legal duty to run the Los Angeles County jails ("LACJ") and to require ACLU approval of managerial decisions associated with the operation of the jails.  Specifically, the ACLU filed a Motion to prevent the Sheriff from closing a jail facility as part of efforts to balance the budget of the Los Angeles County Sheriff's Department and the County of Los Angeles.  (*See*, Docket No. 176.)

As set forth in greater detail below, Plaintiffs' Motion is entirely improper and neither the Court nor Defendants should be forced to address it - especially not on the minimum amount of notice provided by the ACLU.  Instead, the ACLU should allow the Sheriff and other duly elected representatives of the County of Los Angeles to do their jobs.  Accordingly, without any consideration of the merits of Plaintiffs' Motion, given the relief it seeks, the Court should strike Plaintiffs' Motion.  In the alternative, while Defendants maintain that Plaintiffs' Motion is frivolous and an unnecessary multiplication of these proceedings, the Court should continue the hearing and briefing schedule on Plaintiffs' Motion for several reasons including, without limitation, the fact that Plaintiffs' Motion is extremely voluminous, includes more than 30 declarations (most of which the ACLU has had for months), and was sprung on Defendants with almost no notice.

At an absolute minimum, Defendants need a continuance to investigate and respond to Plaintiffs' voluminous papers and given the amazing relief that Plaintiffs' request, it is imperative that Defendants be provided with a meaningful opportunity to respond.   Considering that Plaintiffs will admittedly suffer no prejudice by a short continuance, there is good cause for Defendants to be

3

1  provided with additional time to respond to Plaintiffs' claims however meritless
2  they may be.

3  **II.     The Court Should Strike Plaintiffs' Motion.**

4        Without even reaching the merits of Plaintiffs' Motion, the Court should
5  strike it as set forth in greater detail below.

6        **A.     Plaintiffs' Motion Is An Improper Assault On The Democratic**
7             **Process And It Directly Interferes With The Sheriff's Legal Duty**
8             **To Run The Los Angeles County Jails.**

9        As the Court is well aware, Sheriff Baca is charged with the legal duty of
10  operating the LACJ. *See e.g.*, *Rutherford v. Pitchess*, 468 U.S. 576 (1984);
11  California Penal Code §§ 4000 et seq.  Contrary to any assertion by the ACLU,
12  Plaintiffs' Motion seeks to directly interfere with the Sheriff's legal duty to
13  operate and manage the jails.  In essence, with respect to the most efficient way to
14  address the current budget issues, Plaintiffs' Motion seeks to substitute the
15  Sheriff's judgment for the judgment of counsel for the ACLU.  With all due
16  respect to the ACLU and their counsel, they are neither qualified to the run the
17  jails nor do they have that legal right.  Similarly, it is not the right and/or
18  responsibility of the ACLU to make the very difficult decisions as to how the
19  County of Los Angeles can solve its budget deficit.  Instead, that important
20  responsibility lies solely with the persons elected by the residents of the County
21  of Los Angeles - in this situation, the duly elected Sheriff of Los Angeles County
22  and the Board of Supervisors.  Plaintiffs' Motion seeks to override the very
23  complex political process that is involved in budget negotiations.   Given the
24  relief the ACLU seeks, Plaintiffs' Motion constitutes an unprecedented and
25  unlawful assault upon the democratic process and it should be struck without any
26  consideration of its merits.
27  ///
28  ///

4

RUTHERFORD\ pleadings\ EPA to strike PI mtn

**B.     Plaintiffs' Motion Is An Attempt At Injunction By Ambush.**

As Plaintiffs' Motion acknowledges, the issue associated with the closure of a jail facility (as part of efforts by the Sheriff to balance the Sheriff's and the County's budget) did not arise until June 26, 2009 in a letter from the Sheriff to the Board of Supervisors. (*See*, Plaintiffs' Motion, 1:4-8.) As the Court is likely aware, the issue of a jail closure is being considered as one alternative to balance the County of Los Angeles and Sheriff's Department's budgets. Plaintiffs' Motion was sprung on Defendants less than a week after Plaintiffs' counsel stated an intention to seek a preliminary injunction. Then, Plaintiffs' counsel set the Motion for hearing on the absolute minimum amount of notice even though, as Plaintiffs' counsel acknowledges, any closure of a jail facility will not occur until after September 1, 2009. This begs the question of why the ACLU set their Motion for hearing on August 3, 2009? Finally, even though this issue (which is not an issue yet) only arose on June 26, 2009, Plaintiffs' Motion contains declarations collected long before the issue about a possible jail closure even came up. In fact, the vast majority of Plaintiffs' declarations were collected long before the Sheriff even raised the possibility of a jail closure. What this means is that the ACLU has been collecting these declarations for months and now, with almost no notice, the ACLU has ambushed Defendants in connection with trying to secure an unprecedented injunction.

With respect to the declarations, despite the fact that most of them were prepared and signed months ago, Plaintiffs' counsel never disclosed the identities of the inmates or their statements in violation of Federal Rules of Civil Procedure Rule 26. In addition, the majority of the declarations are irrelevant to the issue of the possible closure of a jail facility and instead, are aimed directly at advancing the ACLU's agenda concerning the closure of Men's Central Jail.

///

///

RUTHERFORD\ pleadings\ EPA to strike PI mtn

**C.**     <u>The Purported Harm In Plaintiffs' Motion Is Purely Speculative And Plaintiffs' Motion Does Not, As The ACLU Suggests, Seek To Preserve The Status Quo.</u>

Obviously, a preliminary injunction is a drastic remedy. This fact is supported by the extremely burdensome standard that Plaintiffs will have to satisfy whenever Plaintiffs' Motion is briefed to and adjudicated by the Court. *See*, *Winter v. NRDC*, 129 S.Ct. 365, 375 (2008); 18 U.S.C. §3626(a). It is acknowledged that "[t]he general purpose of a preliminary injunction is to preserve the status quo pending final determination of the action after a full hearing." *Lopez v. Heckler*, 725 F.2d 1489, 1509 (9th Cir. 1984), *vacated on other grounds*, 469 U.S. 1082 (1984) *citing*, 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 65.04[1] at 65-36 (2d Ed 1983).

First, by the ACLU's own admission, the supposed harm raised in Plaintiffs motion has not occurred nor have any jail facilities been closed. As Plaintiffs' acknowledge in their papers, "Sheriff Baca appeared at a hearing of the County Board of Supervisors and after a lengthy discussion agreed to the Board's result to delay the closure until September 1, 2009." (Plaintiffs' Motion, 1:8-11.) The reason for this delay was to allow further budget discussions between the Sheriff and the Chief Executive Officer as well as the exploration of alternatives to the closure of jail facilities. This fact means that the status quo (no closure of jail facilities) will be preserved regardless of any injunction sought by the ACLU. What Plaintiffs' Motion really seeks is allow the ACLU to dictate what the status quo will be. This is simply not the proper purpose of a preliminary injunction. Any claim that Plaintiffs' Motion seeks to preserve the status quo is meritless as no closure will occur until after September 1, 2009 - almost a month after Plaintiffs' Motion is set for hearing. Based on the above, Plaintiffs motion is speculative and at least, grossly premature and based on the above, the Court should enter an order striking it or, at a minimum, continuing it as set forth below.

6

RUTHERFORD\ pleadings\ EPA to strike PI mtn

**III.    If The Court Does Not Strike Plaintiffs' Motion, In The Alternative, The Court Should Continue The Hearing And Briefing Schedule.**

As set forth above, Plaintiffs' Motion should be striken and the hearing date vacated; however, at a minimum, Defendants respectfully request that the Court grant a short continuance of the hearing date and associated briefing schedule. Defendants propose the following hearing date and briefing schedule:

1.    August 31, 2009 - hearing on Plaintiffs' Motion;

2.    August 24, 2009 - due date for Plaintiffs' Reply to Defendants' Opposition;

3.    August 17, 2009 - due date for Defendants' Opposition.

As demonstrated by this Application, at a minimum, good cause exists for a continuance of the hearing date and briefing schedule.

**A.    Plaintiffs' Will Suffer No Prejudice By Way Of A Continuance.**

As stated above, the possible closure of a jail facility will not occur until after September 1, 2009. (*See*, Plaintiffs' Motion 1:9-11.) Based on the schedule above, the Court will have the opportunity to be fully briefed and to hold a hearing on Plaintiffs' Motion before the earliest date that any jail facility (if even necessary) will be closed. In this regard, Plaintiffs' will not be prejudiced by a continuance as the status quo will be preserved at least until September 1, 2009.

**B.    Defendants Will Be Severely Prejudiced If A Continuance Is Not Granted Because Additional Time Is Necessary For Defendants To Adequately Investigate Plaintiffs' Claims And Respond To Plaintiffs' Extremely Voluminous Papers.**

While Plaintiffs will suffer no prejudice if a continuance is granted, if a continuance is *not* granted, Defendants will be severely prejudiced. Based on Plaintiffs' August 3, 2009 hearing date, Defendants' Opposition to Plaintiffs' Motion is due on Monday, July 20, 2009.

///

7

First, as set forth above, Plaintiffs' provided almost no notice of their Motion and it contains declarations that the ACLU has been holding for months. Plaintiffs' clearly had months to prepare their Motion and it is only equitable that Defendants be provided with at least a reasonable amount of time to respond. Without a reasonable extension, Defendants will not be able to gather appropriate evidence and prepare a thoroughly researched yet concise brief for the Court's consideration.  The continuance requested herein will give Defendants that opportunity.

Second, Plaintiffs' Motion and the supporting papers are extremely voluminous, totaling more than 200 pages.  In addition, as set forth above, Plaintiffs have filed more than 30 declarations all of which must be investigated before Defendants can respond to them.  This process takes considerable time that is simply not available under the current briefing schedule.  Quite frankly, with out a continuance, there is no way that Defendants can appropriately respond to Plaintiffs' Motion and for this reason, Defendants respectfully request that at a minimum, the Court grant a continuance of the hearing date and briefing schedule.

**IV.    Conclusion.**

Based on the foregoing, good cause exists for the Court to either strike Plaintiffs' Motion or, at a minimum, continue the hearing and briefing schedule for the reasons set forth above.

Dated:  July 16, 2009                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____s/ Justin W. Clark_____
            Justin W. Clark
            Attorneys for Defendants

8

RUTHERFORD\ pleadings\ EPA to strike PI mtn

## DECLARATION OF JUSTIN W. CLARK

I, Justin W. Clark, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California.  I am an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants Sherman Block et al. (collectively, "Defendants") in the above-entitled action.  If called upon as a witness, I could and would competently testify to the following facts as personally known to me or upon information and belief.

2.      Plaintiffs' counsel, Melinda Bird, was informed of this Application during by a voicemail message on July 16, 2008 at 9:00 a.m.  Ms. Bird has indicated that Plaintiffs oppose this Application.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 16, 2009, at Glendale, California.


_____s/ Justin W. Clark_____
Justin W. Clark

RUTHERFORD\ pleadings\ EPA to strike PI mtn

9