MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org,
MELINDA BIRD, SBN 102236
mbird@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN
   CALIFORNIA
1313 W. 8th Street
Los Angeles, California 90017
Telephone:  (213) 977-9500, x219
Facsimile:  (213) 977-5297

MARGARET WINTER
ACLU NATIONAL PRISON PROJECT
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6605
Facsimile:  (202) 393-4931
E-mail: mwinter@npp-aclu.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., <br><br> Defendants. | Case No.  Civ. 75-04111-DDP <br><br> **OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION TO STRIKE, OR IN THE ALTERNATIVE, CONTINUE THE HEARING AND BRIEFING SCHEDULE ON, PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Honorable Dean Pregerson <br><br> Date: <br> Time: <br> Dept: |

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR IN THE ALTERNATIVE CONTINUE BRIEFING AND HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## I. NO AUTHORITY EXISTS FOR STRIKING PLAINTIFFS' MOTION.

Defendants assert that Plaintiffs' Motion for Preliminary Injunction, filed on July 13, 2009, "should be struck without any consideration of its merits" on the ground that it "constitutes an unprecedented and unlawful assault upon the democratic process." Def. Br. at 4. Defendants offer no authority for the proposition that a court may strike and refuse to consider on the merits a properly filed motion, and no such authority exists.

The Federal Rules of Civil Procedure provide no authority for striking motions other than for procedural defects. While Rule 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added), a motion is not a "pleading,"[1] and a "motion to strike a motion" is improper. *See Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983) (only "pleadings" as defined by Rule 7 are subject to motions to strike filed pursuant to Rule 12(f)); *see also Hisel v. Spencer*, 2006 WL 2091666 (D. Ariz.) ("Plaintiff's Motion to Strike Defendant's Motion is improper. Rule 12 does not permit a properly filed motion to be stricken from the record."); *Morroni v. Gunderson,* 169 F.R.D. 168, 170 (M.D.Fla.1996) ("[A] motion is not a pleading, and thus a motion to strike a motion is not proper.").

The district courts do, of course, routinely exercise their inherent authority to promulgate and enforce rules for the management of litigation by striking attachments to motions, such as affidavits, that do not comply with the Federal Rules of Procedure or the Rules of Evidence. *Pfingston v. Ronan Engineering Co.,*

---

[1] "Pleadings" are limited to the documents listed in Fed.R.Civ.P. 7(a) that is, the complaint, answer, answer to a counterclaim designated as such and so forth.

1

284 F.3d 999, 1003 (9th Cir.2002) (recognizing practice of striking affidavits). But Defendants here have not pointed to any procedural defect in the papers submitted by Plaintiffs. Furthermore, Defendants do not seek to strike only attachments to the Motion but rather the Motion itself.

Defendants further propose that the Motion for Preliminary Injunction should be stricken because many of the inmate declarations Plaintiffs submitted were signed "months ago" and "Plaintiffs' counsel never disclosed the identities of the inmates or their statements in violation of Federal Civil Procedure Rule 26." Def. Br. at 5. None of the requirements of Rule 26, which relates to pretrial disclosures and discovery, are automatically applicable to post-judgment proceedings; indeed, Defendants claim that no discovery at all is permissible in this case, a position which Plaintiffs have challenged in their pending Motion to Reopen Discovery (dkt. 159).

Since there is no authority for striking the motion it must be heard on the merits. The issue of when it should be heard is addressed below in Points II and III.

## II. IF HEARD ON THE REGULAR MOTION DATE OF AUGUST 3, 2009, PLAINTIFFS' MOTION NEED NOT DELAY THE PROPOSED JAIL CLOSURE.

Plaintiffs have filed a regularly-noticed motion for a preliminary injunction requiring Defendants, at least fourteen days before closing the 1600-bed North Facility at Pitchess Detention Center, to submit an "Overcrowding Impact Statement" and a plan to manage the resulting transfer and housing of inmates. The proposed injunction is time-limited: unless extended by this Court, it will terminate by its own terms two weeks after Defendants submit a closure plan and impact statement.

If the Court grants Plaintiffs' motion and issues this proposed Preliminary Injunction at the conclusion of the hearing scheduled August 3, 2009, the subsequent timing is entirely up to Defendants. If Defendants file their closure plan

1 and statement promptly, for example, by August 10, then they must wait only until
2 August 24 (fourteen days after their filing) to close the jail facility.  This is well in
3 advance of their proposed closure date of September 1.  If Defendants choose to
4 wait until August 31 to file their impact statement and plan, then they must wait
5 until September 14 to close the jail.  Defendants control how long the requested
6 injunction will last and when it will terminate.

7       Plaintiffs have requested the fourteen-day period after the plan and statement
8 are filed to give them time to consider and act upon the information Defendants
9 provide.  This is still a very tight timetable for Plaintiffs:   Plaintiffs' counsel will
10 have only one week to consult with their experts, assess the adequacy of
11 Defendant's plan, and – if they conclude that the plan is inadequate to prevent
12 irreparable harm -- prepare a new motion requesting further relief.  If Plaintiffs file a
13 new motion seven days after the closure plan is filed, the preliminary injunction will
14 continue for an additional seven days to allow the Court to consider the new motion
15 and weigh the need for further relief.

16        Defendants question why Plaintiffs picked August 3 for the hearing.  Def. Br.
17 at 5.  Plaintiffs filed their motion as soon as they were able to prepare it, and set it as
18 soon as the local rules permit, because Defendants announced their intention to
19 close the North Facility at Pitchess as early as September 1.  Any delay in seeking
20 the modest prophylactic measures Plaintiffs have requested – an impact statement
21 by Defendants before they close Pitchess and move up to 1600 prisoners to other
22 facilities, some of which, like Men's Central Jail, are already lethally overcrowded -
23 - would subject the inmates to potentially catastrophic risks of injury and irreparable
24 harm. An equally serious problem is that the loss of 1600 beds at Pitchess will result
25 in longer stays at the Inmate Reception Center (IRC), as occurred in 2006, requiring
26 emergency intervention by the Court.  *See* Oct. 27, 2006 Order to Show Cause re:
27 Issuance of Preliminary Injunction and Temporary Restraining Order (dkt. 102).
28 When a grave risk of irreparable harm is foreseeable, class counsel has an obligation

1  to seek relief to forestall it.

2  Defendants also accuse Plaintiffs of making "an attempt at injunction by
3  ambush." Def. Br. at 5. There has been no ambush here.  Even though the Local
4  Rules specifically exempt motions for a preliminary injunction from the requirement
5  for an advance conference of counsel, L.R. 7-3, Plaintiffs' counsel nevertheless did
6  contact Defendant's counsel twice before filing the motion, first on July 1 and again
7  on July 9 when there was no response to the first letter.  Exhibit 1 to Bird Decl. filed
8  July 13, 2009.

## III.  ANY CONTINUANCE OF THE HEARING SHOULD BE CONDITIONED ON DEFENDANTS' AGREEMENT TO MAINTAIN THE STATUS QUO AND DELAY ANY JAIL CLOSURE.

12  Defendants request in the alternative that the Court continue the hearing on
13  the Motion for a month, to August 31, 2009.  Def. Br. at 7.  Plaintiffs have already
14  agreed to that continuance-- so long as the status quo is maintained by also delaying
15  the proposed jail closure for a month. *See* Supplemental Declaration of Melinda
16  Bird, ¶ 2 filed concurrently.  Defendants have rejected that proposal, and argue that
17  Plaintiffs will not be prejudiced by delaying the hearing to August 31, 2009, since
18  the Sheriff does not intend to close the Pitchess facility until September 1, 2009.
19  Def. Br. at 7.

20  The prejudice, however, is obvious.   The preliminary relief Plaintiffs seek is
21  an order requiring Defendants to submit an impact plan fourteen days prior to
22  closing Pitchess precisely so as to give class counsel an opportunity to be heard, if
23  necessary, on the adequacy of Defendants' plans and to seek further relief to avoid
24  massive violations of *Rutherford* orders and the inmates' most basic constitutional
25  rights.   Since the Defendants have announced their intention to close Pitchess
26  facility on September 1, 2009 – the very day after the hearing date they propose –
27  and since the closure of a jail housing 1600 prisoners cannot possibly be
28  accomplished overnight without the previous transfer of all or at least the great

4

majority of those 1600 prisoners, Plaintiffs' Motion for Preliminary Injunction cannot be heard at the last moment. A month-long continuance is acceptable only with a commitment from Defendants to delay any closure for a month.

## CONCLUSION

The Court should deny Defendants' Application to Strike Plaintiffs' Motion for a Preliminary Injunction, and should grant Defendants' request for a month-long continuation of briefing and hearing on the Motion for Preliminary Injunction only on the condition that Defendants agree to refrain from closing any jail facilities for an additional month, that is, until October 1, 2009.

DATED: July 17, 2009                    Respectfully submitted,

                                              ACLU National Prison Project
                                              ACLU Foundation of Southern California


                                                /s/ Melinda Bird

                                              BY:  Melinda Bird
                                              Attorney for Plaintiffs