1 PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
2 JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
3 LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
4 100 West Broadway, Suite 1200
Glendale, California 91210-1219
5 Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937
6
Attorneys for Defendants
7

8
UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10

11
12 DENNIS RUTHERFORD, et al.,      ) Case No. CV 75-04111 DDP
                                   )
13        Plaintiffs,              ) Honorable Dean D. Pregerson
                                   )
14                                 ) ***IMMEDIATE RELIEF***
   vs.                             ) ***REQUESTED***
15                                 )
                                   ) **DEFENDANTS' REPLY TO**
16 SHERMAN BLOCK, et al.,          ) **PLAINTIFFS' OPPOSITION TO**
                                   ) **DEFENDANTS'** ***EX PARTE***
17                                 ) **APPLICATION TO STRIKE OR,**
          Defendants.              ) **IN THE ALTERNATIVE,**
18                                 ) **CONTINUE THE HEARING AND**
                                   ) **BRIEFING SCHEDULE ON**
19 _____) **PLAINTIFFS' MOTION FOR**
                                     **PRELIMINARY INJUNCTION TO**
20                                   **PREVENT THE CLOSURE OF A**
                                     **JAIL FACILITY**
21
22
23 ///
24 ///
25 ///
26
27
28

1
RUTHERFORD\ pleadings\ Reply on EPA to strike PI mtn

Briefly, Defendants respond to Plaintiffs' Opposition to Defendants' *Ex Parte* Application To Strike Or, In The Alternative, Continue The Hearing And Briefing Schedule On Plaintiffs' Motion For A Preliminary Injunction To Prevent The Closure Of A Jail Facility as follows:

- Plaintiffs' Motion acknowledges that it seeks to require ACLU approval of the Sheriff's decisions concerning the management of the LACJ system and the most efficient means to balance the LASD and the County of Los Angeles budget - this is not the responsibility of the ACLU. In fact, amazingly, the ACLU does not refute that this is their intention. Basically, counsel for the ACLU want to substitute their judgment for that of the Sheriff.
- Plaintiffs' Opposition demonstrates a belief on the part of the ACLU that they are entitled to interject their opinions into the very complex political process associated with balancing the LASD budget - the ACLU has neither the experience nor the information to even assume they are qualified in this regard;
- The ACLU asserts that no continuance should be granted because Defendants' proposed time table is very short and because they need time to "assess the adequacy of Defendant's plan, and - if they conclude that the plan is inadequate to prevent irreparable harm - prepare a new motion requesting further relief." This statement demonstrates that the ACLU's Motion constitutes direct interference with the Sheriff's duty to operate the jails. Further, it presumes an entitlement to "assess the adequacy of Defendant's plan" which the ACLU is neither entitled nor qualified to do;
- The ACLU has no authority for any entitlement to an "Overcrowding Impact Statement" because there is no such authority. In fact, despite suggestions to the contrary, the Los Angeles County jails are

2

RUTHERFORD\ pleadings\ Reply on EPA to strike PI mtn

not overcrowded as the population limits set in this case are not exceeded;

- There is no precedent or authority (for good reason) that supports the ACLU's requested relief which, as set forth in Defendants' Application, basically requires the ACLU's approval of managerial decisions made by the Sheriff;

- There is no requirement that the Sheriff wait for any period of time to exercise the discretion vested in him to manage the jails - if the Sheriff wants to close a jail tomorrow, he has the authority to do so and he is not required to seek the approval of the ACLU or wait for their input;

- The ACLU does not refute that the status quo (no closure of a jail facility) will not occur until September 1, 2009 and in response to the ACLU's arguments concerning the Court's authority to strike Plaintiffs' Motion, the Court could summarily deny Plaintiffs' Motion as premature or speculative;

- The supposed harms identified by the ACLU are purely speculative (such as a back up in the IRC) and the ACLU conveniently fails to mention that *they* sought the 1200 bed reduction at Men's Central Jail (over Defendants' objections) by way of a Application for a Temporary Restraining Order in October, 2006.  If anything, the backup in IRC in October, 2006 demonstrates what happens when the ACLU seeks to interfere with the management of the jails.  It does not support any claim that the LASD has not effectively managed jail closures in the past as the ACLU suggests nor is there any such proof;

- Plaintiffs' papers suggest that the status quo will not be preserved without an agreement by the Sheriff to not close a jail facility - as

3

RUTHERFORD\ pleadings\ Reply on EPA to strike PI mtn

1  Plaintiffs' Motion acknowledges, no closure will occur before
2  September 1, 2009 and accordingly, Plaintiffs' arguments on this
3  point are meritless;
4  • Defendants can not and will not agree not to close a jail facility
5  based on terms dictated by the ACLU - if the closure of a jail
6  facility is required for the Sheriff to effectively balance and manage
7  his budget, then that is what should occur. What should not occur is
8  the ACLU dictating how the Sheriff runs the jails. Defendants
9  maintain that, at a minimum, a continuance is justified without any
10 agreement not to close a jail facility. Such a continuance will
11 provide Defendants with a meaningful opportunity to respond to
12 Plaintiffs' Motion.

Based on the above and Defendants' Application, good cause exists for the Court to either strike or, in the alternative, continue the hearing and briefing schedule on Plaintiffs' Motion for a Preliminary Injunction to prevent the closure of a jail facility.

Dated: July 17, 2009          LAWRENCE BEACH ALLEN & CHOI, PC


                              By_____s/ Justin W. Clark_____
                                     Justin W. Clark
                                   Attorneys for Defendants
                                 Defendants Sherman Block, et al.

4

RUTHERFORD\ pleadings\ Reply on EPA to strike PI mtn