MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org,
MELINDA BIRD, SBN 102236
mbird@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN
    CALIFORNIA
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500, x219
Facsimile: (213) 977-5297

MARGARET WINTER
ACLU NATIONAL PRISON PROJECT
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6605
Facsimile: (202) 393-4931
E-mail: mwinter@npp-aclu.org

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al, | Case No. Civ. 75-04111-DDP |
| Plaintiffs, | |
| vs. | **SUPPLEMENTAL DECLARATION OF MELINDA BIRD IN SUPPORT OF PLAINTIFFS' REPLY RE: MOTION TO RE-OPEN DISCOVERY** |
| LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., | Honorable Dean Pregerson<br><br>Date: August 3, 2009<br>Time: 10:00 a.m.<br>Dept: 3 |
| Defendants. | |

**SUPPLEMENTAL DECLARATION OF MELINDA BIRD**

I, MELINDA BIRD, declare and affirm and would so testify from first hand knowledge if called as a witness:

1.  I am Senior Counsel for the American Civil Liberties Union of Southern California (ACLU), and am one of the counsel for plaintiffs in this case. Paul Beach is the lead attorney representing Sheriff Lee Baca and the County Board of Supervisors, who are the defendants in this matter. This declaration supplements the declaration that I signed on June 12, 2009 regarding discovery in this matter.

2.  In paragraph 10 of my earlier declaration, I discussed my earlier efforts to initiate discovery in this matter and the response from Paul Beach, who represents the defendants in this matter. Mr. Beach's position was that we were not entitled to post-judgment discovery and that we needed to obtain an order from Judge Pregerson authorizing discovery before he would respond to our requests for production. As I stated in my earlier declaration, we reached a settlement with defendants regarding the underlying issues so I did not pursue a motion to compel or a motion authorizing discovery at that time.

3.  When I began preparing the present motion to re-open discovery, I concluded that there was no point in once again propounding discovery and then pursuing a motion to compel, which would have been assigned to the magistrate judge assigned to handle discovery matters. Given Mr. Beach's earlier response, it seemed certain that he would again take the position that Judge Pregerson had to decide whether we were entitled to discovery at all, since the case was in a post-judgment posture. Rather than delay this matter and waste the magistrate's time with a non-productive motion to compel, my co-counsel and I decided to do as Mr. Beach had insisted and seek a more general order re-opening discovery which we filed on June 15, 2009.

**Supplemental Declaration of Melinda Bird**   1

4.      In my earlier declaration dated June 12, 2009, I described the requests for documents that I have made to the Sheriff's Department and to Mr. Beach over the past three years. Paras. 6-7, 11 - 13, 15, 19, 222- 26. In denying these requests, neither Mr. Beach nor his clients have provided me with a written explanation for the basis for their refusal to provide the documents. In some meetings, Mr. Beach has orally stated in very general terms that there are "security concerns" regarding release of the documents I have requested. In refusing to release complaints from class members, Mr. Beach has also orally asserted that disclosure would violate the privacy rights of deputies and other Department employees. However, when I have offered to prepare an agreement that any documents would be produced under seal or after *in camera* review, Mr. Beach still refused to agree to disclosure. In my discussions with Mr. Beach over the years, he has not described the requested documents as "privileged," nor has he ever cited to a particular privilege, such as that for attorney work product or official documents/state secrets. It is hard to see how privilege applies to many of the documents I have requested, such as the Custody Manual and Unit Orders, which are widely available to thousands of department employees and contractors in electronic form and hard copy.

5.      I have reviewed the archived correspondence files in this matter, including the correspondence between the parties regarding preparation of the Joint Status Report and Proposed Order signed by the District Court judge on August 27, 1992 and attached as Exhibit C to the declaration of Justin Clark filed on June 22, 2009. The correspondence reflects the genesis of the language in Paragraph 9 of that Report and Order, which provides that "[t]he Sheriff shall work towards . . . providing constitutionally adequate health care to all inmates in his custody." Attached as Exhibit 1 is a letter from Los Angeles County Counsel Fred Bennett dated August 11, 1992 reflecting his edits to the draft Report, including his addition of the phrase "*constitutionally* adequate health care" to the document. Other documents in the file

Supplemental Declaration of Melinda Bird           2

1  show that, pursuant to this Joint Status Report, the parties selected two experts to
2  prepare a report on health and mental health care in the jail, and that the County paid
3  for the experts.  Their report was completed on December 11, 1992 and is attached as
4  Exhibit 2.  Later entries in the correspondence files include responses to the report by
5  county health and mental health staff in 1993 and 1995.
6       I declare under penalty of perjury under the Laws of California that the
7  foregoing is true and correct to the best of my knowledge and belief.  Executed this 6th
8  day of July, 2009 in Los Angeles, California.

_____
Melinda Bird