PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENFORCEMENT OF 1989 STIPULATION AND ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SHERMAN BLOCK, et al., | |
| Defendants. | Date: August 3, 2009<br>Time: 10:00 a.m.<br>Crtrm: 3 |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

///
///
///

1


Defendants Sherman Block, et. al. (hereinafter "Defendants") hereby submit the following in Reply to Plaintiffs' Opposition to Defendants' Motion for Enforcement of the 1989 Stipulation and Order ("the 1989 Order") regarding the use of information outside this case obtained by the American Civil Liberties Union of Southern California ("ACLU") in their position as jail monitors.

Dated:  July 27, 2009                              LAWRENCE BEACH ALLEN & CHOI, PC


                                                   By_____s/ Justin W. Clark _____
                                                        Justin W. Clark
                                                        Attorneys for Defendants
                                                        Sherman Block, et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Regardless of any assertions the ACLU makes, the following is undisputed:

1) The ACLU agreed (in the 1989 Order) that they would not use or make available for use in new litigation the information they obtained from discussions with LASD staff. Further, the ACLU agreed not to use or make available for use inmates statements obtained through the ACLU's access to the jails;

2) Pursuant to the 1989 Order and in reliance on its terms, the ACLU and the LASD have worked together for over twenty years and the ACLU has been permitted to interview thousands of LASD personnel (including high ranking executives) outside the presence of legal counsel. Through these interviews and almost daily discussions, the ACLU has been provided with what amounts to inside information concerning the operation of the LACJ system;

3) By representing plaintiffs in *Johnson*, the ACLU has made the inside information they have about the LACJ system available for use in non-*Rutherford* litigation and they have obtained declarations from *Rutherford* class members and filed them in *Johnson*.

Based on these relatively simple facts, enforcement of the 1989 Order is necessary. If the ACLU is not ordered to abide by the agreement they made (and benefited from), the LASD will be substantially prejudiced and as set forth in the Declaration of Sheriff Baca, in all likelihood, the cooperative working relationship between the LASD and the ACLU will no longer be possible. The Court has the opportunity to prevent this from happening by granting this Motion and holding the ACLU to the agreements they made. In addition, the *Johnson* plaintiffs will suffer absolutely no prejudice because, even without the involvement of the ACLU, the *Johnson* plaintiffs will have experienced and qualified attorneys to litigate their claims.

///

Based on this Motion and the related *Johnson* motion[1], Defendants respectfully request that the Court enforce the 1989 Order and require the ACLU to withdraw as counsel in *Johnson*.

## II. The ACLU Has Violated The Express Terms Of The 1989 Order.

Plaintiffs' Opposition states, "[t]he plain language of the 1989 Inmate Interview Order limits the use of 'statements' obtained in interviews with inmates and deputies in the jail system by barring their use in other lawsuits." This statement is partially accurate. The truth of the matter is that the 1989 Order is far broader. First, the ACLU's use of inmate statements and information is not "limited" - it is prohibited in non-*Rutherford* litigation. Second, the 1989 Order applies not only to "deputies", but to all LASD personnel that the ACLU regularly interviews and receives information from.

First, with respect to inmate declarations, on June 9, 2008, plaintiffs in *Johnson* filed a motion for a preliminary injunction. (*See*, *Johnson* Docket No. 21.) In support of this motion, plaintiff's filed statements from 21 inmates. (*See*, *Johnson* Docket No. 23.) While the ACLU has stated that certain declarations (such as the Finn Declaration) were not obtained through the ACLU's access to the jails, the ACLU does not refute that the 21 other declarations *were* obtained by the ACLU through their access to the jails. Noticeably absent from Plaintiffs' Opposition is an unequivocal statement from the ACLU saying that no declarations were ever obtained by the ACLU for use in *Johnson*. Instead, the ACLU attempts to distract the Court by citing irrelevant authorities concerning disqualification and making meritless procedural arguments. In fact, declarations were obtained by the ACLU and they were filed in *Johnson*. This is a violation of the 1989 Order.

Second, with respect to the ACLU's use of information obtained through "discussions with Sheriff's staff", it is undisputed that the ACLU has weekly (if not

---

[1] Defendants hereby incorporate by reference Defendants' Reply papers filed in *Johnson*.

4

daily) discussions with LASD personnel. The 1989 Order states, "[t]he Sheriff's staff must be confident that they can state facts and their views openly and candidly *without concern that their statements will be used in other litigation*." (*See*, Clark Decl. filed in support of Defendants' Motion, ¶ 4; Exhibit "A", emphasis added.) The ACLU can not refute that almost everything they know about the LACJ system has come from "discussions with Sheriff's staff." Unfortunately and rather inexplicably, the ACLU dismisses the LASD's concerns regarding the use of this knowledge in non-*Rutherford* litigation and counsel for the ACLU asserts that "the expertise that ACLU staff has developed over decades of litigation is no different than the knowledge that any experienced lawyer or law firm develops from long years of practice in one area…" (Plaintiffs' Opposition, 11:19-21). This claim is meritless. There are many civil rights attorneys in Southern California whose sole practice area involves litigation against law enforcement entities and none of these lawyers have anywhere close to the amount of knowledge about the LACJ system that the ACLU has. Just a few examples of the unique privileges the ACLU enjoys (based on the LASD's reliance on the 1989 Order) include:

- no other lawyer has access to LASD personnel the way the ACLU does;
- no other lawyer is permitted to interview LASD personnel outside the presence of LASD legal counsel;
- no other lawyer is freely given information regarding a huge array of topics regarding the operation of and the conditions in the jails;
- no other lawyer is allowed to participate in discussions and briefings regarding on-going jail projects;

The ACLU is not merely involved in litigation in a particular practice area as they suggest. As jail monitors, the ACLU has a unique position in the jail and with that position comes unprecedented access to information - information that no other plaintiff's lawyer has. The ACLU has ongoing discussions with LASD staff and through those discussions, the ACLU is provided with information about the LACJ

5

system.² By the express terms of the 1989 Order, the ACLU is prohibited from using this knowledge against the LASD in non-*Rutherford* litigation. Why else would the 1989 Order state "[t]he Sheriff's staff must be confident that they can state facts and their views openly and candidly *without concern that their statements will be used in other litigation*"? (Emphasis Added.) Defendants seek only to have this agreement enforced because the ACLU is no longer willing to voluntarily comply with it.

### III. Defendants Motion Seeks Enforcement Of The 1989 Order Not Disqualification Of The ACLU.

The ACLU attempts to characterize Defendants' Motion as seeking disqualification in an attempt to distract the Court from the real issue involved in this Motion. While the ACLU may be ordered to withdraw as counsel if this Motion is granted, Defendants' motion does not seek disqualification but rather, enforcement of the 1989 Order. For this reason, Defendants did not cite or address the law regarding disqualification and therefore, the ACLU's arguments regarding this issue are irrelevant. Frankly, Defendants did not have to argue disqualification (or cite any law regarding disqualification) because, a valid court order is already in effect that bars the ACLU from proceeding as counsel in *Johnson*. Defendants should never have been forced to file this Motion (or one for disqualification) because the ACLU should have voluntarily complied with the 1989 Order as they have done for the last twenty years. While the ACLU's arguments concerning

---

² Counsel for the ACLU appears to draw some distinction between "statements" and the information contained in a "statement"; however, statements inherently contain information. Regardless of whether a "statement" is directly quoted or not, the use of information contained in a statement still violates the 1989 Order and as set forth in this Motion, everything the ACLU knows about the LACJ system has come from "statements" made to the ACLU by LASD staff.

6

disqualification are unpersuasive, several arguments made in connection with must be responded to.

First, the ACLU suggests that Defendants' Motion was filed to obtain a strategic advantage in the *Johnson* case. This argument is ridiculous. This Motion was filed to hold the ACLU to the agreements they made and which the LASD has relied on for twenty years. The LASD is capable of defending itself in *Johnson* regardless of whether the ACLU is counsel for plaintiffs or not but this fact does not obviate the ACLU's obligation to hold up their end of the agreement they made with the LASD. After having enjoyed the benefit of a wealth of inside information, the ACLU cannot now decide not to comply with the 1989 Order. In essence, the cat is out of the bag.

With respect to the timing of this Motion, the LASD had hoped that the ACLU would voluntarily agree to abide by the agreements they made in the 1989 Order and until the recent request to lift the stay in *Johnson*, there was not a pressing need to resolve this issue as the parties were engaged in efforts to reach an informal resolution.

Based on the above, Defendants seek only to hold the ACLU to the agreements they made which, unfortunately, requires the Court to enter an order enforcing the 1989 Order.

**IV.   This Motion Is Timely And The LASD Has Repeated Asserted The 1989 Order As A Prohibition On The ACLU's Ability To Proceed As Counsel In Non-*Rutherford* Litigation Including *Johnson*.**

Plaintiffs argue that Defendants' Motion is untimely in that Defendants should have raised an objection to the ACLU's representation of the *Johnson* plaintiffs at an earlier time. In fact, as set forth below, the LASD has repeatedly

and strenuously objected to the ACLU's involvement in *Johnson* and any other non-*Rutherford* litigation.[3]

For example, the ACLU argues that Defendants did not raise the 1989 Order during hearings and arguments concerning the withdrawal of the Hadsell Stormer firm as counsel in *Johnson*. This is absolutely false. In fact, the Court's Order requiring the withdrawal of the Hadsell Stormer firm states "[n]othing in this Order impacts any argument by the parties to this matter including, without limitation, the Defendants' argument that the ACLU should not be counsel in this case due to agreements and orders in the matter *Rutherford v. Block.*" (*Johnson* Docket No. 60, 2:15-18.) Based on the above, the ACLU's contention that the LASD failed to raise the 1989 Order when the Hadsell Stormer firm was ordered to withdraw is wholly without merit.

Both in Court and during meetings with the ACLU, Defendants have repeatedly asserted the 1989 Order as a bar on the ACLU's involvement in non-*Rutherford* litigation and there is ample support in the record for this fact. For this reason, the ACLU's contention that this Motion is untimely is without merit.

///
///
///

---

[3] Defendants have briefed further the repeated assertion of the 1989 Order by Defendants in the Reply to Plaintiffs' Opposition to Defendants' Motion for Enforcement of the 1989 Order filed in *Johnson*.

## V.     Conclusion.

Based on the foregoing, Defendants respectfully request that the Court enforce the 1989 Order and require the ACLU to withdraw as counsel in *Johnson*. If the Court does not enforce the 1989 Order, the LASD will be severely prejudiced as sensitive information has already been shared with the ACLU and, without enforcement of the 1989 Order, nothing will stop the ACLU from using their inside knowledge of the LACJ system against the LASD.  This is exactly what the 1989 Order was designed to prevent.

Dated:  July 27, 2009                         LAWRENCE BEACH ALLEN & CHOI, PC


By___s/ Justin W. Clark_____
       Justin W. Clark
       Attorneys for Defendants
       Sherman Block, et al.