PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' NOTICE OF AND MOTION FOR LIMITED RECONSIDERATION OF THE COURT'S AUGUST 4, 2009 ORDER REOPENING DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JUSTIN W. CLARK IN SUPPORT THEREOF** |
| SHERMAN BLOCK, et al., | |
| Defendants. | [*Proposed*] *Order Lodged Concurrently Herewith*] |
| | Date: September 14, 2009<br>Time: 10:00 a.m.<br>Crtrm: 3 |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard by the above-captioned Court, which is located at 312 North Spring Street, Los Angeles, California, Defendants Sherman Block, et. al. (hereinafter "Defendants") will, and hereby do, move the

1  Court for an order reconsidering the Court's August 4, 2009 Order reopening
2  discovery.
3      This Motion is based upon this Notice of Motion, the Memorandum of
4  Points and Authorities, the Declaration of Justin W. Clark, and upon such other
5  and further evidence as may properly come before the Court.
6      Counsel for the parties met and conferred regarding the issues raised in this
7  motion on August 18, 2009. [1] (*See*, Declaration of Justin W. Clark ["Clark
8  Decl."], ¶ 2.) Plaintiffs' counsel, Melinda Bird, stated a willingness to consider
9  stipulating to the relief sought in this motion; however, due to time constraints
10 associated with travel plans and the need to confer with co-counsel, Ms. Bird was
11 not able to consider and respond to Defendants' proposal. (*Id*.)
12 ///
13 ///
14 ///

---

[1] Defendants were required to file this motion within ten days after the entry of the order on the Court's docket pursuant to Federal Rules of Civil Procedure, Rule 59(e), and Federal Rules of Appellate Procedure, Rules 4(a)(4)(A)(vi) and 4(a)(7)(A)(i) (excluding weekends and legal holidays pursuant to Federal Rules of Civil Procedure, Rule 6(a)(2), and Federal Rules of Appellate Procedure, Rule 1(a)(2)). Because of the shortened time within which the motion was required to be brought, Local Rule 7-3 permits Defendants to meet and confer with Plaintiffs' counsel within five days of the last day to file the motion. Because the order was filed on Tuesday, August 4, 2009 but docketed on Wednesday, August 5, 2009 - this motion is timely under FRCP Rule 59(e). While this Motion is timely, it could also be considered as a Rule 60(b) Motion which may be brought within a "reasonable time." *United States v. Comprehensive Drug Testing, Inc*., 513 F.3d 1085, 1098 (9th Cir. 2008).

RUTHERFORD\Mtn for Recon re Order Reopening Discovery

To preserve Defendants' rights with respect to seeking reconsideration, Defendants have filed this Motion; however, Defendants remain hopeful that Plaintiffs' counsel will not oppose this Motion. (*Id.*)

Dated: August 19, 2009           LAWRENCE BEACH ALLEN & CHOI, PC


                                 By____s/ Justin W. Clark_____
                                     Justin W. Clark
                                     Attorneys for Defendants
                                     Sherman Block, et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction.

Defendants seek reconsideration of the Court's August 4, 2009 Order reopening discovery ("the Court's Order") but only to the extent that the Court's Order addresses anything more than a simple ruling as to whether or not discovery in this case is reopened. While Defendants maintain that discovery should not have been reopened, this Motion does not seek outright reconsideration of the Court's Order. Instead, the purpose of this Motion is to correct only what Defendants believe to be the erroneous inclusion of language that substantially impacts the scope of the Judgment in this case and the potential areas of discoverable information that Plaintiffs may pursue.

As set forth in more detail below, the Court's Order on Plaintiffs' Motion to Reopen ("Plaintiffs' Motion") should have stated "Plaintiffs' Motion is granted. Discovery is reopened." That would have been sufficient and in accordance with the Court's reassurances to Defendants' counsel regarding a ruling on Plaintiffs' Motion. In fact, Plaintiffs' Motion itself repeatedly states that it does not address specific documents or areas of discovery. For this reason, Defendants did not brief such issues nor should the Court's Order have included any discussion related to areas of discovery or what the Judgment encompasses.

With all due respect, Defendants request that the Court vacate the August 4, 2009 Order and enter in its place the proposed order lodged concurrently with this Motion which simply states "discovery is reopened." By interpreting the Judgment, the Court fundamentally expanded the scope of the parties obligations all without Defendants being provided with any opportunity to brief or be heard. In this Motion, Defendants contend this is erroneous and warrants limited reconsideration. The Court reassured Defendants' counsel that any ruling on Plaintiffs' Motion would only indicate whether discovery was reopened and as set forth below, the Court's Order does far more. Defendants respectfully request

that the Court correct this error.

## II. Standard Governing Reconsideration.

Defendants seek reconsideration under Rules 60(b)(6) and 59(e) of the Federal Rules of Civil Procedure, on grounds that the Court's August 4, 2009 is erroneous in that it goes far beyond a simple ruling as to whether or not discovery was reopened.

Legal and factual errors in a judgment or order are proper grounds for reconsideration. Rule 60(b)(6) permits a party to seek relief from a final judgment, order or proceeding based on "any . . . reason that justifies relief." The Ninth Circuit has held that "'errors of law are cognizable under Rule 60(b).'" *In re International Fibercom, Inc.* 503 F.3d 933, 940-941 (9th Cir. 2007) (quoting *Liberty Mutual Ins. Co.* 691 F.2d 438 (9th Cir. 1982)); *see also Gila River Ranch, Inc. v. United States*, 368 F.3d 354, 356 (9th Cir. 1966). Likewise, Rule 59(e) permits a Court to alter or amend a judgment upon a timely motion by a party. "[A] motion [to amend a judgment under Rule 59(e)] is . . . appropriate in cases where the court has based an order on a factual error." *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). "A Rule 59(e) motion should be granted if there exists 'a manifest error of law or fact,' so as to enable 'the court to correct its own errors and thus avoid unnecessary appellate procedures.'" *Kennedy v. Commonwealth Edison Co.*, 252 F.Supp.2d 737, 739 (C.D. Ill. 2003). This motion is therefore appropriate to correct what Defendants believe are legal and factual errors in the Court's order reopening discovery.

///

///

///

5

### III. Reconsideration Is Warranted Because The Court's Order Goes Far Beyond A Simple Ruling As To Whether Or Not Discovery Was Reopened.

As the Court knows, prior to the scheduled hearing date on Plaintiffs' Motion to Reopen Discovery, the parties participated in an informal meeting with the Court. (*See*, Clark Decl., ¶ 3.) The meeting, which was largely successful, was designed to facilitate dialogue between the parties as part of efforts to avoid irreparable damage to the working relationship between the ACLU and the LASD. (*Id*.) Near the conclusion of the meeting, the Court stated an intention to vacate a number of motions filed by the parties including, Defendants' motion for enforcement of the 1989 Order (Docket No. 166), Plaintiff's motion for a preliminary injunction regarding the possible closure of a jail facility (Docket No. 176), and Plaintiffs' Motion to Reopen Discovery (Docket No. 158). (*Id*.) Plaintiffs' counsel requested that the Court not vacate the Motion to Reopen Discovery. (*Id*. at ¶ 3.) In discussing the Motion to Reopen Discovery, the Court expressly reassured Defendants' counsel that any ruling would not address any substantive entitlement to discovery and would simply rule on whether discovery was reopened or not. (*Id*.) With this understanding, Defendants agreed to submit the Motion to the Court on the briefs. (*Id*.)

On August 4, 2009, the Court granted Plaintiffs' Motion, entering a seven page order which, with all due respect to the Court, goes far beyond a simple ruling reopening discovery. While the August 4, 2009 Order states that it "does not consider whether Plaintiffs are entitled to particular documents or information, which may not be discoverable for various reasons" (Order, 1:20-22), the Court's order goes on to address a number of substantive issues which will dramatically impact the exchange of discovery. In fact, as set forth below, without the benefit of briefing on the subject, the Court expanded the scope of the Judgment and indicated particular topics and issues that could be the proper

6

subject of discovery. Quite frankly, the Court's order essentially provides Plaintiffs with substantial "ammunition" to use in seeking discovery on a number of issues that Defendants maintain are irrelevant to this case. As set forth below, the inclusion of this superfluous language is contrary to the Court's reassurances to Defendants' counsel and the issue of the scope of the Judgment was not before the Court. Therefore, Defendants are entitled to the limited reconsideration sought in this Motion.

### IV. Without Providing Defendants With An Opportunity To Be Heard, The Court's Order Fundamentally Expands The Scope Of The Judgment.

While the Court stated that it would not rule on any potential entitlement to discovery and indeed, the Court was careful to indicate that it expressed no opinion as to Plaintiffs' entitlement to particular documents, the Court did interpret the Judgment and make a number of rulings regarding what the Judgment actually encompasses. The scope of the Judgment and the parties' obligations pursuant to it was not before the Court on Plaintiffs' Motion. By Plaintiffs' own admission, the Motion to Reopen discovery did not specifically address any particular documents or state what discovery was needed as related to any aspect of the Judgment. Based on this limitation, Defendants did not brief such issues and given the Court's reassurances discussed above, Defendants agreed to submit the motion for consideration without oral argument. (*See*, Clark Decl, ¶ 3.) Had Defendants known that the Court would issue a ruling that addressed (and in fact, expanded) the scope of the Judgment, Defendants would have requested that the Court keep the hearing on calendar and in fact, at a minimum, Defendants would have requested an opportunity to brief the Court on relevant issues.

Defendants expect that that Plaintiffs may quarrel with Defendants' characterization of the August 4, 2009 Order; however, it is beyond dispute that

the Order does address what the Judgment encompasses and in some cases, rules on what additional topics have become "extras" in this case. Considering that no briefing regarding these issues was before the Court (and considering that Plaintiffs' Motion expressly stated that it was not seeking any ruling regarding a particular entitlement to specific documents), this aspect of the Court's Order is erroneous. For example, the Court's Order states:

> [w]hile mental health issues are not expressly listed in the 1979 Judgment, the subsequent (largely stipulated) orders in this case have modified the obligations of the parties and, as noted above, they contemplate and incorporate both medical care and mental health issues. Those additional issues - which are within the scope of the 1975 Amended Complaint - have therefore become more than voluntary 'extras.'

(Order, 5:15-21.)

This language is irrelevant to the issue that was before the Court  - namely, whether discovery should be reopened. Because Plaintiffs never requested that the Court interpret the Judgment (say, by a motion to enforce or a motion to modify) and Defendants never had an opportunity to respond to any such request, the inclusion of the above language (as well as several other similar portions) is erroneous and never should have been included in the Court's Order.

Another example can be found in the Court's references to allegations in the First Amended Complaint. Here again, Plaintiffs never brought a motion to enforce or modify the Judgment. Had Plaintiffs brought such a motion, Defendants would have been on notice that the Court was going to consider the parameters of the Judgment and issue a ruling regarding the same. If this had occurred, Defendants could have and would have researched, briefed, and argued against any expansion of the Judgment. There are many relevant authorities regarding these issues which simply have not been briefed to the Court yet have the potential to dramatically impact the Court's apparent rulings regarding

1  additional terms subsumed into the Judgment.  *See*, *Patterson v. Hughes Aircraft
2  Co.*, 11 F.3d 948, 950 (9th Cir. 1993)(pretrial order supersedes the pleadings and
3  anything not included in the pretrial order is not a proper subject for trial); *Youren
4  v. Tintic School Dist.* 343 F3d 1296, 1305 (10th Cir. 2003)(statute of limitations
5  defense, raised in answer, waived by omission from pretrial order); *In re Hunt*,
6  238 F.3d 1098, 1101–1102 (9th Cir. 2000)(if an issue is included in the pretrial
7  order, it can be presented at trial even if not previously pled).  Defendants do not
8  fully brief the issue here; however, whether or not the First Amended Complaint
9  includes any allegations regarding mental health is frankly, completely irrelevant
10 to the scope of the Judgment.  Regarding the terms of the Judgment, what matter
11 is what the Judgment itself says and as the Court acknowledges "mental health
12 issues are not expressly listed in the 1979 Judgment."  Therefore, the Court's
13 ruling that such issues are relevant to the Judgment because the First Amended
14 Complaint includes allegations regarding mental health treatment is contrary to
15 law.

16       While the Court was careful to indicate that it was not expressing any
17 opinion about entitlement to particular documents, the Court provided significant
18 opinions regarding potential areas of discovery for Plaintiffs to explore and in
19 some cases, the Court went much farther and actually expanded the scope of the
20 Judgment.  This was in error.  Plaintiffs have never filed a motion to modify or
21 enforce the judgment in this case and at an absolute minimum, such a motion
22 should be a prerequisite to any order interpreting, modifying, or expanding the
23 scope of the Judgment particular where, as here, the Court's rulings are not
24 consistent with applicable law regarding judgments.
25 ///
26 ///
27 ///
28

9

## V. Defendants Will Be Severely Prejudiced If The Court Does Not Grant This Motion.

Based on the above, Defendants contend that the Court's Order should not have included any discussion of the parameters of the Judgment nor should the Court have interpreted or provided Plaintiffs with any explanation of what discovery was properly sought in terms of the Judgment. The Court represented that the ruling would only indicate whether discovery was reopened and Defendants relied on that representation.

Defendants request only that the Court enter a simple order (such as the one submitted with this Motion) stating only that discovery is reopened. If this Motion is not granted (and the August 4, 2009 Order stands) Defendants will be severely prejudiced as a number of issues will summarily have been added to the Judgment without Plaintiffs ever seeking modification of the Judgment. Essentially, additional obligations pursuant to the Judgment will be thrust upon Defendants without Defendants having an opportunity to present evidence or brief the Court regarding why the Judgment does not address issues such as, for example, the provision of mental health treatment to inmates. As it stands now, the Court has ruled on a number of similar issues and unless this Motion is granted, Defendants will be significantly prejudiced. In addition to the arguments above, this prejudice constitutes a further and related ground for the Court to grant this Motion.

///
///
///

## VI. Conclusion.

Based on the above, Defendants are entitled to limited reconsideration of the Court's August 4, 2009 Order. In accordance with the Court's reassurances, Defendants' respectfully request that the Court vacate the August 4, 2009 Order and enter in its place the proposed order submitted with this Motion.

Dated: August 19, 2009          LAWRENCE BEACH ALLEN & CHOI, PC


                                By_____s/ Justin W. Clark_____
                                       Justin W. Clark
                                       Attorneys for Defendants
                                       Sherman Block, et al.

**DECLARATION OF JUSTIN W. CLARK**

I, JUSTIN W. CLARK, declare as follows:

1. I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, A Professional Corporation, attorneys of record for Defendants Sherman Block, et. al. in the above-entitled action. I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2. I met and conferred with Plaintiffs' counsel, Melinda Bird, regarding the issues raised in this Motion on August 18, 2009. Ms. Bird stated a willingness to consider stipulating to the relief sought in this motion; however, she requested that I send her a proposed stipulation. At the time of our discussion, Ms. Bird informed me that she had some time constraints (due to travel arrangements) which would limit her ability to consider and respond to a proposed stipulation. Ms. Bird also stated that she would have to confer with her co-counsel. I send Ms. Bird a proposed stipulation on August 18, 2009 and unfortunately, Ms. Bird did not have sufficient time to consider and respond to my proposal before the expiration of the deadline for this Motion to be filed. This Motion is filed to preserve Defendants' rights with respect to seeking reconsideration; however, I remain hopeful that Plaintiffs will not oppose this Motion consistent with Ms. Bird's perceived willingness to consider stipulating to the relief requested herein.

3. As the Court knows, prior to the scheduled hearing date on Plaintiffs' Motion to Reopen Discovery, the parties participated in an informal meeting with the Court. The meeting, which was largely successful, was designed to facilitate dialogue between the parties as part of efforts to avoid irreparable damage to the working relationship between the ACLU and the LASD. Near the conclusion of the meeting, the Court stated an intention to

1  vacate a number of motions filed by the parties including, Defendants' motion for
2  enforcement of the 1989 Order, Plaintiff's motion for a preliminary injunction
3  regarding the possible closure of a jail facility, and Plaintiffs' Motion to Reopen
4  Discovery.  Plaintiffs' counsel, Mark Rosenbaum, requested that the Court not
5  vacate the Motion to Reopen Discovery.  In discussing whether the Motion to
6  Reopen would be vacated, the Court expressly reassured Defendants' counsel that
7  any ruling would not address any substantive entitlement to discovery and would
8  simply rule on whether discovery was reopened or not.

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

      Executed on August 19, 2009 at Glendale, California.

                                            s/   Justin W. Clark
                                              Justin W. Clark