MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org,
MELINDA BIRD, SBN 102236
mbird@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN
    CALIFORNIA
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500, x219
Facsimile: (213) 977-5297

MARGARET WINTER
ACLU NATIONAL PRISON PROJECT
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6605
Facsimile: (202) 393-4931
E-mail: mwinter@npp-aclu.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al., <br><br> Defendants. | Case No. Civ. 75-04111-DDP <br><br> **OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE AUGUST 24, 2009 ORDER REOPENING DISCOVER** <br><br> Honorable Dean Pregerson <br><br> Date: September 14, 2009 <br> Time: 10:00 a.m. <br> Dept: 3 |

**TABLE OF CONTENTS**

I. DEFENDANTS DO NOT MEET THE REQUIREMENTS FOR RECONSIDERATION UNDER RULE 59(e) ........................................................... 1

II. DEFENDANTS DO NOT MEET THE REQUIREMENTS FOR RECONSIDERATION UNDER RULE 60(b)(6) ....................................................... 5

CONCLUSION ................................................................................................. 5

**OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE AUGUST 24, 2009 ORDER REOPENING DISCOVERY**

Defendants seek reconsideration under Rule 59(e) and Rule 60(b)(6) of the Federal Rules of Civil Procedure of the Court's August 4, 2009 Order granting Plaintiffs' motion to reopen discovery. That Order expressly noted that it "[did] not consider whether Plaintiffs are entitled to particular documents or information, which may not be discoverable for various reasons." [Dkt. 192 at 1.]

Defendants do not ask the Court to reconsider the actual decision to reopen discovery; rather they complain of "the erroneous inclusion of language" in the Order." [Dkt. 194 at 4.] They complain that the Order "should not have included any discussion of the parameters of the Judgment nor should the Court have interpreted or provided Plaintiffs with any explanation of what discovery was properly sought in terms of the Judgment." [*Id*. at 10.] They assert that they will be "severely prejudiced" if the Court does not grant their Motion to "enter a simple order." [*Id*.]

Defendants have not met the requirements for reconsideration under either Rule 59(e) or Rule 60(b)(6), and their claim of prejudice is untenable. They opposed Plaintiffs' Motion to Reopen on the same grounds that they now claim they have been deprived of an opportunity to present. The Court considered and rejected their arguments.

**I.   DEFENDANTS DO NOT MEET THE REQUIREMENTS FOR RECONSIDERATION UNDER RULE 59(e)**

Under Rule 59(e), "a motion for reconsideration should not be granted ... unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration is not intended to be used to reiterate arguments, facts and law already presented to the court. *See United States v. Navarro,* 972 F.Supp. 1296, 1299 (E.D. Cal., 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998)

1

(explaining that motions for reconsideration are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented"). To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D. Cal., 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Defendants contend that they meet the requirements for Rule 59(e) reconsideration based on manifest "legal and factual errors" in the August 4 Order. [Dkt. 194 at 5.] They do not, however, attempt to identify any purported error of fact. The "error of law" to which Defendants point is the alleged violation by the Court of an "express reassurance" to them upon which, the Defendants claim, they relied to their detriment: namely, the Court's statement, at its informal conference with the parties on July 30, 2009, that in deciding Plaintiffs' motion to reopen discovery the Court would simply rule on whether or not discovery should be reopened, without deciding whether any particular discovery request might be objectionable. [Dkt. 194 at 6.]

Defendants claim that in reliance on this "reassurance," they agreed to waive oral argument on Plaintiffs' motion and to allow the Court to rule on the briefs already submitted without additional briefing. [*Id.* at 7.] Defendants contend that by incorporating in its Order superfluous language about the scope of the case, and indicating that medical and mental health care was an appropriate subject for discovery, the Court thereby violated its "reassurance" to Defendants, erroneously "expanded the scope of the Judgment," and prejudiced Defendants by unfairly denying them the opportunity to brief the issue of the scope of the Judgment. [*Id.* at 9-10.]

Defendants' assertion that the Court's "inclusion of … superfluous language is contrary to the Court's reassurances to Defendants' counsel" is difficult to take seriously: Plaintiffs' distinct recollection of the discussion at the July 30

conference is that the Court never made any such assurance, but to the contrary indicated that allegations of Eighth Amendment violations in the areas of medical and mental health are within the scope of the case and that the Court intended to reopen discovery on those issues, without, however, ruling on whether any particular request might be objectionable.

Defendants' argument that they would not have waived a formal hearing and would have requested additional briefing had they known that the Court's order would contain "superfluous language" is even more unconvincing since the parties in fact explicitly and extensively briefed the issue of the scope of the Judgment in their papers in support of and opposition to Plaintiffs' Motion to Reopen Discovery. Defendants opposed the Motion on the ground that discovery on any subject other than beds, visitation by children, recreation, telephones, cell searches, meal times and changes of clothing was barred by the scope of the Judgment; Plaintiffs showed that the orders in this case explicitly contemplate remedial action to address deficiencies in mental health treatment caused by overcrowding, and that, even if they did not, the Court would nevertheless have inherent authority to modify the injunctive relief in this case to account for changes circumstances and to effectuate the basic purpose of the original decree. *See* Plaintiffs' Memorandum of Points and Authorities In Support of Motion to Reopen Discovery [Dkt. 159 at 2-6]; Defendants' Opposition to Plaintiffs' Motion to Reopen Discovery [Dkt. 172 at 1-6]; Reply re Plaintiffs' Motion to Reopen Discovery [Dkt. 186 at 1-7].

Defendants' assertion that the Court committed a manifest legal error by "expanding the scope of the Judgment" is no more persuasive than its argument that the Court erred by violating a "reassurance" to Defendants' counsel. The gravamen of the *Rutherford* Judgment and the subsequent decrees that have supplemented it over the years is overcrowding. The June 27, 2008 Report of Dr. Terry Kupers [Dkt. 161-2 at 4-53] contains explicit findings that overcrowding in Men's Central Jail causes as well as exacerbates serious mental illness, and that gross deficiencies in

1  the provision of constitutionally adequate mental health care is directly related to
2  overcrowding in the Jail. [*Id*. at 23-45.] Dr. Kupers' primary recommendation was
3  to "significantly decrease the population of Los Angeles County Jail," since
4  "massive overcrowding in the jail makes it extremely difficult to diagnose and treat
5  all prisoners in need of ... services, it makes the conditions severely noxious for
6  anyone suffering from mental illness who is not in mental health housing, and it
7  increases violence, suicides and psychiatric breakdowns." [*Id*. at 45.]

8      California's judiciary – most recently the three-judge court in *Coleman v.*
9  *Schwarzenegger,* No. CIV S-90-0520, 2009 WL 2430820 (E.D. Cal., 2009), has
10 recognized, based on a massive body of evidence and expert opinion, a close causal
11 connection between prison overcrowding, mental illness, and the failure to provide
12 constitutionally adequate mental health care. *See Coleman* at *74 (finding that
13 "California's prison system is now so overcrowded that it is impossible to provide
14 adequate [medical and mental health] care without a substantial reduction in
15 overcrowding"). S*ee also, e.g., Plata v. Schwarzenegger,* No. C01-1351, 2007 WL
16 2122657, *6 (N.D. Cal., 2007) ("While there remains dispute over whether crowded
17 conditions are the primary cause of the constitutional problems with the medical
18 health care system in California prisons, or whether any relief other than a prisoner
19 release order will remedy the constitutional deprivations in this case, there can be no
20 dispute that overcrowding is at least part of the problem."); *Coleman v.*
21 *Schwarzenegger,* No. CIV S-90-0520, 2007 WL 2122636, *4 (E.D. Cal., 2007)
22 ("The orders of this court issued from 1995 through the present have failed to
23 remedy the constitutionally inadequate delivery of mental health care to CDCR
24 inmates. That failure appears to be directly attributable to overcrowding and the
25 consequent inability to staff the caseload.").

26     Defendants have shown no manifest error of either fact or law in the Court's
27 August 4, 2009 Order, and are not entitled to reconsideration under Rule 59(e).
28 ///
///

## II. DEFENDANTS DO NOT MEET THE REQUIREMENTS FOR RECONSIDERATION UNDER RULE 60(b)(6)

Defendants reliance on Rule 60(b), Fed. R. Civ. P. is misplaced. Rule 60(b)(6) provides relief only from "final" judgments, orders, or proceedings. Orders which are not "final" and immediately appealable within the meaning of 28 U.S.C. § 1291 are not subject to relief under Rule 60(b). *See School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958). An order granting a motion to reopen discovery cannot be deemed a final order.

Nor is the Court's Order reopening discovery "final" as a collateral order. The collateral order doctrine "was not meant to 'apply to the mass of cases involving interlocutory discovery orders.'" *Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.,* 634 F.2d 1215, 1216 (9th Cir. 1980) (finding that an order imposing sanctions for failure to answer interrogatories was not a final decision for the purposes of 28 U.S.C. § 1291); *see also Campbell v. Blodgett*, 995 F.2d 230, 1993 WL 191876, 3 (9th Cir. 1993) (sanctions order for failure to cooperate in depositions not appealable under collateral order doctrine).

But even if Rule 60 were available, Defendants do not meet the stringent requirements of Rule 60(b)(6). Rule 60(b)(6) is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *U.S. v. Washington,* 394 F.3d 1152, 1157 (9th Cir. 2005). Entitlement to relief under Rule 60(b)(6) cannot be justified by mere dissatisfaction with the court's order or belief that the court is wrong in its decision. *See Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981).

## CONCLUSION

Defendants have not identified any plain error of fact or law in the Court's August 4, 2009 Order, nor have they shown that they meet any other requirements for reconsideration under either Rule 59(e) or 60(b)(6). Their motion for

1  reconsideration should be denied.

2  DATED: August 31, 2009         Respectfully submitted,

ACLU National Prison Project


　/s/ Margaret Winter
BY:  Margaret Winter

ACLU Foundation of Southern California

_____
BY:  Melinda Bird


　/s/ Mark D. Rosenbaum
BY:  Mark D. Rosenbaum

Attorneys for Plaintiffs