PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LIMITED RECONSIDERATION OF THE COURT'S AUGUST 4, 2009 ORDER REOPENING DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JUSTIN W. CLARK IN SUPPORT THEREOF** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |
| | Date: September 14, 2009<br>Time: 10:00 a.m.<br>Crtrm: 3 |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///

///

///

RUTHERFORD\Reply to Opp Re Mtn Recon Discovery

1

1     Defendant Sherman Block et al. ("Defendants") hereby submit the
2 following in Reply to Plaintiffs' Opposition to Defendants' Motion for Limited
3 Reconsideration of the Court's August 4, 2009 Order Reopening Discovery.

5 Dated: September 7, 2009         LAWRENCE BEACH ALLEN & CHOI, PC

7                                 By    /s/   Justin W. Clark
8                                       Paul B. Beach
9                                       Justin W. Clark
                                       Attorneys for Defendants
10                                       Defendants Sherman Block, et al.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction.**

In this Motion, Defendants request that the Court reconsider the August 4, 2009 Order reopening discovery. As stated in the moving papers, Defendants do not request that the Court completely reconsider its decision reopening discovery. Instead, Defendants seek only limited reconsideration for several reasons. First and foremost, Plaintiffs' Motion (to reopen discovery) was expressly limited to a decision regarding whether discovery would be reopened or not. It most certainly did not provide notice that the scope of the Judgment would be interpreted let alone expanded. Along these lines, Plaintiffs' Motion neither cited nor satisfied the standards governing modifications of judgments.

Second, the Court represented to the parties that its ruling would only indicate whether discovery was reopened and Defendants relied on this representation in submitting the Motion to the Court without a hearing. In fact, the August 4, 2009 Order does far more and had Defendants known that the Court's Order would rule on issues regarding the scope of the Judgment, Defendants never would have agreed to submit the Motion without a hearing and Defendants would have requested an opportunity to brief and be heard on such issues.

Base on these facts, with all due respect to the Court, the Court's August 4, 2009 Order is both clearly erroneous and, if allowed to stand, constitutes manifest injustice. As set forth below and in the Motion, Defendants have met the requirements for reconsideration and accordingly, the Court should reconsider the August 4, 2009 Order and enter the proposed order lodged concurrently with the Motion.

///
///
///

3

RUTHERFORD\Reply to Opp Re Mtn Recon Discovery

## II. Plaintiffs' Acknowledge That The August 4, 2009 Order Rules On The Terms Of The Judgment.

As a preliminary matter, Plaintiffs acknowledge that the August 4, 2009 goes far beyond a simple ruling as to whether discovery was reopened. Indeed, Plaintiffs acknowledge and attempt to justify the fact that the August 4, 2009 Order rules on what the Judgment encompasses. This is significant. As part of efforts to justify the rulings in the August 4, 2009 (which, as set forth below, Plaintiffs never requested or provided notice of), Plaintiffs assert that " the orders in this case explicitly contemplate remedial action to address deficiencies in mental health treatment caused by overcrowding, and that, even if they did not, the Court would nevertheless have inherent authority to modify the injunctive relief in this case to account for changes circumstances and to effectuate the basic purpose of the original decree. Basically, Plaintiffs acknowledge that the August 4, 2009 Order constitutes a "modif[ication of] the injunctive relief in this case to account for change[d] circumstances." Clearly, this is not what Plaintiffs' Motion requested nor what Defendants understood the Court's ruling on Plaintiffs' Motion would be.

Plaintiffs' arguments on this point are nothing more than an attempt, after the fact, to justify the Court's provision of relief that Plaintiff never requested. As Defendants' argue, the August 4, 2009 Order expands the scope of the Judgment and constitutes a "modification of the injunctive relief in this case." Importantly, Plaintiffs do not refute that the August 4, 2009 Order rules on issues related to the scope of the Judgment and as set forth below, such rulings are erroneous and entitle Defendants to reconsideration.

///
///
///

### III. Plaintiff's Motion Was Expressly Limited To A Decision Regarding Whether Discovery Would Be Reopened.

Plaintiffs' Motion to Reopen Discovery (Docket No. 158) unequivocally stated: "[t]he Court need not … reach the issue of whether any particular material that plaintiffs may seek is discoverable: plaintiffs' **sole request** to the Court at this time is to decide the threshold issue of their right to discovery…" (Plaintiffs' Motion, 9:2-4.) (Emphasis added.) Based on this express limitation, Defendants did not brief for the Court's consideration issues concerning whether the scope of the Judgment should be expanded let alone whether Plaintiffs had made a sufficient showing for such dramatic relief. Indeed, Plaintiffs' Motion did not cite, let alone satisfy the applicable standards governing modification of judgments.

The only issue before the Court was whether discovery should and would be reopened. This was the issue upon which notice was provided and Defendants responded accordingly. Plaintiff's Notice of Motion states:

> Plaintiffs request that the Court issue an order re-opening discovery in this matter. Plaintiffs do not seek a determination at this time as to whether any particular information, documents or deponents must be produced. Plaintiffs' sole request is for an order permitting discovery during this post-judgment remedial phase of the case. The parties can then negotiate a discovery schedule, returning to the Court for assistance via a motion to compel or other proceeding if they cannot reach an agreement in a specific disputed area.

(Docket No. 158, 1:9-15.)

In trying to distract the Court from the fact that issues regarding the scope of the Judgment were never on the table, Plaintiffs assert that the parties have "explicitly and extensively" briefed the issue of the scope of the Judgment. (Plaintiffs' Opposition, 3:8-9.) This is not accurate. On the contrary, Defendants

1  opposed Plaintiffs' Motion on the grounds that Plaintiffs had not established any
2  significant issues of noncompliance with the Judgment and that Plaintiff's sought
3  a overly broad order.  Plaintiffs did not request that the Court interpret the scope
4  of the Judgment nor did they brief the applicable legal standards governing when
5  and where such drastic relief is justified.
6       Any issues regarding the scope of the Judgment or what it incorporates was
7  simply not before the Court and Defendants were never put on notice nor was any
8  opportunity to be heard regarding such issues ever presented.  If the Court was
9  going to make rulings effecting the terms of the Judgments and, most importantly,
10 Defendants' obligations pursuant to those terms, at an absolute minimum,
11 Defendants should have had notice and an opportunity to be heard.  This would
12 be the only way that any ruling regarding the scope of the Judgment could
13 comport with Defendants' due process rights.  Defendants received neither notice
14 or an opportunity to be heard and for this reason alone, with all due respect to the
15 Court, the August 4, 2009 Order is clearly erroneous and should be reconsidered
16 in the limited way requested in this Motion.  If the Court grants this Motion,
17 Plaintiffs will still get the relief they requested (an order reopening discovery) and
18 Defendants due process rights will be protected.

19 **III.** **Not Only Did Plaintiffs Expressly Limit The Scope Of Their Motion,**
20        **The Court Unequivocally Reassured Defendants That Its Ruling**
21        **Would Only Indicate Whether Discovery Was Reopened.**

22      At the July 30, 2009 informal meeting with the Court, at the conclusion of
23 the meeting, the Court was going to vacate all of the motions that had been filed
24 by the parties, including Plaintiffs' Motion to Reopen Discovery.  (*See*,
25 Declaration of Justin W. Clark, ¶ 2.)  Plaintiff's counsel, Mark Rosenbaum,
26 requested that the Court rule on Plaintiff's Motion to Reopen Discovery.  (*Id*.)  In
27 the brief discussion that followed, the Court unequivocally stated that its ruling
28 would only indicate whether discovery was reopened.  (*Id*.)

In opposing this Motion, without providing a declaration, Plaintiffs state the following:

> Plaintiffs' distinct recollection of the discussion at the July 30 conference is that the Court never made any such assurance [that the ruling on Plaintiffs' Motion would only indicate whether discovery was reopened] but to the contrary indicated that allegations of Eighth Amendment violations in the areas of medical and mental health are within the scope of the case and that the Court intended to reopen discovery on those issues, without, however, ruling on whether any particular request might be objectionable.

(Plaintiffs' Opposition, 2:28 -3:5.)

This statement is completely false and in fact, the inclusion of this statement in Plaintiffs' Opposition should subject Plaintiffs' counsel to sanctions under Federal Rules of Civil Procedure Rule 11. Furthermore, the fact that none of Plaintiffs' counsel provided a declaration including this statement is telling as it is completely false. First, without question, the Court indicated that any ruling would only indicate whether discovery was reopened. (*See*, Clark Decl., ¶ 3.) This is a fact and any statement to the contrary is a lie. Second, at no time did the Court indicate that "the Court intended to reopen discovery on those issues". In fact, the Court gave no indication one way or the other whether Plaintiffs' Motion would be granted at all. So egregious are these misrepresentations that Defendants' counsel hopes that the Court recalls the July, 2009 meeting better that Plaintiffs' counsel apparently does because, while Defendants do not request sanctions for these misrepresentations, Defendants could have.

If Plaintiffs' willingness to misrepresent the Court's statements is any indication of how future meetings (if any) will be briefed to the Court, then from now on, Defendants will bring a court reporter to future meetings so this situation can be avoided and if future fabrications are presented to the Court, Defendants

7

RUTHERFORD\Reply to Opp Re Mtn Recon Discovery

will have concrete evidence thereof. As stated in the attached declaration of Defendants' counsel, the Court absolutely reassured Defendants' counsel that the Court's ruling would only indicate whether discovery was reopened and it was only following this reassurance that Defendants' counsel agreed to waive any hearing on Plaintiffs' Motion. If necessary, Defendants can and will present declarations from other individuals that were present during that meeting to corroborate this fact; however, Defendants hope and expect that the Court already recalls its statements.

Had Defendants been put on notice that the August 4, 2009 Order would rule on issues regarding the scope of the Judgment and Defendants' obligations pursuant to it, Defendants would never have agreed to submit on the papers and Defendants would have requested an opportunity to brief issues relevant thereto. In fact, it confounds common sense to believe that Defendants would have agreed to expansion of the Judgment, without, at the very least, an opportunity to be heard. Defendants relied on the Court's representations about what the Court's ruling would encompass and for additional reason, limited reconsideration is appropriate.

## IV. Based On The Above, The Court's August 4, 2009 Is Clearly Erroneous And This Motion Should Be Granted To Prevent Manifest Injustice.

Under Rule 59(e), "a motion for reconsideration should not be granted ... unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Based on the above, with all due respect, the Court committed clear error by ruling on the scope of the Judgment in the August 4, 2009 Order. Plaintiffs never requested that the Court do so, never put Defendants on notice that such relief was

8

requested, and Defendants never briefed the issue or had an opportunity to be heard on that issue.

The scope of the Judgment and Defendants obligations pursuant to its terms are far too important for any ruling thereon to come from this circumstance. First, if any modification of the Judgment was sought, then Plaintiff should have filed a motion specifically requesting that relief including providing Defendants with notice. Here, Plaintiffs' notice said nothing about any interpretation, modification, or expansion of the Judgment and in fact, Plaintiffs' Motion (and the notice) repeatedly stated that it was expressly limited to a decision regarding whether discovery was reopened. That was the only issue before the Court and for this reason, the August 4, 2009 Order (which includes rulings regarding what is and what is not part of the Judgment) is clear error.

Relief under Rule 60(b)(6) is also warranted. Admittedly, Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *U.S. v. Washington,* 394 F.3d 1152, 1157 (9th Cir. 2005). Here, it would be manifestly unjust for the Court to interpret the scope of the Judgment and expand its terms without, at a minimum, providing Defendants with notice and an opportunity to be heard. Plaintiffs assert that relief under Rule 60 is not available; however, all of the authorities Plaintiffs rely on deal with prejudgment discovery orders and are distinguishable from the situation at issue here which involves a post-judgment order that must be appealable. If such orders were not appealable, courts could enter all kinds of orders and affected parties would have no recourse.

The fact of the matter is that Plaintiffs never requested that the Court rule on whether issues regarding mental health were part of the Judgment and given the Court's reassurances to Defendants' counsel, it would be manifestly unjust for the Court to allow Plaintiffs to prevail in what is, in essence, a one sided debate.

Defendants never got a chance to brief the Court as to why mental health is not part of the Judgment regardless of Plaintiffs' contentions to the contrary.[1] These facts entitle Defendants to reconsideration and accordingly, this Motion should be granted.

**V.      Conclusion.**

Based on the above and Defendants' Motion, limited reconsideration is warranted. The issue before the Court was whether discovery should be reopened - not what the Judgment encompasses. The Court can preserve Defendants' rights to notice and an opportunity to be heard and grant Plaintiffs the relief they actually requested by granting this Motion and entering Defendants' proposed order.

Dated: September 7, 2009          LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/   Justin W. Clark
      Paul B. Beach
      Justin W. Clark
      Attorneys for Defendants
      Defendants Sherman Block, et al.

---

[1] While Defendants do not brief all relevant issues here, for example, the provision of mental health treatment in Los Angeles County jail was addressed in this District in *Juan Porras et al v. Los Angeles County*, United States District Court Case No. CV 04-01229 RGK (RNB)(County of Los Angeles granted defense judgment against certified class action claims for injunctive relief based on allegations of systematic inadequacy of medical and mental health care for inmates.) The Court's summary inclusion of mental health issues in this case may be impacted by this decision and other relevant authorities which were never presented to the Court because the issue was never before the Court.

RUTHERFORD\Reply to Opp Re Mtn Recon Discovery

### **DECLARATION OF JUSTIN W. CLARK**

I, JUSTIN W. CLARK, declare as follows:

1. I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, A Professional Corporation, attorneys of record for Defendants Sherman Block, et. al. in the above-entitled action. I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2. On July 30, 2009, the Court conducted an informal meeting with the parties. I was present during this meeting. Near the conclusion of the meeting, the Court indicated that it was going to vacate all of the motions that had been filed by the parties, including Plaintiffs' Motion to Reopen Discovery. Plaintiff's counsel, Mark Rosenbaum, requested that the Court rule on Plaintiff's Motion to Reopen Discovery. In the brief discussion that followed, the Court unequivocally stated that its ruling would only indicate whether discovery was reopened.

3. In opposing this Motion, without providing a declaration, Plaintiffs state the following:

> Plaintiffs' distinct recollection of the discussion at the July 30 conference is that the Court never made any such assurance [that the ruling on Plaintiffs' Motion would only indicate whether discovery was reopened] but to the contrary indicated that allegations of Eighth Amendment violations in the areas of medical and mental health are within the scope of the case and that the Court intended to reopen discovery on those issues, without, however, ruling on whether any particular request might be objectionable.

(Plaintiffs' Opposition, 2:28 -3:5.)

4. The statement above is completely false. Plaintiffs have provided no declaration in support of the Opposition to this Motion and this failure speaks volumes because, without question, the above statement is simply not true. First, the Court absolutely indicated that any ruling would only indicate whether discovery was reopened. Second, at no time did the Court indicate that "the Court intended to reopen discovery on those issues". In essence, Plaintiffs assert that the Court told the parties at the July 30, 2009 meeting what the Court's ruling would be on the Motion to Reopen Discovery. This is absurd and the Court made no such statement.

5. Plaintiffs basically contend that the Court told the parties that it planed to reopen discovery and include issues related to mental health treatment in the Judgment. Plaintiffs assert that in response to these statements, Defendants' counsel said nothing. Obviously, had the Court made such statements, at a minimum, Defendants would have objected, would not have agreed to submit the motion on the papers, and would have requested that the Court allow the parties to submit further briefing on the issue. None of these things happened.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 7, 2009 at Glendale, California.


           _____s/ Justin W. Clark_____
           Justin W. Clark

12

RUTHERFORD\Reply to Opp Re Mtn Recon Discovery