**Declaration of Melinda Bird**

I, Melinda Bird, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am an attorney at law, licensed to practice law in the State of California and before this Court. I am one of the attorneys representing the Plaintiff class in this matter. I make this declaration in support of Plaintiffs' *Ex Parte* Application for a Status Conference.

3. On December 10, 2009 at approximately 10:30 in the morning, I placed a telephone call to the office of Paul Beach, counsel for defendants. Mr. Beach was not available and his secretary forwarded my call to Mr. Beach's voice-mail. I left a message with Mr. Beach, informing him that we planned to file an *ex parte* application for a status conference in this matter, to continue discussions with the Court regarding mutually agreeable means to improve conditions in Men's Central jail. I explained that I was providing the required notice regarding the ex parte application and asked if he would inform me whether he would oppose the application. I asked Mr. Beach to return my call and left him my direct office line.

4. As of today, December 15, 2009, I have not received a return call from Mr. Beach or anyone in his office regarding the *ex parte* application.

5. I am familiar with the early pleadings filed in this matter. Attached as Exhibit 1 is a true and correct copy of a pleading, Memorandum of Understanding; Court Approval Thereof, filed November 13, 1985 (Docket No. 463). In this document, the parties and the Court defined overcrowding as the point where the population of the jail "renders it impossible for the Sheriff to

//
//
//

1

Bird Dec - Page 31

exercise his usual discretion and management options to provide adequate security and control" in the jail.  Memorandum, ¶ C.1.b, page 2-3.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.  Executed December 15, 2009 in Los Angeles, California.

*Melinda Bird*

_____

Melinda Bird

# EXHIBIT 1

RECEIVED NOV 15 1985
INKLE, RUDIGER AND SPRIGG


NOV 13 1985

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD,<br><br>    Plaintiff,<br><br>v<br><br>SHERMAN BLOCK, et al.,<br><br>    Defendants. | No. CV 75-4111 WPG<br><br>MEMORANDUM OF UNDERSTANDING;<br>COURT APPROVAL THEREOF |

The parties to the above-entitled action, through their counsel of record, the undersigned, hereby enter this Memorandum of Understanding, and subject to the court's approval, agree as follows:

A. Preamble

Plaintiff's counsel has received complaints alleging that the Sheriff is failing to comply with certain of the orders issued by the Honorable William P. Gray in Rutherford v. Block, CV 75-411 WPG. The Sheriff acknowledges that current population levels at Men's Central Jail and throughout the County jail system have precluded him from fully complying with all of such

1.

orders. However, counsel for the parties in <u>Rutherford</u> acknowledge the Sheriff's good faith efforts to reduce population levels and to comply with the orders of <u>Rutherford</u>. Consequently, counsel for the parties in <u>Rutherford</u> believe that contempt proceedings for actions and events to date are neither necessary nor likely to be productive. Rather, counsel for the parties believe that the cooperative effort contemplated herein is more likely to result in appropriate remedies.

B. <u>Goals</u>

Through the cooperative effort contemplated herein, counsel for the parties seek to achieve the following goals:

1. To limit the legal and factual areas of disagreement.

2. To limit the expenses inherent in resolving issues of increasing inmate population and prisoners' rights.

3. To resolve the issues, if possible without judicial intervention.

4. To bring any unresolved issues to the court for resolution without need for contempt proceedings or the appointment of special masters.

5. To agree upon a maximum population for Men's Central Jail with appropriate staffing.

C. <u>Definition of Overcrowding</u>

1. The parties agree that the term "overcrowding" is subject to several interpretations. For the purpose of this document, overcrowding at Men's Central Jail is defined as that

2.

point where the inmate population exceeds a number which:

    a. Renders it impossible for the Sheriff to comply with the orders in <u>Rutherford v. Pitchess</u> as they now provide or as they may be modified by agreement of the parties and approved by the court.

    b. Renders it impossible for the Sheriff to exercise his usual discretion and management options to provide adequate security and control.

2. The parties further agree that overcrowding, as defined herein, is a function of both Central Jail's structure and its staff. In reaching Goal 5 set forth above, it is the parties' intent to determine the maximum number of inmates who can be confined in Central Jail under conditions of both present and maximum staffing. The parties recognize that the present inmate poipulation does not necessarily amount to overcrowding as defined herein if staffing is determined to be adequate. The present population might even be increased given the appropriate changes in staffing and procedures. However, the parties also recognize that at some point there are structural limitations to the maximum inmate population at Central Jail.

D. <u>Methodology</u>

In furtherance of the goals set forth above, the parties agree to the following:

1. Plaintiff's counsel will be allowed continued access to the Central Jail subject to the discretion of the Commander of that facility.

///

3.

2. Plaintiff's counsel will commence an analysis of the Sheriff's compliance with each of the Orders of the Supplemental Memorandum Opinion and Judgment filed February 15, 1979, specifically:

    a. Each prisoner kept overnight in the jail will be accorded a mattress and a bed or bunk upon which to sleep [plaintiff's analysis will include a review of the practice of using dayrooms for dormitories and the addition of an extra "bunk" in certain types of cells].

    b. Prisoners not excluded from roof exercise will be allowed not less than two and one-half hours of outdoor or other recreation per week.

    c. Television receiving sets shall be installed and reasonably maintained in each dayroom.

    d. That there is adequate seating provided for detainees placed in holding cells for processing to court.

    e. Detainees facing trial, after the first day of trial, will not be required to leave their beds earlier than 6:00 a.m., will not be confined to a holding cell for longer than thirty minutes, waiting time on the bus will not exceed thirty minutes, and will be returned to cells not later than 8:00 p.m.

    f. Inmates shall be allowed not less than fifteen minutes to complete each meal.

    t. Each inmate shall receive at least twice each week clean outer garments, undergarments, socks and a towel in exchange for those that he has been using.

4.

3. Plaintiff's counsel will commence an analysis of conditions of confinement in the 9,000 floor dormitories, including ventilation, access to indigent supplies, compliance with <u>Rutherford</u> orders, custody practices, classification, etc.

4. The County will provide, upon request, relevant non-privileged data as to populations, staff, violence, etc., so that relevant statistical information can be prepared and analyzed by both parties. The parties will keep each other regularly apprised of the progress and results of such analysis.

5. The County may assign a member of the Los Angeles County Sheriff's Department to act as a liaison with plaintiff's counsel.

6. Plaintiff intends, at this time, to employ two experts [one psychologist and one statistician] to assist with the above-mentioned analysis, and to request that those experts prepare written reports as part of this analysis. County representatives, and their counsel, shall be allowed reasonable personal access to these experts and complete access to any reports, computer printouts, tables, exhibits, etc., that they may prepare. It is plaintiff's intention to utilize these experts to gather information which will be shared with defendants and to provide an independent appraisal of conditions at the Central Jail. Whenever possible, tours of Central Jail by plaintiff's expert psychologist shall be arranged and conducted so that an appropriate representative from the Sheriff's medical staff may attend.

7. The parties agree that changes in the population at the Central Jail will impact upon the populations of the other

5.

```
 1  facilities in the Los Angeles County Jail system, and the County
 2  agrees to inform plaintiffs of changes in the use and capacities
 3  of those other facilities which may occur as a result of any
 4  proposed limitations on Central Jail's population.
 5       8.  The parties will request an October 1985 Status
 6  Conference with the Honorable William P. Gray.
 7       9.  Counsel for the parties will meet regularly, not
 8  less than monthly, to discuss the progress and anticipated
 9  findings.  It is the parties' intent and desire to meet and
10  confer with regard to achieving the goals set forth in Paragraph
11  B above at least 30 days prior to seeking judicisl relief.
12       IT IS SO AGREED:
13  DATED:  October 25, 1985        Respectfully submitted,
14                                  DE WITT W. CLINTON, County Counsel
15                                  By _____
16                                     FREDERICK R. BENNETT
                                       Principal Deputy
17
18  DATED:  October 7, 1985         _____
19                                  JOHN H. HAGAR, JR.
20
21  DATED:  October 4, 1985         _____
22                                  PAUL HOFFMAN
                                    Attorneys for Plaintiff
23
24
         Good cause appearing therefor, the foregoing is approved.
25
26  DATED:  November 5, 1985        _____
27                                  WILLIAM P. GRAY
                                    United States District Court
28
                                    6.
```