PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANT'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JUSTIN W. CLARK IN SUPPORT THEREOF** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///

///

///

1

RUTHERFORD\OPP.TO.EPA-RE STATUS CONFERENCE

1    PLEASE TAKE NOTICE that Defendant Sherman Block, et. al.
2  (hereinafter "Defendant") hereby submits the following Opposition to Plaintiffs'
3  *Ex Parte* Application for a Status Conference.

5  Dated:  December 18, 2009          LAWRENCE BEACH ALLEN & CHOI, PC

7                                     By     /s/   Justin W. Clark
8                                          Justin W. Clark
9                                          Attorneys for Defendants
                                            Sherman Block, et. al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Plaintiffs characterize this Application as requesting a simple status conference, but this Application actually seeks far more. If Plaintiffs were only requesting a status conference, that objective could have been satisfied with a phone call to Defendant's counsel and a telephonic request to the Court's clerk. At most, a one page filing would have been sufficient. Instead, Plaintiffs have elected to excuse themselves from the Federal Rules of Civil Procedure and they have completely sandbagged[1] Defendant with a 200 plus page *ex parte* application that makes a sweeping request without consideration of any applicable factual or legal requirements. Even worse, Plaintiffs offer no legal support the requested relief, the Application demonstrates no good cause or exigency, and amazingly, Plaintiffs seem to suggest that the Court should grant Plaintiffs' relief at the requested status conference even though Defendant has not been provided with any opportunity to respond.

**As set forth in greater detail below, Defendant does not oppose the setting of a status conference; however, this Application should otherwise be denied for several reasons. Further, under absolutely no circumstances should this Application be the basis for the grant of any relief to Plaintiffs other than setting a status conference.** First, Plaintiffs never provided Defendant with proper notice under the Local Rules and this Application does not

---

[1] Given the sheer scope of Plaintiffs' papers and the significance of the issues contained therein, there is simply no way that Defendant can adequately respond to this Application in the limited time available. Defendant has labored to brief the most significant threshold issues; however, other than setting a status conference, if the Court is inclined to grant Plaintiffs any relief based on this Application, first, Plaintiff should be required to file an appropriate motion (whatever that might be) and Defendant should be given a meaningful opportunity to respond. This is the only way Defendant's due process rights can be protected.

include any statement regarding Defendant's position nor did Plaintiffs' counsel ever provide a sufficient explanation of what this Application would request. (*See*, Declaration of Justin W. Clark, ¶ 2.) Second, given the extremely voluminous nature of this Application (as stated above, it is over 200 pages and includes expert declarations) and the lack of any explanation as to why normal motion protocols could not be followed, this Application is a gross misuse of the *ex parte* process which has resulted in substantial prejudice to Defendant and Defendant's counsel. (*See*, Clark Decl., ¶ 3.) Third, Plaintiffs completely ignore fundamental threshold issues which make this Application and Plaintiffs' requested "collaborative process" without legal basis and improper. Fourth, Plaintiffs' Application lacks evidentiary support and is replete with misrepresentations regarding facts relevant to the operation of the Los Angeles County jail ("LACJ") system.

For these reasons, other than setting a status conference, this Application should be denied and if Plaintiffs wish to pursue a "collaborative process", at the status conference, the parties can discuss how Plaintiffs may properly seek this relief (if at all) such as, for example, by way of a regularly noticed motion that complies with the FRCP.

## II. Plaintiffs Failed To Provide Proper Notice Of This Application.

In addition to the other defects briefed below, this Application should be denied based on Plaintiffs failure to provide notice as required under the Central District of California Local Rules. Although Plaintiffs claim to have provided proper notice, they did not. Given the volume of this Application and the significant issues raised in it, the least Plaintiffs could have done was give Defendant detailed notice of this Application which is surely more than a voicemail message stating only that an *ex parte* application would be filed regarding issues raised by the Court's recent tour of Men's Central Jail. (*See*, Clark Decl. ¶ 2.)

Local Rule 7-19 required Plaintiffs' counsel to notify Defendant "of the date, time and substance of the proposed *ex parte* application and (b) to advise the Court in writing…whether any other counsel, after such advice, opposes the application…" Here, although Plaintiffs' counsel left a voicemail message for Defendant's counsel, that message did not include any explanation of the relief Plaintiffs would request nor did it provide notice as to when this Application would be filed. Defendant found out that this Application was filed when electronic notice was received from the Court's ECF system. Second, because Plaintiffs never provided proper notice, Defendant never got a chance to notify Plaintiffs of Defendant's opposition. Had Plaintiffs provided proper notice, Defendant would have indicated opposition and would have suggested that the parties request a simple status conference which would have prevented the substantial prejudice Defendant has suffered as a result of this Application. (*See*, Clark Decl., ¶ 3.)

### III. Plaintiffs' Application Is A Gross Misuse Of The *Ex Parte* Process And Plaintiffs Offer No Justification For Their Failure To Seek Relief In A Regularly Noticed Motion.

With all due respect to Plaintiffs' counsel, there is absolutely no reason why Plaintiffs request for a status conference had to be made by way of an *ex parte* application nor do Plaintiffs offer any evidence showing any exigency requiring immediate relief. Indeed, Plaintiffs assert that this Application is needed to address a "critically important problem raised during the Court's October 29, 2009 tour of Men's Central Jail: the impact of overcrowding on the mental health of the MCJ population." First, even ignoring the inaccuracy of this statement (which Defendant strenuously contests) and a myriad of other issues (such as the lack of any enforceable order in this action governing mental health treatment at MCJ), **Plaintiffs waited 46 days to bring this Application from the date they were aware of the alleged problem identified in the Application.**

This hardly constitutes an exigency warranting the use of an *ex parte* application - particularly a 200 page *ex parte* application which includes declarations from experts.[2] Further, Plaintiffs Application states no reason why a regularly noticed motion (of some kind) could not have been brought.

The dangers and impropriety associated with *ex parte* applications are thoroughly addressed in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) and it is abundantly clear that Plaintiffs' Application does not comply with or even cite the requirements outlined therein. Generally, "[e]x parte applications have reached epidemic proportions in the Central District. Judge Rymer warned us of this in 1989 in *In re Intermagnetics America, Inc.,* 101 B.R. 191 (C.D.Cal.1989). Since then the abusive use of ex parte motions has worsened. This abuse is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court. *Mission Power Engineering Co. v. Continental Cas. Co.* 883 F.Supp. 488, 489 (C.D.Cal.,1995) (internal quotations omitted)." When *ex parte* applications must be filed (which was not the case here), specific requirements should be followed.

First, "[a]n *ex parte* motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking. Properly designed ex parte motion papers thus contain two distinct motions or parts. The first part should address only why the regular noticed motion procedures must be bypassed. The second part consists of papers identical to those that would be filed to initiate a regular noticed motion (except

---

[2]Plaintiffs' counsel either knows or should know very well that Defendant would not be able to adequately respond to the expert declarations filed in support of Plaintiffs' Application given the limited time available when opposing an *ex parte* submission

6
RUTHERFORD\OPP.TO.EPA-RE STATUS CONFERENCE

that they are denominated as a "proposed" motion and they show no hearing date.)  *These are separate, distinct elements for presenting an ex parte motion and should never be combined.  The parts should be separated physically and submitted as separate documents.*  The clerk's office will stamp the ex parte motion as "filed" and the proposed motion as "lodged.""  *Mission Power Engineering Co.,* 883 F.Supp. at 492 (C.D.Cal.,1995)(emphasis in original).

  Here, Plaintiffs attempt to skirt this requirement by asking only for a status conference, but it is clear that Plaintiffs' Application is actually requesting the ultimate relief Plaintiffs' propose.  Defendant does not further brief the problematic nature of Plaintiffs' Application because Defendant believes the Court is familiar with *Mission Power* and its requirements.   If necessary, Defendant can provide a more detailed briefing on this point.

## IV.  **Plaintiffs' Application Is Replete With Misrepresentations And It Ignores Fundamental Threshold Issues.**

  As set forth above, Plaintiffs characterize this Application as seeking only a status conference, but the truth of the matter is that Plaintiffs want the Court to order Defendant to participate in a "collaborative process" and Plaintiffs seemingly believe that the Court should make such an order at the requested status conference.  This premise ignores a number of legal realities not to mention significant threshold barriers which Plaintiffs do not even mention let alone satisfy.

  First, while Defendant does not (because it cannot in the limited amount of available time) fully brief all relevant issues to Plaintiffs' proposed  relief, a threshold issue exists as to whether the Court can even order Defendant to participate in Plaintiffs' "collaborative process."  From a procedural standpoint, for Plaintiffs to seek relief of any kind in this case, the proper course of action would be to bring a motion for contempt of an enforceable order or to seek enforcement of the Judgment.  Plaintiffs have not done neither and the reason is

simple - there is no enforceable order or term in the Judgment that Plaintiffs can point to which would allow Plaintiffs to seek the "process" requested in this Application. Plaintiffs' Application does not identify any enforceable order nor does it indicate how Defendant is out of compliance. Plaintiffs seemingly want to ignore these threshold issues and proceed straight to getting injunctive relief against Defendant. This prospect, while convenient for Plaintiffs, ignores Defendants rights and in fact, almost all applicable Federal and Local rules.

In addition to the above threshold defects (which are substantial), Plaintiffs' Application is also based on flawed factual assumptions and misrepresentations. For example, Plaintiffs' Application cavalierly states that that MCJ is overcrowded and that this overcrowding has "render[ed] it impossible for the Sheriff to exercise his usual discretion and management options to provide security and control" in the jail. Nothing could be further from the truth and Plaintiffs offer no evidence, admissible or otherwise, that the Sheriff is unable to use his usual discretion and management options to safety operate the jail. Defendant strongly contents this assertion and in fact, as the Court observed during the tour of MCJ, the inmate population in MCJ is at historical lows and, Plaintiffs' expert's opinions to the contrary, appropriate mental health treatment is being provided to inmates in LACJ.

**V. Defendants Do Not Oppose Setting Or Attending A Status Conference But Under No Circumstances Should This Application Constitute A Basis For Granting Plaintiffs Any Of The Relief Discussed In The Application.**

In spite of all of the issues and defects briefed above, Defendant does not oppose the Court setting a status conference in this matter and as always, Defendant welcomes the Court's assistance in resolving disputes without the need for formal litigation. However, even though Defendant does not oppose the setting of status conference and Defendant is always willing to participate in

dialogue with the Court, under no circumstances should the relief Plaintiffs propose in this Application be ordered at, or as a result of, any status conference. Further, the briefings herein are severely limited because Defendant did not have sufficient time to prepare a thoroughly researched yet concise memorandum for the Court's consideration. Needless to say, Defendant contends that substantial threshold defects stand between Plaintiffs and the relief they apparently seek.

If Plaintiffs want relief, then they should adhere to appropriate procedural mechanisms and they should not be excused from compliance with the Federal Rules of Civil Procedure. Along these lines, if Plaintiffs want relief, they should bring an appropriate motion (after a Local Rule meet and confer conference) and Defendant should be provided with adequate notice and a meaningful opportunity to respond. To afford Plaintiff relief in response to this Application, in light of the defects *briefly* addressed above, would be inconsistent with Defendant's due process rights.

## VI. Conclusion.

As set forth above, Defendant does not oppose a status conference; however, Plaintiffs should not be granted any other relief based on this Application.

Dated: December 18, 2009          LAWRENCE BEACH ALLEN & CHOI, PC


By   /s/  Justin W. Clark
      Justin W. Clark
      Attorneys for Defendants
      Sherman Block, et al.

RUTHERFORD\OPP.TO.EPA-RE STATUS CONFERENCE

## DECLARATION OF JUSTIN W. CLARK

I, JUSTIN W. CLARK, declare as follows:

1. I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, A Professional Corporation, attorneys of record for Defendants Sherman Block, et. al. in the above-entitled action. I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2. Plaintiffs' counsel never provided sufficient notice of this Application and as a result, as set forth below in Paragraph 3. I suffered considerable prejudice which frankly, could have and should have been avoided. Plaintiffs' counsel's only notice that this Application would be filed was a very brief voicemail message left for Paul Beach of my office during the week of December 7, 2009. In the message, Plaintiffs' counsel, Melinda Bird, (who is no longer employed by the ACLU), stated that Plaintiffs would be filing an *ex parte* application regarding issues that came up on the Court's recent tour of Men's Central Jail. No other explanation of the relief Plaintiffs' would seek was provided nor did Plaintiffs' specifically state when the Application would be filed. Further, Plaintiffs' counsel did not state how voluminous the Application would be or that it would include declarations from experts working for the ACLU or even that it would address mental health care in the jails.

3. As a result of Plaintiffs filing of this Application, I have suffered consideration prejudice. First and most importantly, because of Plaintiffs' failure to provide adequate notice of this Application, my office had no idea that a 200 page *ex parte* application would be filed. Given the proximity to the holidays, many attorneys in my office (as well as support staff) are out of the office on vacation. On December 15, 2009, when this Application was filed, I was

1  attending to a close family member who recently had a medical emergency and
2  was discharged from the hospital the day before.  Because of the staff shortage in
3  my office, no other attorney in my office was available to assist me in preparing
4  this opposition which caused me consideration stress and burden.  *Ex parte*
5  applications are rarely justified and in this case, serving a 200 page application
6  less than two weeks before the holidays was neither professional or appreciated,
7  especially considering that the Application shows no exigency of any kind.

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

      Executed on December 18, 2009, at Glendale, California.

_____
Justin W. Clark