1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  JUSTIN W. CLARK, State Bar No. 235477
   jclark@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS'** *EX PARTE* **APPLICATION TO STAY DISCOVERY PENDING COMPLETION OF THE PARTIES AGREEMENTS AT THE AUGUST 5, 2010 STATUS CONFERENCE OR, IN THE ALTERNATIVE, FOR EXTENSION TO RESPOND TO JOINT DISCOVERY STIPULATION** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |
| | *[Proposed] Order Lodged Concurrently Herewith]* |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

///

///

///

1

1  Please take notice that Defendants Sherman Block et al. (collectively,
2  "Defendants") hereby apply, *ex parte*, for an order staying discovery and related
3  motion practice in this matter pending the completion of the agreements between
4  the parties at the August 5, 2010 Status Conference. At a minimum, Defendants
5  seek an extension of the deadline to respond to Plaintiffs' discovery stipulation.
6  Plaintiffs' counsel, Peter Eliasberg, Melinda Bird, Margaret Winter, and
7  Jennifer MikoLevine were informed of this Application by email correspondence
8  on August 11, 2010. (*See*, Declaration of Justin W. Clark ["Clark Decl."], ¶ 2 –
9  Exhibits "A" and "B".) Defendants requested from Plaintiffs the relief sought in
10 this Application; however, Plaintiffs would not agree to a stay and have indicated
11 they oppose this Application. (*Id.*)
12 Pursuant to Local Rule 7-19, Plaintiffs' counsel can be contacted at the
13 below address:
14 Jennifer MikoLevine
15 355 South Grand Avenue
16 Suite 4400
17 Los Angeles, CA 90071
18 (213) 680-6771
19 Jennifer.mikolevine@bingham.com

21 Dated: August 12, 2010         LAWRENCE BEACH ALLEN & CHOI, PC

23                                 By____s/ Justin W. Clark_____
24                                     Justin W. Clark
                                       Attorneys for Defendants
25                                     Sherman Block, et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Just last week, on August 5, 2010, the parties met with the Court regarding the status of this matter. After lengthy discussion, as part of efforts to avoid a complete breakdown of the working relationship between the parties, in response to a request from Plaintiffs, Defendants agreed to provide Plaintiffs' expert, Dr. James Austin, with access to Sheriff's Department data so that Dr. Austin can draft a proposal for the County's consideration regarding expert services he can provide. Based on Dr. Austin's representations to the Court, such services would include improvements to the Sheriff's Department's inmate classification methods to address Plaintiffs' allegations of overcrowding in the County jail system. Defendants agreed to the process involving Dr. Austin and participated in the August 5 meeting in good faith.

The next day, on August 6, 2010, Plaintiffs served Defendants with a 500+ page joint discovery stipulation which seeks to compel production of many of the documents discussed during the August 5 meeting. For example, one of the documents repeatedly discussed during August 5 meeting are certain data files related to an on-going analysis being conducted by the Vera Institute of Justice on the entire criminal justice system in Southern California. **At no time during the August 5 meeting did Plaintiffs' counsel ever inform Defendants' counsel or the Court of their intention to initiate the joint discovery stipulation process let alone say anything about *service of a stipulation the next day*.** Without question, had Plaintiffs disclosed their intentions, that information certainly would have impacted the parties' discussions and potentially Defendants' willingness to enter into agreements regarding Dr. Austin. Instead, Plaintiffs deliberately chose to keep Defendants and the Court in the dark regarding the service of the joint discovery stipulation even though it is plainly obvious that Plaintiffs have been working on their portions of the joint stipulation for months. With all due respect, Plaintiffs conduct in this regard was in bad faith.

3

As set forth below, consistent with the process outlined by the Court and agreed to by the parties, good cause exists for the Court to briefly stay discovery and related motion practice to avoid potentially irreparable damage to the relationship between the parties. Such harm is exactly what the Court sought to avoid. In the alternative, Defendants respectfully request that the Court grant at least a 60-day extension of the deadline to respond to the subject discovery stipulation (so that the process involving Dr. Austin can be completed).

## II. Good Cause Exists For The Court To Stay Discovery And All Related Motion Practice Because Of The Agreement Made At The August 5, 2010 Status Conference.

Good cause for a stay of discovery and related motion practice exists because of the agreements the parties made at the August 5, 2010 status conference. Specifically, after lengthy discussions, Defendants agreed to allow the ACLU's proposed expert, Dr. Austin, to view data captured by the Sheriff's Department. Following that initial inspection, Dr. Austin will draft a proposal regarding services he could provide for Defendants' consideration. According to the agreement, Defendants will have 30 days to respond to Dr. Austin's proposal. This process is already underway and LASD personnel have already begun the process of interfacing with Dr. Austin so that he conducts his initial inspection, Sheriff's Department personnel will be in a position to show Dr. Austin the types of information and data that the Sheriff's Department collects. In fact, Sheriff's Department personnel have already established communication with Dr. Austin to facilitate the process agreed to at the August 5 meeting.

As stated above, Defendants participated in the August 5, 2010 status conference and made agreements regarding Dr. Austin in good faith. At no time did Defendants contemplate that Plaintiffs would simultaneously initiate discovery motion practice nor did Plaintiffs inform Defendants or the Court of this intention.

Because of the parties' agreement, the process outlined by the Court, and the commitments to a working relationship they reflect, the Court should stay discovery and all related motion practice until the process involving Dr. Austin has been completed. Following exhaustion of that process and the further meeting set by the Court in the August 6, 2010 Minute Order (Docket No. 219), if progress has not been made, then the Court can lift the stay and an appropriate briefing schedule on the subject discovery stipulation can be set.

### III. While Good Cause Exists For A Stay, At A Minimum, Defendants Request At Least A 60-Day Extension To Respond To Plaintiffs' Joint Stipulation.

While Defendants maintain that good cause exists for a brief stay of discovery and related motion practice to allow the parties to complete the process agreed to at the August 5 status conference, in the alternative, Defendants request that the Court grant a 60-day extension of the deadline to respond to the subject discovery stipulation. 60 days should permit the completion of the agreements made regarding Dr. Austin so long as the follow-up status conference referenced in the Court's August 6, 2010 minute order is completed. As a preliminary matter, Plaintiffs have represented that they do not oppose a "reasonable extension[1]". (*See*, Clark Decl., ¶ 2; Exhibit "B".)

In addition to Plaintiffs' stated willingness to grant an extension, additional grounds warrant relief as follows:

---

[1] Defendants strenuously maintain that Plaintiffs should not be permitted to simultaneously solicit agreements from Defendants regarding the involvement of Dr. Austin and at the same time bombard Defendants with discovery motion practice. The Court went to great lengths to have the parties reach an agreement regarding Dr. Austin in the spirit of maintaining a reasonably cooperative relationship and the service of the subject discovery stipulation is certainly a step in the opposite direction particular if Defendants are compelled to respond at this juncture.

5

First, Plaintiffs' portions are extremely voluminous. All together, Plaintiffs' portions (which include points and authorities, declarations and exhibits, and a request for judicial notice) total more than 500 pages of materials. Under the Local Rules, Defendants are provided with only seven (7) days to respond to Plaintiffs' portions and the current deadline for Defendants' response is Friday, August 13, 2010. Based purely on the size of Plaintiffs' portions, there is no way Defendants can adequately respond to Plaintiffs' portions under the current deadline and for this reason alone, good cause exists for the requested extension.

Second, an extension is warranted due to the complex nature of the Plaintiff's legal arguments which include application of various privileges and privacy protections. Under the current deadline, Defendants will not be able to adequately research these issues such that the Court can be provided with thorough yet concise briefing on the relevant issues. For this additional reason, good cause exists for a continuance.

Third, an extension is appropriate because Plaintiff clearly took months to draft their portions of the stipulation and it is only equitable that Defendants be provided with at least a reasonable opportunity to respond. Plaintiffs scoured the historical record in support of their positions and reference nearly 30 years worth of documents and agreements between the parties post judgment. Plaintiff should not be permitted to take months to draft their portions only to demand that Defendants respond in less than a week. For this additional reason, the Court should grant the requested extension.

Based on the above, if the Court does not grant a brief stay, the Court should grant Defendants a 60-day extension to respond to the discovery stipulation and set an appropriate briefing schedule associated therewith.

///
///

6

## IV. Conclusion.

As set forth above, Defendants respectfully request that the Court issue a brief stay of discovery (and corresponding motion practice) so that the parties can complete the process agreed to at the August 5, 2010 Status Conference. In the alternative, Defendants request that the Court grant Defendants a 60-day extension of the deadline to respond to Plaintiffs' portions of the subject discovery stipulation and set an appropriate briefing schedule associated therewith.

Dated: August 11, 2010          LAWRENCE BEACH ALLEN & CHOI, PC


                                By____s/ Justin W. Clark_____
                                    Justin W. Clark
                                    Attorneys for Defendants
                                    Sherman Block, et al.

# DECLARATION OF JUSTIN W. CLARK

I, Justin W. Clark, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California. I am an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants Sherman Block et al. (collectively, "Defendants") in the above-entitled action. If called upon as a witness, I could and would competently testify to the following facts as personally known to me or upon information and belief.

2. Plaintiffs' counsel, Peter Eliasberg, Melinda Bird, Margaret Winter, and Jennifer Miko-Levine were informed of this Application by email correspondence on August 11, 2010. I requested from Plaintiffs the relief sought in this Application; however, Plaintiffs refused to agree to a stay and Plaintiffs have indicated they oppose this Application. Plaintiffs did; however, indicate a willingness to agree to a "reasonable extension" for Defendants to respond to Plaintiffs' portions. Attached hereto as Exhibits "A" and "B" are true and correct copies of email correspondence between me and Plaintiffs' counsel related to the relief sought in this Application.

3. I was present at the August 5, 2010 status conference with the Court. During the conference, which took place largely in chambers, Defendants agreed to allow Dr. James Austin to inspect data captured by the Sheriff's Department as part of a process in which Dr. Austin will draft a proposal regarding services he can provide.

///
///
///

At no time during the conference did any of Plaintiffs' counsel in attendance, including Jennifer Miko-Levine (whose signature is on the subject discovery stipulation), inform Defendants or the Court of their intention to serve the discovery stipulation the following day. Had Plaintiffs' disclosed that intention, the parties' discussions regarding Dr. Austin's involvement would certainly have been impacted.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 11, 2010, at Glendale, California.

                                                                         _____s/ Justin W. Clark_____
                                                                         Justin W. Clark

RUTHERFORD\Pleadings\EPA to stay discovery

# Justin W. Clark

| | |
|---|---|
| **From:** | Justin W. Clark |
| **Sent:** | Wednesday, August 11, 2010 11:00 AM |
| **To:** | 'Peter Eliasberg'; 'Melinda Bird'; Margaret Winter; MikoLevine, Jennifer B. |
| **Cc:** | Paul Beach |
| **Subject:** | Rutherford v. Block - Plaintiffs' Joint Discovery Stipulation |
| **Attachments:** | image001.jpg |

Counsel:

    As you are aware, on August 5, 2010, the parties met with Judge Pregerson and discussed a variety of issues related to the above-referenced matter. As you are also aware, at the meeting, Defendants agreed to allow the ACLU's proposed expert, Dr. James Austin, to view Sheriff's Department data as part of a process outlined by the Court wherein Dr. Austin will draft a proposal regarding services he can provide. On August 6, 2010, just before the close of business, my office received a 500+ page joint discovery stipulation from Plaintiffs. This stipulation seeks to compel production of many of the documents that were discussed during the August 5, 2010 meeting with the Court. During the August 5, 2010 meeting, Plaintiffs never disclosed their intention to serve a joint discovery stipulation (the next day) to Defendants' counsel or the Court. The Court went to considerable efforts to maintain a cooperative working relationship between the parties and Plaintiffs failure to disclose their intentions is directly contrary to the Court's efforts. Defendants participated in the meeting in good faith and had Plaintiffs disclosed their intentions, that disclosure certainly would have impacted discussions and potentially Defendants willingness to make agreements associated with Dr. Austin's involvement in this matter.

    In light of the above, Defendants request that Plaintiffs **immediately** withdraw the subject joint discovery stipulation at least until the agreements made at the August 5, 2010 meeting with the Court have been completed. Please confirm by the close of business today, August 11, 2010, whether Plaintiffs will withdraw the joint discovery stipulation. In the event Plaintiffs refuse to withdraw the stipulation, please be advised that Defendants intend to file an *ex parte* application with the Court for a stay of discovery and related motion practice until such time as the agreements referenced herein have been completed. Please be advised that in the alternative, Defendants will request an extension to respond to Plaintiffs' portions of the stipulation in light of the extremely voluminous nature of the papers and the fact that Plaintiffs have clearly taken months to prepare their portions. If necessary, the ex parte application will be filed on August 12, 2010.

    Thank you in advance for your immediate attention to this matter.

Justin W. Clark

LAWRENCE BEACH ALLEN & CHOI · PC
ATTORNEYS AT LAW

100 West Broadway, Suite 1200
Glendale, California 91210-1201
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail:

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly

prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

2

**EXHIBIT "A"**

11

## Justin W. Clark

| | |
|---|---|
| **From:** | MikoLevine, Jennifer B. [jennifer.mikolevine@bingham.com] |
| **Sent:** | Wednesday, August 11, 2010 4:57 PM |
| **To:** | Justin W. Clark |
| **Cc:** | Paul Beach; melinda.bird@disabilityrightsca.org; peliasberg@ACLU-SC.ORG; Harrison, Stacy Weinstein; 'Winter, Margaret' |
| **Subject:** | RE: Rutherford v. Block - Plaintiffs' Joint Discovery Stipulation |

Justin,

As you know, the parties have been engaged in a meet and confer process since February 2010 regarding discovery requests that were served nearly a year ago. The meet and confer process has occurred simultaneously with the status conferences involving Dr. Jim Austin. The discovery Plaintiffs seek is largely separate and distinct from Dr. Austin's potential participation in this matter: only two of Plaintiffs' Requests for Production of Documents ("RFPs") directly relate to his work. Although Plaintiffs are hopeful that Defendants will see the benefits of Dr. Austin's proposed scope of work, Defendants may reject Dr. Austin's proposal, in which case Plaintiffs will need the information encompassed within those RFPs. Furthermore, the remainder of Plaintiffs' discovery is directly related to mental health concerns--concerns which have not been addressed during the status conferences. As a result, Plaintiffs are entitled to file their Joint Stipulation compelling the production of relevant discovery regardless of the cooperative process the parties are engaged in regarding Dr. Austin. Nor can Defendants claim to be surprised by this Joint Stipulation. Plaintiffs' May 24 letter anticipated the possibility of the Joint Stipulation, and Defendants' June 4 response requested Plaintiffs wait until after June 21 to deliver their Joint Stipulation portions to Defendants.

Given these facts, Plaintiffs will not be withdrawing the Joint Stipulation, although we would be amenable to granting a reasonable extension for Defendants' portions. Plaintiffs will oppose any *ex parte* motion to stay discovery that Defendants file.

Sincerely,

Jennifer MikoLevine

---

**From:** Justin W. Clark [mailto:JClark@lbaclaw.com]
**Sent:** Wednesday, August 11, 2010 11:00 AM
**To:** Peter Eliasberg; Melinda Bird; Margaret Winter; MikoLevine, Jennifer B.
**Cc:** Paul Beach
**Subject:** Rutherford v. Block - Plaintiffs' Joint Discovery Stipulation

Counsel:

As you are aware, on August 5, 2010, the parties met with Judge Pregerson and discussed a variety of issues related to the above-referenced matter. As you are also aware, at the meeting, Defendants agreed to allow the ACLU's proposed expert, Dr. James Austin, to view Sheriff's Department data as part of a process outlined by the Court wherein Dr. Austin will draft a proposal regarding services he can provide. On August 6, 2010, just before the close of business, my office received a 500+ page joint discovery stipulation from Plaintiffs. This stipulation seeks to compel production of many of the documents that were discussed during the August 5, 2010 meeting with the Court. During the August 5, 2010 meeting, Plaintiffs never disclosed their intention to serve a joint discovery stipulation (the next day) to Defendants' counsel or the Court. The Court went to considerable efforts to maintain a cooperative working relationship between the parties and Plaintiffs failure to disclose their intentions is directly contrary to the Court's efforts. Defendants participated in the meeting in good faith and had Plaintiffs disclosed their intentions, that disclosure certainly would have impacted discussions and potentially Defendants willingness to make agreements associated with Dr. Austin's involvement in this matter.

12

1

**EXHIBIT "B"**

In light of the above, Defendants request that Plaintiffs **immediately** withdraw the subject joint discovery stipulation at least until the agreements made at the August 5, 2010 meeting with the Court have been completed. Please confirm by the close of business today, August 11, 2010, whether Plaintiffs will withdraw the joint discovery stipulation. In the event Plaintiffs refuse to withdraw the stipulation, please be advised that Defendants intend to file an *ex parte* application with the Court for a stay of discovery and related motion practice until such time as the agreements referenced herein have been completed. Please be advised that in the alternative, Defendants will request an extension to respond to Plaintiffs' portions of the stipulation in light of the extremely voluminous nature of the papers and the fact that Plaintiffs have clearly taken months to prepare their portions. If necessary, the ex parte application will be filed on August 12, 2010.

Thank you in advance for your immediate attention to this matter.

Justin W. Clark

LAWRENCE BEACH ALLEN & CHOI · PC
ATTORNEYS AT LAW

100 West Broadway, Suite 1200
Glendale, California 91210-1201
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail:

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.