1  MARK D. ROSENBAUM (SBN 59940)
   mrosenbaum@aclu-sc.org
2  PETER ELIASBERG (SBN 189110)
   peliasberg@aclu-sc.org
3  ACLU Foundation of Southern California
   1313 W. 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-9500
5  Facsimile: (213) 977-5297

6  MARGARET WINTER*
   mwinter@npp-aclu.org
7  ERIC G. BALABAN*
   ebalaban@nnp-aclu.org
8  National Prison Project of the ACLU
   915 15th Street NW, 7th Floor
9  Washington, D.C. 20005
   Telephone: (202) 393-4930
10 Facsimile: (202) 393-4931
   *Not admitted in D.C.; practice limited to
11 federal courts

12 Attorneys for Plaintiffs
   DENNIS RUTHERFORD, ET AL.
13 (continued on next page)

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16                        WESTERN DIVISION

17

18 DENNIS RUTHERFORD, et al.           Case No. CV 75-04111 DDP

19              Plaintiffs,            PLAINTIFFS' OPPOSITION TO
                                       DEFENDANTS' *EX PARTE*
20       v.                            APPLICATION TO STAY
                                       DISCOVERY OR, IN THE
21 LEROY BACA, as Sheriff of the       ALTERNATIVE, FOR EXTENSION
   County of Los Angeles, MICHAEL D.   TO RESPOND TO JOINT
22 ANTONOVICH, DON KNABE,              DISCOVERY STIPULATION
   GLORIA MOLINA, ZEV
23 YAROSLAVSKY, as Supervisors of the
   County of Los Angeles, et al.       [Declaration and Exhibits of Jennifer B.
24                                     MikoLevine and Plaintiffs' [Proposed]
                Defendants.            Order filed concurrently herewith]
25
                                       Judge: Hon. Dean D. Pregerson
26

27

28

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

MELINDA BIRD (SBN 102236)
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone: (213) 355-3605
Facsimile: (213) 427-8767

Bingham McCutchen LLP
STEPHEN D. ALEXANDER (SBN 141099)
stephen.alexander@bingham.com
JENNIFER B. MIKOLEVINE (SBN 236745)
jennifer.mikolevine@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-1560
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Bingham McCutchen LLP
STACY W. HARRISON (SBN 175028)
stacy.harrison@bingham.com
1620 26th Street
4th Floor, Main Tower
Santa Monica, California 90404
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

ii

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The agreement that Defendants and Plaintiffs reached during the August 5, 2010 status conference regarding Dr. James Austin's access to data for one day so that he can draft a proposal Defendants may or may not accept should not impede Plaintiffs' pursuit of documents responsive to the twenty-seven Requests for Production of Documents ("RFPs") they served nearly one year ago.

First, the discovery Plaintiffs seek is largely separate and distinct from Dr. Austin's potential participation in this matter: Most of Plaintiffs' discovery is directly related to Plaintiffs' mental health claims, which have not been addressed during the status conferences, and most of which Dr. Austin will not review. Second, Defendants' protestations regarding Plaintiffs' "bad faith" in moving forward with their L.R. 37-2 Joint Stipulation and insinuations that Defendants have been "sandbagged" are disingenuous. Discovery and the collaborative process regarding Dr. Austin's work are proceeding--have always proceeded--on parallel tracks. Indeed, the parties have been engaged in the meet and confer process regarding this discovery since February 2010, which includes the period during which the status conferences with Dr. Austin occurred. Moreover, Plaintiffs informed Defendants on May 24 that they anticipated filing a Joint Stipulation, and on June 4 Defendants requested Plaintiffs wait until after June 21 to deliver their Joint Stipulation portions to Defendants. Defendants have never conditioned their agreement to engage in the collaborative process or allow Dr. Austin access to data upon Plaintiffs' staying their discovery, and certainly the Court has never imposed such a condition during the status conferences or otherwise.

In regard to Defendants' request for a sixty-day extension to respond to the Joint Stipulation, Plaintiffs presented the majority of their discovery positions to Defendants months ago, beginning with Plaintiffs' February 2010 initial meet and

1

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

confer correspondence. The length and depth of the Joint Stipulation is a result of that meet and confer process, and the extent of Defendants' objections. The majority of the Joint Stipulation's "extremely voluminous" "500 pages of materials" are comprised of the parties' discovery documents and meet and confer correspondence, and documents related to a case Defendants have argued precludes Plaintiffs' discovery entirely.

As to Defendants' need for a sixty day extension due to the "complex nature" of Plaintiffs' arguments regarding "various privileges and privacy protections," it is in fact *Defendants* who made these arguments more than eight months ago in their Responses to Plaintiffs' discovery. Therefore, while Plaintiffs have informed Defendants they are willing to agree to a reasonable extension for Defendants' Joint Stipulation portions, sixty days is simply not reasonable here.

For these reasons, Defendants' Motion should be denied and Plaintiffs should be allowed to proceed with their Joint Stipulation so that they may obtain the discovery to which they are entitled.

## II. RELEVANT BACKGROUND REGARDING PLAINTIFFS' DISCOVERY

On August 4, 2009, the Court granted Plaintiffs' Motion to Reopen Discovery. Docket No. 192. On September 23, 2009, Plaintiffs propounded their First Set of Requests for Production of Documents on Defendants. Declaration of Jennifer B. MikoLevine ("MikoLevine Decl.") at ¶ 2, Exh. A. Those RFPs are focused primarily on issues regarding mental health. *Id.*, Exh. A.

Defendants waited forty-five days before informing Plaintiffs on November 6 that Defendants had not responded to the Requests because they were served electronically, and Defendants had not consented in writing to electronic service. *Id.* at ¶ 3. That same day, Plaintiffs re-served the RFPS on Defendants by mail, and on December 9, 2009 Defendants responded to the RFPs ("Defendants' Responses"). In Defendants' Responses, Defendants refused to produce

2

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

responsive documents, with the exception of an agreement to produce certain documents responsive to one of the twenty-seven RFPs. *Id.* at ¶ 4, Exh. B. No documents were produced with Defendants' Responses. More than three months later Defendants produced twenty-six pages of documents. Those twenty-six pages are the only documents Defendants have produced to date. *Id.* at ¶ 5. Defendants' Responses objected, *inter alia,* that Plaintiffs' discovery is precluded entirely both because mental health issues are beyond the scope of this litigation and because of the alleged *res judicata* effect of a 2006 Central District case. *Id.* at ¶ 6, Exh. B.

Plaintiffs initiated the meet and confer process on February 16, 2010 when they sent Defendants a ten-page letter outlining their positions regarding the objections and issues Defendants' Responses raised. The parties met in person on March 3 and continued to exchange meet and confer correspondence through June. *Id.* at ¶ 7. Despite Plaintiffs' best efforts and their concerted attempts to narrow the majority of the RFPs, the parties did not reach a resolution on key issues, including the threshold scope and *res judicata* issues referenced above. *Id.* The parties' correspondence during this process included a May 24 letter Plaintiffs sent anticipating the filing of a L.R. 37-2 Joint Stipulation; a June 4 letter Defendants sent requesting Plaintiffs' portions of the Joint Stipulation not be sent until after June 21 due to Counsel's vacation plans; and a June 17 letter from Plaintiffs again anticipating the filing of a Joint Stipulation. *Id.*, Exhs. C, D, E.

### III. JUST CAUSE DOES NOT EXIST TO STAY PLAINTIFFS' DISCOVERY

The discovery Plaintiffs seek is almost entirely separate and distinct from Dr. Austin's potential participation in this matter. Only two of Plaintiffs' RFPs, Nos. 26 and 27, regarding data files, directly relate to Dr. Austin's work and the data to which he will be given access. MikoLevine Decl., Exh. A. The remainder of Plaintiffs' discovery is directly related to their mental health claims. For example, Plaintiffs seek documents regarding Los Angeles County Jail ("LACJ")

3

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

policies and procedures concerning mental health care at the Jail, inmate suicides and deaths, the use of restraints, seclusion, or isolated confinement, psychotropic medications, the mental health caseload, mental health staffing and personnel, housing schema, contracts with non-Jail personnel providing mental health services, and transfers to psychiatric facilities. *Id.* These concerns have not been addressed during the status conferences. Plaintiffs' discovery and the parties' collaborative process regarding Dr. Austin's work are thus independent of each other.

Furthermore, per the agreement reached at the August 5 status conference, Dr. Austin will be allowed access to data at LACJ for one day, perhaps one day this month. Based on his review of the data, he will formulate a proposal for a study, and the Los Angeles Sheriff's Department ("LASD") may--or may not--agree within thirty days that he can move forward. Assuming LASD is willing to allow Dr. Austin to proceed, he anticipates his report would be ready in approximately ninety days. At that point, which is four months away at the earliest, LASD may--or may not--follow Dr. Austin's recommendations and findings. MikoLevine Decl. at ¶ 8. If Defendants choose to not retain Dr. Austin, or do not follow his recommendations, then Plaintiffs will need the data files they are seeking through the pending RFPs. However, there is no reason why Plaintiffs' discovery and access to critical documents should hinge on contingencies that, at best, will not reach fruition for months.

Defendants' claim that Plaintiffs acted in "bad faith" in moving forward with the Joint Stipulation, and their suggestion that Defendants have been sandbagged, is baseless. Plaintiffs have not hidden anything. Discovery and the collaborative process regarding Dr. Austin have always proceeded on parallel tracks. As discussed above, the parties have been meeting and conferring since February 2010, which includes the period during which the status conferences with Dr. Austin occurred. *Id.* Given the extent of the correspondence between the parties,

4

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

and Defendants' own request two months ago that Plaintiffs postpone the Joint Stipulation, Defendants have had more than sufficient notice that Plaintiffs would be pursuing their discovery.

Finally, at no point have Defendants conditioned, or even mentioned conditioning, their engagement in this collaborative process on Plaintiffs' staying their discovery. Nor has the Court ever imposed such a condition.

In sum, because Plaintiffs' discovery and the collaborative process regarding Dr. Austin's work are independent of each other, because Plaintiffs should not have to wait four months or more for documents they have sought for nearly a year, and because neither Defendants nor the Court ever conditioned the parties' collaborative process on a stay of discovery, there is no just cause here to stay Plaintiffs' discovery. Plaintiffs should be allowed to proceed with their Joint Stipulation.

## IV. A SIXTY-DAY EXTENSION IS NOT WARRANTED HERE

In the event the Court does not stay Plaintiffs' discovery entirely, Defendants argue they should be given a sixty-day extension to provide Plaintiffs their portion of the Joint Stipulation because (1) Plaintiffs' portions are voluminous; (2) Plaintiffs' legal arguments, including the application of privileges and privacy protections, are complex; and (3) Plaintiffs scoured the historical record and their Joint Stipulation portions reference nearly thirty years of documents. Defendants' *Ex Parte* Application ("*Ex Parte*"), Docket No. 220, at 6:1-23. These arguments do not justify a sixty-day extension.

The length and depth of the Joint Stipulation is a result of the parties' meet and confer process, and the extent of Defendants' objections throughout that process. Indeed, the vast majority of the Joint Stipulation's "extremely voluminous" "500 pages of materials" are comprised of the parties' own discovery documents and meet and confer correspondence, and documents related to the 2006 case *Defendants* argue precludes Plaintiffs' discovery entirely. MikoLevine

5

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

Decl. at ¶ 9. Defendants cannot claim to be unfamiliar with these documents, or to need sixty days to review them.

As to Defendants' need for aسsixty-day extension due to the "complex nature" of Plaintiffs' arguments regarding "various privileges and privacy protections," it is in fact *Defendants* who made these arguments more than eight months ago in their Responses to Plaintiffs' discovery. *Id.*, Exh. B. Moreover, Plaintiffs presented the majority of their legal arguments to Defendants months ago, beginning with Plaintiffs' February 2010 initial meet and confer correspondence. *Id.* at ¶ 10. Defendants thus should be familiar with these arguments, many of which Plaintiffs made in response to Defendants' assertions.

In terms of the "30 years worth of documents" from the "historical record" that Plaintiffs "scoured" (*Ex Parte* at 6:18-20), Plaintiffs' Joint Stipulation briefly references precisely four documents from the *Rutherford* litigation: the Amended Complaint and three Orders. The Joint Stipulation includes one sentence regarding the 1975 Amended Complaint; one sentence on the 1977 Pretrial Conference Order; two sentences on a 1985 Memorandum of Understanding; and a lengthier discussion of a 1992 Order, which Order was discussed by the Court in its August 4, 2009 Order Granting Motion to Reopen Discovery (Docket No. 192, at 3). *Id.* at ¶ 9. Defendants' claim that it took Plaintiffs "months" to locate and draft their portions because Plaintiffs' Joint Stipulation briefly references a few controlling documents *in this litigation* is thus unfounded.

Equally inaccurate is Defendants' statement that Plaintiffs "demand[ed] that Defendants "respond in less than a week." *Ex Parte* at 6:21-22. The Local Rules, not Plaintiffs, require a response within seven days, unless the parties agree otherwise. L.R. 32-2.2. Plaintiffs have already agreed to a reasonable extension, which, given the circumstances described above, sixty days most certainly is not. *Id.* at ¶ 11. Plaintiffs are, however, amenable to extending Defendants' Joint Stipulation response to two weeks (fourteen calendar days) from the day the Court

6

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

issues an Order on Defendants' *Ex Parte* Application.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' *Ex Parte* Application To Stay Discovery Or, In the Alternative, For Extension To Respond To Joint Discovery Stipulation, and that the Court instead grant Defendants an extension of fourteen days.

DATED: August 16, 2010					Respectfully submitted,

BINGHAM MCCUTCHEN LLP

By:  s/ Stacy W. Harrison
     Stacy W. Harrison

Attorneys for Plaintiff
Dennis Rutherford, et al.

By:  s/ Jennifer B. MikoLevine
     Jennifer B. MikoLevine

Attorneys for Plaintiff

7

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative,
For Extension To Respond To Joint Discovery Stipulation

A/73465100.1

DATED: August 16, 2010          Disability Right California

By:   s/ Melinda Bird
          Melinda Bird
    Attorneys for Plaintiff

DATED: August 16, 2010          ACLU Foundation of Southern California

By:   s/ Peter Eliasberg
          Peter Eliasberg
    Attorneys for Plaintiff

DATED: August 16, 2010          National Prison Project of the ACLU

By:   s/ Margaret Winter
          Margaret Winter
    Attorneys for Plaintiff

8

Plaintiffs' Opposition To Defendants' *Ex Parte* Application To Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

A/73465100.1