MARK D. ROSENBAUM (SBN 59940)
mrosenbaum@aclu-sc.org
PETER ELIASBERG (SBN 189110)
peliasberg@aclu-sc.org
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@nnp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
*Not admitted in D.C.; practice limited to
federal courts

Attorneys for Plaintiffs
DENNIS RUTHERFORD, ET AL.
(continued on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, et al. | **Case No. CV 75-04111 DDP** |
| Plaintiffs, | **DECLARATION OF JENNIFER B. MIKOLEVINE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, FOR EXTENSION TO RESPOND TO JOINT DISCOVERY STIPULATION** |
| v. | |
| LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al. | |
| Defendants. | Judge: Hon. Dean D. Pregerson |

A/73463523.1

1   MELINDA BIRD (SBN 102236)
    melinda.bird@disabilityrightsca.org
2   Disability Rights California
    3580 Wilshire Blvd., Suite 902
3   Los Angeles, California 90010
    Telephone:  (213) 355-3605
4   Facsimile:  (213) 427-8767

5   Bingham McCutchen LLP
    STEPHEN D. ALEXANDER (SBN 141099)
6   stephen.alexander@bingham.com
    JENNIFER B. MIKOLEVINE (SBN 236745)
7   jennifer.mikolevine@bingham.com
    355 South Grand Avenue, Suite 4400
8   Los Angeles, California 90071-1560
    Telephone:  (213) 680-6400
9   Facsimile:  (213) 680-6499

10  Bingham McCutchen LLP
    STACY W. HARRISON (SBN 175028)
11  stacy.harrison@bingham.com
    1620 26th Street
12  4th Floor, Main Tower
    Santa Monica, California 90404
13  Telephone:  (310) 907-1000
    Facsimile:  (310) 907-2000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/73463523.1

ii

Declaration of Jennifer B. MikoLevine In Support Of Plaintiffs' Opposition to Defendants' *Ex Parte* Application To
Stay Discovery Or, In The Alternative, For Extension To Respond To Joint Discovery Stipulation

## DECLARATION OF JENNIFER B. MIKOLEVINE

I, Jennifer B. MikoLevine, declare:

1.      I am a member of the State Bar of California, and am admitted to practice before the United States District Court for the Central District of California. I am an attorney with the law firm of Bingham McCutchen LLP ("Bingham McCutchen"), co-counsel for Dennis Rutherford et al. ("Plaintiffs"). I have personal knowledge of the matters stated herein, and if called as a witness, I would and could competently testify to them.

2.      On September 23, 2009, Plaintiffs propounded their First Set of Requests for Production of Documents (the "Requests") on Defendants. A true and correct copy of the Requests is attached hereto as **Exhibit A**.

3.      On November 6, 2009, Defendants informed Plaintiffs that Defendants had not responded to the Requests because those Requests were served electronically, and Defendants had not consented in writing to electronic service.

4.      On November 6, 2009, Plaintiffs re-served the Requests on Defendants, by mail. On December 9, 2009, Defendants responded to the Requests ("Defendants' Responses"). In Defendants' Responses, Defendants refused to produce responsive documents, with the exception of an agreement to produce certain documents responsive to Request No. 2. A true and correct copy of Defendants' Responses, excluding exhibits and declarations, is attached hereto as **Exhibit B**.

5.      Defendants did not produce any documents with Defendants' Responses on December 9, 2009. On March 30, 2010, Defendants produced twenty-six pages of documents. Defendants produced these documents only after Plaintiffs' repeated inquiries for responsive documents. These twenty-six pages of documents are the only documents Defendants have produced to date. Defendants have not responded to Plaintiffs' inquiry regarding whether this document production represents the entire production in response to the Requests.

6.     Defendants Responses' contained objections that, *inter alia,* Plaintiffs' discovery is precluded because mental health issues are not within the scope of the *Rutherford* litigation, and that the discovery is also precluded by *Porras v. County of Los Angeles,* Civ. No. 04-1229 RGK, 2006 U.S. Dist. LEXIS 96971 (C.D. Cal. Oct. 31, 2006) ("*Porras*").

7.     On February 16, 2010, Plaintiffs sent Defendants a ten-page letter to initiate the meet and confer process and to outline Plaintiffs' positions regarding the objections and issues raised by Defendants' Responses. In the February 16 Letter, Plaintiffs provided extensive authority and rationale as to why Defendants' positions on production were not tenable. For example, Plaintiffs outlined five separate arguments, supported by authority, as to why *Porras* does not preclude their discovery. On March 3, 2010, Plaintiffs and Defendants met and conferred in person at Bingham McCutchen's offices. The parties continued to exchange meet and confer correspondence up to and including June 17, 2010. Despite Plaintiffs' best efforts and their concerted attempts to narrow the majority of the Requests, the parties have been unable to reach a resolution on key issues, including scope and preclusion. The parties meet and confer correspondence included a May 24 letter Plaintiffs sent anticipating the filing of a L.R. 37-2 Joint Stipulation; a June 4 letter Defendants sent requesting Plaintiffs' portions of the Joint Stipulation not be sent until after June 21 due to Counsel's vacation plans; and a June 17 letter from Plaintiffs again anticipating the filing of a Joint Stipulation. True and correct copies of the parties' May 24, June 4, and June 17, 2010 meet and confer correspondence is attached hereto as **Exhibits C, D, and E**.

8.     During the period within which the meet and confer process has occurred, the parties have also participated in periodic status conferences. In accord with the agreement the parties reached during an August 5, 2010 status conference, Dr. James Austin will be allowed access to data at the Los Angeles County Jail for one day, perhaps one day in August. Based on Dr. Austin's review

1   of the data, he will formulate a proposal for a study.  The Los Angeles Sheriff's

2   Department ("LASD") agreed during the August 5 status conference to make a

3   determination within thirty days about whether they would allow the study to

4   proceed.  Assuming the study proceeds, Dr. Austin has stated he anticipates his

5   report would be ready in approximately ninety days.  LASD would have the

6   discretion whether to follow the report's recommendations and findings.

7          9.    Plaintiffs' portion of their Joint Stipulation, delivered to

8   Defendants' offices on August 6, 2010, includes a Request for Judicial Notice

9   attaching sixteen exhibits.  Of those sixteen exhibits, four documents are related to

10  the *Rutherford* litigation and are mentioned briefly (the 1975 Amended Complaint,

11  the 1977 Pretrial Conference Order, a 1985 Memorandum of Understanding, and a

12  1992 Order), nine are related to the 2006 *Porras* case that Defendants raised, two

13  are orders involving the County as a defendant, and the final document is a recent

14  Custody Operations and Correctional Services report.  Plaintiffs' Joint Stipulation

15  also includes a Declaration attaching ten exhibits.  Those ten exhibits consist

16  entirely of the parties' discovery-related documents (Requests, Defendants'

17  Responses, and meet and confer correspondence).

18         10.    Most of the legal arguments in Plaintiffs' Joint Stipulation may

19  be found in Plaintiffs' initial February 16, 2010 meet and confer correspondence.

20         11.    In an e-mail dated August 11, 2010, Plaintiffs agreed to grant

21  Defendants a reasonable extension for the receipt of Defendants' portions of the

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

A/73463523.1

3

1   Joint Stipulation.  That e-mail is attached to Defendants' *Ex Parte* Application to

2   Stay Discovery (Docket No. 220) as Exhibit B.

3           I declare under penalty of perjury under the laws of the United States

4   that the foregoing is true and correct and that this declaration was executed on

5   August 16, 2010, in Los Angeles, California.


                                    _____
                                    Jennifer B. MikoLevine

# EXHIBIT A

1
2    MARK D. ROSENBAUM, SBN 59940
     mrosenbaum@aclu-sc.org
3    PETER ELIASBERG, SBN 189110
     peliasberg@aclu-sc.org,
4    MELINDA BIRD, SBN 102236
     mbird@aclu-sc.org
5    ACLU FOUNDATION OF SOUTHERN
        CALIFORNIA
6    1313 W. 8th Street
7    Los Angeles, California 90017
     Telephone:  (213) 977-9500, x219
8    Facsimile:  (213) 977-5297

9    MARGARET WINTER
10   ACLU NATIONAL PRISON PROJECT
     915 15th Street NW, 7th Floor
11   Washington, D.C. 20005
     Telephone:  (202) 548-6605
12   Facsimile:  (202) 393-4931
     E-mail: mwinter@npp-aclu.org
13

14   Attorneys for Plaintiffs
15

16                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
17

18   DENNIS RUTHERFORD, et al,          )   Case No.  Civ. 75-04111-DDP
19                                       )
                    Plaintiffs,          )
20                                       )   **PLAINTIFFS' FIRST SET OF REQUESTS**
21         vs.                           )   **FOR PRODUCTION**
                                         )
22                                       )
     LEROY BACA, as Sheriff of the County of  )   Honorable Dean Pregerson
23   Los Angeles, MICHAEL D. ANTONOVICH, )
     YVONNE B. BURKE, DON KNABE,         )
24   GLORIA MOLINA, ZEV YAROSLAVSKY,     )
     as Supervisors of the County of Los Angeles, )
25   et al.,                             )
                                         )
26                  Defendants.          )
                                         )
27                                       )
28                                       )

                                                        **EXHIBIT A**

                                                                        6

2

Pursuant to Fed. R. Civ. P. 34, Plaintiffs submit to the Defendants the following Requests for Production. Under Fed. R. Civ. P. 34(b), Defendants are to serve their Responses no later than thirty (30) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

**DEFENDANTS ARE URGED TO READ THE FOLLOWING DEFINITIONS AND INSTRUCTIONS AND TO IMMEDIATELY CONTACT PLAINTIFFS' COUNSEL, IN WRITING, IF THERE IS ANY CONFUSION OR UNCERTAINTY AS TO THE SCOPE OF MATERIALS COVERED BY THESE REQUESTS.**

1.     These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to you, as well as your agents, representatives, employees, servants and, unless privileged, your attorneys.  When addressing these Requests, you are to exercise due diligence to secure the requested information, and not merely to respond on the basis of your personal knowledge.  The process of responding will require a search of past and present records and securing information in the possession of current and former employees and other persons associated with Defendants in their official capacities.

2.     These Requests are directed in their entirety to each of the Defendants, and each Defendant is instructed to respond to each part of each Request.

3.     These Requests are continuing in character, and therefore require you to submit supplementary documents to Plaintiffs' counsel if you obtain further or different information after you file your responses to these Requests.

4.     You are to answer each Request separately and fully, and under oath. No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request.   If a partial or incomplete answer is provided, you shall state that the answer

3

is partial or incomplete.   If there are no responsive documents, then so state in your Responses.

5.       If for any reason it is claimed that any document called for by any Request or part thereof need not be produced, identify each portion of the Request and give each specific ground or reason asserted for not producing the document or part thereof. For any information withheld on the ground of privilege or work product protection, you must produce the information required by Fed. R. Civ. P. 26(b) (5), and specify which privilege is being claimed.  For all Requests for which the answers involve both privileged or protected material, and non-privileged or unprotected matter, answer the Request to the extent that it calls for non-privileged and unprotected material.

6.       Notwithstanding any definition below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

7.       "Concerning" means related to, referring to, describing, evidencing, or constituting.

8.       The terms "You," "Defendants," and "Government" refer to all personnel of the Los Angeles County Sheriff's Office, their agents, representatives, employees, and servants; and all other persons associated with the named Defendants in their official capacity.

9.       To "identify" or "list" a person, or to provide their "identity" means to state that person's full name, job title, business address, and date of hire.   The term "identify" when applied to a prisoner means to provide the prisoner's name and institutional number

4

10.    "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.    "Staff," "Person," or "Persons" includes any natural person, firm, associations, partnership, company, corporation, governmental entities, agents, representatives, employees or other persons acting on behalf of such person or other entity.

13.    "Document, "record" and "material" include, but are not limited to, any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation, all correspondence, minutes, records, tables, charts, analyses, graphs, regulations, investigation results, microfiche or microfilm, training materials, electronic records, electronic logs, schedules, report, audit, guidelines, policies, protocols, reviews, assessments, budgets, standing order directives, post orders, manuals, memoranda, notes, lists, logs, notations, contact sheets, calendar and diary entries, letters (sent or received); telegrams, faxes, telexes, messages (including, but not limited to: reports of telephone conversations and conferences), studies, rosters, schedules, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including but not limited to, inter, and intra-office communications), e-mail, summaries, bulletins, questionnaires, contracts, memoranda or agreements, requests for proposals or responses to requests for proposals, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer generated matter, photographs, photographic negatives, phonograph records, tape recordings, evaluations, video recordings,

wire recordings, discs, other mechanical recording transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible thing of a similar nature. Each request for a document or documents shall be deemed to call for the production of the original document or documents to the extent of that they are in or subject to, directly or indirectly, the control of the party to whom this notice is directed. In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

15. "Communication" means transmission of information by any medium including without limitation orally, in writing, or by telephone, telex, telecopy, wire, radio, television, electronic mail, magnetic tape, floppy disk, diagram, graph, chart, or drawing.

16. The term "prisoners" refers to all persons in Defendants' custody in Los Angeles County Jail, whether they are pre-trial detainees or sentenced.

17. Unless otherwise noted, these requests seek all responsive documents and information for the time period March 1, 2009 to September 1, 2009.

**Requests:**

1. All policies, procedures, regulations, guidelines, manuals, directives, post orders, forms, and other documents concerning mental health care at the Jail, including, but not limited to:

6

- Intake screening;
- Initial mental health screening;
- Triage and referrals;
- access to mental health care;
- staffing;
- treatment programs, including outpatient treatment, crisis stabilization units, intermediate care housing units, and inpatient psychiatric hospitalization;
- special issues related to mental health services provided to inmates in locked down housing units such as disciplinary segregation (e.g., mental health screening upon admission, regular mental health rounds, exclusion from such housing when clinically appropriate, etc.);
- informed consent and the right to refuse treatment;
- mental health rounds;
- co-pays;
- use of restraints or seclusion;
- dispensing of psychotropic medication;
- "Keep-on-person" medications for mental health patients;
- Involuntary medication;
- Involuntary psychiatric hospitalization;
- Housing and treatment of prisoners with mental health or developmental issues;
- Management of suicidal inmates, Transfers of mentally ill prisoners to hospitals or other mental health facilities;
- Quality improvement;
- training of correctional staff concerning mental health issues and training of mental health staff regarding correctional and security issues, and
- Discharge planning.

2. All policies, procedures, regulations, guidelines, manuals, post orders, directives,

forms, and other documents relating to Jail operations, including:

- use of force;
- recreation;
- classification;
- gang/security threat group activity;
- visitation;
- housing assignments;
- special needs treatment plans;
- programming;

11

7

- discipline;
- stripping prisoners of clothing;
- restraint and seclusion;
- cell and body searches;
- use of chemical agents to control prisoners;
- loss of privileges, (e.g., recreation time, shower, telephone calls);
- lockdown; and
- protective custody.

3.      Documents showing all prisoners who have attempted or committed suicide, been on suicide watch status, been transferred or are awaiting transfer to a psychiatric facility, or have been transferred to the Jail from a psychiatric facility since September 1, 2007.

4.      Documents identifying prisoners who are currently on the mental health caseload, their current housing location, their current medications (if any), the dosage of those medications, and the frequency of administration.

5.      Documents showing all prisoners currently prescribed psychotropic medications, the dosage of those medications, and the frequency of their administration.

6.      Documents relating to discharge planning and discharge medications for prisoners who were released within the past six months.

7.      Documents chronicling, reporting on, or otherwise concerning the involuntary administration of psychotropic medications on prisoners since September 1, 2008, including all documents identifying prisoners who have been involuntarily medicated.

8.      Documents that chronicle all episodes of the use of restraints, seclusion, or isolated confinement of prisoners who either were on the mental health caseload, or were receiving psychotropic medications, at the time of the episode(s).

8

9.      The current mental health staffing plan for the Jail, indicating which positions are filled, and which are vacant.

10.     The current health care organizational chart for the Jail.

11.     The current housing schema for the Jail, indicating housing designations for each unit by custody, including special needs (medical, mental health, protective custody, administrative segregation, disciplinary segregation, maximum custody) units.

12.     The current classification instrument and any related instructions.

13.     Documents identifying all mental health personnel working at the Jail, and showing their job titles, job descriptions, qualifications (including resumes and licensure documentation), and work schedules.

14.     The health care staffing roster for the first week of each of the last three months, showing the days, hours, and posting/location for all mental health personnel.

15.     All contracts with non-Jail personnel or outside facilities for the provision of mental health services to prisoners.

16.     Incident reports, disciplinary reports, and use of force reports for all prisoners who have been on the mental health caseload, or have received psychotropic medications, at any time during the past twelve months.

17.     Inmate grievances and complaints and the Jail's responses for the past three months.

18.     Annual operational budgets and supporting documents submitted to the County Commissioners for Jail operations for fiscal years 2008-2010, including those for mental health care operations.

9

19.     All quality assurance reviews, expert reports, staffing analyses, audits, investigations, utilization reviews, needs assessments and other documents created since January 2007 assessing mental health care, including, but not limited to, state audits for Title 15 compliance, all reports and audits performed by or for any state agency or the United States Department of Justice, and any documents sent to, or report by the National Commission on Correctional Health Care (NCCHC) or the Joint Commission on the Accreditation of Healthcare Organizations (JCAHO).

20.     All autopsy reports, investigative records, and other documents related to the deaths of all prisoners during the past three years.

21.     Documents concerning all prisoners indentified in response to Requests 4 and 5 above who have been placed in administrative or disciplinary segregation in the past six months, the reason for such placement, and the length of stay.

22.     Documents relating to the operation of the Jail's mental health housing facilities at Twin Towers and other units, including, but not limited screening and admission, individual and group therapy and other programs, specialized training for officers and staff members assigned to the unit, discharge from the unit back to other Jail units or facilities, and discharge planning.

23.     Documents identifying all prisoners in mental health housing in Twin Towers over the past six months; and documents showing their diagnoses, medications, lengths of stay in mental health housing and the reasons for their transfer or release from mental health housing.

10

24.    Documents identifying all prisoners who have been transferred to or from a psychiatric facility in the past twelve months, including the date(s) of their transfer or admission.

25.    Documents identifying all prisoners who are currently awaiting transfer to a psychiatric facility.

26.    The Data Files prepared by Los Angeles County in connection with the County's contract with the Vera Institute.

27.    The following Data Files:

Data File #1: For the past calendar year, the data file of all inmates released from the County Jail System, containing the following data elements for each release:

- Inmate ID number, official name, DOB, gender, Race/Ethnicity
- Admission fate and time, the Law Enforcement or Correctional Agency admitting the inmate, the facility to which the inmate was admitted
- Admission Type (pretrial, sentenced, CDCR parolee)
- Legal Status at admission (pretrial release, probation, parole),
- Primary Charge/Offense at admission (if multiple offenses or charges up to 5 other charges or offenses)
- Custody level and factors at admission
- Release date and time;  facility released from;  type of release (bail, OR, transfer to CDCR, sentenced)
- If sentenced to jail, date of sentence, sentence length
- Custody level and factors at release
- Early Release (Y/N); if released early, the amount of time granted
- Primary Charge/Offense at release (if multiple offenses or charges list up to 5 other charges or offenses at release)

Data File #2: A snap-shot file of the current jail population containing the following elements

- Inmate's ID number, official name, DOB, Gender, Race or Ethnicity
- Admission date and time,  the Law Enforcement/Correctional Agency admitting the inmate,  the Facility to which admitted

11

- Admission Type (pretrial, sentenced, CDCR parolee)
- Legal Status at admission (pretrial release, probation, parole)
- Primary Charge/Offense at admission (if multiple offenses or charges list up to 5 other charges or offenses)
- Custody level and factors at admission
- Current Custody level and factors
- Current facility location, housing unit and cell location
- Special management flags (e.g., PC, Gang, Juvenile, etc.)
- Current legal status at admission (pretrial release, probation, parole)
- If sentenced to jail, sentence length
- Current Primary Charge/Offense at admission (if multiple current offenses or charges list up to 5 other charges or offenses)

# EXHIBIT B

1   PAUL B. BEACH, State Bar No. 166265
    pbeach@lbaclaw.com
2   JUSTIN W. CLARK, State Bar No. 235477
    jclark@lbaclaw.com
3   LAWRENCE BEACH ALLEN & CHOI, PC
    A Professional Corporation
4   100 West Broadway, Suite 1200
    Glendale, California 91210-1219
5   Telephone No. (818) 545-1925
    Facsimile No. (818) 545-1937
6

7   Attorneys for Defendants

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  DENNIS RUTHERFORD, et al.,        )   Case No. CV 75-04111 DDP
                                      )
13              Plaintiffs,           )   Honorable Dean D. Pregerson
                                      )
14      vs.                           )   **DEFENDANT'S RESPONSES TO**
                                      )   **PLAINTIFFS' REQUESTS FOR**
15                                    )   **PRODUCTION OF DOCUMENTS,**
                                      )   **SET ONE (POST-JUDGMENT)**
16  SHERMAN BLOCK, et al.,            )
                                      )
17                                    )
                Defendants.           )
18  _____ )
                                      )
19                                    )

20  PROPOUNDING PARTY:       Plaintiff Dennis Rutherford

21  RESPONDING PARTY:        Defendant Sherman Block

22  SET NO.:                 One (Post-Judgment)

23  ///

24  ///

25  ///

26

27

28

RUTHERFORD\Resp to RFPs

1

**EXHIBIT B**

1   Pursuant to Federal Rules of Civil Procedure, Rule 34(b), Defendant

2   Sherman Block hereby submits the following written response to Plaintiff Dennis

3   Rutherford's Requests for Production, Set One (Post Judgment).

4

5                    <u>General Objections and Reservations</u>

6   Defendant responds to these Requests for Production subject to the

7   accompanying general and specific objections without waiving, but expressly

8   preserving, all such objections.  Defendant also submits these responses subject to

9   and without intending to waive, but expressly preserving: (a) any objections as to

10  the competency, relevance, materiality, privilege or admissibility of any of these

11  responses, and (b) the right to object to the other discovery procedures involving

12  or relating to the subject matter of the response herein.

13  Defendant reserves the right to amend, revise, correct, supplement, or

14  clarify any of the objections and responses herein pursuant to any facts or

15  information gathered at any time subsequent to the date of this response.

16  Moreover, the responses contained herein are not intended to and shall not

17  preclude Defendant from making any contentions or relying upon any facts or

18  documents, whether or not identified or relied upon herein, which result from

19  subsequently discovered information and/or evidence.

20  Defendant incorporates the following general objections (the "General

21  Objections") into the response set forth below as though set forth at length.

22  Defendant objects to this request for production: (1) insofar as it seeks

23  information that is protected by the attorney-client privilege, the attorney work

24  product doctrine and/or any other applicable privilege; (2) insofar as it seeks

25  information that is publicly available and/or uniquely or equally available to

26  Plaintiffs; (3) insofar as it seeks information that is neither relevant to the subject

27  matter of the litigation nor reasonably calculated to lead to the discovery of

28  admissible evidence; (4) insofar as it attempts or purports to impose obligations

RUTHERFORD\Resp to RFPs

2

exceeding those authorized by the Federal Rules of Civil Procedure, including, but not limited to Rule 33 of the Federal Rules of Civil Procedure; (5) insofar as it purports to impose an obligation on Defendant to provide a response for or on behalf of any other person or entity and/or seeks information not in the possession, custody, or control of Defendant; (6) insofar as it violates the right to privacy of Defendant or any other person's right to privacy; (7) insofar as it is overly broad, unduly burdensome, oppressive and/or harassing; (8) insofar as it is compound; and (9) insofar as it is vague, ambiguous and unintelligible.

Notwithstanding the above objections, and expressly reserving the same, Defendant hereby responds to Plaintiffs' Requests For Production as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All policies, procedures, regulations, guidelines, manuals, directives, post orders, forms, and other documents concerning mental health care at the Jail, including, but not limited to:

- Intake Screening;
- Initial mental health screening;
- Triage and referrals;
- Access to mental health care;
- Staffing;
- Treatment programs, including outpatient treatment, crisis stabilization units, intermediate care housing units, and inpatient psychiatric hospitalization;
- Special issues related to mental health services provided to inmates in locked down housing units such as disciplinary segregation (e.g., mental health screening upon admission, regular mental health rounds, exclusion from such housing when clinically appropriate, etc.);
- Informed consent and the right to refuse treatment;
- Mental health rounds;
- Co-pays;
- Use of restraints or seclusion;
- Dispensing of psychotropic medication;

3

- "Keep-on-person" medications for mental health patients;
- Involuntary medication;
- Involuntary psychiatric hospitalization;
- Housing and treatment of prisoners with mental health or developmental issues;
- Management of suicidal inmates, Transfers of mentally ill prisoners to hospitals or other mental health facilities;
- Quality improvement;
- Training of correctional staff concerning mental health issues and training of mental health staff regarding correctional and security issues, and
- Discharge planning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Defendants object to this Request on the grounds that it seeks information that is outside the scope of the Judgment. The terms of the Judgment do not expressly or implicitly address any issues related to the provision of mental health treatment in the Los Angeles County jail ("LACJ") system. Whether or not issues regarding mental health were part of the pleadings or briefed to the Court during the course the proceedings (either pre or post-judgment) is of no consequence. *See, Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994)(judgments are self-contained documents, stating "who has won and what relief has been awarded"); *American Nat'l Bank & Trust Co. of Chicago v. Secretary of HUD of Washington, D.C.,* 946 F.2d 1286, 1289 (7th Cir. 1991); *Claybrook Drilling Co. v. Divanco, Inc.,* 336 F.2d 697 (10th Cir.1964)(the final judgment in a case should be complete and self-contained); Charles Alan Wright & Arthur R. Miller, 11 *Federal Practice and Procedure* § 2785 at 15-16 (1973); *Reytblatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir.1987)(the purpose of the separate judgment required by Fed.R.Civ.P. 58 is to let the parties (and the appellate court) know exactly what has been decided and when); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993)(claims asserted in the pleadings but omitted in the pretrial order cannot be raised at trial and

4

RUTHERFORD\Resp to RFPs

accordingly, cannot be incorporated into a judgment); *Youren v. Tintic School Dist.* 343 F3d 1296, 1305 (10th Cir. 2003)(statute of limitations defense, raised in answer, waived by omission from pretrial order); *In re Hunt*, c238 F.3d 1098, 1101–1102 (9th Cir. 2000)(if an issue is included in the pretrial order, it can be presented at trial even if not previously pled). The terms of the Judgment are very clear and they do not impose any affirmative objections on Defendant.

Post appeal, and despite any suggestion to the contrary, the only remaining orders in the Judgment address: 1) beds; 2) visitation by children; 3) outdoor recreation; 4) indoor recreation; 5) telephones; 6) cell searches; 7) time for meals; and 8) change of clothing. *See, Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227 (1984); *Rutherford v. Pitchess,* 710 F.2d 572 (9th Cir. 1983); *see also,* Exhibit "A" - Judgment.) Accordingly, this Request, which has nothing to do with any of the above orders, seeks documents that are beyond the scope of the Judgment and the Request cannot be characterized as seeking information necessary to show substantial non-compliance with any of the remaining terms of the Judgment. For identical reasons, this Request seeks information that is irrelevant to any claim or defense in this action; is irrelevant to the subject matter of this action as a whole; and, is not reasonably calculated to lead to the discovery of admissible evidence. *See,* FRCP Rule 26(b)(1).

Defendant further objects to this Request because, to the extent these Requests seek information regarding the provision of mental health care in the LACJ system, such issues have already been addressed in this District in *Juan Porras et al v. Los Angeles County,* United States District Court Case No. CV 04-01229 RGK (RNB)(County of Los Angeles granted defense judgment against certified class action claims for injunctive relief based on allegations of systematic inadequacy of medical and mental health care for inmates). This decision was just recently the basis for the Ninth Circuit to dismiss a challenge to the adequacy of the mental health care in the LACJ system. *See, Leandry v.*

5

1   *County of Los Angeles*, 2009 WL 3748147, *1 (9th Cir. 2009) (applying recent
2   authority holding that the County of Los Angeles did not have an unconstitutional
3   pattern or practice of deliberate indifference to inmates' serious medical or mental
4   health needs).

5        Defendant further objects to this Request as vague and ambiguous as to
6   "other documents concerning mental health care at the Jail" as this language
7   essentially requires the production of every document or record that is even
8   remotely related to the provision of mental health treatment in the LACJ system.
9   Defendant further objects this Request as it fails to specify with reasonable
10  particularity the documents requested.

11       Defendant further objects to this Request as overly broad and unduly
12  burdensome. Responding to this Request alone (and particularly, responding to
13  these Requests as a whole), would require the expenditure of a tremendous
14  amount of scarce public resources. (*See*, Declaration of Shaun Mathers, ¶ 4.)
15  This Request seeks documents (including policies and procedures) for a huge
16  array of subjects and the Request includes no time limitation, no facility
17  limitation, nor is it limited to class members. Responding to this Request and
18  Plaintiffs' additional requests below would require the production of at least
19  100,000 pages of records and at least $50,000 in costs to the Los Angeles County
20  Sheriff's Department alone. This estimate does not include any necessary
21  attorney's fees which would be incurred prior to any production to counsel for
22  Plaintiffs . In addition, this Request arguably seeks the complete medical/ mental
23  health file for every inmate receiving mental health care in LACJ as well as a
24  huge volume of other records. Any such records are subject to the restrictions of
25  the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").
26  (*See*, Declaration of Michael Kwan, ¶ 4.)

27       Defendant further objects to this Request to the extent it seeks documents
28  protected from disclosure by the work product doctrine, attorney client privilege,

RUTHERFORD\Resp to RFPs

6

and official information privilege.  Defendant asserts these privileges because the language of the Request is so broad that it is virtually impossible to determine what documents may or may not be responsive and as phrased, certain records may be responsive that would be protected from disclosure by the above-referenced privileges.  (*See*, Declaration of Shaun Mathers, ¶ 4.)

Defendant further objects to this Request due to the fact that it seeks information regarding the provision of mental health care in the LACJ system (and records related thereto) which is currently the subject of a privileged and confidential investigation by the United States Department of Justice ("DOJ") pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. §1997a et seq.  (*See*, Declaration of Michael Kwan, ¶ 5.)  Other than information publically available at http://www.justice.gov/crt/split/cripa.php, information regarding DOJ's investigations or the ongoing monitoring of mental health care in the LACJ system is confidential.

**REQUEST FOR PRODUCTION NO. 2:**

All policies, procedures, regulations, guidelines, manuals, post orders, directives, forms, and other documents relating to Jail operations, including:

- Use of force;
- Recreation;
- Classification;
- Gang/security threat group activity;
- Visitation;
- Housing assignments;
- Special needs treatment plans;
- Programming;
- Discipline;
- Stripping prisoners of clothing;
- Restraint and seclusion;
- Cell and body searches;
- Use of chemical agents to control prisoners;

- Loss of privileges, (e.g., recreation time, shower, telephone calls);
- Lockdown; and
- Protective custody.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1. Defendant further objects this Request as it fails to specify with reasonable particularity the documents requested and is dramatically overbroad. This Request arguably requests all documents (including policies and procedures) regarding "jail operations" without regard for security, operational, or administrative concerns. For these same reasons, the Request is vague and ambiguous.

Without waiving the forgoing objections and subject thereto, Defendant hereby responds as follows:

Defendant agrees to produce LASD policies and procedures regarding visitation, recreation, telephones, and cell searches and any other policies and procedures that Plaintiffs can demonstrate fall within the terms of the Judgment.

**REQUEST FOR PRODUCTION NO. 3:**

Documents showing all prisoners who had attempted or committed suicide, been on suicide watch status, been transferred or are awaiting transfer to a psychiatric facility, or have been transferred to the Jail from a psychiatric facility since September 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1.

Defendant further objects to this Request based on the privacy rights of non-class members and any third party. In addition, this Request seeks information that would be contained in an inmate's medical/ mental health

8

1  records and accordingly, such information/ records are subject to the disclosure
2  restrictions of HIPAA.  (*See*, Declaration of Michael Kwan, ¶ 4.)
3
4  **REQUEST FOR PRODUCTION NO. 4:**
5          Documents identifying prisoners who are currently on the mental health
6  caseload, their current housing location, their current medications (if any), the
7  dosage of those medications, and the frequency of administration.
8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
9          Defendant hereby incorporates by reference the objections stated above in
10  response to Request for Production Nos. 1 and 3.
11
12  **REQUEST FOR PRODUCTION NO. 5:**
13          Documents showing all prisoners currently prescribed psychotropic
14  medications, the dosage of those medications, and the frequency of their
15  administration.
16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
17          Defendant hereby incorporates by reference the objections stated above in
18  response to Request for Production Nos. 1 and 3.
19          Defendant further objects to this Request as vague and ambiguous as it
20  includes no time limitation or time period for responsive records.
21
22  **REQUEST FOR PRODUCTION NO. 6:**
23          Documents relating to discharge planning and discharge medications for
24  prisoners who were released within the past six months.
25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
26          Defendant hereby incorporates by reference the objections stated above in
27  response to Request for Production Nos. 1 and 3.
28

9

RUTHERFORD\Resp to RFPs

1   Defendant further objects to this Request as vague and ambiguous as to

2   "discharge planning" and as to "documents".  For similar reasons, this Request

3   fails to set forth with reasonable particularity the documents sought.

4

5   **REQUEST FOR PRODUCTION NO. 7:**

6   Documents chronicling, reporting on or otherwise concerning the involuntary

7   administration of psychotropic medications on prisoners since September 1, 2008,

8   including all documents identifying prisoners who have been involuntarily

9   medicated.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

11  Defendant hereby incorporates by reference the objections stated above in

12  response to Request for Production Nos. 1 and 3.

13

14  **REQUEST FOR PRODUCTION NO. 8:**

15  Documents that chronicle all episodes of the use of restraints, seclusion, or

16  isolated confinement of prisoners who either were on the mental health caseload, or

17  were receiving psychotropic medications, at the time of the episode(s).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

19  Defendant hereby incorporates by reference the objections stated above in

20  response to Request for Production Nos. 1 and 3.

21  Defendant further objects to this Request as vague and ambiguous as to

22  "episode" and as to "restraints, seclusion."

23  ///

24  ///

25  ///

26

27

28

10

**REQUEST FOR PRODUCTION NO. 9:**

The current mental health staffing plan for the Jail, indicating which positions are filled, and which are vacant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 10:**

The current health care organizational chart for the jail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1. Defendant further objects to this Request as vague and ambiguous as to "current health care organizational chart." Defendant further objects to this Request as it fails to with reasonable particularly the documents requested.

**REQUEST FOR PRODUCTION NO. 11:**

The current housing schema for the Jail, indicating housing designations for each unit by custody, including special needs (medical, mental health, protective custody administrative segregation, disciplinary segregation, maximum custody) units.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1 and 3.

Defendant further objects to this Request based on significant security concerns associated with the release or dissemination of any information which could be used to determine where inmates are housed in a particular custody facility. For the safety of inmates and LASD personnel, records including such

11

information are not the proper subject of discovery as they have no relevance to any claim or defense in this action pre or post-Judgment. *See*, FRCP Rule 26.)

Defendant further objects to this Request as vague and ambiguous as it does not specify from which "jail" records are sought. For this same reason, the Request fails to specify with reasonably particularity which records are responsive.

**REQUEST FOR PRODUCTION NO. 12:**

The current classification instrument and any related instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1. Defendant further objects to this Request as vague and ambiguous as to "current classification instrument."

**REQUEST FOR PRODUCTION NO. 13:**

Documents identifying all mental health personnel working at the Jail, and showing their job titles, job descriptions, qualifications (including resumes and licensure documentation), and work schedules.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1. Defendant further objects to this Request based on the privacy rights of County employees and pursuant to the official information privilege. (*See*, Declaration of Shaun Mathers.)

**REQUEST FOR PRODUCTION NO. 14:**

The health care staffing roster for the first week of each of the last three months, showing the days, hours, and posting/location for all mental health personnel.

12

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1, 3, and 13. Defendant further objects to this Request as it seeks information that is irrelevant to any claim or defense in this action; is irrelevant to the subject matter of this action as a whole; and, is not reasonably calculated to lead to the discovery of admissible evidence. *See*, FRCP Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 15:**

All contracts with non-Jail personnel or outside facilities for the provision of mental health services to prisoners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 16:**

Incident reports, disciplinary reports, and use of force reports for all prisoners who have been on the mental health caseload, or have received psychotropic medications, at any time during the past twelve month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1 and 3. Defendant further objects to this Request based on the extreme burden it would place on the LASD as it would require essentially a hand search of thousands of inmate records which would be prohibitively costly. (*See*, Declaration of Shaun Mathers, ¶ 4.)

///
///
///

**REQUEST FOR PRODUCTION NO. 17:**

Inmate grievances and complaints and the Jail's responses for the past three months.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1 and 16. Defendant further objects to this Request as overly broad as it is not limited to complaints associated with the terms of the Judgment and to the extent if seeks documents regarding non-class members. (*See*, Exhibit "A" - Judgment.)

**REQUEST FOR PRODUCTION NO. 18:**

Annual operational budgets and supporting documents submitted to the County Commissioners for Jail operations for fiscal years 2008-2010, including those for mental health care operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1. Defendant further objects to this Request as vague and ambiguous and nonsensical because the County of Los Angeles does not have "County Commissioners."

Without waiving the forgoing objections and subject thereto, Defendant hereby responds as follows:

To the extent this Request seeks information regarding the County of Los Angeles' budget, that information is publically available at www.lacounty.gov.

**REQUEST FOR PRODUCTION NO. 19:**

All quality assurance reviews, expert reports, staffing analyses, audits, investigations, utilization reviews, needs assessments and other documents created since January 2007 assessing mental health care, including, but not limited to, state

14

1     audits for Title 15 compliance, all reports and audits performed by or for any state

2     agency or the United States Department of Justice, and any documents sent to, or

3     report by the National Commission on Correctional Health Care (NCCHC) or the

4     Joint Commission on the Accreditation of Healthcare Organizations (JCAHO).

5     **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6        Defendant hereby incorporates by reference the objections stated above in

7     response to Request for Production No. 1. (*See*, Declaration of Michael Kwan, ¶

8     5.)

9

10     **REQUEST FOR PRODUCTION NO. 20:**

11        All autopsy reports, investigative records, and other documents related to the

12     deaths of all prisoners during the past three years.

13     **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

14        Defendant hereby incorporates by reference the objections stated above in

15     response to Request for Production Nos. 1, 3, and 13. Defendant further objects to

16     this Request to the extent it seeks documents that are publically available such as

17     autopsy reports prepared by the Los Angele County Coroner's Office.

18        Defendant further objects to this Request to the extent it seeks documents

19     protected from disclosure by the attorney client privilege, work product doctrine,

20     or official information privilege. (*See*, Declaration of Shaun Mathers, ¶¶ 5-17.)

21

22     **REQUEST FOR PRODUCTION NO. 21:**

23        Documents concerning all prisoners identified in response to Requests 4 and

24     5 above who have been placed in administrative or disciplinary segregation in the

25     past six months, the reason for such placement, and the length of stay.

26     **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

27        Defendant hereby incorporates by reference the responses to Request for

28     Production Nos. 4 and 5 above.

15

**REQUEST FOR PRODUCTION NO. 22:**

Documents relating to the operation of the Jail's mental health housing facilities at Twin Towers and other units, including, but not limited screening and admission, individual and group therapy and other programs, specialized training for officers and staff members assigned to the unit, discharge from the unit back to other Jail units or facilities, and discharge planning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1 and 3. Defendants further object to this Request as vague and ambiguous as to "documents", "units", "specialized training", and "discharge planning."

**REQUEST FOR PRODUCTION NO. 23:**

Documents identifying all prisoners in mental health housing in Twin Towers over the past six months; and documents showing their diagnoses, medications, lengths of stay in mental health housing and the reasons for their transfer or release from mental health housing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production Nos. 1 and 3.

**REQUEST FOR PRODUCTION NO. 24:**

Document provided by Los Angeles County to the Pretrial Institute (PTI) and documents received by the County from PTI, in connection with PTI's contract with the County.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1. Defendant further objects to this

16

RUTHERFORD\Resp to RFPs

1   Request as it seeks information that is irrelevant to any claim or defense in this
2   action; is irrelevant to the subject matter of this action as a whole; and, is not
3   reasonably calculated to lead to the discovery of admissible evidence. *See*, FRCP
4   Rule 26(b)(1).
5
6   **REQUEST FOR PRODUCTION NO. 25:**
7         Documents identifying all prisoners who have been transferred to or from a
8   psychiatric facility in the past twelve months, including the date(s) of their transfer
9   or admission.
10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**
11        Defendant hereby incorporates by reference the objections stated above in
12  response to Request for Production Nos. 1 and 3.
13
14  **REQUEST FOR PRODUCTION NO. 26:**
15        Documents identifying all prisoners who are currently awaiting transfer to a
16  psychiatric facility.
17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**
18        Defendant hereby incorporates by reference the objections stated above in
19  response to Request for Production Nos. 1 and 3.  Defendant further objects to
20  this Request as vague and ambiguous as to "currently" and as to "psychiatric
21  facility."
22
23  **REQUEST FOR PRODUCTION NO. 27:**
24        The Data Files prepared by Los Angeles County in connection with the
25  County's contract with Vera Institute and in particular the following Data Files:
26        Data File #1:  For the past calendar year, the data file of all inmates released
27  from the County Jail System, containing the following data elements for each
28  release:

17

- Inmate ID number, official name, DOB, gender, Race/Ethnicity
- Admission fate and time, the Law Enforcement or Correctional Agency admitting the inmate, the facility to which the inmate was admitted
- Admission Type (pretrial, sentenced, CDCR parolee)
- Legal status at admission (pretrial release, probation, parole)
- Primary Charge/Offense at admission (if multiple offenses or charges up to 5 other charges or offenses)
- Custody level and factors at admission
- Release date and time; facility released from; type of release (bail, or, transfer to CDCR, sentenced)
- If sentenced to jail, date of sentence, sentence length
- Custody level and factors at release
- Early Release (Y/N); if released early, the amount of time granted
- Primary Charge/Offense at release (if multiple offenses or charges list up to 5 other charges or offenses at release)

Data File #2: A snap-shot file of the current jail population containing the following elements

- Inmate's ID number, official name, DOB, Gender, Race or Ethnicity
- Admission date and time, the Law Enforcement/Correctional Agency admitting the inmate, the facility to which admitted
- Admission Type (pretrial, sentenced, CDCR parolee)
- Legal Status at Admission (pretrial release, probation, parole)
- Primary Charge/Offense at admission (if multiple offenses or charges list up to 5 other charges or offenses)
- Custody level and factors at admission
- Current Custody level and factors
- Current facility location, housing unit and cell location
- Special management flags (e.g., PC, Gang, Juvenile, etc.)
- Current legal status at admission (pretrial release, probation, parole)
- If sentenced to jail, sentence length
- Current Primary Charge/Offense at admission (if multiple current offenses or charges list up to 5 other charges or offenses)

///

18

RUTHERFORD\Resp to RFPs

35

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant hereby incorporates by reference the objections stated above in response to Request for Production No. 1. Defendant further objects to this Request as overly broad, unduly burdensome, and prohibitively costly due to the fact that this Request seeks information regarding all of the approximately 20,000 inmates housed in the LACJ system on any given day. There is no legitimate reason for Plaintiffs to propound such a sweeping discovery request nor can such information be characterized as relevant to any claim or defense in this action. Defendant further objects to this Request to the extent it seeks information that would violate the privacy rights of non-class members and third parties. Defendant further objects to this Request to the extent it implicates potential security threats such as the dissemination of information regarding gang member classifications

Dated:  December 9, 2009

LAWRENCE BEACH ALLEN & CHOI, PC

By _____
Justin W. Clark
Attorneys for Defendant
Sherman Block, et al.

19

36

# EXHIBIT C

# BINGHAM

Stacy W. Harrison
Direct Phone:   310.255.9169
Direct Fax:    310.907.2169
stacy.harrison@bingham.com

May 24, 2010

**Via US Mail and E-mail**

Mr. Justin W. Clark
100 West Broadway, Suite 1200
Glendale, California 91210
jclark@lbaclaw.com

Re:   Plaintiffs' First Set of Requests for Production of Documents in
      *Rutherford v. Baca, et al.*, Civil No. 75-04111 DPP

Dear Justin:

On April 6, 2010, we sent you a letter regarding the parties' L.R. 37-1 meet and confer held on March 3 regarding the *Rutherford* Plaintiffs' First Set of Requests for Production of Documents. In that letter, we asked Defendants to produce a more narrow subset of documents covered by the RFPs in the hope of avoiding time-consuming motion practice for both parties. To date we have not received a response to the April 6 letter.

Although it appears that the parties have reached an impasse and that we will be forced to move to compel production of the documents to which we are entitled, this letter constitutes a final effort to meet and confer on these document requests. The requests have been narrowed even further here in an effort to compromise. As noted in our April 6 letter, we specifically reserve our rights to seek production of the documents and materials responsive to the RFPs as set forth in the First Set of Requests for Production of Documents served on you in September 2009, either by way of these RFPs or in response to future RFPs.

Finally, it has come to our attention that several requests which you have claimed are burdensome do not appear to be burdensome at all. First, in regards to documents requesting policies and procedures, it is our understanding that they are encompassed within one document, the CDM, which was produced to the Corrections Standard Authority recently and which could therefore readily be updated and produced to us. Second, the FAST system that allows LASD to track and monitor prisoner complaints should allow for the expeditious production of documents regarding complaints (RFP No. 17). Third, LASD has previously turned over the AJIS data in database form, in *Davey v. County of Los Angeles*, LASC Case No. BC 182579 and *Derkallessalian v. County of Los Angeles*, LASC Case No. BC 204624. Not only is there precedent for producing these data files, defendants should be able to readily produce this information to *Rutherford* plaintiffs in response to RFP Nos. 26 and 27 (data files).

Below please find the RFPs as further narrowed:

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
The Water Garden
Fourth Floor
North Tower
1620 26th Street
Santa Monica, CA
90404-4060

T 310.907.1000
F 310.907.2000
bingham.com

A/73376766.3

**EXHIBIT C**

Mr. Justin W. Clark
May 24, 2010
Page 2

RFP No. 1

- Policies, procedures, regulations, guidelines, manuals, post orders, directives, and forms for Men's Central Jail ("MCJ"), Twin Towers ("TT"), and the Inmate Reception Center ("IRC") regarding mental health care, including the following:

    o   initial mental health screening;
    o   triage and referrals;
    o   mental health staffing;
    o   special issues related to mental health services provided to inmates in locked down housing units such as disciplinary segregation (e.g., mental health screening upon admission, regular mental health rounds, exclusion from such housing when clinically appropriate, etc.);
    o   informed consent and the right to refuse treatment;
    o   co-pays;
    o   dispensing of psychotropic medication;
    o   "keep-on-person" medications for mental health patients;
    o   involuntary medication;
    o   housing and treatment of prisoners with mental health and developmental issues;
    o   policies and procedures regarding access to mental health care;
    o   policies and procedures, post orders, and training materials regarding the use of restraints or seclusion;
    o   policies and procedures and post orders regarding involuntary psychiatric hospitalization;
    o   policies and procedures and post orders regarding management of suicidal inmates, and transfers of mentally ill prisoners to hospitals or other mental health facilities; and
    o   discharge planning policies and procedures, including those from the Community Transition Unit.
- Health screening policy and form;
- Documents describing all mental health programs offered at MCJ, attendance lists for all mental health programs and classes over the past ninety days at both MCJ and TT, a description of each of these programs/classes, and all materials that were distributed to prisoners who attended;
- Rounds by mental health staff/JMET, likely documented in unit logs, on each segregation unit at MCJ over the past ninety days;
- Quality improvement programs descriptions, quality improvement studies, and quality improvement meeting minutes for the past twelve months; and
- Handouts, attendance sheets, and descriptions of classes of pre-service and in-service mental health trainings received by all staff and TT custody staff over the past six months.
- A list of all prisoners identified in response to RFPs 4 and 5, below, who were discharged from MCJ or TTI over the past ninety days.

Mr. Justin W. Clark
May 24, 2010
Page 3

RFP No. 2

- Policies, procedures, regulations, guidelines, manuals, post orders, directives, and forms for MCJ, TT, and the IRC regarding the following:

  o use of force;
  o indoor and outdoor recreation;
  o housing assignments;
  o special needs treatment plans;
  o discipline;
  o stripping prisoners of clothing;
  o loss of privileges (e.g., recreation time, shower, telephone calls);
  o lockdown;
  o protective custody;
  o policies and procedures regarding classification;
  o policies and procedures for MCJ, TT, and the IRC regarding visitation, including movement to visits and distribution of visitation passes;
  o policies and procedures, post orders, and training materials for MCJ, TT, and the IRC regarding the use of restraints or seclusion; and
  o policies and procedures, post orders, and training materials for MCJ, TT, and the IRC related to the use of chemical agents to control prisoners and logs documenting all uses of chemical agents to control prisoners over the past six months.

- Documents describing programming, including all programs offered to MCJ and TT prisoners in the past ninety days, descriptions of all programs offered to MCJ prisoners housed in segregation in the past ninety days, attendance sheets for all programs offered to MCJ prisoners over the past ninety days, and recreations log from MCJ for the past thirty days.

RFP No. 3

Documents, including lists, showing all prisoners who have attempted suicide or been on suicide watch during the past six months; and documents, including lists and psychological autopsies, showing all in-custody deaths and suicides during the past three years.

RFP No. 4

Documents, including a master list, identifying prisoners at MCJ and TT who are currently on the mental health caseload, their current housing location, their current medications (if any), the dosage of those medications and the frequency of administration, and whether they are refusing treatment.

Mr. Justin W. Clark
May 24, 2010
Page 4

RFP No. 5

Documents showing all prisoners currently prescribed psychotropic medications, the dosage of those medications, and the frequency of their administration.

RFP No. 6

Documents relating to discharge planning, including a log of prisoners the discharge planner has assisted, and discharge medications, including discharge medication logs, for prisoners who were released within the past ninety days from MCJ, TT, and IRC.

RFP No. 7

Documents, including involuntary medication logs and court orders for involuntary treatment, chronicling, reporting on, or otherwise concerning the involuntary administration of psychotropic medications on prisoners over the past six months, including documents identifying prisoners who have been involuntarily medicated.

RFP No. 8

Documents, including logs regarding therapeutic and custodial restraints, of all episodes over the past six months of the use of restraints, seclusion, or isolated confinement of prisoners who either were on the mental health caseload, or were receiving psychotropic medications, at the time of the episode(s).

RFP No. 9

The current mental health staffing plan for the Jail, indicating which positions are filled, and which are vacant.

RFP No. 10

The current health care organizational chart for the Jail.

RFP No. 11

The current housing schema for the Jail, indicating housing designations for each unit by custody, including special needs (medical, mental health, protective custody, administrative segregation, disciplinary segregation, maximum custody) units.

RFP No. 12

The current classification instrument, and any related instructions, instructing staff on how to classify prisoners.

Mr. Justin W. Clark
May 24, 2010
Page 5


RFP No. 13

Documents identifying all mental health personnel working at the Jail, and showing their
job titles, job descriptions, and qualifications (including resumes and licensure
documentation).

RFP No. 14

The health care staffing roster for the first week of each of the last three months, showing
the days, hours, and posting/location for all mental health personnel.

RFP No. 15

All contracts with non-Jail personnel or outside facilities for the provision of mental
health services to prisoners.

RFP No. 16

Use of force, incident report and disciplinary logs for all prisoners who have been on the
mental health caseload, or have received psychotropic medications, at any time during the
past six months.

RFP No. 17

MCJ inmate grievances and complaints and the Jail's responses from the past week.

RFP No. 18

Annual operational budgets and supporting documents submitted to LASD authorities for
Jail operations for fiscal years 2008-2010, including those for mental health care
operations.

RFP No. 19

All quality assurance reviews, expert reports, staffing analyses, audits, investigations,
utilization reviews, needs assessments and other documents created since January 2007
assessing mental health care, including, but not limited to, state audits for Title 15
compliance, all reports and audits performed by or for any state agency or the United
States Department of Justice, and any documents sent to, or report by the National
Commission on Correctional Health Care (NCCHC) or the Joint Commission on the
Accreditation of Healthcare Organizations (JCAHO).

RFP No. 20

All autopsy reports, investigative records, and other documents related to the deaths of all
prisoners during the past three years.

Mr. Justin W. Clark
May 24, 2010
Page 6

RFP No. 21

Documents concerning all prisoners indentified in response to Requests 4 and 5 above
who have been placed in administrative or disciplinary segregation in the past six months,
the reason for such placement, and the length of stay.

RFP No. 22

All policies, program descriptions and schedules, and procedures relating to the operation
of the Jail's mental health housing facilities at TT and other units, including, but not
limited to, those covering screening and admission, individual and group therapy and
other programs, specialized training for officers and staff members assigned to the unit,
discharge from the unit back to other Jail units or facilities, and discharge planning.

RFP No. 23

Logs or reports identifying all prisoners admitted to TT 1 from the IRC and MCJ, and
discharged from TT 1 to MCJ, over the past six months.

RFP No. 24

Hospitalization logs, psychiatric hospitalization logs, and transportation logs, identifying
all prisoners who have been transferred to or from a psychiatric facility from either the
IRC or MCJ in the past six months, including the date(s) of their transfer or admission.

RFP No. 25

Current hospitalization waiting lists, identifying all prisoners who are currently waiting
transfer to a psychiatric facility.

RFP No. 26

The Data Files prepared by Los Angeles County in connection with the County's contract
with the Vera Institute.

RFP No. 27

The following Data Files:

Data File #1: For the past calendar year, the data file of all inmates released from the
County Jail System, containing the following data elements for each release:

- Inmate ID number, official name, DOB, gender, Race/Ethnicity
- Admission date and time, the Law Enforcement or Correctional Agency
  admitting the inmate, the facility to which the inmate was admitted
- Admission Type (pretrial, sentenced, CDCR parolee)

Mr. Justin W. Clark
May 24, 2010
Page 7

- Legal Status at admission (pretrial release, probation, parole)
- Primary Charge/Offense at admission (if multiple offenses or charges list up to 5 other charges or offenses)
- Custody level and factors at admission
- Release date and time; facility released from; type of release (bail, OR, transfer to CDCR, sentenced)
- If sentenced to jail, date of sentence, sentence length
- Custody level and factors at release
- Early Release (Y/N); if released early, the amount of time granted
- Primary Charge/Offense at release (if multiple offenses or charges list up to 5 other charges or offenses at release)

Data File #2: A snap-shot file of the current jail population containing the following elements:

- Inmate's ID number, official name, DOB, Gender, Race or Ethnicity
- Admission date and time, the Law Enforcement/Correctional Agency admitting the inmate, the facility to which inmate was admitted
- Admission Type (pretrial, sentenced, CDCR parolee)
- Legal Status at admission (pretrial release, probation, parole)
- Primary Charge/Offense at admission (if multiple offenses or charges list up to 5 other charges or offenses)
- Custody level and factors at admission
- Current Custody level and factors
- Current facility location, housing unit and cell location
- Special management flags (e.g., PC, Gang, Juvenile, etc.)
- If sentenced to jail, sentence length
- Current Primary Charge/Offense at admission (if multiple current offenses or charges list up to 5 other charges or offenses)

The narrowed requests above represent the requests on which we will move to compel, should such action be necessary. For purposes of this meet and confer only, however, if you indicate that you are amenable to producing logs/lists for the following requests (as specified below), we will review the information provided, request and review selected medical records from the listed prisoners, and possibly forestall filing a motion to compel on the specifically identified requests below. For each of these requests, please tell us if you are, or are not, able to produce the requested logs/lists using your current records/management information system.

<u>RFP No. 3</u>

*A list of* all prisoners who have attempted suicide or been on suicide watch during the past six months; and documents, including lists and psychological autopsies, showing all in-custody deaths and suicides during the past three years.

Bingham McCutchen LLP
bingham.com      A/73376766.3

Mr. Justin W. Clark
May 24, 2010
Page 8

RFP No. 4

*A master list*, identifying prisoners at MCJ and TT who are currently on the mental health caseload, their current housing location, their current medications (if any), the dosage of those medications and the frequency of administration, and whether they are refusing treatment.

RFP No. 5

*A log of* all prisoners currently prescribed psychotropic medications, the dosage of those medications, and the frequency of their administration.

RFP No. 6

*A log of* prisoners the discharge planner has assisted, and discharge medications, including discharge medication logs, for prisoners who were released within the past ninety days from MCJ, TT, and IRC.

RFP No. 7

*All lists*, including involuntary medication logs and court orders for involuntary treatment, chronicling, reporting on, or otherwise concerning the involuntary administration of psychotropic medications on prisoners over the past six months, including documents identifying prisoners who have been involuntarily medicated.

RFP No. 8

*A log/list*, of all episodes over the past six months of the use of restraints (therapeutic or custodial), seclusion, or isolated confinement of prisoners who either were on the mental health caseload, or were receiving psychotropic medications, at the time of the episode(s).

RFP No. 21

*A list of* all prisoners indentified in response to Requests 4 and 5 above who have been placed in administrative or disciplinary segregation in the past six months, the reason for such placement, and the length of stay.

Mr. Justin W. Clark
May 24, 2010
Page 9

If we do not receive a response within 5 business days of this letter's date, we will have
no choice but to move forward with our portion of a Joint Stipulation to compel
production of these requests, as narrowed on pages 2-7 of this letter.

Sincerely,

Stacy W. Harrison

# EXHIBIT D

# LAWRENCE BEACH | ATTORNEYS AT LAW
## |ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

June 4, 2010

**VIA E-MAIL AND U.S. MAIL**

Stacy W. Harrison, Esq.
Bingham McCutchen LLP
1620 26th Street, 4th Floor
Santa Monica, CA 90404

Re:   Rutherford, et al. v. Block, et al.
        U.S.D.C. Case No. CV 75-04111 DDP

Dear Ms. Harrison:

This letter is written in response to your letter dated May 24, 2010, regarding Plaintiffs' First Set of Requests for Production of Documents (Post Judgment)("the subject discovery") in the above-referenced matter.

First, in response to your assertions regarding the Custody Division Manual ("CDM"), I have conferred with Sheriff's Department personnel and your statement that the entire CDM was provided to the Corrections Standards Authority ("CSA") on disc is not accurate. Even assuming that the entire CDM was provided to CSA as you claim, that fact would not establish any precedent for the production of the CDM to Plaintiffs. Further, your continuing efforts to have the entire CDM produced ignore the objections that were asserted in response to the subject discovery and my subsequent explanations to you during the parties' meet and confer.

Second, in response to your assertions regarding the F.A.S.T. system and the purported lack of a burden associated with the production of inmate complaints, here again, your letter fails to acknowledge the information that has already been provided to you. As I explained in my March 12, 2010 letter to you, inmate complaints are not scanned into a database as your letter suggests and, instead, are maintained at the facility originating the complaint. Your statement that the F.A.S.T. system could allow for the "expeditious production of documents" is simply inaccurate.

Third, with respect to document productions in *Davey v. County of Los Angeles*, LASC Case No. BC 182579, and *Derkallessalian v. County of Los Angeles*, LASC Case No. BC 204624,

**EXHIBIT D**

48

LAWRENCE BEACH    ATTORNEYS AT LAW
ALLEN & CHOI · PC

Stacy W. Harrison
Re: Rutherford, et. al. v. Block, et al.
June 4, 2010
Page 2

your assertions are inaccurate and entirely out of context. Neither the ACLU nor anyone from
your office was involved in either case and, therefore, you are not aware of the extreme burden,
cost, and difficulty that was involved in the discovery in those cases. Even ignoring Defendants'
undue burden and cost objections (as well as Defendants' other objections), in fact, the data files
at issue (responsive to RFP Nos. 26 and 27) were specifically discussed at the last status
conference with Judge Pregerson on April 20, 2010. In discussing Dr. Austin's proposed
involvement in this case, Plaintiffs' counsel specifically requested that the data files be provided
to Dr. Austin and the Court declined to order the Sheriff's Department to produce them because
they are part of an on-going evaluation of the entire Los Angeles County criminal justice system.
Further, as you are well aware, at the last status conference, the parties and the District Court
agreed to a process involving the subject dorms and Dr. Austin. Your repeated requests for the
data files ignore Judge Pregerson's clear directives and the agreements made by the parties at the
last status conference.

While Defendants appreciate Plaintiffs' efforts to "narrow" the scope of the subject
discovery, in most cases, you have not narrowed the requests whatsoever. The requests, even as
"narrowed", still present an undue burden and expense to Defendants. Further, to date, Plaintiffs
have not presented any acceptable solution to Defendants' very real concerns associated with the
disclosure of information protected by the Health Insurance Portability and Accountability Act of
1996 ("HIPAA") and, as I explained to you in my March 12, 2010 letter, medical records cannot
be released, even to an inmate's counsel, without a signed release from the subject inmate. The
fact that a class has been certified in this case is of no consequence and to date, you have not
provided any authority indicating otherwise. Further, all of these issues assume, for purposes of
discussion, that Plaintiffs overcome a threshold entitlement to mental health related discovery
which has not yet occurred.

In spite of the above, I have provided a copy of your letter to Sheriff's Department and
Department of Mental Health personnel for purposes of investigating whether a compromise
based on your log/list proposition is possible. Perhaps if the parties can agree on a protective
order, a production of some kind might be possible from which Plaintiff could obtain names for
particular inmates and then seek releases from those inmates to authorize the production of their
medical records. Once I have had a reasonable opportunity to confer with relevant County
personnel, I will provide you with an update.

While I remain willing to discuss issues with you in the spirit of reaching an informal
resolution of issues discussed herein, should you choose to move forward with a joint discovery
stipulation before I have an opportunity to brief my clients on your log/list proposal, please be
advised that I will be out of state on a family vacation during the week of June 13.

LAWRENCE BEACH  ATTORNEYS AT LAW
ALLEN & CHOI · PC

Stacy W. Harrison
Re:  Rutherford, et. al. v. Block, et al.
June 4, 2010
Page 3


In the event Plaintiffs move forward with a motion to compel further production of
documents responsive to the subject discovery, I respectfully request that you either not serve
Plaintiff's portions until after June 21, 2010, or agree to provide me with sufficient time after I
return from vacation to prepare Defendants' portions.  Thank you in advance your consideration.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

Justin W. Clark

50

# EXHIBIT E

# BINGHAM

Stacy W. Harrison
Direct Phone:   310.255.9169
Direct Fax:   310.907.2169
stacy.harrison@bingham.com

June 17, 2010

**Via US Mail and E-mail**

Mr. Justin W. Clark
100 West Broadway, Suite 1200
Glendale, California 91210
jclark@lbaclaw.com

Re:   Plaintiffs' First Set of Requests for Production of Documents in
      *Rutherford v. Baca, et al.*, Civil No. 75-04111 DPP

Dear Justin:

This is in response to your letter dated June 4, 2010 regarding Plaintiffs' First Set of
Requests for Production of Documents.

Despite your representation that you would confer with the Sheriff's Department
regarding a possible compromise based upon the last proposal in our May 24, 2010 letter,
we have not heard from you. As such, it appears we have reached an impasse on that
proposal, as well as on all other proposals for compromise that we have made.

We also are compelled to respond to the misstatements in your letter regarding what
transpired at the last status conference. First, no agreements were reached between the
parties about the subject dorms, Dr. Austin, or otherwise. Second, Judge Pregerson did
not "decline to order" the production of the data files requested by Request Nos. 26 and
27. Indeed, Judge Pregerson commented that the data files, in fact, probably are
discoverable, and he did not understand why Defendants would spend time and money
fighting a motion to compel that data.

Also, we have more than sufficiently addressed your concerns associated with HIPPA
regulations. In our very first meet and confer letter, we provided you with a draft
protective order that would adequately protect any privacy rights affected by disclosure
of the inmates' medical records. Moreover, **inmate authorization is not necessary for
disclosure since these documents are being sought via discovery**. 45 C.F.R. 164.512
details the uses and disclosures for which authorization to release protected health
information is *not* required under HIPAA. HIPAA permits the use and disclosure of
protected health information--without an individual's authorization or permission--for
twelve recognized national priority purposes. *See* Summary of the HIPAA Privacy Rule,
OCR Privacy Brief, published by the U.S. Department of Health & Human Services, p. 6.
One of those purposes is disclosure of health information in response to discovery
requests. *See* 45 C.F.R. 164.512(e)(1)(ii) (protected health information may be
disclosed in the course of any judicial proceeding "[i]n response to a subpoena,

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
The Water Garden
Fourth Floor
North Tower
1620 26th Street
Santa Monica, CA
90404-4060

T 310.907.1000
F 310.907.2000
bingham.com

A/73404356.1

**EXHIBIT E**

52

Mr. Justin W. Clark
June 17, 2010
Page 2

*discovery request*, or other lawful process....") (emphasis added).  Defendants
therefore cannot avoid their discovery obligations by hiding behind HIPAA.

While we still are willing to discuss possible resolutions to our discovery disputes, due to
Defendants' lack of cooperation, we have no choice but to move forward accordingly.

Sincerely,

*Stacy W. Harrison (JS)*

Stacy W. Harrison