PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
MATTHEW P. ALLEN, State Bar No. 265118
mpa@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUEMNTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///

///

///

1

RUTHERFORD\RJN

1  Defendants Sherman Block, et al. hereby request that the Court take judicial notice of the following cases in support Defendants' portion of Joint Stipulation Regarding Plaintiffs' Motion to Compel Responses to First Set of Requests for Production of Documents:

    1. *Juan Porras, et al. v. County of Los Angeles, et al.*, Case No. CV 04-1229-RGK (RNBx) (holding that the County of Los Angeles and the Los Angeles County Sheriff's Department provide constitutionally adequate medical care in the Los Angeles County Jail system). For the Court's convenience, a true and correct copy of the *Porras* court's order granting the County summary judgment is attached as Exhibit "A".

    2. *Leandry v. County of Los Angeles*, 2009 WL 3748147 (9th Cir. 2009) (holding County of Los Angeles did not have an unconstitutional pattern or practice of deliberate indifference to inmates serious medical or mental health needs).

Dated: October 6, 2010

LAWRENCE BEACH ALLEN & CHOI, PC

By     /s/ Matthew P. Allen
    Matthew P. Allen
    Attorneys for Defendants
    Defendants Sherman Block, et al.

RUTHERFORD\RJN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE HOLDINGS OF OTHER FEDERAL CASES MAY BE JUDICIALLY NOTICED.

It is well-established that "matters of public record, including court records may be looked to when ruling on a 12(b)(6) motion to dismiss." *In re American Continental Corp.*, 102 F.3d 1524, 1537 (9th Cir. 1996); *Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 1995) ("a court may look beyond the plaintiff's complaint to matters of public record"). Judicial notice may be taken of documents filed and orders or decisions entered in any federal or state court. *See, Holder v. Holder*, 305 F3d 854, 866 (9th Cir. 2002); *United States v. Warneke*, 199 F3d 906, 909, fn. 1 (7th Cir. 1999); *Fru-Con Const. Corp. v. Controlled Air, Inc.* 574 F3d 527, 541, fn. 9 (8th Cir. 2009) (court may judicially notice proceedings in other courts relating to matters at issue).

The documents for which judicial notice is hereby requested – the holdings of two federal cases – are such a public record of which judicial notice may be taken. Defendants only request that the Court take judicial notice of the existence of these holdings, not of the veracity of the allegations in each case. *See, Emst v. Child & Youth Servs. f Chester County*, 108 F.3d 486, 498 (3rd Cir. 1997); *FDIC v. O'Flahaven*, 857 F.Supp. 154, 157-158 (D. NH. 1994).

Dated: October 6, 2010                    LAWRENCE BEACH ALLEN & CHOI, PC


By      /s/ Matthew P. Allen
        Matthew P. Allen
        Attorneys for Defendants
        Defendants Sherman Block, et al.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No.: | CV 04-1229-RGK (RNBx) | Date: | October 31, 2006 |
|---|---|---|---|
| Title: | *JUAN PORRAS, et al. v. COUNTY OF LOS ANGELES, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

Proceedings:    **(IN CHAMBERS) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT (Docket Entry 178)**

### I. INTRODUCTION

On February 24, 2004, Juan Porras ("Porras") and Donald Grigsby ("Grigsby") (collectively "Plaintiffs"), individually and on behalf of putative class members, filed suit against the County of Los Angeles (the "County") and the Los Angeles County Sheriff's Department ("LASD") (collectively "Defendants"). Plaintiffs claim that Defendants violated their Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983[1] by failing to provide adequate medical care for serious medical conditions in their facilities while in the custody of the Los Angeles County Jail in July 2003.

On March 24, 2005, the Court certified an injunctive relief subclass under Federal Rule of Civil Procedure ("Rule") 23(b)(2) but denied, without prejudice, certification of the nominal damages subclass under Rule 23(b)(2). The Court defined the injunctive relief class, which was subsequently amended by the Court on August 31, 2005 as follows:

> The instant order certifies a class consisting of present and future pretrial detainees and post-conviction inmates who have sought or will seek medical care while they are or will be in Defendants' custody in the Men's Central Jail and Twin Tower facilities.

---

[1] 42 U.S.C. § 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Presently before the Court is Defendant's Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment.

## II.   FACTUAL BACKGROUND

The alleged facts are as follows:

### A.   Porras and Grigsby

Porras suffered from necrosis in both legs, hepatitis C, partial paralysis below his hips, and other serious medical conditions. Porras claims that Defendants' refusal to treat his injuries and provide him with the appropriate medication exacerbated his condition. During the period between July and October 2003, the LASD unjustifiably denied and delayed Porras necessary medical care, including treatment of his necrosis and appropriate pain management. As a result, Porras claims that he suffered extreme pain.

Grigsby suffered from an array of medical conditions, including schizophrenia, high blood pressure, and diabetes. In July 2003, Grigsby suffered a recurrence of testicular atrophy resulting in extreme pain. Grigsby alleges that Defendants refused him prompt medical treatment of his testicular torision and the pain it caused. Grigsby claims he suffered, without treatment, for at least two weeks before the LASD granted him an examination by a urologist. When Grigsby was transported to the Los Angeles County - USC Hospital, staff there examined him and administered morphine to stabilize his pain. The medical staff conducted an ultrasound of Grigsby's testicle and determined that surgical amputation of the testicle was recommended to control pain and to prevent gangrene. Grigsby agreed to the procedure. The surgery was scheduled for September 22, 2003, over a month later. Grigsby alleges that during the month long wait he did not receive the necessary treatment for his medical condition. Specifically, he did not receive adequate medication to manage his pain.

### B.   Facts Pertinent to the Class

Plaintiffs argue that the facts of Porras and Grigsby's individual claims are but "a microcosm" of the experience of thousands of other Los Angeles County Jail inmates.[2] Plaintiffs allege that every year thousands of inmates receive medical care only after obtaining an order compelling such from the Superior Court judge presiding over their criminal case. For example, between April 2001 and 2006, Plaintiffs claim that 31,151 court orders have been issued compelling the LASD to provide an inmate access to a physician.

## III.   JUDICIAL STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Upon such showing, the Court may grant summary judgment "upon all or any part thereof." Fed. R. Civ. P. 56(a), (b).

---

[2] Plaintiffs offer the accounts of several inmates besides Porras and Grigsby alleging various facts of mistreatment and inadequate medical care.

To prevail on a summary judgment motion, the moving party must show there are no triable issues of material fact as to a matter upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See id.* at 326.

To defeat a summary judgment, the non-moving party may not merely rely upon its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

## IV. DISCUSSION

"Like other conditions of confinement, medical care provided to inmates is subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment." *Madrid v. Gomez*, 889 F. Supp. 1146, 1246 (N.D. Cal. 1995). To establish Eighth Amendment liability, Plaintiffs must satisfy two requirements, one objective, the other subjective. The objective component "focuses on whether there has been a deprivation or infliction of pain serious enough to implicate constitutional concerns." *Id.* The subjective component requires inquiry into the defendant's state of mind to determine whether the deprivation or infliction of pain was due to "deliberate indifference."[3] *Id.* (quoting *Jordan v. Gardner*, 986 F.2d 1521, 1525-28 (9th Cir. 1993)(en banc).[4] In short, Plaintiffs must show that Defendants "consciously disregarded a substantial risk of serious harm" to Plaintiffs' health or safety. *Id.* at 1255, 1256 (citations omitted).

### A. Porras and Grigsby: Individual Section 1983 Claims

In support of their individual claims, Plaintiffs Porras and Grigsby offer sworn declarations which detail the mistreatment they allegedly suffered. Defendants dispute the facts pertaining to this alleged mistreatment. (Def. Mot. at 11:19.) Defendants admit that there is a dispute of fact as to whether the mistreatment occurred, but argue that summary judgment is nonetheless proper. Defendants claim that "it doesn't matter . . . since none of the alleged mistreatment could have had any impact on the plaintiffs' medical situation." (Def. Mot. at 12:3.) In support of this assertion, Defendants rely upon the declaration of their expert, Dr. Jones. (Jones Decl. ¶ 3.) However, the Court is not swayed. Dr. Jones' assessment is itself disputed by Plaintiffs as well as their own expert, Dr. Pollard. (*See generally,* Pollard Decl.) The Court finds that the alleged mistreatment of Porras and Grigsby involves facts which remain at issue and which are material to the question of whether they suffered a violation of the their rights under the Eighth Amendment. Summary Judgment is not proper with respect to Porras and Grigsby's individual § 1983 claims.

---

[3] The test for determining "deliberate indifference" is roughly equivalent to the standard for establishing recklessness in criminal cases. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994.

[4] The question of whether the objective component has been met presents an issue of law for the court to decide. In contrast, the state of mind inquiry presents a question of fact and is subject "to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 841.

### B. The Class Action

Plaintiffs second cause of action has been certified as a class action. Plaintiffs seek injunctive relief to remedy the various conditions in Defendant's jails which allegedly fail to meet constitutional standards. Plaintiffs, on behalf of the class, are challenging Defendant's entire system of mental or medical health care. In the context of a class action, class Plaintiffs satisfy the Eighth Amendment's objective component by showing the jail's health care system is so deficient it deprives inmates access to adequate health care. *Hoptowit v. Ray*, 682 F.2d 1237, 1252-53 (9th Cir. 1982). Plaintiffs may establish the subjective component, "deliberate indifference," by demonstrating a pattern of negligent conduct or pointing to systemic deficiencies. *Madrid*, 889 F. Supp. at 1246.

In support of their opposition to Summary Judgment, Plaintiffs offer two kinds of evidence, anecdotal and statistical. The Court briefly notes the evidence offered by Plaintiffs:

- *Declarations of Porras and Grigsby*
  The alleged mistreatment of both Porras and Grigsby, detailed above, is offered as an example of the kind of mistreatment that is prevalent in Defendant's jails.

- *Declarations of Eleven Other Inmate Class Members*
  In addition to the declarations of Porras and Grigsby, Plaintiffs offer declarations of eleven other inmates who, similar to Porras and Grigsby, claim in various ways to have been mistreated and deprived of medical care.

- *Inmate Complaint Forms*
  Plaintiffs present the Court with a small selection of inmate complaint forms. (Mills Decl. Ex. E.) The content of these complaints remains somewhat unknown to the Court because the copies submitted by Plaintiffs are often illegible, apparently due to poor copying. In addition to the small sample of complaint forms, Plaintiffs rely upon the numerosity of complaints each year. Defendants themselves provide evidence that during 2004, approximately 3,250 complaints related to medical services. (Penner Decl. ¶ 3.)

- *Los Angeles Superior Court Orders Compelling Medical Treatment*
  Plaintiffs offer the Court a selection of Los Angeles Superior Court orders pertaining to inmate medical exams. Additionally, Plaintiffs present the Court with the following statistics: between April 2001 and 2006, Defendants received 31,151 court orders compelling the LASD to provide an inmate access to a physician, 25,797 of whom received a doctor's examination; Defendants received 3,466 court orders to provide inmates access to a dentist, of which 3,207 received an examination; Defendants received 2,037 orders compelling the LASD to provide inmates an eye examination, 1,721 of whom allegedly received care. (Mills Decl. Ex. G).

- *13th Semiannual Report*
  Plaintiffs offer into evidence the Los Angeles County Sheriff's Department 13th Semiannual report by Special Counsel Merrick Bobb (Mills Decl. Ex. A). This report is the thirteenth ordered by the Los Angeles Board of Supervisors to review the performance of the LASD. The report delves, in part, into the condition of medical care in the Defendant's jails. The report dates from the year 2000.

- *California Bureau of Corrections Audit Reports for 1998-2000; 2000-2002; 2002-2004*
  Plaintiffs offer relevant portions of these Audit Reports concerning the conditions of medical care. (Mills Decl. Ex. B,C,D.)

Much of the evidence set forth by Plaintiffs is undisputed. Defendants dispute the facts contained in the declarations of inmates alleging mistreatment. (Reply at 6:24.) However, Defendants do not dispute any other evidence offered by Plaintiffs.[5] After careful review of the evidence offered by Plaintiffs, with respect to the class action, the Court finds that there are no genuine issues of material fact for trial. Moreover, the Court finds that, as a matter of law, Plaintiffs have failed to demonstrate that the medical care system operated by Defendants is constitutionally inadequate.

Plaintiffs have offered some very troubling accounts of mistreatment. However, these are small in number and are not corroborated by any statistical pattern. Although Defendants dispute the facts surrounding this alleged mistreatment, these facts are not material for purposes of the class action. They are not material because even if the Court accepts these accounts as true, they remain insufficient to establish systemic inadequacy in violation of the Eighth Amendment. Plaintiffs offer a mere thirteen[6] examples, grossly insufficient to establish a pattern of conduct for purposes of demonstrating a systemic failure. According to Plaintiffs, 200,000 inmates flow through Defendants' jail system each year. (Complaint ¶ 20.) The tiny selection offered by Plaintiffs tells no particular story of a systemic failure. Similarly, the inmate complaint forms offered by Plaintiffs are varied in their particulars. The Court cannot infer a systemic failure from such a small and varied array of data.

Plaintiffs attempt to succor their small selection of anecdotal evidence by pointing to larger statistics. Plaintiffs offer the Court statistics regarding the number of court orders issued from the Los Angeles Superior Court. Many of these orders compel Defendants to provide medical examinations or other care to inmates. Plaintiffs imply that behind these statistics are thousands of stories which are similar to the accounts offered by sworn declaration or contained in an inmate complaint form. The use of statistics to corroborate anecdotal evidence is a valid and potentially effective approach. But Plaintiffs' execution of this strategy is impotent here. The Court is unable to infer from the fact of court orders, numerous though they are, that Defendants jails are generally in violation of the Eighth Amendment.[7] It is distinctly possible that a pattern of systemic failure lurks within this mass of statistics. If so, however, Plaintiffs have left it to the Court to discover any pattern.[8] The Court is unable to do so.

---

[5] Defendants do object to certain evidence on grounds that the evidence is inadmissible under the Federal Rules of Evidence. The Court has considered those objections and relies only upon evidence which is admissible for purposes of a motion for summary judgment. *See generally, Celotex Corp. v. Catrett*, 477 U.S. 317.

[6] Eleven declarations in addition to the accounts of Porras and Grigsby.

[7] Plaintiffs repeatedly argue that "[t]he court orders are the last, extraordinary step inmates take in a long process of being denied care." (Opp. at 6:4-6.) But there is no evidence to support this assertion. Plaintiffs have provided this Court with copies of nine of these orders, those nine orders relate to just three inmates. There is nothing in any of these nine orders that indicates that the inmates had been unable to obtain medical care while in the custody of defendants.

[8] Plaintiffs, in their Complaint, do point to concrete failures in Defendants' jails. However, Plaintiffs fail to, and the Court is unable to, connect any of those particular alleged failures to the evidence presented.

Finally, in addition to statistical data, Plaintiffs place considerable reliance upon the 13th Semiannual Report by Special Counsel Merrick Bobb, December 2000 ("13th Semiannual Report").[9] (Mills Decl. Ex. A.) However, this report is largely irrelevant to the injunctive relief class because it does not present the Court with a picture of Defendants' jail system today, in 2006. Since the report was issued, Defendants claim that they have instituted significant changes and improvements to the jails' medical system. (Def. Mot. at 4-10.) Plaintiffs admit that Defendants have offered "a parade of reforms ... *allegedly* implemented since the 13th Semiannual Report." Plaintiffs use the word "allegedly," however Plaintiffs offer no direct[10] evidence that Defendants have not in fact made such changes. The only evidence pertaining to such reforms comes from Defendants who present declarations by several jail administrators and employees attesting to recent improvements in the jails' medical care systems. (Def. Mot. at 4-10.)

Accordingly, the Court finds that summary judgment is proper with respect to Plaintiffs' class action claims.

## V. CONCLUSION

In light of the foregoing, the Court hereby **denies** Defendant's Motion for Summary Judgment with respect to the individual claims of Porras and Grigsby. The Court hereby **grants** Defendants' Motion for Summary Judgment with respect to Plaintiffs' class action claims.

**IT IS SO ORDERED.**

Initials of Preparer _____ slw

---

[9] As noted above, Plaintiffs also offer into evidence *California Bureau of Corrections Audit Reports for 1998-2000; 2000-2002; 2002-2004*. However, the Court finds these reports often supportive of Defendants' Motion. On balance, the Court finds nothing in these reports to suggest the sort of systemic failure giving rise to an Eighth Amendment violation.

[10] Plaintiffs claim that because the number of court orders issued since 2000 has not changed materially to date, the Court should infer that any reforms made by Defendants are meaningless. Absent any other data, the Court finds that such an inference is simply too speculative to be reasonably maintained.