PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
MATTHEW P. ALLEN, State Bar No. 265118
mpa@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF MARY TIEDEMAN** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Defendants Sherman Block, et. al. (hereinafter "Defendants") in connection with their portions of the Joint Stipulation regarding Plaintiffs' Motion to Compel Responses to the First Set of Requests for Production of Documents, hereby object to and move to strike the following evidence submitted by Plaintiffs based upon the following grounds:

///

1

## DECLARATION OF MARY TIEDEMAN

Entire declaration: lacks foundation, improper lay witness opinion, inadmissible hearsay, irrelevant.

Paragraph 5, Mary Tiedeman declares, "LASD has made the [Custody Division Manual] available to outside entities, including contractors."

Defendants object to paragraph 5 of this declaration as lacking foundation and containing information about which the declarant has no personal knowledge. Further, this paragraph is vague and ambiguous especially as to "outside entities".

## EXHIBIT 14 TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Exhibit 14 is the September 25, 2009 Custody Operations and Correctional Services Divisions Biennial Inspection Report.

Defendants object to the introduction of documentary evidence that is not authenticated. Plaintiffs are required to produce, as a condition precedent to admissibility, evidence sufficient to support a finding that the document in question is what its proponent claims. Fed.R.Evid. Rule 901(a). Plaintiffs have not produced any evidence, by declaration or otherwise, that this exhibit actually is an Inspection Report. Nor have Plaintiffs followed the example given by Fed.R.Evid. Rule 901(b)(7) for public records, which states that a writing authorized by law filed in a public office may be authenticated by evidence that it is from the public office where items of this nature are kept. Nor does this document meet any of the "self-authentication" requirements found in Fed.R.Evid. Rule 902. For example, certified public records are self-authenticating, but this Exhibit is not certified.

Plaintiffs, as the party requesting judicial notice, must supply the Court with information sufficient to enable the Court to ascertain that the matter is not subject to reasonable dispute. *See, Nieves v. University of Puerto Rico*, 7 F.3d 270, 276 fn. 9 (1st Cir. 1993). The Court may refuse to take judicial notice if the

1  requesting party fails to do this. *Id.* **Simply attaching a document to a Request for Judicial Notice does not authenticate the document,** even if the document appears on its face to have originated from some governmental agency and the affiant is a government official. *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). Since Plaintiffs have failed to provide any evidence that Exhibit 14 is what it purports to be, this Court should not take judicial notice. *See also, Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 639 (9th Cir. 2002) (no abuse of discretion in refusal to take judicial notice of documents that had not been authenticated).

Defendants object to this exhibit on the grounds that it contains hearsay. The first page of the exhibit indicates that the report is based on "staff/inmate interviews" and that the authors "interviewed over 50 administrators, managers, supervisory and line staff associated with the facilities." Ex. 16 at 1. Thus, it is hearsay as to content based on these interviews. Fed.R.Evid. Rule 802.

Defendants further object on the grounds that this document does not meet the requirements for judicial notice set out in Fed.R.Evid. Rule 201. Specifically, the contents of this exhibit are not generally known in the community, nor is it capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed.R.Evid. Rule 201(b).

## EXHIBIT 15 TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Exhibit 15 is the Declaration of George Sullivan, dated October 15, 2009, and filed in *Dion Starr v. County of Los Angeles, et al.* Case No. CV 08-00508 GW (SHx).

Defendants object to Plaintiffs' request to take judicial notice of anything beyond the existence of the document. Although a court may take judicial notice of the existence and content of the court files in another court, it cannot take judicial notice of factual findings made by that court. They are not facts "not

subject to reasonable dispute." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). Put another way, **judicial notice is limited to the fact that declarations were filed and the averments were made.** The veracity of the allegations is not judicially noticeable. *FDIC v. O'Flahaven*, 857 F.Supp. 154, 157-8 (D. NH. 1994) (affidavits from a state court case).

Defendants object on the grounds that this declaration is unauthenticated and lacks foundation: there is no testimony or evidence establishing that this an actual copy of the declaration made in that case. As discussed above, Plaintiffs have not met their burden of supplying the court with information sufficient to enable the court to ascertain that the documents is what it purports to be.

Defendants object on the grounds that this evidence is irrelevant. The Declaration contains testimony of an expert in an unrelated case involving dissimilar facts (a prisoner allegedly assaulted by a deputy at Men's Central Jail). This is irrelevant to the provision of mental health care at Men's Central Jail.

Defendants object on the grounds that this declaration contains information about which the declarant has no personal knowledge.

Finally, Defendants object on the grounds that this document does not meet the requirements for judicial notice set out in Fed.R.Evid. Rule 201. Specifically, the contents of this exhibit are not generally known in the community, nor is it capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed.R.Evid. Rule 201(b). Defendants further object to this Exhibit as the declarant was not disclosed to Defendants pursuant to Federal Rules of Civil Procedure Rule 26 (a)(2)which states in pertinent part:

> [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. [¶] . . . [T]his disclosure shall, with respect to a witness who is retained or

4

...

specially employed to provide expert testimony in the case . . . ,
be accompanied by a written report prepared and signed by the
witness. **The report shall contain a complete statement of all
opinions to be expressed and the basis and reasons therefore;**
the data or other information considered by the witness in forming
the opinions; any exhibits to be used as a summary of or support
for the opinions; the qualifications of the witness, including a list
of all publications authored by the witness within the preceding
ten years, the compensation to be paid for the study and
testimony; and a listing of any other cases in which the witness
has testified as an expert at trial or by deposition within the
preceding four years.

(Emphasis added.)

### EXHIBIT 16 TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Exhibit 16 is an order issued in *Alvarado v. Bratton et al.* Case No. 06-7812-PA (RCx).

Defendants object on the grounds that this evidence is irrelevant. Any matter to be judicially noticed must be relevant to the issues in the case, regardless of whether it is no reasonable disputable. *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir. 1981). This Exhibit is an order in an entirely different case, in which a magistrate judge rules against "County Defendants" on a motion to compel production of documents. The order contains a long recitation of facts, which are not the proper subject of judicial notice (as discussed above). The Court may only notice that the order contains a recitation of the facts of *Alvarado v. Bratton, et al.* Then the order contains an extensive discussion of the law regarding motions to compel production. Since the court may not take

judicial notice of the law, this section is also irrelevant. *See, Taylor v. Charter Med. Corp.* 162 F.3d 827, 830 (5th Cir. 1998) (courts may not take judicial notice of legal determinations made by other courts). The magistrate in *Alvarado* then rules against the County. The fact that the County and the Sheriff's Department once lost a motion to compel may be judicially noticeable, but it is irrelevant.

Like Exhibit 15, the court may take judicial notice of the fact that an order was issued, and that the order compelled the "County Defendants" to produce documents, but any factual matter discussed by the court in *Alvarado* was subject to dispute, and the Court may not take judicial notice of a matter that is subject to dispute. *See, In re Mora*, 199F.3d 1024, 1026, fn.3 (9th Cir. 1999).

Defendants further object on the grounds that this evidence is unauthenticated. As discussed above, Plaintiffs have not met their burden of supplying the court with information sufficient to enable the court to ascertain that the documents is what it purports to be.

Finally, Defendants object on the grounds that this document does not meet the requirements for judicial notice set out in Fed.R.Evid. Rule 201. Specifically, the contents of this exhibit are not generally known in the community, nor is it capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed.R.Evid. Rule 201(b).

Dated: October 6, 2010                LAWRENCE BEACH ALLEN & CHOI, PC


By        /s/ Matthew P. Allen
          Matthew P. Allen
          Attorney for Defendants
          Defendants Sherman Block, et al.

RUTHERFORD\Evidentiary Objection to RJN