1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  JUSTIN W. CLARK, State Bar No. 235477
   jclark@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   A Professional Corporation
4  100 West Broadway, Suite 1200
   Glendale, California 91210-1219
5  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937
6
7  Attorneys for Defendants

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS RUTHERFORD, et al.,        )  Case No. CV 75-04111 DDP
                                      )
12                 Plaintiffs,        )  Honorable Dean D. Pregerson
                                      )
13       vs.                          )  **DEFENDANTS' EVIDENTIARY**
                                      )  **OBJECTIONS TO INMATE**
14                                    )  **DECLARATIONS AND THE**
                                      )  **DECLARATIONS OF MARY**
15  SHERMAN BLOCK, et al.,            )  **TIEDEMANN AND LISA MA RE:**
                                      )  **PLAINTIFFS' MOTION FOR**
16                                    )  **INJUNCTIVE RELIEF ORDER RE**
                                      )  **PURPORTED RETALIATION**
17                 Defendants.        )
                                      )  [*Opposition Memorandum Of Points*
18                                    )  *And Authorities And Declarations And*
                                      )  *Exhibits Filed Concurrently Herewith*]
19  _____)

20                                       Date:  November 29, 2010
                                         Time:  10:00 a.m.
21                                       Crtm:  3

22       TO THE COURT, ALL INTERESTED PARTIES AND THEIR

23  ATTORNEYS OF RECORD:

24  ///

25  ///

26  ///

27

28

                                1

RUTHERFORD\Evid Objs – Inmate Decls

1

2          Defendants Sherman Block, et al., hereby object to the following evidence

3   submitted by Plaintiffs in connection with their Motion for Protective Order and

4   move to strike same on the grounds specified below.

5

6   Dated:  November 8, 2010          LAWRENCE BEACH ALLEN & CHOI, PC

7
                                      By _____/s/ Justin W. Clark_____
8                                         Justin W. Clark
9                                         Attorneys for Defendants
                                          Defendants Sherman Block, et al.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTHERFORD\Evid Objs – Inmate Decls

**PLAINTIFFS' MEMORANDUM**

To the extent factual assertions are made by Plaintiffs in their Memorandum of Points and Authorities in support of their Motion for Protective Order and said assertions are not supported by competent, admissible evidence, they are improper and should be stricken.  *See e.g., Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *Celotex Corp. v. Catrett*, U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986).

**GENERAL OBJECTION TO ALL INMATE DECLARATIONS**

Preliminarily, the Declarations are improper and should be stricken because during the course of discovery, Plaintiff never identified the inmates as witness to this action as required by Rule 26 of the Federal Rules of Civil Procedure.  *See,* Declaration of Paul B. Beach filed concurrently herewith; Fed. R. Civ. Proc. 26; Fed. Civ. Proc. Rule 37(d)*; Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (a party who fails to make required disclosures of witnesses and documents pursuant to the Federal Rules of Civil Procedure cannot use that information or witness as supporting evidence relating to a motion or hearing); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (party who failed to provide required disclosures has burden of proving harmlessness in avoiding evidence exclusion).

**OBJECTIONS TO THE DECLARATION OF MARY TIEDEMAN**

**Paragraph 4:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).

**Paragraph 5:**  The first, second, third, and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

RUTHERFORD\Evid Objs – Inmate Decls

Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).

**Paragraph 6:**  The first, second, and third sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert*).  Additionally, to the extent the purported statements by an unidentified public defender in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 7:**  The second, third, and last sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).  Additionally, to the extent the purported statements by mental health staff at the jail in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 8:**  The fourth, sixth, seventh, and eighth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert*).  Additionally, to the extent the purported statements of unidentified "Prisoner A" in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 9:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).  Additionally, to the extent the purported statements of the unidentified public defender in this paragraph are offered to prove

4

1   the truth of the matter asserted, they are objected to on the grounds that they are

2   inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

3       **Paragraph 10:**  The assertions therein are vague, ambiguous, conclusory,

4   and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph

5   sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental

6   health expert (*see*, FRE 702 and *Daubert*).  Additionally, to the extent the paragraph

7   is offered to prove the truth of the matter asserted, they are objected to on the

8   grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

9       **Paragraph 11:**  The assertions therein are vague, ambiguous, conclusory,

10   and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph

11   sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental

12   health expert (*see*, FRE 702 and *Daubert*).  Additionally, to the extent the purported

13   statements of an unidentified "aunt of Prisoner B" are offered to prove the truth of

14   the matter asserted, they are objected to on the grounds that they are inadmissible

15   hearsay.  (Fed. R. Evid., Rules 801, 802).

16       **Paragraph 12:**  The first, second, third, and fifth sentence is vague,

17   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

18   Further, this paragraph sets forth improper expert witness testimony, as Ms.

19   Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).  Additionally,

20   to the extent the purported statements of Dr. Terry Kupers are offered to prove the

21   truth of the matter asserted, they are objected to on the grounds that they are

22   inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  The report by Dr. Terry

23   Kupers referred to in this paragraph is not properly authenticated (*see* FRE 902).

24       **Paragraph 13:**  The first, second, third, and fourth sentence is vague,

25   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

26   Further, this paragraph sets forth improper expert witness testimony, as Ms.

27   Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).

28       **Paragraph 14:**  The first, second, third, fourth, fifth, sixth, and seventh

sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).

**Paragraph 15:**  The first, second, fourth, sixth, seventh, and eighth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see*, FRE 702 and *Daubert*).  Additionally, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  The report by Dr. Terry Kupers referred to in this paragraph is not properly authenticated (*see* FRE 902).

**Paragraph 16:**  The assertions therein are conclusory and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a law enforcement expert (*see*, FRE 702 and *Daubert*).  Additionally, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  The 8th Annual Report of the Office of Independent Review referred to in this paragraph is not properly authenticated (*see* FRE 902) and the best evidence of this Report is the Report itself (FRE 1000-1008).

**Paragraph 17:**  The second, third, fourth, fifth, sixth, and seventh sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Additionally, to the extent the unsigned letter referred to in this paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  The unsigned letter referred to in this paragraph is not properly authenticated (*see* FRE 902).

**Paragraph 18:**  The first, second, third, fourth, and fifth sentence is vague,

ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).
Further, this paragraph sets forth improper expert witness testimony, as Ms.
Tiedemann is not a law enforcement expert (see, FRE 702 and *Daubert*).
Additionally, to the extent the paragraph is offered to prove the truth of the matter
asserted, they are objected to on the grounds that they are inadmissible hearsay.
(Fed. R. Evid., Rules 801, 802).

**Paragraph 19:**  The second, third, and fourth sentence is vague, ambiguous,
conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 20:**  The first, second, and third sentence is vague, ambiguous,
conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 21:**  The first, second, fourth, fifth, and sixth sentence is vague,
ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).
Additionally, to the extent the sixth sentence is offered to prove the truth of the
matter asserted, they are objected to on the grounds that they are inadmissible
hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 22:**  The first, second, third, and fourth sentence is vague,
ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 23:**  The first, third, fourth, and fifth sentence is vague,
ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).
Additionally, to the extent the paragraph is offered to prove the truth of the matter
asserted, they are objected to on the grounds that they are inadmissible hearsay.
(Fed. R. Evid., Rules 801, 802).

**Paragraph 24:**  The first, second, third, and fourth sentence is vague,
ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).
Additionally, to the extent the first sentence is offered to prove the truth of the
matter asserted, they are objected to on the grounds that they are inadmissible
hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 25:**  The first, second, third, fourth, and fifth sentence is vague,

RUTHERFORD\Evid Objs – Inmate Decls

ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is neither a law enforcement expert nor a medical expert (*see*, FRE 702 and *Daubert*).

## OBJECTIONS TO THE DECLARATION OF INMATE MARIO LOVE

**Paragraph 3:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see,* Fed. R. Evid., Rules 601, 602).

**Paragraph 4:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of a "Jimmie Knott" and an unidentified deputy in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 5:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 6:**  The assertions therein, including, but not limited to, the reference to "an officer named Sanchez" are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 7:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 8:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the statements of unidentified deputies and a "Jimmie Knott" in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 9:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the statements of unidentified deputies in this paragraph are offered to prove the truth

of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 10:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the "rumors" referred to in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 11:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the statements of deputies, who he "think[s] it was Deputy Valencia" and "another inmate" in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 12:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the statements of unidentified deputies in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 13:**  The assertions and accusations regarding deputies are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

## OBJECTIONS TO THE DECLARATION OF INMATE ROBERT DRAGUSICA (DATED 7/16/2010)

**Paragraph 2:**  The second and third sentence is vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).

**Paragraph 3:**  The first and second sentences are vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 5:**  The fourth, fifth, sixth, seventh, eighth, and ninth sentence is

9

vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent that the second sentence with the purported statement by an unidentified deputy is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 6:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement of one of five unidentified deputies in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 7:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement of unidentified deputies in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 8:**  The first and second sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 9:**  The first, second, third, and fourth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements attributed to a "Lisa" are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 10:**  The first, third, fourth, and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 11:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement of an unidentified deputy in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that

they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 12:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see,* Fed. R. Evid., Rules 601, 602).

**Paragraph 13:**  This paragraph is irrelevant (Fed. R. Evid., Rules 401-403). The assertions therein also lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 14:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 15:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 16:**  The second and third sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement of an unidentified deputy in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 17:**  To the extent the statements of an unidentified deputy in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 18:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  The second sentence is unintelligible.  Furthermore, to the extent the statement in paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 19:**  The first and third sentence is vague, ambiguous, conclusory, speculative, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statements of an unidentified "senior and

RUTHERFORD\Evid Objs – Inmate Decls

another deputy" in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 20:**  The assertions in each and every sentence therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 21:**  The second, third, fourth, fifth, sixth, and seventh sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 22:**  The last sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 23:**  The first, second, third, and fourth sentence is vague, ambiguous, conclusory, speculative, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 24:**  The second and third sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of Deputy Newhouse in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 25:**  The paragraph is vague and ambiguous as to the "situation" is refers to therein (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 26:**  The fourth, fifth, and sixth sentence is irrelevant (Fed. R. Evid., Rules 401-403). The third and seventh sentence is vague, ambiguous, conclusory, speculative, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).
///
///

RUTHERFORD\Evid Objs – Inmate Decls

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>OBJECTIONS TO THE DECLARATION OF INMATE</u>
## <u>DAYSHAUN RUSHING</u>

**Paragraph 2:**  The last sentence in this paragraph is vague, ambiguous, conclusory, speculative, argumentative, and lacks foundation (Fed. R. Evid., Rules 601, 602).

**Paragraph 4:**  The second and last sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 5:**  To the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 6:**  The first, fourth, ninth, tenth, and twelfth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statement in the last sentence is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 7:**  The first, second, third, and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 8:**  The second, fourth, sixth, eighth and ninth sentence is vague, ambiguous, speculative, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 9:**  The assertions in each and every sentence therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 10:**  The third and fourth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).
///

RUTHERFORD\Evid Objs – Inmate Decls

**Paragraph 11:**  The assertions therein are also vague, ambiguous, and conclusory.

## OBJECTIONS TO THE DECLARATION OF INMATE EMMANUEL BENSON

**Paragraph 2:**  The last sentence is vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).

**Paragraph 3:**  The second and third sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in the second sentence are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 4:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 5:**  The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 6:**  The assertions relating to "Inmate 'E-bone'" are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statement by "Inmate 'E-bone'" is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  This paragraph is also vague and ambiguous as to the identity of the inmate identified as "E-bone."

**Paragraph 7:**  The assertions relating to "Inmate 'E-bone'" are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statement by "Inmate 'E-bone'" is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  This paragraph is also vague and ambiguous as to the identity of the inmate identified as "E-bone."

**Paragraph 8:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of unidentified deputies in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).  This paragraph is also vague and ambiguous as to the identity of the inmate identified as "E-bone."

**Paragraph 10:**  The assertions in each and every sentence are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of unidentified persons are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

## OBJECTIONS TO THE DECLARATION OF INMATE
## ANTONIO RODRIGUEZ

**Paragraph 2:**  The second and third sentence is vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).

**Paragraph 3:**  The second, third, and fourth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 4:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of unidentified deputies in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 5:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 6:**  The third, fourth, and last sentence lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected

15

1  to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

2      **Paragraph 7:**  The assertions therein lack foundation (*see* Fed. R. Evid.,

3  Rules 601, 602).  Furthermore, to the extent the purported statements in this

4  paragraph are offered to prove the truth of the matter asserted, they are objected to

5  on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

6      **Paragraph 8:**  The assertions therein lack foundation (*see* Fed. R. Evid.,

7  Rules 601, 602).

8      **Paragraph 9:**  The assertions therein are also vague, ambiguous, conclusory,

9  and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent

10  the purported statements by deputies in this paragraph are offered to prove the truth

11  of the matter asserted, they are objected to on the grounds that they are inadmissible

12  hearsay.  (Fed. R. Evid., Rules 801, 802).

13      **Paragraph 10:**  The assertions therein are also vague, ambiguous,

14  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore,

15  to the extent the purported statements of an unidentified doctor and unidentified

16  deputies is offered to prove the truth of the matter asserted, they are objected to on

17  the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

18      **Paragraph 11:**  The assertions therein are also vague, ambiguous,

19  conclusory, lack foundation, fails to properly authenticate the report(s) referred to

20  by the declarant (*see* Fed. R. Evid., Rules 601, 602, and 902).  Furthermore, to the

21  extent the unauthenticated and unidentified reports are offered to prove the truth of

22  the matter asserted, they are objected to on the grounds that they are inadmissible

23  hearsay.  (Fed. R. Evid., Rules 801, 802).

24      **Paragraph 12:**  The first, second, third, and sixth sentence is speculative, not

25  based upon personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601,

26  602).  Furthermore, to the extent the purported statements in this paragraph are

27  offered to prove the truth of the matter asserted, they are objected to on the grounds

28  that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

RUTHERFORD\Evid Objs – Inmate Decls

**Paragraph 13:**  The first sentence is speculative, lacks personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 14:**  The first, second, seventh, eighth, and ninth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in the first and fourth sentence are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

## OBJECTIONS TO THE DECLARATION OF INMATE MICHAEL HOLGUIN

**Paragraph 2:**  The first sentence is irrelevant (Fed. R. Evid., Rules 401-403).  The last sentence is speculative and lacks foundation (Fed. R. Evid., Rules 601, 602).

**Paragraph 5:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of an unidentified deputy in this paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 6:**  The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement in the second sentence is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 7:**  The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 8:**  The assertions therein are conclusory, and lack foundation

RUTHERFORD\Evid Objs – Inmate Decls

1  (*see* Fed. R. Evid., Rules 601, 602).  Further, the fourth, fifth, and sixth sentence is

2  irrelevant (Fed. R. Evid., Rules 401-403).

3      **Paragraph 9:**  The assertions therein are also vague, ambiguous, conclusory,

4  and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

5

6  **OBJECTIONS TO THE DECLARATION OF INMATE EEFROM JONES**

7      **Paragraph 5:**  The assertions therein are vague, ambiguous, conclusory,

8  and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

9      **Paragraph 6:**  The assertions therein are vague, ambiguous, conclusory, and

10  lack foundation (*see* Fed. R. Evid., Rules 601, 602).

11      **Paragraph 7:**  The assertions therein are vague, ambiguous, conclusory, and

12  lack foundation (*see* Fed. R. Evid., Rules 601, 602).

13      **Paragraph 8:**  The assertions therein are vague, ambiguous, conclusory, and

14  lack foundation (*see* Fed. R. Evid., Rules 601, 602).

15      **Paragraph 9:**  The assertions therein are vague, ambiguous, conclusory, and

16  lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the

17  paragraph is offered to prove the truth of the matter asserted, they are objected to on

18  the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

19      **Paragraph 10:**  The second sentence is vague, ambiguous, conclusory, and

20  lack foundation (*see* Fed. R. Evid., Rules 601, 602).

21      **Paragraph 11:**  The assertions therein are also vague, ambiguous,

22  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore,

23  to the extent the purported statements by Deputy Navarro in this paragraph are

24  offered to prove the truth of the matter asserted, they are objected to on the grounds

25  that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

26      **Paragraph 12:**  The assertions therein are also vague, ambiguous,

27  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

28      **Paragraph 13:**  The assertions therein are also vague, ambiguous,

conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

## OBJECTIONS TO THE DECLARATION OF INMATE RUBEN BELTRAN

**Paragraph 3:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 4:**  The third sentence is speculative, lacks personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 5:**  The sixth sentence is speculative, lack personal knowledge, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements by Deputy Britton in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 6:**  The fifth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 8:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 9:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 10:**  The second and third sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

RUTHERFORD\Evid Objs – Inmate Decls

**Paragraph 11:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

## OBJECTIONS TO THE DECLARATION OF INMATE ANTONIO CANDELARIO

**Paragraph 2:**  The third sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 3:**  The assertions therein, except for the first sentence, are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 4:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 5:**  The assertions in each and every sentence are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 6:**  The assertions in each and every sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 8:**  To the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 9:**  The first sentence is speculative and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  The fourth and fifth sentence assumes facts not in evidence and is misleading.  Furthermore, to the extent the paragraph is offered to

20

prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 10:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 11:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 12:**  The third sentence vague, ambiguous, conclusory, speculative, is not based upon personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 14:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Further, this paragraph assumes facts not in evidence and is misleading.

## OBJECTIONS TO THE DECLARATION OF INMATE TIMOTHY GAINES

**Paragraph 3:**  The fourth, fifth, sixth, and seventh sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 4:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 5:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent

RUTHERFORD\Evid Objs – Inmate Decls

the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 6:**  The fourth and fifth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 7:**  This paragraph is irrelevant (Fed. R. Evid., Rules 401-403). The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 9:**  This paragraph is irrelevant (Fed. R. Evid., Rules 401-403). The second, third, fifth, sixth, and seventh sentence lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 10:**  To the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 11:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 12:**  The first sentence lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 13:**  The seventh, eighth, ninth, and tenth sentence is not based upon personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the sixth sentence is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 14:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

1

2

## OBJECTIONS TO THE DECLARATION OF INMATE ROBERT
## DRAGUSICA (DATED 6/25/2010)

3

4

**Paragraph 2:**  The fourth and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (Fed. R. Evid., Rules 601, 602).

5

6

7

8

**Paragraph 3:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

9

10

**Paragraph 4:**  The second sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

11

12

**Paragraph 5:**  The first, second, third, and sixth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

13

14

**Paragraph 6:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

15

16

17

18

**Paragraph 7:**  The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the first sentence and the last sentence are offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

19

20

21

22

**Paragraph 8:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

23

24

25

26

27

**Paragraph 9:**  The first, second, and third sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

28

**Paragraph 10:**  The assertions therein are also vague, ambiguous,

RUTHERFORD\Evid Objs – Inmate Decls

conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 11:**  The last sentence assumes facts not in evidence, is not based upon personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 12:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements of unidentified inmates in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 13:**  The assertions therein are vague, ambiguous, conclusory, not based upon personal knowledge and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 14:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 15:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 16:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Paragraph 17:**  The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

**Paragraph 18:**  The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

1
2

**Paragraph 19:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

3
4

**Paragraph 20:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

5
6
7
8
9

**Paragraph 21:** The first, second, sixth, and seventh sentence is not based upon personal knowledge and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

10
11

**Paragraph 22:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

12
13

## OBJECTIONS TO THE DECLARATION OF LISA MA

14
15

**Paragraph 2:** The third sentence in this paragraph is irrelevant (Fed. R. Evid., Rules 401-403).

16
17
18
19

**Paragraph 3:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  The reference to a "list" lacks foundation and is not properly authenticated (*see* Fed. R. Evid., Rules 601, 602 and 902).

20
21
22
23

**Paragraph 4:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

24
25
26
27
28

**Paragraph 6:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay.  (Fed. R. Evid., Rules 801, 802).

25

**Paragraph 7:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Paragraph 8:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  The reference to an "Inmate / Jails Intake database" lacks foundation, is not properly authenticated, and is not the best evidence (*see* Fed. R. Evid., Rules 601, 602, 902, 1001-1008).

**Paragraph 9:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  The reference to an "Inmate / Jails Intake database" lacks foundation, is not properly authenticated, and is not the best evidence (*see* Fed. R. Evid., Rules 601, 602, 902, 1001-1008).

**Paragraph 10:**  The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  The reference to a "record number" in the "Inmate / Jails Intake database" lacks foundation, is not properly authenticated, and is not the best evidence (*see* Fed. R. Evid., Rules 601, 602, 902, 1001-1008).

Dated:  November 8, 2010

LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/ Justin W. Clark_____
        Justin W. Clark
        Attorneys for Defendants
        Defendants Sherman Block, et al.