PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHERMAN BLOCK, et al.,<br><br>    Defendants. | Case No. CV 75-04111 DDP<br><br>Honorable Dean D. Pregerson<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Date:     December 6, 2010<br>Time:    10:00 a.m.<br>Crtrm:    3 |

## I. INTRODUCTION.

Plaintiffs seek the production of a huge volume of sensitive documents related to the provision of mental health treatment in the Los Angeles County Jail ("LACJ") system. Plaintiffs' Motion to Compel Production to the First Set of Requests for Production of Documents ("Motion") should be denied, and the Court should not order any document production whatsoever, because the subject Requests are objectionable for many reasons. Additionally, Plaintiffs' Requests improperly interfere with the work of other entities, including the Vera Institute and the Department of Justice. Finally, Defendants do not waive their contention that

1

medical and mental health treatment are not within the scope of discovery, because they are not within the scope of the Judgment in this case. Therefore, this Court should deny Plaintiffs' Motion to Compel in its entirety.

## II. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT EXCEEDS THIS COURT'S JURISDICTION.

The first and most basic reason why Plaintiffs' Motion should be denied is that the vast majority of the relief sought exceeds this Court's jurisdiction. It is hornbook law that the pleadings define the scope of an action; the pretrial conference order supersedes the pleadings; and the judgment supersedes all prior pleadings and orders and is the final statement as to the parties' rights and liabilities. *See*, *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993); *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994).

Here, the Court's final Judgment governs virtually none of the subject of Plaintiffs' Motion. The only response by Plaintiffs to this fundamental and fatal defect is that there are essentially no limits to the scope or subject matter of this action because anything and everything they advance can be related to overcrowded jail conditions. Aside from being a gross misstatement of the law, the flaw in Plaintiffs' argument is that **MCJ is not overcrowded**. In fact, in this very action, Plaintiffs have stipulated in writing, and this Court has entered an order stating, that MCJ is not overcrowded unless and until it exceeds 6,800 inmates (and 7,500 inmates in emergency conditions). (*See*, Docket No. 235.1, p. 101, lines 6-7.) The current population of MCJ, however, is less than 5,000 inmates. Thus, under the doctrine of law of the case and common sense, the facility is not overcrowded and Plaintiffs' purported legal grounds (tenuous as they are) do not exist. Therefore, this Court has no jurisdiction to award Plaintiffs what they seek and, accordingly, this Motion must be denied as a matter of law.

///
///

### III. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEIR DISCOVERY STIPULATION VIOLATES THE LOCAL RULES.

A joint discovery stipulation "shall contain, verbatim, both the [request] and the allegedly insufficient answer, followed by each party's contentions as to that particular [request], separately stated." Local Rule 37-2.1.

Here, Plaintiffs have violated Local Rule 37 because nowhere in their stipulation do they set forth their contentions regarding each individual request. Instead, in unprecedented fashion, Plaintiffs have clustered various arguments together. As a result, they have violated the Local Rules and left this Court and Defendants to speculate about which arguments apply to which requests and responses. Moreover, Defendants have been prejudiced because they have not been given their opportunity, as provided by the Local Rules, to respond individually to Plaintiffs' requests. Plaintiffs' improper approach ignores the reality that specific objections apply to documents responsive to one particular request, but may have no application to other requests.

Furthermore, Plaintiffs modified their requests several times during the parties' meet and confer discussions. In seeking to compel production, Plaintiffs have included both their original and modified versions of their requests. As a result, and because of their defective formatting, it is unclear which requests Plaintiffs are now attempting to compel Defendants to answer.

Plaintiffs' failure to present this Court with a discovery stipulation that complies with the Local Rules should cause their Motion to be denied. At a minimum, this Court should decline to consider those portions of the discovery stipulation that did not provide Defendants with an opportunity to specifically address individual requests. Alternatively, this Court should order the parties to brief each individual request and require Plaintiffs to specifically set out what documents they seek.

///

## IV. PLAINTIFFS' REQUESTS ARE BARRED BY VARIOUS PRIVILEGES.

Plaintiffs' Request No. 19 is for "[a]ll quality assurance reviews, expert reports, staffing analyses, audits, investigations, utilization reviews, needs assessments and other documents created since January 2007..." Request No. 19, which seeks "all reports and audits performed by or for any state agency or the United States Department of Justice…" This Request improperly seeks records regarding mental health care at the LACJ system, which is the subject of an on-going, privileged and confidential investigation by the United States Department of Justice pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997a *et seq*. Other than information publically available at http://www.justice.gov/crt/split/cripa.php, information regarding DOJ's investigation is confidential. If the Court is inclined to order production, Defendants first request an *in camera* review, and thereafter, a protective order.

Moreover, documents responsive to this request are not discoverable pursuant to several privileges under federal common law: the self-critical analysis privilege and the deliberative process privilege.

### A. Self-Critical Analysis Privilege.

Federal courts have recognized the existence of a privilege against disclosure of "self-critical" materials. *Granger v. National Railroad Passenger Corp.*, 116 F.R.D. 507 (E.D.Pa. 1987). This privilege serves the public interest by encouraging self-improvement through uninhibited self-analysis and evaluation. *In re Crazy Eddie Securities Litigation*, 792 F.Supp. 197, 205 (E.D.N.Y. 1992).

The Ninth Circuit, in *Dowling v. American Haw. Cruises, Inc.*, 871 F.2d 423 (9th Cir. 1992), explained the four part test: "1) the information must be self-critical analysis undertaken by the party seeking the protection, 2) the public must have a strong interest in maintaining the flow of the information, 3) the information must be of a type whose flow would be curtailed if discovery were allowed, and 4) the

information must have been created with the expectation that it would be kept confidential, and it has in fact been kept confidential." *Id*. at 425-426.

The Ninth Circuit has said that this privilege may be applied to "investigations designed to root out the causes of an accident that has already occurred," finding that there are strong policy objectives that support protection of post-accident investigations. *Id*. at 427.

In this case, for example, Request No. 19 has a very broad scope, but seems to be designed to get quality assurance reviews generally, regardless of the actual title of the document. Quality assurance reviews are self-critical in that they may identify ways to improve the use of force in the jails. Thus, Request No. 19 meets the first prong of the *Dowling* test. Second, the materials requested should be protected by the self-critical analysis privilege because of the need for a free flow of information regarding staffing, the use of force, and prisoner-on-prisoner violence between responsible parties at the LASD. Third, if discovery were allowed, it would be much more difficult to get candid assessments from the involved parties, for fear of civil suits and other unintended adverse consequences. Forcing the disclosure of candid analysis would have a chilling effect on necessary post-force reviews, which would also be contrary to the goals of Federal Rules of Evidence, Rule 407, barring evidence of subsequent remedial measures. Fourth, and finally, documents of the type requested by Plaintiffs are kept confidential, and have been kept confidential. Although the Ninth Circuit has narrowly applied the self-critical analysis privilege, Plaintiffs' Request No. 19 presents a situation where the test for application is met.

B.   **Deliberative Process Privilege**.

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising a part of a process by which government decisions and policies are

5

formulated." *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

In order to be covered by teh deliberative process privilege: (1) the document must be deliberative in nature, containing opinions recommendations, or advice about agency policies; and (2) the document must be predecisional - it must have been generated before the adoption of the agency's policy or decision. *Id*.

First, as noted above, the documents requested by Plaintiffs are deliberative, and contain opinions, recommendations, and advice about policies regarding the use of force. Second, the documents were generated in advance of a potential change in LASD policies, or a decision regarding force in the jails. Therefore, Defendants' response to Plaintiffs' Request No. 19 is also protected by the deliberative process privilege.

### C. Official Information Privilege.

There is a qualified privilege for official information under federal common law. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990). "Government personnel files are considered official information" for purposes of the privilege. *Id*.

Request Nos. 13, 14, and 20 seek documents that would be contained in mental health professionals' personnel files. Information in mental health professionals' files meets the definition of "official information" set out in *Kelly v. City of San Jose*, 114 F.R.D. 563, 660 (N.D.Cal. 1987); disclosure would discourage these professionals from providing information out of fear that it could later end up in the hands of the inmates they treat.

Request No. 1 also meets the *Kelly* test for the official information privilege. This Request seeks several categories of documents, including information on security threats. The County's ability to gather security information would be severely compromised if those providing the information knew that it could end up in the hands of other inmates through discovery requests.

Although Defendants' assertion of the official information privilege meets the *Kelly* standard, Plaintiffs have made no discernable attempt to satisfy the *Kelly* requirements. Given the important public policy interests at stake, a plaintiff seeking to pierce the "official information" privilege must make a compelling showing of necessity. *Kelly*, 114 F.R.D. at 671 ("[p]laintiff's motion should be accompanied by a memorandum and, if appropriate, an affidavit…" setting out their need for the documents).

Here, Plaintiffs have made no showing of necessity, have not explained how documents from the personnel files (or the personnel files themselves) are relevant, and are simply engaging in a general search for information into the backgrounds of LASD employees with the hopes of discovering arguably negative information.[1]

Further, if this Court is inclined to grant this Motion despite its deficiencies, then Defendants request the opportunity to individually brief each request, as the Local Rules require.

## V. MANY OF PLAINTIFFS' REQUESTS ARE OVERBROAD AND BURDENSOME.

The massive burden and cost of responding to many of Plaintiffs' requests warrants the denial of this Motion as to those requests. However, since Plaintiffs did not comply with the Local Rule 37 format requirements, it is difficult to respond to their contentions in any more than a general sense.

The Court may limit discovery if it determines that the burden or expense of the discovery outweighs its benefit. FRCP 26(b)(2)(C). Request No. 16 calls for all incident reports, disciplinary reports, and use of force reports for all prisoners who

---

[1] In fact, the Ninth Circuit has soundly condemned as a violation of the official information privilege discovery requests like this one because they are "general searches." *Sanchez*, 936 F.2d at 1034 ("[T]he confidential nature of the employee personnel files suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation and would impact disciplinary procedures within the [police department]").

have been on the mental health caseload during the past twelve months. This Request would require a hand search of **thousands** of inmate records, which would be massively time consuming and cost prohibitive. The high burden, taken together with the fact that force reports are irrelevant to the quality of medical care a prisoner is receiving, shows that the burden of discovery outweighs any speculative benefit put forward by Plaintiffs. *See*, *Sonken-Galamba Corp. v. Atchison, T & S.F. Ry. Co.*, 333 F.2d 661 (W.D.Mo. 1939).

Request No. 20 is another example of a request that is overly broad and unduly burdensome on its face. *See*, *Cardenas v. Dorel Juvenile Group Inc.*, 232 F.R.D 377, 382 (D.Kan. 2005). Its scope includes "[a]ll autopsy reports, investigative records, and other documents related to the deaths of all prisoners during the past three years." Plaintiffs' Request would require Defendants to speculate to determine what are "other documents related to" prisoner deaths. Indeed, use of the omnibus phrase "relating to" has been held to be overly burdensome on its face. *Id.*

Further examples of overly burdensome and costly requests can be found in, without limitation, Request Nos. 3, 4, 6, 7, 16, 19, 20, 23, 24, 26, and 27. Request Nos. 26 and 27 are particularly overbroad and burdensome. The seek 10 categories of biographical information regarding every single inmate in the LACJ system, as well as every inmate released in the past calendar year[2]. Since there are more than 15,800 inmates currently in the LACJ system, and many more that have been released in the past year, these Requests require a truly astounding amount of information.

---

[2] Additionally, this information cannot legitimately be characterized as relevant to any claim or defense in this action, and should not be produced for that reason. Moreover, production of this information would violate the third party privacy rights of thousands of current and former inmates.

1   Moreover, the production of even some of these data files would require the
2   creation of a "script" (essentially, a computer program) that would gather the data
3   for production. Even a small portion of the records would contain over a billion
4   table entries and that the data file itself would be so large that locating an
5   appropriate transfer and storage medium would be an extremely difficult task.
6   Also, this Request is for documents that are irrelevant in that they have no
7   bearing on the quality of Plaintiff's medical and mental health care. Further,
8   Plaintiffs have not made any showing regarding their need for the documents. The
9   Request covers a full year, not long in the life of a lawsuit, but an eternity in the
10  records department of a correctional facility. Finally, although this Request
11  specifically details the categories of documents it requests, the fact that there are 10
12  categories indicates that the request lacks particularity. Therefore, production of
13  this information would be massively burdensome and should not be ordered. *See*,
14  *N.O. v. Callahan*, 110 F.R.D. 637, 643, 646 (D.Mass 1986).
15  Plaintiffs' discovery Requests cover literally hundreds of thousands of
16  documents, are phrased in such a way as to require prohibitively expensive
17  searches, including hand searches. Defendants should not be compelled to respond
18  to these objectionable requests.

## VI. PLAINTIFFS' REQUESTS FOR DATA FILES INTERFERES WITH THE ONGOING WORK OF THE VERA INSTITUTE.

21  Plaintiffs' Request No. 26 is for data files prepared by Los Angeles County in
22  connection with the County's contract with the Vera Institute. As this Court is
23  aware, the Vera Institute is conducting an analysis of the entire criminal justice
24  system in Los Angeles County. Plaintiffs' attempt to involve themselves in the
25  Vera Institute's work will only slow, frustrate, and compromise the integrity of this
26  project.
27  ///
28  ///

## VII. THE JAIL MASTER PLAN MAKES MANY OF PLAINTIFFS' REQUESTS UNNECESSARY.

As this Court was recently updated on November 10, 2010, the Department is moving forward with an aggressive Jail Master Plan that includes, without limitation, the complete replacement of MCJ with a modern jail facility. These plans will undoubtedly impact and probably resolve most, if not all, of the complaints Plaintiffs have about MCJ. Of course, these changes will not occur overnight, but before the Court orders extensive discovery and the production of documents, it should consider the utility of such an order. It is unproductive to invest scarce public resources on discovery disputes over a facility that is in the process of being replaced.

Even if the Court were to order Defendants to respond to Plaintiffs' massive discovery, the burden and overbroad nature of the requests would ensure a time-consuming and expensive response that can and should be avoided. These resources, however, can and should be used to ensure that inmates have a long term solution regarding conditions of confinement at MCJ.[3]

## VIII. Conclusion.

Defendants are open to trying to reach an informal resolution and would welcome the Court's comments and involvement. Defendants would welcome Plaintiffs back to the table if they choose to respond to the Department's efforts to reach an informal resolution.

///
///
///
///

---

[3] Over the last year, the Sheriff's Department has repeatedly offered to renew their regular meetings with the ACLU to discuss jail conditions but the Department's offers have been rejected.

Assuming Plaintiffs simply wish to continue to burden Defendants with litigation, their Motion should be denied. Plaintiffs' Motion improperly seeks information that is beyond the Judgment and this Court's jurisdiction. Moreover, the ACLU has already stipulated, and this Court has already entered an order memorializing, that MCJ (with a current population below 5,000) is not overcrowded. Furthermore, Plaintiffs' Motion suffers from numerous defects, both procedural and substantive. The Motion should be denied and the parties should refocus on efforts relevant to maintaining reasonable conditions in the jails. In the event this Court is inclined to order any production whatsoever, Defendants respectfully request that it solicit additional briefing on individual documents and discovery requests so that Defendants can have a meaningful opportunity to respond to unique issues applicable to each request.

Dated: November 22, 2010      LAWRENCE BEACH ALLEN & CHOI, PC

By    /s/ Paul B. Beach
      Paul B. Beach
      Attorneys for Defendants
      Defendants Sherman Block, et al.