MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
JESSICA G. PRICE
jprice@aclu-sc.org
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone:  (213) 977-9500
Facsimile:  (213) 977-5297

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs
(continued on next page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LEROY BACA, et al.,<br><br>　　　　　　Defendants.<br>_____ | Case No.  Civ. 75-04111-DDP<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS; DECLARATION OF MARY TIEDEMAN** |

1   MELINDA BIRD, SBN 102236
    melinda.bird@disabilityrightsca.org
2   Disability Rights California
    3580 Wilshire Blvd., Suite 902
3   Los Angeles, California 90010
    Telephone:  (213) 355-3605
4   Facsimile:  (213) 427-8767

5   Bingham McCutchen LLP
    STEPHEN D. ALEXANDER (SBN 141099)
6   stephen.alexander@bingham.com
    JENNIFER B. MIKOLEVINE (SBN 236745)
7   jennifer.mikolevine@bingham.com
    355 South Grand Avenue, Suite 4400
8   Los Angeles, California  90071-1560
    Telephone:  (213) 680-6400
9   Facsimile:  (213) 680-6499

10  Bingham McCutchen LLP
    STACY W. HARRISON, SBN 175028
11  stacy.harrison@bingham.com
    1620 26th Street
12  4th Floor, Main Tower
    Santa Monica, California 90404
13  Telephone: (310) 907-1000
    Facsimile: (310) 907-2000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S GENERAL RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS

Defendants' Objections consist in large part on repeated boilerplate objections. For example, in the Declaration of Robert Dragusica (Prisoner 5A), which consists of 26 paragraphs, Defendants have objected to nine whole paragraphs on the ground that they are vague, ambigous, conclusory and lack foundation, citing FRE 602. Many of these paragraphs include 5 or more sentences, with some sentences including multiple factual assertions. Defendants have also objected to multiple sentences in 12 of the remaining paragraphs on identical grounds.

These objections are uniformly invalid under Federal Rule of Evidence 103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the specific ground of objection." The Defendants' vague citation of some Rules of Evidence with no explanation as to what portion of the paragraph is "vague, conclusory, or ambiguous and why, does not satisfy their duty under FRE 103(a)(1) to "ensure that the 'nature of the error [is] called to the attention of the judge, so as to alert him [or her] to the proper course of action and enable opposing counsel to take corrective measures." *Jerden v. Amstutz*, 430 F.3d 1231, 1236 (9th Cir. 2005) (alterations in original) (quoting Fed. R. Evid. 103(a) advisory committee's note).

Moreover, even if the Court were to review the whole paragraph or the multiple sentences objected to and find some word or phrase that may not be entirely clear, the lack of clarity would go to weight, not admissibility. *See, e.g., Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 n.11 (N.D. Cal. 2004).

Courts routinely reject these boilerplate objections out of hand, and the Court should do so here. "[I]t is not the Court's role to divine Defendant's arguments" and the Court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors

corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

Defendants have also objected to almost every quotation in the declarations on hearsay grounds, apparently without ever considering whether the statements could possibly have been offered for the truth of the matter asserted.  For example, they repeatedly object to orders and directions given by deputies to inmates or other deputies, even though orders and instructions *cannot* be introduced for the truth of the matter asserted.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").  Nor do Defendants appear to have considered that statements by deputies to prisoners while the deputies were on duty in the jails likely are not hearsay under 801(d)(2)(D) because they are statements against interest by an agent of a party opponent.  *See Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).

Defendants have also objected to almost every statement made in every declaration on foundation grounds.  Yet, in almost every case the objected to statements consist of declarants' describing things they did, things that were done to them (e.g., getting beaten) things they observed, or things they heard.  All these things are clearly within the personal knowledge of the declarants, and the foundation objections are therefore frivlous.

*//*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEFENDANTS' GENERAL OBJECTION TO ALL INMATE DECLARATIONS**

Preliminarily, the Declarations are improper and should be stricken because during the course of discovery, Plaintiff never identified the inmates as witness to this action as required by Rule 26 of the Federal Rules of Civil Procedure. *See,* Declaration of Paul B. Beach filed concurrently herewith; Fed. R. Civ. Proc. 26; Fed. Civ. Proc. Rule 37(d); *Hoffman v. Construction Protective Services, Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008) (a party who fails to make required disclosures of witnesses and documents pursuant to the Federal Rules of Civil Procedure cannot use that information or witness as supporting evidence relating to a motion or hearing); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (party who failed to provide required disclosures has burden of proving harmlessness in avoiding evidence exclusion).

**Plaintiffs' Response**:

Defendants' objection is without merit.  Federal Rule of Procedure 26(A)(i) requires a party to disclose the names of each individual "that the disclosing party may use to support its claims or defenses."  This subdivision is intended to ensure disclosure of "certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement."  Fed. R. Civ. Pro. 26(a)(1)-(4), advisory committee's notes.  The declarations attached to Plaintiffs' motion are not introduced to support Plaintiffs' Fourteenth Amendment claims, and have not been submitted for use at trial or evidentiary hearing on the merits of their claims.

A witness list pursuant to Rule 26(a) is not required for Plaintiffs' motion for protective order or for Defendants' response.  *See Ewert v. eBay, Inc.*, No. C-07-02198 RMW, C-07-04487 RMW, 2010 WL 4269259 (N.D. Cal. Oct. 25, 2010) (On motion for class certification, although "Plaintiffs argues (sic) that eBay's expert report should be stricken for failure to comply with Federal Rule of

Civil Procedure 26(a)(2) . . . Rule 26(a)(2) only deals with disclosure of expert witnesses that parties intend to use at trial.") (emphasis added).  Consistent with this Rule, in opposition to the motion the Defendants submitted a declaration from Dennis Burns, whom Defendants did not list in a Rule 26 disclosure prior to Plaintiffs prior to filing their opposition.

## OBJECTIONS TO THE DECLARATION OF MARY TIEDEMAN

**Paragraph 4:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert*).

### Plaintiffs' Responses

1. Defendants' Objections are Insufficiently Specific under FRE 103(a)(1)

Federal Rule of Evidence 103(a)(1) requires that objections "stat[e] the specific ground of objection."  Id.  Defendants have failed to satisfy this requirement.  Paragraph 4 contains four sentences, some of which contain multiple assertions, yet the Defendants merely offer blanket objections to the entire paragraph with no explanation of which sentences or assertions within those sentences are objectionable and why.  The Defendants' vague citation of some Rules of Evidence with no explanation does not satisfy their duty under FRE 103(a)(1) to "ensure that the 'nature of the error [is] called to the attention of the judge, so as to alert him [or her] to the proper course of action and enable opposing counsel to take corrective measures." *Jerden v. Amstutz*, 430 F.3d 1231, 1236 (9th Cir. 2005) (alterations in original) (quoting Fed. R. Evid. 103(a) advisory committee's note); *see United States v. Holland*, 880 F.2d 1091,  1094-95 (9th Cir. 1989) (rejecting relevance objection to a 90-minute long tape recording when objecting party did not identify which portions of the tape were irrelevant).

2. The foundation is clearly established in the declaration.  Although Plaintiffs are uncertain about exactly what portions of paragraph 4 Defendants

4

claim lack foundation, the foundation for Ms. Tiedeman's observations of the mental health care she observes defendants receiving is established in paragraph 2 of her declaration, which establishes that she regularly visited the LA County jail facilities.

3. <u>Defendants' 702 Objection is Baseless</u>.  The vast majority of the paragraph consists of observations Ms Tiedeman made in her visits to the LA County jails.  Factual observations are not opinions, and thus FRE 702, which applies to specialized opinion testimony, is irrelevant.  To the extent the paragraph contains opinion testimony, it is based on facts observable by Ms. Tiedeman during her jail visits, i.e., that prisoners in Men's Central Jail do not receive mental health treatment other than perhaps medication, and is thus proper lay opinion testimony under FRE 701.  FRE 701 allows witnesses to give testimony in the form of opinions or inferences if the testimony is "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical or other specialized knowledge . . . ."  *Id.*  Finally, to the extent there is specialized opinion testimony on mental health care, Ms. Tiedeman is an MSW with the requisite expertise to render opinions on mental health care.  See Supplemental Declaration of Mary Tiedeman *¶ 3.*

**Paragraph 5:** The first, second, third, and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).*

**Plaintiffs' Responses**

1. <u>Foundation</u>

The foundation for this paragraph is established by Ms. Tiedeman's regular visits to the LA County jails over a four-year period, as established in paragraph 2 of her declaration.

2.     Vague, Ambiguous Conclusory Objections

These objections are uniformly invalid under Federal Rule of Evidence 103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the specific ground of objection."   Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.     FRE 702 Objection  The majority of the paragraph consists of observations Ms Tiedeman made in her visits to the LA County jails.  Factual observations are not opinions, and thus FRE 702, which applies to specialized opinion testimony, is irrelevant.  To the extent the paragraph contains opinion testimony, it is based on facts observable by Ms. Tiedeman during her jail visits, i.e., that prisoners in Men's Central Jail do not receive mental health treatment other than perhaps medication, and is thus proper lay opinion testimony under FRE 701.  FRE 701 allows witnesses to give testimony in the form of opinions or inferences if the testimony is "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical or other specialized knowledge . . . ."  *Id.*  Finally, to the extent there is specialized opinion

testimony on mental health care, Ms. Tiedeman is an MSW with the requisite

expertise to render opinions on mental health care.  See Supplemental Declaration

of Mary Tiedeman *¶ 3.*

**Paragraph 6:** The first, second, and third sentence is vague, ambiguous,

conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this

paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a

mental health expert (*see,* FRE 702 and *Daubert).* Additionally, to the extent the

purported statements by an unidentified public defender in this paragraph are

offered to prove the truth of the matter asserted, they are objected to on the

grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.    Foundation The foundation for this paragraph is established by Ms.

Tiedeman's regular visits to the LA County jails over a four-year period, as

established in paragraph 2 of her declaration.

2.    Vague, Ambiguous Conclusory Objections

 These objections are uniformly invalid under Federal Rule of Evidence 103

Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

specific ground of objection."   Rules 601 and 602 do not directly address

vagueness, ambiguity, or whether a statement is conclusory, and Defendants

provide no explanation as to why any of the statements identified are vague,

ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

Court's role to divine Defendant's arguments" and the court should summarily

deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

with different colors corresponding to different objections, and pink applied to

"lack of personal knowledge, no foundation, conclusory, speculative or

inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

*Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

1  (where boilerplate objections were provided with no explanation, "[t]he summary,

2  vague nature of these objections is grounds alone for the court to deny them").

3     3.    <u>Hearsay</u>  As a mental health expert, Ms. Tiedeman is entitled to rely

4  on hearsay, such as the statements by a public defender about her client's mental

5  health history.

6     **Paragraph 7:** The second, third, and last sentence is vague, ambiguous,

7  conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this

8  paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not

9  a mental health expert (*see,* FRE 702 and *Daubert).* Additionally, to the extent the

10  purported statements by mental health staff at the jail in this paragraph are offered

11  to prove the truth of the matter asserted, they are objected to on the grounds that

12  they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

13     **Plaintiffs' Responses**

14     1.    <u>Foundation</u> The foundation for this paragraph is established by Ms.

15  Tiedeman's regular visits to the LA County jails over a four-year period, as

16  established in paragraph 2 of her declaration.

17     2.    <u>Vague, Ambiguous Conclusory Objections</u>

18     These objections are uniformly invalid under Federal Rule of Evidence 103

19  Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

20  specific ground of objection."   Rules 601 and 602 do not directly address

21  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

22  provide no explanation as to why any of the statements identified are vague,

23  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

24  Court's role to divine Defendant's arguments" and the court should summarily

25  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

26  199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

27  with different colors corresponding to different objections, and pink applied to

28  "lack of personal knowledge, no foundation, conclusory, speculative or

1   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

2   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

3   (where boilerplate objections were provided with no explanation, "[t]he summary,

4   vague nature of these objections is grounds alone for the court to deny them").

5        3.   <u>Hearsay</u>  To the extent Defendants object to Ms. Tiedeman's

6   recounting that prisoners tell her they feel unsafe speaking to JMET teams at cell

7   front, that statement is admissible under FRE 803(3)(Then Existing Mental,

8   Emotional, or Physical Condition).  To the extent they object to statements by

9   mental health staff at the jail, those are not hearsay under FRE 801(d)(2)(D) –

10   statements against interest by agents of a party opponent in the scope of their

11   employment.  *See Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005)

12   (where defendant is public official and head of government agency sued in his

13   official capacity, real party in interest defendant is agency, and statements against

14   interest by employees of agency acting in the scope of their employment are party

15   admissions under FRE 801(d)(2)(D)).

16       **Paragraph 8:** The fourth, sixth, seventh, and eighth sentence is vague,

17   ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

18   Further, this paragraph sets forth improper expert witness testimony, as Ms.

19   Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).*

20   Additionally, to the extent the purported statements of unidentified "Prisoner A"

21   in this paragraph are offered to prove the truth of the matter asserted, they are

22   objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid.,

23   Rules 801, 802).

24       **Plaintiffs' Responses**

25        1.   <u>Foundation</u> The foundation for the statements in this paragraph comes

26   from her regular visits to the jails and her specific interactions she describes in this

27   paragraph.

28        2.   <u>Vague, Ambiguous Conclusory Objections</u>

1    These objections are uniformly invalid under Federal Rule of Evidence 103

2   Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

3   specific ground of objection."   Rules 601 and 602 do not directly address

4   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

5   provide no explanation as to why any of the statements identified are vague,

6   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

7   Court's role to divine Defendant's arguments" and the court should summarily

8   deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

9   199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

10   with different colors corresponding to different objections, and pink applied to

11   "lack of personal knowledge, no foundation, conclusory, speculative or

12   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

13   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

14   (where boilerplate objections were provided with no explanation, "[t]he summary,

15   vague nature of these objections is grounds alone for the court to deny them").

16    3.    FRE 702 to the extent there is specialized opinion testimony on

17   mental health issues in this paragraph, Ms. Tiedeman is an MSW with the requisite

18   expertise to render opinions on those issues.  *See* Supplemental Declaration of

19   Mary Tiedeman *¶ 3.*

20    **Paragraph 9:** The assertions therein are vague, ambiguous, conclusory, and

21   lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets

22   forth improper expert witness testimony, as Ms. Tiedemann is not a mental health

23   expert (*see,* FRE 702 and *Daubert).* Additionally, to the extent the purported

24   statements of the unidentified public defender in this paragraph are offered to

25   prove the truth of the matter asserted, they are objected to on the grounds that they

26   are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

27    **Plaintiffs' Responses**

28    1.    Foundation

10

2.     <u>Vague, Ambiguous Conclusory Objections</u>

These objections are uniformly invalid under Federal Rule of Evidence 103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the specific ground of objection."   Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 10:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).* Additionally, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.     <u>Foundation</u> – this paragraph contains eight sentences, many of which contain multiple assertions.  Because Defendants do not identify what portions of this paragraph lacks foundation, and the basis for  that objection, the objection is insufficiently precise and thus should be overruled on that basis alone.  FRE 103; *Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

1   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

2   objections were provided with no explanation, "[t]he summary, vague nature of

3   these objections is grounds alone for the court to deny them").

4           2.    <u>Vague, Ambiguous Conclusory Objections</u>

5          These objections are uniformly invalid under Federal Rule of Evidence 103

6   Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

7   specific ground of objection."   Rules 601 and 602 do not directly address

8   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

9   provide no explanation as to why any of the statements identified are vague,

10   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

11   Court's role to divine Defendant's arguments" and the court should summarily

12   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

13   199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

14   with different colors corresponding to different objections, and pink applied to

15   "lack of personal knowledge, no foundation, conclusory, speculative or

16   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

17   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

18   (where boilerplate objections were provided with no explanation, "[t]he summary,

19   vague nature of these objections is grounds alone for the court to deny them").

20           3.    <u>FRE 702</u> to the extent there is specialized opinion testimony on

21   mental health care, Ms. Tiedeman is an MSW with the requisite expertise to render

22   opinions on mental health care.  *See* Supplemental Declaration of Mary Tiedeman

23   *¶ 3.*

24           4.    <u>Hearsay</u> – Defendants object to the whole paragarph on hearsay

25   grounds, rather than identifying specific statements, which is impermissible under

26   FRE 103.  Moreover, the statements in this paragraph are not hearsay because they

27   are statement against interest by agents of a party opponent in the scope of his/er

28   employement.  FRE 801(d)(2)(D).

1    **Paragraph 11:** The assertions therein are vague, ambiguous, conclusory,

2    and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph

3    sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental

4    health expert (*see,* FRE 702 and *Daubert).* Additionally, to the extent the

5    purported statements of an unidentified "aunt of Prisoner B" are offered to prove

6    the truth of the matter asserted, they are objected to on the grounds that they are

7    inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

8    **Plaintiffs' Responses**

9        1.    Foundation – everything in this paragraph is based on things Ms.

10   Tiedeman did and conversations she personally engaged in.

11       2.    Vague, Ambiguous Conclusory Objections

12       These objections are uniformly invalid under Federal Rule of Evidence 103

13   Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

14   specific ground of objection."   Rules 601 and 602 do not directly address

15   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

16   provide no explanation as to why any of the statements identified are vague,

17   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

18   Court's role to divine Defendant's arguments" and the court should summarily

19   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

20   199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

21   with different colors corresponding to different objections, and pink applied to

22   "lack of personal knowledge, no foundation, conclusory, speculative or

23   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

24   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

25   (where boilerplate objections were provided with no explanation, "[t]he summary,

26   vague nature of these objections is grounds alone for the court to deny them").

27       3.    FRE 702 to the extent there is specialized opinion testimony on

28   mental health issues, Ms. Tiedeman is an MSW with the requisite expertise to

1  render opinions on mental health issues.  *See* Supplemental Declaration of Mary

2  Tiedeman *¶ 3.*

3      4.      Hearsay

4      **Paragraph 12:** The first, second, third, and fifth sentence is vague,

5  ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

6  Further, this paragraph sets forth improper expert witness testimony, as Ms.

7  Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).*

8  Additionally, to the extent the purported statements of Dr. Terry Kupers are

9  offered to prove the truth of the matter asserted, they are objected to on the

10  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802). The

11  report by Dr. Terry Kupers referred to in this paragraph is not properly

12  authenticated (*see* FRE 902).

13      **Plaintiffs' Responses**

14      1.      Foundation The foundation for the material in this paragraph is Ms.

15  Tiedeman's repeated visits to the LA County jails, and her interaction with

16  prisoners there, as is set forth in paragraph 2 of her declaration and supplemental

17  declaration in support of this motion.

18      2.      Vague, Ambiguous Conclusory Objections

19      These objections are uniformly invalid under Federal Rule of Evidence 103

20  Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

21  specific ground of objection."   Rules 601 and 602 do not directly address

22  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

23  provide no explanation as to why any of the statements identified are vague,

24  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

25  Court's role to divine Defendant's arguments" and the court should summarily

26  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

27  199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

28  with different colors corresponding to different objections, and pink applied to

14

1   "lack of personal knowledge, no foundation, conclusory, speculative or

2   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

3   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

4   (where boilerplate objections were provided with no explanation, "[t]he summary,

5   vague nature of these objections is grounds alone for the court to deny them").

6       3.      FRE 702 to the extent there is specialized opinion testimony on

7   mental health issues, Ms. Tiedeman is an MSW with the requisite expertise to

8   render opinions on mental health issues.  *See* Supplemental Declaration of Mary

9   Tiedeman *¶ 3.*

10      4.      Authentication  Plaintiffs have previously submitted the Kupers

11  report to the Court on April 14, 2009 (Dkt # 154-1) where it was properly

12  authenticated.  Thus, to the extent there is any authentication issue with respect to

13  Ms. Tiedeman's reference to the report, the error is harmless.

14      **Paragraph 13:** The first, second, third, and fourth sentence is vague,

15  ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601,

16  602). Further, this paragraph sets forth improper expert witness testimony, as

17  Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).*

18      **Plaintiffs' Responses**

19      1.      Foundation The foundation for the material in this paragraph is

20  Ms. Tiedeman's repeated visits to the LA County jails, and her interaction with

21  prisoners there, as is set forth in paragraph 2 of her declaration and

22  supplemental declaration in support of this motion.

23      2.      Vague, Ambiguous Conclusory Objections

24      These objections are uniformly invalid under Federal Rule of Evidence

25  103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e]

26  the specific ground of objection."  Rules 601 and 602 do not directly address

27  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

28  provide no explanation as to why any of the statements identified are vague,

ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

2.    <u>FRE 702</u> to the extent there is specialized opinion testimony on mental health issues, Ms. Tiedeman is an MSW with the requisite expertise to render opinions on mental health issues.  *See* Supplemental Declaration of Mary Tiedeman *¶ 3.*

**Paragraph 14:** The first, second, third, fourth, fifth, sixth, and seventh sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).*

**Plaintiffs' Responses**

1.    <u>Foundation</u> The foundation for the material in this paragraph is Ms. Tiedeman's repeated visits to the LA County jails, and her interaction with prisoners there, as is set forth in paragraph 2 of her declaration and supplemental declaration in support of this motion as well as the reports she describes in the paragraph, which she may rely on as an expert on mental health issues.

2.    <u>Vague, Ambiguous Conclusory Objections</u>

These objections are uniformly invalid under Federal Rule of Evidence 103

Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the specific ground of objection."   Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

　　　3.　　FRE 702 to the extent there is specialized opinion testimony on mental health issues, Ms. Tiedeman is an MSW with the requisite expertise to render opinions on mental health issues.  *See* Supplemental Declaration of Mary Tiedeman *¶ 3*.

**Paragraph 15:** The first, second, fourth, sixth, seventh, and eighth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a mental health expert (*see,* FRE 702 and *Daubert).* Additionally, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802). The report by Dr. Terry Kupers referred to in this paragraph is not properly authenticated (*see* FRE 902).

**Plaintiffs' Responses**

　　　1.　　Foundation The foundation for the material in this paragraph is Ms.

17

1   Tiedeman's repeated visits to the LA County jails, and her interaction with

2   prisoners there, as is set forth in paragraph 2 of her declaration and supplemental

3   declaration in support of this motion.

4         2.    <u>Vague, Ambiguous Conclusory Objections</u>

5         These objections are uniformly invalid under Federal Rule of Evidence 103

6   Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

7   specific ground of objection."   Rules 601 and 602 do not directly address

8   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

9   provide no explanation as to why any of the statements identified are vague,

10   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

11   Court's role to divine Defendant's arguments" and the court should summarily

12   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

13   199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

14   with different colors corresponding to different objections, and pink applied to

15   "lack of personal knowledge, no foundation, conclusory, speculative or

16   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

17   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

18   (where boilerplate objections were provided with no explanation, "[t]he summary,

19   vague nature of these objections is grounds alone for the court to deny them").

20         3.    <u>FRE 702</u> to the extent there is specialized opinion testimony on

21   mental health issues, Ms. Tiedeman is an MSW with the requisite expertise to

22   render opinions on mental health issues.  *See* Supplemental Declaration of Mary

23   Tiedeman *¶ 3.*

24         4.    <u>Authentication</u>  Plaintiffs have previously submitted the Kupers

25   report to the Court on April 14, 2009 (Dkt # 154-1) where it was properly

26   authenticated.  Thus, to the extent there is any authentication issue with respect to

27   Ms. Tiedeman's reference to the report, the error is harmless.

28       **Paragraph 16:** The assertions therein are conclusory and lack foundation

1  (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper

2  expert witness testimony, as Ms. Tiedemann is not a law enforcement expert (*see,*

3  FRE 702 and *Daubert).* Additionally, to the extent the paragraph is offered to

4  prove the truth of the matter asserted, they are objected to on the grounds that they

5  are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802). The 8th Annual Report

6  of the Office of Independent Review referred to in this paragraph is not properly

7  authenticated (*see* FRE 902) and the best evidence of this Report is the Report

8  itself (FRE 1000-1008).

9     **Plaintiffs' Responses**

10     1.   <u>Foundation</u> The foundation for the material in this paragraph is Ms.

11  Tiedeman's repeated visits to the LA County jails, and her interaction with

12  prisoners there, as is set forth in paragraph 2 of her declaration and supplemental

13  declaration in support of this motion as well as the reports she describes in the

14  paragraph, which she may rely on as an expert on mental health issues.

15     2.   <u>Vague, Ambiguous Conclusory Objections</u>

16     These objections are uniformly invalid under Federal Rule of Evidence 103

17  Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

18  specific ground of objection."   Rules 601 and 602 do not directly address

19  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

20  provide no explanation as to why any of the statements identified are vague,

21  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

22  Court's role to divine Defendant's arguments" and the court should summarily

23  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

24  199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

25  with different colors corresponding to different objections, and pink applied to

26  "lack of personal knowledge, no foundation, conclusory, speculative or

27  inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

28  *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

1   (where boilerplate objections were provided with no explanation, "[t]he summary,

2   vague nature of these objections is grounds alone for the court to deny them").

3        3.      <u>FRE 702</u> to the extent there is specialized opinion testimony on

4   mental health issues, Ms. Tiedeman is an MSW with the requisite expertise to

5   render opinions on mental health issues.  *See* Supplemental Declaration of Mary

6   Tiedeman *¶ 3.*  There is nothing in this paragraph in which Ms. Tiedeman

7   expresses an opinion on law enforcement issues.  The only issues related to law

8   enforcement are her summary of what is in the OIR Report (which is admissible,

9   as described below).

10        4.      <u>Hearsay</u> The OIR Report is admissible as the statement against

11  interest of an agent of a party opponent acting in the scope of employment.  FRE

12  801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (report

13  by Police Resource Assessment Center, which is investigative agent for LA

14  County Sheriff's Department is admissible under FRE 801(d)(2)(D)).

15        5.      <u>Authentication and Best Evidence</u> Plaintiffs have previously

16  submitted the OIR 8thAnnual Report to the Court September 9, 2010 as DKT

17  #226-3, where it was properly authenticated.  Thus, to the extent there is any

18  authentication issue with respect to Ms. Tiedeman's reference to the report, the

19  error is harmless.  The submission of the report itself satisfies the Best Evidence

20  Rule.

21        **Paragraph 17:** The second, third, fourth, fifth, sixth, and seventh sentence is

22  vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601,

23  602). Additionally, to the extent the unsigned letter referred to in this paragraph is

24  offered to prove the truth of the matter asserted, they are objected to on the

25  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802). The

26  unsigned letter referred to in this paragraph is not properly authenticated (*see* FRE

27  902).

28        **Plaintiffs' Responses**

1.   <u>Foundation</u>  The foundation for the material in this paragraph is Ms. Tiedeman's repeated visits to the LA County jails, and her interaction with prisoners there, as is set forth in paragraph 2 of her declaration and supplemental declaration in support of this motion as well as the reports she describes in the paragraph, which she may rely on as an expert on mental health issues.

2.   <u>Vague, Ambiguous Conclusory Objections</u>

These objections are uniformly invalid under Federal Rule of Evidence 103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the specific ground of objection."   Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 18:** The first, second, third, fourth, and fifth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is not a law enforcement expert (see, FRE 702 and *Daubert).* Additionally, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

1

**Plaintiffs' Responses**

2        1.        <u>Foundation</u> The foundation for the material in this paragraph is Ms.

3    Tiedeman's repeated visits to the LA County jails, and her interaction with

4    prisoners there, as is set forth in paragraph 2 of her declaration and supplemental

5    declaration in support of this motion

6        2.        <u>Vague, Ambiguous Conclusory Objections</u>

7        These objections are uniformly invalid under Federal Rule of Evidence 103

8    Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

9    specific ground of objection."   Rules 601 and 602 do not directly address

10   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

11   provide no explanation as to why any of the statements identified are vague,

12   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

13   Court's role to divine Defendant's arguments" and the court should summarily

14   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

15   199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

16   with different colors corresponding to different objections, and pink applied to

17   "lack of personal knowledge, no foundation, conclusory, speculative or

18   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

19   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

20   (where boilerplate objections were provided with no explanation, "[t]he summary,

21   vague nature of these objections is grounds alone for the court to deny them").

22       3.        <u>FRE 702</u> – Plaintiffs are not aware of any expert opinions rendered in

23   this paragraph that require law enforcement expertise.  To the extent Ms.

24   Tiedeman expresses an opinion, it is about the level of fear of retaliation among

25   prisoners in the jail, which is a permissible lay opinion under FRE 701, based on

26   her repeated and long-term interactions with prisoners.

27       4.        <u>Hearsay</u>   The testimony of prisoners about their fear of retaliation is

28   admissible under FRE 803(3)(Then existing mental, emotional, or physical

1  condition), which is highly relevant to the central issue in this motion.

2  **Paragraph 19:** The second, third, and fourth sentence is vague, ambiguous,

3  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

4  **Plaintiffs' Responses**

5  1.  Foundation  Ms. Tiedeman clearly has personal knowledge about

6  what deputies or other LASD personnel tell her when she asks for an investigation

7  of a retaliation complaint, as well as whether LASD ever provides more

8  information about the outcome of the investigation.

9  2.  Vague, Ambiguous Conclusory Objections

10  These objections are uniformly invalid under Federal Rule of Evidence 103

11  Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

12  specific ground of objection."  Rules 601 and 602 do not directly address

13  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

14  provide no explanation as to why any of the statements identified are vague,

15  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

16  Court's role to divine Defendant's arguments" and the court should summarily

17  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

18  199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

19  with different colors corresponding to different objections, and pink applied to

20  "lack of personal knowledge, no foundation, conclusory, speculative or

21  inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

22  *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

23  (where boilerplate objections were provided with no explanation, "[t]he summary,

24  vague nature of these objections is grounds alone for the court to deny them").

25  **Paragraph 20:** The first, second, and third sentence is vague, ambiguous,

26  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

27  **Plaintiffs' Responses**

28  1.  Foundation  Ms. Tiedeman clearly has personal knowledge of the

1   complaints she has received from prisoners about retaliation as well as knowing

2   that only guards can open inmates cell doors, based on her longstanding

3   experience in the jails as set forth in paragraph 2 of both her declaration and

4   supplemental declaration.

5       2.   <u>Vague, Ambiguous Conclusory Objections</u>

6       These objections are uniformly invalid under Federal Rule of Evidence

7   103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e]

8   the specific ground of objection."   Rules 601 and 602 do not directly address

9   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

10  provide no explanation as to why any of the statements identified are vague,

11  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

12  Court's role to divine Defendant's arguments" and the court should summarily

13  deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

14  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

15  declaration with different colors corresponding to different objections, and pink

16  applied to "lack of personal knowledge, no foundation, conclusory, speculative

17  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

18  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

19  2008) (where boilerplate objections were provided with no explanation, "[t]he

20  summary, vague nature of these objections is grounds alone for the court to deny

21  them").

22      **Paragraph 21:** The first, second, fourth, fifth, and sixth sentence is vague,

23  ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

24  Additionally, to the extent the sixth sentence is offered to prove the truth of the

25  matter asserted, they are objected to on the grounds that they are inadmissible

26  hearsay. (Fed. R. Evid., Rules 801, 802).

27      **Plaintiffs' Responses**

28      1.   <u>Foundation</u> – By objecting to five sentences, without specifying

1   what portions lack foundation and why, Defendants' objection fails under FRE

2   103 and should be denied.  The blunderbuss nature of this objection can be

3   illustrated by their objecting on foundation grounds to the following sentence

4   "On virtually every monitoring visit, we encounter several prisoners who refuse

5   to talk to us, explaining that they fear retaliation if deputies see or suspect them

6   of talking to the ACLU."  It is hard to comprehend how Ms. Tiedeman would

7   lack personal knowledge to explain what prisoners say to her when she visits the

8   jails.

9          2.     Vague, Ambiguous Conclusory Objections

10          These objections are uniformly invalid under Federal Rule of Evidence

11   103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e]

12   the specific ground of objection."   Rules 601 and 602 do not directly address

13   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

14   provide no explanation as to why any of the statements identified are vague,

15   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

16   Court's role to divine Defendant's arguments" and the court should summarily

17   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

18   199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

19   with different colors corresponding to different objections, and pink applied to

20   "lack of personal knowledge, no foundation, conclusory, speculative or

21   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

22   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

23   (where boilerplate objections were provided with no explanation, "[t]he

24   summary, vague nature of these objections is grounds alone for the court to deny

25   them").

26          3.     Hearsay  Ms. Tiedeman's introduction of prisoners' statements

27   about being afraid of retaliation is admissible under FRE 803(3)

28          **Paragraph 22:** The first, second, third, and fourth sentence is vague,

1   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601,

2   602).

3       **Plaintiffs' Responses**

4       1.    <u>Foundation</u> Ms. Tiedeman clearly has personal knowledge of the

5   complaints she has received from prisoners about retaliation, as well as

6   knowing about the location of telephones in MCJ and the limited prisoner

7   access to those phones based on her longstanding experience in the jails as set

8   forth in paragraph 2 of both her declaration and supplemental declaration.

9       2.    <u>Vague, Ambiguous Conclusory Objections</u>

10      These objections are uniformly invalid under Federal Rule of Evidence

11  103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e]

12  the specific ground of objection."   Rules 601 and 602 do not directly address

13  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

14  provide no explanation as to why any of the statements identified are vague,

15  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

16  Court's role to divine Defendant's arguments" and the court should summarily

17  deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

18  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

19  declaration with different colors corresponding to different objections, and pink

20  applied to "lack of personal knowledge, no foundation, conclusory, speculative

21  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

22  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

23  2008) (where boilerplate objections were provided with no explanation, "[t]he

24  summary, vague nature of these objections is grounds alone for the court to

25  deny them").

26      **Paragraph 23:** The first, third, fourth, and fifth sentence is vague,

27  ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

28  Additionally, to the extent the paragraph is offered to prove the truth of the matter

1  asserted, they are objected to on the grounds that they are inadmissible hearsay.

2  (Fed. R. Evid., Rules 801, 802).

3  **Plaintiffs' Responses**

4      1.    <u>Foundation</u>  In this paragraph, Ms. Tiedeman talks about things that

5  she is able to speak about based on personal knowledge, including the practice of

6  deputies in conducting searches, based on her regular visits to the jails.

7      2.    <u>Vague, Ambiguous Conclusory Objections</u>

8      These objections are uniformly invalid under Federal Rule of Evidence 103

9  Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

10  specific ground of objection."   Rules 601 and 602 do not directly address

11  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

12  provide no explanation as to why any of the statements identified are vague,

13  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

14  Court's role to divine Defendant's arguments" and the court should summarily

15  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

16  199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

17  with different colors corresponding to different objections, and pink applied to

18  "lack of personal knowledge, no foundation, conclusory, speculative or

19  inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

20  *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

21  (where boilerplate objections were provided with no explanation, "[t]he summary,

22  vague nature of these objections is grounds alone for the court to deny them").

23  **Paragraph 24:** The first, second, third, and fourth sentence is vague,

24  ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601,

25  602). Additionally, to the extent the first sentence is offered to prove the truth of

26  the matter asserted, they are objected to on the grounds that they are

27  inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

28  **Plaintiffs' Responses**

1.     <u>Foundation</u> Ms. Tiedeman has personal knowledge to discuss things like how many complaints about retaliation the ACLU received and that she has asked the department to post its anti-retaliation policy in MCJ, but that it has not been posted.

2.     <u>Vague, Ambiguous Conclusory Objections</u>

These objections are uniformly invalid under Federal Rule of Evidence 103 Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the specific ground of objection."   Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 25:** The first, second, third, fourth, and fifth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further,this paragraph sets forth improper expert witness testimony, as Ms. Tiedemann is neither a law enforcement expert nor a medical expert (*see,* FRE 702 and *Daubert).*

**Plaintiffs Responses**

1.     <u>Vague, Ambiguous Conclusory Objections</u>

28

1    These objections are uniformly invalid under Federal Rule of Evidence 103

2    Federal Rule of Evidence 103(a)(1), which requires that objections "stat[e] the

3    specific ground of objection."   Rules 601 and 602 do not directly address

4    vagueness, ambiguity, or whether a statement is conclusory, and Defendants

5    provide no explanation as to why any of the statements identified are vague,

6    ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

7    Court's role to divine Defendant's arguments" and the court should summarily

8    deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189,

9    199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration

10   with different colors corresponding to different objections, and pink applied to

11   "lack of personal knowledge, no foundation, conclusory, speculative or

12   inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

13   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

14   (where boilerplate objections were provided with no explanation, "[t]he summary,

15   vague nature of these objections is grounds alone for the court to deny them").

16          2.     FRE 702      Nothing in this paragraph constitutes an opinion that

17   requires law enforcement expertise.  Moreover, the statements of prisoners'

18   physical condition are based on their statements about their condition, which are

19   admissible under FRE803(3), and thus do not constitute expert medical opinion.

20   **OBJECTIONS TO THE DECLARATION OF INMATE MARIO**
     **LOVE**

21

22          **Paragraph 3:** The assertions therein are vague, ambiguous,

     conclusory, and lack foundation (*see,* Fed. R. Evid., Rules 601, 602).

23

24          **Plaintiffs' Responses** :

25   1.     The Vague, Ambiguous, and Conclusory Objections are Frivolous

26   The statements in paragraph 3 about how Mr. Love met Mr. Knott and the

27   what, when, and where of what Mr. Love witnessed – LASD deputies

     beating Mr. Knott – are specific, not vague, ambiguous, or conclusory .

28

1    2.    <u>The Foundation Objection is Meritless</u>. The statements in this

2    paragraph include a specific description of an event – the beating of Jimmie

3    Knott – that Mr. Love testified that he witnessed.  *See* Love Declaration ¶ 3

4    ("In early June *I witnessed* a bunch of sheriff's deputies beat Jimmie Knott.")

5    (emphasis added).   Thus, Mr. Love's observations satisfy Rule 602 because

6    the activities he observed were "fact[s] which [could] be perceived by the

7    senses" that Mr. Love "had an opportunity to observe, and actually

8    observed."   U.S. v. Owens, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on*

9    *other grounds*, 484 U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory

10   committee's note).

11       **Paragraph 4:** The assertions therein are vague, ambiguous, conclusory, and

12   lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the

13   purported statements of a "Jimmie Knott" and an unidentified deputy in this

14   paragraph are offered to prove the truth of the matter asserted, they are objected to

15   on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

16       **<u>Plaintiffs' Responses</u>**

17       1.    <u>The Foundation for the Facts Described Is Clearly Laid</u>  Defendants'

18   foundation objection is baseless because Mr. Love's declaration makes clear in

19   paragraph 3 of his declaration that he personally observed the events he describes

20   in paragraphs 4-9 of his declaration.  Thus, Mr. Love's observations satisfy Rule

21   602 because the activities he observed were "fact[s] which [could] be perceived by

22   the senses" that Mr. Love "had an opportunity to observe, and actually observed."

23   *U.S. v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on other grounds*, 484

24   U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory committee's note).

25       2.    <u>The Vague, Ambiguous and Conclusory Objections Are Frivolous</u>  In

26   paragraph 4, Mr. Love describes with specificity events he saw and discussion he

27   heard.  There is nothing vague or conclusory about any of it.

28       3.    <u>The Hearsay Objection is Without Merit</u> A number of the statements

1    in the paragraph are orders or directions by deputies to Mr. Knott and could not be
2    introduced for the truth of the matter asserted:  Mr. Love's recounting that a
3    deputy directed Jimmie Knott to tuck in his shirt, that deputies ordered Knott out
4    of line, directed Knott to strip down to his boxers, or directed Knott to get on his
5    knees.  *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or
6    instruction is, by its nature, neither true nor false and thus cannot be offered for its
7    truth.").  Plaintiffs are not introducing the statement by Mr. Knott that his shoes
8    were torn for the truth of the matter asserted; nor are they introducing the
9    statement by the deputy that Mr. Knott was a "smart ass" for the truth of the matter
10   asserted.  Thus, the statements are not hearsay.  Finally, even if Plaintiff were
11   introducing any of the statements by a deputy to a prisoner for the truth of the
12   matter asserted, they would not be hearsay because it is a statement against interest
13   of an agent of a party opponent, acting in the scope of his employment.  *See* Fed.
14   R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal.
15   2005) (where defendant is public official and head of government agency sued in
16   his official capacity, real party in interest defendant is agency, and statements
17   against interest by employees of agency acting in the scope of their employment
18   are party admissions under FRE 801(d)(2)(D)).

19        **Paragraph 5:** The assertions therein are vague, ambiguous, conclusory, and
20   lack foundation (*see* Fed. R. Evid., Rules 601, 602).

21        **Plaintiffs' Responses**:

22        1.    <u>The Foundation for the Facts Described Is Clearly Laid</u>  Defendants'
23   foundation objection is baseless because Mr. Love's makes clear in paragraph 3 of
24   his declaration that he personally observed the events he describes in paragraphs
25   4-9 of his declaration.  Thus, Mr. Love's observations satisfy Rule 602 because the
26   activities he observed were "fact[s] which [could] be perceived by the senses" that
27   Mr. Love "had an opportunity to observe, and actually observed."  *U.S. v. Owens*,
28   789 F.2d 750, 754 (9th Cir. 1986), *rev'd on other grounds*, 484 U.S. 554 (1988)

1   (quoting Fed. R. Evid. 602 advisory committee's note).

2       2.      The Vague, Ambiguous, and Conclusory Objections Are Frivolous   In

3   paragraph 5, Mr. Love describes with specificity events he observed.  There is

4   nothing vague or conclusory about any of it.

5       **Paragraph 6:** The assertions therein, including, but not limited to, the

6   reference to "an officer named Sanchez" are also vague, ambiguous, conclusory,

7   and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

8       **Plaintiffs' Responses**:

9       1.      The Foundation for the Facts Described Is Clearly Laid

10  Defendants' foundation objection is baseless because Mr. Love's makes clear in

11  paragraph 3 of his declaration that he personally observed the events he

12  describes in paragraphs 4-9 of his declaration.  Thus, Mr. Love's observations

13  satisfy Rule 602 because the activities he observed were "fact[s] which [could]

14  be perceived by the senses" that Mr. Love "had an opportunity to observe, and

15  actually observed."   *U.S. v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on*

16  *other grounds*, 484 U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory

17  committee's note).

18      2.      The Vague, Ambiguous, and Conclusory Objections Are Frivolous

19  In paragraph 6, Mr. Love describes with specificity events he observed.  There

20  is nothing vague or conclusory about any of it.

21      **Paragraph 7:** The assertions therein are vague, ambiguous, conclusory, and

22  lack foundation (*see* Fed. R. Evid., Rules 601, 602).

23      **Plaintiffs' Responses**:

24      1.      The Foundation for the Facts Described Is Clearly Laid   Defendants'

25  foundation objection is baseless for two reasons.   Mr. Love's makes clear in

26  paragraph 3 of his declaration that he personally observed most of the events he

27  describes in paragraph 7 of his declaration.  Thus, Mr. Love's observations satisfy

28  Rule 602 because the activities he observed were "fact[s] which [could] be

1  perceived by the senses" that Mr. Love "had an opportunity to observe, and

2  actually observed."   *U.S. v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on*

3  *other grounds*, 484 U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory

4  committee's note).

5      To the extent Mr. Love did not personally observe anything he describes in

6  paragraph 7, he sets for the basis for his statements and opinions, which are

7  permissible under FRE 701.  FRE 701 allows witnesses to give testimony in the

8  form of opinions or inferences if the testimony is "rationally based on the

9  perception of the witness" and "helpful to a clear understanding of the witness'

10  testimony or the determination of a fact in issue," and "not based on scientific,

11  technical or other specialized knowledge . . . ." *Id.*

12      2.    The Vague and Conclusory Objections Are Frivolous  In paragraph 7,

13  Mr. Love describes with specificity events he observed and the bases for the lay

14  opinions he expresses.  There is nothing vague or conclusory about any of it.

15      **Paragraph 8:** The assertions therein are vague, ambiguous, conclusory, and

16  lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the

17  statements of unidentified deputies and a "Jimmie Knott" in this paragraph are

18  offered to prove the truth of the matter asserted, they are objected to on the

19  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

20      **Plaintiffs' Responses**:

21      1.    The Foundation for the Facts Described Is Clearly Laid  Defendants'

22  foundation objection is baseless because Mr. Love's makes clear in paragraph 3 of

23  his declaration that he personally observed the events he describes in paragraphs

24  4-9 of his declaration.  Thus, Mr. Love's observations satisfy Rule 602 because the

25  activities he observed were "fact[s] which [could] be perceived by the senses" that

26  Mr. Love "had an opportunity to observe, and actually observed."   *U.S. v. Owens*,

27  789 F.2d 750, 754 (9th Cir. 1986), *rev'd on other grounds*, 484 U.S. 554 (1988)

28  (quoting Fed. R. Evid. 602 advisory committee's note).

33

1    2.    <u>The Vague and Conclusory Objections Are Frivolous</u>  In paragraph 6,

2  Mr. Love describes with specificity events he observed.  There is nothing vague or

3  conclusory about any of it.

4    3.    <u>The Hearsay Objection is Without Merit</u> The statements in the

5  paragraph by deputies to Mr. Knott to put his hands behind his back are orders and

6  therefore not introduced for the truth of the matter asserted.  *U.S. v. Shepherd*, 739

7  F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither

8  true nor false and thus cannot be offered for its truth.").   Even if Plaintiffs were

9  introducing any of the statements by a deputy to a prisoner for the truth of the

10  matter asserted, they would not be hearsay because it is a statement against interest

11  of an agent of a party opponent, acting in the scope of his employment.  See Fed.

12  R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal.

13  2005) (where defendant is public official and head of government agency sued in

14  his official capacity, real party in interest defendant is agency, and statements

15  against interest by employees of agency acting in the scope of their employment

16  are party admissions under FRE 801(d)(2)(D)).  The statement by Mr. Knott "I am,

17  I am trying is admissible as an excited utterance because it was made in the heat of

18  Mr. Knott's being beaten.  Thus, they are"statement[s] relating to a startling event

19  or condition made while the declarant[s] w[ere] under the stress of excitement

20  caused by the event" pursuant to Federal Rule of Evidence 803(2).

21    **Paragraph 9:** The assertions therein are vague, ambiguous, conclusory, and

22  lack foundation (*see* Fed. R. Evid., Rules 601, 602).   Furthermore, to the extent the

23  statements of unidentified deputies in this paragraph are offered to prove the truth

24  of the matter asserted, they are objected to on the grounds that they are

25  inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

26  //

27    **Plaintiffs' Responses**:

28    1.    <u>The Foundation for the Facts Described Is Clearly Laid</u>  Defendants'

1   foundation objection is baseless because Mr. Love's makes clear in paragraph 3 of

2   his declaration that he was present during, and personally observed, the events he

3   describes in paragraphs 4-9 of his declaration.  Thus, Mr. Love's observations

4   satisfy Rule 602 because the activities he observed were "fact[s] which [could] be

5   perceived by the senses" that Mr. Love "had an opportunity to observe, and

6   actually observed."   *U.S. v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on*

7   *other grounds*, 484 U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory

8   committee's note).

9       2.   <u>The Vague and Conclusory Objections Are Unfounded.</u>  In paragraph

10   9, Mr. Love describes with specificity events he either saw, or sounds he heard.

11   There is nothing vague or conclusory about any of it.  To the extent he is uncertain

12   about specific details – e.g., the exact length of time they sat Indian-style on the

13   floor – that uncertainty does nothing make the statement inadmissible.  FRE 602

14   goes to competence, not the specificity of the statements made by someone with

15   personal knowledge.  At most, a lack of specificity goes to weight, not

16   admissibility.

17       3.   <u>The Hearsay Objection Is Meritless</u>:  Even if Plaintiffs were

18   introducing any of the statements by a deputy to prisoners for the truth of the

19   matter asserted, they would not be hearsay because they are statements against

20   interest of an agent of a party opponent, acting in the scope of his employment.

21   *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D.

22   Cal. 2005) (where defendant is public official and head of government agency

23   sued in his official capacity, real party in interest defendant is agency, and

24   statements against interest by employees of agency acting in the scope of their

25   employment are party admissions under FRE 801(d)(2)(D)).

26   **Paragraph 10:** The assertions therein are vague, ambiguous, conclusory,

27   and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent

28   the "rumors" referred to in this paragraph are offered to prove the truth of the

1  matter asserted, they are objected to on the grounds that they are inadmissible

2  hearsay. (Fed. R. Evid., Rules 801, 802).

3      1.  <u>Defendants' Objections are Insufficiently Specific under FRE 103(a)(1)</u>

4          Federal Rule of Evidence 103(a)(1) requires that objections "stat[e] the

5  specific ground of objection." *Id.*  Defendants have failed to satisfy this

6  requirement.  Paragraph 10 contains five sentences, some of which contain

7  multiple assertions, yet the Defendants merely offer blanket objections to the

8  entire paragraph with no explanation of which sentences or assertions within those

9  sentences are objectionable and why.  The Defendants' vague citation of some

10 Rules of Evidence with no explanation does not satisfy their duty under FRE

11 103(a)(1) to "ensure that the 'nature of the error [is] called to the attention of the

12 judge, so as to alert him [or her] to the proper course of action and enable

13 opposing counsel to take corrective measures." *Jerden v. Amstutz*, 430 F.3d 1231,

14 1236 (9th Cir. 2005) (alterations in original) (quoting Fed. R. Evid. 103(a)

15 advisory committee's note); *see United States v. Holland*, 880 F.2d 1091,  1094-95

16 (9th Cir. 1989) (rejecting relevance objection to a 90-minute long tape recording

17 when objecting party did not identify which portions of the tape were irrelevant).

18 This lack of specificity both makes it impossible for Plaintiffs to respond to

19 Defendants' "vague and conclusory and foundation" objections and renders them

20 invalid under FRE 103.

21     2.     <u>The Hearsay Objection is Meritless</u>  Plaintiff is not introducing the

22 content of the rumors for the truth of those rumors. The content is introduced for

23 its relevance to the principal issue in the protective order motion – whether

24 prisoners have a reasonable fear that they will be retaliated against by deputies,

25 including retaliation that may cause physical injury, for speaking with the ACLU.

26     **Paragraph 11:** The assertions therein are vague, ambiguous, conclusory,

27 and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

28 extent the statements of deputies, who he "think[s] it was Deputy Valencia" and

1  "another inmate" in this paragraph are offered to prove the truth of the matter

2  asserted, they are objected to on the grounds that they are inadmissible hearsay.

3  (Fed. R. Evid., Rules 801, 802).

4       **Plaintiffs' Responses**:

5       1.  Defendants' Objections are Insufficiently Specific under FRE 103(a)(1)

6       Federal Rule of Evidence 103(a)(1) requires that objections "stat[e] the

7  specific ground of objection."  *Id.*  Defendants have failed to satisfy this

8  requirement.  Paragraph 11 contains ten sentences, some of which contain

9  multiple assertions, yet the Defendants merely offer blanket objections to the

10  entire paragraph with no explanation of which sentences or assertions within

11  those sentences are objectionable and why.  The Defendants' vague citation of

12  some Rules of Evidence with no explanation does not satisfy their duty under

13  FRE 103(a)(1) to "ensure that the 'nature of the error [is] called to the attention of

14  the judge, so as to alert him [or her] to the proper course of action and enable

15  opposing counsel to take corrective measures."  *Jerden v. Amstutz*, 430 F.3d 1231,

16  1236 (9th Cir. 2005) (alterations in original) (quoting Fed. R. Evid. 103(a)

17  advisory committee's note); *see United States v. Holland*, 880 F.2d 1091,

18  1094-95 (9th Cir. 1989) (rejecting relevance objection to a 90-minute long tape

19  recording when objecting party did not identify which portions of the tape were

20  irrelevant).  This lack of specificity both makes it impossible for Plaintiffs to

21  respond to Defendants' "vague and conclusory and foundation" objections and

22  renders them invalid under FRE 103.

23       2.     Plaintiffs Hearsay Objection is Meritless Mr. Love's recounting that

24  he heard a deputy whom he believed to be Deputy Valencia state that he "had

25  caught his arm on another deputy while trying to uppercut Jimmie [Knot] is not

26  hearsay because statement against interest by a deputy uttered while he is on duty

27  in jail is a statement of an agent of a party opponent, acting in the scope of his

28  employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624,

636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).

**Paragraph 12:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the statements of unidentified deputies in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.    Defendants' Objections are Insufficiently Specific under FRE 103(a)(1)

Federal Rule of Evidence 103(a)(1) requires that objections "stat[e] the specific ground of objection." *Id.* Defendants have failed to satisfy this requirement. Paragraph 12 contains seven sentences, some of which contain multiple assertions, yet the Defendants merely offer blanket objections to the entire paragraph with no explanation of which sentences or assertions within those sentences are objectionable and why. The Defendants' vague citation of some Rules of Evidence with no explanation does not satisfy their duty under FRE 103(a)(1) to "ensure that the 'nature of the error [is] called to the attention of the judge, so as to alert him [or her] to the proper course of action and enable opposing counsel to take corrective measures." *Jerden v. Amstutz*, 430 F.3d 1231, 1236 (9th Cir. 2005) (alterations in original) (quoting Fed. R. Evid. 103(a) advisory committee's note); *see United States v. Holland*, 880 F.2d 1091, 1094-95 (9th Cir. 1989) (rejecting relevance objection to a 90-minute long tape recording when objecting party did not identify which portions of the tape were irrelevant). This lack of specificity both makes it impossible for Plaintiffs to respond to Defendants' "vague and conclusory and foundation" objections and renders them

1    invalid under FRE 103.

2         2.       The Hearsay Objection is Without Merit.  Mr. Love's recounting that

3    deputies asked Gerardo Diaz and him about his cases prior to his speaking to the

4    ACLU is not hearsay because questions – by their very nature – cannot be

5    introduced for the truth of the matter asserted.  Moreover, even if they could, they

6    are not hearsay because statements against interest by a deputy uttered while he is

7    on duty in jail is a statement of an agent of a party opponent, acting in the scope of

8    his employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624,

9    636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of

10   government agency sued in his official capacity, real party in interest defendant is

11   agency, and statements against interest by employees of agency acting in the scope

12   of their employment are party admissions under FRE 801(d)(2)(D)).

13        **Paragraph 13:** The assertions and accusations regarding deputies are

14   vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601,

15   602).

16        **Plaintiffs' Responses**:

17   Defendants' objections are without merit.  Some of the paragraph concerns Mr.

18   Love's personal opinion about events he witnessed.  That opinion is specific not

19   vague, ambgious, or conclusory.  Since he makes clear that it is his own opinion,

20   the foundation is clear.   To the extent he is describing an event he personally

21   witnessed – LASD deputies beating Mr. Knott – and comparing it to beatings he

22   has personally witnessed when he was in a gang – these observations satisfy Rule

23   602 because the activities he observed were "fact[s] which [could] be perceived by

24   the senses" that Mr. Love "had an opportunity to observe, and actually observed."

25   *U.S. v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on other grounds*, 484

26   U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory committee's note).

27

28        **OBJECTIONS TO THE DECLARATION OF INMATE ROBERT**

**DRAGUSICA (DATED 7/16/2010)**

**Paragraph 2:** The second and third sentence is vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**:

1.    The Foundation for the Facts Described Is Clearly Laid

Defendants' foundation objection is baseless because Mr. Dragusica's declaration makes clear that he is describing things that happened to him, e.g., intimidation of him by deputies, and questioning of him by deputies.  Thus, Mr. Dragusica's observations satisfy Rule 602 because the activities he observed were "fact[s] which [could] be perceived by the senses" that Mr. Love "had an opportunity to observe, and actually observed."   *U.S. v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986), *rev'd on other grounds*, 484 U.S. 554 (1988) (quoting Fed. R. Evid. 602 advisory committee's note).

2.    The Vague, Ambiguous and Conclusory Objections Are Frivolous

In the second and third sentence of paragraph 2, Mr. Dragusica describes with specificity things he did – complete a declaration – or things that deputies did to him – question and intimidate him.  There is nothing vague or conclusory about any of the material in either sentence.

**Paragraph 3:** The first and second sentences are vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses:**

1.    Vague Ambigous and Conclusory Objections

Defendants' objections that statements are vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.

1  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant

2  highlighted portions of each declaration with different colors corresponding to

3  different objections, and pink applied to "lack of personal knowledge, no

4  foundation, conclusory, speculative or inadmissible opinion"); *see also*

5  *Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

6  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

7  objections were provided with no explanation, "[t]he summary, vague nature of

8  these objections is grounds alone for the court to deny them").

9  2.    The Foundation Objection is Meritless:  The foundation for Mr. Dragusica's

10  statement about the power LASD deputies have over prisoners is established in

11  paragraph 2, which states that he has been a prisoner in Men's Central Jail for 11

12  months.

13      **Paragraph 5:** The fourth, fifth, sixth, seventh, eighth, and ninth sentence is

14  vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601,

15  602). Furthermore, to the extent that the second sentence with the purported

16  statement by an unidentified deputy is offered to prove the truth of the matter

17  asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R.

18  Evid., Rules 801, 802).

19      **Plaintiffs' Responses**:

20      1.    The Foundation Objection Is Frivolous  In sentences 4-9, Mr.

21  Dragusica explains things *he* said to deputies, actions *he*  took (refusing the pass),

22  and feelings *he* had (being intimidated).  All of these things clearly had personal

23  knowledge of and therefore satisfy FRE 602.  To the extent he describes how

24  things ordinarily occur in the jail (e.g, the number of deputies who escort prisoners

25  for attorney visits) the foundation is established in paragraph  2, which established

26  that Mr. Dragusica has been in MCJ for 11 months.

27  //

28      2.    Vague Ambiguous and Conclusory Objections

41

1    Defendants' objections that statements are vague, ambiguous, and conclusory are

2    unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

3    whether a statement is conclusory, and Defendants provide no explanation as to

4    why any of the statements identified are vague, ambiguous or conclusory, or how

5    that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's

6    arguments" and the court should summarily deny such objections as unduly vague.

7    *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant

8    highlighted portions of each declaration with different colors corresponding to

9    different objections, and pink applied to "lack of personal knowledge, no

10   foundation, conclusory, speculative or inadmissible opinion"); *see also*

11   *Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

12   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

13   objections were provided with no explanation, "[t]he summary, vague nature of

14   these objections is grounds alone for the court to deny them").

15          3.    <u>The Hearsay Objection is Meritless</u>:  Plaintiffs are not introducing the

16   statement by Mr. Dragusica that a deputy told him he had a pass for a visit from

17   the ACLU, for the truth of the matter asserted.  It is introduced solely to show that

18   a deputy told Mr. Dragusica that the ACLU was there to visit him.  (In the same

19   paragraph, Mr. Dragusica established the fact that he had a pass.  ("That Friday I

20   got an attorney pass") Moreover, even if Plaintiffs were introducing this statement

21   by a deputy to a prisoner for the truth of the matter asserted, it would not be

22   hearsay because it is a statement against interest of an agent of a party opponent,

23   acting in the scope of his employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v.*

24   *Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public

25   official and head of government agency sued in his official capacity, real party in

26   interest defendant is agency, and statements against interest by employees of

27   agency acting in the scope of their employment are party admissions under FRE

28   801(d)(2)(D)).

**Paragraph 6:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statement of one of five unidentified deputies in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**:

1.    The Foundation Objection Is Frivolous  In paragraph 6, Mr. Dragusica explains things *he* saw (five deputies when his gate popped open), things *he* said to deputies, actions *he* took (refusing the pass), feelings *he* had (being intimidated) and the name of a custody assistant who worked in the module where *he was housed*.  All of these things he clearly had personal knowledge of and therefore satisfy FRE 602.

2.    The Vague Conclusory and Ambigous Objections are Frivolous.  In this paragraph, Mr. Drgusica describes specific events, statements, actions, and feelings.  None of it is vague, conclusory or ambiguous.

3.    The Hearsay Objection Is Frivolous:  Mr. Dragusica's recounting that a deputy asked him "What's this about?" is not hearsay because questions – by their very nature – cannot be introduced for the truth of the matter asserted. Moreover, even if Plaintiffs were introducing this question by a deputy to a prisoner for the truth of the matter asserted, it would not be hearsay because it is a statement against interest of an agent of a party opponent, acting in the scope of his employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).

**Paragraph 7:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the

1    purported statement of unidentified deputies in this paragraph is offered to prove

2    the truth of the matter asserted, it is objected to on the grounds that it is

3    inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

4        **Plaintiffs' Responses:**

5        1.    The Foundation Objection Is Frivolous  In paragraph 7, Mr.

6    Dragusica explains things *he* saw (deputies walking by his cell),and things *he*

7    heard.  All of these things he clearly had personal knowledge of and therefore

8    satisfy FRE 602.

9        2.    The Vague Conclusory and Ambigous Objections are Frivolous.  In

10   this paragraph, Mr. Drgusica describes specific events, and statements, actions.

11   None of it is vague, conclusory or ambiguous.

12       3.    The Hearsay Objection Is Frivolous:  Mr. Dragusica's recounting

13   that deputies asked questions ("Who's talking to the ACLU?  I wonder who that

14   was?" is not hearsay because questions – by their very nature – cannot be

15   introduced for the truth of the matter asserted.   Moreover, even if Plaintiffs

16   were introducing these question by a deputy to a prisoner for the truth of the

17   matter asserted, they would not be hearsay because they are statements against

18   interest of an agent of a party opponent, acting in the scope of his employment.

19   *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16

20   (C.D. Cal. 2005) (where defendant is public official and head of government

21   agency sued in his official capacity, real party in interest defendant is agency,

22   and statements against interest by employees of agency acting in the scope of

23   their employment are party admissions under FRE 801(d)(2)(D)).

24       **Paragraph 8:** The first and second sentence is vague, ambiguous,

25   conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

26       **Plaintiffs' Responses:**

27       1.    The Foundation Objection Is Frivolous  In paragraph 8, Mr.

28   Dragusica explains things *he* did (saw the chaplain, took the pass), things *he*

1   observed (fewer deputies than were normally on duty on his module), and things

2   *he* felt.  All of these things he clearly had personal knowledge of and therefore

3   satisfy FRE 602.

4        2.    The Vague Conclusory and Ambigous Objections are Frivolous.  In

5   this paragraph, Mr. Drgusica describes specific events, observations and

6   feelings.  None of it is vague, conclusory or ambiguous.

7        **Paragraph 9:** The first, second, third, and fourth sentence is vague,

8   ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601,

9   602). Furthermore, to the extent the purported statements attributed to a "Lisa"

10  are offered to prove the truth of the matter asserted, they are objected to on the

11  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

12       **Plaintiffs' Responses**:

13       1.    The Foundation Objection Is Frivolous  In paragraph 9, Mr.

14  Dragusica describes things *he* said, *he* did, and *he* heard.  All of these things he

15  clearly had personal knowledge of and therefore satisfy FRE 602.

16       2.    Vague Ambigous and Conclusory Objections

17  Defendants' objections that statements are vague, ambiguous, and conclusory

18  are unduly vague.  Rules 601 and 602 do not directly address vagueness,

19  ambiguity, or whether a statement is conclusory, and Defendants provide no

20  explanation as to why any of the statements identified are vague, ambiguous or

21  conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to

22  divine Defendant's arguments" and the court should summarily deny such

23  objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199

24  (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with

25  different colors corresponding to different objections, and pink applied to "lack

26  of personal knowledge, no foundation, conclusory, speculative or inadmissible

27  opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of*

28  *Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where

1   boilerplate objections were provided with no explanation, "[t]he summary,

2   vague nature of these objections is grounds alone for the court to deny them").

3       3.      The Hearsay Objection is Unfounded   Plaintiffs are not introducing

4   Mr. Dragusica's recounting about what Lisa, an ACLU jail monitor, said she

5   would do for the truth of the matter asserted, i.e., that she actually did it.  Thus,

6   it is not hearsay.   FRE 801.

7       **Paragraph 10:** The first, third, fourth, and fifth sentence is vague,

8   ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601,

9   602).

10      **Plaintiffs' Responses**:

11      1.      The Foundation Objection Is Frivolous   In paragraph 10, Mr.

12  Dragusica describes things *he* said, people *he* talked to, actions *he* observed

13  (deputies walking, deputies turning off the TVs on his row), and things the

14  deputies do on his row (make inmates choose between getting showers or

15  watching TV).  All of these things he clearly had personal knowledge of and

16  therefore satisfy FRE 602.   To the extent he expresses an opinion – that

17  deputies use the televisions as a form of social control over the inmates – Mr.

18  Dragusica states the basis for his opinion:  deputies give inmates the choice

19  between showers and watching television.  That opinion is permissible lay

20  opinion testimony under FRE 701 because it does not rely on any specialized

21  knowledge.

22      1.      Vague Ambigous and Conclusory Objections:  Defendants'

23  objections that statements are vague, ambiguous, and conclusory are unduly

24  vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

25  whether a statement is conclusory, and Defendants provide no explanation as to

26  why any of the statements identified are vague, ambiguous or conclusory, or

27  how that makes them inadmissible.  "[I]t is not the Court's role to divine

28  Defendant's arguments" and the court should summarily deny such objections as

1  unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

2  (where defendant highlighted portions of each declaration with different colors

3  corresponding to different objections, and pink applied to "lack of personal

4  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

5  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

6  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

7  objections were provided with no explanation, "[t]he summary, vague nature of

8  these objections is grounds alone for the court to deny them").

9      **Paragraph 11:** The assertions therein are also vague, ambiguous,

10  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

11  Furthermore, to the extent the purported statement of an unidentified deputy in

12  this paragraph is offered to prove the truth of the matter asserted, it is objected

13  to on the grounds thatthey are inadmissible hearsay. (Fed. R. Evid., Rules 801,

14  802).

15      **Plaintiffs' Responses:**

16      1.    The Foundation Objection Is Frivolous   In paragraph 11, Mr.

17  Dragusica describes things *he* did (talked to someone from the ACLU, searched

18  his cell) and statements *he* heard.  Thus, the foundation is apparent.  FRE 602.

19      2.    Vague Ambigous and Conclusory Objections:  Defendants'

20  objections that statements are vague, ambiguous, and conclusory are unduly

21  vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

22  whether a statement is conclusory, and Defendants provide no explanation as to

23  why any of the statements identified are vague, ambiguous or conclusory, or

24  how that makes them inadmissible.  "[I]t is not the Court's role to divine

25  Defendant's arguments" and the court should summarily deny such objections as

26  unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

27  (where defendant highlighted portions of each declaration with different colors

28  corresponding to different objections, and pink applied to "lack of personal

1    knowledge, no foundation, conclusory, speculative or inadmissible opinion");

2    *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

3    ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

4    objections were provided with no explanation, "[t]he summary, vague nature of

5    these objections is grounds alone for the court to deny them").

6        3.    <u>The Hearsay Objection is Meritless</u> The statement Mr. Dragusica

7    recounts by a deputy stating inmates would not get showers because they had

8    been talking to the ACLU is not hearsay because it is a statement against

9    interest of an agent of a party opponent, acting in the scope of his employment.

10   *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16

11   (C.D. Cal. 2005) (where defendant is public official and head of government

12   agency sued in his official capacity, real party in interest defendant is agency,

13   and statements against interest by employees of agency acting in the scope of

14   their employment are party admissions under FRE 801(d)(2)(D)).

15       **Paragraph 12:** The assertions therein are vague, ambiguous, conclusory,

16   and lack foundation (*see,* Fed. R. Evid., Rules 601, 602).

17       **<u>Plaintiffs' Reponses</u>**:

18       1.    <u>The Foundation Objection Is Frivolous</u>  In paragraph 12, Mr.

19   Dragusica describes events he observed on his row.  Thus, the foundation is

20   apparent.  FRE 602.

21       2.    <u>Vague Ambiguous and Conclusory Objections</u>

22       Defendants' objections that statements are vague, ambiguous, and

23   conclusory are unduly vague.  Rules 601 and 602 do not directly address

24   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

25   provide no explanation as to why any of the statements identified are vague,

26   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

27   Court's role to divine Defendant's arguments" and the court should summarily

28   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

1   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

2   declaration with different colors corresponding to different objections, and pink

3   applied to "lack of personal knowledge, no foundation, conclusory, speculative

4   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

5   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

6   2008) (where boilerplate objections were provided with no explanation, "[t]he

7   summary, vague nature of these objections is grounds alone for the court to

8   deny them").

9       **Paragraph 13:** This paragraph is irrelevant (Fed. R. Evid., Rules 40

10  1-403). The assertions therein also lack foundation (*see* Fed. R. Evid., Rules

11  601, 602).

12      **Plaintiffs' Responses;**

13      1.    <u>Relevance</u>  The events leading up to the search are relevant because

14  they help establish the sequence of events leading up to the search of Mr.

15  Dragusica's cell.  That search is evidence of retaliation, which is at the heart of

16  this motion.

17      2.    <u>The Foundation Objection Is Meritless</u>  In paragraph 13, Mr.

18  Dragusica describes events he observed on his row.  Thus, the foundation is

19  apparent.  FRE 602.

20      **Paragraph 14:** The assertions therein are vague, ambiguous, conclusory,

21  and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

22  extent the purported statements in this paragraph are offered to prove the truth

23  of the matter asserted, they are objected to on the grounds that they are

24  inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

25      1.    <u>The Foundation Objection Is Meritless</u>  In paragraph 14, Mr.

26  Dragusica describes events he observed (deputies coming to his cell), actions

27  directed at him (being led by deputies) and statements by deputies that he heard,

28  and the layout of an area of the jail he lived in. Thus, the foundation is apparent.

FRE 602.

2.    <u>The Vague Conclusory and Ambiguous Objections Are Frivolous</u>
Mr. Dragusica recounts specific things he saw, actions that were directed at him, etc.  None of it is vague, ambigous or conclusory.

3.    <u>The Hearsay Objection</u>.  The statement Mr. Dragusica recounts by deputies that they were going to search his cell is not hearsay because it is a statement against interest of an agent of a party opponent, acting in the scope of his employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).  The question Mr. Dragusica says the deputies asked about how the TV got turned on is not hearsay for a second reason – questions – by their very nature – cannot be introduced for the truth of the matter asserted.

**<u>Paragraph 15:</u>** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

1.    <u>Foundation Objection</u> The basis for the statements in paragraph 15 is set forth in that paragraph, i.e., what Mr. Dragusica heard.  Thus, the foundation is apparent.

2.    <u>The Vague Conclusory and Ambiguos Objections</u>  Mr. Dragusica recounts specific things he heard, which are not vague, ambiguous or conclusory.

**<u>Paragraph 16:</u>** The second and third sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statement of an unidentified deputy in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801,

802).

     1.    <u>The Foundation Objection</u> The foundation for Mr. Dragusica's statement about whether the other two inmates received discipline is his 11 months of experience in MCJ from which he knows what happens to K-10 inmates who receive discipline.

     2.    <u>Vague Ambiguous and Conclusory Objections</u>

     Defendants' objections that statements are vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

     3.    <u>The Hearsay Objections are Unfounded</u> The two statements by deputies that Defendants object to are orders or directions to inmates, which are not hearsay.  *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").

     **Paragraph 17:** To the extent the statements of an unidentified deputy in this paragraph are offered to prove the truth of the matter asserted, they are

1    objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid.,

2    Rules 801, 802).

3        **Plaintiffs' Response**   The statement Defendants object ("That stick") to is

4    not offered for the truth of the matter asserted.   Even if it were, it would not be

5    hearsay because it is a statement against interest of an agent of a party opponent,

6    acting in the scope of his employment. *See* Fed. R. Evid. 801(d)(2)(D); *Green*

7    *v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is

8    public official and head of government agency sued in his official capacity, real

9    party in interest defendant is agency, and statements against interest by

10   employees of agency acting in the scope of their employment are party

11   admissions under FRE 801(d)(2)(D)).

12       **Paragraph 18:** The assertions therein are vague, ambiguous, conclusory,

13   and lack foundation (*see* Fed. R. Evid., Rules 601, 602). The second sentence is

14   unintelligible. Furthermore, to the extent the statement in paragraph is offered to

15   prove the truth of the matter asserted, it is objected to on the grounds that it is

16   inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

17       **Plaintiffs' Responses:**

18       1.     Foundation   The paragraph contains statements about what Mr.

19   Dragusica saw, what he heard, and actions by deputies directed at him (being

20   led to his cell).  Mr. Dragusica's personal knowledge to be able to speak about

21   each of these things is self-evident, thus they are admissible under FRE 602.

22       2.     Vague Ambiguous and Conclusory Objections: Defendants'

23   objections that statements are vague, ambiguous, and conclusory are unduly

24   vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

25   whether a statement is conclusory, and Defendants provide no explanation as to

26   why any of the statements identified are vague, ambiguous or conclusory, or

27   how that makes them inadmissible.  "[I]t is not the Court's role to divine

28   Defendant's arguments" and the court should summarily deny such objections as

1  unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

2  (where defendant highlighted portions of each declaration with different colors

3  corresponding to different objections, and pink applied to "lack of personal

4  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

5  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

6  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

7  objections were provided with no explanation, "[t]he summary, vague nature of

8  these objections is grounds alone for the court to deny them").

9      3.    Hearsay Objection The statement is not being offered for the truth

10  of the matter asserted, but to show that the deputies were discussing what they

11  would offer as the basis for Dragusica's discipline, as is clear from paragraph

12  19..  Moreover, if the statement were offered for the truth of the matter asserted,

13  it would not be hearsay because it is a statement against interest of an agent of a

14  party opponent, acting in the scope of his employment.  *See* Fed. R. Evid.

15  801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005)

16  (where defendant is public official and head of government agency sued in his

17  official capacity, real party in interest defendant is agency, and statements

18  against interest by employees of agency acting in the scope of their employment

19  are party admissions under FRE 801(d)(2)(D)).

20      **Paragraph 19:** The first and third sentence is vague, ambiguous,

21  conclusory, speculative, and lacks foundation (*see* Fed. R. Evid., Rules 601,

22  602). Furthermore, to the extent the purported statements of an unidentified

23  "senior andanother deputy" in this paragraph are offered to prove the truth of

24  the matter asserted, they are objected to on the grounds that they are

25  inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

26      **Plaintiffs' Responses**:

27      1.    Foundation Everything in the paragraph is a statement of Mr.

28  Dragusica's feelings (e.g., outrage, stress), what he was told, or what he did or

1  did not have in his cell when he was searched (i.e., a razor).  His ability to

2  testify about all these things from personal knowledge is self-evident.

3       2.     <u>Vague Ambiguous and Conclusory Objections</u>

4       Defendants' objections that statements are vague, ambiguous, and

5  conclusory are unduly vague.  Rules 601 and 602 do not directly address

6  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

7  provide no explanation as to why any of the statements identified are vague,

8  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

9  Court's role to divine Defendant's arguments" and the court should summarily

10  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

11  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

12  declaration with different colors corresponding to different objections, and pink

13  applied to "lack of personal knowledge, no foundation, conclusory, speculative

14  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

15  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

16  2008) (where boilerplate objections were provided with no explanation, "[t]he

17  summary, vague nature of these objections is grounds alone for the court to

18  deny them").

19       3.     <u>Hearsay Objection</u> The statement that Mr. Dragusica was "in the

20  hole for a razor blade" is not introduced for the truth of the matter asserted –

21  that he was in the hole, but merely to show what justification LASD gave for

22  disciplining him.  Moreover, if the statement were offered for the truth of the

23  matter asserted, it would not be hearsay because it is a statement against interest

24  of an agent of a party opponent, acting in the scope of his employment.  *See*

25  Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D.

26  Cal. 2005) (where defendant is public official and head of government agency

27  sued in his official capacity, real party in interest defendant is agency, and

28  statements against interest by employees of agency acting in the scope of their

54

1   employment are party admissions under FRE 801(d)(2)(D)).

2   **Paragraph 20:** The assertions in each and every sentence therein are

3   vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules

4   601, 602).

5   **Plaintiffs' Response**:

6   1.   The Foundation Objection is Frivolous – in paragraph 20 Mr.

7   Dragusica describes what he saw, what he did, and what he experienced when

8   he was in  the hole.  His ability to testify about all these things from personal

9   knowledge is self-evident.

10   2.   Vague Ambiguous and Conclusory Objections

11   Defendants' objections that statements are vague, ambiguous, and

12   conclusory are unduly vague.  Rules 601 and 602 do not directly address

13   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

14   provide no explanation as to why any of the statements identified are vague,

15   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

16   Court's role to divine Defendant's arguments" and the court should summarily

17   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

18   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

19   declaration with different colors corresponding to different objections, and pink

20   applied to "lack of personal knowledge, no foundation, conclusory, speculative

21   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

22   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

23   2008) (where boilerplate objections were provided with no explanation, "[t]he

24   summary, vague nature of these objections is grounds alone for the court to

25   deny them").

26   **Paragraph 21:** The second, third, fourth, fifth, sixth, and seventh

27   sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R.

28   Evid., Rules 601, 602).

1    **Plaintiffs' Response**:

2    1.    <u>The Foundation Objection is Frivolous</u> – in paragraph 21 Mr.

3    Dragusica describes what he saw, what he did, and what he experienced when

4    he was housed in  the K-10.  His ability to testify about all these things from

5    personal knowledge is self-evident.

6    2.    <u>Vague Ambiguous and Conclusory Objections</u>

7    Defendants' objections that statements are vague, ambiguous, and

8    conclusory are unduly vague.  Rules 601 and 602 do not directly address

9    vagueness, ambiguity, or whether a statement is conclusory, and Defendants

10   provide no explanation as to why any of the statements identified are vague,

11   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

12   Court's role to divine Defendant's arguments" and the court should summarily

13   deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

14   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

15   declaration with different colors corresponding to different objections, and pink

16   applied to "lack of personal knowledge, no foundation, conclusory, speculative

17   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

18   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

19   2008) (where boilerplate objections were provided with no explanation, "[t]he

20   summary, vague nature of these objections is grounds alone for the court to

21   deny them").

22   **Paragraph 22:** The last sentence is vague, ambiguous, conclusory, and

23   lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent

24   the purported statements in this paragraph are offered to prove the truth of the

25   matter asserted, they are objected to on the grounds that they are inadmissible

26   hearsay. (Fed. R. Evid., Rules 801, 802).

27   **Plaintiffs' Response**:

28   1.    <u>Vague Ambiguous and Conclusory Objections</u>

56

1       Defendants' objections that statements are vague, ambiguous, and

2   conclusory are unduly vague.  Rules 601 and 602 do not directly address

3   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

4   provide no explanation as to why any of the statements identified are vague,

5   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

6   Court's role to divine Defendant's arguments" and the court should summarily

7   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

8   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

9   declaration with different colors corresponding to different objections, and pink

10  applied to "lack of personal knowledge, no foundation, conclusory, speculative

11  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

12  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

13  2008) (where boilerplate objections were provided with no explanation, "[t]he

14  summary, vague nature of these objections is grounds alone for the court to

15  deny them").

16      2.      <u>Hearsay</u>  Plaintiffs admit that Defendants' hearsay objection with

17  respect to what Mr. Dragusica says Mary Tiedeman told him was on an LASD

18  document  is valid.

19      **Paragraph 23:** The first, second, third, and fourth sentence is vague,

20  ambiguous, conclusory, speculative, and lacks foundation (*see* Fed. R. Evid.,

21  Rules 601, 602).

22      1.      <u>The Foundation Objection is Meritless</u>:  Mr. Dragusica discusses

23  what he believes, whether he has had problems in the jail before, both of which

24  he is clearly competent to testify to.  FRE 602

25      2.      <u>Vague Ambiguous and Conclusory Objections</u>

26      Defendants' objections that statements are vague, ambiguous, and

27  conclusory are unduly vague.  Rules 601 and 602 do not directly address

28  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

1   provide no explanation as to why any of the statements identified are vague,

2   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

3   Court's role to divine Defendant's arguments" and the court should summarily

4   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

5   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

6   declaration with different colors corresponding to different objections, and pink

7   applied to "lack of personal knowledge, no foundation, conclusory, speculative

8   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

9   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

10  2008) (where boilerplate objections were provided with no explanation, "[t]he

11  summary, vague nature of these objections is grounds alone for the court to

12  deny them").

13       **Paragraph 24:** The second and third sentence is vague, ambiguous,

14  conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

15  Furthermore, to the extent the purported statements of Deputy Newhouse in this

16  paragraph are offered to prove the truth of the matter asserted, they are objected

17  to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801,

18  802).

19       1.    The Foundation Objection Mr. Dragusica's personal knowledge to

20  testify about how late medical passes are usually issued is laid by his statement

21  that he has been in jail for 11 months in paragraph 2.

22       3.    The Hearsay Objection is Frivolous  Of the two statements by

23  Deputy Newhouse, one is a question ("Why are you talking to those people [the

24  ACLU]?", which is a question that cannot be introduced for the truth of the

25  matter asserted.  The second statement "Dude, just don't talk to those people.

26  They're pieces of shit" contains a directive (don't talk to those people") which

27  is not hearsay.  *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order

28  or instruction is, by its nature, neither true nor false and thus cannot be offered

for its truth.").  The second portion of the statement "They're pieces of shit" is not being offered for the truth of the matter asserted, but because it goes to the reasonableness of the fear that inmates would have about talking to the ACLU. Finally, even if it were being introduced for the truth of the matter asserted, they would not be hearsay because it is a statement against interest of an agent of a party opponent, acting in the scope of his employment.  See Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).

**Paragraph 25:** The paragraph is vague and ambiguous as to the "situation" is refers to therein (*see* Fed. R. Evid., Rules 601, 602).

    1.    Vague Ambiguous The word situation clearly refers to the paragraphs directly above where Mr. Dragusica testifies that he has been retaliated against for speaking to the ACLU and that the discipline imposed for his allegedly having contraband was retaliatory because he did not have contraband in his cell.

**Paragraph 26:** The fourth, fifth, and sixth sentence is irrelevant (Fed. R. Evid., Rules 401-403). The third and seventh sentence is vague, ambiguous, conclusory, speculative, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses:**

    1.    The Foundation Objection – Mr. Dragusica is competent to testify about who has been moved into the cells next to him and his personal feelings (i.e., being scared).

    2.    The Vague, Ambiguous and Conclusory Objections

    Defendants' objections that statements are vague, ambiguous, and

conclusory are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

## <u>OBJECTIONS TO THE DECLARATION OF INMATE DAYSHAUN RUSHING</u>

**<u>Paragraph 2:</u>** The last sentence in this paragraph is vague, ambiguous, conclusory, speculative, argumentative, and lacks foundation (Fed. R. Evid., Rules 601, 602).

**<u>Plaintiffs' Responses</u>**

1.    <u>The Foundation Argument Is Meritless</u> – Mr Rushing is clearly competent to testify about what he has "witnessed" and personally "experienced" when he has been in jails (deputies retaliating against inmates when those inmates complain).

2.    <u>The Vague, Ambiguous and Conclusory Objections</u>

Defendants' objections that statements are vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants

1   provide no explanation as to why any of the statements identified are vague,

2   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

3   Court's role to divine Defendant's arguments" and the court should summarily

4   deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

5   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

6   declaration with different colors corresponding to different objections, and pink

7   applied to "lack of personal knowledge, no foundation, conclusory, speculative

8   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

9   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

10   2008) (where boilerplate objections were provided with no explanation, "[t]he

11   summary, vague nature of these objections is grounds alone for the court to

12   deny them").

13          **Paragraph 4:** The second and last sentence is vague, ambiguous,

14   conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

15   Furthermore, to the extent the purported statements in this paragraph are offered

16   to prove the truth of the matter asserted, they are objected to on the grounds that

17   they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

18          **Plaintiffs' Responses**:

19          1.   <u>The Foundation Objection</u> – Mr Rushing is clearly competent to

20   testify about how a deputy was searching *him* and to his own mental state that

21   resulted from the manner of the search.  FRE 602.

22          2.   <u>The Vague, Ambiguous and Conclusory Objections</u>

23          Defendants' objections that statements are vague, ambiguous, and

24   conclusory are unduly vague.  Rules 601 and 602 do not directly address

25   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

26   provide no explanation as to why any of the statements identified are vague,

27   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

28   Court's role to divine Defendant's arguments" and the court should summarily

1    deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

2    189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

3    declaration with different colors corresponding to different objections, and pink

4    applied to "lack of personal knowledge, no foundation, conclusory, speculative

5    or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

6    *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

7    2008) (where boilerplate objections were provided with no explanation, "[t]he

8    summary, vague nature of these objections is grounds alone for the court to

9    deny them").

10       3.    The Hearsay Objections – Both statements in this paragraph are

11   orders or instructions (from one deputy to another to "rack the door" and to

12   Rushing "Hold On")  Orders or instructions cannot be offered for the truth of

13   the matter asserted.  *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An

14   order or instruction is, by its nature, neither true nor false and thus cannot be

15   offered for its truth.").

16       **Paragraph 5:** To the extent the purported statements in this paragraph are

17   offered to prove the truth of the matter asserted, they are objected to on the

18   grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

19       **Plaintiffs' Response**:  None of these statements, e.g., that Officer Zuniga

20   is a "punk" or that Mr. Rushing does not like Officer's Zuniga shower program

21   is offered for the truth of the matter asserted.

22       **Paragraph 6:** The first, fourth, ninth, tenth, and twelfth sentence is vague,

23   ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601,

24   602). Furthermore, to the extent the purported statement in the last sentence is

25   offered to prove the truth of the matter asserted, they are objected to on the

26   grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

27       1.    The Foundation Objection Is Meritless  In paragraph 6 Mr. Rushing

28   describes the details of a beating LASD deputies gave *him*, and a method of

beating by deputies that he has both *witnessed* and *personally experienced*.  In other words he has personal knowledge of everything he testifies to under FRE 602.

### 2.    The Vague, Ambiguous and Conclusory Objections

 Defendants' objections that statements are vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

### 3.    The Hearsay Objection Is Frivolous:  Plaintiffs are not offering the statement by Officer Zuniga "you fucking whiners, tell this to the ACLU, I dare you" for the truth of the matter asserted.  It is offered to support the central claim of Plaintiffs' motion, that inmates have a reasonable fear that they will not be able to talk with the ACLU without being subject to physical abuse or other retaliation.

**Paragraph 7:** The first, second, third, and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

1.  **The Foundation Objection Is Meritless**  In paragraph  Mr. Rushing describes what happened *to him* after he was beaten – e.g., he was thrown down the stairs, he was bleeding all over the place.   In other words he clearly has personal knowledge of everything he testifies to under FRE 602.

2.  **The Vague, Ambiguous and Conclusory Objections**

Defendants' objections that statements are vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 8:** The second, fourth, sixth, eighth and ninth sentence is vague, ambiguous, speculative, conclusory, and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

1.  **Foundation** – Mr. Rushing's testimony about his mental state (he was "freaked out"), that he was taken to the hospital, etc. are clearly subjects he has personal knowledge to testify about under FRE 602.

2.  **The Vague, Ambiguous and Conclusory Objections**

Defendants' objections that five sentences – some with multiple assertions

1   – are vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do

2   not directly address vagueness, ambiguity, or whether a statement is conclusory,

3   and Defendants provide no explanation as to why any of the statements identified

4   are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t

5   is not the Court's role to divine Defendant's arguments" and the court should

6   summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222

7   F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

8   declaration with different colors corresponding to different objections, and pink

9   applied to "lack of personal knowledge, no foundation, conclusory, speculative or

10  inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

11  *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

12  (where boilerplate objections were provided with no explanation, "[t]he summary,

13  vague nature of these objections is grounds alone for the court to deny them").

14      **Paragraph 9:** The assertions in each and every sentence therein are

15  vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules

16  601, 602).

17      1.   <u>Foundation</u> The testimony in the paragraph on Mr. Rushing's state

18  of mind (being fearful), observations (deputies are young) is clearly within Mr.

19  Rushing's personal knowledge and is admissible under FRE 601-02.

20      2.   <u>The Vague, Ambiguous and Conclusory Objections</u>

21       Defendants' objections that four sentences – some with multiple

22  assertions –  are vague, ambiguous, and conclusory are unduly vague.  Rules

23  601 and 602 do not directly address vagueness, ambiguity, or whether a

24  statement is conclusory, and Defendants provide no explanation as to why any

25  of the statements identified are vague, ambiguous or conclusory, or how that

26  makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's

27  arguments" and the court should summarily deny such objections as unduly

28  vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

1   defendant highlighted portions of each declaration with different colors

2   corresponding to different objections, and pink applied to "lack of personal

3   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

4   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

5   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

6   objections were provided with no explanation, "[t]he summary, vague nature of

7   these objections is grounds alone for the court to deny them").

8       **Paragraph 10:** The third and fourth sentence is vague, ambiguous,

9   conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

10      **Plaintiffs' Responses**:

11      1.   Foundation – Mr. Rushing's statements about his making a

12   complaint, what he was told about that complaint, and whom he has or has not

13   talked to about that complaint are within his personal knowledge.

14      2.   The Vague, Ambiguous and Conclusory Objections

15      Defendants' objections that two sentences – one with two clauses –  are

16   vague, ambiguous, and conclusory are unduly vague.  Rules 601 and 602 do not

17   directly address vagueness, ambiguity, or whether a statement is conclusory, and

18   Defendants provide no explanation as to why any of the statements identified

19   are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t

20   is not the Court's role to divine Defendant's arguments" and the court should

21   summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222

22   F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

23   declaration with different colors corresponding to different objections, and pink

24   applied to "lack of personal knowledge, no foundation, conclusory, speculative

25   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

26   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

27   2008) (where boilerplate objections were provided with no explanation, "[t]he

28   summary, vague nature of these objections is grounds alone for the court to

deny them").

**Paragraph 11:** The assertions therein are also vague, ambiguous, and conclusory.

**Plaintiffs' Response**: – even if "vague, conclusory and ambiguous" were a valid objection, Mr. Rushing's statement about going to court and having his lawyer take pictures of his injuries is perfectly clear.

## OBJECTIONS TO THE DECLARATION OF INMATE EMMANUEL BENSON

**Paragraph 2:** The last sentence is vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses:**

1.      Foundation – Because Mr. Benson is describing an event he observed and participated in, the foundation is clearly established.

2.      The Vague, Ambiguous and Conclusory Objections

Defendants' objections that the sentence is vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to

1   deny them").

2       **Paragraph 3:** The second and third sentence is vague, ambiguous,

3   conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

4   Furthermore, to the extent the purported statements in the second sentence are

5   offered to prove the truth of the matter asserted, they are objected to on the

6   grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

7       1.      <u>Foundation</u> – Mr. Benson is testifying about what *he* did (turned

8   and faced the wall), the request made to *him* by a deputy, and what the deputy

9   said to *him (*he *"would slap"* Benson).   He thus has personal knowledge under

10  FRE 601-02.

11      2.      <u>The Vague, Ambiguous and Conclusory Objections</u>

12      Defendants' objections that two sentences are vague, ambiguous, and

13  conclusory is unduly vague.  Rules 601 and 602 do not directly address

14  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

15  provide no explanation as to why any of the statements identified are vague,

16  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

17  Court's role to divine Defendant's arguments" and the court should summarily

18  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

19  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

20  declaration with different colors corresponding to different objections, and pink

21  applied to "lack of personal knowledge, no foundation, conclusory, speculative

22  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

23  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

24  2008) (where boilerplate objections were provided with no explanation, "[t]he

25  summary, vague nature of these objections is grounds alone for the court to

26  deny them").

27      3.      <u>Hearsay</u> The statements are not offered for the truth of the matter

28  asserted but instead because the threat of the deputy is relevant to the central

issue on this motion – whether inmates have reason to fear they will be retaliated against.  Moreover, to the extent the statement of the deputy is introduced for the truth of the matter asserted, it is not hearsay under 801(d)(2)(D) because it is a statement against interest by an agent of a party opponent. *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).

**Paragraph 4:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**:

1.   Foundation – everything in the paragraph is about things Mr Benson did, things that were done to him by others, and things he observed. Thus, he has personal knowledge to testify about all of it.  FRE 601-02.

2.   The Vague, Ambiguous and Conclusory Objections

Defendants' objections that the whole paragraph is vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

1    2008) (where boilerplate objections were provided with no explanation, "[t]he

2    summary, vague nature of these objections is grounds alone for the court to

3    deny them").

4        **Paragraph 5:** The assertions therein lack foundation (*see* Fed. R. Evid.,

5    Rules 601, 602).

6        **Plaintiffs' Response:**  The foundation objection is frivolous because

7    everying in the paragraph concerns things Mr. Benson said, heard, did, or were

8    done *to him*

9        **Paragraph 6:** The assertions relating to "Inmate 'E-bone'" are vague,

10   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

11   Furthermore, to the extent the purported statement by "Inmate 'E-bone'" is

12   offered to prove the truth of the matter asserted, they are objected to on the

13   grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

14   This paragraph is also vague and ambiguous as to the identity of the inmate

15   identified as "E-bone."

16       1.       Foundation – everything in the paragraph concerns things Mr.

17   Benson saw, or heard.  Thus, his personal knowledge is self-evident.

18       2.       The Hearsay Objection is Frivolous The "instruction" by an inmate

19   to Mr. Benson's cell mate that he "leave the cell" cannot be offered for the truth

20   of the matter asserted.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir.

21   1984) ("An order or instruction is, by its nature, neither true nor false and thus

22   cannot be offered for its truth.").

23       **Paragraph 7:** The assertions relating to "Inmate 'E-bone'" are vague,

24   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

25   Furthermore, to the extent the purported statement by "Inmate 'E-bone'" is

26   offered to prove the truth of the matter asserted, they are objected to on the

27   grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

28   This paragraph is also vague and ambiguous as to the identity of the inmate

1  identified as "E-bone."

2  **Plaintiffs' Responses**

3      1.    Foundation – Mr. Benson clearly has personal knowledge to testify

4  about the beating he received, the statements he heard his attacker make, the

5  actions he foreswore (seeking medical attention) and his state of mind for not

6  seeking medical attention (fear of retaliation).

7      2.    The Vague, Ambiguous and Conclusory Objections

8      Defendants' objections that statements relating to E-Bone are vague,

9  ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly

10  address vagueness, ambiguity, or whether a statement is conclusory, and

11  Defendants provide no explanation as to why any of the statements identified

12  are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t

13  is not the Court's role to divine Defendant's arguments" and the court should

14  summarily deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222

15  F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

16  declaration with different colors corresponding to different objections, and pink

17  applied to "lack of personal knowledge, no foundation, conclusory, speculative

18  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

19  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

20  2008) (where boilerplate objections were provided with no explanation, "[t]he

21  summary, vague nature of these objections is grounds alone for the court to

22  deny them").

23      3.    Hearsay The statement by E-Bone that Deputy Wingens had told E-

24  Bone that Mr. Benson had reported the beating he received is admissible

25  because E-Bone's statement is an excited utterance because it is a "statement[s]

26  relating to a startling event or condition made while the declarant[s] w[ere]

27  under the stress of excitement caused by the event" under Federal Rule of

28  Evidence 803(2).

1   **Paragraph 8:** The assertions therein are also vague, ambiguous,

2   conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

3   Furthermore, to the extent the purported statements of unidentified deputies in

4   this paragraph are offered to prove the truth of the matter asserted, they are

5   objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid.,

6   Rules 801, 802). This paragraph is also vague and ambiguous as to the identity

7   of the inmate identified as "E-bone."

8   **Plaintiffs' Responses**

9       1.   <u>Foundation</u>  Mr. Benson clearly has personal knowledge to testify

10  about what deputies said to *him*  and whether deputies returned items to *him*.

11      2.   <u>The Vague, Ambiguous and Conclusory Objections</u>

12    Defendants' objections that statements relating to E-Bone are vague,

13  ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly

14  address vagueness, ambiguity, or whether a statement is conclusory, and

15  Defendants provide no explanation as to why any of the statements identified

16  are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t

17  is not the Court's role to divine Defendant's arguments" and the court should

18  summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222

19  F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

20  declaration with different colors corresponding to different objections, and pink

21  applied to "lack of personal knowledge, no foundation, conclusory, speculative

22  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

23  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

24  2008) (where boilerplate objections were provided with no explanation, "[t]he

25  summary, vague nature of these objections is grounds alone for the court to

26  deny them").

27      3.   <u>Hearsay</u> The statement by Mr. Benson that deputies told him they

28  had given his store bag to E-Bone is not hearsay because it is a statement

1   against interest of an agent of a party opponent, acting in the scope of his

2   employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624,

3   636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of

4   government agency sued in his official capacity, real party in interest defendant

5   is agency, and statements against interest by employees of agency acting in the

6   scope of their employment are party admissions under FRE 801(d)(2)(D)).

7       **Paragraph 10:** The assertions in each and every sentence are vague,

8   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

9   Furthermore, to the extent the purported statements of unidentified persons are

10  offered to prove the truth of the matter asserted, they are objected to on the

11  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

12      **Plaintiffs' Responses**:

13      1.      The Foundation Objection is Frivolous   – Mr. Benson has personal

14  knowledge about what he said to a Sergeant and some deputies and what they

15  said to him and asked him.

16      2.      The Vague, Ambiguous and Conclusory Objections

17       Defendants' objection that statements are vague, ambiguous, and

18  conclusory is unduly vague.  Rules 601 and 602 do not directly address

19  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

20  provide no explanation as to why any of the statements identified are vague,

21  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

22  Court's role to divine Defendant's arguments" and the court should summarily

23  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

24  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

25  declaration with different colors corresponding to different objections, and pink

26  applied to "lack of personal knowledge, no foundation, conclusory, speculative

27  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

28  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.    Hearsay. The questions asked by the deputies – why Benson had spoken to Mary at the ACLU and reported the incident with Deputy Wingens - are not introduced for the truth of the matter asserted.  They instead relate directly to the central issue in this motion, whether prisoners have a reason to fear retaliation for reporting what they perceive to be wrongdoing to the ACLU.

## OBJECTIONS TO THE DECLARATION OF INMATE ANTONIO RODRIGUEZ

**Paragraph 2:** The second and third sentence is vague, ambiguous, conclusory, and lack foundation (Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**:

1.    Foundation – Mr. Rodriguez is competent to testify that he was in jail, that he was beaten, and about the injuries he suffered from the beating.

2.    The Vague, Ambiguous and Conclusory Objections

Defendants' objection that statements are vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

74

1  2008) (where boilerplate objections were provided with no explanation, "[t]he

2  summary, vague nature of these objections is grounds alone for the court to deny

3  them").

4      **Paragraph 3:** The second, third, and fourth sentence is vague, ambiguous,

5  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

6      Plaintiffs' Responses

7      1.    Foundation – Mr. Rodriguez has personal knowledge of how many

8  deputies he observed when he returned to his module from the law library, how

9  he felt when he observed the deputies, and whether that number of deputies was

10  different from the number present other times he returned from the law library.

11  Thus, the foundation objections is frivolous.

12      2.    The Vague, Ambiguous and Conclusory Objections

13      Defendants' objection that statements are vague, ambiguous, and

14  conclusory is unduly vague.  Rules 601 and 602 do not directly address

15  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

16  provide no explanation as to why any of the statements identified are vague,

17  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

18  Court's role to divine Defendant's arguments" and the court should summarily

19  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

20  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

21  declaration with different colors corresponding to different objections, and pink

22  applied to "lack of personal knowledge, no foundation, conclusory, speculative

23  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

24  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

25  2008) (where boilerplate objections were provided with no explanation, "[t]he

26  summary, vague nature of these objections is grounds alone for the court to deny

27  them").

28      **Paragraph 4:** The assertions therein are vague, ambiguous, conclusory, and

1    lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the

2    purported statements of unidentified deputies in this paragraph are offered to prove

3    the truth of the matter asserted, they are objected to on the grounds that it is

4    inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

5        **Plaintiffs' Responses**:

6        1.    Foundation Mr. Rodriguez is competent to testify about everything

7    he observed one of the deputies say to him and Mr. Castro, and everything the

8    deputy did in his presence.

9        2.    The Vague, Ambiguous and Conclusory Objections

10       Defendants' objection that statements are vague, ambiguous, and

11   conclusory is unduly vague.  Rules 601 and 602 do not directly address

12   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

13   provide no explanation as to why any of the statements identified are vague,

14   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

15   Court's role to divine Defendant's arguments" and the court should summarily

16   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

17   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

18   declaration with different colors corresponding to different objections, and pink

19   applied to "lack of personal knowledge, no foundation, conclusory, speculative

20   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

21   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

22   2008) (where boilerplate objections were provided with no explanation, "[t]he

23   summary, vague nature of these objections is grounds alone for the court to deny

24   them").

25       3.    Hearsay – the statements in this paragraph are questions by a deputy

26   ("Are you ready?")  Such a question cannot be offered for the truth of the matter

27   asserted.

28       **Paragraph 5:** The assertions therein are also vague, ambiguous,

1    conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

2    **Plaintiffs' Responses**

3    1.    <u>Foundation</u> – Mr. Rodriguez testifies in this paragraph about events

4    he witnessed, what he did, and what a deputy told him and others with him to do.

5    Thus, he has personal knowledge of all of it.

6    2.    <u>The Vague, Ambiguous and Conclusory Objections</u>

7    Defendants' objection that statements are vague, ambiguous, and

8    conclusory is unduly vague.  Rules 601 and 602 do not directly address

9    vagueness, ambiguity, or whether a statement is conclusory, and Defendants

10   provide no explanation as to why any of the statements identified are vague,

11   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

12   Court's role to divine Defendant's arguments" and the court should summarily

13   deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

14   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

15   declaration with different colors corresponding to different objections, and pink

16   applied to "lack of personal knowledge, no foundation, conclusory, speculative

17   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

18   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

19   2008) (where boilerplate objections were provided with no explanation, "[t]he

20   summary, vague nature of these objections is grounds alone for the court to deny

21   them").

22   **Paragraph 6:** The third, fourth, and last sentence lacks foundation (*see*

23   Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported

24   statements in this paragraph are offered to prove the truth of the matter asserted,

25   they are objectedto on the grounds that it is inadmissible hearsay. (Fed. R. Evid.,

26   Rules 801, 802).

27   //

28   **Plaintiffs' Responses**

77

1.      <u>The Foundation Objection is Frivolous</u> – Mr. Rodriguez is competent to testify about an event that happened to *him* (being hit in the head with a flashlight by a deputy); actions he took (falling to the floor after being hit in the head); and actions taken by others in his presence (deputies hitting Mr. Castro).

2.      <u>Hearsay</u>  The hearsay objection is unfounded because the statements by both Deputies Rodriguez are not offered for the truth of the matter asserted. Even if they were, they are not hearsay because they are statements against interest of an agent of party opponents, acting in the scope of their employment. *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of government agency sued in his official capacity, real party in interest defendant is agency, and statements against interest by employees of agency acting in the scope of their employment are party admissions under FRE 801(d)(2)(D)).

**Paragraph 7:** The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Response:**

1.      <u>Foundation</u>  In this paragraph Mr. Rodriguez describes events that happened directly to him (a beating delivered by deputies against him), and effects he suffered (bleeding, feeling pain).  Thus, he has personal knowledge under FRE 601-02.

2.      <u>Hearsay</u>  The instruction by Deputy Avalos to Deputy Ortega to "break [his] legs" cannot be offered for the truth of the matter asserted.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").

      **Paragraph 8:** The assertions therein lack foundation (*see* Fed. R. Evid.,

Rules 601, 602).

**Plaintiffs' Response**:   In this paragraph Mr. Rodriguez describes events that happened directly to him (a beating delivered by deputies against him), and effects he suffered (a broken leg), and an order yelled at him by deputies ("to get up").  Thus, he has personal knowledge under FRE 601-02.

**Paragraph 9:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statements by deputies in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.     Foundation – in this paragraph Mr. Rodriguez describes things he saw, things he heard and questions deputies asked him.  He has personal knowledge of each of them by virtue of his presence at the scene.  Thus, the foundation objection is frivolous.

2.     The Vague, Ambiguous and Conclusory Objections

Defendants' objection that statements are vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with

79

1   no explanation, "[t]he summary, vague nature of these objections is grounds alone

2   for the court to deny them").

3         3.    <u>Hearsay</u> – one of the statements in this paragraph is a question.

4   Questions  cannot be offered for the truth of the matter asserted, because nothing

5   is asserted.  One of the statements is an order, which also cannot be offered for the

6   truth of the matter asserted.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir.

7   1984) ("An order or instruction is, by its nature, neither true nor false and thus

8   cannot be offered for its truth.").  To the extent any of other statements by deputies

9   are offered for the truth of the matter asserted, they are not hearsay because they are

10  statements against interest of an agent of party opponents, acting in the scope of

11  their employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624,

12  636 & n.16 (C.D. Cal. 2005) (where defendant is public official and head of

13  government agency sued in his official capacity, real party in interest defendant is

14  agency, and statements against interest by employees of agency acting in the scope

15  of their employment are party admissions under FRE 801(d)(2)(D)).

16      **Paragraph 10:** The assertions therein are also vague, ambiguous,

17  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

18  Furthermore, to the extent the purported statements of an unidentified doctor and

19  unidentified deputies is offered to prove the truth of the matter asserted, they are

20  objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid.,

21  Rules 801, 802).

22      **<u>Plaintiffs' Responses</u>**

23      1.    <u>Foundation</u> In this paragraph, Mr. Rodriguez describes things he

24  heard, questions he was asked, actions directed at him (being taken to the

25  hospital on a gurney), and his own physical capacity (inability to stand up), all

26  things he has personal knowledge of.

27      2.    <u>The Vague, Ambiguous and Conclusory Objections</u>

28      Defendants' objection that statements are vague, ambiguous, and

1   conclusory is unduly vague.  Rules 601 and 602 do not directly address

2   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

3   provide no explanation as to why any of the statements identified are vague,

4   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

5   Court's role to divine Defendant's arguments" and the court should summarily

6   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

7   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

8   declaration with different colors corresponding to different objections, and pink

9   applied to "lack of personal knowledge, no foundation, conclusory, speculative

10   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

11   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

12   2008) (where boilerplate objections were provided with no explanation, "[t]he

13   summary, vague nature of these objections is grounds alone for the court to deny

14   them").

15       3.    <u>Hearsay</u>  Neither the statement by the deputies or the doctors are

16   offered for the truth of the matter asserted, and thus they are not hearsay.  FRE

17   801.

18       **Paragraph 11:** The assertions therein are also vague, ambiguous,

19   conclusory, lack foundation, fails to properly authenticate the report(s) referred

20   to by the declarant (*see* Fed. R. Evid., Rules 601, 602, and 902). Furthermore, to

21   the extent the unauthenticated and unidentified reports are offered to prove the

22   truth of the matter asserted, they are objected to on the grounds that they are

23   inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

24       **Plaintiffs' Responses**

25       1.    <u>Foundation</u> – The paragraph describes events he witnessed or

26   participated in (he and Ortega being beaten while they were handcuffed) and

27   documents he personally observed.  Thus, Mr. Rodriguez has personal

28   knowledge to testify about them.

1    2.    <u>Authentication</u> – Plaintiffs are not offering the reports Mr.

2    Rodriguez describes in evidence.  Thus, the rule governing authentication of

3    documents does not apply.  *See* FRE 901.

4    3.    <u>Hearsay</u> – Plaintiffs are not offering the content of reports written

5    by deputies for the truth of the matters asserted.  Indeed, Mr. Rodriguez is

6    describing them to show that what the deputies wrote was *not* true.  However, if

7    the content of the reports  by deputies were being offered for the truth of the

8    matters asserted, they are not hearsay because they are statements against interest

9    of an agent of party opponents, acting in the scope of their employment.  *See*

10   Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D.

11   Cal. 2005) (where defendant is public official and head of government agency

12   sued in his official capacity, real party in interest defendant is agency, and

13   statements against interest by employees of agency acting in the scope of their

14   employment are party admissions under FRE 801(d)(2)(D)).

15   **Paragraph 12:** The first, second, third, and sixth sentence is speculative,

16   not based upon personal knowledge and lacks foundation (*see* Fed. R. Evid.,

17   Rules 601, 602). Furthermore, to the extent the purported statements in this

18   paragraph are offered to prove the truth of the matter asserted, they are objected

19   to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801,

20   802).

21   **Plaintiffs' Responses**

22   1.    <u>Foundation</u> Mr Rodriguez has personal knowledge to testify that he

23   lost his pro per status and the reason he was given for losing that status, that his

24   cell was searched and that his glasses were broken, that deputies started

25   harassing him, and the contents of what Deputy Nicholas told him.  Thus, the

26   foundation objection is meritless.

27   2.    <u>Hearsay</u> The statements of Deputy Nicholas are not offered for the

28   truth of the matters asserted.  They are offered because they support Plaintiff's

1  argument in this motion – that prisoners have good reason to fear that they will

2  be retaliated against with loss of privileges or necessities – here orthopedic

3  shoes.  The fact that Mr. Rodriguez has not gotten his orthopedic shoes is

4  established in this paragraph independently of Deputy Nicholas's statement.

5  **Paragraph 13:** The first sentence is speculative, lacks personal knowledge

6  and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

7  extent the purported statements in this paragraph are offered to prove the truth of

8  the matter asserted, they are objected to on the grounds that they are inadmissible

9  hearsay. (Fed. R. Evid., Rules 801, 802).

10  **Plaintiffs' Responses**

11  1.  <u>Foundation, Speculation</u> The foundation for Mr. Rodriguez's

12  conclusion that deputies are mad at him for talking to the ACLU is established in

13  the rest of the paragraph by the statements various deputies have made to him.

14  2.  <u>Hearsay</u>  The statements by various deputies in this paragraph are

15  not offered for the truth of the matter asserted, and thus are not hearsay.  FRE

16  801.  They are introduced to show that Mr. Rodriguez has a reasonable fear that

17  he will be retaliated against for communicating to the ACLU or anyone else

18  about the beating he received.

19  **Paragraph 14:** The first, second, seventh, eighth, and ninth sentence is

20  vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules

21  601, 602). Furthermore, to the extent the purported statements in the first and

22  fourth sentence are offered to prove the truth of the matter asserted, they are

23  objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid.,

24  Rules 801, 802).

25  **Plaintiffs' Responses**

26  1.  <u>Foundation</u> In the objected to sentences, Mr. Rodriguez talks about

27  his mental state (lack of comprehension), his opinion about what the deputies did

28  to him (it was "excessive"), his reasons for coming forward to report what

1  happened, his purpose in coming forward (to avoid having similar beatings

2  happen to other people).  All of these things are clearly within his personal

3  knowledge.

4     2. <u>The Vague, Ambiguous and Conclusory Objections</u>

5    Defendants' objection that statements are vague, ambiguous, and

6  conclusory is unduly vague.  Rules 601 and 602 do not directly address

7  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

8  provide no explanation as to why any of the statements identified are vague,

9  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

10  Court's role to divine Defendant's arguments" and the court should summarily

11  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

12  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

13  declaration with different colors corresponding to different objections, and pink

14  applied to "lack of personal knowledge, no foundation, conclusory, speculative

15  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

16  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

17  2008) (where boilerplate objections were provided with no explanation, "[t]he

18  summary, vague nature of these objections is grounds alone for the court to deny

19  them").

20     3. <u>Hearsay</u> the first statement Defendants object to on hearsay grounds

21  is an order by a deputy to Mr. Rodriguez "not to tell others about" the beating.

22  An order is not hearsay because it cannot be introduced for the truth of the matter

23  asserted.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An

24  order or instruction is, by its nature, neither true nor false and thus cannot be

25  offered for its truth.").  The second statement, the medical diagnosis by the

26  doctor is not offered for the truth of the matter asserted, but is offered instead

27  because it is relevant to Mr. Rodriguez's reasonable fear that he will be retaliated

28  against again, and that the retaliation may take the form of physical abuse that

1    may cause significant physical injury.

2    **OBJECTIONS TO THE DECLARATION OF INMATE**

3    **MICHAEL HOLGUIN**

4    **Paragraph 2:** The first sentence is irrelevant (Fed. R. Evid., Rules 401-

5    403). The last sentence is speculative and lacks foundation (Fed. R. Evid., Rules

     601, 602).

6    **Plaintiffs' Response** Mr. Holguin has personal knowledge of how he is

7

8    normally classified and that his father is a police officer.  Plaintiff admits that

9    Mr. Holguin's statement that his classification as K-1 is a result of his father's

10    being a police officer is speculative.

11    **Paragraph 5:** The assertions therein are also vague, ambiguous,

     conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

12    Furthermore, to the extent the purported statements of an unidentified deputy in

13    this paragraph is offered to prove the truth of the matter asserted, they are

14

15    objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid.,

16    Rules 801, 802).

17    **Plaintiffs' Responses**

18      1.     <u>Foundation</u> – In this paragraph, Mr Holguin testifies about what he

19    did (got right in front of the shower), what a deputy said to him, what Mr.

20    Holguin responded to the deputy, and why he responded as he did.  Every one of

21    those things is clearly within Mr. Holguin's personal knowledge and is thus

22    admissible under FRE 601-02.

23      2.     <u>Hearsay</u> – the hearsay objection is frivolous because the statements

24    of the deputy take the form of orders, and questions.  An order is not hearsay.

25    *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or

26    instruction is, by its nature, neither true nor false and thus cannot be offered for

27    its truth.").  A question cannot be offered for the truth of the matter asserted, so it

28    also is not hearsay.

1    **Paragraph 6:** The assertions therein lack foundation (*see* Fed. R. Evid.,

2    Rules 601, 602). Furthermore, to the extent the purported statement in the second

3    sentence is offered to prove the truth of the matter asserted, they are objected to

4    on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801,

5    802).

6    **Plaintiffs' Responses**:

7    1.    Foundation – the entire paragraph consists of Mr. Holguin

8    describing things that happened to *him* (being punched and pepper sprayed), and

9    things he heard.  All of it is clearly within the personal knowledge of Mr.

10   Holguin; thus, the foundation objection is frivolous.

11   2.    Hearsay – the objected to statement "that's why you don't say why,

12   just do what you are told" consists of two clause.  The latter is an order ("just do

13   what you are told"), which is not hearsay.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d

14   510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true

15   nor false and thus cannot be offered for its truth.").  The former clause is relevant

16   for its effect on the listener and how it would make prisoners afraid to do

17   anything they believe the deputies might not like independent of its truth.  But, to

18   the extent the first clause is introduced for its truth, it is not hearsay because it is

19   a statement against interest of an agent of party opponents, acting in the scope of

20   their employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D.

21   624, 636 & n.16 (C.D. Cal. 2005).

22   **Paragraph 7:** The assertions therein lack foundation (*see* Fed. R. Evid.,

23   Rules 601, 602).

24   **Plaintiffs' Response**  It is clearly within Mr. Holguin's personal

25   knowledge how long he was in the hospital, whether he has stitches on his eye,

26   staples in his head, a broken leg, and whether he had surgery.  Thus, the

27   statements are admissible under FRE 601-02.

28   **Paragraph 8:** The assertions therein are conclusory, and lack

86

1  foundation(*see* Fed. R. Evid., Rules 601, 602). Further, the fourth, fifth, and

2  sixth sentence is irrelevant (Fed. R. Evid., Rules 401-403).

3      **Plaintiffs' Responses**

4      1.    Foundation Mr. Holguin is competent to testify about whether a

5  deputy gave him a piece of paper, what was written on the paper, whether he was

6  in handcuffs when deputies attacked him, whether he was capable of doing

7  anything to the deputies while in handcuffs, whether he is going to prison, and

8  the length, since all of that is based on his personal knowledge.

9      2.    The Conclusory Objection This objection, which is directed

10  generally at a paragraph of 7 sentences, many of which contain multiple

11  assertions, does not specify what statements are conclusory, why they are

12  conclusory, or why that makes them inadmissible.  Thus, the objection should be

13  denied.  *See Californians for Disability Rights, Inc. v. Cal. Dept. of*

14  *Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where

15  boilerplate objections were provided with no explanation, "[t]he summary, vague

16  nature of these objections is grounds alone for the court to deny them").

17      **Paragraph 9:** The assertions therein are also vague, ambiguous,

18  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

19      **Plaintiffs' Responses**

20      1.    Foundation Mr. Holguin's conclusion that he was attacked without

21  is based on his being present at the attack and prior to it, which gives me the

22  foundation to know whether there was a justification for the attack.  His presence

23  and the fact that he explained that the deputies had turned on the showers

24  provides the foundation for the statement that they were supposed to be getting

25  showers when he was attacked.

26      2.    The Vague, Ambiguous and Conclusory Objections

27      Defendants' objection that statements are vague, ambiguous, and

28  conclusory is unduly vague.  Rules 601 and 602 do not directly address

vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

## OBJECTIONS TO THE DECLARATION OF INMATE EEFROM JONES

**Paragraph 5:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

### Plaintiffs' Responses:

1.   <u>Foundation</u>  In this paragraph, Mr. Jones describes a beating he suffered and events just prior to the beating that he observed and heard.  Since everything in the paragraph concerns things Mr. Jones saw, felt, and heard, he is clearly testifying based on personal knowledge.  Thus, the foundation objection is frivolous.

2.   <u>The Vague, Ambiguous and Conclusory Objections</u>

Defendants' objection that statements are vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or

1   how that makes them inadmissible.  "[I]t is not the Court's role to divine

2   Defendant's arguments" and the court should summarily deny such objections as

3   unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

4   (where defendant highlighted portions of each declaration with different colors

5   corresponding to different objections, and pink applied to "lack of personal

6   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

7   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

8   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

9   objections were provided with no explanation, "[t]he summary, vague nature of

10   these objections is grounds alone for the court to deny them").

11       **Paragraph 6:** The assertions therein are vague, ambiguous, conclusory,

12   and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

13       **Plaintiffs' Responses:**

14       1.    Foundation   In this paragraph, Mr. Jones describes things that were

15   done to *him* (being beaten and pepper sprayed by deputies), things he said to the

16   deputies (he had asthma).   Since everything in the paragraph concerns things

17   Mr. Jones said or things that were done to him he is clearly testifying based on

18   personal knowledge.  Thus, the foundation objection is frivolous.

19       2.    The Vague, Ambiguous and Conclusory Objections

20       Defendants' objection that statements are vague, ambiguous, and

21   conclusory is unduly vague.  Rules 601 and 602 do not directly address

22   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

23   provide no explanation as to why any of the statements identified are vague,

24   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

25   Court's role to divine Defendant's arguments" and the court should summarily

26   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

27   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

28   declaration with different colors corresponding to different objections, and pink

applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 7:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.    Foundation In this paragraph, Mr. Jones describes things that were done to *him* (he was taken to the medical clinic, he was interviewed on tape, and he was taken to the hospital), and things he learned (his shoulder was broken). Since everything in the paragraph concerns things Mr. Jones heard or things that were done to him he is clearly testifying based on personal knowledge.  Thus, the foundation objection is frivolous.

2.    The Vague, Ambiguous and Conclusory Objections

Defendants' objection that statements are vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

1   2008) (where boilerplate objections were provided with no explanation, "[t]he

2   summary, vague nature of these objections is grounds alone for the court to deny

3   them").

4        **Paragraph 8:** The assertions therein are vague, ambiguous, conclusory,

5   and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

6        **Plaintiffs' Responses**

7        1.      Foundation In this paragraph, Mr. Jones describes things he did

8   (went to Court) things that happened to him (he was interviewed by a Lieutenant,

9   he was placed in the same housing unit where the deputies who had beaten him

10  worked) things he said (told the Lieutenant interviewing him that Deputy

11  Navarro had beaten him).  Since everything in the paragraph concerns things Mr.

12  Jones heard or did, or things that were done to him he is clearly testifying based

13  on personal knowledge.  Thus, the foundation objection is frivolous.

14       2.      The Vague, Ambiguous and Conclusory Objections

15       Defendants' objection that statements are vague, ambiguous, and

16  conclusory is unduly vague.  Rules 601 and 602 do not directly address

17  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

18  provide no explanation as to why any of the statements identified are vague,

19  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

20  Court's role to divine Defendant's arguments" and the court should summarily

21  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

22  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

23  declaration with different colors corresponding to different objections, and pink

24  applied to "lack of personal knowledge, no foundation, conclusory, speculative

25  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

26  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

27  2008) (where boilerplate objections were provided with no explanation, "[t]he

28  summary, vague nature of these objections is grounds alone for the court to deny

them").

**Paragraph 9:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.   Foundation – this paragraph contains a description of a statement that Mr. Jones heard, and what was done to him (he was sent to another part of the jail to wait).  He is testifying to both these things from personal knowledge.  Thus, the foundation objection is frivolous.

2.   The Vague, Ambiguous and Conclusory Objections

Defendants' objection that statements are vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.   Hearsay – the statement (that Lieutenant Rivera told Mr. Jones that the Lieutenant wanted him to see a psychiatrist as a precaution) is not hearsay because it is not introduced for the truth of the matter asserted.

1   **Paragraph 10:** The second sentence is vague, ambiguous, conclusory, and

2   lack foundation (*see* Fed. R. Evid., Rules 601, 602).

3   **Plaintiffs' Responses**

4   1. <u>Foundation</u> The second sentence contains a description of when

5   something occurred and what he heard (Deputy Navarro coming to his cell to tell

6   him to cuff up) and his state of mind (he was afraid).  All of these statements are

7   based on Mr. Jones's personal knowledge.

8   2.   <u>The Vague, Ambiguous and Conclusory Objections</u>

9   Defendants' objection that statements are vague, ambiguous, and

10  conclusory is unduly vague.  Rules 601 and 602 do not directly address

11  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

12  provide no explanation as to why any of the statements identified are vague,

13  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

14  Court's role to divine Defendant's arguments" and the court should summarily

15  deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

16  189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

17  declaration with different colors corresponding to different objections, and pink

18  applied to "lack of personal knowledge, no foundation, conclusory, speculative

19  or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

20  *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

21  2008) (where boilerplate objections were provided with no explanation, "[t]he

22  summary, vague nature of these objections is grounds alone for the court to deny

23  them").

24  **Paragraph 11:** The assertions therein are also vague, ambiguous,

25  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

26  Furthermore, to the extent the purported statements by Deputy Navarro in this

27  paragraph are offered to prove the truth of the matter asserted, they are objected

28  to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801,

802).

**Plaintiffs' Responses**

1.      Foundation  The statements in this paragraph concern things that happened to Mr. Jones (he left his cell with with Deputy Navarro) and things he heard (various statements by Deputy Navarro).  All of these statements are based on Mr. Jones's personal knowledge.

2.      The Vague, Ambiguous and Conclusory Objections

Defendants' objection that statements are vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.      Hearsay  There are three statements in this paragraph by Deputy Navarro, and Defendants object to all of them on hearsay grounds.  The first statement is an order (Navarro told him "to take off his clothes).  An order is not hearsay.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").  The second (Navarro's yelling "this is his floor and he

1    would do whatever he wanted") is not introduced for its truth but to show how

2    prisoners would reasonably fear retaliation by guards against them.  The third,

3    about how often prisoners return from the psych floors is not introduced for the

4    truth of the matter asserted.  If it was however, it would not be hearsay because it

5    is a statement against interest of an agent of party opponents, acting in the scope

6    of their employment.  *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D.

7    624, 636 & n.16 (C.D. Cal. 2005).

8         **Paragraph 12:** The assertions therein are also vague, ambiguous,

9    conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

10        **Plaintiffs' Responses**

11        1. <u>Foundation</u> The statement in this paragraph concern things Mr. Jones

12   heard (he was told to "bend over"), things that were done to him (flashlight

13   shined up his butt, a deputy sticking his finger up Jones's butt), things he heard

14   (deputies laughing), what he said to deputies, and what he felt (horrible).  All

15   these statements are based on Mr. Jones's personal knowledge.  Thus, the

16   foundation objection is meritless.

17        2.    <u>The Vague, Ambiguous and Conclusory Objections</u>

18        Defendants' objection that statements are vague, ambiguous, and

19   conclusory is unduly vague.  Rules 601 and 602 do not directly address

20   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

21   provide no explanation as to why any of the statements identified are vague,

22   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

23   Court's role to divine Defendant's arguments" and the court should summarily

24   deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

25   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

26   declaration with different colors corresponding to different objections, and pink

27   applied to "lack of personal knowledge, no foundation, conclusory, speculative

28   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

1   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

2   2008) (where boilerplate objections were provided with no explanation, "[t]he

3   summary, vague nature of these objections is grounds alone for the court to deny

4   them").

5        **Paragraph 13:** The assertions therein are also vague, ambiguous.

6        **Plaintiffs' Response** – there is nothing vague or ambiguous about what

7   Mr. Jones states he feels (terrified), what he told his psychiatrist (he would kill

8   himself if he had to go back to the module), and his assessment of his experience

9   with Navarro and the other deputies (it was horrible).  Thus, this objection is

10  meritless conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

11              **OBJECTIONS TO THE DECLARATION OF INMATE**
                          **RUBEN BELTRAN**

12

13       **Paragraph 3:** The assertions therein are vague, ambiguous, conclusory,

    and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

14

15       **Plaintiffs' Responses**

16       1.    Foundation In this paragraph, Mr. Beltran testifies about things he

17  did (fill out a complaint form that he found in the box on his row and fill it out)

    when he did it (in the evening after pill call), things he experienced (not getting

18
    access to the day room for 11 days), his understanding that the inmates are

19
    supposed to be able to use the day room every day, which is clearly based on his

20
    time spent in MCJ, as established in paragraph 2 of his declaration.  Thus, the

21
    foundation objection is meritless.

22

23       2.    The Vague, Ambiguous and Conclusory Objections

24        Defendants' objection that statements are vague, ambiguous, and

25  conclusory is unduly vague.  Rules 601 and 602 do not directly address

26  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

27  provide no explanation as to why any of the statements identified are vague,

28  ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

1   Court's role to divine Defendant's arguments" and the court should summarily

2   deny such objections as unduly vague.   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

3   189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

4   declaration with different colors corresponding to different objections, and pink

5   applied to "lack of personal knowledge, no foundation, conclusory, speculative

6   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

7   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

8   2008) (where boilerplate objections were provided with no explanation, "[t]he

9   summary, vague nature of these objections is grounds alone for the court to deny

10  them").

11       **Paragraph 4:** The third sentence is speculative, lacks personal knowledge

12  and lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

13       **Plaintiffs' Response**:  Because Plaintiff was housed on the row, he had

14  personal knowledge to observe that no other cell on  the row was searched.

15  Thus, the objection is meritless.

16       **Paragraph 5:** The sixth sentence is speculative, lack personal knowledge,

17  and lacks foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

18  extent the purported statements by Deputy Britton in this paragraph are offered

19  to prove the truth of the matter asserted, they are objected to on the grounds that

20  they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

21       **Plaintiffs' Responses**

22       1.     Speculative, Lacks Personal Knowledge, Lacks Foundation. In the

23  sentence Defendants object to, Mr. Beltran states that he saw that Deputy Britton

24  had taken all his books, periodicals and religious material, when he searched his

25  cell.  Given that Mr. Beltran observed Deputy Britton enter his cell and begin to

26  search it, and that he has personal knowledge of what materials he has in his cell,

27  the objection is unfounded.

28       2.     Hearsay  Two of Deputy Britton's statements – that the inmates

1   have no right to out of cell recreation time and that Deputy Britton would "go old

2   school" on Mr. Beltran if he filed another complaint are not introduced for the

3   truth of the matter asserted and are therefore not hearsay.  FRE 801.  The

4   statement that Deputy Britton was searching Beltran's cell because he had filed a

5   complaint is not hearsay because it is a statement against interest by an agent of a

6   party opponent acting in the scope of his employment. *See* Fed. R. Evid.

7   801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005).

8        **Paragraph 6:** The fifth sentence is vague, ambiguous, conclusory, and

9   lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent

10   the purported statements in this paragraph are offered to prove the truth of the

11   matter asserted, they are objected to on the grounds that they are inadmissible

12   hearsay. (Fed. R. Evid., Rules 801, 802).

13        **Plaintiffs' Responses**:

14        1.     Foundation  The sentence Defendants object to ("When the other

15   inmates had left the module, Deputy Farino entered my cell and began to take my

16   personal property") is within Mr. Beltran's personal knowledge, because he

17   could observe everything he described since he was outside his cell when Deputy

18   Farino went into it and conducted the search, as is clear from the next sentence in

19   the paragraph.

20        2.     Vague Ambiguous Conclusory Objections  The sentence appears

21   crystal clear to Plaintiffs, and Defendants have not explained what about it is

22   "vague, conclusory, or ambiguous."  Thus, the objection should be denied.

23   *Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

24   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

25   objections were provided with no explanation, "[t]he summary, vague nature of

26   these objections is grounds alone for the court to deny them").

27        2.     Hearsay  Defendants object to every statement in this paragraph on

28   hearsay grounds.  Not one of the statements constitutes hearsay.  Two of the

1    statements (a deputy telling other inmates to go somewhere) are orders, which

2    cannot be introduced for the truth of the matter asserted.  *See, e.g.*, *U.S. v.*

3    *Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its

4    nature, neither true nor false and thus cannot be offered for its truth.").  Deputy

5    Farino's statement to Mr. Beltran that he was not allowed to go to the day room

6    or touch a complaint form is not introduced for its truth but as evidence that

7    prisoners' have reasonable fear that deputies will retaliate against them.  Deputy

8    Farino's statement to Mr. Beltran that if he "stay[ed] in his cell for two weeks, he

9    [Farino] would forget about" Beltran's having filed a complaint is also not

10   introduced for the truth but as evidence that prisoners' have reasonable fear that

11   deputies will retaliate against them.   But, even if these statement were

12   introduced for their truth, they would not be hearsay because they are statements

13   against interest by an agent of party opponents in the scope of their employment.

14   *See* Fed. R. Evid. 801(d)(2)(D); *Green v. Baca*, 226 F.R.D. 624, 636 & n.16

15   (C.D. Cal. 2005).

16       **Paragraph 8:** The assertions therein are vague, ambiguous, conclusory, and

17   lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the

18   paragraph is offered to prove the truth of the matter asserted, it is objected to on the

19   grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

20       **Plaintiffs' Responses**:

21       1.    Foundation   In this paragraph, Mr. Beltran describes things he saw,

22   statements that he heard, and things that were done to him.   Thus, he is testifying

23   to all of them based on personal knowledge, so the foundation objection is without

24   merit.

25       2.    Vague, Ambiguous, Conclusory

26       This paragraph contains ten sentences, some with multiple assertion.

27   Defendants object to the whole paragraph.  Defendants' objection that the whole

28   paragraph is vague, ambiguous, and conclusory is unduly vague. Rules 601 and 602

do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible. "[I]t is not the Court's role to divine Defendant's arguments" and the court summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.    Hearsay Defendants object to the whole paragraph on hearsay grounds. However, most of the paragraph consists of Beltran's description of things that happened, not statements. So, this hearsay objection is even more frivolous than most of the others made by Defendants. The only statements in the paragraph are an order and a question, neither of which can be offered for the truth of the matter asserted. *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").

**Paragraph 9:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.    Foundation – the foundation objection is frivolous, since in this paragraph Mr. Beltran explains things he said to deputies, things that were said to him, and an observation he made.

2.      Vague, Ambiguous, Conclusory

This paragraph contains ten sentences, some with multiple assertion. Defendants object to the whole paragraph.  Defendants' objection that the whole paragraph is vague, ambiguous, and conclusory is unduly vague. Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why any of the statements identified are vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.      Hearsay  The statements in this paragraph are not introduced for the truth of the matters asserted, but merely to show how the interaction between Mr. Beltran and the deputies unfolded.  Thus, they are not hearsay.  FRE 801.

**Paragraph 10:** The second and third sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.      Foundation The objected to sentences are about what Mr. Beltran believes (that there is a video camera in the hallway where he was searched), what he has seen, and what he asked his public defender.  Each of these things is within his personal knowledge.

2.      Vague, Ambiguous, Conclusory

Defendants' objection that two whole sentences in this paragraph are

1    vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not

2    directly address vagueness, ambiguity, or whether a statement is conclusory, and

3    Defendants provide no explanation as to why any of the statements identified are

4    vague, ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is

5    not the Court's role to divine Defendant's arguments" and the court should

6    summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222

7    F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

8    declaration with different colors corresponding to different objections, and pink

9    applied to "lack of personal knowledge, no foundation, conclusory, speculative

10   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

11   *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

12   2008) (where boilerplate objections were provided with no explanation, "[t]he

13   summary, vague nature of these objections is grounds alone for the court to deny

14   them").

15        **Paragraph 11:** The assertions therein are also vague, ambiguous,

16   conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

17        **Plaintiffs' Responses**

18        1.    Foundation   In the paragraph Mr. Beltran describes things he has

19   done (filed previous complaints) and other things about which he clearly has

20   personal knowledge (whether he had ever been in administrative segregation.

21   Thus, the foundation objection is frivolous.

22        2.    Vague, Ambiguous, Conclusory

23        Defendants' objection that the whole paragraph is vague, ambiguous, and

24   conclusory is unduly vague.  Rules 601 and 602 do not directly address

25   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

26   provide no explanation as to why any of the statements identified are vague,

27   ambiguous or conclusory, or how that makes them inadmissible.  "[I]t is not the

28   Court's role to divine Defendant's arguments" and the court should summarily

1    deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D.

2    189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each

3    declaration with different colors corresponding to different objections, and pink

4    applied to "lack of personal knowledge, no foundation, conclusory, speculative

5    or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v.*

6    *Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal.

7    2008) (where boilerplate objections were provided with no explanation, "[t]he

8    summary, vague nature of these objections is grounds alone for the court to deny

9    them").

## OBJECTIONS TO THE DECLARATION OF INMATE ANTONIO CANDELARIO

12    **Paragraph 2:** The third sentence is vague, ambiguous, conclusory, and

13    lacks foundation (*see* Fed. R. Evid., Rules 601, 602).

14    **Plaintiffs' Reponses**

15        1.    Foundation The third sentence consists of Mr. Candelario

16    explaining why he is in jail, including what he has been charged with.  These are

17    all things that he clearly has personal knowledge to testify about.

18        2.    Vague, Ambiguous, Conclusory

19        Defendants' objection that the third sentence is vague, ambiguous, and

20    conclusory is unduly vague.  Rules 601 and 602 do not directly address

21    vagueness, ambiguity, or whether a statement is conclusory, and Defendants

22    provide no explanation as to why the sentence vague, ambiguous or conclusory,

23    or how that makes it inadmissible.  "[I]t is not the Court's role to divine

24    Defendant's arguments" and the court should summarily deny such objections as

25    unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

26    (where defendant highlighted portions of each declaration with different colors

27    corresponding to different objections, and pink applied to "lack of personal

28    knowledge, no foundation, conclusory, speculative or inadmissible opinion");

1    *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

2    ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

3    objections were provided with no explanation, "[t]he summary, vague nature of

4    these objections is grounds alone for the court to deny them").

5    **Paragraph 3:** The assertions therein, except for the first sentence, are also

6    vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601,

7    602).

8    **Plaintiffs' Responses**

9    1.    Foundation   All of the objected to sentences are descriptions by Mr.

10   Candelario of his own experience in LA County Jails.  Thus, he obviously is

11   competent to testify about them under FRE 601-02.

12   2.    Vague, Ambiguous, Conclusory

13   Defendants' objection that whole paragrap, except one sentence, is vague,

14   ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly

15   address vagueness, ambiguity, or whether a statement is conclusory, and Defendants

16   provide no explanation as to why the paragraph is vague, ambiguous or conclusory,

17   or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

18   arguments" and the court should summarily deny such objections as unduly vague.

19   *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant

20   highlighted portions of each declaration with different colors corresponding to

21   different objections, and pink applied to "lack of personal knowledge, no

22   foundation, conclusory, speculative or inadmissible opinion"); *see also Californians*

23   *for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249

24   F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with

25   no explanation, "[t]he summary, vague nature of these objections is grounds alone

26   for the court to deny them").

27   **Paragraph 4:** The assertions therein are vague, ambiguous, conclusory,

28   and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

1   extent the purported statements in this paragraph are offered to prove the truth of

2   the matter asserted, they are objected to on the grounds that they are inadmissible

3   hearsay. (Fed. R. Evid., Rules 801, 802).

4          **Plaintiffs' Responses**

5        1.    <u>Foundation</u> Almost the whole paragraph concerns actions that were

6   taken against Mr. Candelario – being beaten by multiple deputies.  Thus, his

7   personal knowledge to testify about that beating is obvious.

8        2.    <u>Vague, Ambiguous, Conclusory</u>

9      Defendants' objection that the paragraph is vague, ambiguous, and

10  conclusory is unduly vague.  Rules 601 and 602 do not directly address

11  vagueness, ambiguity, or whether a statement is conclusory, and Defendants

12  provide no explanation as to why the sentence vague, ambiguous or conclusory,

13  or how that makes it inadmissible.  "[I]t is not the Court's role to divine

14  Defendant's arguments" and the court should summarily deny such objections as

15  unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

16  (where defendant highlighted portions of each declaration with different colors

17  corresponding to different objections, and pink applied to "lack of personal

18  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

19  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

20  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

21  objections were provided with no explanation, "[t]he summary, vague nature of

22  these objections is grounds alone for the court to deny them").

23       3.    <u>Hearsay</u> Defendants object to all three statements in the paragraph

24  on hearsay grounds.  One ("shut the fuck up") is an order, which cannot be

25  introduced for the truth of the matter.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510,

26  514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor

27  false and thus cannot be offered for its truth.").  The other two ("we'll get to it

28  when we get to it") and ("What's up now. Get crazy now.  Mother fucker") are

1   also not introduced for the truth, and are thus not hearsay.  FRE 801.

2   **Paragraph 5:** The assertions in each and every sentence are vague,

3   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

4   **Plaintiffs' Responses**

5   1.   Foundation Mr. Candelario clearly has personal knowledge to

6   testify about things he did (yell) things done to him (being pulled by his leg) and

7   what he was thinking.  Thus, Defendants' foundation objection is once again

8   frivolous.

9   2.   Vague, Ambiguous, Conclusory

10   Defendants' objection that the paragraph is vague, ambiguous, and

11   conclusory is unduly vague.  Rules 601 and 602 do not directly address

12   vagueness, ambiguity, or whether a statement is conclusory, and Defendants

13   provide no explanation as to why the sentence vague, ambiguous or conclusory,

14   or how that makes it inadmissible.  "[I]t is not the Court's role to divine

15   Defendant's arguments" and the court should summarily deny such objections as

16   unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004)

17   (where defendant highlighted portions of each declaration with different colors

18   corresponding to different objections, and pink applied to "lack of personal

19   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

20   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

21   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

22   objections were provided with no explanation, "[t]he summary, vague nature of

23   these objections is grounds alone for the court to deny them").

24   **Paragraph 6:** The assertions in each and every sentence is vague,

25   ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

26   Furthermore, to the extent the paragraph is offered to prove the truth of the

27   matter asserted, they are objected to on the grounds that they are inadmissible

28   hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.    Foundation – in this paragraph Mr. Candelario describes things that happened to him (deputies kicked and beat him and later took him to his cell), things he saw, the names of the deputies on their name tags, and things he felt (pain).  All of this is within his personal knowledge.

2.    Vague, Ambiguous, Conclusory

Defendants' objection that the paragraph is vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the paragraph is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.    Hearsay. Defendants object to the whole paragraph on hearsay grounds.  But, there is only one short statement in the whole 8 sentence paragraph.  The one statement is an order (the deputies "told me to get up"), which cannot be hearsay.  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").

**Paragraph 8:** To the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the

1   grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

2   **Plaintiffs' Response**  There are multiple statements in this paragraph, at

3   least one of which is a question.  Defendants' objection to all statements is

4   imprecise, and should be denied on this ground alone.  FRE 103(a)(1).  With

5   respect to the statements by the Deputies described in this pargraph, none of

6   them is hearsay because they are statements against interest by agents of a party

7   opponent in the scope of their employment.   *See* Fed. R. Evid. 801(d)(2)(D);

8   *Green v. Baca*, 226 F.R.D. 624, 636 & n.16 (C.D. Cal. 2005).

9   **Paragraph 9:** The first sentence is speculative and lacks foundation (*see*

10  Fed. R. Evid., Rules 601, 602). The fourth and fifth sentence assumes facts not in

11  evidence and is misleading. Furthermore, to the extent the paragraph is offered to

12  prove the truth of the matter asserted, they are objected to on the grounds that

13  they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

14  **Plaintiffs' Responses**

15      1.   Foundation, Speculation.  In the first sentence, Mr. Candelario

16  explains his reason for taking a certain action (he agree to go with the deputies

17  because he was afraid that they would come into his cell and beat him up again).

18  He clearly has personal knowledge to testify about the reasons he took a certain

19  action.

20      2.   Facts Not In Evidence, Misleading.  The fifth sentence describes a

21  statement Mr. Candelario made to a deputy, and Plaintiffs simply cannot

22  understand the objection.  Plaintiffs are not aware of there being a "Misleading"

23  objection in the Federal Rules of Evidence.

24      3.   Hearsay  Defendants' objection to the whole paragarph on hearsay

25  grounds is so imprecise that it should be denied on that basis alone, since the

26  paragraph has five sentences, two statements and a question.  FRE 103(a)(1).

27  **Paragraph 10:** The assertions therein are also vague, ambiguous,

28  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.      <u>Foundation</u>  In this paragraph, Mr. Candelario describes things done to him (a deputy sticks his hand in Candelario's pocket), things he sees, and things he yells.  He obviously has personal knowledge to testify about all of it.

2.      <u>Vague, Ambiguous, Conclusory</u>

Defendants' objection that the paragraph is vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the paragraph is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 11:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statements in this paragraph are offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.      <u>Foundation</u>  In this paragraph, Mr. Candelario testifies about things he said, things that were said to him, and things that were done to him (a deputy wiping blood out of his ear).  Mr. Candelario clearly has personal knowledge to

1    testify about all of it.

2        2.    <u>Vague, Ambiguous, Conclusory</u>

3        Defendants' objection that the paragraph is vague, ambiguous, and

4    conclusory is unduly vague.  Rules 601 and 602 do not directly address

5    vagueness, ambiguity, or whether a statement is conclusory, and Defendants

6    provide no explanation as to why the paragraph is vague, ambiguous or

7    conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to

8    divine Defendant's arguments" and the court should summarily deny such

9    objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D.

10   Cal. 2004) (where defendant highlighted portions of each declaration with

11   different colors corresponding to different objections, and pink applied to "lack

12   of personal knowledge, no foundation, conclusory, speculative or inadmissible

13   opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of

14   Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where

15   boilerplate objections were provided with no explanation, "[t]he summary, vague

16   nature of these objections is grounds alone for the court to deny them").

17       3.    <u>Hearsay</u>  Defendants once again make no effort to identify the

18   specific statements they are objected to, and which ones they believe are both

19   introduced for the truth of the matter assered and are inadmissible hearsay.  This

20   lack of precision justifies denying the objection.  FRE 103(a)(1).  Moreover, two

21   of the statements objected to (shut the fuck up, and Candelario's telling the

22   deputy to stop wiping his ear) are orders than cannot be introduced for truth.

23   *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or

24   instruction is, by its nature, neither true nor false and thus cannot be offered for

25   its truth.").

26       **Paragraph 12:** The third sentence vague, ambiguous, conclusory,

27   speculative, is not based upon personal knowledge and lacks foundation (*see*

28   Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the paragraph is

offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1. <u>Foundation, Speculation</u>.  Most of the sentence Defendants object to consists of Mr. Candelario talking about his state of mind, why he choose not to tell the doctors in the clinic why he was bruised and bloody, all things he can testify about based on personal knowledge.  The one arguably speculative matter is Mr. Candelario's testifying about what the doctors could see (that he was bruised and bloody).  Plainiff admits that Mr. Candelario's testimony about what the doctors could see might be speculative, but the basis for his assumption is clearly explained – they must have seen his injuries, otherwise they would not have sent him to the hospital.

2. <u>Vague, Ambiguous, Conclusory</u>

 Defendants' objection that the paragraph is vague, ambiguous, and conclusory is unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the paragraph is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3. Hearsay Defendants do not identify any out of court statements they

are objecting to in this paragraph, and Plaintiffs are not aware of any.  Since there are no statements in the paragraph, there can be no hearsay.

**Paragraph 14:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Further, this paragraph assumes facts not in evidence and is misleading.

All these objections are meritless.  Mr. Candelario can testify from personal knowlege that he is waiting to go to court, that he is waiting to see a doctor for his injured knee and that the basis for his having to go to court is a drug charge he contends was the result of being framed.  Defendants may introduce evidence to try to rebut Mr. Candelario's assertion that he was framed, but it is permissible for him to state his opinion.

## OBJECTIONS TO THE DECLARATION OF INMATE TIMOTHY GAINES

**Paragraph 3:** The fourth, fifth, sixth, and seventh sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.      Foundation.  Defendants' foundation objection is meritless.  In the paragarph the declarant talks about things he saw, people he spoke to, and inmates he knows, on his row at MCJ

2.      Vague, Ambiguous, Conclusory

Defendants' vague, ambiguous and conclusory objections areunduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors

corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 4:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

    1.  <u>Foundation.</u>  Defendants' foundation objection is meritless.  In the paragarph the declarant talks about things he saw, people he spoke to, and things he heard while on his row in MCJ.

    2.  <u>Vague, Ambiguous, Conclusory</u>

    Defendants' vague, ambiguous and conclusory objections areunduly vague. Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

1    3.    <u>Hearsay</u>  Plaintiffs are not introducing the statements in this paragraph

2   for the truth of the matter asserted.

3   **<u>Paragraph 5:</u>** The assertions therein are also vague, ambiguous, conclusory, and

4   lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent

5   the paragraph is offered to prove the truth of the matter asserted, it is objected to

6   on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

7            **<u>Plaintiffs' Responses</u>**

8    1.    <u>Foundation.</u>  Defendants' foundation objection is meritless.  In the

9   paragarph the declarant talks about things he saw, people he spoke to, things he

10  heard while on his row in MCJ, and inmates who are also on his row in MCJ.

11   2.    <u>Vague, Ambiguous, Conclusory</u>

12           Defendants' vague, ambiguous and conclusory objections areunduly

13  vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

14  whether a statement is conclusory, and Defendants provide no explanation as to

15  why the objected to material is vague, ambiguous or conclusory, or how that

16  makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

17  arguments" and the court should summarily deny such objections as unduly

18  vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

19  defendant highlighted portions of each declaration with different colors

20  corresponding to different objections, and pink applied to "lack of personal

21  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

22  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

23  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

24  objections were provided with no explanation, "[t]he summary, vague nature of

25  these objections is grounds alone for the court to deny them").

26   3    <u>Hearsay</u> Defendants' failure to specify which of the many

27  statements in the paragraph they object to is basis to deny this objection.  FRE

28  103(a)(1).  To the extent Defendants object to the statements made by deputies,

1    they are not hearsay because they are statements against interest by agents of a

2    party opponent in the scope of their employment.  FRE 801(d)(2).  Plaintiffs are

3    not introducing the statements by the declarant and other inmates that they did

4    not have a stick for its truth, but merely to show how events unfolded.

5        **Paragraph 6:** The fourth and fifth sentence is vague, ambiguous,

6    conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

7        **Plaintiffs' Responses**

8        1.    Foundation  Most of the paragraph is the declarant's description of

9    things that were said to him and things he saw, so he has personal knowledge of

10   them.  The statement that he knew that the deputies were about to search his cell

11   is based on his experience in MCJ.  Moreover, its admission is harmless since

12   the declarant testifies later that the deputies did indeed search his cell.

13       2.    Vague, Ambiguous, Conclusory

14        Defendants' vague, ambiguous and conclusory objections areunduly

15   vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

16   whether a statement is conclusory, and Defendants provide no explanation as to

17   why the objected to material is vague, ambiguous or conclusory, or how that

18   makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

19   arguments" and the court should summarily deny such objections as unduly

20   vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

21   defendant highlighted portions of each declaration with different colors

22   corresponding to different objections, and pink applied to "lack of personal

23   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

24   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

25   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

26   objections were provided with no explanation, "[t]he summary, vague nature of

27   these objections is grounds alone for the court to deny them").

28       **Paragraph 7:** This paragraph is irrelevant (Fed. R. Evid., Rules 401-403).

1    The assertions therein are also vague, ambiguous, conclusory, and lack

2    foundation (*see* Fed. R. Evid., Rules 601, 602).

3        **Plaintiffs' Responses**

4        1.    <u>Relevance</u>.  The paragraph is relevant because it relates to the fact

5    that the declarant was not disciplined for having a shaver when his cell was

6    searched, while (Robert, aka Mr. Dragusica) was.

7        2.    <u>Foundation</u>  The declarant is describing one of his experiences in

8    the jail (how he got the shaver), as well as jail policy with respect to shavers and

9    K-10s (of which he is one).  Thus, the paragraph is entirely within his personal

10   knowledge.

11       3.    <u>Vague, Ambiguous, Conclusory</u>

12        Defendants' vague, ambiguous and conclusory objections are unduly

13   vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

14   whether a statement is conclusory, and Defendants provide no explanation as to

15   why the objected to material is vague, ambiguous or conclusory, or how that

16   makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

17   arguments" and the court should summarily deny such objections as unduly

18   vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

19   defendant highlighted portions of each declaration with different colors

20   corresponding to different objections, and pink applied to "lack of personal

21   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

22   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

23   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

24   objections were provided with no explanation, "[t]he summary, vague nature of

25   these objections is grounds alone for the court to deny them").

26       **Paragraph 9:** This paragraph is irrelevant (Fed. R. Evid., Rules 401-403).

27   The second, third, fifth, sixth, and seventh sentence lacks foundation (*see* Fed. R.

28   Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.   <u>Relevance</u>  This paragraph is relevant because it relates to Mr. Dragusica's allegations that he did not have a shaver or razor in his cell and was retaliated against for talking with the ACLU by being falsely accused of having a shaver in his cell and being disciplined.  Here, the declarant testifies that the deputies must have taken the shaver from his cell because it was there before the search and not there after the search., and yet he was not disciplined   And, it is relevant because the deputies never stated that they found a razor or shaver in Mr. Dragusica's cell, which is the ordinary practice where contraband is found. However, Mr. Dragusica, whose declaration establishes that deputies had been harassing him for talking with the ACLU was punished for allegedly having a razor or shaver in his cell.

2.   <u>Foundation</u> In his paragraph the declarant talks about things he heard, things he saw (a deputy throw a shaver in the trash can) and an inference he made based on substantial circumstantial evidence that was in his personal knowledge (i.e., the deputies must have found the shaver in his cell because it was there before they searched his cell and not there when he returned to the cell after the search.

Paragraph 10: To the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

<u>Hearsay</u>  The statement by Deputy Newhouse to Robert (Dragusica) that he was going to the hole is not hearsay because it is a statement against interest of an agent of a party opponent acting in the scope of his employment.  FRE 801(d)(2).

**Paragraph 11:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules

1   801, 802).

2       1.      <u>Foundation</u> All the things the declarant testifies about in this

3   paragraph were either things that happened or did not happen to him (he was not

4   written up) or things he could observe from being on the row in MCJ.[1]

5       2.      <u>Vague, Ambiguous, Conclusory</u>

6       Defendants' vague, ambiguous and conclusory objections areunduly

7   vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

8   whether a statement is conclusory, and Defendants provide no explanation as to

9   why the objected to material is vague, ambiguous or conclusory, or how that

10  makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

11  arguments" and the court should summarily deny such objections as unduly

12  vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

13  defendant highlighted portions of each declaration with different colors

14  corresponding to different objections, and pink applied to "lack of personal

15  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

16  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

17  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

18  objections were provided with no explanation, "[t]he summary, vague nature of

19  these objections is grounds alone for the court to deny them").

20      3.      <u>Hearsay</u>  The statement by Deputy Newhouse to Deputy Rodriguez

21  that Rodriguez shouuld write up the declarant and the inmate in cell 13 is an

22  instruction, and thus cannot be introduced for the truth of the matter asserted.

23  *See, e.g.*, *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or

24  instruction is, by its nature, neither true nor false and thus cannot be offered for

25  its truth.").

26

27

28      [1] The only one that he might not have been able to observe – whether Mr. Dragusica actually went to the hole – would be harrmless to admit since Mr. Dragusica testifies to that fact in his declaration

118

1    **Paragraph 12:** The first sentence lacks foundation (*see* Fed. R. Evid.,

2    Rules 601, 602).

3    **Plaintiffs' Responses**

4    1.    <u>Foundation</u> The objection is frivolous, since as an inmate in a

5    particular row in a particular module, he can testify about the deputies' ordinary

6    practice for searching the cells on the row.

7    **Paragraph 13:** The seventh, eighth, ninth, and tenth sentence is not based

8    upon personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules 601,

9    602). Furthermore, to the extent the sixth sentence is offered to prove the truth of

10    the matter asserted, it is objected to on the grounds that it is inadmissible

11    hearsay. (Fed. R. Evid., Rules 801, 802).

12    1.    <u>Foundation</u> The objection is meritless since the declarant is capable

13    of testifying about what deputies do to people who talk to the ACLU based on

14    his own experience, and what he has observed deputies do to others on his row.

15    2.    <u>Hearsay</u> The statement by Deputy Avitia ("this must be the snith

16    line") is not introduced for its truth.  Moreover, even if it were, it is not hearsay

17    because it is a statement against interest by an agent of a party opponent in the

18    scope of his employment.  FRE 801(d)(2).

19    **Paragraph 14:** The assertions therein are also vague, ambiguous, conclusory,

20    and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

21    **Plaintiffs' Responses**

22    1.    <u>Foundation</u> The objection is meritless since the declarant is capable of

23    testifying about what he observed happen to Robert (Dragusica), his feeling

24    about it (it is not right) and its effect on him (motivating him to speak up about

25    it).

26    2.    <u>Vague, Ambiguous, Conclusory</u>

27    Defendants' vague, ambiguous and conclusory objections areunduly

28    vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

### OBJECTIONS TO THE DECLARATION OF INMATE ROBERT DRAGUSICA (DATED 6/25/2010)

**Paragraph 2:** The fourth and fifth sentence is vague, ambiguous, conclusory, and lacks foundation (Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.      Foundation Mr. Dragusica clearly has personal knowledge of how he is classified, that he is always escorted by a deputy, and that no one else is in his cell.

2.      Vague, Ambiguous, Conclusory

Defendants' vague, ambiguous and conclusory objections are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

1  defendant highlighted portions of each declaration with different colors

2  corresponding to different objections, and pink applied to "lack of personal

3  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

4  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

5  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

6  objections were provided with no explanation, "[t]he summary, vague nature of

7  these objections is grounds alone for the court to deny them").

8      **Paragraph 3:** The assertions therein are also vague, ambiguous, conclusory,

9  and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent

10 the paragraph is offered to prove the truth of the matter asserted, it is objected to on

11 the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

12     **Plaintiffs' Responses**

13     1.    <u>Foundation</u> – Mr. Dragusica has personal knowledge to testify about

14 what he has seen and what he has heard.

15     2.    <u>Vague, Ambiguous, Conclusory</u>

16     Defendants' vague, ambiguous and conclusory objections are unduly vague.

17 Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a

18 statement is conclusory, and Defendants provide no explanation as to why the

19 objected to material is vague, ambiguous or conclusory, or how that makes it

20 inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the

21 court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart,*

22 *Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions

23 of each declaration with different colors corresponding to different objections, and

24 pink applied to "lack of personal knowledge, no foundation, conclusory, speculative

25 or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

26 *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

27 (where boilerplate objections were provided with no explanation, "[t]he summary,

28 vague nature of these objections is grounds alone for the court to deny them").

3.    <u>Hearsay</u> – the rumors of beatings by deputies of inmates is not introduced for its truth but for its effect on Mr. Dragusica and the reasonableness of inmates fear of retaliation, which is a central issue in this motion.

**Paragraph 4:** The second sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.    <u>Foundation</u>   The foundation objection is frivolous.  Mr. Dragusica can clearly testify from personal knowledge about where he was housed, how his housing unit is laid out, and whom he saw in his housing module.

2.    <u>Vague, Ambiguous, Conclusory</u>

Defendants' vague, ambiguous and conclusory objections are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 5:** The first, second, third, and sixth sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

//

**Plaintiffs' Responses**

1      1.    <u>Foundation</u> Mr. Dragusica clearly has personal knowledge to know

2 who is housed in his module, whether a specific inmate was or was not housed

3 there, whether that inmate was wearing handcuffs when Mr. Dragusica saw him,

4 etc.

5      2.    <u>Vague, Ambiguous, Conclusory</u>

6      Defendants' vague, ambiguous and conclusory objections are unduly

7 vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

8 whether a statement is conclusory, and Defendants provide no explanation as to

9 why the objected to material is vague, ambiguous or conclusory, or how that

10 makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

11 arguments" and the court should summarily deny such objections as unduly

12 vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

13 defendant highlighted portions of each declaration with different colors

14 corresponding to different objections, and pink applied to "lack of personal

15 knowledge, no foundation, conclusory, speculative or inadmissible opinion");

16 *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

17 ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

18 objections were provided with no explanation, "[t]he summary, vague nature of

19 these objections is grounds alone for the court to deny them").

20    **Paragraph 6:** The assertions therein are also vague, ambiguous,

21 conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

22    **Plaintiffs' Responses**

23     1.    <u>Foundation</u> Mr. Dragusica can clearly testify from personal

24 knowledge about what he observed and the name of a prisoner in his module.

25     2.    <u>Vague, Ambiguous, Conclusory</u>

26     Defendants' vague, ambiguous and conclusory objections are unduly

27 vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

28 whether a statement is conclusory, and Defendants provide no explanation as to

why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

**Paragraph 7:** The assertions therein lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the first sentence and the last sentence are offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.   <u>Foundation</u>  Every one of the sentences except the last one are clearly within Mr. Dragusica's personal knowledge based on what he saw or heard on the module.  The last sentence is introduced solely for its relevance to prisoners' state of mind with regard to their fear of retaliation.

2.   <u>Vague, Ambiguous, Conclusory</u>

 Defendants' vague, ambiguous and conclusory objections are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

1  defendant highlighted portions of each declaration with different colors

2  corresponding to different objections, and pink applied to "lack of personal

3  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

4  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

5  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

6  objections were provided with no explanation, "[t]he summary, vague nature of

7  these objections is grounds alone for the court to deny them").

8       3.   <u>Hearsay</u> – the first objected to statement "Hold this for me" is an

9  instruction or order and thus cannot be admitted for its truth.  *See, e.g.*, *U.S. v.*

10  *Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is, by its

11  nature, neither true nor false and thus cannot be offered for its truth.").  The

12  statement in the last sentence is not introduced for its truth but  solely for its

13  relevance to prisoners' state of mind with regard to their fear of retaliation.

14      **Paragraph 8:** The assertions therein are also vague, ambiguous, conclusory,

15  and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent

16  the paragraph is offered to prove the truth of the matter asserted, it is objected to on

17  the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

18      **Plaintiffs' Responses**

19      1.    Foundation Mr. Dragusica clearly has personal knowledge of what he

20  has heard from other inmates.

21      2.   <u>Vague, Ambiguous, Conclusory</u>

22      Defendants' vague, ambiguous and conclusory objections are unduly vague.

23  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a

24  statement is conclusory, and Defendants provide no explanation as to why the

25  objected to material is vague, ambiguous or conclusory, or how that makes it

26  inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the

27  court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart,*

28  *Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions

of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.    <u>Hearsay</u> – What Mr. Dragusica has heard from other prisoners about deputies"setting up inmates" is not introduced for its truth but solely for its relevance to prisoners' state of mind with regard to their fear of retaliation by deputies.

**Paragraph 9:** The first, second, and third sentence is vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statement in this paragraph is offered to prove the truth of the matter asserted, it is objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.    <u>Foundation</u>  The foundation objection is frivolous.  Mr Dragusica is testifying about things he saw and he heard.  Thus, he has personal knowledge of them.

2.    <u>Vague, Ambiguous, Conclusory</u>

Defendants' vague, ambiguous and conclusory objections are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors

corresponding to different objections, and pink applied to "lack of personal

knowledge, no foundation, conclusory, speculative or inadmissible opinion");

*see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

objections were provided with no explanation, "[t]he summary, vague nature of

these objections is grounds alone for the court to deny them").

**Paragraph 10:** The assertions therein are also vague, ambiguous,

conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

1.    Foundation   The foundation objection is frivolous.  Mr Dragusica is

testifying about the identity of a deputy he knows because that deputy is

assigned to the module where he is housed..

2.    Vague, Ambiguous, Conclusory

Defendants' vague, ambiguous and conclusory objections are unduly

vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

whether a statement is conclusory, and Defendants provide no explanation as to

why the objected to material is vague, ambiguous or conclusory, or how that

makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

arguments" and the court should summarily deny such objections as unduly

vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

defendant highlighted portions of each declaration with different colors

corresponding to different objections, and pink applied to "lack of personal

knowledge, no foundation, conclusory, speculative or inadmissible opinion");

*see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

objections were provided with no explanation, "[t]he summary, vague nature of

these objections is grounds alone for the court to deny them").

**Paragraph 11:** The last sentence assumes facts not in evidence, is not

1  based upon personal knowledge and lacks foundation (*see* Fed. R. Evid., Rules

2  601, 602). Furthermore, to the extent the purported statements in this paragraph

3  are being offered to prove the truth of the matter asserted, they are objected to on

4  the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

5      **Plaintiffs' Responses**

6      1.      <u>Hearsay</u> One statement by a deputy is an order ("Make it look

7  real"), which cannot be introduced for its truth.  Thus, it is not hearsay.  *See, e.g.*,

8  *U.S. v. Shepherd*, 739 F.2d 510, 514 (8th Cir. 1984) ("An order or instruction is,

9  by its nature, neither true nor false and thus cannot be offered for its truth.").

10  The other statement by a deputy is admissible pursuant to FRE 801(d)(2)(D).

11      **Paragraph 12:** The assertions therein are vague, ambiguous, conclusory,

12  and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

13  extent the purported statements of unidentified inmates in this paragraph are

14  offered to prove the truth of the matter asserted, they are objected to on the

15  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

16      **Plaintiffs' Responses**

17      1.      <u>Foundation</u> The foundation objection is frivolous.  Mr Dragusica is

18  testifying about things he saw and he heard.  Thus, he has personal knowledge of

19  what he heard.

20      2.      <u>Vague, Ambiguous, Conclusory</u>

21       Defendants' vague, ambiguous and conclusory objections are unduly

22  vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

23  whether a statement is conclusory, and Defendants provide no explanation as to

24  why the objected to material is vague, ambiguous or conclusory, or how that

25  makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

26  arguments" and the court should summarily deny such objections as unduly

27  vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

28  defendant highlighted portions of each declaration with different colors

corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.     Hearsay – What Mr. Dragusica has heard from other prisoners about deputies' beating up an inmate is not introduced for its truth but solely for its relevance to prisoners' state of mind with regard to their fear of retaliation by deputies.

**Paragraph 13:** The assertions therein are vague, ambiguous, conclusory, not based upon personal knowledge and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the paragraph is offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses**

1.     Foundation   The foundation objection is frivolous.  Mr Dragusica is competent to testify that inmates are not able to open cell doors and that only deputies are able to do so, based on his personal experience as an inmate.  In the paragraph he also testifies about things he saw and he heard.  Thus, he has personal knowledge of what he heard.

2.     Vague, Ambiguous, Conclusory

 Defendants' vague, ambiguous and conclusory objections are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly

1  vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

2  defendant highlighted portions of each declaration with different colors

3  corresponding to different objections, and pink applied to "lack of personal

4  knowledge, no foundation, conclusory, speculative or inadmissible opinion");

5  *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

6  ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

7  objections were provided with no explanation, "[t]he summary, vague nature of

8  these objections is grounds alone for the court to deny them").

9        3.    <u>Hearsay</u> – What Mr. Dragusica has heard from other prisoners about

10  deputies' beating up an inmate is not introduced for its truth but solely for its

11  relevance to prisoners' state of mind with regard to their fear of retaliation by

12  deputies.

13        **Paragraph 14:** The assertions therein are also vague, ambiguous,

14  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

15        **Plaintiffs' Responses**

16        1.    <u>Foundation</u>  The foundation objection is meritless.  Mr Dragusica is

17  competent to testify about what he observed on his module.  He is also

18  competent to testify that K-10 inmates are not allowed to go unescorted or

19  without handcuffs outside their cells based on his own experience as a K-10 and

20  living in a module with other K-10's.

21        2.    <u>Vague, Ambiguous, Conclusory</u>

22        Defendants' vague, ambiguous and conclusory objections are unduly

23  vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

24  whether a statement is conclusory, and Defendants provide no explanation as to

25  why the objected to material is vague, ambiguous or conclusory, or how that

26  makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

27  arguments" and the court should summarily deny such objections as unduly

28  vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

1   defendant highlighted portions of each declaration with different colors

2   corresponding to different objections, and pink applied to "lack of personal

3   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

4   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

5   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

6   objections were provided with no explanation, "[t]he summary, vague nature of

7   these objections is grounds alone for the court to deny them").

8       **Paragraph 15:** The assertions therein are also vague, ambiguous,

9   conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

10      Plaintiffs' Responses – All Defendants' objections are meritless.

11  Dragusica is competent to testify about an incident *he witnessed*, and there is

12  nothing vague, conclusory or ambiguous about his description.

13      **Paragraph 16:** The assertions therein are also vague, ambiguous,

14  conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

15      Plaintiffs' Responses – Defendants' foundation and vague, etc. objections

16  are meritless.  Dragusica is competent to testify about an incident *he witnessed* ,

17  and there is nothing vague, conclusory or ambiguous about his description.  To

18  the extent that Dragusica testifies about what he thinks deputies can see, that

19  testimony is permissible because it is based on his knowledge of the module and

20  where the deputies are located.  Any uncerainty goes to the testimony's weight,

21  not admissibility.

22      His description of the events described is perfectly clear.  Thus, even if

23  vague, ambiguous or conclusory were valid objections, they would be meritless

24  here.

25      **Paragraph 17:** The assertions therein lack foundation (*see* Fed. R. Evid.,

26  Rules 601, 602). Furthermore, to the extent the statements in this paragraph are

27  being offered to prove the truth of the matter asserted, they are objected to on the

28  grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Responses** –

1.      <u>Foundation and Vagueness, etc.</u> Defendants' objections are meritless.  Dragusica is competent to testify about what he heard a deputy say to an inmate in his module, and there is nothing vague, conclusory or ambiguous about his description.

2.      <u>Hearsay</u> The statement "you better shut up or I am going to slap the shit out of you" is admissible as a statement against interest by an agent of a party opponent in the scope of his employment.  See FRE 801(d)(2)(D). Moreover, it is also admissible not for its truth, but for its effect on prisoners and whether they have a reasonable fear of retaliation from deputies.

**Paragraph 18:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

Defendants' foundation and vagueness, etc. objections are meritless. Dragusica is competent to testify about an incident whether he knows a certain deputy and a certain inmate, how he knows them, etc.  His description in the paragraph is perfectly clear.  Thus, even if vague, ambiguous or conclusory were valid objections, they would be meritless here.

**Paragraph 19:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

Defendants' foundation and vagueness, etc. objections are meritless. Dragusica is competent to testify about an incident he witnessed.  His description in the paragraph is perfectly clear.  Thus, even if vague, ambiguous or conclusory were valid objections, they would be meritless here.

**Paragraph 20:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses**

Defendants' foundation and vagueness, etc. objections are meritless. Dragusica is competent to testify about what he sees in the jails.  His description in the paragraph is perfectly clear.  Thus, even if vague, ambiguous or conclusory were valid objections, they would be meritless here.

**Paragraph 21:** The first, second, sixth, and seventh sentence is not based upon personal knowledge and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

Plaintiffs' Responses  Mr. Dragusica is competent to testify about what happens in his module, the choices that deputies give the inmates on his module, and the responses of inmates to those choices.  His description in the paragraph is perfectly clear.  Thus, even if vague, ambiguous or conclusory were valid objections, they would be meritless here.

**Paragraph 22:** The assertions therein are also vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602).

**Plaintiffs' Responses** – Mr. Dragusica is competent to testify about whether there are complaint forms in the boxes in the module where he lives. His statement about the lack of complaint forms in the paragraph is perfectly clear.  Thus, even if vague, ambiguous or conclusory were valid objections, they would be meritless here.

**OBJECTIONS TO THE DECLARATION OF LISA MA**

**Paragraph 2:** The third sentence in this paragraph is irrelevant (Fed. R. Evid., Rules 401-403).

**Plaintiffs' Response**

Relevance  The relevance objection is silly since Plaintiffs are entitled to present basic identifying information to the Court about the declarant.

**Paragraph 3:** The assertions therein are vague, ambiguous, conclusory,

1   and lack foundation (*see* Fed. R. Evid., Rules 601, 602). The reference to a "list"

2   lacks foundation and is not properly authenticated (*see* Fed. R. Evid., Rules 601,

3   602 and 902).

4   **Plaintiffs' Response**

5   1.   Foundation Ms. Ma has personal knowledge to testify about the

6   details of a jails visit she made and a document that she reviewed.

7   2.   Vague, Ambiguous, Conclusory

8   Defendants' vague, ambiguous and conclusory objections areunduly

9   vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

10   whether a statement is conclusory, and Defendants provide no explanation as to

11   why the objected to material is vague, ambiguous or conclusory, or how that

12   makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

13   arguments" and the court should summarily deny such objections as unduly

14   vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

15   defendant highlighted portions of each declaration with different colors

16   corresponding to different objections, and pink applied to "lack of personal

17   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

18   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

19   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

20   objections were provided with no explanation, "[t]he summary, vague nature of

21   these objections is grounds alone for the court to deny them").

22   3.   Authentication Plaintiffs are not introducing a document in

23   evidence, therefore the authentication requirement does not apply.

24   **Paragraph 4:** The assertions therein are vague, ambiguous, conclusory,

25   and lack foundation (*see* Fed. R. Evid., Rules 601, 602).  Furthermore, to the

26   extent the paragraph is offered to prove the truth of the matter asserted, it is

27   objected to on the grounds that it is inadmissible hearsay. (Fed. R. Evid., Rules

28   801, 802).

**Plaintiffs' Response**

1.      <u>Foundation</u>  Ms. Ma has personal knowledge to testify about a visit with a prisoner that she had, as well as what the prisoner told her and what she told the prisoner

2.      <u>Vague, Ambiguous, Conclusory</u>

Defendants' vague, ambiguous and conclusory objections are unduly vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a statement is conclusory, and Defendants provide no explanation as to why the objected to material is vague, ambiguous or conclusory, or how that makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions of each declaration with different colors corresponding to different objections, and pink applied to "lack of personal knowledge, no foundation, conclusory, speculative or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them").

3.      <u>Hearsay</u>  Plaintiffs are not introducing Ms. Ma recounting of Mr. Dragusica's statements for their truth but as evidence of prisoners' fear of retaliation, which is the central issue on this motion.

**Paragraph 6:** The assertions therein are vague, ambiguous, conclusory, and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the extent the purported statements in this paragraph are being offered to prove the truth of the matter asserted, they are objected to on the grounds that they are inadmissible hearsay. (Fed. R. Evid., Rules 801, 802).

**Plaintiffs' Response**

1      1.    <u>Foundation</u> – Ms. Ma is merely recounting things she did or heard;

2    thus, she has personal knowledge of all of it.

3      2.    <u>Vague, Ambiguous, Conclusory</u>

4     Defendants' vague, ambiguous and conclusory objections are unduly

5    vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

6    whether a statement is conclusory, and Defendants provide no explanation as to

7    why the objected to material is vague, ambiguous or conclusory, or how that

8    makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

9    arguments" and the court should summarily deny such objections as unduly

10    vague. *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

11    defendant highlighted portions of each declaration with different colors

12    corresponding to different objections, and pink applied to "lack of personal

13    knowledge, no foundation, conclusory, speculative or inadmissible opinion");

14    *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

15    ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

16    objections were provided with no explanation, "[t]he summary, vague nature of

17    these objections is grounds alone for the court to deny them").

18      3.    <u>Hearsay</u> – Plaintiffs are not introducing Ms. Ma's recounting of Mr.

19    Dragusica's statements for their truth but as evidence of prisoners' fear of

20    retaliation, which is the central issue on this motion.  Mr. Dragusica's statements

21    also relate to his state of mind, and thus is admissible under FRE 803(3).  As for

22    the deputies' statements, one is a question, which cannot be introduced for its

23    truth, and the other (their harassing statements) are not introduced for their truth,

24    but instead for its relevance to prisoners' fear of retaliation.

25    **Paragraph 7:** The assertions therein are vague, ambiguous, conclusory,

26    and lack foundation (*see* Fed. R. Evid., Rules 601, 602). Furthermore, to the

27    extent the statements in this paragraph are being offered to prove the truth of the

28    matter asserted, they are objected to on the grounds that they are inadmissible

1    hearsay. (Fed. R. Evid., Rules 801, 802).

2    **Plaintiffs' Response**

3         1.    <u>Foundation</u> Ms. Ma has personal knowledge to testify about a

4    meeting she had with Mr. Dragusica and what he told her.

5         2.    <u>Vague, Ambiguous, Conclusory</u>

6         Defendants' vague, ambiguous and conclusory objections areunduly

7    vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

8    whether a statement is conclusory, and Defendants provide no explanation as to

9    why the objected to material is vague, ambiguous or conclusory, or how that

10   makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

11   arguments" and the court should summarily deny such objections as unduly

12   vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

13   defendant highlighted portions of each declaration with different colors

14   corresponding to different objections, and pink applied to "lack of personal

15   knowledge, no foundation, conclusory, speculative or inadmissible opinion");

16   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

17   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

18   objections were provided with no explanation, "[t]he summary, vague nature of

19   these objections is grounds alone for the court to deny them").

20        3.    <u>Hearsay</u> – Plaintiffs are not introducing Ms. Ma's recounting of Mr.

21   Dragusica's statements for their truth but as evidence of prisoners' fear of

22   retaliation, which is the central issue on this motion.  Mr. Dragusica's statements

23   also relate to his state of mind, and thus is admissible under FRE 803(3).

24        **Paragraph 8:** The assertions therein are vague, ambiguous, conclusory, and

25   lack foundation (*see* Fed. R. Evid., Rules 601, 602). The reference to an "Inmate /

26   Jails Intake database" lacks foundation, is not properly authenticated, and is not the

27   best evidence (*see* Fed. R. Evid., Rules 601, 602, 902, 1001-1008).

28        **Plaintiffs' Response**

1      1.      <u>Foundation</u>  Ms. Ma clearly has personal knowledge to describe what
2  she did and what she wrote in an ACLU log.

3      2.      <u>Vague, Ambiguous, Conclusory</u>

4       Defendants' vague, ambiguous and conclusory objections areunduly vague.
5  Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a
6  statement is conclusory, and Defendants provide no explanation as to why the
7  objected to material is vague, ambiguous or conclusory, or how that makes it
8  inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the
9  court should summarily deny such objections as unduly vague. *Dukes v. Wal-Mart,*
10 *Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions
11 of each declaration with different colors corresponding to different objections, and
12 pink applied to "lack of personal knowledge, no foundation, conclusory, speculative
13 or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*
14 *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)
15 (where boilerplate objections were provided with no explanation, "[t]he summary,
16 vague nature of these objections is grounds alone for the court to deny them").

17     3.      <u>Authentication</u>  Plaintiffs are not introducing the ACLU database,
18 therefore the authentication requirement is irrelevant.

19     **Paragraph 9:** The assertions therein are vague, ambiguous, conclusory, and
20 lack foundation (*see* Fed. R. Evid., Rules 601, 602). The reference to an "Inmate /
21 Jails Intake database" lacks foundation, is not properly authenticated, and is not the
22 best evidence (*see* Fed. R. Evid., Rules 601, 602, 902, 1001-1008).

23     **Plaintiffs' Response**

24     1.      <u>Foundation</u> Ms. Ma clearly has personal knowledge to testify about
25 what Mr. Dragusica told him and what she wrote.

26     2.      <u>Vague, Ambiguous, Conclusory</u>

27      Defendants' vague, ambiguous and conclusory objections areunduly vague.
28 Rules 601 and 602 do not directly address vagueness, ambiguity, or whether a

1   statement is conclusory, and Defendants provide no explanation as to why the

2   objected to material is vague, ambiguous or conclusory, or how that makes it

3   inadmissible.  "[I]t is not the Court's role to divine Defendant's arguments" and the

4   court should summarily deny such objections as unduly vague.  *Dukes v. Wal-Mart,*

5   *Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where defendant highlighted portions

6   of each declaration with different colors corresponding to different objections, and

7   pink applied to "lack of personal knowledge, no foundation, conclusory, speculative

8   or inadmissible opinion"); *see also Californians for Disability Rights, Inc. v. Cal.*

9   *Dept. of Transportation* ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008)

10  (where boilerplate objections were provided with no explanation, "[t]he summary,

11  vague nature of these objections is grounds alone for the court to deny them").

12      3.   Authentication   Plaintiffs are not introducing the actual ACLU

13  database, nor what Ms Ma wrote in it, therefore the authentication requirement is

14  irrelevant.

15      4.   Best Evidence  To the extent there is a best evidence problem, the

16  introduction of this evidence is harmless, since Ms. Ma also testifies directly about

17  what Mr. Dragusica told her about his fear of retaliation.   That statement is

18  admissible as state of mine evidence, which is admissible under FRE 803(3).

19  **Paragraph 10:** The assertions therein are vague, ambiguous, conclusory, and

20  lack foundation (*see* Fed. R. Evid., Rules 601, 602). The reference to a "record

21  number" in the "Inmate / Jails Intake database" lacks foundation, is not properly

22  authenticated, and is not the best evidence (*see* Fed. R. Evid., Rules 601, 602,

23  902, 1001-1008).

24  **Plaintiffs' Response**

25  1.   Foundation Ms. Ma clearly has personal knowledge to testify about what

26  she wrote.

27  2.   Vague, Ambiguous, Conclusory

28      Defendants' vague, ambiguous and conclusory objections are unduly

1    vague.  Rules 601 and 602 do not directly address vagueness, ambiguity, or

2    whether a statement is conclusory, and Defendants provide no explanation as to

3    why the objected to material is vague, ambiguous or conclusory, or how that

4    makes it inadmissible.  "[I]t is not the Court's role to divine Defendant's

5    arguments" and the court should summarily deny such objections as unduly

6    vague.  *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (where

7    defendant highlighted portions of each declaration with different colors

8    corresponding to different objections, and pink applied to "lack of personal

9    knowledge, no foundation, conclusory, speculative or inadmissible opinion");

10   *see also Californians for Disability Rights, Inc. v. Cal. Dept. of Transportation*

11   ("CALTRANS"), 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where boilerplate

12   objections were provided with no explanation, "[t]he summary, vague nature of

13   these objections is grounds alone for the court to deny them").

14   3.    Authentication  Plaintiffs are not introducing the actual ACLU database,

15   nor what Ms Ma wrote in it, therefore the authentication requirement is

16   irrelevant.

17   November 22, 2010                    Respectfully Submitted,

18

19                                        ACLU Foundation of Southern
                                          California
20
                                          ACLU National Prison Project
21

22                                        Disability Rights California

23                                        Bingham McCutcheon, LLP

24

25                                        By: s/ Peter Eliasberg

26
                                          Peter Eliasberg
27                                        ACLU Foundation of Southern California

28                                        Attorney for Plaintiffs

                                      140