MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
JESSICA G. PRICE
jprice@aclu-sc.org
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone:  (213) 977-9500
Facsimile:  (213) 977-5297

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs
(continued on next page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al, | Case No.  Civ. 75-04111-DDP |
| Plaintiffs, | **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CHIEF BURNS** |
| v. | |
| LEROY BACA, et al., | |
| Defendants. | |

MELINDA BIRD, SBN 102236
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone:  (213) 355-3605
Facsimile:  (213) 427-8767

Bingham McCutchen LLP
STEPHEN D. ALEXANDER (SBN 141099)
stephen.alexander@bingham.com
JENNIFER B. MIKOLEVINE (SBN 236745)
jennifer.mikolevine@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California  90071-1560
Telephone:  (213) 680-6400
Facsimile:  (213) 680-6499

Bingham McCutchen LLP
STACY W. HARRISON, SBN 175028
stacy.harrison@bingham.com
1620 26th Street
4th Floor, Main Tower
Santa Monica, California 90404
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

1    Plaintiffs hereby objects to the following evidence submitted by Defendants

2 in connection with their Opposition to Motion for Protective Order and move to

3 strike this evidence on the grounds specified below.

4 **OBJECTIONS TO THE DECLARATION OF CHIEF DENNIS BURNS**

5    Plaintiffs generally object to the Declaration of Dennis Burns, dated

6 November 5, 2010, and filed in *Rutherford v. Block*, *et al.,* 75-94111 (C.D. Cal.).

7 Burns states that Plaintiffs' allegations of retaliation are unfounded.  Burns's

8 statements are inadmissible because they are based either on either an oral

9 report(s) by LASD officers to Chief Burns about the results of these investigations

10 or upon Chief Burns's review of the written investigative reports. His summary of

11 either the oral statements to him about the results of the investigation or the

12 written investigative reports upon are hearsay not falling within any exception

13 (FRE 801, 802, 803, 804, 805).  Burns statements are also therefore speculative

14 because they are not based on personal knowledge.  At most, they are based on

15 reports from other officers about their responses to allegations of retaliation or

16 reports Burns read. Accordingly, the Court should not admit them as evidence not

17 only for these reasons, but also for the other specific reasons enumerated below.

18    **Paragraph 3,**      **Lines 24-25, 28-1:** "every allegation of retaliation at

19 issue in this Motion that the Department has investigated has been determined to

20 be without merit. . . none of the Department's investigations have revealed any

21 retaliation against inmates."  This statement is based on hearsay.  Whether the

22 allegations have been determined to be without merit is based on out-of-court

23 statements in a non-public investigative report or an oral report(s) by LASD

24 officers to Chief Burns about the results of these investigations, offered to prove

25 the truth of the matter asserted.  Such statements are hearsay not subject to any

26 exception. (FRE802, 803, 804).  If the statements are based on written

27 investigative reports, such reports are not a public record pursuant to Fed. R. Evid.

28 803(c)(8).  Moreover, even if the reports were a public record – and they are not –

subject to the hearsay exception, Defendants do not offer evidence of factors
which may be of assistance in passing upon the admissibility of evaluative reports,
including the timeliness of the investigation, the special skills of the officer
conducting the investigation, whether a hearing was held, and possible motivation
problems. Fed. R. Evid. 803 advisory committee's notes.

**Paragraph 3,**      **Lines 26-28:** "the Department takes allegations of
retaliation and other deputy misconduct extremely seriously and such claims are
always thoroughly investigated."  Although the declarant states that he has
reviewed and/or participated in hundreds of investigations, the declarant lacks
personal knowledge as he can not assert that he is always involved in the
investigation of allegations of retaliation. (FRE 601, 602).  To the extent this
statement is based upon non-public investigations in which he did not participate,
but has only reviewed, the statement is based upon hearsay not falling within any
exception. (FRE802, 803, 804).

**Paragraph 10:**  The statements in this paragraph rely on the findings of a
non-public internal investigation of the Department to suggest that the retaliation
allegations are without merit. However, such findings are hearsay.  Federal Rule of
Evidence 803(8) exempts from hearsay the factual findings of public agencies
resulting from any investigation.  This Rule applies only to public records and
reports. *Id.*  The investigation upon which Dennis Burns relies was not public.
Even if the investigation was public, Rule 803(8)(C) "assumes admissibility in the
first instance but with ample provision for escape if sufficient negative factors are
present." Fed. R. Evid. 803(8) advisory committee's note.  A nonexhaustive list of
indicators of trustworthiness includes "(1) the timeliness of the investigation, (2)
the special skill or experience of the official, (3) whether a hearing was held and
the level at which [it was] conducted, and (4) possible motivation problems." *Id.*
Where the investigation was not made public, none of these indicators can be
evaluated appropriately.  There is no opportunity for Plaintiffs to contest the

2

factual foundation for the report to determine whether "the sources of information or other circumstances indicate lack of trustworthiness" pursuant to Rule 803. There is no opportunity for the court to conclude that the report does or does not have the inherit lack of trustworthiness associated with hearsay (FRE 801, 802, 803, 804).  Moreover, there is no allegation or evidence that Dennis Burns participated in or had firsthand knowledge of the investigations cited.  There is no allegation that Dennis Burns was present, or observed, or had personal knowledge of interactions between the named inmates and Department employees (FRE 602).

**Paragraph 12:** Dennis Burns's statement that the ACLU failed to provide details in its reports of retaliation are based on hearsay not within any exception (FRE 801, 802, 803, 804).  Dennis Burns does not assert that he participated in any of these investigations, therefore these statements are not rationally based on his perception (FRE 701), and he lacks personal knowledge (FRE 602).

**Paragraph 13, 14, 16:** Statements regarding the Department's conclusions derived from its internal investigations are hearsay with no independent indicators that such conclusions are reliable.  As Dennis Burns states, the details of the investigations have not been disclosed.  As discussed above, the findings of such an investigation are hearsay not subject to any exception (FRE 801, 802, 803, 804).

**Paragraph 18:** The declarant relies upon an ICIB investigation that concluded that Mr. Schubert's allegations lack probable cause.  Dennis Burns does not indicate whether he was present, or observed, or had personal knowledge of Mr. Schubert's claims (FRE 602).  Nor does he indicate the level of experience of the official that conducted the investigation, and whether a hearing was held.  The conclusions of the investigation constitute hearsay, and with no information about who conducted the investigation, or whether Dennis Burns participated in the investigation, such findings lack any indicia of reliability (FRE 801, 802, 803, 804).

1    **Paragraphs 19, 20, 22:** The declarant lacks personal knowledge (FRE 601).

2    Dennis Burns does not indicate that he has any basis for knowledge of whether the

3    inmate claims are inconsistent and what was revealed during their interviews.

4    Further, the interviews are hearsay not subject to any exception (FRE 801, 802,

5    803, 804).

6    **Paragraph 25, Lines 18-19:** "would cause deputies to hesitate in

7    performing their duties for fear of an inmate claiming retaliation against them."

8    The declarant lacks personal knowledge as there is no indication that he is aware

9    of the consequences of the proposed oversight of retaliation allegations (FRE

10   602).  There is no allegation that he has been subject to such oversight before, or

11   that he is aware that deputies intend to hesitate in the event such oversight

12   mechanisms are implemented.  Therefore, such statements are speculative and lack

13   foundation under FRE 602.

14   November 22, 2010                         Respectfully Submitted,

16                                             ACLU Foundation of Southern
                                              California

17                                             ACLU National Prison Project

19                                             Disability Rights California

20                                             Bingham McCutcheon, LLP

22                                             By: s/ Jessica G. Price

23                                             Jessica G. Price
                                              ACLU Foundation of Southern California
24                                             Attorney for Plaintiffs

4