1  MARK D. ROSENBAUM (SBN 59940)
   mrosenbaum@aclu-sc.org
2  PETER ELIASBERG (SBN 189110)
   peliasberg@aclu-sc.org
3  ACLU Foundation of Southern California
   1313 W. 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-9500
5  Facsimile: (213) 977-5297

6  MARGARET WINTER
   mwinter@npp-aclu.org
7  ERIC G. BALABAN*
   ebalaban@nnp-aclu.org
8  National Prison Project of the ACLU
   915 15th Street NW, 7th Floor
9  Washington, D.C. 20005
   Telephone: (202) 393-4930
10 Facsimile: (202) 393-4931
   *Not admitted in D.C.; practice limited to
11 federal courts

12 Attorneys for Plaintiffs
   DENNIS RUTHERFORD, ET AL.
13 (continued on next page)

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16                      WESTERN DIVISION

18 | DENNIS RUTHERFORD, et al. | **Case No. CV 75-04111 DDP**
19 | Plaintiffs, | **PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL MEMORANDUM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
20 | v. |
21 | LEROY BACA, as Sheriff of the County of Los Angeles, MICHAEL D. ANTONOVICH, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles, et al. |
22 | | Date: December 6, 2010
23 | | Time: 10:00 a.m.
   | | Judge: Hon. Dean D. Pregerson
24 | | Place: Courtroom 3
25 | Defendants. |

A/73576993.1

MELINDA BIRD (SBN 102236)
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone: (213) 355-3605
Facsimile: (213) 427-8767

Bingham McCutchen LLP
STEPHEN D. ALEXANDER (SBN 141099)
stephen.alexander@bingham.com
JENNIFER B. MIKOLEVINE (SBN 236745)
jennifer.mikolevine@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-1560
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Bingham McCutchen LLP
STACY W. HARRISON (SBN 175028)
stacy.harrison@bingham.com
1620 26th Street
4th Floor, Main Tower
Santa Monica, California 90404
Telephone: (310) 907-1000

Pursuant to the Court's inherent authority, Plaintiffs Dennis Rutherford, et al. ("Plaintiffs") through the undersigned counsel, hereby move to strike the Supplemental Memorandum filed on November 22, 2010 by Defendants Leroy Baca, et al. ("Defendants") (Docket No. 255) on the grounds it violates this Court's November 9, 2010 Order.

WHEREFORE, for the reason stated above and in the accompanying memorandum of points and authorities, and for such other reasons as may appear to the Court, Plaintiffs respectfully request that this Motion be granted and that the Court strike Defendants' Supplemental Memorandum.

## I.  INTRODUCTION

Defendants' Supplemental Memorandum Regarding Plaintiffs' Motion To Compel Further Responses To First Set Of Requests For Production of Documents ("Defendants' Supplemental Memorandum") violates this Court's Order. Accordingly, it should be stricken.

## II.  ARGUMENT

### A.  Defendants' Supplemental Memorandum Violates This Court's Order

The parties' Joint Stipulation Regarding Plaintiffs' Motion To Compel Responses To First Set Of Requests For Production Of Documents ("Joint Stipulation") was filed on October 28, 2010. Docket No. 232. Because Defendants' Joint Stipulation portion contained newly-raised objections and arguments, including those related to the *ACLU v. Pitchess* case, Plaintiffs requested Defendants stipulate to extend the five-page Supplemental Memorandum provided under L.R. 37-2.3 to fifteen pages. Declaration of Jennifer MikoLevine ("MikoLevine Decl."), ¶2. Defendants refused Plaintiffs' request without explanation, agreeing to allow Plaintiffs only a ten-page brief and then only if Defendants were also allowed an extra ten pages. MikoLevine Decl., ¶3. The parties entered into a stipulation to that effect, which the Court entered as an order on November 9, 2010. Docket No.

246.

Defendants proceeded to file an eleven-page Supplemental Memorandum (Docket No. 255) in violation of the Stipulation and the November 9 Order.[1] Plaintiffs, who had spent significant time in paring down to ten pages their response to Defendants' belated new arguments, are prejudiced by Defendants' conduct in ignoring the ten-page limit on which they themselves had insisted. Their Supplemental Memorandum should therefore be stricken pursuant to this Motion or upon the Court's initiative. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("[a] federal court [has] inherent authority to manage its docket and maintain proper decorum"); *Mazzeo v. Gibbins*, Case No. 2:08-cv-01387, 2010 U.S. Dist. LEXIS 105798, at *8 (D. Nev. Sept. 30, 2010) (citing *Spurlock* and stating district court has inherent power to strike a party's improper filings). *See also Stewart v. Central Arizona Correction Facility*, No. CV-09-0674, 2010 U.S. Dist. LEXIS 70941, at *4 (D. Az. July 14, 2010) (discussing case's procedural posture whereby magistrate judge had granted defendants' motion to strike *pro se* plaintiff's response to summary judgment motion on grounds it was untimely and exceeded page limitation under local rules). *See generally Walker v. Artisan Mortgage, LLC*, No. CV-08-0106, 2008 U.S. Dist. LEXIS 110072, at * 2 (D. Az. May 9, 2008) (rejecting defendants' twenty-page motion to dismiss and plaintiffs' fifty-page response where page limitation under local rules was seventeen pages).

### III. CONCLUSION

Because Defendants' Supplemental Memorandum directly violated this Court's November 9, 2010 Order, Plaintiffs respectfully request that the Court

---

[1] Defendants' eleven-page Supplemental Memorandum also violates the Local Rule requiring any memorandum exceeding ten pages to include a Table of Contents and Table of Authorities. L.R. 11-8. It should also be noted Defendants used the extra page to add new arguments regarding the "self-critical analysis privilege" (at 4-5) and the jail master plan (at 10) that had not been made in the Joint Stipulation.

grant this Motion to Strike or *sua sponte* strike Defendants' Supplemental Memorandum.

Respectfully submitted,

DATED: December 1, 2010

ACLU Foundation of Southern California
ACLU National Prison Project
Disability Rights California
Bingham McCutchen LLP

By: /s/ Jennifer B. MikoLevine
Jennifer B. MikoLevine
Bingham McCutchen LLP
Attorneys for Plaintiffs