PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
MATTHEW P. ALLEN, State Bar No. 265118
mpa@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' OBJECTION TO AND REQUEST TO STRIKE PLAINTIFFS' SUPPLEMENTAL MEMORANDUMS AND SUPPORTING PAPERS AND DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE RE: PLAINTIFFS' MOTION TO COMPEL RESPONES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |
| | **[Local Rule 37-2.3]** |
| | Date: December 6, 2010<br>Time: 10:00 a.m.<br>Crtrm: 3 |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///

///

1

RUTHERFORD\Request to Strike

Defendants Sherman Block et al. (collectively, "Defendants") hereby object to and request that the Court strike Plaintiffs' Supplemental Memorandums and related papers ("the subject papers") in Support of Plaintiffs' Motion to Compel Responses to the First Set of Requests for Production of Documents. As set forth below, good cause exists for the Court to either strike the subject papers or decline to consider them based on blatant violations of agreements between the parties and Central District of California Local Rules.

On October 28, 2010, Plaintiffs' filed a motion to compel responses to their first set of post-judgment discovery. (*See*, Docket Nos. 231 – 240.) In response to a request from Plaintiffs' counsel, the parties stipulated to an extension of the 5-page limitation set by the Local Rules for supplemental memorandums. (*See*, Docket No. 246.) Importantly, the parties only stipulated to a 5-page extension meaning, each side could only properly file 10 additional pages. (*Id*.)

On November 22, 2010, pursuant to the parties agreement and after significant time and energy spent condensing Defendants supplemental briefing to comply with the 10-page limit, Defendants filed their supplemental memorandum. (*See*, Docket No. 251.) Plaintiffs too, filed supplemental papers on November 22, 2010; however, Plaintiffs violated the page limitation the parties agreed to by first, submitting more than 250 pages of materials in the form of a memorandum, a request for judicial notice, and a declaration from Plaintiffs' counsel. (*See*, Docket Nos. 252 – Request for Judicial Notice, 154 pages; Docket No. 253 – MikoLevine Declaration, 93 pages.) In addition, Plaintiffs' memorandum itself violates the page extension the parties agreed to as it contains a footnote that is 28 lines in a 12 point font (as well as nine other footnotes); which would take up more than a page if properly sized and double spaced.[1]

---

[1] In fact, Plaintiffs' Supplemental Memorandum contains no less than 10 footnotes in a 10-page document which was clearly designed to skirt the page limitation especially when the contents of the footnotes is examined.

2

RUTHERFORD\Request to Strike

Based on the above, the Court should use its inherent power to control its own docket to strike Plaintiffs' Supplemental Memorandum as well as the other documents filed in support of this Memorandum, including their Request for Judicial Notice (with exhibits), and the Declaration of Jennifer B. Mikolevine.[2]

///
///
///

---

[2] At the time this documents is being finalized, Plaintiffs filed a Motion to Strike Defendants supplemental memorandum on the grounds that Defendants' memorandum is 11-pages long. (*See*, Docket No. 259, 260.)  First, it would seem that this is a clear case of the pot calling the kettle black and Plaintiffs' contention that the Court should strike Defendants' memorandum is frankly, ridiculous. Second, Defendants memorandum actually does not violate the 10-page limitation because various formatting gaps (designed to make the document easier to read and to avoid having point headings appear at the bottom of page) resulted in text appearing on an 11th page; however, Defendants could have easily crammed the text together to make it fit onto 10-pages, but elected instead to make the document easier to read for the Court.  Quite frankly, given Plaintiffs absolutely egregious violation of the 10-page limit, Defendants can hardly believe that Plaintiffs would ask the Court to strike Defendants' memorandum because a single paragraph and signature block appears on an 11th page.  Instead, the Court should strike Plaintiffs' supplemental memorandum and related papers and not strike Defendants' 10-page memorandum.  Simply because Defendants' memorandum includes a "page 11", does not mean it includes more than 10 pages of text.

RUTHERFORD\Request to Strike

In the alternative, the Court should decline to consider Plaintiffs' supplemental memorandum and all supporting papers based. Defendants respectfully request that the Court rule on this objection at the hearing on Plaintiffs' Motion to Compel set for December 6, 2010.

Dated: December 1, 2010         LAWRENCE BEACH ALLEN & CHOI, PC

By  /s/ Justin W. Clark
   Justin W. Clark
   Matthew P. Allen
   Attorneys for Defendants
   Defendants Sherman Block, et al.