MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
JESSICA G. PRICE
jprice@aclu-sc.org
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone:  (213) 977-9500
Facsimile:  (213) 977-5297

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs
(continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>LEROY BACA, et al., <br><br>　　　　Defendants. <br>_____ | Case No.  Civ. 75-04111-DDP <br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR A SCHEDULING CONFERENCE AND SCHEDULING ORDER ON PLAINTIFFS' PROPOSED MOTION TO COMPEL COMPLIANCE WITH THE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |

MELINDA BIRD, SBN 102236
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone: (213) 355-3605
Facsimile: (213) 427-8767

Bingham McCutchen LLP
STEPHEN D. ALEXANDER (SBN 141099)
stephen.alexander@bingham.com
JENNIFER B. MIKOLEVINE (SBN 236745)
jennifer.mikolevine@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-1560
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Bingham McCutchen LLP
STACY W. HARRISON, SBN 175028
stacy.harrison@bingham.com
1620 26th Street
4th Floor, Main Tower
Santa Monica, California 90404
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

**TO DEFENDANTS-RESPONDENTS AND THEIR COUNSEL OF RECORD**

Pursuant to Local Rule 7-19, Plaintiffs hereby apply ex parte for a scheduling conference and scheduling order on Plaintiffs' proposed motion to compel compliance with the judgment in *Rutherford* .

This application is based on Plaintiffs' memorandum of points and authorities filed with this application; the declaration of Peter J. Eliasberg filed with this application; and such other and further evidence and argument as may be presented to the Court on this application. Plaintiffs gave notice of this Ex Parte Application to opposing counsel via e-mail on Wednesday, December 14, 2009. Eliasberg Decl. ¶ 2 & Exhibit . In a subsequent telephone conversation, ounsel for Defendants, Paul Beach, stated that Defendants would oppose the Ex Parte application. *Id.* at ¶ 3.

The address and contact information for defense counsel in this case is as follows:

**For Defendants:**
Paul Beach, *pbeach@lbaclaw.com*
Lawrence Beach Allen & Choi PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR SCHEDULING ORDER ON PROPOSED MOTION TO COMPEL COMPLIANCE WITH JUDGMENT**

1. Plaintiffs intend to move for enforcement of the judgment in *Rutherford* as modified by later orders, and request an evidentiary hearing to prove that overcrowding at Men's Central Jail is denying them their rights under the 14th amendment to (1) adequate mental health treatment, (2) adequate sanitation, (3) adequate access to and exercise and (4) freedom from excessive force.

2. Accordingly, Plaintiffs ask the Court to hold a pretrial conference and enter a scheduling order pursuant to Rule 16, F.R. Civ. P., to expedite resolution of these issues, discourage protracted and wasteful pretrial activities, improve the quality of the evidentiary hearing through more thorough preparation, and facilitate settlement.

3. Plaintiffs ask the Court for an opportunity to prove that conditions and overcrowding at Men's Central jail are causing deprivations of their basic human needs for sanitation, exercise, treatment for mental illness, and to be free of arbitrary violence, in violation of the 14th and 8th amendments and the Rutherford Judgment as modified.

4. The situation is urgent: the conditions of which Plaintiffs complain are literally life-threatening. Plaintiffs have presented this Court with ample evidence to justify discovery and an evidentiary hearing: In addition to the Kupers Report, in May 2010 and September 2010 the Plaintiffs filed two major fact reports based on their monitoring, the ACLU Annual report and the ACLU Interim Report. These reports, and reports of the Office of Independent Review and of Merrick Bobb in 2010, show an escalating crisis of deputy violence, abuse, and inmate suicides, the vast majority of which occur at Men's Central Jail.

5. If Plaintiffs prove these deprivations at an evidentiary hearing, they will then ask the Court to enter whatever remedy the Court finds to be the narrowest

2

and least intrusive necessary to cure the violation, consistent with FRCP 65 and the requirements of the Prison Litigation Reform Act.

6. Plaintiffs have no intention of asking the Court to enter a prisoner release order; thus, there will be no need to convene a three-judge Court. This case therefore bears no resemblance to *Plata v. Schwarzenegger* and *Coleman v. Schwarzenegger*, CIV S-90-0520 LKK JFM P & C01-1351 THE (E.D. Cal), where a three-judge court was convened because the Plaintiffs sought a population cap.

7. Rather, Plaintiffs intend to prove through the testimony of Dr. James Austin that Defendants could safely, rapidly and dramatically ameliorate the unconstitutional overcrowding at Men's Central Jail through methods completely within the County's and Sheriff's authority. That Defendants have a readily available remedy that they choose not to employ is relevant for three purposes: (a) to support a finding of deliberate indifference; (b) to support a finding that the pretrial detainees in Men's Central are being subjected to punishment in violation of their due process rights under the Fourteenth Amendment; and (3) to rebut the defense that it is impossible for Defendants to remedy the overcrowding in Men's Central short of building a new facility, which will take years to complete.

8. The Court has expressed concern that the parties are not seeking to resolve these issues collaboratively through negotiation. In fact, the Plaintiffs have invested massive time and effort in attempting to negotiate resolution of these issues over a period of years. Those efforts, despite the Court's active assistance and repeated interventions, have proved futile to resolving the problems at Men's Central Jail.

9. Plaintiffs notified the Court on December 15, 2009 by means of an Ex Parte Application that they believed the negotiation process was proving futile and

3

proposed a collaborative solution to remedy the root cause within a matter of months: that Defendants work with Dr. Austin to come up with a specific plan to reduce the jail's population quickly and safely - as Dr. Austin has succeeded in doing in many jurisdictions. After multiple court conferences, three visits to the Court by Dr. Austin, Defendants finally rejected the proposal in their notice to the Court on September 22, 2010.

10.     Plaintiffs will always remain open to a settlement of these problems. But it has become clear over the last year - particularly in light of Defendants' rejection of Dr. Austin's proposal -- that without an evidentiary hearing no collaborative solution to the enormous problems at Men's Central Jail is possible. Meanwhile, the incidents of suicide, self-harm, and deputy violence and abuse are daily causing irreparable harm.

11.     More than forty years ago, the Supreme Court held that "an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *System Fed'n No. 91, Ry. Employees' Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 648 (1961). The Supreme Court has also long held that federal courts are obligated to modify the relief in injunctive cases if they find that the existing relief has not achieved its principle purpose. *See United States v. United Shoe Machinery Corp.*, 391 U.S. 244, 252 (1968).

11.     Nevertheless, if the Court decides that it will not entertain these issues in *Rutherford*, then we will file a new case. But it is neither in the interest of justice nor in the public interest to require Plaintiffs to raise these issues in a separate case.

12.     Requiring Plaintiffs to file a new case would inevitably result in a very lengthy additional delay: caused by the requirements of exhaustion of administrative remedies, 12(b)(6) motions, and other procedural hurdles before

4

1 Plaintiffs can even get heard on a motion to compel the discovery they have been
2 seeking in Rutherford since June 2009 when they filed their motion to reopen
3 discovery.  Meanwhile, preventable deaths and serious injuries will continue to
4 mount.

5 13.  Requiring Plaintiffs to file a new case will result not only in significant
6 delay in achieving remedies for serious constitutional violations.  It will also
7 entail major waste of judicial resources.  There have already been four court
8 conferences over the past eighteen months during which there were discussions
9 about mental health, overcrowding and the potential of the Austin proposal.

10 14.  Accordingly, Plaintiffs request that the Court hold a scheduling conference
11 and enter a scheduling order pursuant to Rule 16, F.R. Civ. P.

December 15, 2010                         Respectfully Submitted,

                                                          ACLU Foundation of Southern California
                                                          ACLU National Prison Project
                                                          Disability Rights California
                                                          Bingham McCutcheon, LLP

                                                          s/ Peter Eliasberg

                                                          Peter Eliasberg
                                                          Attorney for Plaintiffs