1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  JUSTIN W. CLARK, State Bar No. 235477
   jclark@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SHERMAN BLOCK, et al., <br><br> Defendants. | Case No. CV 75-04111 DDP <br><br> Honorable Dean D. Pregerson <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN ORDER TO VACATE SUBMISSION OF PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///
///
///
///
///
///
///

1  PLEASE TAKE NOTICE that Defendants hereby submit the following
2  Opposition to Plaintiffs' *Ex Parte* Application for an order vacating the Court's
3  order taking under submission Plaintiffs' Motion for Injunctive Relief re
4  purported retaliation against inmates ("the Application").

6  Dated:  December 17, 2010            LAWRENCE BEACH ALLEN & CHOI, PC

8                                By    /s/  Paul B. Beach
9                                      Paul B. Beach
10                                     Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **Argument.**

Plaintiffs' *ex parte* Application for extraordinary relief is unnecessary and should be denied.

As this Court knows, the parties extensively briefed Plaintiffs' Motion for injunctive relief, which was heard on December 6, 2010. At the hearing, the Court and the parties discussed various aspects of the case for approximately an hour, despite a rather busy hearing calendar.

At no time during the hearing did counsel for Plaintiffs express to the Court or Defendants any need to further argue the injunctive relief Motion. Accordingly, as is standard practice in the Central District, after the hearing the matter was taken under submission.

Now, almost two weeks later, with absolutely no supporting legal or factual authority, Plaintiffs make an extraordinary request that this Court vacate its order taking the Motion under submission. In support of their Application, Plaintiffs offer only two explanations, which will be addressed in turn.

First, Plaintiffs state that they "would like the opportunity [] to argue the motion…." (Application, 2:10.) However, Plaintiffs were afforded the opportunity by the Court to argue their Motion. (In fact, it is common practice in the Central District for the Court to take matters under submission without oral argument because there is no right to same.) Furthermore, Plaintiffs offer absolutely no explanation as to why they could not and should not have included in their papers any argument that they now (without explanation) seek to make orally. Certainly, this showing is insufficient to justify extraordinary *ex parte* relief. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

///

1  Second, Plaintiffs state that they would like to "address any questions the
2  Court may have about [the Motion]." (Application, 2:11.) Of course, this
3  assumes that the Court has questions, which it may not. Furthermore, this
4  assumes that if the Court had any questions, it would not *sua sponte* either enter
5  an order seeking clarification or set a further hearing. Certainly, the Court knows
6  how to address motions and does not need the direction of Plaintiffs.
7  Finally, if this Court truly believes that further oral argument is needed
8  with respect to Plaintiffs' Motion, then, of course, Defendants will attend and try
9  to fully answer all of its questions and comply with all requests it might have.

## II. Conclusion.

For the reasons set forth above, Plaintiffs' Application should denied; however, Defendants stand ready to answer any questions or provide any further assistance to the Court in this matter.

Dated: December 17, 2010          LAWRENCE BEACH ALLEN & CHOI, PC


By     /s/   Paul B. Beach
       Paul B. Beach
       Attorneys for Defendants