PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR A SCHEDULING CONFERENCE AND SCHEDULING ORDER ON PLAINTIFFS' PROPOSED MOTION TO COMPEL COMPLIANCE WITH THE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///
///
///
///
///
///

1  PLEASE TAKE NOTICE that Defendants hereby submit the following
2  Opposition to Plaintiffs' *Ex Parte* Application for a Scheduling Conference and a
3  Scheduling Order on Plaintiffs' Proposed Motion to Compel Compliance with the
4  Judgment ("the Application").

6  Dated:  December 17, 2010        LAWRENCE BEACH ALLEN & CHOI, PC

8                                   By   /s/   Paul B. Beach
9                                        Paul B. Beach
                                          Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Argument.

Plaintiffs' *ex parte* Application for extraordinary relief is entirely improper and should be denied.

First and foremost, as this Court knows and remarked during its most recent visit to Men's Central Jail ("MCJ"), conditions at the facility are completely inconsistent with the inflammatory and unsubstantiated assertions made by Plaintiffs.[1] While, of course, no conditions at any custody facility in the world are enjoyable, the conditions at MCJ meet or exceed any and all constitutional standards (which is the *sole inquiry* relevant to this Court's jurisdiction). In fact, Plaintiffs cannot credibly claim that conditions at MCJ have not dramatically improved over the last several years (in part, due to ongoing dialogue with and assistance of the Court). Moreover, the Sheriff's Department in the past has offered, and hereby renews its offer, to bring the Court and the ACLU back to MCJ again to inspect any legitimate claims or concerns.

In any event, despite the indisputable constitutional conditions that currently exist at MCJ, Plaintiffs' Application for extraordinary relief should be denied for numerous additional reasons.[2]

///
///

---

[1] Additionally, the United States Department of Justice currently, and for several years has, monitors the delivery of mental health care to inmates in the County jails.

[2] The dangers and impropriety associated with *ex parte* applications were thoroughly addressed by the Central District in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) ("[e]x parte applications have reached epidemic proportions in the Central District.").

3
RUTHERFORD\OPP TO.EPA-SCHEDULING CONFERENCE

First, Plaintiffs are not exempt from compliance with either the Federal Rules of Civil Procedure or this Court's Local Rules. Specifically, long before Plaintiffs are entitled to bring a motion for hearing or seek an evidentiary hearing before this Court with respect to any subject matter, they must comply with numerous rules. These rules are required by Defendants' right to due process and are mandated in order to streamline litigation and preserve the scarce resources of the Court and the parties.

Specifically, first, if Plaintiffs wish to seek any relief from this Court, they are obligated under Rule 26 of the Federal Rules of Civil Procedure to disclose all of their supporting documents to Defendants. Plaintiffs are also obligated to disclose the names, contact information, and subject matter information with respect to each and every witness they intend to rely on. To the best of Defendants' knowledge, Plaintiffs have not satisfied these obligations.[3]

Second, Defendants are thereafter entitled to conduct discovery regarding Plaintiffs' assertions so that, in accordance with their due process rights, they can adequately oppose any subsequent motion or request for relief.

After these first two important steps have been satisfied, third, Plaintiffs are obligated to meet and confer with Defendants in good faith in an attempt to resolve any bona fide dispute raised by Plaintiffs. Local Rule 7-3. Again, by their own admission (Declaration of Peter Eliasberg, ¶ 3), Plaintiffs have not complied with this obligation either.

---

[3] This statement is qualified because Plaintiffs' intention to bring a motion to compel compliance with the Judgment was first disclosed to Defendants when they received telephonic notice of their *ex parte* Application. The only details known to Defendants about their expected motion are those that can be gleaned from the Application; Plaintiffs have not met and conferred or provided Defendants with any additional information.

4
RUTHERFORD\OPP TO.EPA-SCHEDULING CONFERENCE

1    Forth, assuming that the parties cannot informally resolve their differences,
2 Plaintiffs could and should provide Defendants with a reasonable stipulation
3 regarding the briefing and hearing of any motion intended to be filed by
4 Plaintiffs. Again, this has not occurred. If the parties cannot reach agreement,
5 then, and only then, would Plaintiffs have justification for the instant Application.
6    For any or all of these reasons, Plaintiffs' Application should be denied.
7 This Court should not provide preferred treatment to Plaintiffs and exempt them
8 from all of their obligations under the Court's Rules and the Federal Rules of
9 Civil Procedure at the expense of the rights of Defendants. Accordingly,
10 Plaintiffs' Application should be denied.
11    Finally, in the event that the Court is going to set a Scheduling Conference
12 (or would otherwise like the parties and their counsel to come and address the
13 Court, which the Sheriff's Department is always willing to do), counsel for
14 Defendants object to the date requested by Plaintiffs (January 10, 2011) because,
15 on that same date, counsel for Defendants are already responsible for attending in
16 other matters hearings on: (1) a complex summary judgment motion in a class
17 action matter; (2) a motion to decertify a class action; and (3) a major motion in
18 limine regarding a proposed class action matter. Thus, yet another major hearing
19 on the same date would be a substantial hardship. Defense counsel respectfully
20 requests that the Court set any hearing/status conference on either January 24, 31,
21 or February 7, 2011 and thanks the Court for its consideration.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## II. Conclusion.

As always, Defendants do not oppose meeting with Plaintiffs and the Court for a good faith discussion to address any and all bona fide concerns relating to MCJ; however, Plaintiffs should not be granted any other relief based on their Application.

Dated: December 17, 2010      LAWRENCE BEACH ALLEN & CHOI, PC


                              By    /s/   Paul B. Beach
                                  Paul Beach
                                  Attorneys for Defendants