MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
JESSICA G. PRICE, SBN 264053
jprice@aclu-sc.org
ACLU Foundation of Southern California
1313 W. Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARGARET WINTER
mwinter@npp-aclu.org
ERIC BALABAN*
ebalaban@npp-aclu.org
National Prison Project of the ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs
(continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br><br>    Plaintiffs, <br><br> v. <br><br> LEROY BACA, et al., <br><br>    Defendants. | Case No. Civ. 75-04111-DDP <br><br> **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR SCHEDULING ORDER ON PROPOSED MOTION TO COMPEL COMPLIANCE WITH JUDGMENT** |

1  MELINDA BIRD, SBN 102236
2  melinda.bird@disablityrightsca.org
   Disability Rights California
3  3580 Wilshire Blvd., Suite 902
4  Los Angeles, California 90010
   Telephone:  (213) 355-3605
5  Facsimile:  (213) 427-8767

6
7  STEPHEN D. ALEXANDER, SBN 141099
   stephen.alexander@bingham.com
8  JENNIFER B. MIKOLEVINE, SBN 236745
   jennifer.mikolevine@bingham.com
9  Bingham McCutchen LLP
10 355 South Grand Avenue, Suite 4400
   Lost Angeles, California 90071
11 Telephone:  (213) 680-6400
12 Facsimile:  (213) 680-6499

13
   STACY W. HARRISON, SBN 175028
14 stacy.harrison@bingham.com
15 Bingham McCutchen LLP
   1620 26th Street
16 4th Floor, Main Tower
17 Santa Monica, California 90404
   Telephone:  (310) 907-1000
18 Facsimile:  (310) 907-2000

19
20
21
22
23
24
25
26
27
28

1  Plaintiffs seek a scheduling order because "incidents of suicide, self-harm and deputy violence and abuse are daily causing irreparable harm" at Men's Central Jail, and preventable deaths and abuse will continue unless this case moves forward.  Plaintiffs' Memorandum of Points and Authorities ¶¶ 10, 12.  Defendants respond to these life and death matters with a grab bag of procedural quibbles, none of which have merit.

First, Defendants argue that Plaintiffs have not made disclosures required by Fed. R. Civ. P. 26. *See* Defendants' Opposition to Plaintiffs' *Ex Parte* Application for a Scheduling Conference and Scheduling Order on Plaintiffs' Proposed Motion to Compel Compliance with the Judgment (dkt. 271) at 4.  Although it is not clear which provision of Rule 26 Defendants mean to invoke, if they refer to Rule 26(a)(1), which governs initial disclosures, such disclosures occur at the beginning of a lawsuit, not when a party files a motion in an ongoing case.  Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days of the parties' Rule 26(f) conference…").  If Defendants refer to Rule 26(a)(2), which governs disclosure of expert witness reports, deadlines for such disclosures should be included in the very scheduling order requested in Plaintiffs' motion.  *See* Fed. R. Civ. P. 26(a)(2)(D) (stating that expert disclosures must be made "at the times and in the sequence that the court orders," or, in the absence of a court order or

- 1 -

stipulation "at least 90 days before the date set for trial or for the case to be ready for trial").  Nor is this the time for pretrial disclosures, which "must be made at least 30 days before trial."  Fed. R. Civ. P. 26(a)(3)(B).

Defendants' next argument – that they are entitled to discovery prior to the issuance of a scheduling order – puts the cart before the horse.  The scheduling order would include discovery deadlines, and Defendants of course would have a chance to obtain discovery prior to any substantive order for injunctive relief or compelling compliance with the judgment.  Discovery does not ordinarily occur before issuance of a scheduling order, and the rules governing motions do not require discovery prior to every motion.  *See* Fed. R. Civ. P. 7(b); L.R. 7-2 *et seq.*  In any case, Defendants have not served Plaintiffs with any discovery requests.

Defendants then contend that Plaintiffs failed to meet and confer with them. Def. Opp. at 4.  This is an ex parte application, which does not require the parties to meet and confer.  Plaintiffs complied with the requirements governing ex parte motions under L.R. 7-19 and 7-19.1, including notifying Defendants of the application.  Declaration of Peter Eliasberg ¶¶ 2-3.  Defendants, who filed an opposition to the ex parte application, have not been denied an opportunity to be heard.

1  Finally, Defendants contend that Plaintiffs should have provided a
2  "reasonable stipulation regarding the briefing and hearing of any motion
3
4  intended to be filed by Plaintiffs." Def. Opp. at 5. Because Defendants stated
5  that they would oppose a scheduling order, Eliasberg Decl. ¶ 3, proposing a list
6
7  of particular dates for inclusion in a scheduling order would have been an
8  empty exercise.
9
10  Counsel for Plaintiffs are available for hearing on January 24, 2011, one
11  of the alternate dates for hearing proposed in Defendants' Opposition.
12
   DATED: December 20, 2010
13
14                                                  Respectfully Submitted,

15                                                  ACLU Foundation of Southern
                                                    California
16
17                                                  ACLU National Prison Project

18                                                  Disability Rights California
19
20                                                  Bingham McCutcheon, LLP

21                                                  By: s/ Margaret Winter
                                                    Margaret Winter
22                                                  ACLU National Prison Project
23                                                  Attorney for Plaintiffs
24
25
26
27
28

- 3 -