MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
JESSICA G. PRICE
jprice@aclu-sc.org
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs
(continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, et al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEROY BACA, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. Civ. 75-04111-DDP <br><br> **PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND EX PARTE APPLICATION TO VACATE SUBMISSION OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER; DECLARATIONS IN SUPPORT** |

1  MELINDA BIRD, SBN 102236
2  melinda.bird@disabilityrightsca.org
   Disability Rights California
3  3580 Wilshire Blvd., Suite 902
   Los Angeles, California 90010
4  Telephone:  (213) 355-3605
   Facsimile:  (213) 427-8767
5
   Bingham McCutchen LLP
6  STEPHEN D. ALEXANDER (SBN 141099)
   stephen.alexander@bingham.com
7  JENNIFER B. MIKOLEVINE (SBN 236745)
   jennifer.mikolevine@bingham.com
8  355 South Grand Avenue, Suite 4400
   Los Angeles, California  90071-1560
9  Telephone:  (213) 680-6400
   Facsimile:  (213) 680-6499
10
   Bingham McCutchen LLP
11 STACY W. HARRISON, SBN 175028
   stacy.harrison@bingham.com
12 1620 26th Street
   4th Floor, Main Tower
13 Santa Monica, California 90404
   Telephone: (310) 907-1000
14 Facsimile: (310) 907-2000

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On October 8, 2010, Plaintiffs filed a motion for a protective order in which they argued that the level of violence and retaliation in the jails made prisoners reasonably fear speaking with the ACLU about conditions in the jail. The motion was scheduled for hearing on December 6, 2010, the same day as the hearing on Plaintiffs' motion to compel discovery responses. During the hearing, however, there was no discussion of the motion for protective order.

On December 6, 2010, the Court issued a minute order that stated that it was taking the motion for protective order under submission. On December 15, 2010, pursuant to Local Rule 7-19, Plaintiffs applied ex parte to vacate submission of their Motion for a Protective Order and hear oral argument on the Motion on January 11, 2010 on the ground that there had been no opportunity for argument on the motion at the December 6, 2010 hearing. Defendants opposed the application on a number of grounds, including that they were unable to appear on January 11, 2011. In their reply, Plaintiffs stated that they and Defendants' counsel were available for a hearing on January 24, 2011. The Court has not yet ruled on Plaintiffs' motion or their ex parte application.

Plaintiffs hereby supplement their motion for a protective order and their ex parte application with the attached declarations of Esther Lim, ACLU Jails Project Coordinator, and Los Angeles County Jail prisoners, Christopher Brown, and Shawn Meyers. The Lim and Brown declarations describe the beating and multiple taserings of James Parker by two Sheriff's deputies, while Mr. Parker was on the ground, neither resisting or even moving. Both Ms. Lim and Mr. Brown witnessed the beating, which they describe in their declarations. Ms. Lim's declaration is particularly significant because this is the first time an ACLU jail monitor has actually witnessed deputies' beating a prisoner.

The Meyers declaration describes recent retaliation and threats of retaliation by Sheriff's deputies against Mr. Meyers.

These declarations are relevant to Plaintiffs' protective order motion, which asserts that prisoners reasonably fear speaking with ACLU representatives, because they reasonably fear being retaliated against – including with substantial force. Accordingly, the ACLU's ability to represent the Plaintiff class is compromised.

Dated: February 7, 2011    Respectfully Submitted,

ACLU FOUNDATION
SOUTHERN CALIFORNIA

ACLU NATIONAL PRISON PROJECT

DISABILITY RIGHTS CALIFORNIA

BINGHAM MCCUTCHEON, LLP

s/ Peter Eliasberg

Peter Eliasberg
Attorney for Plaintiffs