PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DECLARATION OF STEPHEN JOHNSON RE FORCE INCIDENT AT TWIN TOWERS CORRECTIONAL FACILITY IN RESPONSE TO PLAINTIFFS' SUPPLEMENT TO MOTION FOR PROTECTIVE ORDER** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

///

///

///

## DECLARATION OF COMMANDER STEPHEN JOHNSON

I, Commander Stephen Johnson, declare as follows:

1. I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true. If called upon to testify to the matters herein, I could and would competently do so.

2. I am a sworn peace officer of the Los Angeles County Sheriff's Department ("LASD" or "Department") and have been employed by the LASD for more than 33 years. I am presently assigned as a Commander in the Custody Operations Division which, along with the Correctional Services Division, is responsible for the operation of the Los Angeles County jails. During my assignment in the Custody Operations Division, I have had regular meetings and other interactions with representatives of the ACLU including Esther Lim, the ACLU's Jails Project Monitor. In addition, I have participated in several in-chambers meetings with the Court in this case and I led the last tour of Men's Central Jail for the Court.

3. I offer this Declaration in response to a recent submission from the ACLU regarding a force incident that occurred at the Twin Towers Correctional Facility on January 24, 2011. Based on the submission itself and a press release from the ACLU, it is my understanding that the ACLU claims one of their representatives witnessed Department personnel using excessive and unnecessary force during an altercation with an inmate named James Parker. In addition, it is my understanding the ACLU claims that Department members conspired to cover-up the alleged misconduct.

4. Before addressing the Sheriff's Department's response to and investigation of the subject incident, it bears mentioning that the ACLU never provided the Sheriff's Department with notice of their assertions. The first notice the Sheriff's Department received regarding the ACLU's claim was an inquiry

from the press after the ACLU filed their submission with the Court. It is puzzling why the ACLU would choose not to immediately inform the Sheriff's Department of their allegations, especially considering the gravity of their claims. In fact, between the date of the incident and the date of the ACLU's submission, on February 1, 2011, Ms. Lim (who witnessed the subject force incident) gave a training seminar to Department supervisors regarding the role of the ACLU in the jails as related to this case. Despite the presence of several senior Department executives (including myself) at no time was any mention made regarding the ACLU's claims. Withholding the information is contrary to the repeated requests the Department has made to the ACLU to immediately report any misconduct. I cannot think of any reason why the ACLU would choose not to inform the Department of their claims unless it is for strategic purpose which, if true, is very troubling and unfortunate.

5. As the Sheriff's Department has informed the ACLU and the Court on many occasions, the Sheriff's Department takes allegations of personnel misconduct extremely seriously. As detailed in the recently submitted Declaration of Chief Dennis Burns, the Sheriff's Department has multiple levels of internal and external review and oversight that are all designed to review and monitor the performance of Department personnel. Depending upon the nature and severity of the accusation, the Department's investigation into suspected wrongdoing by Department personnel could include a unit level review (for relatively minor incidents) up to an investigation by the Department's Internal Criminal Investigations Bureau ("ICIB"), which investigates allegations that could rise to the level of criminal activity by law enforcement. Regardless of the level of review, if appropriate, discipline would be imposed on responsible personnel that could include suspension and even termination. In the case of ICIB investigations, if the conclusion of the investigation so warrants, charges would be forwarded to the Los Angeles District Attorney's Office for possible

prosecution. Further details regarding the process by which the Department investigates suspected wrongdoing are included in the Burns Declaration.

6. Given the severity of the ACLU's claims, an ICIB investigation has been opened regarding the subject force incident. Pursuant to California law, the Department cannot disclose information related to criminal investigations that could result in punitive actions taken against law enforcement personnel; however, as detailed above, if corrective action is needed based on the findings of an investigation, punishment can and will be imposed and if necessary, criminal charges will be filed. While the details of the investigation cannot be revealed, I can inform the Court that one of the involved deputies actually suffered significant injuries during the incident and is on medical leave because of those injuries. Further, felony charges against Mr. Parker for assaulting a peace officer have been forwarded to the District Attorney's Office. For his safety and to preserve the integrity of the investigation, Mr. Parker is being housed in protective custody until the Department's investigation is concluded.

7. In addition to the investigative efforts detailed above, as with all claims of personnel misconduct, the Office of Independent Review ("OIR") is closely monitoring the Department's inquiry into the ACLU's claims. Michael J. Gennaco, who is a well-respected attorney and served as Chief of the Civil Rights section of the Office of the United States Attorney, heads OIR which is a civilian oversight group that was created in 2001 to monitor the Department and provide legal advice to ensure that allegations of officer misconduct are investigated in thorough, fair, and effective ways.

8. I offer this Declaration in response to the ACLU's claims in part to reassure the Court that the Sheriff's Department does not stand idly by in the face of allegations such as those levied here. While the Department hopes and expects that the results of the investigation will absolve the involved personnel of any wrongdoing, if that is not the case, the Department will take appropriate action.

The Department goes to great lengths to maintain the integrity of the law enforcement services it provides to the citizens of Los Angeles County and the only way to maintain public confidence in those services is to vigilantly enforce the high standards of professional conduct the Department strives to maintain.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 10 day of February, 2011 at Los Angeles, California.

_____
Stephen Johnson