PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **JOINT STATUS REPORT FOLLOWING DECEMBER 6, 2010 HEARING** |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

On December 29, 2010, Peter Eliasberg, lead counsel for Plaintiffs, met with Paul Beach and Justin Clark, counsel for Defendants, as the Court requested at the December 6, 2010 hearing. Margaret Winter, co-lead counsel for Plaintiffs, participated by telephone.

At the conference, counsel discussed both how to proceed with Plaintiffs' outstanding discovery requests as well as the possibility of Defendants reconsidering the proposal made by Dr. James Austin, which was filed with the Court on August 24, 2010.

///

I.  **DISCOVERY.**

Plaintiffs' counsel stated a need for further information regarding the documents maintained by the Sheriff's Department as part of efforts to narrow and more directly focus Plaintiffs' discovery requests. Without waiving any arguments or objections associated with Plaintiffs' entitlement to seek discovery regarding particular subject matters or specific documents, Plaintiffs agreed to provide Defendants with a list of specific questions about how Defendants maintain records on certain issues. Without waiving any arguments regarding the proper scope of discovery or any of Defendants' previously asserted objections associated therewith, Defendants agreed to provide responses to Plaintiffs' questions.

Plaintiffs provided their list of questions to Defendants on January 12, 2011. Defendants are in the process of gathering information and preparing responses to Plaintiffs' questions. Defendants expect to provide responses to Plaintiffs' questions by February 16, 2011; however, if they need additional time to provide complete responses, then Defendants will advise Plaintiffs as soon as possible.

II  **THE AUSTIN PROPOSAL**

During the parties' discussions, Defendants informed Plaintiffs that they were not aware that Plaintiffs' counsel were (and remain) willing to bear the full cost of the study that Dr. James Austin outlined in his August 24, 2010 proposal. Defendants' counsel agreed to provide this new information to the Sheriff's Department for its possible reconsideration of the proposal.

In response to Defendants' counsel's question about what Plaintiffs were intending to do in this matter going forward, if the parties are not able to informally resolve issues, Plaintiffs explained that their plan is to request an evidentiary hearing to show that conditions in Men's Central Jail (overcrowding, treatment of the mentally ill, violence, and environment issues) violate the

*Rutherford* judgment and the Constitution. They also explained that they believe if Defendants would work cooperatively with Plaintiffs and Dr. Austin, and perhaps one or two other correctional consultants, it might well be possible to avoid an evidentiary hearing entirely, and to bring about far reaching reforms in Men's Central jail in a relatively short time, through a collaborative process and a consent decree. While Defendants have been and remain willing to explore means to avoid formal litigation (and all of the negative factors associated therewith), Defendants firmly believe that they are complying with the Judgment nor is there any proof to the contrary. Moreover, Defendants maintain that mental health treatment and whether the provision of such treatment in County jail is constitutionally adequate are beyond the scope of the Judgment and therefore, not the proper subject of an evidentiary hearing or any proceeding in this case. Defendants further maintain that, pursuant to stipulated and Court approved agreements in this case, Men's Central Jail is not overcrowded.

Counsel for Plaintiffs represented to Defendants that they and their experts have worked with various other law enforcement agencies to implement changes to their custody operations, and that those changes were welcomed by said agencies and accomplished in less time and at less expense than formal litigation.

As a result and as part of further evaluation of Dr. Austin's proposal, Defendants asked Plaintiffs to provide them with additional information about Dr. Austin's work in large jails and prisons and the names and contact information of public officials in those jurisdictions who could speak with Defendants about their interactions with Dr. Austin.

///
///
///

Defendants stated that they would diligently follow up with these contacts and inform Plaintiffs whether they were willing to reconsider the proposal made by Dr. Austin. Defendants are in the process of conducting this due diligence and will respond to Plaintiffs by February 16, 2011.

**Respectfully Submitted,**

Dated: February 8, 2011          ACLU Foundation of Southern California

By_____
Peter Eliasberg
Attorneys for Plaintiffs

Dated: February 8, 2011          LAWRENCE BEACH ALLEN & CHOI, PC

By      /s/ Justin W. Clark
Justin W. Clark
Attorneys for Defendants
Defendants Sherman Block, et al.