# EXHIBIT C

LAWRENCE BEACH ATTORNEYS AT LAW
ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

April 19, 2011

**VIA E-MAIL**

Peter Eliasberg, Esq.
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017

Re: Rutherford, et al. v. Block, et al.
U.S.D.C. Case No. CV 75-04111 DDP

Dear Peter:

Thank you for your e-mail that we received on April 8, 2011. The following is Defendants' response. This could not be sent prior to today because, as you were advised last time we were in court, I was out of the office all of last week (and Justin, in *Johnson v. Baca*, was preoccupied last week with four depositions of your clients and responding to an extremely long discovery joint stipulation from your office).

Plaintiffs' "proposed schedule for discovery and hearing" ("the proposal") is unacceptable for many reasons.

As a preliminary matter, it is very unclear to Defendants exactly what Plaintiffs are seeking. However, from what we do know, as well as the procedural posture of this case, it appears that the proper recourse that Plaintiffs should pursue would be a motion for contempt due to the purported violation of the Judgment. The schedule Plaintiffs have proposed does not coincide with such a proceeding. Instead, it appears that Plaintiffs essentially wish to assert an entirely new action, which would be improper. Nevertheless, and assuming the above, we hereby provide the following additional comments.

First, Plaintiffs have not given Defendants formal notice of the claims that they are asserting. In the federal system, this takes the form of a complaint, governed by the relevant provisions of the Federal Rules of Civil Procedure (e.g., Rules 3, 7, 8, and 10). Defendants, in

turn, could challenge those allegations and the standing of the subject newly named class representatives pursuant to Rules 12, 23, and 56.

Soon after these new Plaintiffs asserted their claims, they should comply with their disclosure obligations under Rule 26 so that, consistent with due process, Defendants would be informed of the witnesses and documentation purportedly supporting Plaintiffs' claims.

Once the sufficiency of the pleadings was resolved, the parties would engage in discovery relevant to the asserted claims and defenses under Rules 26 to 37.

After sufficient discovery, Defendants would then be entitled to challenge the admissible evidence in support of Plaintiffs' claims via summary judgment motion under Rule 56. Also, individual defendants, if any, would be entitled to raise specific defenses such as qualified immunity.

Any claims that survived the aforementioned proceedings would thereafter be included in a pretrial conference order under Rule 16, which would supersede the pleadings, and define the issues to be tried. Trial, of course, would be limited to and focused on these remaining claims and defenses. Thereafter, an appropriate judgment would be entered pursuant to Rule 54.

The fundamental defect in Plaintiffs' proposed schedule is that it attempts to skip over and omit most, if not all, of these substantive and procedural matters. For example, under Plaintiffs' proposal, there is absolutely no charging pleading which articulates, among other things, the identities of the plaintiffs who are adequate class representatives, their standing, what rights of theirs were purportedly violated, when, by whom, where, and the specific relief to which they are purportedly entitled. Also unidentified are the specific defendants against whom these claims are being asserted.

Once these fundamental aspects of federal court litigation have been satisfied, the Defendants can respond thereto. Until then, the Defendants are left in the dark and deprived of their rights to due process and a fair trial.

Similarly, the proper scope and nature of discovery, as well as its timing, cannot be determined. Presently, under Plaintiffs' proposal, Defendants are at a loss to know who specifically is asserting claims and what those claims are; as a result, neither side can engage in proper discovery. At this point, it cannot be reasonably be determined the amount of discovery (depositions, interrogatories, requests for production, requests for admissions) that is appropriate, whether discovery should be conducted in phases (and if so, in what respect), whether the unnamed Plaintiffs' claimed should be determined to be complex, what law and motion should be filed, and similar issues.

LAWRENCE BEACH ALLEN & CHOI · PC ATTORNEYS AT LAW



Also, in what appears to contradict virtually every scheduling order entered in the Central District, Plaintiffs have inexplicably scheduled expert discovery *before* percipient discovery.

Finally, with respect to the "evidentiary hearing," since the parties, claims, defenses, types of relief sought, discovery and related matters are undetermined, it cannot be stated with any degree of certainly how long any such proceeding should last.

Notwithstanding the above, in a good faith effort to address these issues, Defendants propose the following:

- Plaintiffs provide Defendants with the legal authority to set aside and reopen the operative 30-plus year old Judgment
- Assuming that the foregoing is proper, Plaintiffs file a new charging document that fully complies with all of the requirements of the Federal Rules of Civil Procedure
- Defendants respond to said charging document under the provisions of Rule 12
- Within 10 days of the filing of their charging document, the new class representatives make their disclosures to Defendants as required by Rule 26
- Within 30 days of responding to the charging document, Defendants make their counter designations to Plaintiffs
- Within 60 days thereafter, the Court hold a scheduling conference whereat specific dates are set in accordance with the following general parameters:
  - A discovery period lasting three to six months
  - A law and motion filing deadline approximately two months thereafter
  - A pretrial conference approximately two months after dispositive motions are heard
  - A trial approximately one month after the pretrial conference

LAWRENCE BEACH ALLEN & CHOI · PC
ATTORNEYS AT LAW



Please provide us with Plaintiffs' response to the above by no later than the close of business Wednesday. Thank you for your attention to the above.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

Paul B. Beach