1   PAUL B. BEACH, State Bar No. 166265
    pbeach@lbaclaw.com
2   JUSTIN W. CLARK, State Bar No. 235477
    jclark@lbaclaw.com
3   LAWRENCE BEACH ALLEN & CHOI, PC
    A Professional Corporation
4   100 West Broadway, Suite 1200
    Glendale, California 91210-1219
5   Telephone No. (818) 545-1925
    Facsimile No. (818) 545-1937
6
    Attorneys for Defendants
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS RUTHERFORD, et al.,        )  Case No. CV 75-04111 DDP
                                      )
12              Plaintiffs,           )  Honorable Dean D. Pregerson
                                      )
13                                    )
                                      )  **STATUS REPORT TO THE**
14     vs.                            )  **COURT FROM THE OFFICE OF**
                                      )  **INDEPENDENT REVIEW**
15                                    )
    SHERMAN BLOCK, et al.,            )
16                                    )
                                      )
17              Defendants.           )
                                      )
18  _____  )
19

20       TO THE COURT, ALL INTERESTED PARTIES AND THEIR

21  ATTORNEYS OF RECORD:

22  ///

23  ///

24  ///

25

26

27

28

                              1

RUTHERFORD\Gennco Report

1    Defendants, at the request of Office of Independent Review Chief Advisor

2 Michael Gennaco, hereby submit the attached letter and supporting exhibits

3 pursuant to the Court's April 22, 2011 Order Regarding Evaluation of Inmate

4 Complaint Policy. (*See*, docket no. 284.)

5

6

7 Dated:  July 19, 2011                    LAWRENCE BEACH ALLEN & CHOI, PC

8

9                                          By _____ /s/  Justin W. Clark

10                                              Justin W. Clark

11                                              Attorneys for Defendants
                                                Defendants Sherman Block, et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTHERFORD\Gennco Report



LOS ANGELES COUNTY
# Office of Independent Review
4900 SOUTH EASTERN AVENUE, SUITE 204
COMMERCE, CALIFORNIA 90040
TELEPHONE (323) 890-5425
www.laoir.com

MICHAEL J. GENNACO

BENJAMIN JONES
ROBERT MILLER
JULIE RUHLIN
CYNTHIA L. HERNANDEZ
ANGELICA A. ARIAS

July 19, 2011

The Honorable Dean Pregerson
United States District Court
Central District of California
312 North Spring Street
Los Angeles, California  90012

Dear Judge Pregerson:

### I.     Introduction and Background

On April 22, 2011, this Court convened a status conference relating to <u>Rutherford v. Baca</u>, Case No. Civ. 75-04111-DDP.  At that conference, a number of issues were raised by the parties.  Included in this discussion was: (1) whether the Sheriff's Department was amenable to developing specific policies that would prohibit retaliation against inmates who complain to the ACLU; (2) whether the Sheriff's Department's inmate complaint policy could be improved; and (3) a request by the plaintiffs for the Sheriff's Department to develop protocols that would permit the use of laptops by the ACLU when visiting inmates.  This Court then requested the parties to convene future meetings to see whether some of these issues could be resolved.  This Court indicated that the meetings should occur at least weekly, should be scheduled at a jail facility, and should be completed within thirty days.  This Court further instructed me to chair the meetings and work with the parties toward a hoped-for satisfactory resolution to the above-stated issues.  The Court further indicated that the scope of the meetings would not necessarily be limited to the topics specifically articulated.

Pursuant to this Court's direction, I convened in person meetings at the downtown County jail complex between representatives of the ACLU, the Sheriff's Department, and attorneys representing the Sheriff's Department on April 28, May 6, May 13, and May 19.  Since those meetings, further off-line conversations were held between this writer and representatives of the ACLU, the Sheriff's Department and the attorneys representing LASD to address remaining issues.  This report, which has been reviewed by the parties, is intended to be a progress report on the accomplishments of those meetings and discussions.  It is further understood that it is the Court's intent to convene a status conference in the near future that will provide an opportunity for the undersigned and the parties to further brief the Court and answer any questions about the matters set out in this correspondence.

As noted in further detail below, it is this writer's observation that much has been accomplished as a result of the good will and initiative demonstrated by the parties. This writer appreciates the attentiveness, receptivity, and creativity from the participants that resulted in significant results. It is this writer's view that all worked in good faith to achieve a result that will further the interests of the parties and improve processes that will benefit those entrusted to keep inmates safe, those responsible for monitoring the conditions in the jails, and most importantly, improve the overall well-being of the inmates housed in the County jails.

## II.   Development of Centralized Anti-Retaliation Policy

Current Sheriff's Department policies prohibit deputies from taking actions that would constitute retaliation against inmates. However, current policy does not sanction retaliation per se; rather restrictions against retaliatory behavior are covered more generally in other policy provisions. Accordingly, the Department worked to create a specific and centralized anti-retaliation policy.

During the discussion about the creation of such a policy, plaintiffs thought it important that the language of the policy be specific in prohibiting retaliation against inmates who complain to advocacy groups such as the ACLU. In addition to prohibiting retaliation against inmates who choose to exercise their rights to complain to advocacy groups about jail conditions, the new proposed policy goes beyond the specific anti-retaliation language sought by the plaintiffs in our discussions on this issue and expressly sanctions any and all retaliatory conduct against inmates. The parties have agreed to the language of the draft policy entitled "Treatment of Inmates" (Attached as Exhibit 1) and this writer believes that the policy will provide better guidance to deputies and custodial supervisory staff as well as serving as a way to provide written assurances to inmates that retaliatory conduct will not be tolerated in the County jails. In addition, as noted in greater detail below, the Sheriff's Department has agreed to notify all inmates of the anti-retaliation policy upon their entry into the system.

## III.   Revisions of the Sheriff Department's Inmate Complaint Policy

The Sheriff's Department has a long standing inmate complaint policy. However, during our discussions, the ACLU identified areas of the current policy that were worthy of consideration for improvement. Additionally, both the Sheriff's Department and the Office of Independent Review also identified aspects of the policy that could be improved so that additional guidance could be provided to jail staff and supervisors, as well as inmates. As a result, the draft policy attached as Exhibit 2 and, except for the few caveats specified below, agreed to by the parties, is intended to supersede current policy and provide improved guidance to all relevant stakeholders.

One new subsection of the inmate complaint policy was devised as a result of the specific request of the plaintiffs to include special procedures for the handling of emergency complaints. Plaintiffs expressed approval regarding the Department's definition of emergency, the requirement that LASD personnel address the matter immediately, and the setting of a specific and expedited timeline for resolution of emergency complaints. Plaintiffs remained concerned that the current procedure still left it unclear about whether the inmate needed to appeal from the response to his emergency complaint. One final and remaining concern articulated by plaintiffs is that the policy does not contain language that after going through the complaint process, inmates would be notified that they have exhausted their administrative remedies.

Rather than cataloguing here the numerous additional modifications that have been made and were designed to significantly improve current policy, the undersigned and the parties are prepared to brief the Court on those changes at the next status conference.

## IV.    Development of a Laptop Computer Protocol for ACLU Monitors

The parties worked together to devise a protocol that would allow ACLU monitors to be able to use laptop computers in their monitoring role. The protocols are set out in the attached Exhibit 3, have been agreed to by the parties, and have already been implemented.

## V.    Additional Systemic Initiatives

### A.  Road Map for Inmates Entering Los Angeles County Jails

While the development of a specific anti-retaliation policy and an improved inmate complaint process is significant, all meeting participants recognized the interest in ensuring that inmates would be made aware of the policies. In addition, the participants recognized that it would be beneficial to all if inmates were presented with additional information upon their entry into the system about jail rules, programs, and other available resources. As a result, the Sheriff's Department agreed to develop a document entitled "A Guide Through Custody Los Angeles County Jail" which is essentially a "road map" pamphlet that would provide basic information to every inmate entering into the system, including the anti-retaliation prohibition.[1] A draft of this pamphlet is attached to this letter as Exhibit 4.

### B.  Modifications in the Inmate Complaint Form

In part, because of the above referenced changes in the inmate complaint policy, it was recognized by the meeting participants that the inmate complaint form should also be revised.

---

[1] While as noted above, each inmate will be advised of the anti-retaliation policy in the custody guide provided to each entering inmate, one issue that awaits resolution is whether the signs currently posted in the jails informing inmates of the ACLU Jail Project will also include the anti-retaliation mandate.

3

The revised inmate complaint form will provide better guidance to inmates on important issues such as inmate complaint and appeals time frames. An initial draft of a revised inmate complaint form has been circulated to the parties and will be completed once the treatment of inmates and inmate complaint policies are finalized.

### C.   Development of an Administrative Handbook for Investigating Inmate Complaints

In reviewing the inmate complaint process, the Sheriff's Department and the Office of Independent Review recognized that there was little written guidance for supervisors on how to investigate inmate complaints and what Departmental expectations are to ensure a complete investigation. As a result, the Sheriff's Department agreed to devise an administrative handbook for jail supervisors on Departmental expectations regarding the handling and investigation of inmate complaints. Once the inmate complaint policy is finalized, the Department will begin work on the accompanying administrative handbook.

### D.   Training and Briefing on the New and Revised Policies

As with all new and revised policies, all LASD personnel will be provided and briefed on the new and revised policies delineated above.

### VI.   Discrete Issues

Over the course of the identified time frame, the plaintiffs' representatives have reported to the OIR discrete concerns about challenges in visiting inmates, the assignment of jail staff during the pendency of an investigation, and a concern about an irregular entry on a jail log. As a result of those concerns being brought to the attention of the OIR and the Sheriff's Department, each of these discrete issues raised by the plaintiffs' representatives either have been or are in the process of being addressed. The undersigned and the parties are prepared to brief the Court on the specific nature of those concerns and the status of the Department's response at the next hearing.

### VII.   Conclusion

What has been achieved here could not have been accomplished without the constructive participation of each of the participants. In addition to the legal representatives, the Department should be especially credited with its dedication of human resources so that it could consider and develop responsive solutions to issues raised by the parties. In sum, this writer is deeply appreciative of the hard work and good will exhibited by all during this process.

Very truly yours,

MICHAEL J. GENNACO
Chief Attorney
Office of Independent Review


Attachments


cc:   Leroy D. Baca, Sheriff, Los Angeles County Sheriff's Department
      Paul K. Tanaka, Undersheriff, Los Angeles County Sheriff's Department
      Cecil W. Rhambo, Assistant Sheriff, Los Angeles County Sheriff's Department
      Dennis H. Burns, Chief, Custody Operations Division, Los Angeles Sheriff's Department
      Alexander R. Yim, Chief, Correctional Services Division, Los Angeles County Sheriff's
        Department
      Stephen B. Johnson, Commander, Custody Operations Division, Los Angeles County
        Sheriff's Department

      Andrea Sheridan Ordin, County Counsel, Office of the County Counsel
      Roger Granbo, Assistant County Counsel, Office of the County Counsel

      Paul Beach, Attorney, Lawrence Beach Alan and Choi, LLC.
      Justin Clark, Attorney, Lawrence Beach Alan and Choi, LLC.

      Peter Eliasberg, Legal Director, American Civil Liberties Union

5

**Exhibit 1**
**Treatment of Inmates**

## 5-12/005.00 TREATMENT OF INMATES

Inmates are entitled to fair and impartial treatment. At the same time members must be firm and resolute in requiring compliance with rules and regulations. Members shall treat those persons in custody with respect and dignity.

Inmates shall not be threatened, intimidated, mistreated, abused, denied privileges, denied access to programs or services, or disciplined in retaliation for speaking with a legal representative, or any inmate advocacy organization. In addition, inmates shall not be threatened, intimidated, mistreated, abused, denied privileges, denied access to programs or services, or disciplined in retaliation for expressing dissatisfaction, or filing a complaint about the conditions of confinement including, but not limited to:

- Meals,
- Housing,
- Exercise,
- Visiting,
- Mail,
- Showers,
- Phones,
- Commissary,
- Medical treatment or medications,
- The performance of duties of Custody, Department of Mental Health, or Medical Services personnel.

Members shall consider inmate inquiries potentially legitimate and, when appropriate, refer an inmate to personnel who can address the inquiry, or to the inmate complaint procedure. Members are prohibited from discouraging inmates from voicing complaints or concerns about their incarceration.

Members shall not ask inmates for details of their communications, or interfere with inmates' communication of complaints to a legal representative or any inmate advocacy organization, with the intent to discourage such communication.

Inmates shall not be subject to retaliation through threats, intimidation, abuse, or mistreatment because of the inmate's status, membership in a particular group or class, reason for incarceration, or circumstances surrounding his arrest.

Inmates shall not be subject to retaliation through threats, intimidation, abuse, or mistreatment as a result of inmate conduct that occurs while the inmate is in custody. When inmate conduct calls for a response from members, that response is to be handled through the criminal justice system, inmate disciplinary system, or other methods consistent with the Department's core values and current policies, practices, and procedures.

**Exhibit 2**
**Inmate Complaints and Requests for Service**

1   **5-12/000.00 INMATE COMPLAINTS AND REQUESTS FOR SERVICE**

2   All inmates confined within the Los Angeles County Jail system have a right to file a

3   complaint or submit a request for service.   No member of the Department shall

4   discourage, hinder or prohibit any inmate from filing a complaint.  For the purpose of this

5   policy, the terms grievance and complaint are synonymous.

6

7   **Responsibilities**

8   It shall be the responsibility of all line personnel to ensure that Inmate

9   Request/Complaint Forms (SH-J-420) are readily available to all inmates.  The sergeant

10  and the supervising line deputy shall check each housing location a minimum of once

11  per shift to ensure that the forms are readily available.

12  The checking and restocking of forms shall be noted in the narrative section of the

13  UDAL.  Supervisors shall note the number of forms retrieved from the boxes in the

14  appropriate section of the UDAL.

15  At a minimum of once per shift, a supervisor shall remove the forms from the complaint

16  boxes, review them, confirm the date submitted, ensure that the inmate has taken his

17  pink copy and that only one issue is addressed per form.  The supervisor shall sort the

18  forms by category.  Basic requests (defined below) shall be assigned by the supervisor

19  to a staff member to handle promptly, if possible.  All other requests and all complaints

20  (service, personnel, and ADA) shall be assigned a reference number by the supervisor.

21  The supervisor shall deliver all other requests and service complaints to the watch

CSS/211463/7/13/2011 2:15 PM

22  sergeant for assignment/handling.  The supervisor shall immediately deliver personnel

23  complaints and ADA complaints to the watch commander for review and appropriate

24  action.

25  **Emergency Complaints**

26  An inmate may request that a complaint be handled on an emergency basis. An

27  emergency is defined as an immediate risk of death or injury to the inmate.

28

29  Personnel receiving an emergency complaint shall determine if the situation requires

30  immediate action to protect the life or safety of the inmate and shall take such action

31  pending further investigation.  Personnel shall immediately notify their supervisor

32  (Sergeant or above) who shall immediately initiate whatever additional actions may be

33  necessary to address the situation giving rise to the emergency. The supervisor shall

34  also notify the watch commander of the emergency complaint.  The watch commander

35  shall make a determination whether the complaint is an emergency and, if so, shall

36  ensure that appropriate action has been taken to resolve the issues giving rise to the

37  emergency. The watch commander will further ensure that a written response is

38  provided to the inmate within five calendar days documenting what action was

39  undertaken to address the situation which gave rise to the emergency.

40

41  If the watch commander determines the complaint is not an emergency, then the inmate

42  complaint shall be investigated and responded to as non-emergent complaint.

43

CSS/211463/7/13/2011 2:15 PM

44   Medical or mental health emergencies shall be handled as described elsewhere in the

45   Custody Division Manual.

46

## Jurisdiction of Complaints

48   If the complaint or request involves conditions or personnel at another facility, the facility

49   receiving the form shall facsimile a copy to the concerned facility's unit commander and

50   mail the original.  The concerned facility will assign the reference number.

51   Any question of complaint jurisdiction within a jail facility shall be determined by the unit

52   commander.  Any question of jurisdiction within the Custody Operations Division shall

53   be determined by the Division Chief.

54

## Basic Requests

56   A basic request is a request that can be quickly resolved by a custody assistant, deputy,

57   supervising line deputy or sergeant.  This type of request does not require a reference

58   number.  When feasible, the request shall be handled during the shift in which it is

59   received.  If this is not possible, the watch commander shall be advised and the inmate

60   shall be notified of the reason for the delay.  A complaint involving personnel is not

61   considered a basic request and shall be handled as set forth below.

62   A basic request may be submitted on the form or any other paper.

63

64 **Requests**

65 All requests other than basic requests must be submitted on the Inmate

66 Request/Complaint Form.  The retrieving supervisor shall assign a reference number to

67 these requests.  The request shall be handled by established unit procedures.

68 **Medical or Mental Health requests**

69 Any medical or mental health requests which appear to be emergent in nature shall be

70 handled immediately.  The inmate making such a request shall be escorted to the

71 facility clinic or proper medical / mental health assistance shall be summoned

72 immediately.

73 The supervisor handling all other medical requests shall:

74 • Time stamp the form in the upper right corner;

75 • Make a photocopy of the form;

76 • Deliver the original to the on-duty clinic supervisor;

77 • Retain the photocopied form and place it into the Inmate Request/Complaint

78 Coordinator's tray at their particular facility.

79 Non-emergency requests for mental health services shall be forwarded by the facility's

80 clinic shift supervisor to Jail Mental Health Services in the Mental Health envelope.

81

82 **Complaints (In General)**

83    A supervisor with the rank of sergeant or above shall investigate all complaints within

84    15 calendar days of the complaint being filed.  Upon completion, the handling

85    sergeant shall complete the "Disposition" section of the Inmate Request/Complaint

86    Form, obtain the inmate's signature on the white and yellow copies, and provide the

87    yellow copy to the inmate. (See Inmate Complaint Investigation Handbook for

88    instructions on how to investigate inmate complaints.)  If the investigation cannot be

89    completed within 15 calendar days, the handling sergeant shall notify the assigning

90    watch commander and request an additional 15 calendar days to complete the

91    investigation.  Upon approval, the handling sergeant shall notify the inmate of this

92    extension.  If, after the extension, the Department has still not completed the

93    investigation, or if an extension was not approved, the watch commander shall inform

94    the inmate in writing that the complaint cannot be completed within the requisite time

95    frame and that the inmate has the right to appeal.

96

97    **Group Complaints**

98    When individual complaints are submitted by three or more inmates from the same

99    housing location referencing the same or similar complaints, these complaints shall be

100   considered a group complaint. A single reference number shall be assigned for each

101   group complaint and applied to each individual complaint form.  Each complaint form

102   submitted shall be handled, with written notice to the inmate as provided above.

103   At no time shall the group complaint format be used in regards to personnel

104   complaints.

CSS/211463/7/13/2011 2:15 PM

105

106   **ADA Complaints**

107   Inmates may submit ADA complaints on either the "Inmate Request/Complaint Form"

108   or the "Los Angeles County Sheriff's Department Americans with Disabilities Act

109   (ADA) Complaint Form". If the inmate uses the "Inmate Request/Complaint Form," the

110   "ADA" box on the form should be checked. The posted toll free number may also be

111   used to file a complaint. Regardless of the form used, all ADA complaints shall be

112   assigned by the watch commander to a sergeant to handle as quickly as possible. If

113   the inmate is requesting a reasonable accommodation that requires the consultation of

114   medical personnel, an inmate shall be placed on the doctor's line for that purpose.

115   Copies of both resolved complaints with action taken and unresolved complaints are

116   forwarded by the facility administration to the Department ADA coordinator.

117

118   **Personnel Complaints**

119   Personnel complaints shall be immediately delivered by the shift supervisor to the

120   watch commander to evaluate the nature and seriousness of the complaint, and to

121   assess the type of response necessary (i.e., immediate or routine). The watch

122   commander shall assign a sergeant to conduct a preliminary inquiry in order to

123   determine the appropriate method for handling (i.e., handle according to the inmate

124   complaint investigation process or handle via an administrative or criminal

125   investigation). A personnel complaint shall not be handled by the staff member

126   against whom the complaint is directed.

CSS/211463/7/13/2011 2:15 PM

127

128      **Form for Complaints and Requests**

129      If an inmate submits a written request or complaint in some other form, the supervisor

130      who retrieves it shall return it to the inmate along with a blank Inmate

131      Request/Complaint Form and provide the inmate the assistance he needs to complete

132      the form.  Complaints shall be considered received on the day they are first submitted,

133      regardless of the format.

134      Inmates who are unable to complete a written form because of disability, language

135      barrier, or illiteracy may raise complaints or requests orally, and Department personnel

136      shall ensure that the complaint or request is documented in writing.

137      A basic request may be submitted in any form.

138

139      **Late Submissions**

140      Complaints submitted 15 calendar days or more after the event upon which the

141      complaint is based will be considered late and denied.  These complaints will receive a

142      disposition code of 50 and closed.  Personnel complaints shall not be considered late if

143      the last event complained of occurred within 15 days of the submission date.

144

145   If the date of submission comes into question, the assigned supervisor shall review the

146   UDAL and confirm that the forms had been retrieved on a daily basis.  If the forms were

147   not collected daily, an adjustment shall be made to allow for the 15 days.

148      Personnel complaints submitted 15 calendar days or more after the event upon which

149      the complaint is based will be considered late and denied.  Late complaints will be

150      closed in FAST with a code 50; however, they shall be thoroughly investigated.  The

151      inmate shall be notified that the complaint was submitted late and denied, but that the

152      Department will nonetheless conduct an investigation and take appropriate action in

153      response to the complaint. The decision to conduct any investigation after the

154      expiration of the 15 calendar day deadline shall not invalidate the denial of an untimely

155      complaint or confer any rights on the involved inmate.

156

157   **Resolution of the Complaint**

158   Once the results of the complaint investigation have been determined, the assigned

159   supervisor shall complete the "Disposition" section on the Inmate Request/Complaint

160   Form. A written response shall be delivered to the inmate generally within 15 calendar

161   days after the submission of the complaint. A written response shall be provided for any

162   approval or denial of a complaint. This requirement shall be satisfied by providing the

163   inmate a copy of the final disposition of the Inmate Request/Complaint Form.

164   Inmates shall sign the original or facsimile copy (if forwarded from another unit) of the

165   Inmate Request/Complaint Form to document receipt of the written response as stated

166   in Title 15 Section 1073, "Inmate Grievance Procedure." However, if the complaint was

CSS/211463/7/13/2011 2:15 PM

167    previously addressed as the result of a court order or other governmental referral, it is

168    not mandatory to summon the inmate for his/her signature. If the inmate is released

169    prior to the completion of the investigation, it shall be noted in lieu of the inmate's

170    signature.

171    For complaints relating to inmates that have been released after the submission of a

172    complaint, the assigned supervisor shall note in the "Disposition" section that the inmate

173    has been released. A copy of the disposition should be forwarded to the released

174    inmate's listed mailing address. Once the investigation has been completed and signed

175    by the inmate (if applicable), the Inmate Request/Complaint Form shall be placed into

176    the facility's Inmate Request/Complaint Coordinator's in-box for further processing.

177    NOTE: The Inmate Request/Complaint Coordinator shall ensure that the receipt of the

178    written response is properly entered in the F.A.S.T. system. The Inmate Complaint

179    Disposition Data Form, SHJ-438, shall no longer be used, with the exception of

180    Referred Inmate Complaints. The SHJ-438 is information now is captured on the back

181    of the Inmate Request/Complaint Form. Additionally, all Inmate Request/Complaint

182    Forms, SH-J-420, dated prior to May 2007, shall not be used and must be discarded.

183

184    **Complaints From Released Inmates**

185    Inmate complaints received from persons who have been released from custody shall

186    be processed on an Inmate Request/Complaint Form (not a Watch Commander

187    Service Comment Report form) pursuant to Manual of Policy and Procedures, section

188    3-04/010.05, "Procedures for Department Service Review." Complaints submitted from

189    former inmates shall be subject to the same guidelines, requirements and procedures

190    as a complaint submitted by an inmate in custody.

191

192    **Referred Inmate Complaints**

193    In the event an inmate is unable to submit a complaint, a complaint may be submitted

194    by a non-involved party, i.e., an inmate's friend, relative, etc., on behalf of an inmate.

195    Referred inmate complaints shall be processed pursuant to Custody Division Manual

196    section, 5-12/020.00, "Referred Inmate Complaints." Referred inmate complaints shall

197    be subject to the same guidelines, requirements and procedures as a complaint

198    submitted by an inmate in custody.

199

200    **Dispositions**

201    Findings resulting from an investigation in response to an inmate complaint depend on

202    whether the complaint is against personnel or a service complaint.

203    Service complaints shall be resolved with one of the following dispositions:

204    • Founded.  Further action taken (investigation establishes that the complaint is

205       true and that a supervisor has taken appropriate action to remedy the matter).

206    • Unfounded. No further action (investigation clearly establishes that the complaint

207       is not true and no further Department action is necessary).

208   • Unresolved. (Investigation fails to resolve the complaint, and there is no
209   preponderance of the evidence to either affirm or refute the inmate's complaint.
210   It is within the supervisor's discretion to determine whether any action is
211   necessary or appropriate to address the source of the inmate's complaint).

212   Inmate complaints against personnel shall be resolved with one of the following
213   dispositions:

214   • Exoneration (Employee was clearly not involved or incident could not have
215   occurred).

216   • Employee Conduct Appears Reasonable (The employee's conduct appeared to
217   be in compliance with procedures, policies, guidelines or training).

218   • Appears Employee Conduct Could Have Been Better (The employee's conduct
219   was in compliance with procedures, policies and guidelines.  The complaint could
220   have been mitigated if the employee had employed tactical communication
221   principles or common sense).

222   • Employee Conduct Should Have Been Different (The employee's conduct was
223   not in compliance with established procedures, policies, guidelines or training).

224   • Unable to Make a Determination (There is insufficient information to assess the
225   employee's alleged conduct or to identify the employee involved).

226   Should the inmate complaint investigation result in a disposition that the employee's
227   conduct should have been different, the unit commander shall determine the following
228   course of action:

229   • Train, counsel, and/or mentor the employee.

CSS/211463/7/13/2011 2:15 PM

230    • Initiate an administrative or criminal investigation, as appropriate.

231    Refer to Complaints Against Personnel below for further details about what should be

232    communicated to the complaining inmate.

233

234    **Appeal Process for Complaints**

235    Inmates must submit an appeal from a denied complaint within seven calendar days of

236    receiving the written disposition regarding their complaint, or it will be denied.  Appeals

237    shall be submitted on the appropriate appeal form.  Inmates who are unable to complete

238    a written form because of disability, language barrier, or illiteracy may raise complaints

239    or requests orally, and Department personnel shall assist these inmates in completing

240    the written form.

241    The appropriate supervisor, an individual different from the initial reviewer (watch

242    commander, medical supervisor, mental health supervisor, or food production

243    supervisor) shall make the final determination of the resolution for the appeal.  Inmates

244    shall be advised, in writing, of the disposition of their appeal within 15 calendar days

245    after the submission of the appeal.  If the Department fails to notify the inmate of the

246    disposition of the appeal within 15 calendar days, the inmate's appeal shall be

247    considered denied.  The unit commander or his designee, shall review all inmate

248    complaint appeals to ensure a thorough investigation has been conducted and the

249    appropriate disposition has been rendered.

250

CSS/211463/7/13/2011 2:15 PM

251   **Handling Dispositions of Personnel Complaints**

252   The results of an investigation pertaining to an inmate complaint against personnel shall

253   not be disclosed in any form, including written responses to inmate complaints.  The

254   reviewing supervisor shall advise the inmate, in writing, of the disposition of a complaint

255   against any personnel or any results of inquiries pertaining to personnel conduct.  The

256   information disclosed to the inmate shall be limited to the following information:

257   • Acknowledgment of the complaint,

258   • Statement that the investigation was completed,

259   • Assurance that the appropriate administrative action has been taken (for

260   complaints that have been resolved as "Employee Conduct Should Have Been

261   Different.").

262   Note: For the other personnel complaint dispositions, the disclosure shall be limited to

263   the following response: "Your complaint has been thoroughly investigated; however, we

264   were unable to substantiate that (employee's name) violated any of our Department

265   policies and procedures."

266   When an inquiry into the conduct of any personnel results in the initiation of a unit level

267   administrative investigation, an IAB investigation, or an ICIB investigation, the

268   supervisor conducting the inquiry into the inmate complaint shall complete the

269   "Disposition" section of the Inmate Request/Complaint Form, indicating the disposition

270   as "Unit Level Investigation," "Internal Affairs Bureau Investigation," or "ICIB

271   Investigation."

272

CSS/211463/7/13/2011 2:15 PM

273   **Retention of Original Inmate Complaints**

274   Pursuant to Custody Division Manual section 4-13/000.00, "Retention of Records,"

275   custody facilities shall retain all inmate complaints for five (5) years.  Additionally, all

276   inmate requests requiring a reference number shall be retained for five (5) years.

277   **Extensions**

278   The unit commander, or his/her designee, may extend time deadlines for the

279   submission or disposition of a complaint or appeal in the event of an emergency

280   situation or when there is an extended disruption of normal facility operations.

281

**Exhibit 3**
**LAPTOP Request and Acknowledgment Form**



# Los Angeles County Sheriff's Department

# Custody Operations Division

### LAPTOP REQUEST AND ACKNOWLEDGMENT FORM

I, _____, seek permission to use a laptop computer inside the Attorney Room
      *(Print Full Name)*

or Visiting Area of _____ on _____ to visit Inmate _____.
             *(Facility)*         *(Date)*           *(Inmate's name and booking number)*

By signing below, I acknowledge and certify that

1. I am an inmate advocate for the American Civil Liberties Union (ACLU).

2. I will not use the laptop's WIFI, or broadband/bandwidth capabilities.

3. I will not use the laptop computer to record, broadcast nor transmit any video images or audio sounds.

4. I will use the laptop for business purposes only. I will not use the laptop computer for playing games, viewing movies, personal communications nor any other personal purposes inside the Attorney Room or Visiting Area.

5. I will only show electronic files to the inmate which have been downloaded prior to my entry into said facility's Attorney Room or Visiting Area.  Any exceptions must be supported with a court order.

6. I understand that upon entering any Los Angeles County Sheriff's custodial facility, the laptop computer may be screened at the direction of the facility watch commander using visual observation, x-ray scanning, chemical detection devices or other screening methods.

7. I understand that failure to comply with any of the above paragraphs may result in the loss of my privilege to use a laptop computer in any facility operated by the Sheriff of Los Angeles County and I also understand the State law prescription of laptop use as set out by California Penal Code 4575(a).

8. I understand this form is only valid for today's date and only at the above facility.

9. I will not hold the Los Angeles County Sheriff's Department responsible for any damage or malfunction to the laptop.

_____   _____
     **SIGNATURE**             **DATE**

*Approved by:*

_____   _____   _____
**PRINT NAME AND EMP. #**         **SIGNATURE**           **DATE**

*For multiple inmate visits on the same day, please use the back of this form* 

**Advocate's Name:** _____

**Date:** _____

**Facility:** _____

| ADDITIONAL INMATES TO BE INTERVIEWED | |
|---|---|
| INMATE'S NAME | BOOKING NUMBER |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Exhibit 4**
**A Guide Through Custody Los Angeles County Jail**

# A Guide Through Custody

# Los Angeles County Jail



*"Our goal is to create a life worth living by eliminating fear and fostering a life-long desire to learn"*

Sheriff Leroy D. Baca
Los Angeles County Sheriff's Department

## Sheriff Leroy D. Baca

### *OUR CORE VALUES*

*As a **leader** in the*

*Los Angeles County Sheriff's Department,*

*I commit myself to*

***honorably** perform my duties with*

***respect** for the dignity of all people,*

***integrity** to do right and fight wrongs,*

***wisdom** to apply **common sense***

*and **fairness** in all I do and*

***courage** to stand against racism,*

*sexism, anti-Semitism, homophobia*

*and bigotry in all its forms.*

**Inmate Code of Conduct**

You shall be familiar with and conduct yourself within the guidelines of the Inmate Rules and Regulations.  You are under the custody of the Sheriff; you are expected to treat all persons with respect and basic human dignity.  Any violations of the jail rules, act of discrimination, or commission of a crime against staff members or other inmates based upon race, color, sex, religion, sexual preference, age, physical or mental disability will not be tolerated.  All crimes committed by gang members in jail will be prosecuted to the fullest extent of the law.

**Treatment of Inmates**

You are entitled to fair and impartial treatment.  At the same time staff members must be firm and resolute in requiring compliance with rules and regulations.  Staff members shall treat those persons in custody with respect and dignity.

You shall not be threatened, intimidated, mistreated, abused, denied privileges, denied access to programs or services, or disciplined in retaliation for speaking with a legal representative, or any inmate advocacy organization.  In addition, you shall not be threatened, intimidated, mistreated, abused, denied privileges, denied access to programs or services, or disciplined in retaliation for expressing dissatisfaction with the conditions of your confinement.

You shall not be subject to retaliation through threats, intimidation, abuse, or mistreatment because of your status, membership in a particular group or class, reason for incarceration, or circumstances surrounding your arrest.

You shall not be subject to retaliation through threats, intimidation, abuse, or mistreatment as a result of inmate conduct that occurs while you are in custody.  When inmate conduct calls for a response from staff members, that response is to be handled through the criminal justice system, inmate disciplinary system, or other methods consistent with the Department's core values and current policies, practices, and procedures. It is still your responsibility to follow all the Rules and Regulations.

**Consulate Information**

If you are a non-U.S. citizen who has been arrested, you are entitled to contact your country's consulate representative here in the United States.  A consulate official from your country may be able to provide assistance, such as helping you obtain legal counsel, contacting your family, or visiting you in jail.

**Attorney Visits**

Legal representatives may visit inmates during regular business hours. If necessary, you will be given the option to meet with your legal representative in a confidential visiting area if available.

**Inmate Mail**

You may send or receive mail to or from anyone you know.  All outgoing mail and envelopes will be visually checked for contraband.  Due to postal regulations, drawing on the front of your outgoing envelopes is prohibited.

Incoming mail will be opened and inspected for contraband prior to you receiving it.  Legal mail will be opened and inspected in your presence.  Your personal and legal mail will not be read.

Contraband found in mail, (plastic cards, excess of 5 photos, combs, or pornographic material, etc.), will be returned to the sender.  If you have been released, any mail you receive will be returned to sender.

All inmate mail, including mail containing U.S. Post Office money orders, and cashier's checks for inmates in the Los Angeles County Jail system should be mailed to the following address:

**All Inmates**:

Inmate Name, Booking Number

PO BOX 86164

Terminal Annex

Los Angeles, CA 90086-0164

**Inmate Rules and Regulations**

You must obey the following rules and regulations.  Failure to obey will result in disciplinary action.  Punishment may include, but is not limited to: extra duty, loss of privileges, job transfer, and removal from work details, confinement in disciplinary housing, isolation, or loss of good or work time credits.

1.   Criminal acts committed or attempted while in custody will be prosecuted.
2.   You must obey verbal orders and instructions given by Sheriff's Department members.
3.   Do not make or have anything that is contraband or could be used as a weapon.
4.   Do not molest, harass, threaten, abuse, or do anything harmful to another inmate, or engage in "horseplay."
5.   Do not alter, deface, destroy or damage County property.
6.   Wristbands must remain attached and be maintained in good condition.
7.   Do not use indecent language or make excessive noise.
8.   You must show respect for all employees. County employees will be addressed as "Mr.," "Officer," "Deputy," or "Ma'am."
9.   Any form of gambling is prohibited.
10.  Money transactions between inmates is prohibited.
11.  Living quarters must be neat and clean at all times.  You will be responsible for your own bunk and the area immediately surrounding it.
12.  Do not talk or move about during count.
13.  You are not allowed to exchange personal belongings or civilian clothing with another inmate at any time.
14.  You must be clean and well groomed at all times, however; barber work will not be permitted except in the barber shop.
15.  Tattooing and body piercing is prohibited.
16.  When leaving the sleeping area, you must be fully dressed.
17.  False claims of illness may result in disciplinary action.
18.  Obey all signs and deadlines.  You may not enter restricted areas.

**Americans with Disabilities Act (ADA)**

The Los Angeles County Sheriff's Department does not discriminate on the basis of disability.  If you believe you require a reasonable accommodation for your disability, you should file a Service Request Form / Inmate Complaint, check the "ADA Box", and indicate the reasonable accommodation you are requesting and why you need it.

Pursuant to the American with Disabilities Act (ADA), the Department has designated an ADA coordinator to carry out this Department's compliance with the non-discrimination requirements of the ADA. Information concerning the provisions of the ADA and this Department's compliance are available from the Department's ADA Unit which can be contacted at this address:

ADA Coordinator
4700 Ramona Boulevard
Room 214 Monterey Park, CA 91754
or
Mon.-Fri. 7 a.m. to 4:30 p.m. at:,
(323) 526-5671, (866) 234-3438, or TTY (323) 260-5291

**American Civil Liberties Union (ACLU) Jail Project Los Angeles**

Based on agreements between the ACLU and the Sheriff's Department in *Rutherford v. Block*, the ACLU monitors certain conditions in all Los Angeles County Jail facilities.  Specifically, conditions refer generally to beds, outdoor and indoor recreation, telephones, meals, cell searches, and change of clothing.

If you wish to contact the ACLU, you may do so at the following address:

ACLU Jails Project

1313 W. 8th Street

Los Angeles, CA 90017

(213) 977-9543

The ACLU does not handle criminal cases, nor is it in a position to give legal advice.

**The Office of Ombudsman**

The Office of Ombudsman is a division of Los Angeles County's Community and Senior Services that provides a professional, neutral, and independent, forum for people who seek answers and solutions to problems.

510 S. Vermont, Suite 215
Los Angeles, CA 90020
213-738-2003
800-801-0030 (Inquiries)
213-637-8662 (FAX)

**Los Angeles Office Of Independent Review (OIR)**

The Office of Independent Review ("OIR") is a civilian oversight group that was created by the Los Angeles County Board of Supervisors.

4900 South Eastern Avenue, Suite 204
Commerce, CA 90040 (323) 890-5425

**Inmate Service/ Complaint Request**

You may submit a complaint or request for service relating to any condition of confinement using the Inmate Complaint/Service Request Form. The procedure for filing is located on the complaint form. All complaints must be submitted to the Sheriff's Department within, the indicated time on the complaint form, of the event upon which the complaint is based, or it will be denied. Appeals of Inmate Complaints must be filed within five (5) days of the response. Notify a staff member to obtain a Complaint/Service Request Form, or you may obtain one at your housing location.

**Classification**

All inmates are classified upon arrival, before being admitted into the general population. The classification system will ensure that you are placed in the appropriate category and physically separated from other categories. You will be housed, according to your classification.

**Medical/Dental Care**

MEDICAL AND DENTAL SERVICES

Medical and Dental services are available to you at each facility, upon request, by contacting one of the medical personnel.  Free HIV and Sexually Transmitted Disease counseling and testing is available upon request.  For any emergency medical complaint, immediately notify a deputy or custody assistant who will summon medical personnel.

NURSE CLINIC AND CO-PAYMENT

For any inmate initiated, non-emergency health care service, a co-payment will be charged and deducted from your inmate account.  To gain access to the Nurse Clinic a sign-up sheet is provided in each housing area.  No inmate will be refused medical treatment based upon their inability to pay. Although you will be treated, unpaid charges will remain on your account indefinitely; and as you receive money, it will be deducted accordingly.

PATIENT RIGHTS

Patients have the right to:

a.      Access to care - Medical/Mental Health treatment will be provided in a reasonable time period and the patient will not be denied medically necessary treatment.

b.      Confidentiality - Patients have the right to be assured of confidential treatment of health records and to approve or refuse the release of information to any individual not involved in that patient's care, except as allowed based on transfer to another health care facility, or as required by law or third party payment contract.

c.      Information - Patients have the right to obtain from the clinician, complete and current information concerning their diagnosis, treatment, and prognosis (if known).  The patient will be afforded the right to discuss treatment options and the information will be communicated in terms that can be reasonably understood.  If it is not medically appropriate to provide such information to the patient, the information shall be provided to the legal authorized representative of the patient.

d.      Abuse – Patients have the right to be free from abuse and any allegations will be reported and investigated in compliance with applicable laws and regulations.

e.      Courtesy and Respect - Patients will be treated with dignity, respect and courtesy at all times.

f.      Health Record - Copies of medical records will be available upon written request and authorization consistent with statutory and case law.

g.      Refusal of Treatment - Each patient has the right to participate in decisions regarding health care and can refuse treatment.  A patient will not be subjected to any procedure without his/her voluntary, informed consent.   If the patient lacks capacity to consent, a representative will be selected based on statute and in accordance with state and federal laws.

h.      Grievance or Complaint Regarding Healthcare - The grievance or complaint will be handled expeditiously.

i.      Interpreter - When a patient does not speak or understand the predominant language, he/she will have access to an interpreter.

j.      Denial or Limitation of Rights - Privileges outlined in Title 15 may be limited or curtailed temporarily by a physician to promote good health and recovery.  Additionally, specialty care items (i.e. durable medical equipment) will be reviewed by a physician and consideration may be given to items that are medically necessary and in the patient's best interest.  Such considerations may not be approved if they are detrimental to security or jeopardize the health and/or safety of the patient or others.


PATIENT RESPONSIBILITIES

Patient responsibilities include:

a.      Being considerate and respectful of others including other patients and health care providers. This includes respecting the privacy and confidentiality of other patient(s).

b.      Provide accurate and complete information regarding present health care concerns, past illnesses, past hospitalizations, medications and other information related to health status.

c.      Communicate honestly and clearly any concerns regarding current health care, and request information or clarification when an explanation is unclear.

d.      Report any changes in condition, failure to improve, or safety concerns which may affect your health.

e.      Comply with agreed upon health care plan including post release follow-up care and treatment.

f.      Refrain from taking illegal drugs, alcohol and/or other patient's medication.

g.      Accept responsibility or consequences for outcomes related to non-compliance with treatment.

h.      Comply with all Los Angeles County Sheriff's Department rules and regulations.


GENERAL HEALTH HABITS

To improve your health and the health of others, please follow this advice:

1.      Wash your hands after using the restroom, before meals, and after coughing or sneezing.

2.      Cover your mouth and nose with a paper tissue when coughing or sneezing. If you do not have a paper tissue, use your sleeve in the elbow area.

3.      Avoid touching your eyes, nose, or mouth.

4.      Drink plenty of water.

5.      Immediately report any wounds, cuts, or "spider bites" to medical personnel.  This may be a skin infection which requires treatment.

6.      Do not share clothing, towels or bedding with other individuals.

7.      Shower often including after exercising.

8.      Get flu vaccine when available.

9.      Avoid placing paper tissue or other foreign objects in your ear canal.  If you have an earache or discharge report to the nurse clinic for treatment.


**Imminent Harm**


If you are aware of specific and immediate threat to your safety or security, you should notify Custody personnel immediately and file a Service Request Form / Inmate Complaint detailing the threat.  If necessary, Sheriff's Department personnel will take appropriate action to protect you.

**Commissary Services**

You are allowed to order a selection of food, stationery, hygiene items, vending cards, and telephone cards once per week from an order form which will be given to you by facility staff members.  Your inmate trust account is debited and the order is delivered to your facility on a designated delivery day by Keefe Commissary personnel.  You are required to verify the contents of your order before you walk away from the delivery person.  Any discrepancies will be handled immediately, with either a credit issued to your account, or the missing item provided (if possible).

**Community Transition Unit**

The mission of the Community Transition Unit is to offer inmate educational, vocational, and other life-skills training programs, and to assist with their successful return into the community.  Correctional staff, public and private community based organizations and programs work together to offer programs and services. Several are listed below.

**Inmate Programs**

Individualized Education Programs

Behavior Modification Programs

Moral Recognition Therapy (MRT)

Adult Basic Education

**Life Skills Programs**

Domestic Violence Prevention

Drug Education

Parent Education

Adults Bonding with Children (ABC)

**Treatment Modules**

Bridges to Recovery Program

Impact Program

Veterans Programs

Maximizing Education Reaching Individual Transformation (MERIT)

**Business Management**

Women Investing in Success Through Education (SMART)

Inmate Commissary

Women in Transition Support (WITS)

Legal Assistance Program (Harriet  Buhai)

**Jail Enterprise Unit**

Bicycle Repair

Plastic bag Manufacturing

Commercial Nursery Operations

Commercial Embroidery

School Lunch Program

Printing Occupations

Inmate Meal Program for Sheriff's Station Jails

**Religious & Volunteer Services**

12-Step Program

A Purpose Driven Life

Friends Outside

God in our Midst Ministries

Funeral/Hospital Visits

Inmate Marriages

Family Outreach Program

**Department of Veterans Affairs**

The United States Department of Veterans Affairs provides case management; and links incarcerated military veterans with the following services: housing, financial benefits, health care, rehabilitation, education, employment, probation support, faith-based referrals, identification, and transportation.

When inmates identify themselves as veterans to Community Transition Unit staff, they will provide them with links to organizations such as U.S. Veterans, Volunteers of America (VOA), New Directions, and a variety of other service providers that can provide case management services.

**Child Support Collaboration**

The purpose of this group is to give information to Los Angeles County inmates with a child-support order. Inmates are responsible for payments even though they usually cannot meet their responsibilities while in custody. Inmates with established support orders are encouraged to initiate the review and adjustment process as soon as possible to modify their support orders to reflect their current circumstances.

**Education Based Incarceration (EBI)**

Education-Based Incarceration is a component of the criminal justice system that is focused on deterring and mitigating crime by investing in its offenders through education and rehabilitation.  By providing substantive and intellectual education in jails, and being supportive rather than punitive in efforts to reduce crime related behavior, the likelihood to recidivate is lowered while success and stability in the community occurs.

Education-Based Incarceration Unit
Offender Services Bureau
Correctional Services Division
Los Angeles County Sheriff's Department
Twin Towers Correctional Facility
450 Bauchet Street, Room E888
Los Angeles, CA 90012
(213) 893-5878

**Religious Services**

All inmates shall have access to religious resources, services, instruction and counseling on a voluntary basis.  All inmates shall be given an opportunity for pursuing any legitimate religious belief or practice within the constraints of security and safety considerations.

**Inmate Programs**

Individualized Education Programs

Behavior Modification Programs

Moral Recognition Therapy (MRT)

Basic Education

**Mental Health**

If you feel like hurting yourself, someone else or committing suicide, or know of someone who is thinking of hurting themselves, **immediately** notify staff member.  We want to help everyone that is feeling suicidal and we want to ensure that you receive the help that you need.

If you want to see a mental health professional, fill out an inmate request form, seal it and place it into the specially identified envelopes for privacy.  The inmate shall then place their booking number on the outside of the envelope, in the designated place and deposit the envelope into the inmate request box.

**Special Education**

If you are between the ages of 18-22 and believe you may be eligible for special education during your time in Los Angeles County jail, you should fill out an Inmate Complaint/Service Request Form and check the box marked "IEP/Special Education". When filling the complaint, include the last school you attended if you know it.

**Right to Physician of Choice**

Female Prisoner's Rights to Services Involving Pregnancy.

You have the right to receive the services of the physician of your choice in order to determine whether you are pregnant.

If you are found to be pregnant, you are entitled to a determination of the extent of the medical services needed and to receive those services from the physician of your choice.

Any expenses occasioned by the services of a physician whose services are not provided by Los Angeles County Sheriff's Department', are your responsibility.

Authority cited: Penal Code Section 4023.6

**Law Library**

All general population inmates may request legal reference materials by submitting an inmate Request Form.  Law Library Kiosk services are available at CRDF and MCJ for all Pro Per inmates.

**Transportation Needs Program**

The Community Transition Unit partners with the International Institute of Los Angeles to provide transportation in the form of Taxi vouchers and Bus tokens to indigent inmates leaving county jail for programs and homeless shelters.

If you would like to receive additional information regarding the Community Transition Unit, or if you would like the assistance of the Community Transition Unit before, during, and after your release, please notify a staff member, or for more information call: (888) 288-9909.

**Over-detention**

If you believe you are being detained in Los Angeles County past your release date, notify Custody staff immediately and file an Inmate Complaint/Service Request Form stating your belief and your expected release date if you know it.

**Wrong Warrants**

If you believe you are being held in Los Angeles County jail because of a warrant issued for another person, you should notify Custody personnel immediately and file a Service Request Form / Inmate Complaint explaining the basis for your belief.

# DRAFT 07/07/2011