PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>SHERMAN BLOCK, et al., <br><br>Defendants. | Case No. CV 75-04111 DDP <br><br>Honorable Dean D. Pregerson <br><br>**STATUS REPORT TO THE COURT FROM THE OFFICE OF INDEPENDENT REVIEW** |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

///

///

///

      Defendants, at the request of Office of Independent Review Chief Advisor Michael Gennaco, hereby submit the attached letter and supporting exhibits pursuant to the Court's July 20, 2011 Order Re: Status Report. (*See*, docket no. 288.)

Dated: August 2, 2011            LAWRENCE BEACH ALLEN & CHOI, PC

                                       By      /s/ Justin W. Clark
                                               Justin W. Clark
                                               Attorneys for Defendants
                                               Sherman Block, et al.



LOS ANGELES COUNTY
## Office of Independent Review

4900 SOUTH EASTERN AVENUE, SUITE 204
COMMERCE, CALIFORNIA 90040
TELEPHONE (323) 890-5425
www.laoir.com

MICHAEL J. GENNACO

BENJAMIN JONES
ROBERT MILLER
JULIE RUHLIN
CYNTHIA L. HERNANDEZ
ANGELICA A. ARIAS

August 1, 2011

The Honorable Dean Pregerson
United States District Court
Central District of California
312 North Spring Street
Los Angeles, California 90012

Dear Judge Pregerson:

    On July 20, 2011, you convened a status conference relating to Rutherford v. Baca, Case No. Civ. 75-04111-DDP. At that conference, a discussion was had about the progress being made by the parties with regard to the development of new policies and practices designed to create a centralized anti-retaliation policy, an improved inmate complaint policy, and other issues that I had outlined in my correspondence to you dated July 19, 2011. During that conference, the parties advised the Court of a remaining issue relating to the emergency complaint procedure, a new subsection of the improved inmate complaint procedure. After the discussion, this Court ordered that the parties convene another meeting to see whether this final issue could be resolved. This Court further requested that the parties report to the Court by August 3, 2011, the results of any such meeting.

    Since that time, the parties have had a number of discussions and correspondence with me, and based on those activities, I am pleased to report that there has been a resolution to this remaining issue. As discussed at the last conference, the issue in contention was whether emergency complaints needed to proceed through the regular inmate complaint appeal process. As indicated, the regular appeal process provides the inmate seven days to appeal any determination and gives the Department fifteen days to respond to the appeal. Under the new language agreed to by the parties, if an inmate is dissatisfied with the resolution of a complaint deemed to be an emergency, the inmate has two days to initiate an appeal and the Department has two days to respond to the appeal. This collapsing of the "appellate" time frame makes sense for those complaints deemed to be an emergency. The emergency complaint section also adds clarifying language about situations in which parts of an inmate complaint are found to be an emergency while others are not and provides separate appellate timetables for those accordingly. The agreed to emergency complaint language is attached to this correspondence as Exhibit A.

    With this agreed upon language to the emergency complaint subsection, the modified inmate complaint policy is now completed. As discussed at the status conference, the inmate complaint process improves the handling of inmate complaints in a number of ways, including:

1

- An express recognition that it is the responsibility of jail staff to ensure inmate complaint forms are available.
- An express requirement that the sergeant and supervising line deputy check each housing location to ensure forms are available and a recordation requirement when the task is completed.
- An express provision indicating that inmates who are unable to complete the written complaint form can complain orally.
- An express provision indicating that complaints that are filed "late" will still be investigated.
- An increase in the appeal time for inmates from five to seven days.

The Office of Independent Review is still working with the parties on other issues raised during these discussions and will continue to respond to other matters that are brought to its attention. As indicated in our previous correspondence, all that has been achieved here could not have been done without the good will and cooperation of all of the parties and participants in the process.

Please contact me if I can provide you with additional information regarding any of these matters. It has been a pleasure assisting the Court in this endeavor.

Very truly yours,

*(signature)*

MICHAEL J. GENNACO
Chief Attorney
Office of Independent Review


Attachments


cc: Leroy D. Baca, Sheriff, Los Angeles County Sheriff's Department
Paul K. Tanaka, Undersheriff, Los Angeles County Sheriff's Department
Cecil W. Rhambo, Assistant Sheriff, Los Angeles County Sheriff's Department
Alexander R. Yim, Chief, Correctional Services Division, Los Angeles County
    Sheriff's Department
Stephen B. Johnson, Commander, Custody Operations Division, Los Angeles County
    Sheriff's Department

cc: Andrea Sheridan Ordin, County Counsel, Office of the County Counsel
Roger Granbo, Assistant County Counsel, Office of the County Counsel

Paul Beach, Attorney, Lawrence Beach Alan and Choi, LLC.
Justin Clark, Attorney, Lawrence Beach Alan and Choi, LLC.

Peter Eliasberg, Legal Director, American Civil Liberties Union

**Emergency Complaints**

Personnel receiving an emergency complaint shall determine if the situation requires immediate action to protect the life or safety of the inmate and, if so, shall take any necessary action pending further investigation. Personnel shall immediately notify their supervisor (Sergeant or above) who shall immediately initiate whatever additional actions may be necessary to address the situation giving rise to the emergency. The supervisor shall also notify the watch commander of the emergency complaint. The watch commander shall make a determination whether the complaint is an emergency and, if so, shall ensure that appropriate action has been taken to resolve the issues giving rise to the emergency. The watch commander will further ensure that a written response is provided to the inmate within five calendar days documenting what action was undertaken to address the situation which gave rise to the emergency. For complaints determined by the watch commander to have constituted an emergency, if the inmate is not satisfied with the action(s) taken to address the situation, the inmate must submit an appeal of the Department's action within two (2) calendar days of receipt of the written response. The watch commander shall make the final determination of the resolution of any appeal within two (2) calendar days of receipt of the appeal.

If any portion of an inmate complaint is treated as an emergency, but if there is another portion of the complaint that is not deemed to be an emergency, the non-emergent portion shall be treated as such and the non-emergent portion of the complaint shall be subject to the general inmate complaint process and deadlines set forth in other sections of this policy. The portion of the complaint that is deemed to be an emergency will proceed on the timelines set forth in the preceding paragraph.

**Exhibit A**