MARK D. ROSENBAUM, SBN 59940
mrosenbaum@aclu-sc.org
PETER ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
JESSICA G. PRICE, SBN 264053
jprice@aclu-sc.org
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
DAVID SHAPIRO
dshapiro@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiffs
(continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, et al, <br> Plaintiffs, <br> v. <br> LEROY BACA, et al., <br> Defendants. | Case No. Civ. 75-04111-DDP <br><br> **SUPPLEMENTAL FILING IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND REQUEST FOR DECISION ON MOTION** <br><br> Motion Submitted December 6, 2010 |

1  MELINDA BIRD, SBN 102236
   melinda.bird@disabilityrightsca.org
2  Disability Rights California
   3580 Wilshire Blvd., Suite 902
3  Los Angeles, California 90010
   Telephone: (213) 355-3605
4  Facsimile: (213) 427-8767

5  Bingham McCutchen LLP
   STEPHEN D. ALEXANDER (SBN 141099)
6  stephen.alexander@bingham.com
   JENNIFER B. MIKOLEVINE (SBN 236745)
7  jennifer.mikolevine@bingham.com
   355 South Grand Avenue, Suite 4400
8  Los Angeles, California 90071-1560
   Telephone: (213) 680-6400
9  Facsimile: (213) 680-6499

10 Bingham McCutchen LLP
   STACY W. HARRISON, SBN 175028
11 stacy.harrison@bingham.com
   1620 26th Street
12 4th Floor, Main Tower
   Santa Monica, California 90404
13 Telephone: (310) 907-1000
   Facsimile: (310) 907-2000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 As Plaintiffs' counsel informed the Court during the status conference on July 20, 2011, they continue to receive inmate reports of retaliation by Sheriff's Department personnel.  Five declarations attesting to these continuing incidents of retaliation are attached.  *See* Exhibit 1, Declaration of Mani Sadri ¶ 22 ("Deputy Carbajal then told me, 'If you contact the ACLU one more time or if I see any letters being sent there, I can open up your cell and say that it was a mistake.  I'll have inmates come into your cell and have them finish you.  Do your time.  Don't complain to anyone if you want to make it out of here alive.'"); Exhibit 2, Declaration of Michael Campbell ¶ 5; (Campbell states that Deputy Banuelos "told me he was going to make my life miserable" shortly after he met with an ACLU representative to discuss his beating by a deputy); Exhibit 3, Declaration of Jason Green ¶¶ 4-20 (a week after Green meets with ACLU, he requests a complaint form and a deputy responds loudly "Why, so you can snitch to the ACLU?" and does not provide him with a complaint form);  *see also* Exhibit 4, Declaration of James Bowman ¶¶ 4-6; Exhibit 5, Declaration of Jon Bobier ¶¶ 5-9.

As Plaintiffs' counsel also explained, Plaintiffs do not believe that the improvements in the LASD's written policies on retaliation and inmate complaints that the Defendants have agreed to after the meetings with Michael Gennaco and others at OIR and Plaintiffs' counsel, are a substitute for the relief Plaintiffs sought in their motion.  Nor would individuals damages actions, which could take more than 4 years to resolve in light of the availability for interlocutory appeals on the grounds of qualified immunity at both the FRCP Rule 12(b)(6) and Rule 56 stage, provide the relief inmates in the jails need to ensure that may communicate with the ACLU without fear of retaliation.  A protective order is designed to "guarantee a fair and meaningful evidentiary hearing and an adequate inquiry into plaintiffs' claims." *Ben David v. Travisono*, 495 F.2d 562, 563 (1st Cir. 1974) (internal quotations omitted)**.**

1 | Accordingly, Plaintiffs respectfully request that the Court decide their motion
2 | for a protective order.[1]

3 | Respectfully Submitted,

5 | s/ Peter Eliasberg
Peter Eliasberg
Counsel for Plaintiffs

---

[1] The Court deemed the matter submitted in its minute order dated December 6, 2010. On March 10, 2011, the Court ordered a hearing on Plaintiffs' ex parte application to vacate submission and hear oral argument on the protective order motion. The Court did not, however, rule on the ex parte application. Accordingly, Plaintiffs believe the motion remains submitted and should be decided promptly. *See* Local Rule 83.9.1 (motions shall be decided "within 120 days after the matter is submitted for decision.").

2