PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. CV 75-04111 DDP |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **DEFENDANTS' RESPONSE AND REQUEST TO STRIKE PLAINTIFFS' SUPPLEMENT TO MOTION FOR PROTECTIVE ORDER REGARDING ALLEGED RETALIATION (DOCKET NO. 290)** |
| SHERMAN BLOCK, et al., | |
| Defendants. | *[Proposed] order filed concurrently herewith* |
| | *[Matter taken under submission on December 6, 2010, Docket No. 266.* |
| | Crtrm:   3 |

TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR

ATTORNEYS OF RECORD:

///

///

///

RUTHERFORD\Req to Strike Supp to Mtn for Prot Order

1    PLEASE TAKE NOTICE that Defendants Sherman Block, et. al.

2  (hereinafter "Defendants") hereby submit the following response and request to

3  strike Plaintiffs' Supplement to their Motion for Protective Order regarding

4  alleged retaliation against inmates by Sheriff's Department personnel (Docket

5  No. 290).

6

7  Dated:  August 12, 2011                LAWRENCE BEACH ALLEN & CHOI, PC

8                                         By____/s/ Justin W. Clark_____

9                                            Justin W. Clark

10                                           Attorneys for Defendants
                                            Sherman Block, et al.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTHERFORD\Req to Strike Supp to Mtn for Prot Order

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2
## I.     Introduction.

3
For the reasons explained below, this Court should strike Plaintiffs'

4
Supplement to their Motion for a Protective Order based on alleged retaliation

5
against inmates by Sheriff's Department personnel ("Retaliation Motion").  In

6
addition, since the ACLU is apparently demanding entry of an order on its

7
Motion, this Court should enter an order denying the Retaliation Motion.

8
## II.    Plaintiffs' "Supplement" Is Contrary To Defendants' And OIR's

9
## Efforts To Resolve Plaintiffs' Claims Regarding Retaliation.

10
On April 22, 2011, this Court held a hearing related to Plaintiffs'

11
Retaliation Motion.  (*See*, Docket No. 284.)  In addition to counsel and

12
representatives from the Sheriff's Department, present at the hearing was the

13
chief attorney for the Office of Independent Review ("OIR"), Michael Gennaco.

14
Despite any legal obligation to do so, but confident that issues could be resolved

15
with Mr. Gennaco's assistance, Defendants agreed to participate in good faith

16
discussions with Plaintiffs about their concerns about retaliation against inmates.[1]

17
Plaintiffs agreed to participate in such discussions.

18
Pursuant to the Court's instructions, Defendants and OIR engaged in

19
months of good faith negotiations with Plaintiffs, spending tens of thousands of

20
dollars and untold amounts of resources in the form of deputy and executive level

21
participation in meetings and policy revisions.  The result of the work by

22
Defendants and OIR are agreements to make substantial changes and

23

24
[1] Importantly, Defendants firmly maintain that there is no credible evidence that

25
any retaliation against inmates has occurred.  As set forth in Defendants'

26
Opposition to the Retaliation Motion, the Sheriff's Department conducted
thorough investigations into Plaintiffs' allegations (those that Plaintiffs had

27
disclosed to Defendants) and no retaliation was found.  (*See*, Docket No. 245,

28
Declaration of Chief Dennis Burns, ¶¶ 10 – 13.)  OIR reviewed and signed off on
the results of each of these investigations.

1

improvements to the Sheriff's Department's Treatment of Inmates and Inmate Grievance / Service Request policies (and associated forms), and the creation of a comprehensive informational pamphlet to be provided to all inmates regarding their incarceration - the Inmate Roadmap to Custody.  All of these documents have been provided to or shown to the Court and Plaintiffs approved of them, without ever indicating that a ruling on the Retaliation Motion would still be necessary.  (*See*, Docket No. 286.)

Following the submission of a report from Mr. Gennaco detailing the substantial work completed by Defendants and OIR, the Court held a status conference on July 20, 2011.  At this conference, for the first time, despite all of the money spent, the meetings held, and the hours of work performed, Plaintiffs informed the Court and Defendants that they were requesting that the Court rule on the Retaliation Motion and that all of the above-referenced work, while "admirable", was not enough.  Again, during months of negotiations, Plaintiffs never informed Defendants that they would later insist on a ruling of their Motion.  Had Plaintiffs disclosed this, frankly, Defendants would have had little incentive to make agreements for changes of any kind.[2]

Now, in violation of the Local Rules and in dereliction of the ACLU's role as a monitor of conditions in Los Angeles County jail, Plaintiffs seek to "supplement" their Retaliation Motion and a request for decision thereon.  As set forth below, this Court should strike the Supplement (as it consists largely of untimely declarations from inmates that could have and should have been

---

[2] This does not suggest that if the Court had asked, that Defendants would not have participated in discussions or made agreements for revisions; however, it begs the question: why would Defendants agree to revise the Treatment of Inmates policy to specifically address retaliation if that very significant effort (and the subsequent training) would not resolve the issue?  This was and remains Defendants' expectation.

1   disclosed to the Court and Defendants months ago), and deny the Retaliation

2   Motion.

3   **III.    Most Of The Inmate Declarations In Plaintiffs' Supplement Could**

4   **Have And Should Have Been Disclosed Months Ago.**

5           There is no excuse or justification for Plaintiffs' failure to disclose the

6   declarations in their Supplement until now and, unfortunately, the lack of a timely

7   disclosure of information from the ACLU has been a continuing problem.  Rather

8   than informing the Sheriff's Department regarding the specifics of inmates claims

9   so that they could be immediately investigated and remedied, if necessary, the

10  ACLU has elected not to disclose any information until there is a strategic reason

11  to do so.  Here, that strategy was apparently to prevent Defendants from having

12  an opportunity to investigate and respond to the declarations filed in support of

13  their Supplement.  Most of the declarations predate even the first meeting with

14  Mr. Gennaco and yet counsel for Plaintiffs never said a word about additional

15  claims of retaliation during months of meetings, much less produced the

16  declarations or disclosed the identities of the declarants.[3]  If the ACLU is going to

17  act as an effective monitor of jail conditions, they should promptly bring issues to

18  the attention of the Sheriff's Department, as compared to springing them on

19  Defendants when it best suits their agenda.

20          While there is no way Defendants can provide a substantive response here

21  to the declarations in the Supplement (as a direct result of Plaintiffs' delay),

22  Defendants can represent to the Court that the claims in the declarations, as with

23  any claim of retaliation or other deputy misconduct, will be thoroughly

24  investigated by the Sheriff's Department, with the investigation and the results

25

26

27  _____

    [3] It is Defendants' understanding that Plaintiffs also never disclosed them to OIR.

28

3

1   being reviewed and approved by OIR.  As always, if any employee misconduct is

2   found, appropriate disciplinary action can and will be taken.

3   **IV.   Since Plaintiffs Insist On Entry Of An Order On Their Motion, This**

4   **Court Should Deny The Retaliation Motion.**

5           Regardless of whether this Court elects to strike Plaintiffs' Supplement,

6   this Court should deny the Retaliation Motion.  First, the Motion is contrary to

7   applicable law and not supported by credible, admissible evidence.[4]  Second,

8   entry of any order other than one denying the Motion is completely unnecessary

9   considering, as the Court has noted on a number of occasions, that inmates who

10  claim to have been retaliated against are free to bring individual damages

11  actions.[5]  Third, as described in great detail in Defendants' opposition papers to

12  the Retaliation Motion, entry of Plaintiffs' proposed injunction would be very

13  damaging to the safe and secure operation of the Los Angeles County jail

14  system.[6]

15  ///

16  ///

17  ///

18

19

20

_____

21  [4] As briefed in the Declaration of Dennis Burns, Defendants were prohibited from

22  disclosing the specific facts associated with the Sheriff's Department's

23  investigations into Plaintiffs' claims of retaliation.  If the Court, *in camera*, would
    like to review them or discuss them with Chief Burns or OIR, then Defendants do

24  not object.

25
    [5] The Court has also noted that these types of claims are more appropriate for

26  redressing retaliation claims as compared to seeking class-wide relief.

27
    [6] A full explanation of such consequences is set forth in the Declaration of Chief

28  Burns, Docket No. 245.

1    **V.      <u>Conclusion</u>.**

2           Based on the above, this Court should enter the Proposed Order submitted

3    concurrently herewith, striking Plaintiffs' Supplement and denying the Retaliation

4    Motion.  Defendants object to entry of any order on the Retaliation Motion that

5    goes beyond the language of the Proposed Order.

6

7    Dated:  August 12, 2011              LAWRENCE BEACH ALLEN & CHOI, PC

8

9                                   By _____/s/ Justin W. Clark_____

10                                      Justin W. Clark

11                                      Attorneys for Defendants
                                        Sherman Block, et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5