MARK ROSENBAUM (SBN 59940)
mrosenbaum@aclul-sc.org
PETER J. ELIASBERG (SBN 189110)
peliasberg@aclu-sc.org
JESSICA G. PRICE (SBN 264053)
jprice@aclu-sc.org
ACLU FOUNDATION OF
      SOUTHERN CALIFORNIA
1313 West Eight Street
Los Angeles, California 90017
Tel: (213) 977-9500
Fax: (213) 250-3919

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
DAVID SHAPIRO
dshapiro@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiff
(other attorneys on next page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dennis Rutherford, et al.<br><br>                              Plaintiff,<br><br>        vs.<br><br>Sheriff Leroy Baca et al.,<br><br>                              Defendants. | ) Case No.  Civ. 75-04111-DDP<br>)<br>) ***EX PARTE* APPLICATION FOR**<br>) **ORDER CONTINUING DATE OF**<br>) **EVIDENTIARY HEARING**<br>)<br>)<br>)<br>)<br>)<br>) |

MELINDA BIRD, SBN 102236
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone:  (213) 355-3605
Facsimile:  (213) 427-8767

Bingham McCutchen LLP
STEPHEN D. ALEXANDER (SBN 141099)
stephen.alexander@bingham.com
JENNIFER B. MIKOLEVINE (SBN 236745)
jennifer.mikolevine@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California  90071-1560
Telephone:  (213) 680-6400
Facsimile:  (213) 680-6499

Bingham McCutchen LLP
STACY W. HARRISON, SBN 175028
stacy.harrison@bingham.com
1620 26th Street
4th Floor, Main Tower
Santa Monica, California 90404
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

Plaintiffs file this *ex parte* application to continue the evidentiary hearing on Plaintiffs' Motion for Protective Order from October 13, 2011 to the week of October 24, 2011. Defendants have refused to stipulate to a continuance until the week of October 24 and stated that they oppose this application.

## I.   Relevant Procedural History

Plaintiffs filed this Motion for a Protective Order on October 8, 2010 and noticed the motion for hearing on November 8, 2010. Shortly thereafter Defendants requested, and Plaintiffs agreed to, a stipulation to continue the hearing on the matter for three weeks, until November 29, 2010, which this Court granted. (Docket Nos. 229 & 230). Shortly thereafter, the Court granted a joint stipulation to continue the hearing to December 6, 2010 the same day as Plaintiff's Motion to Compel Responses to First Set of Requests for Production of Documents was to be heard.

At the hearing, there was no discussion of, and the Court asked no questions about the protective order motion. The same day, the Court issued a Minute Order stating that the protective order and motion to compel had been heard and submitted. (Docket No. 266).

On December 15, 2010, Plaintiffs filed an ex parte application to vacate submission of the Motion for a Protective Order and to hold a hearing on the motion on January 11, 2011 (Docket Nos. 267, 269). On March 10, 2011, the Court issued a Minute Order (277), setting a hearing for Plaintiff's Ex Parte Application to Vacate the Submission of Plaintiff's Motion for a Protective Order for March 24, 2011, but not vacating submission of the Motion. The Court subsequently issued two minute orders continuing the previously set hearing dates on the motion. (Docket Nos. 267, 269).

On September 23, 2011, the Court entered an Order setting an evidentiary hearing for October 13, 2011 (Docket Number 293).

-2-

On September 27, 2011, Defendants sent Plaintiffs; counsel a letter  by e-mail stating: "[B]y noon on Friday, September 30, 2011, please provide Defendants with a list identifying the witnesses Plaintiffs intend to call, the order in which they will be called, and an estimate as to the amount of time for each witness' direct testimony.  Simultaneously, please also provide a list of exhibits Plaintiffs intends to introduce into evidence at the hearing along with copies thereof."  Declaration of Peter Eliasberg Exhibit A (September 27, 2011 letter from Clark to Eliasberg).   Nowhere in the letter did Defendants indicate when, if at all, they were prepared to turn over to Plaintiffs a witness and exhibit list.  *Id.*

On October 4, 2011, Plaintiffs' counsel notified Mr. Clark by email that Plaintiffs were trying to assemble their witness list but had not completed it in part because of the difficulty of coordinating the availability of witnesses. Plaintiffs' counsel further stated, "At this point, it is clear, however, that we will not be able to do the evidentiary hearing on October 13, 2011," and asked Mr. Clark to stipulate to a request to the Court that the hearing be moved, and suggested the week of October 24.  *See* Eliasberg Decl. Exhibit B (October 4, 2011 email from Eliasberg to Clark).

On October 5, 2011 Mr. Clark sent a letter by e-mail stating he declined to stipulate to an extension of time from October 13 to the week of October 24, and would agree to no more than a seven-day extension, to October 20, 2011, and then only on condition that Plaintiffs would first produce their witness and document list.  He cited as reasons for refusing to stipulate to the requested continuance that 1) Plaintiffs' accusations of retaliation were "baseless"; 2) Plaintiffs had had a year to prepare for the hearing; and 3)  Plaintiffs had not complied with Defendants demand that Plaintiff produce their witness and exhibit list. Eliasberg Decl. Exhibit C ( October 5, 2011 Letter From Justin Clark to Peter Eliasberg).

On October 5, 2011, Mr. Eliasberg responded to Mr. Clark by email, reminding him that Plaintiffs had many times stipulated at Defendants' request to extensions of time, including Mr. Clark's request for a three-week extension of time for Defendants' response to Plaintiffs' motion for a protective order, the very motion now pending an evidentiary hearing.  Mr. Eliasberg also pointed out the applicable portion of the Guidelines of the U.S. District Court for the Central District of California on Civility and Professionalism, including the provision that counsel will not attach to extensions unfair or extraneous conditions.    Mr. Eliasbeg also notified Mr. Clark that we would have to seek a continuance ex parte if he refused to stipulate to the requested continuance.  See Eliasberg Exhibit D, (October 5, 2011 email from Eliasberg to Clark).

On October 6, 2011, Mr. Eliasberg received a letter from Mr. Clark via email, again rejecting Plaintiffs' request for a continuance of the hearing to the week of October 24,2011.  Mr. Clark reaffirmed Defendants' position that they would not agree to a continuance of the hearing beyond seven calendar days --that is, from October 13, 2011 to October 20, 2011, and then only if Plaintiffs would first provide a witness list and exhibits list, which Mr. Clark stated was necessary "to comply with the law."  See Eliasberg Decl. Exhibit E (October 6, 2011 letter from Clark to Eliasberg).

Mr. Eliasberg promptly responded to Mr. Clark's letter with an email stating that Plaintiffs would be pleased to exchange witness lists with Defendants, and asking when Defendants wished to exchange lists.  He also stated that because Defendants were standing by their position of opposing our request of a continuance from October 13 to the week of the 24th, Plaintiffs would file an ex parte motion requesting a continuance.  *See* Eliasberg Decl. Exhibit F (October 6, 2011 email from Eliasberg to Clark).

Shortly thereafter, Mr. Clark responded with an e-mail stating that he would not produce a witness list until after Plaintiffs had produced theirs, and that such

-4-

sequenced disclosures was "basic procedure under the Federal Rules."  See Eliasberg Decl. Exhibit G (October 6, 2011 e-mail from Clark to Eliasberg).

Mr. Eliasberg promptly responded to Mr. Clark's e-mail stating that he was not aware of any local or federal rule that called for sequenced disclosure of witnesses and directed Mr. Clark's attention to Local Rules 16-2, 16-4, and 16-5 and FRCP 23(a)(3)(A)(1), all of which provide for simultaneous disclosure of witness and exhibit lists.  Mr. Eliasberg asked Mr. Clark to direct him to authority that supported Mr. Clark's assertion that it was "basic procedure under the Federal Rules" that Plaintiffs were required to produce their witness list to Defendants prior to Defendants' having any obligation to produce theirs.   Eliasberg Decl. Exhibit H.

As of 6:15 pm on October 6, 2011, Mr. Clark had not responded, much less provided authority that supported his insistence that the law required Plaintiffs to provide their witness list first.    Eliasberg Decl. ¶ 13.

## II.   Argument

Pursuant to Local Rule 7-19, Plaintiffs file this Ex Parte Application for an continuance of the evidentiary hearing on Plaintiffs' Motion for a Protective Order until the week of October 24.  Plaintiffs have contacted Defendants' counsel about this application, and Defendants' counsel has stated that he opposes this application  *See* Local Rule 7-19.1 and Exhibit 1 (Declaration of Peter Eliasberg ¶¶ 6-13 and Exhibits C-G ).  His contact information is as follows:

Justin Clark
Lawrence Beach Allen & Choi  PC
100 West Broadway, Suite 1200
Glendale, CA 91210
818-545-1925
jclark@lbaclaw.com

Plaintiffs files the application because they are still working to coordinate the availability of fact and expert witnesses for an evidentiary hearing.  Eliasberg Decl. ¶ 4.  This process is complicated by the fact that a number of the potential

witnesses Plaintiffs are interested in calling are no longer in the Los Angeles County jails, and Plaintiffs are still trying to locate them.  *Id.*

Defendants' refusal to stipulate to an extension is difficult to understand for three reasons.  First, Plaintiffs stipulated to Defendants' request for a three-week continuance to file their opposition to this motion (Docket No. 229).  Plaintiffs did not attempt to impose any conditions on the stipulation, nor did they agree to stipulate only to a continuance shorter than the one defendants requested.

Second, Defendants' opposition is inconsistent with this Court's Guidelines on Civility and Professionalism.  Even though this is Plaintiffs' first request for a continuance on the evidentiary hearing, Defendants have refused to agree to the reasonable continuance Plaintiffs are seeking.  *See* Civility and Professionalism Guidelines Section B.2.4. ("Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines.") (available at http://www.cacd.uscourts.gov/cacd/AttyAdm.nsf/cbc47d4fc6b05ae0882567c20075c55c/f8fb3292453bd42d882567c80058c22a?OpenDocument)

The Guidelines also provide:  "We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for receiving reciprocal scheduling concessions."  Civility and Professionalism Guidelines Section B.2.6. Yet Defendants are attempting to impose conditions on their willingness to stipulate on a shorter extension than Plaintiffs have requested.   Specifically, they are demanding that Plaintiffs produce to them a list of witnesses and exhibits *before* Defendants do the same.[1]  While Defendants contend that this sequencing is

---

[1]      Plaintiffs have made clear that they will be pleased to exchange witness lists with Defendants.  But Defendants insist that they are entitled to obtain Plaintiffs' witness list before they provide they provide theirs.  And, even if Plaintiffs were to agree to Defendants' condition, Defendants are not willing to agree to the reasonable continuance Plaintiffs seek, but only a shorter one.

-6-

"basic procedure under the Federal Rules," Eliasberg Decl. ¶¶ 9, 11.  Defendants are incorrect.  The provisions of the local and Federal Rules of Civil Procedure that address disclosure of witnesses and exhibit lists call for the simultaneous exchange of this information.  See Central District Local Rules 16-2, 16-4, 16-5 and FRCP 23(a)(3)(A)(1)FRCP.  In other words, Defendants are conditioning their stipulating to an extension on their obtaining a tactical advantage that they would not otherwise be entitled to.

Third, Defendants cannot show any prejudice that would stem from a continuance of approximately two weeks.  They are not seeking to extricate themselves from an order or other legal obligation that they are currently under.  Nor have they even suggested that there is some witness who will only be available on the date they insist on, rather than during the week of October 24, 2001.

**III.   Conclusion**

For these reasons, Plaintiff respectfully requests that the Court issue an order continuing the evidentiary hearing on Plaintiffs' Motion for Protective Order until the week of October 24, 2011.

Respectfully submitted,
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA

ACLU NATIONAL PRISON PROJECT

DISABILITY RIGHTS CALIFORNIA

BINGHAM McCUTCHEN LLP

Dated: October 6, 2011       By:      _____/s/_____
                                      Peter J. Eliasberg
                                      Attorney for Plaintiff

-7-