MARK ROSENBAUM (SBN 59940)
mrosenbaum@aclul-sc.org
PETER J. ELIASBERG (SBN 189110)
peliasberg@aclu-sc.org
JESSICA G. PRICE (SBN 264053)
jprice@aclu-sc.org
ACLU FOUNDATION OF
     SOUTHERN CALIFORNIA
1313 West Eight Street
Los Angeles, California 90017
Tel: (213) 977-9500
Fax: (213) 250-3919

MARGARET WINTER*
mwinter@npp-aclu.org
ERIC G. BALABAN*
ebalaban@npp-aclu.org
DAVID SHAPIRO
dshapiro@npp-aclu.org
National Prison Project of the ACLU
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
*Not admitted in D.C.; practice limited to federal courts

Attorneys for Plaintiff
(other attorneys on next page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Dennis Rutherford, et al.

                               Plaintiff,

          vs.

Sheriff Leroy Baca et al.,

                               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  Civ. 75-04111-DDP

**DECLARATION OF PETER
ELIASBERG IN SUPPORT OF
PLAINTIFFS' *EX PARTE*
APPLICATION FOR ORDER
CONTINUING DATE OF
EVIDENTIARY HEARING**

1   MELINDA BIRD, SBN 102236
    melinda.bird@disabilityrightsca.org
2   Disability Rights California
    3580 Wilshire Blvd., Suite 902
3   Los Angeles, California 90010
    Telephone:  (213) 355-3605
4   Facsimile:  (213) 427-8767

5   Bingham McCutchen LLP
    STEPHEN D. ALEXANDER (SBN 141099)
6   stephen.alexander@bingham.com
    JENNIFER B. MIKOLEVINE (SBN 236745)
7   jennifer.mikolevine@bingham.com
    355 South Grand Avenue, Suite 4400
8   Los Angeles, California  90071-1560
    Telephone:  (213) 680-6400
9   Facsimile:  (213) 680-6499

10  Bingham McCutchen LLP
    STACY W. HARRISON, SBN 175028
11  stacy.harrison@bingham.com
    1620 26th Street
12  4th Floor, Main Tower
    Santa Monica, California 90404
13  Telephone: (310) 907-1000
    Facsimile: (310) 907-2000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PETER ELIASBERG

I, Peter Eliasberg, declare the following under penalty of perjury, pursuant to 28 U.S.C. § 1745

1.      I am the legal director of the ACLU Foundation of Southern California, and I am co-lead counsel for the *Rutherford* Plaintiffs, together with Margaret Winter of the ACLU National Prison Project.

2.      October 8, 2010, Plaintiffs filed a Motion for a Protective Order (Doc. No. 228).

3.      On September 23, 2011, the Court entered an Order setting an evidentiary hearing for October 13, 2011 (Doc. No.  293).

4.      Since Plaintiffs' motion had been filed nearly a year earlier, Plaintiffs' counsel could not immediately determine which civilian and expert witnesses could make themselves available to testify at an evidentiary hearing only three weeks from the date of the Order, and Plaintiffs began their efforts to confer with their experts to determine their availability dates and to locate inmate and other witnesses.   In addition, some of the members of the Plaintiff class who have filed declarations attesting to Defendants' retaliating against them for communicating with the ACLU are no longer in Los Angeles County Jail, and Plaintiffs' counsel are trying to locate them.

5.      On September 27, 2011, Defendants' counsel Justin W. Clark sent me a letter via email stating, "[B]y noon on Friday, September 30, 2011, please provide Defendants with a list identifying the witnesses Plaintiffs intend to call, the order in which they will be called, and an estimate as to the amount of time for each witness' direct testimony.  Simultaneously, please also provide a list of exhibits Plaintiffs intends to introduce into evidence at the hearing along with copies thereof."  See Exhibit A, September 27, 2011 letter from Clark to Eliasberg, filed herewith.

6.      On October 4, 2011, I notified Mr. Clark by email that Plaintiffs were

1   trying to assemble their witness list but had not completed it in part because of the

2   difficulty of coordinating the availability of witnesses. I further stated, "At this

3   point, it is clear, however, that we will not be able to do the evidentiary hearing on

4   October 13, 2011," and asked Mr. Clark to stipulate to a request to the Court that

5   the hearing be moved, and suggested the week of October 24. See Exhibit B,

6   (October 4, 2011 email from Peter Eliasberg to Justin Clark).

7        7.    On October 5, 2011, Mr. Clark responded by emailed letter stating

8   that he declined to stipulate to an extension of time from October 13 to the week

9   of October 24, and would agree to no more than a seven-day extension, to October

10  20, 2011, and then only on condition that Plaintiffs would first produce their

11  witness and document list.  He cited as reasons for refusing to stipulate to the

12  requested continuance that 1) Plaintiffs' allegations were "baseless"; 2) Plaintiffs

13  had had a year to prepare for the hearing; and 3)  Plaintiffs had not complied with

14  Defendants demand that Plaintiff produce their witness and exhibit list.   See

15  Exhibit C, (October 5, 2011 Letter From Justin Clark to Peter Eliasberg).

16       8.    On October 5, 2011, I responded to Mr. Clark by email, reminding

17  him that Plaintiffs had many times stipulated at Defendants' request to extensions

18  of time, including Mr. Clark's request for a three-week extension of time for

19  Defendants' response to Plaintiffs' motion for a protective order, the very motion

20  now pending an evidentiary hearing.  I also pointed out the applicable portion of

21  the Guidelines of the U.S, District Court for the Central District of California on

22  Civility and Professionalism, including the provision that counsel will not attach

23  to extensions unfair or extraneous conditions.    I notified Mr. Clark that we would

24  have to seek a continuance ex parte if he refused to stipulate to the requested

25  continuance. See Exhibit D, (October 5, 2011 email from Peter Eliasberg to Justin

26  Clark).

27       9.    On October 6, 2011, I received a letter from Mr. Clark via email,

28  again rejecting Plaintiffs' request for a continuance of the hearing to the week of

October 24.  Mr. Clark reaffirmed Defendants' position that they would not agree to a continuance of the hearing beyond seven calendar days --that is, from October 13, 2011 to October 20, 2011, and then only if Plaintiffs would first provide a witness list and exhibits list, which Mr. Clark stated was necessary "to comply with the law."  See Exhibit E (October 6, 2011 letter from Clark to Eliasberg).

10.    I promptly responded to Mr. Clark's letter with an email stating that Plaintiffs would be pleased to exchange witness lists with Defendants, and asking when Defendants wish to exchange lists.  I also stated that because Defendants were standing by their position of opposing our request of a continuance from October 13 to the week of the 24th, Plaintiffs would file an ex parte motion requesting a continuance.   See Exhibit F (October 6, 2011 email from Eliasberg to Clark).

11.    Shortly thereafter, Mr. Clark responded with an e-mail stating that he would not produce a witness list until after Plaintiffs had produced theirs, and that such sequenced disclosures was "basic procedure under the Federal Rules."  See Exhibit G (October 6, 2011 e-mail from Justin Clark to Peter Eliasberg).

12.    I promptly responded to Mr. Clark's e-mail stating that I was not aware of any local or federal rule that called for sequenced disclosure of witnesses and directed his attention to L.R. 16-2, 16-4, 16-5 and FRCP 23(a)(3)(A)(1), all of which provided for simultaneous disclosure of witness and exhibit lists.  I asked Mr. Clark to direct me to authority that supported his position that it was "basic procedure under the Federal Rules" that Plaintiffs had to produce their witness list to Defendants prior to Defendants' having any obligation to produce theirs. Exhibit H (e-mail from Peter Eliasberg to Justin Clark)

\ \ \

\ \ \

\ \ \

\ \ \

13.     As of 6:15 pm on October 6, 2011, Mr. Clark had not responded, much less provided authority that supported his insistence that the law required Plaintiffs to provide their witness list first.

I declare under penalty of perjury that the foregoing is true and correct. Executed October 6, 2011 in Los Angeles California.


_____/s/_____

Peter Eliasberg

Exhibit A

**Peter Eliasberg**

| | |
|---|---|
| **From:** | Justin W. Clark [JClark@lbaclaw.com] |
| **Sent:** | Tuesday, September 27, 2011 2:29 PM |
| **To:** | Peter Eliasberg |
| **Cc:** | Debbie Ard |
| **Subject:** | Rutherford v. Block - October 13, 2011 Evidentiary Hearing |
| **Attachments:** | Eliasberg 09-27-11 re witness list for evidentiary hearing.pdf |

Dear Peter:

Please see the attached letter.  Thank you.

Justin W. Clark

LAW OFFICES OF
ALLEN & CHOI

100 West Broadway, Suite 1200
Glendale, California 91210-1219
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail: JClark@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.



ATTORNEYS AT LAW

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

September 27, 2011

**VIA EMAIL**

Peter Eliasberg, Esq.
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, CA 90017

      Re:    <u>Rutherford, et al. v. Block, et al.</u>
              U.S.D.C. Case No. CV 75-04111 DDP

Dear Peter:

      In preparation for the evidentiary hearing scheduled for October 13, 2011 in the above-referenced matter, by noon on Friday, September 30, 2011, please provide Defendants with a list identifying the witnesses Plaintiffs intend to call, the order in which they will be called, and an estimate as to the amount of time for each witness' direct testimony.  Simultaneously, please also provide a list of exhibits Plaintiffs intend to introduce into evidence at the hearing along with copies thereof.

      Provision of the above information and documents is necessary for the hearing to proceed in an orderly and efficient manner.  Thank you for your anticipated cooperation.

                         Very truly yours,

                         LAWRENCE BEACH ALLEN & CHOI, PC

                         /s/ Justin W. Clark

                         Justin W. Clark

Exhibit B

**Peter Eliasberg**

| | |
|---|---|
| **From:** | Peter Eliasberg |
| **Sent:** | Tuesday, October 04, 2011 1:30 PM |
| **To:** | 'Justin W. Clark' |
| **Cc:** | 'Winter, Margaret'; Esther Lim |
| **Subject:** | RE: Rutherford v. Block - October 13, 2011 Evidentiary Hearing |

Justin, we are still trying to put together a witness list, but have not completed it, in part because it is very difficult to coordinate availability of all the witnesses we plan to call.

At this point, it is clear, however, that we will not be able to do the evidentiary hearing on October 13, 2011. Accordingly, I wanted to check to make sure that you will agree to a stipulated request to the Court asking that the date of the hearing be moved a little bit. Right now it looks like the week of October 24 is the one that is likely to work best for us. What is you and your clients' availability that week?

Sincerely,
Peter Eliasberg

> **From:** Justin W. Clark [mailto:JClark@lbaclaw.com]
> **Sent:** Tuesday, September 27, 2011 2:29 PM
> **To:** Peter Eliasberg
> **Cc:** Debbie Ard
> **Subject:** Rutherford v. Block - October 13, 2011 Evidentiary Hearing
>
> Dear Peter:
>
> Please see the attached letter. Thank you.
>
> Justin W. Clark
>
> LAWRENCE BEACH
> ALLEN CHOI
>
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219
> Phone: (818) 545-1925
> Fax: (818) 545-1937
> E-mail: JClark@lbaclaw.com
> http://www.lawrencebeach.com
>
> This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

Exhibit C

**Peter Eliasberg**

| | |
|---|---|
| **From:** | Justin W. Clark [JClark@lbaclaw.com] |
| **Sent:** | Wednesday, October 05, 2011 12:34 PM |
| **To:** | Peter Eliasberg |
| **Cc:** | Paul Beach |
| **Subject:** | Rutherford v. Block - Response to Request for Continuance of Evidentiary Hearing |
| **Attachments:** | Eliasberg 10-5-11 re resp to req for cont.pdf |

Peter:

Please see the attached letter. Thank you.

Justin W. Clark

LAWRENCE BEACH
ALLEN & CHOI

100 West Broadway, Suite 1200
Glendale, California 91210-1219
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail: JClark@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.



LAWRENCE BEACH | ATTORNEYS AT LAW
| ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

October 5, 2011

**VIA EMAIL**

Peter Eliasberg, Esq.
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, CA 90017

Re:  Rutherford, et al. v. Block, et al.
U.S.D.C. Case No. CV 75-04111 DDP

Dear Peter:

The following is in response to your e-mail from yesterday afternoon.

The ACLU has been making baseless accusations of inmate retaliation against the Sheriff's Department for more than a year. The ACLU's retaliation motion has been pending for almost a year. The Court entered its Order setting the October 13, 2011 evidentiary hearing on September 23, 2011, 12 days ago. And, despite Defendants' request, the ACLU has still not provided either a witness list or its exhibits so that Defendants are ensured their constitutional right to a fair trial. So, there is little, if any, reason why Defendants should agree to Plaintiffs' request for an extension of time as a result of their unspecific inability to prepare their case.

Notwithstanding the above, and in a good faith effort to accommodate you and your clients, Defendants will agree to a one-week continuance of the proceedings (to October 20, 2011) if, and only if, Plaintiffs: 1) provide Defendants with their exhibit list, exhibits, and witness list (in the order they are expected to be called, with time estimates for each witness' direct testimony) by 9 a.m. tomorrow morning; and 2) agree that any continuance does not waive or prejudice any rights Defendants have to object or seek to exclude any of Plaintiffs' evidence.



Peter Eliasberg
Re: <u>Rutherford, et al. v. Block, et al.</u>
October 5, 2011
Page 2

Please advise how you would like to proceed.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

/s/ Justin W. Clark

Justin W. Clark

Exhibit D

## Peter Eliasberg

| | |
|---|---|
| **From:** | Peter Eliasberg |
| **Sent:** | Wednesday, October 05, 2011 4:36 PM |
| **To:** | 'Justin W. Clark' |
| **Cc:** | David Shapiro; Eric Balaban; Esther Lim (elim@aclu-sc.org); Jessica Price; Margaret Winter; Melinda Bird; MikoLevine, Jennifer B.; Peter Eliasberg; Stacy Weinstein Harrison (stacy.harrison@bingham.com) |
| **Subject:** | FW: Rutherfor v. Block - Plaintiffs' Motion for Protective Order |
| **Attachments:** | Stipulation to cont hearing on Plaintiffs Mtn for Prot Order.doc; 229.STIP.DCT.OPC.re Continuing Hrg on PO (10-10-14).pdf |

Justin, I find your response perplexing in light of the numerous of times we have given you extensions on various deadlines in this case. Indeed, we agreed to a three week extension of time for you to respond to our protective order motion.

I am also surprised that you have chosen to call our allegations baseless, when at the time you were pleading for a three-week extension, you stated "*I understand and appreciate the seriousness of the allegations raised in Plaintiffs' Motion*, but, quite frankly, I need some additional time to be able to adequately respond to Plaintiffs' Motion." (emphasis added).

Moreover, I doubt that the Court believes these allegations are baseless since it has chosen to hold an evidentiary hearing on the matter, even though no party requested on.

If you do not intend to extend the same accommodations and courtesies that we have repeatedly extended to you, we will seek a continuance from the Court and make clear that you were unwilling to work with us to resolve this scheduling issue amicably.

In considering your response, you might want to consider the portion of the Civility and Professionalism Guidelines from the United States District Court for the Central District of California that address scheduling:

Scheduling

We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel, where it is possible to do so without prejudicing the client's rights. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the court to use the previously reserved time for other matters.

Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant

1

reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

We will not request an extension of time solely for the purpose of **unjustified** delay or to obtain a tactical advantage.

We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for receiving reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

Given your previous requests for extensions and the fact that there is no pending obligation on your client that might be removed through this evidentiary hearing, I find it hard to see how your response our request for a brief continuance is consistent with the Court's guidelines. Nor is your attempt to impose all sorts of conditions on your willingness to stipulate to an extension consistent with the Central District Guidelines.

Sincerely,
Peter Eliasberg

**From:** Justin W. Clark [mailto:JClark@lbaclaw.com]
**Sent:** Wednesday, October 13, 2010 3:43 PM
**To:** Peter Eliasberg
**Subject:** RE: Rutherfor v. Block - Plaintiffs' Motion for Protective Order

Peter:

Thank you very much. I appreciate your consideration and best wishes. Attached for your review and signature is a stipulation for the continuance. If it looks ok, please sign it and send it back. I will get it filed and will prepare a proposed order to match. Again, thanks very much.

Justin

Justin W. Clark

[illegible]

100 West Broadway, Suite 1080
Glendale, California 91210-1200
Phone: (818) 548-1925
Fax: (818) 545-1937
jclark@

This email message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly

2

prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

**From:** Peter Eliasberg [mailto:peliasberg@ACLU-SC.ORG]
**Sent:** Wednesday, October 13, 2010 3:34 PM
**To:** Justin W. Clark
**Subject:** RE: Rutherfor v. Block - Plaintiffs' Motion for Protective Order

Justin, Plaintiffs agree to the three-week extension you requested. However, as a minor note, I believe that – at most – one declaration that we filed with the protective order motion was not included in either our Annual Report filed with the Court in May and served on you contemporaneously, or in our Interim Report, filed with the Court on September 10, 2010 and served on you contemporaneously.

I wish you and your wife the best on the birth of your second child.
Sincerely,
Peter Eliasberg

> **From:** Justin W. Clark [mailto:JClark@lbaclaw.com]
> **Sent:** Wednesday, October 13, 2010 2:27 PM
> **To:** Peter Eliasberg
> **Subject:** FW: Rutherfor v. Block - Plaintiffs' Motion for Protective Order
>
> Peter:
>
> I know I requested a short turnaround time for a response; however, I need to know whether Plaintiffs will agree to the relief requested below. If I do not hear from you shortly, please be advised that I plan to file an application for relief this afternoon. If I don't hear back from you, my declaration will simply indicate that I requested the relief from you, but that I didn't hear back from you before the application had to be filed. Sorry for putting your feet to the fire, but I need to seek relief if Plaintiffs aren't going to agree.
>
> Justin

> **From:** Justin W. Clark
> **Sent:** Wednesday, October 13, 2010 11:19 AM
> **To:** 'Peter Eliasberg'
> **Subject:** Rutherfor v. Block - Plaintiffs' Motion for Protective Order
>
> Peter:
>
> The purpose of this email is to request some additional time to prepare Defendants' Opposition papers to Plaintiffs' Motion for a Protective Order ("Plaintiffs' Motion") filed last week. As you already know, my wife is pregnant and she is literally due any day. As a result, I have been fairly tied up with family matters, which has placed considerable limitations on my schedule. In addition, I also have several other active class action cases that have required my attention in the limited time I do have. Further, based on my review of the papers, some of the declarations appear to be new which will require some investigation by the Sheriff's Department. Ordinarily, Paul would pick up my slack; however, he is tied up working on a separate case with a significant filing deadline next week.
>
> I understand and appreciate the seriousness of the allegations raised in Plaintiffs' Motion, but, quite frankly, I need some additional time to be able to adequately respond to Plaintiffs' Motion. Accordingly, if Plaintiffs would agree to a three-week extension of the hearing date and associated briefing schedule on Plaintiffs' Motion, I would very much appreciate it. If we can't reach some agreement on this (and hopefully, we

can), because of the above, I will have to seek ex parte relief from the Court.  I really don't want to seek relief so hopefully we can work something out, but if we can't, please be advised that I will file an application as early as this afternoon.  Please let me know ASAP whether Plaintiffs will agree to an extension.  Thanks in advance.

-   Justin

Justin W. Clark

LAWRENCE BEACH     ALLEN & CHOI PC

100 West Broadway, Suite 1200
Glendale, California 91210-1201
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail:

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

Exhibit E

**Peter Eliasberg**

| | |
|---|---|
| **From:** | Justin W. Clark [JClark@lbaclaw.com] |
| **Sent:** | Thursday, October 06, 2011 8:58 AM |
| **To:** | Peter Eliasberg |
| **Cc:** | Paul Beach |
| **Subject:** | Rutherford - resp to 10-5 email |
| **Attachments:** | Eliasberg 10-6-11 re resp to email re cont.pdf |

Peter:

Please see the attached letter. Thank you.


Justin W. Clark

LAWRENCE BEACH
ALLEN & CHOI, PC

100 West Broadway, Suite 1200
Glendale, California 91210-1219
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail: JClark@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

# LAWRENCE BEACH

## ATTORNEYS AT LAW

## ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

October 6, 2011

**VIA EMAIL**

Peter Eliasberg, Esq.
ACLU Foundation of Southern California
1313 W. 8th Street
Los Angeles, CA 90017

      Re:   <u>Rutherford, et al. v. Block, et al.</u>
                U.S.D.C. Case No. CV 75-04111 DDP

Dear Peter:

      I have neither the time nor the desire to detail all of the inaccuracies in your email from yesterday; however, a response is necessary to some of your assertions.

      First, Defendants have agreed to give Plaintiffs almost everything that they requested – a delay from the 13th to the 20th (rather than the 24th). Second, all Defendants have asked Plaintiffs to do is comply with the law—provide standard witness and exhibit information which is long overdue. Plaintiffs have had sufficient time since the Court set the October 13, 2011 hearing to be able to, at a minimum, provide a list of witnesses Plaintiffs plan to call and the exhibits Plaintiffs plan to introduce. You apparently believe that Plaintiffs get to ambush Defendants with their evidence, but this is not what due process requires. Also, your statement that "there is no pending obligation on your client that might be removed through this evidentiary hearing" is nonsensical, if not patently false. Third, Defendants have also merely asked Plaintiffs to acknowledge that by granting Plaintiffs a requested accommodation, Defendants should not be prejudiced thereby. There should be no reason why Plaintiffs would not agree to this very basic term in exchange for their requested continuance.

LAWRENCE BEACH   ATTORNEYS AT LAW
ALLEN & CHOI · PC

Peter Eliasberg
Re:  Rutherford, et al. v. Block, et al.
October 6, 2011
Page 2

      In conclusion, Defendants' offer still stands.  Please advise how Plaintiffs would like to proceed.

                                        Very truly yours,

                                        LAWRENCE BEACH ALLEN & CHOI, PC

                                        /s/ Justin W. Clark

                                        Justin W. Clark

Exhibit F

**Peter Eliasberg**

| | |
|---|---|
| **From:** | Peter Eliasberg |
| **Sent:** | Thursday, October 06, 2011 11:01 AM |
| **To:** | 'Justin W. Clark' |
| **Subject:** | Response to your e-mail/letter |

Justin,

We don't think we see your point that we must provide you with a witness list without your providing a witness list to us, which you have not done, nor offered to do.  But we're of course pleased to *exchange* witness lists with you; please let us know when you wish to do that.

Because you stand by your position of opposing our request of a continuance from October 13 to the week of the 24th, we'll go ahead with our ex parte application for a continuance.

Sincerely,

Peter Eliasberg

Exhibit G

**Peter Eliasberg**

| | |
|---|---|
| **From:** | Justin W. Clark [JClark@lbaclaw.com] |
| **Sent:** | Thursday, October 06, 2011 11:16 AM |
| **To:** | Peter Eliasberg |
| **Cc:** | Paul Beach |
| **Subject:** | RE: Response to your e-mail/letter |

Peter:

I can't tell you who the Defendants are going to call because I don't know who Plaintiffs are going to rely upon in their case in chief. Once Plaintiffs disclose their witnesses, then Defendants can determine who they need to call to rebut Plaintiffs' evidence. This is basic procedure under the Federal Rules. Until Plaintiffs comply with their obligations, Defendants cannot prepare their defense. You know that. For the third time, we respectfully request that Plaintiffs disclose to Defendants their witnesses, the order in which they intend to call them, and a time estimate for each witnesses direct testimony. Plaintiffs' continuing refusal to comply with their obligations is prejudicing Defendants' ability to prepare their defense. This is a flagrant violation of Defendants' rights to due process and a fair trial.

Lastly, if Plaintiffs proceed with filing an *ex parte* application, please attach this email as an exhibit.

Justin Clark

**From:** Peter Eliasberg [mailto:peliasberg@ACLU-SC.ORG]
**Sent:** Thursday, October 06, 2011 11:01 AM
**To:** Justin W. Clark
**Subject:** Response to your e-mail/letter

Justin,
We don't think we see your point that we must provide you with a witness list without your providing a witness list to us, which you have not done, nor offered to do. But we're of course pleased to *exchange* witness lists with you; please let us know when you wish to do that.

Because you stand by your position of opposing our request of a continuance from October 13 to the week of the 24th, we'll go ahead with our ex parte application for a continuance.
Sincerely,
Peter Eliasberg

Exhibit H

## Peter Eliasberg

**From:** Peter Eliasberg
**Sent:** Thursday, October 06, 2011 12:59 PM
**To:** 'Justin W. Clark'
**Subject:** RE: Response to your e-mail/letter

Justin, I am reviewing the local and federal rules that govern disclosure of witnesses and see none that require that the plaintiff submit a witness list to defendants before defendants are required to provide theirs to defendants. In fact, it appears that the obligation is contemporaneous. See, e.g., L.R. 16-2, 16-4, 16-5 and FRCP 23(a)(3)(A)(1). Indeed, LR 16-2 requires parties to disclose them at required meeting prior to the pretrial conference. Thus, the rule provides that they disclose witness as the same time.

I would appreciate your pointing me towards the rule or rules that constitute the "basic procedure under the Federal Rules" that you are referring to, ie., the rules that you believe provide the plaintiffs must disclose witnesses to the defendants before the defendants provide plaintiffs with their witness list.

Peter Eliasberg

> **From:** Justin W. Clark [mailto:JClark@lbaclaw.com]
> **Sent:** Thursday, October 06, 2011 11:16 AM
> **To:** Peter Eliasberg
> **Cc:** Paul Beach
> **Subject:** RE: Response to your e-mail/letter
>
> Peter:
>
> I can't tell you who the Defendants are going to call because I don't know who Plaintiffs are going to rely upon in their case-in-chief. Once Plaintiffs disclose their witnesses, then Defendants can determine who they need to call to rebut Plaintiffs' evidence. This is basic procedure under the Federal Rules. Until Plaintiffs comply with their obligations, Defendants cannot prepare their defense. You know that. For the third time, we respectfully request that Plaintiffs disclose to Defendants their witnesses, the order in which they intend to call them, and a time estimate for each witnesses direct testimony. Plaintiffs' continuing refusal to comply with their obligations is prejudicing Defendants' ability to prepare their defense. This is a flagrant violation of Defendants' rights to due process and a fair trial.
>
> Lastly, if Plaintiffs proceed with filing an *ex parte* application, please attach this email as an exhibit.
>
> - Justin Clark

> **From:** Peter Eliasberg [mailto:peliasberg@ACLU-SC.ORG]
> **Sent:** Thursday, October 06, 2011 11:01 AM
> **To:** Justin W. Clark
> **Subject:** Response to your e-mail/letter
>
> Justin,
> We don't think we see your point that we must provide you with a witness list without your providing a witness list to us, which you have not done, nor offered to do. But we're of course pleased to *exchange* witness lists with you; please let us know when you wish to do that.
>
> Because you stand by your position of opposing our request of a continuance from October 13 to the week of the 24[th], we'll go ahead with our ex parte application for a continuance.
> Sincerely,
> Peter Eliasberg