1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  JUSTIN W. CLARK, State Bar No. 235477
   jclark@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendants

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DENNIS RUTHERFORD, et al.,      ) Case No. CV 75-04111 DDP
                                   )
12                                 ) Honorable Dean D. Pregerson
           Plaintiffs,             )
13                                 ) **DEFENDANTS' PARTIAL**
                                   ) **OPPOSITION TO PLAINTIFFS'**
14    vs.                          ) ***EX PARTE* APPLICATION FOR**
                                   ) **ORDER CONTINUING**
15                                 ) **EVIDENTIARY HEARING;**
   SHERMAN BLOCK, et al.,          ) **MEMORANDUM OF POINTS AND**
16                                 ) **AUTHORITIES AND**
                                   ) **DECLARATION OF JUSTIN W.**
17         Defendants.             ) **CLARK IN SUPPORT THEREOF**
                                   )
18                                 )

19

20      TO THE COURT, ALL INTERESTED PARTIES AND THEIR

21 ATTORNEYS OF RECORD:

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

RUTHERFORD\OPP TO EPA-cont evidentiary hearing

PLEASE TAKE NOTICE that Defendants hereby submit the following Partial Opposition to Plaintiffs' *Ex Parte* Application for an order continuing the October 13, 2011 evidentiary hearing regarding alleged retaliation ("the Application").

Dated: October 7, 2011        LAWRENCE BEACH ALLEN & CHOI, PC

By    /s/   Justin W. Clark
        Justin W. Clark
        Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      Introduction.

By this Application, Plaintiffs seek to continue the evidentiary hearing regarding alleged retaliation against inmates by Sheriff's Department personnel. The hearing is presently set for October 13, 2011 and Plaintiffs want to continue it to October 24, 2011. As set forth in greater detail below, Plaintiffs have not established good cause for *ex parte* relief and, for several additional reasons, this Application should be denied to the extent that it seeks an extension beyond October 20, 2011.

## II.     Relevant Procedural History Plaintiffs' Application Fails To Include.

Plaintiffs' statement of the relevant procedural history leaves out several material facts. First, nowhere do Plaintiffs mention the months of work that went into revising LASD policies and procedure relevant to the treatment of inmates. (*See*, Docket Nos. 286, 289.) Instead, Plaintiffs' Application suggests that nothing happened with respect to Plaintiffs' claims of retaliation between March and September, 2011. (*Id*.) Second, Plaintiffs fail to mention that after the Court set the October 13, 2011 hearing, Plaintiffs filed almost a 1,000 pages of documents as part of the American Civil Liberties Union's ("ACLU") "Report on Men's Central Jail." (*See*, Docket Nos. 294, 295.) Plaintiffs further fail to mention that, as part of the release of this "report" to the public, the ACLU embarked on a media campaign calling for the resignation of Sheriff Baca.

This Court set the October 13, 2011 hearing in an Order dated September 23, 2011. (*See*, Docket No. 293.) This Order gave the parties three weeks to prepare. (*Id*.) Given the limited amount of time before the hearing date, on September 27 (the Tuesday after the Court set the hearing), Defendants sent Plaintiffs a simple letter requesting that Plaintiffs identify those witnesses

Plaintiffs intended to call at the hearing.[1]  (Declaration of Justin W. Clark ("Clark") at ¶ 2; *see also*, Plaintiffs' Exhibit "A" – September 27, 2011 letter from Justin W. Clark to Peter Eliasberg, via email.)  The reason for Defendants' request was, as explained in greater detail below, Defendants have no way of identifying their necessary rebuttal witnesses until Plaintiffs disclose the witnesses they intend to call.  (*Id.*)  Defendants gave Plaintiffs a week from the Court's September 23, 2011 Order, until September 30, 2011, to identify their witnesses and disclose them and their exhibits to Defendants.  (*Id.*)  Defendants got no response from Plaintiffs until a full week later, on October 4, 2011, when Plaintiffs informed Defendants (a full 10 days after the Court set the October 13, 2011 hearing), when Plaintiffs claimed without any detail that they needed an extension.  (*Id.*)

**III.   It Is Impossible For Defendants To Identify Their Rebuttal Witnesses Until Plaintiffs Inform Defendants Of The Witnesses Plaintiffs Intend To Call.**

Defendants have requested three times that Plaintiffs identify their witnesses.  (*See*, Exhibits to Plaintiffs' Application.)  So far, Plaintiffs have refused to do so.  (*Id*.)  Despite Plaintiffs' assertion that Defendants made this request to obtain a tactical advantage, the truth is that Defendants have no means of identifying their rebuttal witness until Plaintiffs disclose whom they will call.  (*Id.*)  Defendants presume that Plaintiffs intend to call present and former inmates of the Los Angeles County jail system to testify about incidents of claimed

---

[1] Plaintiffs' Application is mostly devoted to disparaging Defendants' counsel.  Defendants will not respond thereto; the parties' communications speak for themselves.  **It is worth mentioning that of the seven (7) page memorandum Plaintiffs filed, only two sentences are devoted to detailing why Plaintiffs cannot proceed on October 13, 2011.**  (Plaintiffs' Application, 5:26 – 6:2.)  This does not demonstrate good cause.

4

RUTHERFORD\OPP TO EPA-cont evidentiary hearing

retaliation at the hands of specific Sheriff's Department personnel. The Sheriff's Department has approximately 16,000 personnel[2] and without knowing whom Plaintiffs intend to call, Defendants have no way of identifying (much less contacting and preparing) witnesses necessary for the Sheriff's Department's defense.[3] This is the one and only reason Defendants requested that Plaintiffs identify their witnesses – so that Defendants can identify (and disclose) their witnesses and prepare to put on a defense.

**IV.   Plaintiffs Have Had Ample Opportunity To Identify Their Witnesses. Have More Than Enough Lawyers To Prepare, And Offer Little, If Any, Justification For Needing An Extension.**

Plaintiffs essentially seek more time to prepare for the October 13, 2011 hearing. For several reasons specific to preparation (as compared to this Application as a whole), this Court should deny Plaintiffs' request. First, Plaintiffs' Motion has been pending for more than a year and at the last status conference on April 22, 2011 (more than five (5) months ago), Plaintiffs once again requested that this Court set an evidentiary hearing. At an absolute minimum, Plaintiffs have had five months to prepare and if they were not prepared to conduct the hearing they demanded, then they never should have asked for it.

---

[2] Certainly not all 16,000 personnel have been involved in alleged incidents of retaliation. However, without knowing Plaintiffs' inmate witnesses, given the number of inmate declarations, the number could be in the hundreds. Regardless of whether the Court grants Plaintiffs a continuance or not, this Court should also order Plaintiffs to disclose their witnesses, the order in which they will be called, and a time estimate, so that Defendants can determine and then identify theirs. This is the only means that Defendants' rights to due process and a fair trial can be preserved. To rule otherwise would essentially license Plaintiffs to conduct a trial by ambush.

Second, this Court already gave Plaintiffs three (3) weeks' notice of the hearing and Plaintiffs have no less than 10 attorneys from three separate law firms as counsel. Defendants find it hard to imagine how 10 lawyers working for three weeks could not properly prepare for the subject hearing.

Third, during the time Plaintiffs should have been preparing their case for the hearing, Plaintiffs were instead filing their most recent report regarding Men's Central Jail (which is almost 1,000 pages in length) and aggressively litigating their case in the press. Perhaps if Plaintiffs had focused on preparation for the evidentiary hearing, then Plaintiffs would not need the continuance sought in this Application.

Lastly, Plaintiffs offer virtually no explanation of their efforts to locate and contact witnesses. **In fact, Plaintiffs offer a single paragraph in a declaration from counsel regarding their efforts to contact witnesses and only two sentences in their entire memorandum.** In vague and conclusory fashion, Plaintiffs state that "counsel could not immediately determine which civilian and expert witnesses could make themselves available to testify at an evidentiary hearing…" and also offer a conclusory statement regarding unidentified difficulties in locating other witnesses. (*See*, Declaration of Peter Eliasberg, ¶ 4.) Plaintiffs offer no details of their efforts to locate witnesses or the status of such efforts. Defendants are in the dark on the number of the witnesses Plaintiffs intend to call; however, Defendants find it difficult to believe that Plaintiffs have no idea whom they intend to call and Plaintiffs' vague statements of having unidentified difficulties contacting witnesses is not sufficient to establish good cause warranting *ex parte* relief.

//
//

---

[3] In addition, depending on whom Plaintiffs' identify, Defendants may need to move to exclude certain witnesses.

## VI. Defendants Do Not Oppose A Modest Continuance, But Defendants Cannot Agree To The Continuance Requested By Plaintiffs Because Of Trials In Other Matters.

In spite of the above, Defendants do not oppose a reasonable continuance of the October 13, 2011 hearing to October 20, 2011. Plaintiffs seek a continuance to October 24, 2011; however, Defendants could not agree to this date (and oppose this Application to the extent it seeks a continuance past October 20) because of trials in other matters. (*See*, Clark Decl., ¶ 4.) Specifically, as this Court knows, Defendants' counsel, Paul B. Beach and Justin W. Clark, are the attorneys primarily responsible for handling this case for Defendants. However, their current trial calendars prevent them from conducting an evidentiary hearing in this case on October 24, and for several weeks thereafter:

- o On October 24, 2011 (the date sought by Plaintiffs in their Application), both Mr. Clark and Mr. Beach are scheduled to appear at the Pretrial Conference in the matter of *Garcia v. LASD*, U.S.D.C CV 09-08943 VBF-SH (a certified class action for injunctive relief against the County, the State of California, and various other agencies associated with the provision of special education services in County jail);
- o Later that same week, Mr. Beach is obligated to participate in a state court administrative proceeding, which will continue into the following week; and,
- o On November 8, 2011, both Mr. Beach and Mr. Clark shall begin the trial in the *Garcia* matter, which is scheduled to last 9 to 10 court days.[4]

---

[4] This date is firm because the parties recently sought a continuance, which was denied by the Court.

RUTHERFORD\OPP TO EPA-cont evidentiary hearing

1   Because of these trial dates, in an effort to accommodate Plaintiffs,
2 Defendants agreed to a continuance (and do not oppose a continuance) to October
3 20, 2011; however, because of the above, Defendants oppose a lengthier
4 extension.

## VII.  Conclusion.

As set forth above, Defendants do not oppose a short continuance, but oppose a continuance beyond October 20, 2011 because of trials scheduled in other matters.  In addition, regardless of whether this Court grants or denies this Application, it should order Plaintiffs to promptly inform Defendants of their witnesses, the order in which they will be called, and a time estimate for direct examination.  A reasonable period of time thereafter, Defendants can disclose the same information to Plaintiffs.

Dated:  October 7, 2011                LAWRENCE BEACH ALLEN & CHOI, PC


By     /s/   Justin W. Clark
       Justin W. Clark
       Attorneys for Defendants

# **DECLARATION OF JUSTIN W. CLARK**

I, Justin W. Clark, declare as follows:

1.  I am an attorney at law, duly authorized to practice before this Court and I am an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for the Defendants in this matter. I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2.  The Court set the October 13, 2011 hearing in an Order dated September 23, 2011. This Order gave the parties three weeks to prepare. Given the limited amount of time before the hearing date, on September 27, (the Tuesday after the Court set the hearing), I sent counsel for Plaintiffs a letter asking them to identify those witnesses they intended to call at the hearing. The reasons for Defendants' request was, as explained below, Defendants cannot identify and prepare their rebuttal witnesses until Plaintiffs disclose the witnesses they intend to call on direct. Defendants gave Plaintiffs a week from the Court's September 23, 2011 Order, until September 30, 2011, to disclose their witnesses to Defendants. Defendants got no response from Plaintiffs until a week later, October 4, 2011.

3.  Plaintiffs' Application is mostly devoted to disparaging Defendants' counsel. I will not respond to these assertions; the parties' communications speak for themselves. One particular issue is also worth noting: in regards to Plaintiffs' counsel references to an extension I requested to respond to Plaintiffs' original Motion, they fail to mention that I requested the extension only because my wife gave birth to my second child shortly after their Motion was filed.

//
//

4. In spite of the above, Defendants do not oppose a continuance of the October 13, 2011 hearing to October 20, 2011. Plaintiffs seek a continuance to October 24, 2011. However, defense counsel's current trial calendars prevent us from conducting an evidentiary hearing in this case on October 24, and for several weeks thereafter:

- On October 24, 2011 (the date Plaintiffs seek via their Application), both Mr. Beach and I are scheduled to appear at the Pretrial Conference in the matter of *Garcia v. LASD, et al.*, U.S.D.C CV 09-08943 VBF-SH (a certified class action for injunctive relief against the County, the State of California, and various other agencies associated with the provision of special education services in County jail);
- Later that same week, Mr. Beach is obligated to participate in a state court administrative proceeding, which will continue into the following week; and,
- On November 8, 2011, both Mr. Beach and I shall begin the trial in the *Garcia* matter, which is scheduled to last 9 to 10 court days.

5. Because of these trial dates, in an effort to accommodate Plaintiffs, Defendants agreed to a continuance (and do not oppose a continuance) to October 20, 2011; however, because of the above, Defendants oppose a lengthier extension.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 7, 2011, at Glendale, California.

　　　　　　　　　　　　　　　　　　_____/s/ Justin W. Clark_____
　　　　　　　　　　　　　　　　　　Justin W. Clark

RUTHERFORD\OPP TO EPA-cont evidentiary hearing