1   MARK ROSENBAUM (SBN 59940)
    mrosenbaum@aclu-sc.org
2   PETER J. ELIASBERG (SBN 189110)
    peliasberg@aclu-sc.org
3   JESSICA G. PRICE (SBN 264053)
    jprice@aclu-sc.org
4   ACLU FOUNDATION OF
        SOUTHERN CALIFORNIA
5   1313 West Eight Street
    Los Angeles, California 90017
6   Tel: (213) 977-9500
    Fax: (213) 250-3919
7
    MARGARET WINTER*
8   mwinter@npp-aclu.org
    ERIC G. BALABAN*
9   ebalaban@npp-aclu.org
    DAVID SHAPIRO
10  dshapiro@npp-aclu.org
    National Prison Project of the ACLU
11  915 15th Street NW, 7th Floor
    Washington, D.C. 20005
12  Telephone:  (202) 393-4930
    Facsimile:  (202) 393-4931
13  *Not admitted in D.C.; practice limited to federal
    courts
14
    Attorneys for Plaintiff
15  (other attorneys on next page)

16

17              UNITED STATES DISTRICT COURT

18        FOR THE CENTRAL DISTRICT OF CALIFORNIA

19

20

| 21 | Dennis Rutherford, et al. | ) | Case No.  Civ. 75-04111-DDP |
|---|---|---|---|
| 22 | | ) | **REPLY IN SUPPORT OF** |
| | Plaintiff, | ) | **PLAINTIFF'S *EX PARTE*** |
| 23 | | ) | **APPLICATION TO CONTINUE** |
| | vs. | ) | **DATE OF EVIDENTIARY** |
| 24 | | ) | **HEARING** |
| | Sheriff Leroy Baca et al., | ) | |
| 25 | | ) | |
| | Defendants. | ) | |
| 26 | _____ | ) | |

27

28

MELINDA BIRD, SBN 102236
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone:  (213) 355-3605
Facsimile:  (213) 427-8767

Bingham McCutchen LLP
STEPHEN D. ALEXANDER (SBN 141099)
stephen.alexander@bingham.com
JENNIFER B. MIKOLEVINE (SBN 236745)
jennifer.mikolevine@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California  90071-1560
Telephone:  (213) 680-6400
Facsimile:  (213) 680-6499

Bingham McCutchen LLP
STACY W. HARRISON, SBN 175028
stacy.harrison@bingham.com
1620 26th Street
4th Floor, Main Tower
Santa Monica, California 90404
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

1
2
3

I.    ARGUMENT

      **A.**      **Plaintiffs Have Never Insisted that the Hearing be Held on October 24, 2011 or on Any Date that Conflicts with Defendants' Schedule**.

4

5

6

7

Defendants' opposition to Plaintiffs' ex parte application for a continuance suggests that Plaintiffs have insisted on continuing the evidentiary hearing to October 24, 2011, or perhaps a day in the week of October 24, 2011, and no other time.  That is incorrect.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

When plaintiffs first contacted Mr. Clark about an extension, they stated "October 24 is the [week] that is likely to work best for us.  What is you and your clients' availability that week?"  Declaration of Peter Eliasberg In Support of Plaintiffs' Ex Parte Application for a Continuance, Exhibit B.  Nothing in the e-mail soliciting Defendants availability for *that week*, was intended to convey that Plaintiffs would *only* agree to participate in a hearing that week.   If Mr. Clark had wanted to tell Plaintiffs that the week of October 24, 2011 would not work for his clients, he could have done so.  Instead, he responded by insisting that he would only agree to a one-week continuance because 1) Plaintiffs' allegations of retaliation were "baseless," 2) Plaintiffs had filed their  motion a year ago; and 3) Plaintiffs had not acceded to Defendants' demand that they unilaterally provide a witness list to Defendants.  Eliasberg Decl. Exhibit C.   At no time, did Defendants suggest that they were willing to agree only to a continuance to October 20, 2011 because that was the only date that their schedule would allow.

22

23

24

25

26

In their Opposition, Defendants also state that Plaintiffs "sought" a hearing "[o]n October 24, 2011 in their Application."  Defendants' Opposition at 7.  In fact, Plaintiffs stated in their Application that they were seeking a continuance of the hearing "from October 13, 2011 to *the week of*  October 24, 2011."  Plaintiffs' Ex Parte Application at 1 (emphasis added).

27

28

Defendants' Opposition also does not explain why the week of the 24th does not work for them, thus justifying their insistence on a hearing on October 20.  They

1  state that they have a pretrial conference on October 24 and that "[l]ater that same

2  week, Mr. Beach is obligated to participate in a state

3  court administrative proceeding." Defendants' Opposition at 7.  Their Opposition

4  does not state the date on which the administrative hearing begins or whether it will

5  take Mr. Beach out of commission for all of the four remaining days of the week of

6  October 24, 2011.

7          If, however, Defendants are unable to do a hearing any day during the week

8  of October 24, 2011, Plaintiffs are more than willing to accommodate their trial

9  schedule if that means that the hearing must take place sometime in November.

10  This accommodation is consistent with Plaintiffs' previous willingness to grant

11  Defendants a three-week continuance to respond to this Motion, at Mr. Clark's

12  request. *See* Eliasberg Dec. Exhibit D and Docket No 229.        Given that the

13  motion was filed more than a year ago, Plaintiffs believe that it is vastly preferable

14  to hold the hearing on a schedule that works for all the parties and the Court, rather

15  than Defendants' insisting that it be held on a date that is acceptable only to them.

16  Such accommodation of schedules by the parties is exactly what is called for by this

17  Court's Guidelines on Civility and Professionalism.

18
19          **B.      Defendants' Contention that Plaintiffs Must Produce their
                    Witness List to Defendants Prior to Defendants' Doing So is
                    Baseless, and Contemporaneous Exchange Will Not Bar**
20          **Subsequent Designation of Rebuttal Witnesses**.

21          In addition, Defendants' insistence that Plaintiffs' alleged failure unilaterally

22  to provide them with Plaintiffs' witness list is preventing them from being able to

23  designate their rebuttal witnesses is incorrect.   Plaintiffs have no objection to

24  Defendants' designating their rebuttal witnesses a reasonable time after the parties

25  exchange the list of witnesses they expect to call in their cases-in-chief.  Indeed,

26  Plaintiffs expect that they too will want to designate rebuttal witnesses once they

27  see Defendants' witness list.   In other words, the fact that each party may have

28  rebuttal witnesses undermines Defendants' insistence that they are entitled to force

-2-

1  Plaintiffs to produce a witness list first, and that they are entitled to hold stipulating

2  to a continuance hostage to that demand.

3  **II.    CONCLUSION**

4        For the foregoing reasons, Plaintiffs respectfully request that the Court grant

5  Plaintiffs' ex parte application and set the hearing for a date that works for all

6  parties during the week of October 24, 2011 or in November, 2011.

7

8                              Respectfully submitted,

9                              ACLU FOUNDATION OF
                               SOUTHERN CALIFORNIA

10                             ACLU NATIONAL PRISON PROJECT

11                             DISABILITY RIGHTS CALIFORNIA

12                             BINGHAM McCUTCHEN LLP

13

14  Dated: October 7, 2011     By:    _____/s/_____
                                      Peter J. Eliasberg
15                                    Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -3-