1   PETER ELIASBERG, SBN 189110
    peliasberg@aclu-sc.org
2   JESSICA G. PRICE, SBN 264053
    jprice@aclu-sc.org
3   MARISOL ORIHUELA SBN 261375
    morihuela@aclu-sc.org
4   ACLU Foundation of Southern California
    1313 W. 8th Street
5   Los Angeles, California 90017
    Telephone: (213) 977-9500
6   Facsimile: (213) 977-5297

7   MARGARET WINTER
    mwinter@npp-aclu.org
8   ERIC G. BALABAN*
    ebalaban@npp-aclu.org
9   National Prison Project of the ACLU
    915 15th Street NW, 7th Floor
10  Washington, D.C. 20005
    Telephone: (202) 393-4930
11  Facsimile: (202) 393-4931
    *Not admitted in D.C.; practice limited to federal courts

12

13  Attorneys for Plaintiffs
    (continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, et al, ) | Case No. Civ. 75-04111-DDP |
| Plaintiffs, ) | |
| ) | **SECOND SUPPLEMENTAL FILING IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| v. ) | |
| LEROY BACA, et al., ) | |
| Defendants. ) | Motion Submitted December 6, 2010 |
| _____ ) | |

MELINDA BIRD, SBN 102236
melinda.bird@disabilityrightsca.org
Disability Rights California
3580 Wilshire Blvd., Suite 902
Los Angeles, California 90010
Telephone: (213) 355-3605
Facsimile: (213) 427-8767

Plaintiffs submitted their Motion for a Protective Order more than sixteen months ago, but the Court has not yet decided it. In anticipation of the upcoming status conference on the Motion, Plaintiffs submit the attached declarations of Nancy Briseno, David Eiler, Alex Rosas,[1] and Michael Sanchez to show that 1) the problem with retaliation against inmates, including retaliation for communicating with the ACLU, has continued in the sixteen months since their Motion was submitted;[2] and 2) Defendants are not abiding by the policies that were negotiated in the summer of 2011 during a series of meetings between the parties, coordinated by Michael Gennaco of the Office of Independent Review. *See* Declaration of Nancy Briseno ¶ 6 ("I could tell the box [for inmate complaints] was full . . . As of two weeks later, on March 23, the box had still not been emptied."), ¶ 10 ("My own request for grief counseling was not dealt with at that point, and at this point nobody has spoken with me about it."), ¶ 12; Declaration of David Eiler ¶ 11

---

[1] Mr. Rosas's declaration was also filed with the Court along with Plaintiffs' September 2011 Annual Report (Document 294, filed 10/12/2011).

[2] Plaintiffs' counsel informed the Court during the status conference on July 20, 2011, that they continue to receive inmate reports of retaliation by Sheriff's Department personnel. On August 5, 2011, Plaintiffs filed five additional declarations about retaliation with the Court. *See* Supplemental Filing in Support of Plaintiffs' Motion for Protective Order and Request for Decision on Motion attached Exhibits 1-5 (Document 290, filed 8/5/2011 (Declaration of Mani Sadri ¶ 22 ("Deputy Carbajal then told me, 'If you contact the ACLU one more time or if I see any letters being sent there, I can open up your cell and say that it was a mistake. I'll have inmates come into your cell and have them finish you. Do your time. Don't complain to anyone if you want to make it out of here alive.'"); Declaration of Michael Campbell ¶ 5; (Campbell states that Deputy Banuelos "told me he was going to make my life miserable" shortly after he met with an ACLU representative to discuss his beating by a deputy); Declaration of Jason Green ¶¶ 4-20 (a week after Green meets with ACLU, he requests a complaint form and a deputy responds loudly "Why, so you can snitch to the ACLU?" and does not provide him with a complaint form); *see also* Declaration of James Bowman ¶¶ 4-6; Declaration of Jon Bobier ¶¶ 5-9)).

1

("Sergeant Price told me … 'things would be a lot better if I did not file a complaint.'"), ¶¶ 12-14, ¶¶ 35-38 ("She was very angry and starting yelling at me saying 'why didn't you come to us about this?' and 'don't send stuff to the ACLU, fill out an inmate request form.' When I asked her for a form however, she refused to give me one."); ¶ 39 ("Sergeant Shrout … threw the inmate request form that I had filled out regarding books that had not been delivered to me in my face. Then she told me they were not going to help me and that I should stop filling out complaint forms."), ¶¶ 40-43; Declaration of Alex Rosas ¶¶ 12-13, ¶ 23 ("I asked Deputy Reza if I could get a complaint form. Deputy Reza told me, 'You don't get complaint forms in the hole.'"), ¶ 24; Declaration of Michael Sanchez ¶¶ 10-11; ¶ 32 ("[Deputy Bearer] elbowed me hard on my ribs twice and said, "This is for whining and complaining to the sergeant about us."); ¶ 33, ¶ 36, ¶ 39 ("[Deputy Reza] said to me, 'You better not do anything with those people or you're going to bring a lot of trouble to you.' I know he was referring to my visit with the ACLU because I had not met with any other people that day."), ¶ 49.

Plaintiffs have already requested a ruling on the motion on the ground that it had been submitted for more than 120 days without decision. *See* Supplemental Filing in Support of Plaintiffs' Motion for Protective Order and Request for Decision on Motion at n.1 (Document 290, filed 8/5/2011 )(citing Local Rule 83.9.1). They do not believe an evidentiary hearing is necessary because the only evidence Defendants submitted to respond to the substance of Plaintiffs' Motion, which was contained in the declaration of Dennis Burns, was neither probative nor admissible. *See* Plaintiffs' Reply Brief in Support of Protective Order (Document 256 at 5-7); Plaintiffs' Evidentiary Objections to the Declaration of Chief Burns (Document 258, filed 11/22/2010). Given the time that has passed since the Motion was submitted and the continued serious allegations of retaliation, a ruling on this Motion is imperative.

\ \ \

1  However, if the Court does schedule an evidentiary hearing on Plaintiffs'
2  Motion, Plaintiffs intend to call some or all of the four declarants to testify at the
3  hearing.

Respectfully Submitted,

 s/ Peter Eliasberg
Peter Eliasberg
Counsel for Plaintiffs

3