| | |
|---|---|
| PETER J. ELIASBERG (189110)<br>peliasberg@aclusocal.org<br>MELISSA CAMACHO-CHEUNG (264024)<br>mcamacho@aclusocal.org<br>**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**<br>1313 W. 8th Street<br>Los Angeles, CA 90017<br>Phone: (213) 977-9500<br>Fax: (213) 977-5299 | DAVID C. FATHI (*pro hac vice*)*<br>dfathi@aclu.org<br>ERIC BALABAN (*pro hac vice*)*<br>ebalaban@aclu.org<br>**ACLU NATIONAL PRISON PROJECT**<br>915 15th St., NW<br>Washington, D.C. 20005<br>Phone: (202) 393-4930<br>Fax: (202) 393-4931<br><br>*Not admitted in D.C., practice limited to federal courts |

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
**ACLU NATIONAL PRISON PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUTHERFORD,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES<br><br>    *Defendants*. | No. 75-CV-04111-DDP<br><br>**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Rule 65-1 of the Local rules of this court, Plaintiffs hereby submits this Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction to ensure Defendants protect the constitutional rights of people held in the Inmate Reception Center (IRC) at the Los Angeles County Jails and abide by the Judgment and other prior orders in this action, an order forbidding Defendants from:

1. Holding an incarcerated person in the IRC for more than 24 hours;

2. Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than 4 hours. In the event an individual remains on the Front Bench for more than four hours, Defendants shall document the following:

    a. Date and time the individual was first placed on the Front Bench;

    b. The reasons why the individual is on the Front Bench, including any mental health diagnosis;

    c. Date and time of initial mental health screening;

    d. Date and time of any subsequent mental health or medical evaluation;

    e. Date and time each individual was removed from the Front Bench temporarily, how long the person remained untethered, and the reason why (e.g., escort to bathroom, mental health screening);

    f. Date and time each individual was permanently removed from the Front Bench;

    g. Location of individual after removal from Front Bench.

Plaintiffs shall be provided with this documentation upon request.

3. Holding more than 10 incarcerated persons in a holding cell without first exhausting every other means to avoid placing more than 10 incarcerated persons in a holding cell. In the event more than 10 incarcerated persons are placed

1

in a holding cell, this event shall be documented as follows:

  (a) name of the officer approving the placement;
  (b) date and time of placement;
  (c) type of placement;
  (d) date and time of release;
  (e) number of persons in the cell at time of placement;
  (f) identification of the particular holding cell.

Plaintiffs shall be provided with this documentation upon request;

4. Holding an incarcerated person in a holding cell or the cage in the clinic area for longer than 24 hours. In the event that an incarcerated person is detained in a holding cell or the cage for longer than 24 hours, Defendants shall document the following:

  (a) name of the officer approving the placement;
  (b) date and time of placement;
  (c) type of placement;
  (d) date and time of release from the holding cell or cage, and date and time each individual was permanently moved from the holding cell or cage;
  (e) number of persons in the cell or cage at time of placement;
  (f) identification of the particular holding cell.

Plaintiffs shall be provided with this documentation upon request;

5. Holding an incarcerated person in the clinic area, cage, or any cell in the IRC which is not maintained in a clean and sanitary condition, including access to functioning toilets, potable drinking water, and clean water to wash;

6. Holding an incarcerated person in the IRC without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call and sick call.

This Application is supported by the accompanying Memorandum of Points

1  and Authorities and contemporaneously filed declarations and exhibits.

2      On September 2, 2022, counsel for Plaintiffs met and conferred by phone
3  with counsel for Defendants, Mr. Dylan Ford, who stated that Defendants intended
4  to oppose the Ex Parte Application.  Declaration of Melissa Camacho-Cheung ¶¶
5  4-6, 8.

7  Dated: September 7, 2022        ACLU FOUNDATION OF
                                                             SOUTHERN CALIFORNIA

                                          ACLU NATIONAL PRISON PROJECT

                                          /s/ Peter J. Eliasberg
                                          Peter J. Eliasberg
                                          Counsel for Plaintiffs