PETER J. ELIASBERG (189110)
peliasberg@aclusocal.org
MELISSA CAMACHO-CHEUNG
(264024)
mcamacho@aclusocal.org
**ACLU FOUNDATION OF
SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
**ACLU NATIONAL PRISON
PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

DAVID C. FATHI (*pro hac vice*)*
dfathi@aclu.org
ERIC BALABAN (*pro hac vice*)*
ebalaban@aclu.org
**ACLU NATIONAL PRISON
PROJECT**
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

*Not admitted in D.C., practice limited
to federal courts

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DENNIS RUTHERFORD,

    *Plaintiff*,

v.

ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES

    *Defendants*.

No. 75-CV-04111-DDP

**DECLARATION OF MELISSA CAMACHO-CHEUNG IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO FILE OVERSIZED BRIEF**

**Declaration of Melissa Camacho-Cheung**

I, Melissa Camacho-Cheung, hereby declare:

1.      I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.      I am a senior staff attorney at the ACLU Foundation of Southern California and one of the attorneys for the Plaintiff class in the above-captioned matter.  I am admitted to practice law in the State of California and before this Court.

3.      On Friday September 2, 2022 my colleague Peter Eliasberg and I spoke with Dylan Ford from the County Counsel's office by telephone at about 2:05 pm. Mr. Ford confirmed that he was counsel for the County on the *Rutherford* matter.  Mr. Eliasberg told Mr. Ford that we were concerned about conditions in the Inmate Reception Center (IRC) and would be going into Court the following Wednesday or Thursday to seek a temporary restraining order barring the County from holding anyone in the IRC for more than 24 hours and requiring that the County ensure basic minimum conditions including potable drinking water, access to necessary medical care, and sanitary conditions were provided to those in IRC. Mr Eliasberg said that Plaintiffs would seek a TRO unless the County would stipulate to a TRO.

4.      Mr. Eliasberg also informed Mr. Ford that Plaintiffs would be filing an ex parte application for an oversize brief of up to 35 pages unless the County would stipulate because Plaintiffs believed that the lengthy procedural history of the case, the need to submit numerous declarations to describe the conditions Plaintiffs alleged were unconstitutional or violated past orders in Rutherford necessitated such a brief.

5.      Mr. Ford responded that he understood Plaintiffs' position but that he was newly assigned to the case and could not agree to either stipulation without talking to his supervisors. He promised that he would reach out to his supervisors

1    promptly and get back to one of us.

2        6.    At about 4:30 pm, I received a phone call from Mr. Ford.  He told me

3    that Defendants could not stipulate to a TRO "at this time."  But they would

4    stipulate to an oversize brief so long as Plaintiffs would stipulate to their filing a

5    brief of up to 35 pages. I agreed that Plaintiffs would so stipulate.

6        7.    At about 5:15 pm, I called Mr. Ford. Mr. Ford confirmed that

7    Defendants would oppose a TRO "at this time."

8        8.    On Tuesday September 6, 2022 at about 9:30 am, Mr. Eliasberg and I

9    called Mr. Ford and left him a voice mail requesting he return our call, and we

10   provided him with my phone number.  Mr. Ford returned the call about 11:15 am.

11   We informed Mr. Ford that rather than filing a stipulation for an oversized brief we

12   intended to file an ex parte application with a brief and short declarations because

13   we wanted to explain the reasons why we believed an oversized brief of up to 35

14   pages was necessary.  Mr. Eliasberg also informed Mr. Ford that we would make

15   clear in our application that if the Court were to grant the motion, we would not

16   oppose any application by the Defendants to file a brief of up to 35 pages.  Mr.

17   Eliasberg asked Mr. Ford if the Defendants would oppose the ex parte application,

18   and he responded that they would not oppose.

19

20       I declare under penalty of perjury of the laws of the State of California and

21   the United States that the foregoing is true and correct.  Executed September 7,

22   2022 in Culver City, California.

23                                              */s/ Melissa L. Camacho-Cheung*

24                                              Melissa L. Camacho-Cheung

25

26

27

28

                                     2