PETER J. ELIASBERG (189110)
peliasberg@aclusocal.org
MELISSA CAMACHO-CHEUNG (264024)
mcamacho@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
**ACLU NATIONAL PRISON PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

DAVID C. FATHI (*pro hac vice*)*
dfathi@aclu.org
ERIC BALABAN (*pro hac vice*)*
ebalaban@aclu.org
**ACLU NATIONAL PRISON PROJECT**
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

*Not admitted in D.C., practice limited to federal courts

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD,<br><br>　　*Plaintiff*,<br><br>v.<br><br>ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES<br><br>　　*Defendants*. | No. 75-CV-04111-DDP<br><br>**DECLARATION OF PETER J. ELIASBERG IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE OVERSIZED BRIEF** |

**Declaration of Peter J. Eliasberg**

I, Peter J. Eliasberg, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am Chief Counsel at the ACLU Foundation of Southern California and one of the lawyers for Plaintiff class in the above captioned civil action. I admitted to practice law in the State of California and before this Court.

3. I am submitting this declaration in support of Plaintiffs' Unopposed Ex Parte Application to File an Oversized Memorandum of Points and Authorities in Support of their Ex Parte Application for a TRO/OSC re Preliminary Injunction filed concurrently with this ex parte application.

4. Plaintiffs TRO application seeks Court relief to address a wide variety conditions in the Inmate Reception Center (IRC) at the Los Angeles County jails, which plaintiffs allege violate the 1979 judgment in this case, subsequent orders of the court and the rights of incarcerated persons being held in IRC for days at a time even though it is not housing facility.  Conditions the memorandum will address include the length of stay in IRC, and the number of people who remain in IRC for more than 24, 48, and 72 hours – some up to ten days; lack of beds, mattresses and bedding; unsanitary conditions; denial of adequate medical care, including denial of psychiatric medication to numerous people with mental illness who were taking these medications in the community; denial of adequate food and availability of potable water; and the practice of chaining people with the most severe mental illness to benches for days at a time.

5. Plaintiffs will also be filing approximately 17 new declarations from both attorneys and people incarcerated in IRC to document the conditions there, and a declaration from Dr. Terry Kupers, a noted forensic psychiatrist who testified in *Rutherford* in 1978 after touring the jail.  Mr. Kupers toured the jail again in 2008 and submitted a report to the Court and the Los Angeles County Board of

1

Supervisors on treatment of people with mental illness in the jails, and again toured the jail in 2017. Mr. Kupers' declaration will address the effects on people with mental illness of discontinuing psychiatric medication and chaining people with mental illness to benches for extended periods of time.

6. In addition to the necessary factual description of conditions in the IRC, the brief will address the relevant procedural history of the case. Because the case was filed in 1975 there is a lengthy procedural history. The memorandum will not address portions of that history that are not relevant to this TRO application. But a discussion of portions of a 1978 order, 1979 judgment, a 1992 stipulation and order and a series of orders in 2005-07 that relate directly to IRC is highly relevant.

7. The brief will address a number of legal questions including 1) the standard for a temporary restraining order and preliminary injunctive relief; 2) relevant general Eighth and Fourteenth Amendment relates as it relates to people detained pretrial and serving sentences; 3) the application of the Eighth and Fourteenth Amendment to the specific conditions and deprivations described in paragraph 5 above.

8. Finally, the brief will address steps the Defendants could have taken – and can still take – to prevent this overcrowding crisis from occurring.

9. In my opinion, based on my review of the procedural history, visits to IRC, drafting my own declaration, interviewing people incarcerated in IRC, reviewing the declarations for other incarcerated people, plus the declaration of Terry Kupers and those of my colleagues Corene Kendrick, Summer Lacy, and Melissa Camacho-Cheung all of whom toured IRC in the last few months, we cannot present an adequate discussion of the issues described above in 25 pages. We have tried to be concise in our presentation of the issues but a thorough presentation of the numerous important factual and legal issues required almost 35 pages.

1     10. As my colleague, Melissa Camacho-Cheung has set forth in her declaration, we have spoken to counsel for Defendants, Dylan Ford. Mr. Ford does not oppose this motion so long as we do not oppose any request Defendants may make to file a brief exceeding 25 pages but not exceeding 35 pages.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed September 7, 2022 in Los Angeles, California.

                                                /s/ Peter J. Eliasberg
                                                Peter J. Eliasberg