PETER J. ELIASBERG (189110)
peliasberg@aclusocal.org
MELISSA CAMACHO-CHEUNG (264024)
mcamacho@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
**ACLU NATIONAL PRISON PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

DAVID C. FATHI (*pro hac vice*)*
dfathi@aclu.org
ERIC BALABAN (*pro hac vice*)*
ebalaban@aclu.org
**ACLU NATIONAL PRISON PROJECT**
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

*Not admitted in D.C., practice limited to federal courts

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS RUTHERFORD, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES,<br><br>    *Defendants*. | No. 75-CV-04111-DDP<br><br>**DECLARATION OF PETER J. ELIASBERG** |

**Declaration of Peter J. Eliasberg**

I, Peter J. Eliasberg, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am Chief Counsel at the ACLU Foundation of Southern California and one of the counsel for the Plaintiff class in the above-captioned action. I am admitted to practice law in the State of California and before this Court.

3. The purpose of this declaration is to set forth the steps I took to effectuate service of Plaintiff's Ex Parte Application for a Temporary Restraining Order/OSC re Preliminary Injunction ("TRO") and supporting documents and Plaintiffs' Unopposed Ex Parte Application to File an Oversize Memorandum of Points and Authorities on Defendants.

4. On Thursday September 2, 2022 when Plaintiffs' counsel decided to file a TRO, I reviewed the Pacer docket for this case. I observed that the attorney listed for Defendants from County Counsel's office was Roger Granbo, whom I know has retired. The other lawyers listed for the County were Justin Clark and other lawyers from the law firm of Lawrence Beach & Choi. Because I knew that that firm had been, but no longer were, counsel on another class action related to the jails, *Rosas v. Villanueva*, 12 cv 00428 (DDP), I was concerned that they would no longer be counsel on this matter.

5. Accordingly, that next morning I reached out by telephone to Dylan Ford from the County Counsel's office, who represents the County in the *Rosas* matter. I told him that Plaintiffs were planning to file a TRO, that we needed to give notice, and were not sure who was the right person to give notice to the County.

6. Mr. Ford responded that he did not know who would be representing the County, but that he would ask his supervisors and get back to me.

7. Mr. Ford called back the same day and said that he would be

representing the County and could accept notice of the TRO.

8. Plaintiffs filed the TRO and supporting papers this morning at about 9:30 pm.

9. At about 9:50 am I both called Mr. Ford and left him a voice mail asking him to call me and sent him an e-mail. I told him in the e-mail that I had not seen him file a notice of appearance in *Rutherford* and was thus concerned that no one who was actively representing the County would be receive our TRO papers through the ECF system. Accordingly, I asked him 1) whether he would agree to accept e-mail service, and 2) if not, how Plaintiffs should serve him with the TRO papers. A copy of that e-mail and Mr. Ford's reply are attached hereto as Exhibit A.

10. At 10:04 am, I received an e-mail from Mr. Ford stating in pertinent part, "Yes, I agree to accept e-mail service. Thank you."

11. At 10:10 am I received a phone call from Mr. Ford during which he confirmed that he would accept e-mail service of the TRO papers for the Defendants and that he would shortly be filing a notice of appearance in the *Rutherford* matter.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed this September 8, 2022 in Los Angeles, California.

/s/ Peter J. Eliasberg
Peter J. Eliasberg
Attorney for Plaintiff Class