OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
Acting County Counsel
  *dharrison@counsel.lacounty.gov*
Dylan Ford (SBN 228699)
Deputy County Counsel
  *dford@counsel.lacounty.gov*
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:   213.974,1807/213.974.1811
Facsimile:   213.687.8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  *rdugdale@kbkfirm.com*
Michael J. McCarthy (334829)
  *mmccarthy@kbkfirm.com*
Katelyn A. Kuwata (319370)
  *kkuwata@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:   310.556.2705

*Attorneys for Defendants Los Angeles County Sheriff Alex Villanueva and County of Los Angeles*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and the COUNTY OF LOS ANGELES, <br><br> *Defendants*. | Case No. 75-cv-04111-DDP <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER** |

# TEMPORARY RESTRAINING ORDER

Pending a hearing on the Order to Show Cause entered today, the Defendants, their officers, agents, employees, attorneys, assignees and all those in active concert with them are hereby immediately restrained and enjoined from:

1. Holding an incarcerated person continuously in the IRC Clinic for more than 24 hours. In the event an individual shall remain continuously in the clinic for more than 24 hours, Defendants shall document the following:

    (a) date and time the individual first entered the IRC Clinic;

    (b) the reasons why the individual remained in the IRC Clinic longer than 24 hours;

    (c) date and time the individual was removed from the IRC Clinic;

    (d) location of the individual after removal from the IRC Clinic; Plaintiffs shall be provided with this documentation upon request. Defendants shall not continuously hold any incarcerated person in the IRC Clinic for more than 36 hours under any circumstances;

2. Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than 4 hours. In the event an individual remains on the Front Bench for more than four hours, Defendants shall document the following:

    (a) date and time the individual was first placed on the Front Bench;

    (b) the reason(s) why the individual is on the Front Bench;

    (c) date and time of initial mental health screening;

    (d) date and time of any subsequent mental health or medical evaluation;

    (e) date and time each individual was removed from the Front Bench temporarily, how long the person remained untethered,

and the reason why (e.g., escort to bathroom, mental health screening);

    (f)    date and time each individual was permanently removed from the Front Bench;

    (g)    location of individual after removal from Front Bench. Plaintiffs shall be provided with this documentation upon request;

3. Holding more incarcerated persons in a holding cell in the IRC clinic area than the rated capacity of that cell.  In the event that more incarcerated persons are placed in a holding cell than the rated capacity of the that cell, this event shall be documented as follows:

    (a)    name of the officer approving the placement;

    (b)    date and time of placement;

    (c)    type of placement;

    (d)    date and time of release;

    (e)    number of persons in the cell at time of placement;

    (f)    identification of the particular holding cell. Plaintiffs shall be provided with this documentation upon request;

4. Holding an incarcerated person in a holding cell or the cage in the IRC clinic area for longer than 24 hours.  In the event that an incarcerated person is detained in a holding cell or the cage for longer than 24 hours, Defendants shall document the following:

    (a)    date and time of placement;

    (b)    type of placement;

    (c)    date and time of release from the holding cell or cage, and date and time each individual was permanently moved from the holding cell or cage;

(d) number of persons in the cell or cage at time of placement;

(e) identification of the particular holding cell.

Plaintiffs shall be provided with this documentation upon request;

5. Holding an incarcerated person in the clinic area, cage, or any cell in the IRC which is not maintained in a clean and sanitary condition, including access to functioning toilets, potable drinking water, and clean water to wash, without providing that incarcerated person necessary cleaning equipment, including but not limited to sufficient garbage receptacles;

6. Holding an incarcerated person in the IRC clinic area without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call.

IT IS FURTHER ORDERED that, because Plaintiffs are indigent, they need not post any bond in connection with this temporary restraining order.

IT IS SO ORDERED.

Dated: September _____, 2022

_____
HONORABLE DEAN D. PREGERSON
United States District Court Judge