PETER J. ELIASBERG (189110)
peliasberg@aclusocal.org
MELISSA CAMACHO-CHEUNG (264024)
mcamacho@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
**ACLU NATIONAL PRISON PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

DAVID C. FATHI (*pro hac vice*)\*
dfathi@aclu.org
ERIC BALABAN (*pro hac vice*)\*
ebalaban@aclu.org
**ACLU NATIONAL PRISON PROJECT**
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

\*Not admitted in D.C., practice limited to federal courts

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DENNIS RUTHERFORD, *et al*., <br><br>  Plaintiffs, <br><br> vs. <br><br> ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES, <br><br>  Defendants. | Case No. CV 75-04111 DDP <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 318)** |

1

1       Plaintiffs acknowledge Defendants' willingness to admit that conditions at the
2 Los Angeles County Jail's Inmate Reception Center ("IRC") have "deteriorated
3 dramatically in past months[,]" that they "agree that the relief sought by Plaintiffs
4 should be granted[,]" and that they "acknowledge their duty to detain individuals in
5 the IRC Clinic under Constitutional Conditions." Doc. 337 at 4.[1] If, however, this
6 Court is considering Defendant's proposed TRO (Doc. 337-1), Plaintiffs maintain
7 that their proposed TRO (Doc. 318-3) provides the best way for the Court to establish
8 a constitutional floor for conditions in the IRC. Plaintiffs submit this Reply to
9 highlight three problems that diminish any Court order's ability to protect the rights
10 of the Plaintiff class if it were to enter the order Defendants submitted.

11       *First*, the Court's TRO must not be limited to the IRC Clinic, as Defendants
12 propose, (Doc. 337 at 18), because that would fail to include the people housed in
13 IRC's holding cells. The IRC Processing Report (IRC Report) tracks those who are
14 still processing through IRC (and not permanently housed in Module 231).[2]
15 Doc. 319 ¶ 12. The IRC Reports from August 9 to September 2, 2022 showed class
16 members held in IRC outside of the Clinic for more than 24 hours every single day.
17 *Id.* Ex. M (Doc. 319-1 at 76). On August 22, 2022, for example, 48 people were in
18 IRC Processing in cells *outside* of the IRC Clinic for more than 48 hours. *Id.* Ex. K
19 at 1 (Doc. 319-1 at 67). This included many people in IRCL (Custody Line cells) for
20 more than 50 hours, and three people in IRIC (In-Custody Release cells) for over
21 100 hours, and one in an In-Custody Release cell for 167.3 hours. *Id.* Ex. K at 2-4
22 (Doc. 319-1 at 68-70); *see also* Eliasberg Decl. (Doc. 318-2 (Ex. 13) at 70 ¶ 15).

23       *Second*, Plaintiffs reject Defendants' proposed addition of the final sentence
24 to Paragraph 1(d): "Defendants shall not continuously hold any incarcerated person

---

[1] Citations to the Electronic Case Filing Docket are to the page assigned by the ECF system, not the page therein.
[2] Plaintiffs agree that the order as written does not extend to detained persons no longer "processing" but instead permanently housed in Module 231. People permanently housed in Module 231 are no longer tracked in the IRC Processing Report provided to Plaintiffs.

2

in the IRC Clinic for more than 36 hours under any circumstances." Doc. 337-1 at ¶ 1(d). Defendants must not hold *anyone* in the IRC for more than 24 hours under *any* circumstances because, among other things, if people are held there for more than 24 hours, they will necessarily be held for at least one night without a mattress, or bedding, in violation of the Court's 1978 Judgment, and of *Thompson v. City of L.A.*, 885 F.2d 1439 (9th Cir. 1989). *See* Doc. 318-3 at ¶ 1. Moreover, the "continuously" qualifier Defendants offer (*see* Doc. 337 at 18, Doc. 337-1 at ¶ 1), would permit them to circumvent any TRO by simply moving people out of the IRC for a short period of time in order to reset the clock.

*Finally*, Plaintiffs cannot agree to Defendants' proposal to hold people in IRC cells at the "rated capacity" (*see* Doc. 337 at 19; Doc. 337-1 at ¶ 3), without knowing (1) what "rated capacity" as that phrase is used by Defendants actually means, and (2) if that rated capacity is tied to IRC cells' ostensible and original use as true holding cells—in other words, if it means for use for only a couple of hours at a time. *See Rutherford v. Pitchess*, 457 F. Supp. 104, 114 (C.D. Cal. 1978), *rev'd in part on other grounds sub nom. Block v. Rutherford*, 468 U.S. 576 (1984) (describing IRC cells' use for processing before and after court for a few hours at most). Notably, the Board of State and Community Corrections' ("BSCC") rated capacity for IRC as of July 15, 2022, is zero (0), because the IRC is not rated for permanent housing.[3] IRC holding cells are entirely sealed and, during Plaintiffs' counsel's visits, were filthy and the air was stale and rancid with only four to 11 people inside. *See* Eliasberg Decl. (Doc. 318-2 (Ex. 13) at 70 ¶¶ 13-15; Kendrick Decl. (Doc. 318-2 (Ex. 15) at 122-123, ¶¶ 7, 10, 14); Camacho Decl. (Doc. 319) ¶¶ 45-46, 51, 62-64. Plaintiffs maintain their proposed ten person maximum better reflects the reality of these cells'

---

[3] *See* Cal. Bd. of State and Community Corrections, *Jail Profile Survey: Rated Capacities of Type II, III, & IV Local Adult Detention Facilities (Dec. 2006-June 2022; last update 7/15/22)*, at https://www.bscc.ca.gov/s_fsojailprofilesurvey/ (spreadsheet at https://www.bscc.ca.gov/wp-content/uploads/RC-of-Type-II-III-IV-Local-Adult-Detention-Facilities-Dec-2006-June-2022-last-updated-7.15.22.xls).

use, especially during nighttime hours when people are trying to sleep, unless and until Defendants can show that the rated capacity was not determined with reference to the use of the holding cells being truly transitory in nature.

Respectfully submitted,

DATED: September 12, 2022

By: */s/ Corene T. Kendrick*
Peter J. Eliasberg
Melissa Camacho-Cheung
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

David C. Fathi
Corene T. Kendrick
Eric Balaban
**ACLU NATIONAL PRISON PROJECT**

Attorneys for Plaintiffs Dennis Rutherford, *et al.*