OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
Acting County Counsel
  dharrison@counsel.lacounty.gov
Dylan Ford (SBN 228699)
Deputy County Counsel
  dford@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:  213.974.1807/213.974.1811
Facsimile:   213.687.8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
 rdugdale@kbkfirm.com
Michael J. McCarthy (334829)
 mmccarthy@kbkfirm.com
Katelyn A. Kuwata (319370)
 kkuwata@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:   310.556.2705

*Attorneys for Defendants Los Angeles County Sheriff Alex Villanueva and County of Los Angeles*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, et al., | Case No. 75-cv-04111-DDP |
| *Plaintiffs*, | **[JOINTLY PROPOSED] TEMPORARY RESTRAINING ORDER** |
| v. | |
| ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and the COUNTY OF LOS ANGELES, | |
| *Defendants*. | |

**TEMPORARY RESTRAINING ORDER**

Pending a hearing on the Order to Show Cause entered today, the Defendants, their officers, agents, employees, attorneys, assignees and all those in active concert with them are hereby immediately restrained and enjoined from:

1. Holding an incarcerated person in the Inmate Reception Center (IRC) for more than 24 hours. The IRC consists of a reception and booking area; a classification area; a bath area; the IRC Clinic (which includes the IRC Clinic Front Bench); a series of holding cells, and Module 231, an overflow module in Twin Towers Correctional Facility. This order shall not apply to Module 231. In the event an individual shall remain continuously in the IRC for more than 24 hours, Defendants shall document the following:

     (a) the date and time the individual first entered the IRC;

     (b) the reasons why the individual remained in the IRC longer than 24 hours;

     (c) the date and time the individual was removed from the IRC; and

     (d) the location of the individual after removal from the IRC.

Plaintiffs shall be provided with this documentation upon request.

In the event that a person leaves the IRC for medical treatment at another facility within or without the Los Angeles County Jail System, the 24-hour period shall begin anew if the person returns to the IRC after an absence extending twelve hours or more where the person has been provided a bed off-site.

2. Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than four hours. In the event an individual remains on the Front Bench for more than four hours, Defendants shall document the following:

     (a) the date and time the individual was first placed on the Front

    Bench;

(b) the reason(s) why the individual is on the Front Bench, including the person's Mental Health Level of Care (P Level);

(c) the date and time of initial mental health screening;

(d) the date and time of any subsequent mental health or medical evaluation;

(e) the date and time each individual was removed from the Front Bench temporarily, how long the person remained untethered, and the reason why (e.g., escort to bathroom, mental health screening);

(f) the date and time each individual was permanently removed from the Front Bench; and

(g) the location of individual after removal from Front Bench.

Plaintiffs shall be provided with this documentation upon request.

3. Holding more people in a holding cell in the IRC than established by the Board of State and Community Corrections (BSCC) holding capacity without first exhausting every other means to avoid placing more people in a holding cell than the holding capacity permits. The latest BSCC capacity numbers for cells within the IRC are listed in an exhibit attached to this proposed order. Two areas, however, will not be governed by the attached exhibit: (1) IRC Clinic Cage and (2) Cell 113. For purposes of this TRO, the IRC Clinic cage, when locked, shall have a capacity of 50 people. Cell 113 shall be used as a holding cell with a 16-person capacity. Additionally, the "Release" cell is not subject to the provisions of the TRO provided that it continues to be used as a staging cell for brief release purposes. In the event more people are in a holding cell than holding capacity permits, this event shall be documented as follows:

      (a) the date and time of placement;

      (b) the type of placement;

      (c) the date and time of release;

      (d) the number of persons in the cell at time of placement; and

      (e) the identification of the particular holding cell or cage.

Plaintiffs shall be provided with this documentation upon request.

4. Holding an incarcerated person in a IRC holding cell for more than 12 hours. Moving an individual from one holding cell in the IRC to another holding cell in the IRC does not re-start the 12-hour clock. In the event that an incarcerated person is detained in a holding cell for longer than 12 hours, Defendants shall document the following:

      (a) the date and time of placement;

      (b) the type of placement;

      (c) the date and time of release;

      (d) the number of persons in the cell at time of placement; and

      (e) the identification of the particular holding cell.

Plaintiffs shall be provided with this documentation upon request.

5. Holding an incarcerated person in the IRC Clinic cage, when locked, for more than eight hours. In the event that an incarcerated person is held in the IRC Clinic cage, when locked, for more than eight hours, Defendants shall document the following:

      (a) the date and time of placement;

      (b) the type of placement;

      (c) the date and time of release; and

      (d) the number of persons in the cage at time of placement.

Plaintiffs shall be provided with this documentation upon request.

6. Holding an incarcerated person in the IRC clinic area, cage, or any cell in

the IRC when that location is not in a clean and sanitary condition, with access to functioning toilets, potable drinking water, clean water to wash, and sufficient garbage receptacles.

7. Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call.

IT IS FURTHER ORDERED that, because Plaintiffs are indigent, they need not post any bond in connection with this temporary restraining order.

IT IS SO ORDERED.

Dated: September _____, 2022

_____
HONORABLE DEAN D. PREGERSON
United States District Court Judge

Respectfully submitted,

DATED: September 16, 2022    By:    /s/ *Melissa Camacho-Cheung*
Melissa Camacho-Cheung
Peter J. Eliasberg
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

David C. Fathi
Corene T. Kendrick
Eric Balaban
**ACLU NATIONAL PRISON PROJECT**

Attorneys for Plaintiffs Dennis Rutherford *et al.*

DATED: September 16, 2022    /s/ *Robert Dugdale*
ROBERT DUGDALE
Kendall Brill & Kelly LLP

Attorneys for the County of Los Angeles and Los Angeles County Sheriff