PETER J. ELIASBERG (189110)
peliasberg@aclusocal.org
MELISSA CAMACHO-CHEUNG (264024)
mcamacho@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
**ACLU NATIONAL PRISON PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

DAVID C. FATHI (*pro hac vice*)*
dfathi@aclu.org
ERIC BALABAN (*pro hac vice*)*
ebalaban@aclu.org
**ACLU NATIONAL PRISON PROJECT**
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

*Not admitted in D.C., practice limited to federal courts

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and the COUNTY OF LOS ANGELES,<br><br>*Defendants*. | Case No. 75-cv-04111-DDP<br><br>**[JOINTLY PROPOSED] PRELIMINARY INJUNCTION** |

HOA.103842958.1

# PRELIMINARY INJUNCTION

Pending final resolution of this matter, the Defendants, their officers, agents, employees, attorneys, assignees and all those in active concert with them are hereby preliminarily restrained and enjoined from:

1. Holding an incarcerated person in the Inmate Reception Center (IRC) for more than 24 hours. The IRC consists of a reception and booking area; a classification area; a bath area; the IRC Clinic (which includes the IRC Clinic Front Bench); a series of holding cells, and Module 231, an overflow module in Twin Towers Correctional Facility. This order shall not apply to Module 231. In the event an individual shall remain continuously in the IRC for more than 24 hours, Defendants shall document the following:

    (a) the name and booking number of the individual and the date and time the individual first entered the IRC;

    (b) the reasons why the individual remained in the IRC longer than 24 hours;

    (c) the date and time the individual was removed from the IRC; and

    (d) the location of the individual after removal from the IRC.

    Plaintiffs shall be provided with this documentation upon request.

    In the event that a person leaves the IRC for medical treatment at another facility within or without the Los Angeles County Jail System, the 24-hour period shall begin anew if the person returns to the IRC after an absence extending twelve hours or more where the person has been provided a bed off-site.

2. Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than four hours. In the event an individual remains on the Front Bench for more than four hours, Defendants shall document the following:

HOA.103842958.1

2

(a) the name and booking number of the individual and the date and time the individual was first placed on the Front Bench;

(b) the reason(s) why the individual is on the Front Bench;

(c) the date and time of initial mental health screening;

(d) the date and time of any subsequent mental health or medical evaluation;

(e) the date and time each individual was removed from the Front Bench temporarily, how long the person remained untethered, and the reason why (e.g., escort to bathroom, mental health screening);

(f) the date and time each individual was permanently removed from the Front Bench; and

(g) the location of individual after removal from Front Bench.

Plaintiffs shall be provided with this documentation upon request.[1]

3. Holding more people in a holding cell in the IRC than established by the Board of State and Community Corrections (BSCC) holding capacity without first exhausting every other means to avoid placing more people in a holding cell than the holding capacity permits. The latest BSCC capacity numbers for cells within the IRC are listed in an exhibit attached to this Order. Two areas, however, will not be governed by the attached exhibit: (1) IRC Clinic Cage and (2) Cell 113. For purposes of this Order, the IRC Clinic cage, when locked, shall have a capacity of 50 people. Cell 113 shall be used as a holding cell with a 16-person capacity. Additionally, the "Release" cell is not subject to the provisions of the Preliminary Injunction provided that it continues to be used

---

[1] The parties may soon submit a proposal for additional reporting of the individual's P Level subject to necessary protections under the Health Insurance Portability and Accountability Act (HIPAA).

as a staging cell for brief release purposes. In the event more people are in a holding cell than holding capacity permits, this event shall be documented as follows:

    (a) the names and booking numbers of the individuals and the date and time of placement;

    (b) the type of placement;

    (c) the date and time of release;

    (d) the number of persons in the cell at time of placement; and

    (e) the identification of the particular holding cell or cage.

Plaintiffs shall be provided with this documentation upon request.

4. Holding an incarcerated person in a IRC holding cell for more than 12 hours total. Moving an individual from one holding cell in the IRC to another holding cell in the IRC does not re-start the 12-hour clock. In the event that an incarcerated person is detained in a holding cell for longer than 12 hours, Defendants shall document the following:

    (a) the name and booking number of the individual and the date and time of placement;

    (b) the reasons why an individual was in holding cell or cells for more than 12 hours;

    (c) the type of placement;

    (d) the date and time of release;

    (e) the number of persons in the cell at time of placement; and

    (f) the identification of the particular holding cell.

Plaintiffs shall be provided with this documentation upon request.

5. Holding an incarcerated person in the IRC Clinic cage, when locked, for more than eight hours total. In the event that an incarcerated person is held in the IRC Clinic cage, when locked, for more than eight hours, Defendants shall

document the following:

  (a) the name and booking number of the individual and the date and time of placement;

  (b) the reasons why an individual was in holding cell or cells for more than 12 hours

  (c) the type of placement;

  (d) the date and time of release; and

  (e) the number of persons in the cage at time of placement.

Plaintiffs shall be provided with this documentation upon request.

6. Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC when that location is not in a clean and sanitary condition, with access to functioning toilets, potable drinking water, clean water to wash, and sufficient garbage receptacles.

7. Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call.

Based upon the entire record, the Court finds that the relief granted by this order is narrowly drawn, extends no further than necessary to correct the harm the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm.

IT IS FURTHER ORDERED that, because Plaintiffs are indigent, they need not post any bond in connection with this preliminary injunction.

IT IS SO ORDERED.

Dated: September _____, 2022

                 _____
                 HONORABLE DEAN D. PREGERSON
                 United States District Court Judge

Respectfully submitted,

DATED: September 23, 2022   By:   /s/ *Melissa Camacho-Cheung*
Melissa Camacho-Cheung
Peter J. Eliasberg
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

David C. Fathi
Corene T. Kendrick
Eric Balaban
**ACLU NATIONAL PRISON PROJECT**

Attorneys for Plaintiffs Dennis Rutherford *et al.*

DATED: September 23, 2022   /s/ *Robert Dugdale*
ROBERT DUGDALE
Kendall Brill & Kelly LLP

Attorneys for the County of Los Angeles and Los Angeles County Sheriff