OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
Acting County Counsel
*dharrison@counsel.lacounty.gov*
Dylan Ford (228699)
Deputy County Counsel
*dford@counsel.lacounty.gov*
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone: (213) 974-1807/(213) 974-1811
Facsimile: (213) 687-8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
*rdugdale@kbkfirm.com*
Michael J. McCarthy (334829)
*mmccarthy@kbkfirm.com*
Katelyn A. Kuwata (319370)
*kkuwata@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 272-7904
Facsimile: (310) 556-2705

*Attorneys for Defendants Los Angeles County Sheriff Alex Villanueva and the County of Los Angeles*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DENNIS RUTHERFORD, et al.,

Plaintiffs,

v.

ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and the COUNTY OF LOS ANGELES,

Defendants.

Case No. 75-cv-04111-DDP

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

*Filed concurrently with Declaration of Robert E. Dugdale*

Date: October 17, 2022
Time: 10:00 a.m.
Crtrm: 9C

Honorable Dean D. Pregerson

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

Since the Court entered the parties' Jointly Proposed Temporary Restraining Order on September 16, 2022 (Dkt. No. 345) (the "TRO") and Jointly Proposed Preliminary Injunction on September 27, 2022 (Dkt. No. 351) (the "PI"), the County of Los Angeles ("County") and the Los Angeles County Sheriff's Department ("LASD") (collectively, "Defendants") have made substantial progress in remedying the issues raised in Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction, filed September 8, 2022 ("Application"). Most critically, as a result of remedial steps taken to increase the housing available in the Los Angeles County Jail system (the "LACJ") for inmates with serious mental health conditions, Defendants are currently meeting the TRO's and PI's requirement that inmates spend no longer than 24 hours in the Inmate Reception Center ("IRC") before receiving a housing assignment. Declaration of Robert E. Dugdale ("Dugdale Decl."), Ex. A. Indeed, as shown in the chart below, Defendants have consistently met this key requirement in the past two weeks:




Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Defendants have similarly demonstrated significant, sustained progress in meeting their other Constitutional and Court-ordered obligations in this matter. For at least the past two weeks, instances when inmates have been restrained on the "front bench" in the IRC Clinic area for more than four hours have declined precipitously; times when inmates have been detained in the IRC cage or in IRC cells longer than the period prescribed in the TRO and PI have been far less common than prior to the Court's issuance of the TRO; and the LASD has put considerable effort into assuring that the IRC space is regularly cleaned and that inmates in the IRC have access to showers, potable drinking water, and adequate medical and mental health care.

Relatedly, the County has also made substantial headway, independent of this action, in its efforts to expand the diversion programs which can divert individuals with mental health conditions who can be safely released from the LACJ and to depopulate the LACJ to the extent the County can meet the housing needs for those with serious mental health conditions who cannot be safely diverted or released from custody. In this vein, on October 4, 2022, the Los Angeles County Board of Supervisors (the "BOS"), approved over $25 million in funding to expand the Office of Diversion and Re-Entry Housing Program by an additional 750 beds, which are expected to be used principally to divert P2, P3, and P4 inmates from custody who require High Observation Housing ("HOH") and Moderate Observation Housing ("MOH"); and the County is further expanding its capacity to divert additional LACJ inmates from custody who are designated as "FIST" (Felony Incompetent to Stand Trial) or "MIST" (Misdemeanor Incompetent to Stand Trial). The law requires those designated FIST to be transported to state mental hospitals for restoration; however, because these state facilities are already at capacity, hundreds of FIST designees currently remain in the LACJ. The County is in the process of securing state funding for community beds for this population. Furthermore, ODR is seeking to expand its community-based restoration program for MIST designees

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

so that these people can be treated outside of the LACJ.

In addition, on September 27, 2022, the BOS unanimously approved a motion concerning the development of mental health care facilities to help depopulate the LACJ ("Motion"), recognizing the particular need to divert acutely mentally ill individuals in the P3 and P4 levels of care due to the shortage of HOH in the LACJ. Dugdale Decl., Ex. B. The Motion requires that leaders of a number of County departments—including the Sheriff; the District Attorney; the Public Defender; the Alternate Public Defender; the Acting Director of Mental Health; the Director of Health Services, through its Director of Correctional Health Services and the Office of Diversion and Re-Entry; the Director of Public Health; the Acting County Counsel; and the Executive Officer/Clerk of the Superior Court—collaborate with the Jail Closure Implementation Team and the Alternative to Incarceration Initiative and report back to the BOS within 90 days with recommendations on three key components of the undertaking, including: (1) the composition and number of secured, non-correctional mental health care facility beds needed to safely and appropriately transition the acutely mentally ill from LACJ custody, as well as potential and available revenue sources to fund such beds; (2) the laws and regulations that permit the transition of the P3 and P4 population out of jail custody and into secured mental health care facilities; and (3) a holistic plan to develop secured, non-correctional mental health care facilities needed to serve the P3 and P4 population (collectively, the "Report Back").

As discussed below, these developments fundamentally impact the instant Order to Show Cause, pursuant to which Plaintiffs make three requests for detailed written reports concerning the IRC backlog and the funding of additional community beds that could potentially be used to divert LACJ inmates with serious mental illness from custody to address that backlog.

***Requests 1 and 3.*** In the first request in the instant Order to Show Cause, Plaintiffs seek "[a] written report detailing the number of people with mental illness

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

who would need to be diverted from the Jail . . . to reduce the backlog in the IRC." (Dkt. No. 349-1 at 3.) In their third request, Plaintiffs further ask for "[a] detailed written explanation of what steps Defendants plan to take to reduce the population of people with severe mental illness in the Jail . . . by a sufficient amount to reduce the backlog in the IRC." (*Id.*)

As a practical matter, these requests are predicated on the assumption that an ongoing backlog exists in the IRC that is causing inmates to spend in excess of 24 hours in the IRC prior to receiving a housing assignment. As set forth above, it does not. *See* Dugdale Decl., Ex. A. To nevertheless provide Plaintiffs with information relevant to their requests, Defendants propose sharing the Report Back discussed above with Plaintiffs when available in 90 days.[1] In doing so, Plaintiffs would receive reporting on contemplated diversion numbers for mentally ill inmates as they have requested, as well as on the County's plan for transitioning the P3 and P4 population from the LACJ to secured, non-correctional mental health care facilities. Indeed, Plaintiffs would receive this information in the context of a more comprehensive report than contemplated by Requests 1 and 3.

***Request 2.*** Plaintiffs' second request in the Order to Show Cause seeks "[a] written detailed explanation why Defendants have not increased funding for the Office of Diversion and Reentry," or other programs, to provide an additional 1,000 beds in the community by March 31, 2023. (Dkt. No. 349-1 at 3.) As stated above, the BOS has recently approved funding to add an additional 750 ODR beds that can be used to divert inmates from the LACJ; and the County is further expanding its capacity to divert additional numbers of LACJ inmates from custody who are designated as FIST and who currently cannot be sent for restoration at state mental hospitals. Although Defendants seek to comply with their obligations in this action

[1] Of course, Defendants reserve the right to redact any information supplied in connection with the Report Back to Plaintiffs that is privileged.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

and to provide information necessary to that end, reports regarding policy decisions made concerning LACJ (i.e., why the BOS has chosen to exercise its legislative prerogative to fund a particular number of ODR beds) exceed the relief Defendants should be ordered to provide pursuant to any order of this Court.

Accordingly, for each of the reasons set forth above, the Defendants submit that the Order to Show Cause may be satisfied by sharing the Report Back with the Plaintiffs within 90 days.

DATED: October 10, 2022 KENDALL BRILL & KELLY LLP

By: s/ Robert E. Dugdale
Robert E. Dugdale
*Attorneys for Defendants Los Angeles County Sheriff Alex Villanueva and County of Los Angeles*

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# DECLARATION OF ROBERT E. DUGDALE

I, Robert E. Dugdale, declare as follows:

1. My name is Robert E. Dugdale. I am an attorney in good standing with the State Bar of California, and I represent the County of Los Angeles and the Los Angeles Sheriff's Department in this case. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached at Exhibit A to this declaration are a collection of graphs, for the period of time between September 26, 2022 and October 10, 2022, which show the length of time inmates have been housed in the IRC Clinic and the IRC at given times on those days, noting the number of inmates who have been in the IRC Clinic and IRC for 0-5 hours, 6-10 hours, 11-20 hours, 21-24 hours, 24-48 hours, or more than 49 hours. As these graphs show, during this most recent two-week period of time, very few inmates have been identified as inmates who have been housed in the IRC Clinic or IRC longer than 24 hours.

3. Attached at Exhibit B is a motion that was unanimously approved by the Los Angeles County Board of Supervisors on September 27, 2022, concerning the development of mental health care facilities to help depopulate the Los Angeles County Jail system, and requiring leaders of various County departments to collaborate and report back to the Board of Supervisors within 90 days with

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

recommendations on three key components related to that objective.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 10, 2022, at Los Angeles, California.

Robert E. Dugdale

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067