| | |
|---|---|
| PETER J. ELIASBERG (189110)<br>peliasberg@aclusocal.org<br>MELISSA CAMACHO-CHEUNG (264024)<br>mcamacho@aclusocal.org<br>**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**<br>1313 W. 8th Street<br>Los Angeles, CA 90017<br>Phone: (213) 977-9500<br>Fax: (213) 977-5299 | DAVID C. FATHI (*pro hac vice*)*<br>dfathi@aclu.org<br>ERIC BALABAN (*pro hac vice*)*<br>ebalaban@aclu.org<br>**ACLU NATIONAL PRISON PROJECT**<br>915 15th St., NW<br>Washington, D.C. 20005<br>Phone: (202) 393-4930<br>Fax: (202) 393-4931<br><br>*Not admitted in D.C., practice limited to federal courts |
| CORENE T. KENDRICK (226642)<br>ckendrick@aclu.org<br>**ACLU NATIONAL PRISON PROJECT**<br>39 Drumm St.<br>San Francisco, CA 94111<br>Phone: (202) 393-4930<br>Fax: (202) 393-4931 | |

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, *et al.*,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES, in their official capacities, *et al.*<br><br>　　　　Defendants. | Case No. CV 75-04111 DDP<br><br>**STIPULATION AND PROTECTIVE ORDER FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION** |

Plaintiffs and Defendants, by and through their respective counsel, stipulate as follows:

1. Plaintiffs are a class of people incarcerated in Los Angeles County jails since December 31, 1975. *Rutherford v. Pitchess*, 457 F. Supp. 104 (C.D. Cal. 1978). Defendants are the County of Los Angeles ("County"), the Sheriff of Los Angeles County, and the members of the County Board of Supervisors, all sued in their official capacities. *Id.*

2. The parties agree that Plaintiffs' counsel (currently the American Civil Liberties Union) and their experts may need access to confidential medical or mental health information related to class members to monitor Defendants' compliance with the parties' agreements and this Court's orders. The parties agree that a variety of categories of records that may fall under federal and/or state medical privacy protections are relevant to this class action. They may include medical charts pertaining to individual class members, but may also be broader in scope. For example, documents regarding responses to requests for health care, intake screening forms, custody tracking logs, and classifications of class members based on their mental health or medical diagnoses are some types of records that may be relevant and/or necessary for monitoring. Such records may or may not be in an individual patient's chart, but may contain protected health information, including names or other personal identifiers.

3. The Health Insurance Portability and Accountability Act of 1996, (HIPAA), 45 C.F.R. § 160, *et seq.*, prohibits covered entities from disclosing "protected health information," except under certain limited circumstances. 45 C.F.R. § 164.502. HIPAA requires an authorization from the patient, a subpoena (with proper notice to the patient or an appropriate protective order when necessary), or a court order before disclosure of protected health information. *Id.* The County and its contractors provide health care to people incarcerated in the County's jails,

2
Case No. CV-75-04111-DDP

STIPULATION AND PROTECTIVE ORDER
FOR DISCLOSURE OF CONFIDENTIAL HEALTH INFORMATION

and are covered entities under HIPAA. Protected health information is defined as "individually identifiable health information" that is recorded in any form or medium that "[r]elates to the past, present or future physical or mental health or condition of the individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. § 160.103. Thus, medical, dental, and mental health records of people incarcerated in the County's jails are considered "protected health information" under HIPAA.

4. Similarly, California's Confidentiality of Medical Information Act (CMIA), establishes that a provider of health care must not disclose medical information about a patient without an authorization, subpoena, or court order. Cal. Civ. C. § 56.10(b)(1).

5. The parties agree that it is impractical and a waste of resources to obtain authorizations or issue subpoenas to individual class members for the disclosure of protected health information. Given the scope of allegations in this class action, and the size of the class, the volume is substantial. Records pertaining to hundreds, if not thousands, of class members are potentially relevant to the monitoring in this action. People whose records that may be potentially relevant may no longer be in County custody and tracking them down may be impossible.

6. Plaintiffs' counsel and any of their experts will use protected health information provided by the County under this Protective Order only for the purpose of monitoring and enforcing the County's compliance with the parties' agreements and this Court's orders. Such protected health information may be disclosed only to the categories of persons and under the conditions described in Paragraph 7.

7. Unless otherwise ordered by the Court, Plaintiff's counsel and any of their experts may disclose any confidential information only to:

   a. Employees of Plaintiffs' counsel and any experts (and employees of

experts) to whom it is reasonably necessary to disclose the information for this litigation;

b. The Court and its personnel;[1]

c. Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

d. Individual class members may review documents containing their own personal health information and/or be provided such information by Plaintiffs' counsel. Individual class members may give written approval to Plaintiffs' counsel to provide information from their medical records to designated persons (for examples, a family member). Individual class members may not review documents containing the personal health information of any other class member, nor be provided such information by Plaintiffs' counsel, without the prior written approval of the other patient(s);

e. The author or recipient of a document containing the protected health information, or a custodian or other person who otherwise possessed or was authorized to know the information.

8. By stipulating to the entry of this Protective Order, no party waives any right it would otherwise have to object to disclosing or producing any information on any ground not addressed in this protective order. Similarly, no party waives any

---

[1] Any document containing individually identifiable protected health information that is filed with the Court will be filed publicly in a redacted format and lodged under seal, pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court. *See* Fed. R. C. Pro., Rule 5.2; Local Rule 5.2-1. The parties shall meet and confer regarding proposed redactions before any documents containing protected health information are filed with the Court.

right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: October 12, 2022      By:  */s/ Corene T. Kendrick*
Peter J. Eliasberg
Melissa Camacho-Cheung
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

David C. Fathi
Corene T. Kendrick
Eric Balaban
**ACLU NATIONAL PRISON PROJECT**

Attorneys for Plaintiffs Dennis Rutherford, *et al.*

DATED: October 12, 2022      By:  */s/ Robert E. Dugdale*
Robert E. Dugdale
**KENDALL BRILL & KELLY LLP**

Dawyn Harrison
Dylan Ford
**OFFICE OF COUNTY COUNSEL**

Attorneys for Defendants Los Angeles County Sheriff Alex Villanueva, County of Los Angeles, *et al.*

## ATTESTATION REGARDING SIGNATORIES

I, Corene T. Kendrick, hereby attest that Counsel for Defendants concur in the filing's content and have authorized the filing.

Executed on October 12, 2022, at San Francisco, California.

                      */s/ Corene T. Kendrick*
                      Corene T. Kendrick
                      ACLU National Prison Project

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I electronically transmitted the above document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to Counsel for Defendants who are registered CM/ECF users.

DATED:	October 12, 2022	/s/ *Corene T. Kendrick*
Corene T. Kendrick
ACLU National Prison Project