UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES, *et al.* <br><br> Defendants. | Case No. CV 75-04111 DDP <br><br> **ORDER EXTENDING PRELIMINARY INJUNCTION (Doc. 351)** |

On September 28, 2022, this Court issued a preliminary injunction and order that related to the problems with overcrowding, delays in processing and moving class members to permanent jail housing, and living conditions within the Defendants' Inmate Reception Center (IRC); and that ordered Defendants to document and provide reports related to any class members detained beyond timeframes ordered by the Court. *See generally* Doc. 351 (hereinafter "IRC PI").

The parties have subsequently engaged in good-faith meet and confers, a conference with this Court, and stipulated to a response to an Order to Show Cause issued by this Court on November 9, 2022 directing Defendants to provide in 90 days a written report detailing, among other things, the number of people with mental illness who would need to be diverted from the Jail to reduce the backlog in

the IRC, and what steps Defendants shall take to reduce the population of people with severe mental illness in the next year and next three years. *See* Doc. 368 (hereinafter "OSC").

Under the plain language of the Prison Litigation Reform Act ("PLRA") the IRC PI will automatically expire on December 28, 2022. See 18 U.S.C. § 3626(a)(2) (stating that preliminary relief "shall automatically expire on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period."). However, the Ninth Circuit and precedent in this case has found that if preliminary relief is still warranted, a district court may enter a new injunction after the previous one expires. *Mayweathers v. Newland*, 258 F.3d 930, 934 (9th Cir. 2001).[1]

The parties have conferred and have agreed that in light of the ongoing efforts and pending deadline in February 2023 for Defendants to provide its report to the Court in response to the OSC, that the IRC PI should remain in place. The parties stipulated that the Court should issue an injunction consistent with the IRC PI issued on September 28, 2022. *See* Joint Stipulation, (Dec. 16, 2022), Doc. 370.

Accordingly, pending final resolution of this matter, the Defendants, their officers, agents, employees, attorneys, assignees and all those in active concert with them are hereby ORDERED and preliminarily restrained and enjoined from:

1. Holding an incarcerated person in the Inmate Reception Center (IRC) for more than 24 hours. The IRC consists of a reception and booking area; a classification area; a bath area; the IRC Clinic (which includes the IRC Clinic Front Bench); a series of holding cells, and Module 231, an overflow module in Twin Towers Correctional Facility. This order shall not apply to Module 231. In the event an individual shall remain continuously in the IRC for more than 24

---

[1] This Court has previously extended the terms of preliminary injunctions, on January 25, 2007, and April 20, 2007. *See* Docs. 121 and 128 (entered prior to the Central District's implementation of the Electronic Case Filing system).

hours, Defendants shall document the following:

    (a) the name and booking number of the individual and the date and time the individual first entered the IRC;

    (b) the reasons why the individual remained in the IRC longer than 24 hours;

    (c) the date and time the individual was removed from the IRC; and

    (d) the location of the individual after removal from the IRC.

Plaintiffs shall be provided with this documentation upon request.

In the event that a person leaves the IRC for medical treatment at another facility within or without the Los Angeles County Jail System, the 24-hour period shall begin anew if the person returns to the IRC after an absence extending twelve hours or more where the person has been provided a bed off-site.

2. Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than four hours. In the event an individual remains on the Front Bench for more than four hours, Defendants shall document the following:

    (a) the name and booking number of the individual and the date and time the individual was first placed on the Front Bench;

    (b) the reason(s) why the individual is on the Front Bench;

    (c) the date and time of initial mental health screening;

    (d) the date and time of any subsequent mental health or medical evaluation;

    (e) the date and time each individual was removed from the Front Bench temporarily, how long the person remained untethered, and the reason why (e.g., escort to bathroom, mental health screening);

    (f) the date and time each individual was permanently removed from the Front Bench; and

    (g) the location of individual after removal from Front Bench.

 Plaintiffs shall be provided with this documentation upon request pursuant to the terms of a HIPAA-compliant protective order (Doc. 362).

 3. Holding more people in a holding cell in the IRC than established by the Board of State and Community Corrections (BSCC) holding capacity without first exhausting every other means to avoid placing more people in a holding cell than the holding capacity permits. The latest BSCC capacity numbers for cells within the IRC are listed in an exhibit attached to this Order. Two areas, however, will not be governed by the attached exhibit: (1) IRC Clinic Cage and (2) Cell 113. For purposes of this Order, the IRC Clinic cage, when locked, shall have a capacity of 50 people. Cell 113 shall be used as a holding cell with a 16-person capacity. Additionally, the "Release" cell is not subject to the provisions of the Preliminary Injunction, provided that it continues to be used as a staging cell for brief release purposes. In the event more people are in a holding cell than holding capacity permits, this event shall be documented as follows:

    (a) the names and booking numbers of the individuals and the date and time of placement;

    (b) the type of placement;

    (c) the date and time of release;

    (d) the number of persons in the cell at time of placement; and

    (e) the identification of the particular holding cell or cage.

 Plaintiffs shall be provided with this documentation upon request.

 4. Holding an incarcerated person in an IRC holding cell for more than 12 hours total. Moving an individual from one holding cell in the IRC to another holding cell in the IRC does not re-start the 12-hour clock. In the event that an incarcerated person is detained in a holding cell for longer than 12 hours, Defendants shall document the following:

    (a) the name and booking number of the individual and the date and

4

    time of placement;

    (b) the reasons why an individual was in holding cell or cells for more than 12 hours;

    (c) the type of placement;

    (d) the date and time of release;

    (e) the number of persons in the cell at time of placement; and

    (f) the identification of the particular holding cell.

Plaintiffs shall be provided with this documentation upon request.

5. Holding an incarcerated person in the IRC Clinic cage, when locked, for more than eight hours total. In the event that an incarcerated person is held in the IRC Clinic cage, when locked, for more than eight hours, Defendants shall document the following:

    (a) the name and booking number of the individual and the date and time of placement;

    (b) the reasons why an individual was in the IRC Clinic cage for more than eight hours;

    (c) the type of placement;

    (d) the date and time of release; and

    (e) the number of persons in the cage at time of placement.

Plaintiffs shall be provided with this documentation upon request.

6. Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC when that location is not in a clean and sanitary condition, with access to functioning toilets, potable drinking water, clean water to wash, and sufficient garbage receptacles.

7. Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call.

Based upon the entire record, the Court finds that the relief granted by this

order is narrowly drawn, extends no further than necessary to correct the harm the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm.

IT IS SO ORDERED.

DATE: December 20, 2022

_____
Dean D. Pregerson
United States District Judge