# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES, in their official capacities, *et al.*<br><br>    Defendants. | Case No. CV 75-04111 DDP<br><br>**[PROPOSED]**<br><br>**ORDER TO SHOW CAUSE RE: CONTEMPT** |

**DEFENDANTS SHERIFF ROBERT LUNA, THE COUNTY OF LOS ANGELES, AND SUPERVISORS BARGER, HAHN, HORVATH, MITCHELL, AND SOLIS (COLLECTIVELY, "DEFENDANTS") ARE ORDERED TO SHOW CAUSE** at 10:00 a.m., on March ___, 2023, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dean D. Pregerson, located at Courtroom 9C, 350 West First Street, Los Angeles, CA 90012, why the Court should not adjudge Defendants in civil contempt for noncompliance with the Court's past orders, and impose prospective sanctions for each future instance of noncompliance with the Court's orders.

1

|    |    |
|----|----|
| 1  | On September 27, 2022, this Court granted the stipulated Preliminary |
| 2  | Injunction ("PI"), Doc. 351, and extended the PI on December 20, 2022. Doc. 371. |
| 3  | The PI addressed overcrowding in the Los Angeles Jail system's Inmate Reception |
| 4  | Center (IRC), delays in processing and moving incarcerated people to permanent |
| 5  | housing, the provision of adequate medical and mental health care to people in the |
| 6  | IRC awaiting permanent housing, and general living conditions within the IRC; it |
| 7  | also directed Defendants to log and provide reports on people detained beyond the |
| 8  | timeframes set forth in the PI. *See generally* Doc. 351. This PI joined numerous other |
| 9  | past Court judgments and stipulations issued over the past 45 years setting forth |
| 10 | basic standards for the IRC. *See* Doc. 318-1 at 15-18 (detailing procedural history of |
| 11 | case dating to its filing during the Ford Administration); *Rutherford v. Pitchess*, 457 |
| 12 | F. Supp. 104, 109-10, 113-14 (C.D. Cal. 1978), *rev'd in part on other grounds sub* |
| 13 | *nom. Block v. Rutherford*, 468 U.S. 576 (1984); Feb. 16, 1979 Judgment [Doc. 318- |
| 14 | 2 at 126-131]; Aug. 27, 1992 Stipulation and Order [Doc. 318-2 at 133-144]; Nov. |
| 15 | 18, 2005 Stipulation and Order [Doc. 64]; *Rutherford v. Baca*, 2006 WL 3065781, |
| 16 | at *3-4 (C.D. Cal. Oct. 27, 2006) (Order to Show Cause) [Docs. 102, 121]. |
| 17 | On February 27, 2023, Plaintiffs filed their Notice of Motion and Motion for |
| 18 | an Order to Show Cause, supported by numerous class members' sworn |
| 19 | declarations, documents and logs created by Defendants, and evidence of public |
| 20 | statements made by multiple County officials regarding the conditions in the IRC |
| 21 | and the jail, and what appear to be efforts by jail staff to avoid the Court-ordered |
| 22 | time limits set forth in the PI. *See generally* Docs. _____. |
| 23 | Defendants have notice of Plaintiffs' motion and factual allegations, and will |
| 24 | have the opportunity to respond both in writing filed in accordance with court |
| 25 | timelines, and in argument at the hearing. Defendants should be prepared to show |
| 26 | "categorically and in detail" why they could not comply, *N.L.R.B. v. Trans Ocean* |
| 27 | *Exp. Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973), and "*all* reasonable steps" |
| 28 | that Defendants took to comply with the PI. *Kelly v. Wengler*, 822 F.3d 1085, 1096 |

(9th Cir. 2016) (emphasis in original); *see also* 11A FED. PRAC. & PROC. CIV. § 2960 (3d ed.) ("When persons already are subject to the jurisdiction of the court, no new process is required to subject them to contempt charges; thus parties of record to a decree, upon appropriate notice of the contempt proceeding, may be held in contempt for noncompliance with the decree . . . since the civil-contempt charges are a continuation of the original proceedings.").

Defendants also should be prepared to show cause why the Court should not coerce compliance with past court orders through a conditional prospective per diem fine schedule. Defendants would have the opportunity to purge the financial sanctions by complying with the relevant provisions of the PI, and any financial sanctions incurred by Defendants would therefore be self-induced. *Accord Parsons v. Ryan*, 949 F.3d 443, 455 (9th Cir. 2020); *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629, 630 (9th Cir. 2016); *Kelly v. Wengler*, 979 F. Supp. 2d 1104, 1117 & n.27 (D. Idaho 2013), *aff'd*, 822 F.3d 1085 (9th Cir. 2016).

Specifically, Defendants should explain why the Court should not impose the following fee schedule to commence 60 days after a final order finding Defendants in civil contempt of the PI:

| **Violations of the 24-hour IRC requirement (Paragraph 1)** |
|---|
| • $250 per person who exceeds 24 hours in IRC (housed 24-48 hours) |
| • $500 per person who exceeds 48 hours (housed 48-72 hours) |
| • $1,000 per person who exceeds 72 hours, and $1,000 for each 24 hours thereafter |
| **Violations of the 4-hour Front Bench requirement (Paragraph 2)** |
| • $250 per person for the first hour beyond the 4-hour limit |
| • $500 per person for first two hours beyond the 4-hour limit |
| • $1,000 per person for the first three hours beyond the 4-hour limit |
| • $2,500 per person for the first four hours beyond the 4-hour limit |
| • $5,000 per person for the first eight hours beyond the 4-hour limit |
| • $7,500 per person for the first 12 hours beyond the 4-hour limit |
| • $10,000 per person for the first 24 hours beyond the 4-hour limit, $10,000 for every portion of 24 hours thereafter |

| |
|---|
| **Violation of the holding cell 12-hour limit (Paragraph 4)** |
| • $250 per person for the first 12 hours beyond the 12-hour limit<br>• $500 per person for the first 24 hours beyond the 12-hour limit<br>• $1,000 per person for the first 36 hours beyond the 12-hour limit, and $1,000 for every 24 hours thereafter |
| **Violations of the medication/health care requirements (Paragraph 7)** |
| • $250 per person for each first missed dose of each medication that the person had been taking prior to incarceration that was not prescribed as a bridge medication;<br>• $500 per person for each second missed dose of each medication that the person had been taking prior to incarceration that was not prescribed as a bridge medication;<br>• $1,000 per person for each third missed dose of each medication that the person had been taking prior to incarceration that was not prescribed as a bridge medication, and for each missed dose of each medication after the third missed dose. |

The fines will be cumulative. For example, a person chained to the Front Bench between 7 and 8 hours (in other words, between three and four hours beyond the four-hour limit) would result in a sanction of $1,750 ($250 for the first hour beyond the limit, an additional $500 for the second hour, and an additional $1,000 for exceeding the limit by three hours).

Every 60 days after the issuance of the final order finding Defendants in contempt, the amount of each per diem sanction will double.

Defendants shall deposit contempt sanctions with the Registry of the Court no later than the 15th of each month for the violations in the previous month. Defendants shall also file on the docket on the 15th of each month a report detailing for every provision of the PI, the name and booking number of the class member, and how long the class member was held beyond the PI's timeframes or was not provided their prescription medication.

The Court will issue a further order directing the parties to offer their proposals on how these funds should be allocated and distributed by the Court.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
HONORABLE DEAN D. PREGERSON
United States District Court Judge