OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
  dharrison@counsel.lacounty.gov
Dylan Ford (228699)
Deputy County Counsel
  dford@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:  (213) 974-1807/(213) 974-1811
Facsimile:   (213) 687-8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  rdugdale@kbkfirm.com
Michael J. McCarthy (334829)
  mmccarthy@kbkfirm.com
Katelyn A. Kuwata (319370)
  kkuwata@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 272-7904
Facsimile:  (310) 556-2705

*Attorneys for Defendants Los Angeles County Sheriff Robert Luna, in his Official Capacity, and the County of Los Angeles*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity, and the COUNTY OF LOS ANGELES,<br><br>    Defendants. | Case No. 75-cv-04111-DDP<br><br>**DECLARATION OF DR. CLEMENS HONG**<br><br>Hon. Dean D. Pregerson<br>Courtroom 9C |

# DECLARATION OF DR. CLEMENS HONG

I, Dr. Clemens Hong, declare as follows:

1. I am the Director of Community Programs at the Los Angeles County Department of Health Services. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently to such facts under oath.

2. The Office of Diversion and Reentry's ("ODR") programs currently have capacity to provide housing and services to 2,134 clients diverted through criminal court, 213 beds for the treatment of misdemeanants found incompetent to stand trial ("MISTs"), and 794 beds for the treatment of felony defendants found incompetent to stand trial ("FISTs").

3. ODR currently has a number of open beds within that capacity, and it is working to fill with incarcerated individuals diverted from the Los Angeles County Jail ("LACJ") with the assistance of Judges from the criminal and mental health division of the Los Angeles Superior Court which oversee that process. As of April 13, 2023, these vacancies include approximately 52 ODR interim and permanent housing beds, 40 MIST beds, and 18 FIST beds.

4. ODR is scheduled to bring an additional 1,211 new interim housing or permanent supportive housing beds on-line by the end of fiscal year 2024-25, all of which have been funded at a cost of approximately $79 million per year over the next three years.

5. In addition, the County is finalizing a contract with the California Department of State Hospitals which will expand its current inventory of 794 beds to a total of 1,344 beds that will be used to divert FISTs from the LACJ over the next five years, including over one hundred beds that will provide acute and subacute care for such individuals.

6. The County anticipates these efforts will soon result in a gradual decline in the number of individuals incarcerated in LACJ with serious mental

health conditions, as ODR intends to focus its efforts on filling those beds to the greatest extent possible with divertible individuals classified as P3 and P4 who currently occupy High Observation Housing in the LACJ. ODR is working with Los Angeles Superior Court leadership to expand Court capacity, including the potential to expand hours or open new courtrooms that will be dedicated to adjudicating requests to divert incarcerated individuals. The ability of courts to hear an increased volume of such requests will be critical to meeting the goals of the County's plans to safely but steadily lower the number of incarcerated individuals detained at the LACJ who suffer from serious mental health conditions.

7. The Men's Central Jail ("MCJ") Closure Workgroup's plan to close MCJ, which set a goal of bringing 3,600 new ODR beds on-line within two years, was a plan to bring beds on-line that could be used to divert incarcerated individuals experiencing all acuities of mental illness; while the plan discussed in Defendants' Prehearing Status Report focuses on diverting individuals classified as P3 and P4. Setting up appropriate beds that can be used to divert individuals classified as P3 and P4 poses a much greater challenge than the challenge that the MCJ Closure Workgroup's report tackled, and it is unrealistic to believe that beds that can be appropriately used to divert P3 and P4 individuals can be established in any greater number and on any faster schedule than what the County is planning.

8. The month Plaintiffs reference, when ODR added 200 beds to its inventory, is not representative of a realistic plan to depopulate the most severely mentally ill from the LACJ. That month, ODR was not focused on individuals classified as P3 and P4, and were serving clients, many of whom were facing only low-level charges, who could be served by ODR pretrial because they were released pretrial under pandemic pretrial release protocols. The same circumstances do not exist today, and the greater focus on sicker populations of individuals with serious mental illness requires ODR to ensure the appropriate high-level services are in place to take good care of the individuals released to the community. Moreover,

mental illness requires ODR to ensure the appropriate high-level services are in place to take good care of the individuals released to the community. Moreover, both housing stock and additional clinicians will be increasingly difficult to find as ODR scales up, and is all the more difficult presently because ODR faces greater competition in setting up such housing stock from other initiatives, such as local homelessness initiatives operating under a Countywide emergency, that are working to stand up similar facilities. In short, setting up these beds is not a linear process, and ODR's success in bringing a large number of new beds on-line in one particular month under unique circumstances does not indicate that is possible every month or in future months.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 14th day of April, 2023, at Seattle, Washington.

Dr. Clemens Hong

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd
Suite 1725
Los Angeles, CA 90067

4

DECLARATION OF DR. CLEMENS HONG