PETER J. ELIASBERG (189110)
peliasberg@aclusocal.org
MELISSA CAMACHO (264024)
mcamacho@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500

CORENE T. KENDRICK (226642)
ckendrick@aclu.org
MARISOL DOMINGUEZ-RUIZ (345416)
mdominguez-ruiz@aclu.org
**ACLU NATIONAL PRISON PROJECT**
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930

DAVID C. FATHI (*pro hac vice*)*
dfathi@aclu.org
**ACLU NATIONAL PRISON PROJECT**
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930

*Not admitted in D.C., practice limited to federal courts

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity, and COUNTY OF LOS ANGELES, in their official capacities, *et al.*<br><br>Defendants. | Case No. CV 75-04111 DDP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION TO FILE DEFENDANTS' "PRE-HEARING STATUS REPORT" (DOC. 386)**<br><br>Date: April 19, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Dean D. Pregerson<br>Crtrm: Courtroom 9C |

Local Rule 7-10 is unequivocal and clear:

> A moving party may, no later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence. ***Absent prior***

1

> *written order of the Court, the opposing party shall not file a response to the reply.*

C.D. Cal. L.R. 7-10 (emphasis added).

At 8:03 pm on the evening of Friday, April 14, 2023, without a request from or the permission of this Court, or any notice to Plaintiffs, Defendants filed a 23-page legal brief captioned "Defendants' Pre-Hearing Status Report," (Doc. 384), complete with a Table of Contents and Table of Authorities, responding to Plaintiffs' Motion for an Order to Show Cause Re Contempt (Doc. 375) and Plaintiffs' Reply (Doc. 382). *See* Doc. 384. They also filed three supplemental declarations from declarants who had submitted declarations with Defendants' Response (Doc. 379), and an additional declaration from a County employee. Doc. 384-1 to 384-7. Plaintiffs' counsel notified Defendants that this filing violated Local Rule 7-10, and that Plaintiffs would be filing an *ex parte* application to strike the brief as a sur-reply. Defendants withdrew the brief, Doc. 385, but now have simply re-filed the identical brief as part of an *ex parte* application seeking leave to do so. Doc. 386-2.

While Defendants are now complying with the Local Rules by seeking leave of the Court to file their sur-reply, their so-called "Pre-Hearing Status Report" is still a thinly-veiled Sur-Reply that responds directly to legal and factual arguments in Plaintiffs' Reply. Their brief cites cases that are more than a decade old, and includes declarations about facts that were available to Defendants at the time they filed their Response to the Motion. This is improper and impermissible under the plain language of the Local Rules, and under clear binding precedent.

> Although the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a 'valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.' … Neither the federal rules nor the local rules permit a sur-reply as a matter of course.

*Graham v. Swift*, No. CV-20-7000-MWF (GJSx), 2021 WL 667499, at *2 (C.D. Cal. Jan. 12, 2021), quoting *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8,

2005).[1]

Plaintiffs' Motion for contempt had been fully briefed and submitted on the record under Local Rule 7-10 long before Defendants submitted their filing on Friday, without leave of court. This Court did not request a sur-reply nor grant a request from Defendants to file a sur-reply and Defendants did not even first move to file a sur-reply. Nor do Defendants offer any good cause for the Court to allow them to file a sur-reply at this juncture, days before the hearing on Plaintiffs' Motion. There has to be a cut-off point for the evidentiary record; otherwise a party could perpetually defeat relief by constantly saying it has new evidence to submit. The cutoff point in this case was established by the Local Rules, and Defendants never objected to that schedule until two days before the hearing.[2]

Defendants' filing is a thinly-veiled sur-reply submitted as an end run around Local Rule 7-10. The filing is in clear disregard for the Local and Federal Rules of Civil Procedure.

---

[1] Defendants also invite the Court to opine as to whether the Sheriff can release people under state law. *See* Doc. 386-2 at n.5. The Court should decline this invitation. *See Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (federal courts should not issue advisory opinions). As noted repeatedly by Plaintiffs, no less an expert on California law than the state attorney general opined three years ago that Government Code § 8658 authorizes a sheriff to remove people from a jail in cases of emergencies. *See* Doc. 382 at 23; Doc. 318-1 at 24-26.

[2] Defendants also seek "additional submissions" and ask that the Court hold an evidentiary hearing before finding them in civil contempt. Doc. 386-2 at 24 (Ex. A p. 27). Evidentiary hearings are not a required antecedent to a finding of civil contempt. *See N.L.R.B. v. Ironworkers Local 433*, 169 F.3d 1217, 1219-20 (9th Cir. 1999) (holding that heightened due process for criminal contempt sanctions is distinguishable from civil sanctions issued by a court "seeking to enforce a decree intended to prevent repeated violations of federal statutory law.").

It's also too late in the game to make this request. Plaintiffs filed their motion on February 27, 2023. The April 19 hearing was scheduled by the Court over a month ago. If Defendants had wanted an evidentiary hearing with witnesses, they should not have waited until two business days before the scheduled hearing to ask for it. If Defendants had wanted to put on witnesses then they needed to disclose them well in advance of the hearing; Plaintiffs would have been entitled to discovery about what their witnesses would testify to, including document requests and the opportunity to depose these planned witnesses.

1    Accordingly, Plaintiffs respectfully request that the Court **deny** Defendants'
2 *ex parte* application to file their sur-reply, and strike and not consider Defendants'
3 filing (Doc. 386 and exhibits thereto).

Respectfully submitted,

DATED: April 17, 2023    By:  */s/ Corene T. Kendrick*
Peter J. Eliasberg
Melissa Camacho-Cheung
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

David C. Fathi
Corene T. Kendrick
Marisol Dominguez-Ruiz
**ACLU NATIONAL PRISON PROJECT**

Attorneys for Plaintiffs Dennis Rutherford, *et al.*

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically transmitted the above document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to Counsel for Defendants who are registered CM/ECF users.

DATED:   April 17, 2023          /s/ *Corene T. Kendrick*
                                 Corene T. Kendrick
                                 ACLU National Prison Project

                                 *Attorneys for Plaintiffs*