1  OFFICE OF COUNTY COUNSEL
   Dawyn Harrison (173855)
2  County Counsel
     dharrison@counsel.lacounty.gov
3  Dylan Ford (228699)
   Deputy County Counsel
4    dford@counsel.lacounty.gov
   500 West Temple St., Floor 6
5  Los Angeles, California 90012
   Telephone:   (213) 974-1807/(213) 974-1811
6  Facsimile:    (213) 687-8822

7
   KENDALL BRILL & KELLY LLP
8  Robert E. Dugdale (167258)
     rdugdale@kbkfirm.com
9  Michael J. McCarthy (334829)
     mmccarthy@kbkfirm.com
10 10100 Santa Monica Blvd., Suite 1725
   Los Angeles, California 90067
11 Telephone: (310) 272-7904
   Facsimile:  (310) 556-2705
12

13 *Attorneys for Defendants Los Angeles*
   *County Sheriff Robert Luna, in his Official*
14 *Capacity, and the County of Los Angeles*

15

16 **UNITED STATES DISTRICT COURT**

17 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

18

19 DENNIS RUTHERFORD, et al.,            Case No. 75-cv-04111-DDP

20            Plaintiffs,               **DEFENDANTS' FOURTH**
                                        **QUARTERLY REPORT**
21        v.                            **PURSUANT TO ORDER**
                                        **GRANTING JOINT STIPULATION**
22 ROBERT LUNA, Sheriff of Los          **[DKT. NO. 402]**
   Angeles County, in his official capacity,
23 and the COUNTY OF LOS ANGELES,       Hon. Dean D. Pregerson
                                        Courtroom 9C
24            Defendants.

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............... 2

    A.    Background ...................................................................................... 2

    B.    The Stipulated Order ....................................................................... 3

III.  BETWEEN APRIL 2024 AND JUNE 2024, DEFENDANTS ACHIEVED SUBSTANTIAL COMPLIANCE WITH THE STIPULATED ORDER'S REQUIREMENTS ................................................. 6

    A.    Defendants Provided Plaintiffs with Timely Monthly Status Reports .............................................................................................. 6

    B.    Defendants Have Implemented and Maintained the Remedial Actions Outlined in the Stipulated Order ...................................... 6

    C.    In the Fourth Quarterly Reporting Period, Defendants Achieved Substantial Compliance with Every Facet of the Stipulated Order ........ 7

        1.    *Defendants Achieved Substantial Compliance with Paragraphs 1-4 of the Stipulated Order Throughout the Entire Reporting Period* .............................................................. 7

        2.    *Defendants Have a Proven Track Record of Achieving Substantial Compliance with the Stipulated Order's Requirements, Which Has Now Reached a Full Year* .................. 9

IV.   THE COUNTY ACCOMPLISHED IT AMBITIOUS RAMP-UP GOALS FOR THE YEAR .......................................................................... 11

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

i

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

# I.

## INTRODUCTION

In the year since the Court entered its June 22, 2023 Stipulated Order (the "Stipulated Order") governing certain conditions at the Inmate Reception Center ("IRC") of the Los Angeles County Jail ("LACJ"), the County of Los Angeles (the "County") and the Los Angeles County Sheriff's Department (the "LASD") (collectively, the "Defendants") have consistently achieved sustained compliance with the Stipulated Order's rigorous provisions.  Over the past year, data from the LASD's Shared Intake Management System ("SIMS") has supported the Defendants' monthly reporting to Plaintiffs in which the Defendants have reported achieving substantial compliance with the Stipulated Order's provisions in 10 of the 12 months since the Stipulated Order was entered; and, notably, the only two months when the Defendants did not reach substantial compliance with the Stipulated Order's requirements occurred due to a single non-compliant incident that occurred in each of those two months.  Accordingly, it should be beyond dispute that the results Defendants have achieved in improving conditions in the IRC in the past 12 months have been remarkable and that conditions in the IRC are now better by leaps and bounds when compared to the conditions in the IRC at the time the contempt proceedings in this case were initiated in 2022.

As explained in detail below, achieving substantial compliance under the terms of the Stipulated Order requires, among other things, that Defendants move inmates through the IRC, off of the IRC's Front Bench, and out of holding cells in the IRC within strict time limits.  For this Fourth Quarterly Report, which covers the period of April 1, 2024 to June 30, 2024, Defendants are able to report substantial compliance with the Stipulated Order's terms across the board.  In fact, excluding two reports involving individuals who were not moved through the IRC within 24 hours because they were receiving medical attention in the jail's urgent care facility—a circumstance Defendants contend does not constitute a violation of the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

Stipulated Order—there was only a <u>single</u> violation of the Stipulated Order during the Fourth Reporting Period, and that violation involved a case in April 2024 when an inmate spent *31 seconds* in an IRC cell beyond the 12-hour time limit set forth in the Stipulated Order.  But for this single case involving a violation spanning less than one minute, Defendants would be able to report <u>perfect</u> compliance with the Stipulated Order's requirements in each of the last three months.

Defendants' success in implementing the Remedial Actions outlined in Paragraph 8 of the Stipulated Order and resolve in implementing solutions in the rare cases when non-compliance with the Stipulated Order's provisions occurs has led to these noteworthy results and the remarkable turnaround in the IRC discussed below.  Defendants look forward to continuing to build upon that record to reach the end goal of achieving perfect compliance with the Stipulated Order's requirements and ensuring that the much-improved conditions in the IRC endure.

## II.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

**A.    Background**

During the Summer of 2022, Defendants encountered a massive influx of inmates into the IRC when the COVID-related Emergency Bail Schedule was lifted at the end of June 2022; and months later, in February 2023, Correctional Health Services ("CHS") faced a momentary staffing crisis in the IRC.  Both of these challenges caused acute backlogs in processing inmates through the IRC and, for a time, impacted the general sanitary conditions and the timely provision of medical and mental health services in the IRC.  (Dkt. Nos. 413, 415).

On September 27, 2022, this Court granted Plaintiffs' unopposed Motion for a Temporary Restraining Order and Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Contempt Motion").  (Dkt. No. 351).  As Defendants worked to meet the requirements of the preliminary injunction entered by the Court, the February 2023 CHS staffing shortage referenced above

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

significantly hampered those efforts, prompting Plaintiffs' Motion for an Order to Show Cause Re: Contempt, filed on February 27, 2023.  (Dkt. No. 375).  Over the next four months, Defendants redoubled their efforts to improve conditions in the IRC, initiated a plan to implement corrective actions to realize those improvements, and developed SIMS to provide IRC personnel with real-time data that tracks the location and overall flow of inmates into and out of the IRC, including data tracking the following areas central to the Court's injunctive relief:  (1) the overall length of time an inmate spends in the IRC; (2) the length of time an inmate is tethered to the IRC Front Bench; and (3) the length of time an inmate is in a locked cell or cage in the IRC.

**B.     The Stipulated Order**

Prior to the evidentiary hearing on the Contempt Motion scheduled for June 27, 2023, counsel for Plaintiffs and counsel for Defendants met and conferred and reached a joint stipulation, which the Court granted in the form of an order issued on June 22, 2023 ("Stipulated Order").  (Dkt. No. 402).

The Stipulated Order permanently restrains and enjoins Defendants from violating Paragraphs 1-6 of the Stipulated Order and memorializes Defendants' stated plans for remedial efforts to address overcrowding, delays in processing, the need to move inmates into permanent housing, the provision of adequate medical and mental health care, and the general living conditions in the IRC (hereinafter, the "Remedial Actions").[1]  In this regard, Paragraphs 1-6 of the Stipulated Order set forth the following limitations and conditions for the processing of inmates through the IRC and requires Defendants to self-report violations of these limitations and conditions:

1.     Holding an incarcerated person in the IRC for more than 24 hours.

---

[1] A complete description of these Remedial Actions is included in Paragraph 8 of the Stipulated Order.  (Dkt. No. 402 at 7-10).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2.  Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than four hours.

3.  Holding an incarcerated person in an IRC holding cell for more than 12 hours total, or holding more people in a holding cell than its rated capacity by the Board of State and Community Corrections.

4.  Holding an incarcerated person in the IRC Clinic cage, when locked, for more than eight (8) hours total.

5.  Holding an incarcerated person in the IRC Clinic area, cage, or any cell in the IRC when that location is not in a clean and sanitary condition, with access to functioning toilets, potable drinking water, clean water to wash, and sufficient garbage receptacles.

6.  Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call.

(*Id.* ¶¶ 1-6).

The Stipulated Order further requires Defendants to document and provide monthly status reports to Plaintiffs and file a quarterly status report with the Court. (*Id.* ¶ 14).  Paragraph 10 of the Stipulated Order defined the parameters that Defendants must meet each month to be considered in substantial compliance with their obligations under this agreement.  In this regard, Defendants only achieve substantial compliance with the Stipulated Order's requirements if:

(a)  fewer than 25 persons who are processed through the IRC in a calendar month are held in the IRC for more than 24 hours in violation of Paragraph 1 (and no person is held in the IRC in a calendar month for more than 36 hours);

(b)  there are no more than four (4) days in a calendar month where more than five (5) people are held for more than 24 hours in violation of Paragraph 1;

(c)  no more than five (5) people in a calendar month are handcuffed, chained, or otherwise tethered to the IRC Clinic Front Bench for more than four (4) hours in violation of Paragraph 2 (and no person is tethered to the IRC Clinic Front Bench for more than six (6) hours); and

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

(d)     no more than fifteen (15) persons are kept in an IRC holding cell or the IRC cage in a calendar month in violation of paragraphs 3 and/or 4 (and no person is kept in an IRC holding cell for more than 18 hours or in the IRC cage for more than 12 hours).

(*Id.* ¶ 10).

Pursuant to the Stipulated Order, the County is also required, by no later than the 10th of each calendar month, to notify Plaintiffs if it believes Defendants achieved substantial compliance during the previous calendar month.  Thereafter, within ten days of when the County provides Plaintiffs with this monthly assessment, Plaintiffs must notify Defendants if they dispute the County's account of Defendants' compliance with the Stipulated Order's requirements.  (*Id.* ¶ 11).

The Quarterly Report, which covers the three months prior to its filing, requires the County to detail:

(a)     the status of implementing the Remedial Actions;

(b)     whether Defendants believe they are in substantial compliance with paragraphs 1-6 [], including data showing performance with paragraphs 1-4 as set forth in Paragraph 10;

(c)     the County's progress in bringing on-line new non-carceral beds pursuant to the County's Diversion Efforts, as well as its status in funding additional non-carceral beds scheduled to be added to the inventories of ODR and DMH after June 30, 2025, pursuant to the County's Diversion Efforts; and

(d)     the impact the County's progress in adding non-carceral beds to the inventories of ODR and DMH is having on eliminating backlogs in the IRC.

(*Id.* ¶ 14).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

5
DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

## III.

## BETWEEN APRIL 2024 AND JUNE 2024, DEFENDANTS ACHIEVED SUBSTANTIAL COMPLIANCE WITH THE STIPULATED ORDER'S REQUIREMENTS

**A.    Defendants Provided Plaintiffs with Timely Monthly Status Reports**

As required by the Stipulated Order, Defendants have fully complied with the Stipulated Order's requirement that they send a monthly status report with respect to Paragraphs 1-4 to Plaintiffs no later than the 10th day of the following month.  On May 10, 2024, June 10, 2024, and July 7, 2024, Defendants transmitted timely monthly status reports to Plaintiffs via e-mail.[2]

**B.    Defendants Have Implemented and Maintained the Remedial Actions Outlined in the Stipulated Order**

Defendants implemented the Remedial Actions described in Paragraph 8 of the Stipulated Order within the required 30 days of the Court entering the Stipulated Order on June 22, 2023.  Defendants reported the successful implementation of the Remedial Actions in their first quarterly report under the Stipulated Order (Dkt. No. 413 at 9-11) and continue to maintain them, including, but not limited to, training staff on the Stipulated Order's requirements, staffing personnel in the IRC in a manner consistent with the CHS staffing plan reported in the Stipulated Order, maintaining a rigorous cleaning schedule in the IRC, and utilizing SIMS to track inmate movements in the IRC and capture potential violations of the Stipulated Order's requirements.

---

[2]  Counsel for Plaintiffs can also track Defendants' performance of the Stipulated Order's requirements under paragraphs 1-4 via daily SIMS reports sent by the LASD.  These reports track potential violations of the Stipulated Order and provide detailed information concerning the duration and explanation for the violation's cause.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

**C.** **In the Fourth Quarterly Reporting Period, Defendants Achieved Substantial Compliance with Every Facet of the Stipulated Order**

Data from SIMS confirms that Defendants achieved substantial compliance with Paragraphs 1-4 of the Stipulated Order during the most recent quarter spanning April 1, 2024 and June 30, 2024.[3]

1. *Defendants Achieved Substantial Compliance with Paragraphs 1-4 of the Stipulated Order Throughout the Entire Reporting Period*

For April 2024, Defendants reported substantial compliance with Paragraphs 1-4 of the Stipulated Order. There were **zero** reported violations of the 24-hour limitation, **one** (erroneously) reported violation of the IRC Front Bench 4-hour limitation, **one** reported violation of the 12-hour cell limitation, and the IRC Cage area was not utilized at any point in April 2024.

The lone violation of the Stipulated Order during this month occurred on April 6, 2024, when a temporary outage of the Justice Data Interface Controller system led to the LASD processing a high volume of individuals for release in a short period of time. As a result, the LASD held an individual in an IRC cell for approximately 31 seconds beyond the Stipulated Order's 12-hour cell limitation.

SIMS also erroneously reported a violation of the 4-hour IRC Front Bench limitation. However, the LASD confirmed that no such violation occurred through a review of video surveillance, which confirmed that the individual at issue was tethered to the IRC Front Bench for less than the four-hour limitation established in the Stipulated Order.

For May 2024, there was **one** reported violation of the 24-hour limitation (which Defendants believe does not constitute a violation), **zero** reported violations

---

[3] Defendants are also in Substantial Compliance with Paragraphs 5 and 6 of the Stipulated Order.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

1  of the IRC Front Bench 4-hour limitation, and **zero** reported violations of the 12-

2  hour cell limitation.  The IRC Cage was not utilized at any point in May 2024.

3          The only reported violation during this month, documented on May 12, 2024,

4  occurred when an inmate was not moved to permanent housing in the jail within 24

5  hours because he was in the jail's urgent care facility for a period of time receiving

6  medical attention and with access to a bed.  Defendants maintain that this

7  circumstance does not constitute a violation of the Stipulated Order because the

8  jail's urgent care facility is not located within the IRC and the Stipulated Order does

9  not include this area in its definition of the IRC.  (*See* Dkt. No. 402 ¶ 1 (defining

10  IRC areas)).[4]  Regardless, this reported violation would not have impacted

11  Defendants' ability to report substantial compliance with the Stipulated Order's

12  provisions in May 2024, whether counted as a violation or not.

13          For June 2024, there were **zero** reported violations of the 24-hour limitation,

14  **one** (erroneously) reported violation of the IRC Front Bench 4-hour limitation, and

15  **zero** reported violations of the 12-hour cell limitation.  The IRC Cage was not

16  utilized at any point in June 2024.

17          On June 11, 2024, SIMS erroneously reported that an individual remained on

18  the IRC Front Bench beyond the 4-hour limit set by the Stipulated Order.  However,

19  the LASD's review of video surveillance evidence confirmed that the individual

20  actually spent 1 hour and 59 minutes on the IRC Front Bench, and thus, the

21  Defendants' handling of his case did not result in a violation of the Stipulated Order.

22

23

24  _____

25          [4]  Defendants have long held this position and met and conferred with
    Plaintiffs on this issue on November 1, 2023.  Although the parties did not reach an
26  agreement, Defendants agreed to continue to include these circumstances in the
    daily SIMS reports sent to counsel to ensure transparency when it comes to SIMS
27  reporting.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2.    *Defendants Have a Proven Track Record of Achieving Substantial Compliance with the Stipulated Order's Requirements, Which Has Now Reached a Full Year*

Four successive quarterly reports provided by Defendants, supported by data from SIMS, have now painted a picture of a complete turnaround in the IRC with indelible clarity.  By one metric—a comparison of the current number of 24-hour violations in the IRC against the number of 24-hour violations in the Summer of 2022 that prompted Plaintiffs' Motion for a Temporary Restraining Order—that rapid turnaround has been nothing short of remarkable.  (*See* Figure 1, below).

Figure 1

| IRC 24-Hour Processing Violations: August 2022 vs. Fourth Reporting Period | |
|---|---|
| Month | Reported Violations* |
| August 2022 | 2771 |
| April 2024 | 0 |
| May 2024 | 1* |
| June 2024 | 0 |

*\*Includes SIMS reporting not considered by Defendants as violations.*

The progress has not been limited to Defendants' adherence to the 24-hour limitation provision.  As shown in the following chart, the violations that do occasionally still occur are limited in number and are isolated instances, rather than a part of any greater pattern.  (*See* Figure 2, next page).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

Figure 2

| SIMS Reported Violations Over the Past Year* | | | |
|---|---|---|---|
| Month | 24-Hour Violations | 4-Hour IRC Front Bench Violations | 12-Hour Cell Violations |
| July 2023 | 0 | 0 | 2 |
| Aug. 2023 | 1 | 0 | 0 |
| Sept. 2023 | 3 | 0 | 3 |
| Oct. 2023 | 2 | 0 | 0 |
| Nov. 2023 | 2 | 1 | 10 |
| Dec. 2023 | 2 | 0 | 0 |
| Jan. 2024 | 0 | 0 | 1 |
| Feb. 2024 | 0 | 0 | 1 |
| Mar. 2024 | 4 | 1 | 2 |
| Apr. 2024 | 0 | 0 | 1 |
| May 2024 | 1 | 0 | 0 |
| June 2024 | 0 | 0 | 0 |
| **Total** | **15** | **2** | **20** |

*Includes reported instances not considered by Defendants as violations.*

*Excludes reported violations determined to be erroneous.*

Finally, with respect to Paragraph 10's metrics measuring substantial compliance, Defendants have reported substantial compliance every month across the board with the exception of two months, where a single non-compliant incident in September 2023 and a single non-compliant incident in March 2024 caused Defendants to fall out of substantial compliance for those months.  (*See* Figure 3, next page).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

Figure 3

| | Fewer Than 25 Total 24-Hour Violations ¶ 10(a) | No Processing Violation Longer Than 36 Hours ¶ 10(a) | No More Than 4 Days With 5 24-Hour Violations ¶ 10(b) | No More Than 5 IRC Front Bench Violations ¶ 10(c) | No More Than 15 Cell Violations ¶ 10(d) | No Cell Violation Longer Than 18 Hours ¶ 10(d) |
|---|---|---|---|---|---|---|
| **Record of IRC Substantial Compliance With the Stipulated Order by Each Metric*** | | | | | | |
| July 2023 | Yes | Yes | Yes | Yes | Yes | Yes |
| Aug. 2023 | Yes | Yes | Yes | Yes | Yes | Yes |
| Sept. 2023 | Yes | Yes | Yes | Yes | Yes | No |
| Oct. 2023 | Yes | Yes | Yes | Yes | Yes | Yes |
| Nov. 2023 | Yes | Yes | Yes | Yes | Yes | Yes |
| Dec. 2023 | Yes | Yes | Yes | Yes | Yes | Yes |
| Jan. 2024 | Yes | Yes | Yes | Yes | Yes | Yes |
| Feb. 2024 | Yes | Yes | Yes | Yes | Yes | Yes |
| Mar. 2024 | Yes | Yes | Yes | Yes | Yes | No |
| Apr. 2024 | Yes | Yes | Yes | Yes | Yes | Yes |
| May 2024 | Yes | Yes | Yes | Yes | Yes | Yes |
| June 2024 | Yes | Yes | Yes | Yes | Yes | Yes |

*Excludes IRC Cage-related provisions because the IRC Cage was not used during this period.*

The data reveals that the Remedial Actions have taken hold and that any issues that arise within the IRC are anomalous and are addressed immediately.

**IV.**

**THE COUNTY ACCOMPLISHED IT AMBITIOUS RAMP-UP GOALS FOR THE YEAR**

The County has also continued to execute its plan to expand its inventory of non-carceral housing slots that can be used to divert or otherwise remove eligible inmates from custody.[5]  As previously reported, this plan includes adding new slots

_____

[5]  The Stipulated Order does not require that Defendants meet any quota in bringing a particular number of community beds on-line that can be used to eliminate overcrowding in the LACJ, or even that Defendants achieve their stated ramp-up plan (although Defendants have notably met the first year benchmarks they set for themselves in June 2023).  Nor would the Stipulated Order permit Plaintiffs

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

11

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

to programs overseen by the Office of Diversion and Re-Entry ("ODR") that provide community housing and mental health treatment as a condition of early release for individuals incarcerated in the LACJ, and adding new Department of Mental Health ("DMH") beds for justice-involved individuals.  For Fiscal Year 2023-2024, Defendants set a goal of adding 814 new beds between ODR and DMH. As previously reported, DMH has already exceeded its first-year goal by adding 84 new beds.  ODR exceeded its first-year goal of reaching 3,883 total beds or slots across three programs—ODR Housing, ODR MIST, and ODR FIST.  As of July 2, 2024, ODR has 3,951 beds or slots across those three programs—3,026 slots in the ODR housing program, 203 beds for the treatment of misdemeanants found incompetent to stand trial, and 722 beds for the treatment of felony defendants incompetent to stand trial.[6]  In the final quarter of this fiscal year, 654 patients were released from jail to ODR Housing, ODR MIST or ODR FIST.  Of those, 512 were

_____

to file an enforcement action predicated solely on the County's failure to implement these diversion efforts, unless those failures contribute to a failure to meet substantial compliance with the requirements of paragraphs 1-6 in the Stipulated Order.  (Dkt. No. 402 ¶ 13).

Moreover, even if the County had been unable to achieve its ambitious ramp-up goals over the past year, there would be no credible argument that this shortfall negatively impacted conditions in the IRC or resulted in any violations of paragraphs 1-6 of the Stipulated Order given Defendants' record of compliance with the Stipulated Order's requirements, including its near perfect record of compliance this past quarter.  Accordingly, contrary to what Plaintiffs asserted in their response to the Third Quarterly Report, there is no basis or even an indicia of a basis to summons Defendants into court to address any issues of meeting community bed targets, where those targets have not only been met but Defendants' compliance track record continues to improve.  (Dkt. No. 421).

[6]  Critically, ODR may move beds between these programs as program needs change from month to month, and DMH may also change from time to time the mix of bed types allocated to justice-involved individuals.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

evaluated to be P3 or P4 at the time of assessment.[7]  Additional information regarding releases by ODR program and P-level follow in the table below.  (*See* Figure 4, below).

Figure 4

| ODR P-Level Release Data (April 2024 – June 2024) | | | | |
|---|---|---|---|---|
| | **ODR** | **MIST** | **FIST** | **Total** |
| **Assessment P-Level** | | | | |
| P0 | 0 | 1 | 0 | 1 |
| P1 | 4 | 2 | 5 | 11 |
| P2 | 49 | 42 | 39 | 130 |
| P3 | 219 | 83 | 100 | 402 |
| P4 | 34 | 30 | 46 | 110 |
| Total | 306 | 158 | 190 | 654 |
| | | | | |
| **Release P-Level** | | | | |
| No P Level | 0 | 1 | 0 | 1 |
| P0 | 0 | 2 | 0 | 2 |
| P1 | 6 | 3 | 4 | 13 |
| P2 | 137 | 49 | 67 | 253 |
| P3 | 163 | 103 | 115 | 381 |
| P4 | 0 | 0 | 4 | 4 |
| Total | 306 | 158 | 190 | 654 |

---

[7] The ODR Housing program currently focuses on inmates classified as P3 or P4 for initial admission to their treatment program, but if an ODR participant is detained again in jail after a relapse or set-back, then that person is evaluated by ODR for  return to the program regardless of their P level at the time of re-arrest.

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

V.

**CONCLUSION**

Defendants have come extremely close to achieving substantial compliance in a nearly across-the-board fashion in the year since the Stipulated Order was entered and look forward to continuing the work that began a year ago in order to achieve sustained compliance in the year ahead and beyond.

DATED: July 15, 2024                    KENDALL BRILL & KELLY LLP


By:   /s/ Robert E. Dugdale
      Robert E. Dugdale

      *Attorneys for Defendants Los Angeles*
      *County Sheriff Robert Luna, in his Official*
      *Capacity, and the County of Los Angeles*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' FOURTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION