OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
  dharrison@counsel.lacounty.gov
Dylan Ford (228699)
Deputy County Counsel
  dford@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:  (213) 974-1807/(213) 974-1811
Facsimile:  (213) 687-8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  rdugdale@kbkfirm.com
Michael J. McCarthy (334829)
  mmccarthy@kbkfirm.com
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: (310) 272-7904
Facsimile:  (310) 556-2705

*Attorneys for Defendants Los Angeles County Sheriff Robert Luna, in his Official Capacity, and the County of Los Angeles*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DENNIS RUTHERFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity, and the COUNTY OF LOS ANGELES, <br><br> Defendants. | Case No. 75-cv-04111-MWF <br><br> **DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION [DKT. NO. 402]** |

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER
GRANTING JOINT STIPULATION

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..... 2

    A. Background ..... 2

    B. The Stipulated Order ..... 3

III. DEFENDANTS ACHIEVED SUBSTANTIAL COMPLIANCE WITH THE STIPULATED ORDER IN EACH MONTH COVERED BY THIS REPORT ..... 5

    A. Defendants Provided Plaintiffs with Monthly Reports of the LASD's Compliance with the Stipulated Order ..... 5

    B. Defendants Were in Substantial Compliance With the Requirements in Each of Paragraphs 1-4 of the Stipulated Order During Each Month of This Past Quarter ..... 6

IV. THE COUNTY'S BED INVENTORY RAMP-UP GOALS ..... 7

V. DEFENDANTS HAVE ACHIEVED A STATE OF SUSTAINED SUBSTANTIAL COMPLIANCE WITH THE STIPULATED ORDER'S REQUIREMENTS ..... 9

    A. The Tenth Reporting Period Marks the End of Defendants' Most Successful Year Under the Stipulated Order ..... 9

    B. Defendants Implemented the Required Remedial Actions ..... 10

VI. CONCLUSION ..... 11

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

i

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

# I.

# INTRODUCTION

The County of Los Angeles (the "County") and the Los Angeles County Sheriff's Department (the "LASD") (collectively, "Defendants") submit this Tenth Quarterly Report detailing the progress and achievements under the joint stipulated order the Court entered in June 2023 (the "Stipulated Order") which governs nearly all of the LASD's operations in the Inmate Reception Center ("IRC"). As the reporting for the recent quarter demonstrates, Defendants have attained a state of full sustained compliance with the demanding requirements of the Stipulated Order and have established a one-year track record of near *perfect* compliance with the exception of a single outlier day caused by an unprecedented surge of arrivals in the jails during the 2025 New Year holiday.

During the Fourth Quarter of 2025, Defendants reported only one instance when an inmate spent in excess of 24 hours being processed through the IRC (and Defendants maintain that single instance did not constitute a violation under the Stipulated Order), and zero violations of the other provisions in the Stipulated Order. Defendants' performance mirrors that of the previous quarter, in which Defendants similarly reported only one total violation, and it caps the best six-month span of compliance in the two-and-one-half year period since the Court entered the Stipulated Order.

Although the possibility of outlier circumstances that can temporarily affect compliance with the Stipulated Order always remains, today IRC's operations have undergone a meaningful overhaul due, in part, to the development of the Shared Intake Monitoring System ("SIMS") and the implementation of new procedures focused on improving real-time responses by IRC staff to ensure adherence with the Stipulated Order's requirements. Defendants continue to refine those processes, particularly in the wake of outlier events, to perfect their performance under the Stipulated Order.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

1

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

## II.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Background

During the Summer of 2022, Defendants encountered a massive influx of inmates into the IRC when the COVID-related Emergency Bail Schedule was lifted at the end of June 2022; and months later, in February 2023, Correctional Health Services ("CHS") faced a severe but temporary staffing crisis in the IRC. Both these challenges caused acute backlogs in processing inmates through the IRC and, for a time, impacted the general sanitary conditions and the timely provision of medical and mental health services in the IRC. (Dkt. Nos. 413, 415).

On September 27, 2022, the Honorable Dean D. Pregerson granted Plaintiffs' unopposed Motion for a Temporary Restraining Order and Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue. (Dkt. No. 351). As Defendants worked to meet the requirements of the preliminary injunction entered by Judge Pregerson, the February 2023 CHS staffing shortage referenced above significantly hampered those efforts, prompting Plaintiffs' Motion for an Order to Show Cause Re: Contempt (the "Contempt Motion"), filed on February 27, 2023. (Dkt. No. 375). Over the next four months, Defendants redoubled their efforts to improve conditions in the IRC, initiated a plan to implement corrective actions to realize those improvements, and developed SIMS to provide IRC personnel with real-time data that tracks the location and overall flow of inmates into and out of the IRC, including data tracking the following areas central to the Court's injunctive relief: (1) the overall length of time an inmate spends in the IRC; (2) the length of time an inmate who faces an acute danger to himself or others may be tethered to the IRC Front Bench and kept under constant observation; and (3) the length of time an inmate is in a locked cell or cage in the IRC.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

### B. The Stipulated Order

Prior to the evidentiary hearing on the Contempt Motion scheduled for June 27, 2023, counsel for Plaintiffs and counsel for Defendants met and conferred and reached a joint stipulation, which Judge Pregerson granted in the form of an order issued on June 22, 2023. (Dkt. No. 402).

The Stipulated Order permanently restrains and enjoins Defendants from violating Paragraphs 1-6 of the Stipulated Order and memorializes Defendants' plans for instituting remedial efforts to address overcrowding, delays in processing, the need to move inmates into permanent housing, the provision of adequate medical and mental health care, and general living conditions in the IRC (the "Remedial Actions").[1] In this regard, Paragraphs 1-6 of the Stipulated Order set forth the following limitations and conditions for the processing of inmates through the IRC and requires Defendants to self-report violations of these limitations and conditions:

1. Holding an incarcerated person in the IRC for more than 24 hours.
2. Holding an incarcerated person on the IRC Clinic Front Bench, handcuffed, chained, or tethered to a chair or any other object, for more than four hours.
3. Holding an incarcerated person in an IRC holding cell for more than 12 hours total, or holding more people in a holding cell than its rated capacity by the Board of State and Community Corrections.
4. Holding an incarcerated person in the IRC Clinic cage, when locked, for more than eight (8) hours total.
5. Holding an incarcerated person in the IRC Clinic area, cage, or any cell in the IRC when that location is not in a clean and sanitary condition, with access to functioning toilets, potable drinking water, clean water to wash, and sufficient garbage receptacles.

---

[1] A complete description of these Remedial Actions is included in Paragraph 8 of the Stipulated Order. (Dkt. No. 402 at 7-10).

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

3

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

6. Holding an incarcerated person in the IRC clinic area, cage, or any cell in the IRC without providing ongoing access to adequate medical and mental health care, including but not limited to regular pill call.

(*Id.* ¶¶ 1-6).

The Stipulated Order further requires Defendants to document and provide monthly status reports to Plaintiffs and file a quarterly status report with the Court. (*Id.* ¶ 14). Paragraph 10 of the Stipulated Order defined the parameters that Defendants must meet each month to be considered in substantial compliance with their obligations under the Stipulated Order. In this regard, Defendants only achieve substantial compliance with the Stipulated Order's requirements if:

(a) fewer than 25 persons who are processed through the IRC in a calendar month are held in the IRC for more than 24 hours in violation of Paragraph 1 (and no person is held in the IRC in a calendar month for more than 36 hours);

(b) there are no more than four (4) days in a calendar month where more than five (5) people are held for more than 24 hours in violation of Paragraph 1;

(c) no more than five (5) people in a calendar month are handcuffed, chained, or otherwise tethered to the IRC Clinic Front Bench for more than four (4) hours in violation of Paragraph 2 (and no person is tethered to the IRC Clinic Front Bench for more than six (6) hours); and

(d) no more than fifteen (15) persons are kept in an IRC holding cell or the IRC cage in a calendar month in violation of paragraphs 3 and/or 4 (and no person is kept in an IRC holding cell for more than 18 hours or in the IRC cage for more than 12 hours).

(*Id.* ¶ 10).

Pursuant to the Stipulated Order, the County is also required, by no later than the 10th of each calendar month, to notify Plaintiffs if it believes Defendants achieved substantial compliance during the previous calendar month. Thereafter, within ten days of when the County provides Plaintiffs with this monthly assessment, Plaintiffs must notify Defendants if they dispute the County's account of Defendants' compliance with the Stipulated Order's requirements. (*Id.* ¶ 11).

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

4

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

The Quarterly Report, which covers the three months prior to its filing, requires the County to detail:

(a) the status of implementing the Remedial Actions;

(b) whether Defendants believe they are in substantial compliance with paragraphs 1-6 [], including data showing performance with paragraphs 1-4 as set forth in Paragraph 10;

(c) the County's progress in bringing on-line new non-carceral beds pursuant to the County's Diversion Efforts, as well as its status in funding additional non-carceral beds scheduled to be added to the inventories of ODR and DMH after June 30, 2025, pursuant to the County's Diversion Efforts; and

(d) the impact the County's progress in adding non-carceral beds to the inventories of ODR and DMH is having on eliminating backlogs in the IRC.

(*Id.* ¶ 14).

## III.

## DEFENDANTS ACHIEVED SUBSTANTIAL COMPLIANCE WITH THE STIPULATED ORDER IN EACH MONTH COVERED BY THIS REPORT

**A.   Defendants Provided Plaintiffs with Monthly Reports of the LASD's Compliance with the Stipulated Order**

As required by Paragraph 11 of the Stipulated Order, Defendants transmitted monthly reports during the Fourth Quarter of 2025 detailing their compliance with the requirements of Paragraphs 1-4 of the Stipulated Order. On November 10, 2025, December 10, 2025, and January 9, 2026, Defendants described the violations that occurred during the prior month, if any, in correspondence with counsel for Plaintiffs and stated their position that they had achieved substantial compliance for each month.[2]

---

[2] Importantly, this correspondence is not the only confirmation of substantial compliance that counsel for Plaintiffs receive from Defendants. On a regular basis,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

5

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

**B. Defendants Were in Substantial Compliance With the Requirements in Each of Paragraphs 1-4 of the Stipulated Order During Each Month of This Past Quarter**

Reporting data from SIMS confirms that Defendants achieved substantial compliance with Paragraphs 1-4 of the Stipulated Order during this most recent quarter.

For October 2025 and November 2025, there were **zero** reported violations of the 24-hour limitation, **zero** reported violations of the IRC Front Bench four-hour limitation, and **zero** reported violations of the 12-hour cell limitation.

For December 2025, SIMS reported one 24-hour limitation violation (which Defendants believe does not constitute a violation), **zero** violations of the IRC Front Bench four-hour limitation, and **zero** violations of the 12-hour cell limitation.

Furthermore, the IRC Cage was not utilized at any point between October 2025 and December 2025.

The only reported violation during this month, documented on December 29, 2025, occurred when an inmate was in the jail's urgent care facility for a period of time with access to a bed. Defendants maintain that this circumstance does not constitute a violation of the Stipulated Order because the jail's urgent care facility is not located within the IRC and the Stipulated Order does not include this area in its definition of the IRC. (*See* Dkt. No. 402 ¶ 1 (defining IRC areas)).[3] Regardless, the LASD directly transmits a report detailing all the violations that have occurred to-date during the month in question. These reports provide detailed information concerning the duration and explanation for any purported violation's cause. In the few instances when violations have occurred, the LASD has provided a thorough explanation of the violations' underlying circumstances in response to additional inquiries from counsel for Plaintiffs.

[3] Defendants met and conferred with Plaintiffs on this issue on November 1, 2023. Although the parties did not reach an agreement, Defendants agreed to

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

this reported violation would not have impacted Defendants' ability to report substantial compliance with the Stipulated Order's provisions in December 2025, whether counted as a violation or not.

## IV.

## THE COUNTY'S BED INVENTORY RAMP-UP GOALS

As previously reported, when it came to providing community beds to which inmates could be deferred from the Los Angeles County Jail, Defendants met their ambitious goals stated in the Stipulated Order for adding such beds in FY2023-2024 and FY 2024-2025,[4] reaching a total of more than 4,668 slots across ODR's three programs—ODR Housing, ODR MIST, and ODR FIST—and adding more than 164 new DMH beds in that timeframe.[5] During the Fourth Quarter of 2025, ODR added an additional 78 slots across the three programs and DMH added an additional 100 beds.

During the Fourth Quarter of 2025, 481 patients were released from jail to ODR Housing, ODR MIST, or ODR FIST. Of those, 228 were evaluated to be P3

---

continue to include these circumstances in the daily SIMS reports sent to counsel to ensure transparency when it comes to SIMS reporting.

[4] The Stipulated Order does not require that Defendants meet any quota in bringing a particular number of community beds on-line that can be used to eliminate overcrowding in the LACJ, or even that Defendants achieve their stated ramp-up plan. Nor does the Stipulated Order permit Plaintiffs to file an enforcement action predicated solely on the County's failure to implement these diversion efforts, unless those failures contribute to a failure to meet substantial compliance with the requirements of Paragraphs 1-6 in the Stipulated Order. (Dkt. No. 402 ¶ 13).

[5] ODR may move beds between its ODR Housing, ODR MIST, and ODR FIST programs as program needs change from month to month, and DMH may also change from time to time the mix of bed types allocated to justice-involved individuals.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

7

DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

or P4 at the time of assessment.[6]  Additional information regarding releases by ODR program and P-level follows in the table (Figure 1) below.

*Figure 1*

| ODR P-Level Release Data, October 1, 2025 – December 31, 2025 | | | | |
|---|---|---|---|---|
| **Assessment P-Level** | **ODR Housing** | **ODR MIST** | **ODR FIST** | **Total** |
| P0 | 0 | 0 | 1 | 1 |
| P1 | 12 | 4 | 4 | 20 |
| P2 | 133 | 24 | 75 | 232 |
| P3 | 117 | 48 | 57 | 222 |
| P4 | 1 | 3 | 2 | 6 |
| Total | 263 | 79 | 139 | 481 |
| **Release P-Level** | **ODR Housing** | **ODR MIST** | **ODR FIST** | **Total** |
| P0 | 0 | 0 | 1 | 1 |
| P1 | 15 | 4 | 4 | 23 |
| P2 | 164 | 32 | 82 | 278 |
| P3 | 84 | 42 | 52 | 178 |
| P4 | 0 | 1 | 0 | 1 |
| Total | 263 | 79 | 139 | 481 |

---

[6] The ODR Housing program currently focuses on inmates classified as P3 or P4 for initial admission to their treatment program, but if an ODR participant is detained again in jail after a relapse or setback, then that person is evaluated by ODR for return to the program regardless of their P level at the time of re-arrest.  In addition, ODR also considers referrals for P2 inmates housed in Enhanced Mental Health Moderate Observation Housing dorms.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

8
DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION

# V.

# DEFENDANTS HAVE ACHIEVED A STATE OF SUSTAINED SUBSTANTIAL COMPLIANCE WITH THE STIPULATED ORDER'S REQUIREMENTS

**A.     The Tenth Reporting Period Marks the End of Defendants' Most Successful Year Under the Stipulated Order**

Closing out the calendar year, Defendants improved on an impressive track record to achieve *perfect* compliance with the Stipulated Order in the final quarter of 2025.  Since January 1, 2025, a holiday that saw an unprecedented surge of arrivals within a short time period that disrupted IRC operations, Defendants achieved five months of perfect compliance with Paragraphs 1-4 of the Stipulated Order (all five of which occurred during the latter half of the year) and incurred only eight actual violations in the other seven months, as shown in Figure 2, below.  Moreover, there have been zero violations in the IRC thus far in January 2026, establishing more than one year of unbroken substantial compliance with the Stipulated Order.

*Figure 2*

| Month | Number of <u>Reported</u> Violations of the Stipulated Order | Number of <u>Actual</u> Violations of the Stipulated Order |
|---|---|---|
| January 2025 (*beginning January 2, 2025*) | 0 | 0 |
| February 2025 | 4* | 2 |
| March 2025 | 1 | 1 |
| April 2025 | 1 | 1 |
| May 2025 | 2 | 2 |
| June 2025 | 1 | 1 |
| July 2025 | 0 | 0 |
| August 2025 | 0 | 0 |
| September 2025 | 1 | 1 |
| October 2025 | 0 | 0 |
| November 2025 | 0 | 0 |

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

| | | |
|---|---|---|
| December 2025 | 1* | 0 |
| January 2026 (*as of January 15, 2026*) | 0 | 0 |

*Defendants contend the circumstances of two of the four reported violations that occurred in February 2025 and the reported violation in December 2025 do not constitute violations of the Stipulated Order, as the inmates who were in the IRC for longer than 24 hours in these instances were in urgent care with access to a bed during the time of the reported violations. For the sake of transparency, Figure 2 reflects all reported violations <u>except</u> those found to be product of any technical error.*

Moreover, in the past two-and-a-half years, Defendants have reported a total of **51** 24-hour IRC processing violations (including many that Defendants maintain do not constitute an actual violation as they occurred in urgent care). Approximately 60% of these violations were the result of an unprecedented surge of incoming inmates within hours of each other on New Year's Day 2025. Excluding that extreme outlier, 2025 was Defendants' most successful year since the Stipulated Order was entered in June 2023 with only **11 total** *reported* violations (Defendants maintain only eight constituted actual violations) of Paragraphs 1-4 compared against **19** reported in 2024 and **32** reported in the six month period of July 2022 to December 2022.

The data over this time period confirms not just a remarkably quick turnaround in the IRC to a substantial state of compliance with the Stipulated Order but that Defendants' efforts to improve their processes have largely eliminated violations entirely, excepting extreme outliers.

**B.     Defendants Implemented the Required Remedial Actions**

As required by the Stipulated Order, Defendants implemented the Remedial Actions described in Paragraph 8 of the Stipulated Order within 30 days of the Court entering the Stipulated Order on June 22, 2023. Defendants reported the successful implementation of the Remedial Actions in their First Quarterly Report (Dkt. No. 413 at 9-11). As previously reported, the current overall psychiatry staff level in the IRC no longer meets the benchmark of 11 set in Remedial Actions ¶ 8(g) due to the difficulty in hiring, training, and maintaining these personnel, in addition to persistent budgetary challenges. This development has not substantially impacted

provision of psychiatric assessments to those clients classified as P3s and P4s and had no impact on Defendants' ability to achieve substantial compliance with the Stipulated Order, as evidenced by its most recent report of perfect compliance during the Fourth Quarter of 2025.

## VI.
## CONCLUSION

As shown herein, the Defendants' Tenth Quarterly Report confirms their sustained substantial compliance with the Stipulated Order's requirements.

DATED: January 15, 2026      KENDALL BRILL & KELLY LLP

By: /s/ Robert E. Dugdale
Robert E. Dugdale

*Attorneys for Defendants Los Angeles County Sheriff Robert Luna, in his Official Capacity, and the County of Los Angeles*

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

11
DEFENDANTS' TENTH QUARTERLY REPORT PURSUANT TO ORDER GRANTING JOINT STIPULATION